# Exhibit 1



Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print    GrantedPublicAccess  Logoff AEMILLER65

## 2022-CC09797 - MICHAEL GRADY ET AL V MONSANTO COMPANY ET AL (E-CASE)

| FV Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ○ Descending  ● Ascending

Display Options: All Entries

---

**09/11/2020** ☐ **Judge Assigned**

☐ **Pet Filed in Circuit Ct**
Grady Petition 09112020.
**Filed By:** CHRISTOPHER W DYSART

☐ **Entry of Appearance Filed**
EOA Grady.
**Filed By:** CHRISTOPHER W DYSART

☐ **Summ Req-Circuit Pers Serv**
Summons Request - 5 pages.
**Filed By:** CHRISTOPHER W DYSART
**On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

☐ **Filing Info Sheet eFiling**
**Filed By:** CHRISTOPHER W DYSART

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-13619, for MONSANTO COMPANY.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-13620, for SAFETY-KLEEN SYSTEMS, INC..

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-13621, for MALLINCKRODT LLC.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-13622, for MI HOLDINGS INC.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-13623, for SOLUTIA INC..

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-13624, for EASTMAN CHEMICAL COMPANY.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-13625, for PHARMACIA & UPJOHN COMPANY LLC.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-13626, for ANHEUSER BUSCH INBEV WORLDWIDE INC.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-13627, for PROCTER & GAMBLE MANUFACTURING CO..

| | **Summons Issued-Circuit** | |
| | Document ID: 20-SMCC-13628, for BAYER CORPORATION. | |
| | **Summons Issued-Circuit** | |
| | Document ID: 20-SMCC-13629, for ST. LOUIS TESTING LABORATORIES, INC.. | |
| | **Summ Issd- Circ Pers Serv O/S** | |
| | Document ID: 20-SMOS-3387, for EXXONMOBIL OIL CORPORATION. | |
| | **Summ Issd- Circ Pers Serv O/S** | |
| | Document ID: 20-SMOS-3388, for SHELL OIL COMPANY. | |
| | **Summ Issd- Circ Pers Serv O/S** | |
| | Document ID: 20-SMOS-3389, for RADIATOR SPECIALTY COMPANY. | |
| | **Summ Issd- Circ Pers Serv O/S** | |
| | Document ID: 20-SMOS-3390, for UNITED STATES STEEL CORPORATION. | |
| | **Summ Issd- Circ Pers Serv O/S** | |
| | Document ID: 20-SMOS-3391, for MISTIC METAL MOVER, INC.,. | |
| | **Summ Issd- Circ Pers Serv O/S** | |
| | Document ID: 20-SMOS-3392, for TURTLE WAX, INC.. | |

**09/28/2020** · **Entry of Appearance Filed**

Entry of Appearance - Shell Oil Company; Electronic Filing Certificate of Service.
    **Filed By:** RICHARD BENJAMIN KORN

**Request for Jury Trial Filed**

    **Filed By:** RICHARD BENJAMIN KORN
    **On Behalf Of:** SHELL OIL COMPANY

**Jury Trial Scheduled**

    **Associated Entries: 12/22/2020 - Hearing/Trial Cancelled** ⊞
    **Scheduled For:** 03/08/2021;  9:00 AM ;  REX M BURLISON;  City of St. Louis

**10/01/2020** · **Entry of Appearance Filed**

ENTRY OF APPEARANCE; Electronic Filing Certificate of Service.
    **Filed By:** ROSS STEPHEN TITZER

**Motion to Dismiss**

DEFENDANT ANHEUSER-BUSCH, LLCS MOTION TO DISMISS PLAINTIFFS PETITION OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT
    **Filed By:** ROSS STEPHEN TITZER
    **On Behalf Of:** ANHEUSER BUSCH INBEV WORLDWIDE INC

**10/02/2020** · **Notc of Limtd Appearance Filed**

Defendant Turtle Wax Incs Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** GARY L. SMITH
    **On Behalf Of:** TURTLE WAX, INC.

**Motion to Dismiss**

Defendant Turtle Wax Incs Motion to Dismiss; Electronic Filing Certificate of Service.
    **Filed By:** GARY L. SMITH
    **On Behalf Of:** TURTLE WAX, INC.

**10/07/2020** · **Summons Personally Served**

Document ID - 20-SMCC-13620; Served To - SAFETY-KLEEN SYSTEMS, INC.; Server - ; Served Date - 14-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

**10/08/2020** ☐ **Summons Personally Served**

Document ID - 20-SMCC-13619; Served To - MONSANTO COMPANY; Server - ; Served Date - 14-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Summons Personally Served**

Document ID - 20-SMCC-13621; Served To - MALLINCKRODT LLC; Server - ; Served Date - 14-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Summons Personally Served**

Document ID - 20-SMCC-13622; Served To - MI HOLDINGS INC; Server - ; Served Date - 14-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Summons Personally Served**

Document ID - 20-SMCC-13623; Served To - SOLUTIA INC.; Server - ; Served Date - 14-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Summons Personally Served**

Document ID - 20-SMCC-13624; Served To - EASTMAN CHEMICAL COMPANY; Server - ; Served Date - 14-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Summons Personally Served**

Document ID - 20-SMCC-13625; Served To - PHARMACIA & UPJOHN COMPANY LLC; Server - ; Served Date - 14-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Summons Personally Served**

Document ID - 20-SMCC-13626; Served To - ANHEUSER BUSCH INBEV WORLDWIDE INC; Server - ; Served Date - 14-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Summons Personally Served**

Document ID - 20-SMCC-13627; Served To - PROCTER & GAMBLE MANUFACTURING CO.; Server - ; Served Date - 14-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Summons Personally Served**

Document ID - 20-SMCC-13628; Served To - BAYER CORPORATION; Server - ; Served Date - 18-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Summons Personally Served**

Document ID - 20-SMCC-13629; Served To - ST. LOUIS TESTING LABORATORIES, INC.; Server - ; Served Date - 14-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Summons Personally Served**

Document ID - 20-SMOS-3387; Served To - EXXONMOBIL OIL CORPORATION; Server - ; Served Date - 17-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Summons Personally Served**

Document ID - 20-SMOS-3388; Served To - SHELL OIL COMPANY; Server - ; Served Date - 18-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Summons Personally Served**

Document ID - 20-SMOS-3389; Served To - RADIATOR SPECIALTY COMPANY; Server - ; Served Date - 17-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Summons Personally Served**

Document ID - 20-SMOS-3390; Served To - UNITED STATES STEEL CORPORATION; Server - ; Served Date - 17-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Summons Personally Served**

Document ID - 20-SMOS-3392; Served To - TURTLE WAX, INC.; Server - ; Served Date - 18-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Summons Personally Served**

Document ID - 20-SMOS-3391; Served To - MISTIC METAL MOVER, INC.,; Server - ; Served Date - 25-SEP-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Answer Filed**

Defendant Shell Oil Companys Answer and Affirmative Defenses to Plaintiffs Petition; Electronic Filing Certificate of Service.
    **Filed By:** RICHARD BENJAMIN KORN
    **On Behalf Of:** SHELL OIL COMPANY

☐ **Memorandum Filed**

Pltfs Memo of Filing Return of Service of Summons - Grady 2022-CC09797; Anheuser Busch 09142020; Bayer 09182020; Eastman Chemical Company 09142020; Exxon 09172020; Mallinckrodt 09142020; MI Holding 09142020; Mistic Metals 09252020; Monsanto 09142020; Pharmacia and Upjohn Co 09142020; Procter and Gamble 09142020; Radiator Specialty 09172020; Safety Kleen Systems 09142020; Shell 09182020; Solutia 09142020; St Louis Testing Laboratories 09142020; Turtle Wax 09182020; United States Steel 09172020; Electronic Filing Certificate of Service.
    **Filed By:** CHRISTOPHER W DYSART
    **On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

---

10/12/2020 ☐ **Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** JOSHUA M. SCHINDLER

☐ **Motion Filed**

    **Filed By:** JOSHUA M. SCHINDLER
    **On Behalf Of:** ST. LOUIS TESTING LABORATORIES, INC.

---

10/14/2020 ☐ **Entry of Appearance Filed**

Procter Gamble Manufacturing Companys Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** JEROME STEPHEN WARCHOL JR

☐ **Motion to Dismiss**

    **Filed By:** JEROME STEPHEN WARCHOL JR
    **On Behalf Of:** PROCTER & GAMBLE MANUFACTURING CO.

☐ **Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** BRYAN TIMOTHY PRATT

☐ **Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** MATHEW LEE LARSEN

☐ **Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER MICHAEL SORENSON

**Notc/Sugg of Bankruptcy Filed**

NOTICE OF SUGGESTION OF PENDENCY OF BANKRUPTCY AND AUTOMATIC STAY OF PROCEEDINGS; Electronic Filing Certificate of Service.
**Filed By:** BRYAN TIMOTHY PRATT
**On Behalf Of:** MALLINCKRODT LLC

**Motion for Extension of Time**

Consent Motion for Extension of Time; Proposed Order Granting Defendants Motion for Extension of Time; Electronic Filing Certificate of Service.
**Filed By:** Adam E Miller
**On Behalf Of:** MONSANTO COMPANY, SOLUTIA INC., EASTMAN CHEMICAL COMPANY, PHARMACIA & UPJOHN COMPANY LLC

**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** J PHILLIP BRYANT

**Motion to Dismiss**

**Filed By:** J PHILLIP BRYANT

**Memo of Law in Suppt of Filed**

Defendant Safety-Kleen Systems, Inc Memorandum in Support of its Motion to Dismiss; Electronic Filing Certificate of Service.
**Filed By:** J PHILLIP BRYANT
**On Behalf Of:** SAFETY-KLEEN SYSTEMS, INC.

**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** BRYAN TIMOTHY PRATT

**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** MATHEW LEE LARSEN

**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER MICHAEL SORENSON

**Motion to Dismiss**

DEFENDANT MI HOLDINGS, INCS MOTION TO DISMISS PLAINTIFFS PETITION OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; Electronic Filing Certificate of Service.
**Filed By:** BRYAN TIMOTHY PRATT
**On Behalf Of:** MI HOLDINGS INC

10/15/2020 **Entry of Appearance Filed**

Entry of Appearance on behalf of Exxon Mobil Corporation; Electronic Filing Certificate of Service.
**Filed By:** JONATHAN EDWARD SCHMALFELD
**On Behalf Of:** EXXONMOBIL OIL CORPORATION

**Notice of Hearing Filed**

Notice of Hearing; Electronic Filing Certificate of Service.
**Filed By:** J PHILLIP BRYANT
**On Behalf Of:** SAFETY-KLEEN SYSTEMS, INC.

| 10/19/2020 | ☐ **Motion to Dismiss** | |
| | Radiator Specialty Companys Motion to Dismiss Plaintiffs Petition; Electronic Filing Certificate of Service. | |
| | **Filed By:** JUSTIN SCOTT ZIMMERMAN | |

| 10/20/2020 | ☐ **Entry of Appearance Filed** | |
| | Radiator Specialty Companys Entry of Appearance; Electronic Filing Certificate of Service. | |
| | **Filed By:** JEFFREY THOMAS BASH | |

| | ☐ **Order Granting Ext of Time** | |
| | Defendants Monsanto, Solutia, Pharmacia Upjoh, Eastman's motion for additional time was granted. 11/13/20. So Ordered: Rex Burlison, Judge | |

| 10/21/2020 | ☐ **Entry of Appearance Filed** | |
| | Entry of Appearance; Electronic Filing Certificate of Service. | |
| | **Filed By:** LESTER BRYAN HOPKINS | |

| | ☐ **Motion to Strike** | |
| | **Filed By:** LESTER BRYAN HOPKINS | |

| | ☐ **Answer Filed** | |
| | **Filed By:** LESTER BRYAN HOPKINS | |
| | **On Behalf Of:** UNITED STATES STEEL CORPORATION | |

| | ☐ **Certificate of Service** | |
| | Certificate of Service of Discovery by Email; Electronic Filing Certificate of Service. | |
| | **Filed By:** RICHARD BENJAMIN KORN | |
| | **On Behalf Of:** SHELL OIL COMPANY | |

| 10/22/2020 | ☐ **Motion to Strike** | |
| | Defendant Shell Oil Companys Motion to Strike Plaintiffs Claim for Punitive Damages; Electronic Filing Certificate of Service. | |
| | **Filed By:** RICHARD BENJAMIN KORN | |
| | **On Behalf Of:** SHELL OIL COMPANY | |

| 10/23/2020 | ☐ **Entry of Appearance Filed** | |
| | Mistic Metal Mover, Incs Entry of Appearance; Electronic Filing Certificate of Service. | |
| | **Filed By:** CALEB DALTON HAWKINS | |

| | ☐ **Motion to Dismiss** | |
| | **Filed By:** CALEB DALTON HAWKINS | |
| | **On Behalf Of:** MISTIC METAL MOVER, INC., | |

| 10/28/2020 | ☐ **Motion for Sub of Counsel** | |
| | Joint Notice of Substitution of Counsel; Electronic Filing Certificate of Service. | |
| | **Filed By:** JAMES CARROLL MORRIS | |
| | **On Behalf Of:** ST. LOUIS TESTING LABORATORIES, INC. | |

| 11/11/2020 | ☐ **Answer Filed** | |
| | Exxon Mobil Corp Answer and Affirmative Defenses; Electronic Filing Certificate of Service. | |
| | **Filed By:** JONATHAN EDWARD SCHMALFELD | |
| | **On Behalf Of:** EXXONMOBIL OIL CORPORATION | |

| 11/16/2020 | ☐ **Motion Filed** | |

Consent Motion for Extension of Time; Proposed Order Granting Defendants Consent Motion for Extension of Time; Electronic Filing Certificate of Service.
**Filed By:** Adam E Miller
**On Behalf Of:** MONSANTO COMPANY, SOLUTIA INC., EASTMAN CHEMICAL COMPANY, PHARMACIA & UPJOHN COMPANY LLC

| | |
|---|---|
| 11/23/2020 | **Notice of Hearing Filed**
Notice of Hearing on Defendant STL Testing Motion for More Definite Statement; Electronic Filing Certificate of Service.
**Filed By:** JAMES CARROLL MORRIS
**On Behalf Of:** ST. LOUIS TESTING LABORATORIES, INC. |
| 11/27/2020 | **Entry of Appearance Filed**
Entry of Appearance of Adam E Miller; Electronic Filing Certificate of Service.
**Filed By:** Adam E Miller
**On Behalf Of:** MONSANTO COMPANY, SOLUTIA INC., EASTMAN CHEMICAL COMPANY, PHARMACIA & UPJOHN COMPANY LLC |
| 12/04/2020 | **Response Filed**
Pltfs Resp to Dft Safety-Kleens MTD 1242020; Pltfs Proposed Order Denying Dft Safety-Kleens MTD 1242020; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER W DYSART
**On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY |
| 12/07/2020 | **Order Granting Ext of Time**
Defendants Monsanto Pharmacia Upjohn Eastman motion for additional time was granted. 11/27/2020. So Ordered: Rex Burlison, Judge |
| 12/08/2020 | **Order**
ORDER GRANTING DEFENDANT ST. LOUIS LABORATORY'S MOTION FOR MORE DEFINITE STATEMENT. SO ORDERED: JUDGE JOAN MORIARTY |
| 12/10/2020 | **Answer Filed**
Defendants Answer and Affirmative Defense to Plaintiffs Petition; Electronic Filing Certificate of Service.
**Filed By:** Adam E Miller
**On Behalf Of:** MONSANTO COMPANY, SOLUTIA INC., EASTMAN CHEMICAL COMPANY, PHARMACIA & UPJOHN COMPANY LLC |
| 12/15/2020 | **Entry of Appearance Filed**
EOA of Miller for Bayer; Electronic Filing Certificate of Service.
**Filed By:** Adam E Miller
**On Behalf Of:** BAYER CORPORATION |
| | **Motion for Extension of Time**
Consent Motion for Extension of Time; Proposed Order; Electronic Filing Certificate of Service.
**Filed By:** Adam E Miller |
| 12/22/2020 | **Hearing/Trial Cancelled**
ROUND UP case/s ONLY. Stipulation of the parties. Cause assigned to the Honorable Michael K. Mullen for all further proceedings and trial. So Ordered: Rex Burlison, Presiding Judge
**Scheduled For:** 03/08/2021;  9:00 AM ;  REX M BURLISON;  City of St. Louis |
| | **Case Review Scheduled** |

Associated Entries: 12/22/2020 - Hearing/Trial Cancelled 🔳
Scheduled For: 05/08/2022; 5:00 PM ; MICHAEL KELLAN MULLEN; City of St. Louis

| 12/29/2020 | ☐ | **Motion to Dismiss** |
|---|---|---|

Defendant Bayer Corporations Motion to Dismiss for Lack of Personal Jurisdiction; Exhibit 1; Electronic Filing Certificate of Service.
   **Filed By:** Adam E Miller
   **On Behalf Of:** BAYER CORPORATION

| 01/11/2021 | ☐ | **Motion to Strike** |
|---|---|---|

Defendant Safety-Kleen Systems, Inc Motion to Strike Plaintiffs Claim for Punitive Damages; Electronic Filing Certificate of Service.
   **Filed By:** J PHILLIP BRYANT
   **On Behalf Of:** SAFETY-KLEEN SYSTEMS, INC.

| 01/13/2021 | ☐ | **Cert Serv Req Prod Docs Things** |
|---|---|---|

COS re Def Pharmacia ROG and RFP; Electronic Filing Certificate of Service.
   **Filed By:** Adam E Miller
   **On Behalf Of:** PHARMACIA & UPJOHN COMPANY LLC

| 01/14/2021 | ☐ | **Stipulation Filed** |
|---|---|---|

Stipulated Voluntary Dismissal of Bayer Corporation; Electronic Filing Certificate of Service.
   **Filed By:** Adam E Miller
   **On Behalf Of:** BAYER CORPORATION

| 01/20/2021 | ☐ | **Notice of Hearing Filed** |
|---|---|---|

Notice of Hearing; Electronic Filing Certificate of Service.
   **Filed By:** J PHILLIP BRYANT
   **On Behalf Of:** SAFETY-KLEEN SYSTEMS, INC.

| 01/29/2021 | ☐ | **Notice** |
|---|---|---|

Notice of Cancellation of Hearing; Electronic Filing Certificate of Service.
   **Filed By:** J PHILLIP BRYANT
   **On Behalf Of:** SAFETY-KLEEN SYSTEMS, INC.

| 02/01/2021 | ☐ | **Order of Dismissal** |
|---|---|---|

IT IS HEREBY STIPULATED AND AGREED by and between the parties that the above-captioned action is voluntarily dismissed without prejudice against Bayer Corporation a/k/a Bayer Healthcare Pharmaceuticals Each party shall bear its own costs SO ORDERED: JUDGE MICHAEL MULLEN

| 02/18/2021 | ☐ | **Motion for Leave** |
|---|---|---|

Pltf Motion for Leave to file 1st Amended Petition - Grady 2022-CC09797; Electronic Filing Certificate of Service.
   **Filed By:** CHRISTOPHER W DYSART

| | ☐ | **Other Proposed Document Filed** |
|---|---|---|

Pltf First Amended Petition - Grady 2022-CC09797; Electronic Filing Certificate of Service.
   **Filed By:** CHRISTOPHER W DYSART

| | ☐ | **Proposed Order Filed** |
|---|---|---|

Pltfs Proposed Order Motion for Leave to file First Amended Petition - Grady 2022-CC09797; Electronic Filing Certificate of Service.
   **Filed By:** CHRISTOPHER W DYSART

Case: 4:23-cv-00226-JAR    Doc. #: 1-1    Filed: 02/24/23    Page: 10 of 1272 PageID #: 19

**On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

| | | |
|---|---|---|
| 03/01/2021 | ☐ **Order Granting Leave** | |

| | | |
|---|---|---|
| 03/05/2021 | ☐ **Answer Filed** | |

Defendant Shell Oil Companys Answer and Affirmative Defenses to Plaintiffs First Amended Petition; Electronic Filing Certificate of Service.
  **Filed By:** RICHARD BENJAMIN KORN
  **On Behalf Of:** SHELL OIL COMPANY

| | | |
|---|---|---|
| 03/09/2021 | ☐ **Notice** | |

Defendant Mistic Metal Mover, Incs Notice of Adoption of Pleadings Previously Filed; Electronic Filing Certificate of Service.
  **Filed By:** CALEB DALTON HAWKINS
  **On Behalf Of:** MISTIC METAL MOVER, INC.,

| | | |
|---|---|---|
| | ☐ **Answer Filed** | |

United States Steel Corporations Answer and Affirmative Defenses to Plaintiffs First Amended Petition; Electronic Filing Certificate of Service.
  **Filed By:** LESTER BRYAN HOPKINS
  **On Behalf Of:** UNITED STATES STEEL CORPORATION

| | | |
|---|---|---|
| 03/10/2021 | ☐ **Amended Answer Filed** | |

STL Laboratories, Incs Answer to First Amended Petition; Electronic Filing Certificate of Service.
  **Filed By:** JAMES CARROLL MORRIS
  **On Behalf Of:** ST. LOUIS TESTING LABORATORIES, INC.

| | | |
|---|---|---|
| 03/11/2021 | ☐ **Answer Filed** | |

Defendants Monsanto, Pharmacia, Solutia, and Eastman Answer and Affirmative Defenses to 1st Amended Petition; Electronic Filing Certificate of Service.
  **Filed By:** Adam E Miller
  **On Behalf Of:** MONSANTO COMPANY, SOLUTIA INC., EASTMAN CHEMICAL COMPANY, PHARMACIA & UPJOHN COMPANY LLC

| | | |
|---|---|---|
| | ☐ **Motion to Dismiss** | |

DEFENDANT MI HOLDINGS, INCS MOTION TO DISMISS PLAINTIFFS FIRST AMENDED PETITION OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; Electronic Filing Certificate of Service.
  **Filed By:** BRYAN TIMOTHY PRATT
  **On Behalf Of:** MI HOLDINGS INC

| | | |
|---|---|---|
| | ☐ **Answer Filed** | |

Exxon Mobil Corp Answer and Affirmative Defenses to First Amended Petition; Electronic Filing Certificate of Service.
  **Filed By:** JONATHAN EDWARD SCHMALFELD
  **On Behalf Of:** EXXONMOBIL OIL CORPORATION

| | | |
|---|---|---|
| | ☐ **Answer Filed** | |

Defendant Safety-Kleen Systems, Inc Answer to Plaintiffs First Amended Petition; Electronic Filing Certificate of Service.
  **Filed By:** J PHILLIP BRYANT
  **On Behalf Of:** SAFETY-KLEEN SYSTEMS, INC.

| | | |
|---|---|---|
| 03/22/2021 | ☐ **Motion to Dismiss** | |

Defendant Radiator Specialty Companys Motion to Dismiss Plaintiffs First Amended Petition; Electronic Filing Certificate of Service.

    **Filed By:** JUSTIN SCOTT ZIMMERMAN

---

**04/21/2021** — **Certificate of Service**

Certificate of Service; Electronic Filing Certificate of Service.

    **Filed By:** J PHILLIP BRYANT
    **On Behalf Of:** SAFETY-KLEEN SYSTEMS, INC.

---

**04/22/2021** — **Motion to Dismiss**

DEFENDANT TURTLE WAX, INCS MOTION TO DISMISS PLAINTIFFS FIRST AMENDED PETITION; Electronic Filing Certificate of Service.

    **Filed By:** GARY L. SMITH
    **On Behalf Of:** TURTLE WAX, INC.

---

**Motion to Dismiss**

DEFENDANT MISTIC METAL MOVER, INC.S MOTION TO DISMISS PLAINTIFFS FIRST AMENDED PETITION; Electronic Filing Certificate of Service.

    **Filed By:** CALEB DALTON HAWKINS
    **On Behalf Of:** MISTIC METAL MOVER, INC.,

---

**04/26/2021** — **Motion to Dismiss**

The Procter Gamble Manufacturing Companys Motion to Dismiss Plaintiffs First Amended Petition or In the Alternative, Motion for a More Definite Statement; Electronic Filing Certificate of Service.

    **Filed By:** JEROME STEPHEN WARCHOL JR
    **On Behalf Of:** PROCTER & GAMBLE MANUFACTURING CO.

---

**04/30/2021** — **Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.

    **Filed By:** BRICE NENGSU KENFACK
    **On Behalf Of:** MI HOLDINGS INC

---

**06/03/2021** — **Notc Change of Address Filed**

Notice of Change of Firm Affiliation and New Address; Electronic Filing Certificate of Service.

    **Filed By:** Adam E Miller
    **On Behalf Of:** MONSANTO COMPANY, SOLUTIA INC., EASTMAN CHEMICAL COMPANY, PHARMACIA & UPJOHN COMPANY LLC

---

**07/19/2021** — **Certificate of Service**

Pltfs Grady COS re Ans Resp Obj to Dft SKs 1st ROGS and 1st RFP 7.19.2021; Electronic Filing Certificate of Service.

    **Filed By:** CHRISTOPHER W DYSART
    **On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

---

**07/21/2021** — **Motion to Dismiss**

DEFENDANT ANHEUSER-BUSCH, LLCS MOTION TO DISMISS PLAINTIFFS FIRST AMENDED PETITION OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; Electronic Filing Certificate of Service.

    **Filed By:** ROSS STEPHEN TITZER
    **On Behalf Of:** ANHEUSER BUSCH INBEV WORLDWIDE INC

---

**08/13/2021** — **Cert Serv of Interrog Filed**

Certificate of Service; Electronic Filing Certificate of Service.

**Filed By:** JAMES CARROLL MORRIS
**On Behalf Of:** ST. LOUIS TESTING LABORATORIES, INC.

| | |
|---|---|
| 09/09/2021 ☐ | **Cert Serv Answers Interrog Fil** |

Pltfs Grady COS Ans Resp Obj Dft Pharmacia 1st ROGS 1st RFP 9.9.2021.pdf; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER W DYSART
**On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

☐ **Cert Serv Answers Interrog Fil**

Pltfs Grady COS Ans Resp Obj Dft Shell 1st ROGS 1st RFP 9.9.2021.pdf; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER W DYSART
**On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

| | |
|---|---|
| 11/18/2021 ☐ | **Certificate of Service** |

Pltfs Grady COS re 1st Supp Ans Resp Obj to Dft SKs 1st ROGS and 1st RFP 11.18.2021; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER W DYSART
**On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

☐ **Cert Serv Answers Interrog Fil**

Pltf Grady COS re Ans Obj to Dft STLTLs 1st ROGS 11.18.2021; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER W DYSART
**On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

| | |
|---|---|
| 01/14/2022 ☐ | **Certificate of Service** |

Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** BRYAN TIMOTHY PRATT
**On Behalf Of:** MI HOLDINGS INC

| | |
|---|---|
| 01/26/2022 ☐ | **Notc Change of Address Filed** |

Notice of Change of Address for Adam E. Miller; Electronic Filing Certificate of Service.
**Filed By:** Adam E Miller
**On Behalf Of:** MONSANTO COMPANY, SOLUTIA INC., EASTMAN CHEMICAL COMPANY, PHARMACIA & UPJOHN COMPANY LLC

| | |
|---|---|
| 02/04/2022 ☐ | **Motion for Protective Order** |

Pltf Motion to Consolidate Discovery - Grady 2022-CC09797 w Ex 1 02.04.22.pdf; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER W DYSART

☐ **Proposed Order Filed**

Proposed Order Consolidate Discovery- Grady 2022-CC09797.pdf; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER W DYSART
**On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

| | |
|---|---|
| 03/14/2022 ☐ | **Notice of Hearing Filed** |

Pltf NOH of Motion to Consolidate Discovery - Grady 05.18.2022.pdf; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER W DYSART
**On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

| 05/10/2022 | ☐ **Response Filed** | |
|---|---|---|

Response to Plaintiffs Motion for Protective Order; Electronic Filing Certificate of Service.
    **Filed By:** J PHILLIP BRYANT

    ☐ **Proposed Order Filed**

Proposed Order Regarding Plaintiffs Motion for Protective Order; Electronic Filing Certificate of Service.
    **Filed By:** J PHILLIP BRYANT
    **On Behalf Of:** SAFETY-KLEEN SYSTEMS, INC.

| 05/17/2022 | ☐ **Reply** | |
|---|---|---|

Pltf Reply Safety-Kleen Motion to Consolidate Discovery - Grady 2022-CC09797.pdf; Electronic Filing Certificate of Service.
    **Filed By:** CHRISTOPHER W DYSART
    **On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

    ☐ **Note to Clerk eFiling**
    **Filed By:** CHRISTOPHER W DYSART

| 05/18/2022 | ☐ **Response Filed** | |
|---|---|---|

Notice of Def MI Holdingss Joinder in Def Safe-Kleens Response to Plaintiffs Motion for Protective Order; Electronic Filing Certificate of Service.
    **Filed By:** BRICE NENGSU KENFACK
    **On Behalf Of:** MI HOLDINGS INC

| 05/19/2022 | ☐ **Proposed Order Filed** | |
|---|---|---|

MEMO REGARDING PLAINTIFF¿S MOTION FOR PROTECTIVE ORDER; Electronic Filing Certificate of Service.
    **Filed By:** CHRISTOPHER W DYSART
    **On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

| 05/26/2022 | ☐ **Order** | |
|---|---|---|

AS PER ATTACHED: SO ORDERED: Judge Joan Moriarty

| 06/24/2022 | ☐ **Entry of Appearance Filed** | |
|---|---|---|

Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** KATHERINE DIANE LANDFRIED
    **On Behalf Of:** MONSANTO COMPANY, SOLUTIA INC., EASTMAN CHEMICAL COMPANY, PHARMACIA & UPJOHN COMPANY LLC

    ☐ **Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** RACHEL PAULA BERLAND
    **On Behalf Of:** MONSANTO COMPANY, SOLUTIA INC., EASTMAN CHEMICAL COMPANY, PHARMACIA & UPJOHN COMPANY LLC

| 09/06/2022 | ☐ **Stipulation Filed** | |
|---|---|---|

Stipulation for Dismissal with Prejudice; Proposed Order; Electronic Filing Certificate of Service.
    **Filed By:** CHRISTOPHER W DYSART
    **On Behalf Of:** ST. LOUIS TESTING LABORATORIES, INC.

| 09/16/2022 | ☐ **Order of Dismissal** | |
|---|---|---|

It is hereby ordered that the Defendant, St. Louis Testing Laboratories, Inc., is hereby dismissed from this case with prejudice with each party to bear their own costs. SO ORDERED: JUDGE MICHAEL MULLEN

| | | |
|---|---|---|
| 10/19/2022 | **Notice to Take Deposition** | |

Notice of Deposition Mike Grady 10.27.2022.pdf; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER W DYSART
**On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

| | | |
|---|---|---|
| 10/26/2022 | **Entry of Appearance Filed** | |

ENTRY OF APPEARANCE on behalf of Defendant Exxon Mobil Corporation, incorrectly named as "ExxonMobil Oil Corporation, as successor to Mobil Oil Corporation (D/B/A Mobil Oil)" in the above cause of action. ; Electronic Filing Certificate of Service.
**Filed By:** LESTER BRYAN HOPKINS
**On Behalf Of:** EXXONMOBIL OIL CORPORATION

| | | |
|---|---|---|
| 01/25/2023 | **Motion for Leave** | |

Pltf 2nd Amended Petition Motion for Leave to file - Grady 2022-CC09797.pdf; Pltf Second Amended Petition - Grady 2022-CC0797.pdf; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER W DYSART
**On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

**Certificate of Service**

COS Grady Pltfs 1st ROGs 1st RFP to Dft Anheuser Busch Grady 2022-CC09797 -01.25.23.pdf; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER W DYSART
**On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

**Certificate of Service**

COS Grady Pltfs 1st ROGs 1st RFP to Dft ExxonMobil 01.25.23.pdf; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER W DYSART
**On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

**Certificate of Service**

COS Grady Pltfs 1st ROGs 1st RFP to Dfts Mallinckrodt MI Holdings 2022-CC09797.pdf; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER W DYSART
**On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

**Certificate of Service**

COS Grady Pltfs 1st ROGs 1st RFP to Dft Mistic Metals 2022-CC09797.pdf; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER W DYSART
**On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

**Certificate of Service**

COS Pltfs 1st ROGs 1st RFP to Dfts Monsanto Solutia Eastman Pharmacia Grady 2022-CC09797.pdf; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER W DYSART
**On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

**Certificate of Service**

COS Grady Pltfs 1st ROGs 1st RFP to Dft Procter Gamble 2022-C09797.pdf; Electronic Filing Certificate of Service.
**Filed By:** CHRISTOPHER W DYSART
**On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

**Certificate of Service**

COS Grady Pltfs 1st ROGs 1st RFP to Dft Safety-Kleen 2022-CC09797.pdf; Electronic Filing
Certificate of Service.
    **Filed By:** CHRISTOPHER W DYSART
    **On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

**Certificate of Service**

COS Grady Pltfs 1st ROGs 1st RFP to Dft Turtle Wax 2022-CC09797.pdf; Electronic Filing Certificate
of Service.
    **Filed By:** CHRISTOPHER W DYSART
    **On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

**Certificate of Service**

COS Grady Pltfs 1st ROGs 1st RFP to Dft US Steel 2022-CC09797.pdf; Electronic Filing Certificate
of Service.
    **Filed By:** CHRISTOPHER W DYSART
    **On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

| | |
|---|---|
| 01/27/2023 | **Order Granting Leave** |

| | |
|---|---|
| 01/31/2023 | **Motion to Dismiss** |

DEFENDANT ANHEUSER-BUSCH, LLCS MOTION TO DISMISS PLAINTIFFS SECOND
AMENDED PETITION OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT;
Electronic Filing Certificate of Service.
    **Filed By:** MATTHEW EDWARD PELIKAN
    **On Behalf Of:** ANHEUSER BUSCH INBEV WORLDWIDE INC

| | |
|---|---|
| 02/02/2023 | **Amended Motion/Petition Filed** |

Pltf Second Amended Petition - Grady 2022-CC0797.pdf; Electronic Filing Certificate of Service.
    **Filed By:** CHRISTOPHER W DYSART
    **On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

| | |
|---|---|
| 02/09/2023 | **Motion to Dismiss** |

Defendant Mistic Metal Mover Incs Motion to Dismiss Plaintiffs Second Amended Complaint;
Electronic Filing Certificate of Service.
    **Filed By:** STEVEN T WALSH
    **On Behalf Of:** MISTIC METAL MOVER, INC.,

**Certificate of Service**

Pltfs Grady COS Ans Resp Obj Dft Pharmacia 1st Amended ROGS 1st Amended RFP 2.9.2023.pdf;
Electronic Filing Certificate of Service.
    **Filed By:** CHRISTOPHER W DYSART
    **On Behalf Of:** MICHAEL GRADY, KATHLEEN GRADY

| | |
|---|---|
| 02/10/2023 | **Motion to Dismiss** |

Motion to Dismiss Plaintiffs 2nd Amended Petition; Electronic Filing Certificate of Service.
    **Filed By:** BRYAN TIMOTHY PRATT
    **On Behalf Of:** MALLINCKRODT LLC, MI HOLDINGS INC

| | |
|---|---|
| 02/13/2023 | **Answer Filed** |

United States Steel Corporations Answer and Affirmative Defenses to Plaintiffs Second Amended
Petition; Electronic Filing Certificate of Service.
    **Filed By:** LESTER BRYAN HOPKINS
    **On Behalf Of:** UNITED STATES STEEL CORPORATION

**Answer Filed**

☐

Answer to Plaintiffs Second Amended Petition; Electronic Filing Certificate of Service.

**Filed By:** J PHILLIP BRYANT
**On Behalf Of:** SAFETY-KLEEN SYSTEMS, INC.

☐ **Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.

**Filed By:** ANDREW CAVANAUGH CORKERY
**On Behalf Of:** SAFETY-KLEEN SYSTEMS, INC.

☐ **Answer Filed**

Shell USA - Answer and Affirmative Defenses to Second Amended Petition; Electronic Filing Certificate of Service.

**Filed By:** RICHARD BENJAMIN KORN
**On Behalf Of:** SHELL OIL COMPANY

☐ **Answer Filed**

DEFENDANTS MONSANTO COMPANY, SOLUTIA, INC., PHARMACIA LLC, AND EASTMAN CHEMICAL COMPANYS ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS SECOND AMENDED PETITION; Electronic Filing Certificate of Service.

**Filed By:** Adam E Miller
**On Behalf Of:** MONSANTO COMPANY, SOLUTIA INC., EASTMAN CHEMICAL COMPANY, PHARMACIA & UPJOHN COMPANY LLC

02/15/2023 ☐ **Motion to Dismiss**

THE PROCTER GAMBLE MANUFACTURING COMPANYS MOTION TO DISMISS PLAINTIFFS SECOND AMENDED PETITION OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; Electronic Filing Certificate of Service.

**Filed By:** JEROME STEPHEN WARCHOL JR
**On Behalf Of:** PROCTER & GAMBLE MANUFACTURING CO.

02/20/2023 ☐ **Motion Filed**

Motion for Pro Hac Vice Admission of Courtney D. Carter, Esq.; Exhibit A - Statement of Courtney Carter; Exhibit B - Receipt for Pro Hac Fee; Electronic Filing Certificate of Service.

**Filed By:** LESTER BRYAN HOPKINS

☐ **Proposed Order Filed**

Proposed Order; Electronic Filing Certificate of Service.

**Filed By:** LESTER BRYAN HOPKINS
**On Behalf Of:** EXXONMOBIL OIL CORPORATION

02/22/2023 ☐ **Entry of Appearance Filed**

Radiator Specialty Companys Entry of Appearance; Electronic Filing Certificate of Service.

**Filed By:** AARON GREGORY REYNOLDS

☐ **Motion Filed**

**Filed By:** AARON GREGORY REYNOLDS
**On Behalf Of:** RADIATOR SPECIALTY COMPANY

02/24/2023 ☐ **Answer Filed**

Defendant Exxon Mobil Corporations Answer and Affirmative Defenses to Plaintiffs Second Amended Petition; Electronic Filing Certificate of Service.

**Filed By:** LESTER BRYAN HOPKINS
**On Behalf Of:** EXXONMOBIL OIL CORPORATION

**2022-CC09797**

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

**IN THE CIRCUIT COURT OF SAINT LOUIS CITY**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: |
| MONSANTO COMPANY, | ) | |
| *Serve*: CSC of St. Louis County, Inc | ) | |
| MC-CSC1 | ) | |
| 9666 Olive Blvd., #690 | ) | |
| St. Louis, MO 63132-3026 | ) | |
| | ) | |
| SAFETY-KLEEN SYSTEMS INC., | ) | |
| *Serve*: CT Corporation System | ) | JURY TRIAL DEMANDED |
| 120 S. Central Ave. | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| MALLINCKRODT, LLC, | ) | |
| *Serve*: CT Corporation System | ) | |
| 120 S. Central Ave. | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| MI HOLDINGS, INC., | ) | |
| *Serve*: CT Corporation System | ) | |
| 120 S. Central | ) | |
| Clayton, MO 63102 | ) | |
| | ) | |
| SOLUTIA INC., | ) | |
| *Serve*: United Agent Group, Inc. | ) | |
| 12747 Olive Blvd., #300 | ) | |
| St. Louis, MO 63141 | ) | |
| | ) | |
| EASTMAN CHEMICAL COMPANY, Individually | ) | |
| and as successor to Solutia Inc. | ) | |
| *Serve*: United Agent Group, Inc. | ) | |
| 12747 Olive Blvd., #300 | ) | |
| St. Louis, MO 63141 | ) | |
| | ) | |
| | ) | |
| | ) | |

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

PHARMACIA & UPJOHN COMPANY LLC )
*Serve*:  CT Corporation System )
        120 S. Central Ave. )
        Clayton, MO  63105 )
 )
EXXONMOBIL OIL CORPORATION, as successor )
to Mobil Oil Corporation (D/B/A Mobil Oil), )
*Serve*:  Prentice Hall Corporation )
        801 Adlai Stevenson Drive )
        Springfield, IL 62703 )
 )
ANHEUSER-BUSCH INBEV WORLDWIDE INC. )
*Serve*:  CT Corporation )
        120 South Central Avenue )
        Clayton, Missouri 63105 )
 )
PROCTER & GAMBLE MANUFACTURING CO. )
*Serve*:  CT Corporation )
        120 South Central Avenue )
        Clayton, Missouri 63105 )
 )
SHELL OIL COMPANY, Individually and as )
successor to Shell Oil Company, Incorporated, Shell )
Chemical LP (f/k/a Shell Chemical Company), and )
Shell Oil Products Company, )
*Serve*:  CT Corporation System )
        208 So LaSalle St., Suite 814 )
        Chicago, IL 60604 )
 )
BAYER CORP. a/k/a BAYER HEALTHCARE )
PHARMACEUTICALS )
*Serve*:  CSC-Lawyers Incorporating )
        Service Company )
        221 Bolivar Street )
        Jefferson City, Missouri 65101 )
 )
RADIATOR SPECIALTY COMPANY )
*Serve*:  Cogency Global, Inc )
        212 South Tryon Street, Suite 1000 )
        Charlotte, N.C. 28281 )
 )
UNITED STATES STEEL CORPORATION )
*Serve*:  Illinois Corporate Services Co. )
        801 Adlai Stevenson Dr. )
        Springfield, IL  62703 )
 )

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

MISTIC METAL MOVER, INC.,                           )
*Serve*:  Michael L. English, Attorney/Agent        )
     Russell, English, Scoma & Beneke           )
     10 Park Avenue West                         )
     Princeton, IL 61356                         )
                                                 )
TURTLE WAX, INC.,                                   )
*Serve*:  National Registered Agents, Inc.          )
     208 S. LaSalle St., Ste. 814                )
     Chicago, IL  60604                          )
                                                 )
ST. LOUIS TESTING LABORATORIES, INC.               )
*Serve*:  Robin Sinn                                )
     2810 Clark                                  )
     St. Louis, MO 63103                         )
                                                 )
              Defendants.         )
                                                 )

## **PETITION**

COME NOW Michael Grady (hereinafter, "Mr. Grady") and Kathleen Grady (hereinafter, "Mrs. Grady") (collectively, hereinafter, "Plaintiffs"), by and through undersigned counsel, and for their Petition and cause of action against Defendants, state as follows:

## **JURISDICTION AND VENUE**

1. Mr. Grady is now, and at all relevant times herein, a resident and citizen of the State of Missouri.

2. At all times relevant herein, Mr. Grady and Mrs. Grady have been validly married to each other.

3. Defendant MONSANTO COMPANY (hereinafter, "Monsanto") is foreign corporation, incorporated in the State of Delaware, and with its principle place of business within the State of Missouri.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

4. Defendant BAYER CORP. a/k/a BAYER HEALTHCARE PHARMACEUTICALS (hereinafter "Defendant Bayer" or "Bayer") is a for-profit foreign corporation doing business throughout the State of Missouri.

5. Defendant SAFETY-KLEEN, (hereinafter, "Safety-Kleen") is a foreign corporation, incorporated in the State of Delaware, and doing business in the State of Missouri.

6. Defendant MALLINCKRODT, LLC, (hereinafter, "Mallinckrodt") is a Delaware corporation with its principal place of business in Mansfield, Massachusetts, doing business in the State of Missouri.

7. Defendant MI HOLDINGS, INC., (hereinafter, "MI HOLDINGS") is a Missouri corporation, doing business in the State of Missouri and is a successor to the businesses formerly known as Mallinckrodt Missouri.

8. Defendant EXXONMOBIL OIL CORPORATION, as successor to Mobil Oil Corporation (d/b/a Mobil Oil) (hereinafter, "ExxonMobil"), is a foreign corporation doing business within State of Missouri

9. Defendant SOLUTIA INC., Individually and as successor to Monsanto Company (hereinafter, "Solutia"), is foreign corporation with its United States headquarters located within the State of Missouri.

10. Defendant EASTMAN CHEMCIAL COMPANY, Individually and as successor to Solutia Inc. (hereinafter, "Eastman Chemical"), is foreign corporation doing business within the State of Missouri.

11. Defendant PHARMACIA & UPJOHN COMPANY LLC (hereinafter, "Pharmacia"), is a foreign corporation doing business within the State of Missouri.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

12. Defendant ANHEUSER-BUSCH INBEV WORLDWIDE INC. (hereinafter "InBev") is a foreign corporation with its United States headquarters located in St. Louis, Missouri.

13. Defendant PROCTER & GAMBLE MANUFACTURING COMPANY, (hereinafter, "Procter & Gamble") is foreign corporation doing business within the State of Missouri.

14. Defendant, SHELL OIL COMPANY a/k/a Shell Oil Products US, Shell Chemical LP, f/k/a Shell Chemical Company (hereinafter "Shell") is a Delaware Corporation, in good standing and doing business in the State of Missouri.

15. Defendant MISTIC METAL MOVERS, INC., (hereinafter, "Mistic Metal Movers"), is a foreign corporation doing business in the State of Missouri.

16. Defendant RADIATOR SPECIALTY COMPANY (hereinafter, "Radiator Specialty"), is a foreign corporation doing business in the State of Missouri.

17. Defendant UNITED STATES STEEL CORPORATION (hereinafter "United States Steel"), is a foreign corporation doing business in the State of Missouri.

18. Defendant, TURTLE WAX, INC., is a foreign corporation doing business in the State of Missouri.

19. Defendant, ST. LOUIS TESTING LABORATORIES, INC., is incorporated in the State of Missouri, with its headquarters located in the City of St. Louis, Missouri.

20. The forgoing individual Defendants, set forth in Paragraphs 4 through 19, will be collectively referred to as "Defendants" throughout Plaintiff's Petition.

21. All Defendants are entities that may have caused, or contributed to cause, Mr. Grady's Multiple Myeloma from benzene exposure through their products, facilities or operations within the State of Missouri and elsewhere or are parent companies, affiliates, subsidiaries,

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

successors in interest, employees, contractors, sub-contractors or other agents of the named Defendants, or their respective predecessors in interest.

22. The nonresident Defendants in this action are subject to the jurisdiction of this Court pursuant to RSMo. § 506.500 (1) and (3) because the causes of action stated in this Petition arose out of their transaction of business in Missouri and out of torts committed in Missouri by the nonresident Defendants.

23. Venue is proper in the City of St. Louis, Missouri because Mr. Grady was first injured by the wrongful acts and/or negligent conduct alleged in this action in the City of St. Louis. Accordingly, venue is proper pursuant to RSMo. § 508.010.

24. THIS CAUSE IS NOT REMOVABLE. There is no diversity of citizenship among the parties because Defendants Solutia, Inc., Anheuser-Busch InBev Worldwide Inc., and St. Louis Testing Laboratories, Inc., are citizens of the State of Missouri for purposes of federal diversity jurisdiction and removal statutes. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..."); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) ("an LLC's citizenship for purposes of diversity jurisdiction is the citizenship of its members"). Moreover, because at least one Defendant is a resident of Missouri, where this action is filed, Defendants could not, in any event, remove this action on the basis of diversity. 28 U.S.C. § 1441(b). Plaintiffs affirmatively disclaim any damages or action arising under the constitution, treaties, or laws of the United States (including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

foreign state or agency. The damages that are sought by the Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

### I. Plaintiff Michael Grady's Exposure Routes

25. Mr. Grady was born on March 8, 1958 and has lives within the State of Missouri.

26. From in and around 1958 through 1972, Mr. Grady's father worked at the Monsanto Plant in Sauget, Illinois and he would come home with chemicals on his car and on his cloths.  Mr. Grady was first exposed to these chemicals when he washed his father's car at his home and was in close proximity to his father at Mr. Grady's home located at 5353 S. Broadway, St. Louis, Missouri 63111, within the City of St. Louis, Missouri

27. Mr. Grady was also exposed to products containing benzene and other toxic chemicals, including gasoline, motor oils, and cleaning fluids and solvents, when he worked at the Motor Gas Station located in and around 4500 S. Broadway, within the City of St, Louis, Missouri where he pumped gas, cleaned cars and engines and engine parts in and around when he was in Secondary School. At this location and during this time, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands.

28. From approximately 1977 through 1984, Mr. Grady was employed by I55 Mobile Station, located within the City of St. Louis.  While employed there, including as a mechanic, Mr. Grady pumped gas, cleaned cars and engines and engine parts. At this location and during this time, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety Kleen Recycled 105 Solvent which contained benzene, to clean his

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

tools, clean car parts and wash his hands. From approximately 1977 through 1984, while employed by I55 Mobile Station, Mr. Grady was exposed to benzene containing chemicals and fumes, including but not limited to, gasoline and other products supplied by Defendant ExxonMobil and Defendant Safety-Kleen.

29. During the times when Mr. Grady  was working at the Motor Gas Station and the I55 Mobile Station:

    a. the nozzles on the gas pumps were not equipped with vapor recovery systems; and

    b. the gas pumps, storage tanks, gasoline delivery trucks, and other gasoline storage and delivery devices contained no warnings indicating that working in and around gasoline, including using gasoline as a cleaning agent, or breathing gasoline vapors, was in any way hazardous to an individual's health, including potentially causing cancer.

    c. The Safety Kleen parts washers and the Safety-Kleen Recycled 105 Solvent contained no warnings that it contained benzene, was in any way hazardous to an individual's health, including potentially causing cancer.

30. From 1979 to 2018 Mr. Grady worked as a union pipefitter and mechanical contractor at various job sites located within the State of Missouri and the State of Illinois.  While so employed, Mr. Grady worked at the Defendants' work sites described herein, among other locations, as a contractor, and not as an employee, of any of the Defendants named in this Petition.  As a result, Mr. Grady is not subject to the Jurisdiction of the Division of Workers Compensation for any of the injuries described in this Petition.

31.  Between 1979 and 2018 Mr. Grady was assigned to various Monsanto plants located within both the City of St. Louis, Missouri and Sauget, Illinois, including but not limited to the Queeny Plant, the Krummrich Plant and the Carondelet Plant. While employed at the various Monsanto plants, Mr. Grady was assigned to various locations including benzene departments, around benzene tanks, and where he had to remove old piping that carried

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

benzene and other chemicals throughout the plants and installed new piping in and around soil contaminated with benzene, PCBs and other toxic chemicals. Additionally, Mr. Grady had to remove old piping and install new piping in and around railyards at Monsanto facilities.  Upon information and belief, this piping was used to transport benzene and other chemicals around the plant after it had arrived on railcars from Defendant Shell Oil Company. While working at Monsanto facilities, Mr. Grady was exposed to benzene and PCB fumes and had dermal contact with benzene and PCBs, including his work gloves regularly being soaked in benzene. None of these locations had any warnings posted that benzene, PCBs, or pipes, soil, or products that contained benzene or PCBs, may be harmful to your health including causing cancer.

32. PCBs are a class of 209 discrete chemical compounds, called congeners, in which one to ten chlorine atoms are attached to biphenyl. From 1929, when Monsanto's predecessor Swann Chemical Co. (which merged into Monsanto in 1935) first began producing PCBs, until 1977, when Congress banned the manufacture of PCBs, Monsanto produced and sold more than 99 percent of all the PCBs that were ever sold in the United States. Throughout the decades during which Monsanto produced PCBs, the company was aware that exposure to PCBs carried significant health risks.

33. While employed at the various Monsanto properties, plants and facilities, Mr. Grady was, exposed to benzene that was, upon information and belief, manufactured, sold, and shipped to Monsanto from Defendant Shell Oil Company.

34. At times material to this Petition Mr. Grady worked at the Mallinckrodt Plant in St. Louis, Missouri performing general installation work, including the removal of old piping and the installation of new piping.  During the removal of old piping and the installation of new

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

piping Mr. Grady was exposed to benzene, benzene containing chemicals and other toxic chemicals.  No warnings were posted that the pipes, or areas around the pipes, may contain potentially cancer-causing chemicals.

35. In and around 1991 and 1992, Plaintiff worked at Defendant Procter & Gamble's plant off East Grand and I-70 within the City of St. Louis, Missouri. During this work, Plaintiff worked on removing and installing piping where he encountered toxic, potentially cancer-causing chemicals.

36. At various time periods material to this Petition, Plaintiff worked as a contractor at Defendant Anheuser-Busch InBev's Brewery (herein referred to as "the Brewery"), located within the City of St. Louis, Missouri. While on the Brewery premises, Plaintiff was involved in demolition and renovation of various parts of the facilities where he encountered toxic, potentially cancer-causing chemicals.

37. Between 1979 and 2018, Mr. Grady would work with and around work performed by Defendant St. Louis Testing Laboratories, Inc. (hereinafter "St. Louis Testing").  While working with, and around, work performed by St. Louis Testing, Mr. Grady was, on information and belief, exposed to x-rays from the testing performed by St. Louis Testing on various welding joint repairs.

38. From approximately the 1970s through approximately the 2010s, Plaintiff, Michael Grady, worked with and around certain solvents, degreasers, penetrants and cleaning agents including Mistic Metal Movers, Turtle Wax liquid cleaning polish, Safety-Kleen Solvents, including Safety-Kleen Recycled 105 Solvent and Safety-Kleen parts washers, and  Liquid Wrench, which he used to clean machines, tools, equipment and other materials at various locations

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

within the State of Missouri and Illinois, including the locations where he is described as working in this Petition.

39. During relevant time periods to this Petition, Mistic Metal Movers contained various chemicals including Trichloroethylene, which has been classified as a known human carcinogen.

40. During relevant time periods to this Petition, Liquid Wrench contained various chemicals including benzene. Benzene is a known human carcinogen. Liquid Wrench was produced, manufactured, distributed, and/or sold by Defendants Radiator Specialty and which was produced and/or manufactured with benzene containing raffinate supplied by United States Steel.

41. During relevant time periods to this Petition, Turtle Wax cleaning polish contained various chemicals including benzene. Benzene is a known human carcinogen.

42. Plaintiff, Michael Grady, used cleaning and degreasing solvents such as Mistic Metal Movers, Turtle Wax liquid cleaning polish, Liquid Wrench and Safety-Kleen to clean pipes, tools and equipment.

43. On or about May 5, 2017, Mr. Grady was diagnosed with Multiple Myeloma.

## FACTS CONCERNING MONSANTO

44. From 1901 to 1997 the original Monsanto Co., also known as Monsanto Chemical Co., operated as a Missouri corporation manufacturing a variety of chemicals and agricultural products. This original corporate Monsanto entity, which is now sometimes referred to as "Old Monsanto," ceased to exist in 1997 as the result of a series of corporate spin-offs and acquisitions. At that time, Old Monsanto's chemical division was split off and reformed into a newly independent corporation, which was renamed "Solutia, Inc." one of the Defendants

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

in this action. As part of this 1997 spin-off, Solutia assumed certain of Old Monsanto's debts and liabilities, including all liabilities related to Old Monsanto's chemical exposures including benzene and PCBs. Solutia subsequently was reorganized pursuant to Chapter 11 of the federal bankruptcy laws and it emerged from bankruptcy in February 2008. As part of Solutia's federal bankruptcy plan of reorganization, "New Monsanto," discussed below, agreed to indemnify Solutia for all tort "legacy liabilities" related to Old Monsanto's activities, including injuries related to chemical exposure.

45. In 2000, the remaining portion of Old Monsanto, comprised of Old Monsanto's Life Sciences division, merged with Pharmacia/Upjohn Corp., which meant that Old Monsanto no longer existed as a separate corporate entity. Defendant Pharmacia then incorporated a new company in Delaware, also called "Monsanto Co.," which was then referred to as "New Monsanto," one of the other Defendant in this case. In 2002, Defendant Pharmacia spun off its interest in New Monsanto, and New Monsanto then operated as an independent corporate entity with its corporate headquarters and principal place of business in St. Louis, Missouri.

46. In 2003, Defendant Pharmacia (what remained of "Old Monsanto") was acquired by Pfizer, Inc.

47. In 2012, Pharmacia merged with another Pfizer subsidiary, called Pfizer Convention III, LLC. The surviving corporation was renamed as Pharmacia LLC.

48. In and around 2018, Defendant Bayer purchased Monsanto (both New Monsanto and Old Monsanto).   Defendant Bayer is legally obligated for all tort "legacy liabilities" related to both Old Monsanto's and New Monsanto's activities including injuries related to chemical exposure including benzene and PCB exposure.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

49. Defendants Pharmacia, Solutia and Monsanto and/or Bayer collectively have legal responsibility for Old Monsanto's conduct in causing, or contributing to cause, Plaintiff's Multiple Myeloma.

50. At relevant times herein located at 500 Monsanto Avenue, Sauget, Illinois 62201, there existed a large commercial facility that have historically and continue to operate (hereinafter, "Monsanto Plant".

51. Constructed in 1907 at the behest of Commercial Acid Company, the Monsanto Plant was erected for the purpose of manufacturing chemicals, beginning with sulfuric acid, muriatic acid, nitric acid, and zinc chloride and, then, quickly expanding to producing phenol, salt cake, nitric cake, and chlorosulphonic.

52. In or around 1917, Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia and/or Defendant Bayer) acquired the Commercial Chemical Company, including the Sauget Monsanto Plant.

53. By 1930, Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia, and/or Defendant Bayer) had vastly expanded the production capabilities of the Sauget Monsanto Plant, and by the 1950s was producing over 100 chemicals there at, including chlorine, chlorobenzene, chlorophenol, benzyl chloride, phosphoric acid, alkylbenzene, ortho-dichlorobenzene, nitrochlorobenzenes, calcium benzene sulfonate, and polychlorinated biphenyls ("PCBs").

54. Located approximately one (1) mile from the Mississippi River, the Sauget, Illinois Monsanto Plant is strategically located and has historically provided Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia) with easy access to river transportation.  In fact, in or around 1960, Defendant

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

Monsanto/Bayer (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia) constructed a terminal on the Mississippi River and several associated pipelines, which transferred liquid products such as benzene, toluene, chlorobenzene, and sulfuric acid to and from the terminal on the Mississippi River.  Upon information and belief, benzene was transported to Monsanto from Defendant Shell Oil Companies' Roxana, Illinois Wood River Refinery via barge to the edge of the river and then transported to Monsanto through these pipelines.

55. For decades, the Monsanto Plant was comprised of, in part, a Chlorobenzene Processing Area, Benzene Storage Area, Benzene Pipeline Area, North Tank Farm Area, and Overhead Steamer Tank Area.  Monsanto stored and moved benzene around its Monsanto facilities in Sauget, Illinois, and many of the products that were produced at the Monsanto Plant by Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia, and/or Defendant Bayer), contained benzene that, upon information and belief, it purchased from Defendant Shell Oil Company.

56. Upon information and belief, Defendant Shell Oil Company, supplied Monsanto, now known as Defendant Bayer, with benzene for Monsanto's operations in Sauget, Illinois and St. Louis, Missouri as described herein.

### COUNT I
### NEGLIGENCE:  PREMISES LIABILITY
### (AGAINST DEFENDANTS MONSANTO, BAYER, SOLUTIA, PHARMACIA, AND EASTMAN CHEMICAL)

COMES NOW Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Monsanto, Bayer, Solutia, Pharmacia, and Eastman Chemical (hereinafter "Monsanto ") and states:

57. Plaintiffs incorporate by reference all paragraphs of his Petition as if fully set forth herein.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

58. Plaintiff was an invitee and was lawfully present as a contractor/worker at the various Monsanto properties, and for the specified time periods, described in this Petition.

59. During the time periods described in this Petition, and while Plaintiff was an invitee and lawfully present as a contractor/worker at the various Monsanto properties and facilities described herein, Monsanto owned, managed, and/or operated the Monsanto properties and facilities.

60. During the time periods described in this Petition, and while Plaintiff was an invitee and lawfully present as a contractor/worker at the various Monsanto properties and facilities described herein, Plaintiff was caused to enter those portions of the Monsanto properties and facilities where he came into contact with benzene-containing products and materials, and other toxic chemicals, including, but not limited to, benzene and PCBs.

61. At all relevant times, Plaintiff was lawfully present at/on the Monsanto properties and facilities at the invitation or direction of Monsanto.

62. While present at Monsanto's facilities and/or on Monsanto's premises, Plaintiff was exposed to benzene and benzene-containing materials, products, processes, and productions, and other toxic chemicals, including PCBs, resulting in Plaintiff's inhalation and dermal contact thereof.

63. Monsanto possessed knowledge superior to Plaintiff concerning where and how Monsanto used benzene, benzene-containing materials and products, and PCBs at or on Monsanto's premises.

64. Plaintiff was unaware and had no reasonable way to know where or how benzene and benzene-containing products, or PCBs were used, located, or stored, at or on Monsanto's premises.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

65. Plaintiff was unaware and had no reasonable way to know how inhalation and dermal contact with benzene and benzene-containing products, or PCBs could cause, or contribute to cause him to develop cancer.

66. Monsanto, as a producer and user of these chemicals knew, or should have known that benzene, products containing benzene and PCBs could cause, or contribute to cause workers lawfully on its premises, to contract cancer.

67. Monsanto had a duty to use reasonable and ordinary care to ensure that its premises at which Plaintiff was lawfully present was in a reasonably safe condition for use by Plaintiff and others.

68. Monsanto breached its duties to Plaintiff, and was negligent in one or more of the following respects:

    a. Performed, allowed, and/or contracted for work involving benzene, benzene-containing products/materials, and PCBs to be performed in the vicinity of Plaintiff;

    b. Purchased, manufactured, and/or provided benzene and/or benzene-containing products/materials and PCBs for use at or on Monsanto's premises;

    c. Failed to warn Plaintiff that he would encounter fumes and dermal contact with benzene and/or benzene containing products/materials, and PCBs on its premises;

    d. Failed to warn Plaintiff that inhalation or dermal contact with benzene and/or benzene containing products/materials, and PCBs on its premises could cause, or contribute to cause cancer;

    e. Failed to require and/or advise Plaintiff and others to use equipment and practices designed to prevent or reduce inhalation or absorption of benzene and PCBs;

    f. Failed to utilize equipment and controls designed to prevent or reduce the levels of benzene and PCBs throughout Monsanto's premises; and

    g. Failed to monitor levels of benzene and PCBs throughout Monsanto's premises, including the areas in which Plaintiff was working, so Monsanto could provide reasonable warnings to Plaintiff to avoid exposure, or wear the proper equipment and clothing to prevent exposure, or use the proper tools and procedures to prevent inhalation and dermal contact with benzene and PCBs.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

69. That as a direct and proximate result of the carelessness and negligence of Monsanto, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, PCBs and/or other contaminants, thereby causing, or contributing to cause, Plaintiff to develop Multiple Myeloma.

70. That as a direct and proximate result of the carelessness and negligence of Monsanto, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, PCBs and/or other contaminants, thereby causing, or contributing to cause, Plaintiff to incur medical bills, pain and suffering and a shortened life expectancy.

71. Punitive damages are justified in this case because Monsanto knew of the dangers of the benzene, benzene containing products, PCBs and other toxic chemicals on its premises and showed complete indifference to, or conscious disregard for, the safety of Mr. Grady and others.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants Monsanto, Bayer, Solutia, Pharmacia and Eastman Chemical individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), punitive damages in the amount of TWENTY FIVE MILLION DOLLARS ($25,000,000), costs incurred in prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

**COUNT II**
**NEGLIGENCE:  PREMISES LIABILITY**
**(AGAINST DEFENDANTS ANHEUSER-BUSCH INBEV,**
**PROCTER & GAMBLE AND MALLINCKRODT/MI HOLDINGS)**

COMES NOW Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Anheuser-Busch InBev, Procter & Gamble and Mallinckrodt/MI Holdings, (In Count II referred to collectively as "Premises Defendants") and states:

72. Plaintiff incorporates by reference all paragraphs of his Petition as if fully set forth herein.

73. Plaintiff was an invitee and was lawfully present as a contractor at the various Premises Defendants facilities for the material time periods described in this Petition.

74. During material time periods described in this Petition, and while Plaintiff was an invitee and lawfully present as a contractor at the various Premises Defendants' properties and facilities described herein, Premises Defendants owned, managed, and/or operated the Premises Defendants' properties and facilities.

75. During the time periods described in this Petition, and while Plaintiff was an invitee and lawfully present as a contractor at the various Premises Defendants' properties and facilities described herein, Plaintiff was caused to enter those portions of the Premises Defendants properties and facilities where he came into contact with toxic, potentially cancer-causing, chemicals.

76. At all relevant times, Plaintiff was lawfully present at/on the Premises Defendants' properties and facilities at the invitation or direction of Premises Defendants.

77. While present at Premises Defendants' facilities, Plaintiff was exposed to toxic, potentially cancer-causing materials, products, processes, and productions resulting in Plaintiff's inhalation and dermal contact thereof.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

78. Premises Defendants knew where and how Premises Defendants used and stored toxic, potentially cancer-causing chemicals on Premises Defendants facilities.  Moreover, Premises Defendants knew, or should have known, where Plaintiff Michael Grady might come into contact with toxic, potentially cancer causing chemicals on its premises from leaks or spills of these materials.

79. Plaintiff was unaware and had no reasonable way to know where or how toxic, potentially cancer-causing chemicals were used, located, or stored, at or on Premises Defendants facilities.

80. Plaintiff was unaware, and had no reasonable way to know, how inhalation and dermal contact with toxic, potentially cancer-causing chemicals could cause, or contribute to cause, him to develop cancer.

81. Premises Defendants, as a user of these chemicals knew, or should have known, that these toxic, potentially cancer-causing chemicals could cause, or contribute to cause, contractors lawfully on their premises to contract cancer.

82. Premises Defendants had a duty to use reasonable and ordinary care to ensure that its premises at which Plaintiff was lawfully present were in a reasonably safe condition for use by Plaintiff and others.

83. Premises Defendants breached their duties to Plaintiff, and were negligent in one or more of the following respects:

   a.  Required and contracted for work that required Plaintiff to work in and around  toxic, potentially cancer-causing chemicals;

   b. Purchased, manufactured, and/or and allowed the existence of toxic, and potentially cancer-causing chemicals on the Premises Defendants facilities;

   c.  Failed to warn Plaintiff that he would encounter fumes and dermal contact with toxic, potentially cancer-causing chemicals at their facilities;

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

d. Failed to warn Plaintiff that inhalation or dermal contact with their toxic, potentially cancer-causing chemicals, on at their facilities could cause, or contribute to cause cancer;

e. Failed to require and/or advise Plaintiff and others to use equipment and practices designed to prevent or reduce inhalation or absorption of their toxic, potentially cancer-causing chemicals;

f. Failed to utilize equipment and controls designed to prevent or reduce the levels of toxic, potentially cancer-causing chemicals throughout Premises Defendants' facilities; and

g. Failed to monitor levels of toxic, potentially cancer-causing chemicals throughout Premises Defendants' facilities, including the areas in which Plaintiff was working, so Premises Defendants could provide reasonable warnings to Plaintiff to avoid exposure, or wear the proper equipment and clothing to prevent exposure, or use proper tools and procedures to prevent inhalation and dermal contact with toxic, potentially cancer-causing chemicals.

84. That as a direct and proximate result of the carelessness and negligence of Premises Defendants, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed toxic, potentially cancer-causing chemicals, thereby causing, or contributing to cause, Plaintiff to develop Multiple Myeloma.

85. That as a direct and proximate result of the carelessness and negligence of Premises Defendants, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed toxic, potentially cancer-causing chemicals, thereby causing Plaintiff to incur medical bills, pain and suffering and , a shortened life expectancy.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants Anheuser-Busch InBev, Procter & Gamble, Mallinckrodt and MI Holdings individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT III
### NEGLIGENCE:  PREMISES LIABILITY
#### (AGAINST DEFENDANT EXXONMOBIL OIL CORPORATION)

COMES NOW Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendant ExxonMobil Oil Corporation (hereinafter "ExxonMobil") and states:

86. Plaintiffs incorporate by reference all paragraphs of his Petition as if fully set forth herein.

87. From approximately 1977 through 1984, Mr. Grady was employed by I55 Mobile Station, located within the City of St. Louis.  While employed there as a mechanic, Mr. Grady pumped gas, cleaned cars and engines and engine parts.

88. During the times when Mr. Grady was working at the I55 Mobile Station:

    a. the nozzles on the gas pumps were not equipped with vapor recovery systems; and

    b. the gas pumps, storage tanks, gasoline delivery trucks, and other gasoline storage and delivery devices contained no warnings indicating that working in and around gasoline, including using gasoline as a cleaning agent, or breathing gasoline vapors, was in any way hazardous to an individual's health, including potentially causing cancer.

    c. The Safety Kleen parts washers and the Safety-Kleen Recycled 105 Solvent contained no warnings that it contained benzene, was in any way hazardous to an individual's health, including potentially causing cancer.

89. Plaintiff was an invitee and was lawfully present as an employee at the I55 Mobile Station for the specified time periods described in this Petition.

90. During the time periods described in this Petition, and while Plaintiff was an employee and lawfully present on the I55 Mobile Station, Defendant ExxonMobil owned, managed, and/or operated the I55 Mobile Station properties and facilities.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

91. During the time periods described in this Petition, and while Plaintiff was an employee of the I55 Mobile Station, Plaintiff was caused to enter those portions of the facilities where he came into contact with benzene-containing products and materials, and other toxic chemicals, including, but not limited to, gasoline, other petroleum products and solvents such as Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands. These products were supplied by Defendant ExxonMobil.

92. While present at the Defendant ExxonMobil facilities and/or on Defendant ExxonMobil premises, Plaintiff was exposed to benzene and benzene-containing materials, products, processes, and productions, and other toxic chemicals resulting in Plaintiff's inhalation and dermal contact thereof.

93. Defendant ExxonMobil possessed knowledge superior to Plaintiff concerning the toxic cancer-causing nature of its products and where and how Defendant ExxonMobil used benzene-containing materials and products at or on Defendant ExxonMobil premises.

94. Plaintiff was unaware and had no reasonable way to know where or how benzene and benzene-containing products and other toxic chemicals were used, located, or stored, at or on Defendant ExxonMobil premises.

95. Plaintiff was unaware and had no reasonable way to know how inhalation and dermal contact with benzene and benzene-containing products and other toxic chemicals could cause or contribute to cause him to develop cancer.

96.  Defendant ExxonMobil as a producer, manufacturer and user of these products knew, or should have known, that products containing benzene could cause, or contribute to cause workers lawfully on its premises, to contract cancer.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

97. Defendant ExxonMobil had a duty to use reasonable and ordinary care to ensure that its premises at which Plaintiff was lawfully present was in a reasonably safe condition for use by Plaintiff and others.

98. Defendant ExxonMobil breached its duties to Plaintiff, and was negligent in one or more of the following respects:

    a.  Required Plaintiff to work in and around toxic, cancer-causing chemicals;

    b.  Performed, allowed, and/or contracted for work involving benzene-containing products/materials and other toxic chemicals to be performed by, and in the vicinity of, Plaintiff;

    c.  Purchased, manufactured, and/or provided benzene and/or benzene-containing products/materials and other toxic chemicals for use at or on Defendant ExxonMobil premises;

    d.  Failed to warn Plaintiff that he would encounter fumes and dermal contact with benzene containing products/materials and other toxic chemicals on its premises;

    e.  Failed to warn Plaintiff that inhalation or dermal contact with benzene containing products/materials and other toxic chemicals on its premises could cause, or contribute to cause cancer;

    f.  Failed to require and/or advise Plaintiff and others to use equipment and practices designed to prevent or reduce inhalation or absorption of benzene and other toxic chemicals;

    g.  Failed to utilize equipment and controls designed to prevent or reduce the levels of benzene and other toxic chemicals throughout Defendant ExxonMobil premises; and

    h.  Failed to monitor levels of benzene and other toxic chemicals throughout Defendant ExxonMobil premises, including the areas in which Plaintiff was working, so Defendant ExxonMobil could provide reasonable warnings to Plaintiff to avoid exposure, or wear the proper equipment and clothing to prevent exposure, or use the proper tools and procedures to prevent inhalation and dermal contact with benzene and other toxic chemicals.

    i.  Failed to provide vapor recovery systems for their gasoline pumps or other equipment or procedures to protect the employees of the I55 Mobile Station from inhaling or otherwise being exposed to benzene and other toxic chemicals;

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

j. Failed to provide warnings indicating that working in and around gasoline, including using gasoline as a cleaning agent, or breathing gasoline vapors, was hazardous to an individual's health, including potentially causing cancer on the gas pumps, storage tanks, gasoline delivery trucks, and other gasoline storage and delivery devices.

99. That as a direct and proximate result of the carelessness and negligence of Defendant ExxonMobil, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, and/or other toxic chemicals, thereby causing, or contributing to cause, Plaintiff to develop Multiple Myeloma.

100. That as a direct and proximate result of the carelessness and negligence of Defendant ExxonMobil, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, and other toxic chemicals, thereby causing, or contributing to cause, Plaintiff to incur medical bills, pain and suffering and a shortened life expectancy.

101. Punitive damages are justified in this case because Defendant ExxonMobil knew of the dangers of the benzene and benzene containing products and showed complete indifference to or conscious disregard of the safety of Mr. Grady and others.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendant ExxonMobil individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), punitive damages in the amount of TWENTY-FIVE MILLION DOLLARS ($25,000,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

## COUNT IV
## <u>NEGLIGENCE AS TO PRODUCER,</u>
## <u>MANUFACTURER & DISTRIBUTER OF BENZENE</u>
## (SHELL OIL COMPANY)

COMES NOW the Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C. and for his cause of action against the Defendant Shell Oil Company (hereinafter "Shell"), states as follows:

102. Plaintiffs incorporate by reference all paragraphs of his Petition as if fully set forth herein.

103. Defendants Monsanto, Bayer, Solutia, Pharmacia, and Eastman Chemical will be collectively referred to in this Count as "Monsanto."

104. At times material to this Petition, Shell manufactured, produced, sold, and distributed benzene, and products containing benzene, to, on information and belief, Monsanto for profit.

105. At all times herein set forth, Defendant Shell's benzene, materials and/or products sold to Monsanto were being employed in the manner and for the purposes for which they were intended.

106. By selling benzene, and products containing benzene, for profit to Monsanto for use on Monsanto's premises and for use in Monsanto's products, Plaintiff's exposure to, and inhalation, ingestion or absorption benzene through inhalation and dermal exposure, as a contractor and worker on the premises of Monsanto, was completely foreseeable and could or should have been anticipated by Shell.

107. Defendant Shell knew, or should have known, that its benzene or products containing benzene, had a toxic, poisonous, highly deleterious effect, including causing or contributing to cause cancer, for persons inhaling, ingesting or touching it or otherwise absorbing it.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

108. At all times herein relevant, Defendant Shell had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around its benzene and/or benzene –containing materials and/or products.

109. Defendant Shell failed to exercise ordinary care and caution for the safety of Plaintiff in one or more of the following respects:

   a. Manufactured, sold, and transported benzene to Monsanto, and included benzene in their materials and/or products sold to Monsanto, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around Shell's benzene would inhale, ingest, touch or otherwise absorb benzene;

   b. Manufactured and sold benzene, and included benzene in their materials and/or products, when Shell knew, or should have known, that said benzene would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting, touching or otherwise absorbing it;

   c. Included benzene in their materials and/or products when adequate substitutes were available;

   d. Failed to provide any or adequate warnings to persons working with and around their benzene, materials and/or products of the dangers of inhaling, ingesting, touching or otherwise absorbing benzene;

   e. Failed to provide any, or adequate, instructions concerning the safe methods of working with and around the benzene, materials and/or products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene; and

   f. Failed to conduct tests on said benzene, materials and/or products to determine the hazards to which persons such as the Plaintiff might be exposed while working with and around the same.

   g. Covered up and hid the dangers of benzene, including the cancer-causing properties of benzene, including low level benzene exposure, and that benzene could cause or contribute to cause Multiple Myeloma.

110. That as a direct and proximate result of the unreasonably dangerous condition of Defendant's benzene, materials and/or products, Plaintiff was exposed to and inhaled,

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

ingested or otherwise absorbed benzene in sufficient amounts to cause, or contribute to cause disease and/or other harm and to cause, or contribute to cause, his cancer.

111. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Plaintiff developed Multiple Myeloma; Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the physical pain and suffering and physical disability caused by cancer; Plaintiff experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption.

112. Punitive damages are justified in this case because Shell knew of the dangers of the benzene and benzene containing products and showed complete indifference to or conscious disregard of the safety of Mr. Grady and others.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendant Shell Oil Company, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), punitive damages in the amount of TWENTY FIVE MILLION DOLLARS ($25,000,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT V
## NEGLIGENCE AS TO
## MANUFACTURER & DISTRIBUTER OF PRODUCTS CONTAINING BENZENE
### (ExxonMobil)

COMES NOW Plaintiffs by their attorneys, The Dysart Law Firm, P.C. and for their cause of action against the Defendant ExxonMobil states as follows:

113. Plaintiffs incorporate by reference all paragraphs of his Petition as if fully set forth herein.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

114. At times material to this Petition, Defendant ExxonMobil Shell manufactured, produced, sold, and distributed products containing benzene and other toxic chemicals to the I55 Mobile Station for profit.

115. At all times herein, the products containing benzene and other toxic chemicals sold to and/or distributed to the I55 Mobile Station were being employed in the manner and for the purposes for which they were intended.

116. By selling and/or distributing products containing benzene to the I55 Mobile Station for use on the I55 Mobile Station, Plaintiff's exposure to, and inhalation, ingestion or absorption of benzene and other toxic chemicals through inhalation and dermal exposure, as an employee of the I55 Mobile Station, was completely foreseeable and could or should have been anticipated by Defendant ExxonMobil.

117. Defendant ExxonMobil knew, or should have known, that its products containing benzene and other toxic chemicals had a toxic, poisonous, highly deleterious effect, including causing or contributing to cause cancer, for persons inhaling, ingesting or touching it or otherwise absorbing it.

118. At all times herein relevant, Defendant ExxonMobil had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around its benzene – containing materials and/or products and other toxic chemicals.

119. Defendant ExxonMobil failed to exercise ordinary care and caution for the safety of Plaintiff in one or more of the following respects:

    a. Manufactured, sold, and transported benzene containing products and other toxic chemicals to the I55 Mobile Station, and included benzene in their materials and/or products sold and/or delivered to the I55 Mobile Station, even though it was completely foreseeable and could or should have been anticipated that

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

persons such as the Plaintiff working with or around benzene and other toxic chemicals would inhale, ingest, touch or otherwise absorb benzene;

b.  Manufactured and sold and/or included benzene and other toxic chemicals in their materials and/or products, when Defendant ExxonMobil knew, or should have known, that said benzene and other toxic chemicals would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting, touching or otherwise absorbing it;

c.  Included benzene and other toxic chemicals in their materials and/or products when adequate substitutes were available;

d.  Failed to provide any or adequate warnings to persons working with and around their products containing benzene and other toxic chemicals of the dangers of inhaling, ingesting, touching or otherwise absorbing benzene and other toxic chemicals;

e.  Failed to provide any or adequate instructions concerning the safe methods of working with and around the benzene containing products and other toxic chemicals , including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene; and

f.  Failed to conduct tests on said benzene containing products and other toxic chemicals to determine the hazards to which persons such as the Plaintiff might be exposed while working with and around the same.

g.  Covered up and hid the dangers of benzene and products containing benzene, including the cancer-causing properties of benzene, including low level benzene exposure, and that benzene could cause or contribute to cause Multiple Myeloma;

h.  Failed to provide vapor recovery systems for their gasoline pumps or other equipment or procedures to protect the employees of the I55 Mobile Station from inhaling or otherwise being exposed to benzene and other toxic chemicals;

i.  Failed to provide warnings indicating that working in and around gasoline, including using gasoline as a cleaning agent, or breathing gasoline vapors, was hazardous to an individual's health, including potentially causing cancer on the gas pumps, storage tanks, gasoline delivery trucks, and other gasoline storage and delivery devices.

120. That as a direct and proximate result of the unreasonably dangerous condition of Defendant's products containing benzene and other toxic chemical, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed benzene and other toxic chemicals in sufficient

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

amounts to cause, or contribute to cause, disease and/or other harm and to cause, or contribute to cause, cancer.

121. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Plaintiff developed Multiple Myeloma; Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the physical pain and suffering and physical disability caused by cancer; Plaintiff experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption.

122. Punitive damages are justified in this case because Defendant knew of the dangers of the benzene and benzene containing products and showed complete indifference to or conscious disregard of the safety of Mr. Grady and others.

WHEREFORE, Plaintiffs pray this Court to enter judgment in their favor and against Defendant Shell Oil Company, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), punitive damages in the amount of TWENTY FIVE MILLION DOLLARS ($25,000,000) and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

### COUNT VI
### NEGLIGENCE AS TO
### PRODUCER, MANUFACTURER & DISTRIBUTER OF
### PRODUCTS CONTAINING BENZENE
### (SAFETY-KLEEN, TURTLE WAX, MISTIC METAL MOVERS, UNITED STATES STEEL, RADIATOR SPECIALTY)

COMES NOW Plaintiffs by their attorneys, The Dysart Law Firm, P.C. and for their cause of action against Defendants Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., Turtle Wax, Inc., and Safety Kleen Systems (hereinafter in this Count "Benzene Manufacturers") and states as follows:

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

123. Plaintiffs incorporate by reference all paragraphs of his Petition as if fully set forth herein.

124. At times material to this Petition, Benzene Manufacturers manufactured, produced, sold, and distributed products containing benzene, including Liquid Wrench, Mistic Metal Movers, Turtle Wax liquid cleaning polishes, and Safety Kleen Recycled 105 Solvent and parts washer for profit.

125. At all times herein set forth, Benzene Manufacturers products described herein were being employed in the manner and for the purposes for which they were intended.

126. By selling products containing benzene for profit Plaintiff's exposure to, and inhalation, ingestion or absorption of benzene and other toxic chemicals through inhalation and dermal exposure, as worker that would be using the products  was completely foreseeable and could or should have been anticipated by Benzene Manufacturers.

127. Benzene Manufacturers  knew, or should have known, that their  products containing benzene  would have a toxic, poisonous, highly deleterious effect, including causing, or contributing to cause cancer, for persons inhaling, ingesting or touching them  or otherwise absorbing benzene and other toxic chemicals.

128. At all times herein relevant, Benzene Manufacturers had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around their benzene – containing  products.

129. Benzene Manufacturers  failed to exercise ordinary care and caution for the safety of Plaintiff in one or more of the following respects:

   a. Manufactured, sold, and provided  benzene containing products for use by Plaintiff and others , and included benzene in their materials and/or products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around their  benzene containing products, would inhale, ingest, touch or otherwise absorb benzene and other toxic chemicals;

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

b.  Manufactured and sold benzene containing products, and included benzene in their materials and/or products, when they knew, or should have known, that said benzene and other toxic chemicals would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting, touching or otherwise absorbing it;

c.  Included benzene in their materials and/or products when adequate substitutes were available;

d.  Failed to provide any or adequate warnings to Plaintiff and other persons working with and around their benzene containing products of the dangers of inhaling, ingesting, touching or otherwise absorbing benzene and other toxic chemicals;

e.  Failed to provide any or adequate instructions concerning the safe methods of working with and around their benzene containing products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene and other toxic chemicals; and

f.  Failed to conduct adequate tests on said benzene containing products to determine the hazards to which persons such as Plaintiff might be exposed while working with and around the same.

g.  Covered up and hid the dangers of the their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer.

130. That as a direct and proximate result of the unreasonably dangerous condition of Benzene Manufacturers' benzene containing products, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed benzene and other toxic chemicals in sufficient amounts to cause disease and/or other harm and to cause, or contribute to cause, his cancer.

131. As a direct and proximate result of said benzene and other toxic chemical exposure, inhalation, ingestion and/or absorption, Plaintiff developed Multiple Myeloma; Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the physical pain and suffering and physical disability caused by

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

cancer; Plaintiff experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption.

132. Punitive damages are justified in this case because Benzene Manufacturers knew of the dangers of their benzene containing products and showed complete indifference to, or conscious disregard for, the safety of Mr. Grady and others.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants  Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., Turtle Wax, Inc., and Safety Kleen Systems, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and punitive damages in the amount of TWENTY FIVE MILLION ($25,000,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

<div align="center">

**COUNT VII**
**STRICT LIABILITY – FAILURE TO WARN**
**(AGAINST DEFENDANTS SHELL OIL COMPANY, SAFETY-KLEEN EXXONMOBIL,**
**TURTLE WAX, MISTIC METAL MOVERS,**
**UNITED STATES STEEL AND RADIATOR SPECIALTY)**

</div>

COMES NOW Plaintiffs, by their attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Shell Oil Company,  ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., Turtle Wax, Inc., and Safety Kleen Systems ("hereinafter in this Count "Benzene Defendants"), and states as follows:

133. Plaintiffs incorporates by reference all paragraphs of this Petition as if fully set forth herein.

134. Benzene Defendants processed, produced, manufactured, sold, distributed, utilized, and/or marketed benzene and benzene-containing products with which Mr. Grady came into contact in the course of his employment as described in this Petition.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

135. During the course of Mr. Grady's employment at the locations described in this Petition and elsewhere, and/or in other ways, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene fumes emanating from benzene and certain benzene-containing materials and products Mr. Grady was working with and around, which were processed, produced, manufactured, sold, distributed, marketed by Benzene Defendants.

136. At all times relevant hereto, said benzene and benzene-containing products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Benzene Defendants.

137. Mr. Grady, as an ordinary user of said benzene materials and/or products or was exposed to such products and his work locations, and was not aware of the hazards of benzene.

138. Benzene Defendants failed to provide adequate warnings on the benzene and their benzene-containing products and/or benzene-related materials.

139. Benzene Defendants covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

140. That as a direct and proximate result of the unreasonably dangerous condition of Benzene Defendants' benzene, materials and/or products, and of the product being sold, and/or utilized without an adequate warning, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene in sufficient amounts to cause disease and/or other harm.

141. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma. Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

for the treatment of his benzene related disease and conditions and to alleviate the pain, suffering, and physical disability caused by his injury, and a shortened life expectancy; he experienced great physical pain and as a result of said exposure, inhalation, ingestion, and absorption.  Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

142. Punitive damages are justified in this case because Benzene Defendants knew of the dangers of the benzene and benzene containing products and showed complete indifference to, or conscious disregard for, the safety of Mr. Grady and others.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendants  Shell Oil Company,  ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., Turtle Wax, Inc., and Safety Kleen Systems, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and punitive damages in the amount of TWENTY FIVE MILLION ($25,000,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

### COUNT VIII
### STRICT LIABILITY – DEFECTIVE PRODUCT
### (AGAINST DEFENDANTS SHELL OIL COMPANY, SAFETY-KLEEN, RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC METAL, TURTLE WAX, AND EXXONMOBIL)

COMES NOW Plaintiff, Mr. Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Shell Oil Company,  ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., Turtle Wax, Inc., and Safety Kleen Systems ("hereinafter in this Count "Benzene Defendants"), and states as follows:

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

143. Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth herein.

144. Benzene processed, produced, manufactured, sold, distributed, and/or marketed benzene and/or benzene-containing products with which Mr. Grady came into contact in the course of his employment.

145. At all times relevant herein, Benzene Defendants processed, produced, manufactured, sold, distributed, and marketed benzene and certain benzene-containing products to which Mr. Grady was exposed, said products were in a defective condition and were unreasonably dangerous when put to a reasonably anticipated use in that;

   a.  They contained benzene, a toxin and human carcinogen;

   b.  They contained benzene, a toxin and human carcinogen, although suitable alternatives were available;

   c.  They were not accompanied by any adequate warnings to persons working with and around said benzene, materials and/or products of the dangers of inhaling, ingesting or otherwise absorbing benzene; and

   d.  They were not accompanied by any adequate instructions concerning proper methods for working with and around said benzene, materials and/or products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene.

   e.  They covered up and hid the dangers of the their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

146. Said benzene and certain benzene-containing products reached the point of Mr. Grady's exposure in substantially the same condition as when processed, produced, manufactured, sold, distributed, and marketed by Benzene Defendants.  In other words, the unreasonably dangerous condition of the materials and products existed when the materials and products left Benzene Defendants' control.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

147. At all times relevant herein, said benzene and certain benzene-containing products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Benzene Defendants.

148. That as a direct and proximate result of the unreasonably dangerous condition of Benzene Defendants' benzene and/or products, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene in sufficient amounts to cause disease and/or other harm.

149. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma. Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the pain, suffering and physical disability caused by his injury and will have a shortened life expectancy; he experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption. Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

150. Punitive damages are justified in this case because Benzene Defendants knew of the dangers of their benzene and/or benzene containing products and showed complete indifference to, or conscious disregard for, the safety of Mr. Grady and others.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., Turtle Wax, Inc., and Safety Kleen Systems, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and punitive damages in the amount of TWENTY FIVE MILLION ($25,000,000), and costs incurred

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

### COUNT IX
### NEGLIGENCE –FAILURE TO WARN
### (AGAINST DEFENDANTS SHELL OIL COMPANY, SAFETY-KLEEN, RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC METAL, TURTLE WAX AND EXXONMOBIL)

COMES NOW Plaintiff, Mr. Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Shell Oil Company, ExxonMobil, , Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., Turtle Wax, Inc., and Safety Kleen Systems (hereinafter in this Count "Defendants") and states:

151. Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth herein.

152. At all times relevant herein, Defendants had a duty to exercise reasonable care and caution for the safety of Mr. Grady and others working with and around their benzene and/or benzene -containing products.

153. At all times relevant herein, Defendants supplied the benzene, materials and/or products to Mr. Grady or to the worksite where Mr. Grady and others would be potentially exposed to their products.

154. At all times relevant herein, Mr. Grady employed or used the products provided by Defendants in the manner and for the purposes for which they were reasonably expected and in the way that Defendants should expect.

155. The benzene and/or benzene containing products had a particular defect or hazard when put to the reasonably expected use in that the products have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

156. Defendants had no reason to believe that the user would realize the danger posed by the product's defect or hazard and in fact failed to adequately warn users, including Plaintiff, of the danger.

157. Defendants knew or should have known that the benzene contained in their benzene, materials, and/or products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing it.

158. Defendants breached their duty to Mr. Grady in that they failed to warn him of the dangers of benzene and benzene-containing products.

159. Defendants covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

160. As a direct and proximate result occasioned by Defendants' failure to warn Plaintiff of the dangers of defendants' benzene, materials and/or products, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene in sufficient amounts to cause disease and/or other harm.

161. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma.  Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the pain, suffering, and physical disability caused by his injury; he experienced great physical pain and as a result of said exposure, inhalation, ingestion and absorption.  Mr. Grady was also

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

162. Punitive damages are justified in this case because the Defendants knew of the dangers of their benzene and benzene containing products and showed complete indifference to or conscious disregard of the safety of Mr. Grady and others.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendants  Shell Oil Company,  ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., Turtle Wax, Inc., and Safety Kleen Systems, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and punitive damages in the amount of TWENTY FIVE MILLION ($25,000,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

### COUNT X
### NEGLIGENCE –DEFECTIVE DESIGN
### (AGAINST A DEFENDANTS SHELL OIL COMPANY,
### RADIATOR SPECIALTY COMPANY, UNITED STATES STEEL,
### MISTIC METAL MOVERS, TURTLE WAX, SAFETY-KLEEN AND EXXONMOBIL)

COMES NOW the Plaintiff, Mr. Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., Turtle Wax, Inc., and Safety Kleen Systems (hereinafter in this Count "Defendants")  (hereinafter in this Count "Defendants"), and states:

163. Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth herein.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

164. At all times relevant herein, Defendants had a duty to exercise reasonable care and caution for the safety of Mr. Grady and others working with and around benzene and/or benzene - containing materials and/or products.

165. At all times relevant herein, Defendants' manufactured the benzene, materials and/or products at issue herein.

166. At all times relevant herein, benzene and benzene-containing products contain a specific hazard in that they are have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing them.

167. At all times herein, Defendants failed to exercise ordinary care and caution for the safety of Mr. Grady in one or more of the following respects:

    a.   Included benzene in their materials and/or products, even though it was completely foreseeable and could or should have been anticipated that persons such as Mr. Grady working with or around them would inhale, ingest or otherwise absorb benzene;

    b.   Included benzene in their materials and/or products when the defendants knew or should have known that said benzene would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing it;

    c.   Included benzene in their materials and/or products when adequate substitutes were available;

    d.   Failed to provide any or adequate warnings to persons working with and around their benzene, materials and/or products of the dangers of inhaling, ingesting or otherwise absorbing benzene;

    e.   Failed to provide any or adequate instructions concerning the safe methods of working with and around the benzene, materials and/or products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene; and

    f.   Failed to conduct tests on said benzene, materials and/or products in order to determine the hazards to which persons such as Mr. Grady might be exposed while working with and around the same.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

g.   Covered up and hid the dangers of the  their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

168. At all times herein, Mr. Grady employed the products provided by Defendants in the manner and for the purposes for which they were reasonably expected and in the way that defendants should expect.

169. The benzene and/or benzene containing products had a particular defect or hazard when put to the reasonably expected use in that Defendants had no reason to believe that the user would realize the danger posed by the product's defect or hazard and in fact failed to adequately warn users, including Plaintiff, of the danger.

170. Defendants knew or should have known that the benzene contained in their benzene, materials, and/or products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing it.

171. As a direct and proximate result, occasion by Defendants' failure to warn Plaintiff of the dangers of defendants' benzene, materials and/or products, Mr. Grady was exposed to and inhaled, ingested, or otherwise absorbed benzene in sufficient amounts to cause disease and/or other harm.

172. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma.  Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the pain, suffering and physical disability caused by his injury; he experienced great physical pain and as a result of said exposure, inhalation, ingestion and absorption.  Mr. Grady was also

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

173. Punitive damages are justified in this case because Defendants knew of the dangers of the benzene and benzene containing products and showed complete indifference to or conscious disregard of the safety of Mr. Grady and others.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendants  Shell Oil Company,  ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., Turtle Wax, Inc., and Safety Kleen Systems, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and punitive damages in the amount of TWENTY FIVE MILLION ($25,000,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT XI
## NEGLIGENCE X-RAY TESTING
### (ST. LOUIS TESTING)

COMES NOW the Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C. and for his cause of action against the Defendant St. Louis Testing Laboratories, Inc., (hereinafter "St. Louis Testing "), and states as follows:

174. Plaintiffs incorporate by reference all paragraphs of his Petition as if fully set forth herein.

175. At times material to this Petition, St. Louis Testing performed testing of welding joints and repairs, and various other metallurgical testing of work that we performed by Plaintiff, Michael Grady, or individuals working in the vicinity of Plaintiff, Michael Grady with various machines that produced x-rays exposing Plaintiff, Michael Grady to these x-rays and various forms of radioactive particles.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

176. St. Louis Testing was in the business of testing welding joints and repairs and other forms of metallurgical testing, and knew or should have known that the use of its equipment in and around the location of Plaintiff, Michael Grady, and other would potentially expose them to x-rays and damaging radioactive particles if done in a negligent manner.

177.  By exposing Plaintiff, Michael Grady, to x-rays and damaging radioactive particles it was foreseeable to Defendant St. Louis Testing that these x-rays and radioactive particles could cause, or contribute to cause, cancer.

178. At all times herein relevant, Defendant St. Louis Testing had a duty to exercise reasonable care and caution for the safety of the Plaintiff, Michael Grady,  and others working with and around its testing equipment. .

179. Defendant St. Louis Testing failed to exercise ordinary care and caution for the safety of Plaintiff, Michael Grady, in one or more of the following respects:

   a. Failed to protect and/or shield Plaintiff, Michael Grady, from x-rays and other potentially cancer-causing radioactive particles when working in the vicinity of Plaintiff, Michael Grady.

   b. Failed to properly test and/or update its equipment to prevent x-rays and other potentially, cancer-causing radioactive particles from reaching the areas in and around where Plaintiff, Michael Grady, was working.

   c. Failed to provide any or adequate warnings to persons working with and around their equipment of the dangers of being exposed to x-rays and other potentially cancer-causing particles.

   d. Failed to provide any, or adequate, instructions concerning the safe methods of working with and around their testing and equipment emitting x-rays and other potentially cancer-causing particles.

   e. Failed to conduct tests on said x-ray equipment to determine the hazards to which persons such as the Plaintiff, Michael Grady, might be exposed while working with and around the same.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

180. That as a direct and proximate result of the Defendant St. Louis Testing's x-ray equipment, or its use of said equipment, Plaintiff was exposed to x-rays and other potentially cancer-causing radioactive particles.

181. As a direct and proximate result of said exposure, Plaintiff developed Multiple Myeloma; Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his disease and conditions and to alleviate the physical pain and suffering and physical disability caused by cancer; Plaintiff experienced great physical pain and suffering as a result of said exposure.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendant St. Louis Testing, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

<u>**COUNT XII**</u>
<u>**CONSORTIUM**</u>

COMES NOW the Plaintiff, Mrs. Grady, by her attorneys, The Dysart Law Firm, P.C., and for her cause of action against Defendants, states:

182. Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth herein.

183. As a result of the injuries sustained by Plaintiff, Mr. Grady, as described above, Plaintiff Mrs. Grady, has suffered a loss of services, society, consortium, and companionship arising out of their marital relationship.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

WHEREFORE, Plaintiffs pray this Court to enter judgment in their favor and against these Defendants, jointly and severally, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000) and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**THE DYSART LAW FIRM, P.C.**

/s/ Christopher W. Dysart
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, Missouri 63017
Phone:  (314) 548-6298
Fax:      (314) 548-6230
cdysart@dysart-law.com

***ATTORNEYS FOR PLAINTIFF***

Dated: 09.11.2020

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

**IN THE CIRCUIT COURT OF SAINT LOUIS CITY**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**

| | |
|---|---|
| MICHAEL GRADY and<br>KATHLEEN GRADY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>)    Case No.: |
| MONSANTO COMPANY, | )<br>) |
| SAFETY-KLEEN SYSTEMS INC., | )<br>) |
| MALLINCKRODT, LLC, | )<br>) |
| MI HOLDINGS, INC., | )    JURY TRIAL DEMANDED<br>) |
| SOLUTIA INC., | )<br>) |
| EASTMAN CHEMICAL COMPANY,<br>Individually and as successor to Solutia Inc., | )<br>)<br>) |
| PHARMACIA & UPJOHN COMPANY LLC, | )<br>) |
| EXXONMOBIL OIL CORPORATION, as successor<br>to Mobil Oil Corporation (D/B/A Mobil Oil), | )<br>)<br>) |
| ANHEUSER-BUSCH INBEV WORLDWIDE INC., | )<br>) |
| PROCTER & GAMBLE MANUFACTURING CO., | )<br>) |
| SHELL OIL COMPANY, Individually and as<br>successor to Shell Oil Company, Incorporated, Shell<br>Chemical LP (f/k/a Shell Chemical Company), and<br>Shell Oil Products Company, | )<br>)<br>)<br>)<br>) |
| BAYER CORP. a/k/a BAYER HEALTHCARE<br>PHARMACEUTICALS, | )<br>)<br>) |
| RADIATOR SPECIALTY COMPANY, | )<br>) |
| UNITED STATES STEEL CORPORATION, | )<br>) |

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

MISTIC METAL MOVER, INC.,                    )
                                             )
TURTLE WAX, INC.,                            )
                                             )
ST. LOUIS TESTING LABORATORIES, INC.         )
                                             )
                        Defendants.          )
                                             )

## ENTRY OF APPEARANCE

COMES NOW Christopher W. Dysart and The Dysart Law Firm, P.C., and hereby enter their appearance as counsel for Plaintiffs, MICHAEL GRADY and KATHLEEN GRADY.

Respectfully submitted,

**THE DYSART LAW FIRM, P.C.**

*/s/ Christopher W. Dysart*
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, Missouri 63017
Office: (314) 548-6298
cdysart@dysart-law.com
***ATTORNEY FOR PLAINTIFFS***

DATED: 09/11/2020

2022-CC09797

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

**In the**

# CIRCUIT COURT
## City of St. Louis, Missouri



Michael Grady and Kathleen Grady
_____
Plaintiff/Petitioner

vs.

Monsanto Company, et al.
_____
Defendant/Respondent

Date
_____

Case number
_____

Division
_____

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Michael Grady and Kathleen Grady                                    , pursuant
                    Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

Joseph Saville                            1507 Gem Court, Wentzville, MO 63385  636-541-5064
Name of Process Server           Address                                        Telephone

_____
Name of Process Server           Address                                        Telephone

_____
Name of Process Server           Address                                        Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:                                        SERVE:
MONSANTO COMPANY                              SAFETY-KLEEN SYSTEMS INC.,
Name                                          Name
CSC of St. Louis County, Inc, 9666 Olive Blvd., #     CT Corporation System, 120 S. Central Ave.
Address                                       Address
St. Louis, MO 63132-3026                      Clayton, MO 63105
City/State/Zip                                City/State/Zip

SERVE:                                        SERVE:
MALLINCKRODT, LLC,                            MI HOLDINGS, INC.,
Name                                          Name
CT Corporation System, 120 S. Central Ave.    CT Corporation System, 120 S. Central
Address                                       Address
Clayton, MO 63105                             Clayton< MO63102
City/State/Zip                                City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk           Christopher W. Dysart
                                             Attorney/Plaintiff/Petitioner
                                             37069
By_____           Bar No.
   Deputy Clerk                              16020 Swingley Ridge Road #340, Chesterfield,
                                             Address
_____             314.548.6298
   Date                                      Phone No.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

**In the**
# CIRCUIT COURT
## City of St. Louis, Missouri



Michael Grady and Kathleen Grady
_____
Plaintiff/Petitioner

vs.

Monsanto Company, et al.
_____
Defendant/Respondent

Date
_____

Case number
_____

Division
_____

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Michael Grady and Kathleen Grady                    , pursuant
             Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

Joseph Saville                    1507 Gem Court, Wentzville, MO 63385  636-541-5064
Name of Process Server        Address                    Telephone

Name of Process Server        Address                    Telephone

Name of Process Server        Address                    Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:
MONSANTO COMPANY
Name
United Agent Group, Inc.., 12747 Olive Blvd #300
Address
St. Louis, MO  63141
City/State/Zip

SERVE:
EASTMAN CHEMICAL COMPANY,
Name
United Agent Group, Inc, 12747 Olive Blvd #300
Address
St. Louis, MO  63141
City/State/Zip

SERVE:
PHARMACIA & UPJOHN COMPANY LLC
Name
CT Corporation System, 120 S. Central Ave.
Address
Clayton, MO 63105
City/State/Zip

SERVE:
EXXONMOBIL OIL CORPORATION, as successc
Name
Prentice Hall Corporation, 801 Adlai Stevenson [
Address
Springfield, IL 62703
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk


By_____
    Deputy Clerk


_____
Date

Christopher W. Dysart
_____
Attorney/Plaintiff/Petitioner
37069
Bar No.
16020 Swingley Ridge Road #340, Chesterfield,
Address
314.548.6298
Phone No.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri



Michael Grady and Kathleen Grady
_____
Plaintiff/Petitioner


vs.

Monsanto Company, et al.
_____
Defendant/Respondent

_____
Date

_____
Case number

_____
Division

⌐                             ¬

For File Stamp Only

∟                             ⌟

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Michael Grady and Kathleen Grady                                    , pursuant
                    Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| Joseph Saville | 1507 Gem Court, Wentzville, MO 63385 | 636-541-5064 |
|---|---|---|
| Name of Process Server | Address | Telephone |
|  |  |  |
| Name of Process Server | Address | Telephone |
|  |  |  |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
ANHEUSER-BUSCH INBEV WORLDWIDE INC.
_____
Name
CT Corporation, 120 S. Central Avenue
_____
Address
Clayton, MO 63105
_____
City/State/Zip

SERVE:
PROCTER & GAMBLE MANUFACTURING CO.
_____
Name
CT Corporation, 120 S. Central Avenue
_____
Address
Clayton, MO 63105
_____
City/State/Zip

SERVE:
SHELL OIL COMPANY, Individually and as succe
_____
Name
CT Corporation System, 208 So LaSalle St., Suite
_____
Address
Chicago, IL 60604
_____
City/State/Zip

SERVE:
BAYER CORP. a/k/a BAYER HEALTHCARE PH
_____
Name
CSC-Lawyers Incorporating Service Co., 221 Bo
_____
Address
Jefferson City, Missouri 65101
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk


By_____
      Deputy Clerk

_____
Date

Christopher W. Dysart
_____
Attorney/Plaintiff/Petitioner
37069
_____
Bar No.
16020 Swingley Ridge Road #340, Chesterfield,
_____
Address
314.548.6298
_____
Phone No.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

**In the**
# CIRCUIT COURT
## City of St. Louis, Missouri



Michael Grady and Kathleen Grady
_____
Plaintiff/Petitioner

vs.

Monsanto Company, et al.
_____
Defendant/Respondent

For File Stamp Only

Date
_____

Case number
_____

Division
_____

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Michael Grady and Kathleen Grady , pursuant
                        Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| Joseph Saville | 1507 Gem Court, Wentzville, MO 63385 | 636-541-5064 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
RADIATOR SPECIALTY COMPANY
_____
Name
Cogency Global, Inc, 212 South Tryon Street, Sui
_____
Address
Charlotte, NC 28281
_____
City/State/Zip

SERVE:
UNITED STATES STEEL CORPORATION
_____
Name
Illinois Corporate Services Co., 801 Adlai Steven
_____
Address
Springfield, IL  62703
_____
City/State/Zip

SERVE:
MISTIC METAL MOVER, INC.,
_____
Name
Russell, English, Scoma & Beneke, 10 Park Aven
_____
Address
Princeton, IL 61356
_____
City/State/Zip

SERVE:
TURTLE WAX, INC.,
_____
Name
National Registered Agents, Inc., 208 S. LaSalle
_____
Address
Chicago, IL  60604
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk


By_____
       Deputy Clerk


_____
Date

Christopher W. Dysart
_____
Attorney/Plaintiff/Petitioner
37069
_____
Bar No.
16020 Swingley Ridge Road #340, Chesterfield,
_____
Address
314.548.6298
_____
Phone No.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

**In the**

# CIRCUIT COURT
## City of St. Louis, Missouri



Michael Grady and Kathleen Grady
_____
Plaintiff/Petitioner

vs.

Monsanto Company, et al.
_____
Defendant/Respondent

```
                                        For File Stamp Only

_____
Date

_____
Case number

_____
Division
```

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Michael Grady and Kathleen Grady _____, pursuant

Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

Joseph Saville                          1507 Gem Court, Wentzville, MO 63385  636-541-5064
_____
Name of Process Server              Address                              Telephone

_____
Name of Process Server              Address                              Telephone

_____
Name of Process Server              Address                              Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:                                      SERVE:
St. Louis Testing Laboratories, Inc.
_____           _____
Name                                        Name
Robin E. Sinn, 2810 Clark
_____           _____
Address                                     Address
St. Louis, MO 63103
_____           _____
City/State/Zip                              City/State/Zip

SERVE:                                      SERVE:

_____           _____
Name                                        Name

_____           _____
Address                                     Address

_____           _____
City/State/Zip                              City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk        Christopher W. Dysart
                                          _____
                                          Attorney/Plaintiff/Petitioner
                                          37069
By_____         _____
   Deputy Clerk                           Bar No.
                                          16020 Swingley Ridge Road #340, Chesterfield,
_____         _____
Date                                      Address
                                          314.548.6298
                                          _____
                                          Phone No.

2022-CC09797

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

Michael Grady and Kathleen Grady
_____
Plaintiff/Petitioner


vs.

Monsanto Company, et al.
_____
Defendant/Respondent

Date
_____

Case number
_____

Division
_____

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Michael Grady and Kathleen Grady                          , pursuant
            Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of
 Joseph Saville                    1507 Gem Court, Wentzville, MO 63385   636-541-5064
Name of Process Server          Address                                 Telephone
_____
Name of Process Server          Address                                 Telephone
_____
Name of Process Server          Address                                 Telephone
to serve the summons and petition in this cause on the below named parties.

SERVE:                                    SERVE:
MONSANTO COMPANY                          SAFETY-KLEEN SYSTEMS INC.,
Name                                      Name
CSC of St. Louis County, Inc, 9666 Olive Blvd., #   CT Corporation System, 120 S. Central Ave.
Address                                   Address
 St. Louis, MO  63132-3026                Clayton, MO  63105
City/State/Zip                            City/State/Zip

SERVE:                                    SERVE:
MALLINCKRODT, LLC,                        MI HOLDINGS, INC.,
Name                                      Name
CT Corporation System, 120 S. Central Ave. CT Corporation System, 120 S. Central
Address                                   Address
Clayton, MO 63105                         Clayton< MO63102
City/State/Zip                            City/State/Zip


Appointed as requested:
**TOM KLOEPPINGER**, Circuit Clerk        Christopher W. Dysart
                                          Attorney/Plaintiff/Petitioner
                                          37069
By _____        Bar No.
   Deputy Clerk                           16020 Swingley Ridge Road #340, Chesterfield,
                                          Address
_____          314.548.6298
Date                                      Phone No.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

Michael Grady and Kathleen Grady
_____
Plaintiff/Petitioner


vs.

Monsanto Company, et al.
_____
Defendant/Respondent

Date
_____

Case number
_____

Division
_____

For File Stamp Only

## <u>REQUEST FOR APPOINTMENT OF PROCESS SERVER</u>

Comes now  Michael Grady and Kathleen Grady                    , pursuant

to Local Rule 14, requests the appointment by the Circuit Clerk of
$\overline{\text{Requesting Party}}$

Joseph Saville                    1507 Gem Court, Wentzville, MO 63385  636-541-5064
Name of Process Server        Address                              Telephone

_____
Name of Process Server        Address                              Telephone

_____
Name of Process Server        Address                              Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:                                    SERVE:
MONSANTO COMPANY                          EASTMAN CHEMICAL COMPANY,
Name                                      Name
United Agent Group, Inc.., 12747 Olive Blvd #300    United Agent Group, Inc, 12747 Olive Blvd #300
Address                                   Address
St. Louis, MO  63141                      St. Louis, MO  63141
City/State/Zip                            City/State/Zip

SERVE:                                    SERVE:
PHARMACIA & UPJOHN COMPANY LLC            EXXONMOBIL OIL CORPORATION, as success
Name                                      Name
CT Corporation System, 120 S. Central Ave.    Prentice Hall Corporation, 801 Adlai Stevenson [
Address                                   Address
Clayton, MO  63105                        Springfield, IL 62703
City/State/Zip                            City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk          Christopher W. Dysart
                                          Attorney/Plaintiff/Petitioner
                                          37069
By _____          Bar No.
    Deputy Clerk                          16020 Swingley Ridge Road #340, Chesterfield,
                                          Address
_____             314.548.6298
Date                                      Phone No.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

**In the**
# CIRCUIT COURT
**City of St. Louis, Missouri**

Michael Grady and Kathleen Grady
_____
Plaintiff/Petitioner

vs.

Monsanto Company, et al.
_____
Defendant/Respondent

Date _____

Case number _____

Division _____

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _Michael Grady and Kathleen Grady_____, pursuant
                        Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

Joseph Saville                 1507 Gem Court, Wentzville, MO 63385   636-541-5064
Name of Process Server         Address                                Telephone

_____
Name of Process Server         Address                                Telephone

_____
Name of Process Server         Address                                Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:
ANHEUSER-BUSCH INBEV WORLDWIDE INC.
Name
CT Corporation, 120 S. Central Avenue
Address
Clayton, MO 63105
City/State/Zip

SERVE:
PROCTER & GAMBLE MANUFACTURING CO.
Name
CT Corporation, 120 S. Central Avenue
Address
Clayton, MO 63105
City/State/Zip

SERVE:
SHELL OIL COMPANY, Individually and as succe
Name
CT Corporation System, 208 So LaSalle St., Suite
Address
Chicago, IL 60604
City/State/Zip

SERVE:
BAYER CORP. a/k/a BAYER HEALTHCARE PH
Name
CSC-Lawyers Incorporating Service Co., 221 Bo
Address
Jefferson City, Missouri 65101
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By _____
Deputy Clerk

Date _____

Christopher W. Dysart
Attorney/Plaintiff/Petitioner
37069
Bar No.
16020 Swingley Ridge Road #340, Chesterfield,
Address
314.548.6298
Phone No.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

Michael Grady and Kathleen Grady
_____
Plaintiff/Petitioner

vs.

Monsanto Company, et al.
_____
Defendant/Respondent

Date _____

Case number _____

Division _____

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Michael Grady and Kathleen Grady _____, pursuant

to Local Rule 14, requests the appointment by the Circuit Clerk of
Requesting Party

Joseph Saville                    1507 Gem Court, Wentzville, MO 63385  636-541-5064
Name of Process Server          Address                              Telephone

_____
Name of Process Server          Address                              Telephone

_____
Name of Process Server          Address                              Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:
RADIATOR SPECIALTY COMPANY
_____
Name
Cogency Global, Inc, 212 South Tryon Street, Sui
_____
Address
Charlotte, NC 28281
_____
City/State/Zip

SERVE:
UNITED STATES STEEL CORPORATION
_____
Name
Illinois Corporate Services Co., 801 Adlai Steven
_____
Address
Springfield, IL 62703
_____
City/State/Zip

SERVE:
MISTIC METAL MOVER, INC.,
_____
Name
Russell, English, Scoma & Beneke, 10 Park Aven
_____
Address
Princeton, IL 61356
_____
City/State/Zip

SERVE:
TURTLE WAX, INC.,
_____
Name
National Registered Agents, Inc., 208 S. LaSalle
_____
Address
Chicago, IL 60604
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER**, Circuit Clerk

By _____
Deputy Clerk

Date _____

Christopher W. Dysart
_____
Attorney/Plaintiff/Petitioner
37069
_____
Bar No.
16020 Swingley Ridge Road #340, Chesterfield,
_____
Address
314.548.6298
_____
Phone No.

Electronically Filed - City of St. Louis - September 11, 2020 - 02:17 PM

**In the**
# CIRCUIT COURT
**City of St. Louis, Missouri**

Michael Grady and Kathleen Grady
_____
Plaintiff/Petitioner

vs.

Monsanto Company, et al.
_____
Defendant/Respondent

For File Stamp Only

_____
Date

_____
Case number

_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Michael Grady and Kathleen Grady                        , pursuant
                          Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of
Joseph Saville                    1507 Gem Court, Wentzville, MO 63385  636-541-5064
Name of Process Server            Address                              Telephone

_____
Name of Process Server            Address                              Telephone

_____
Name of Process Server            Address                              Telephone
to serve the summons and petition in this cause on the below named parties.

SERVE:                                          SERVE:
St. Louis Testing Laboratories, Inc.            _____
Name                                            Name
Robin E. Sinn, 2810 Clark                       _____
Address                                         Address
St. Louis, MO 63103                             _____
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:
_____                         _____
Name                                            Name
_____                         _____
Address                                         Address
_____                         _____
City/State/Zip                                  City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By _____
   Deputy Clerk
   9/11/2020
_____
Date

Christopher W. Dysart
_____
Attorney/Plaintiff/Petitioner
37069
_____
Bar No.
16020 Swingley Ridge Road #340, Chesterfield,
_____
Address
314.548.6298
_____
Phone No.

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC09797 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL GRADY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER W DYSART<br>16020 SWINGLEY RIDGE RD<br>STE. 340<br>CHESTERFIELD, MO 63017 | |
| Defendant/Respondent:<br>MONSANTO COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: ANHEUSER BUSCH INBEV WORLDWIDE INC |
|---|

Alias: **SPECIAL PROCESS SERVER**

CT CORPORATION
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**September 11, 2020**

_____
Date

_Thomas Kloeppinger_
_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC09797 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL GRADY<br><br><div style="text-align:right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER W DYSART<br>16020 SWINGLEY RIDGE RD<br>STE. 340<br>CHESTERFIELD, MO 63017 | |
| Defendant/Respondent:<br>MONSANTO COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: | BAYER CORPORATION |
|---|---|
| Alias: | AKA BAYER HEALTHCARE PHARMACEUTICALS |

CSC LAWYERS INC SERVICE CO
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

*CITY OF ST LOUIS*

**SPECIAL PROCESS SERVER**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**September 11, 2020**

_____
Date

*Thomas Klozzpinger*

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC09797 | |
|---|---|---|
| Plaintiff's/Petitioner:<br>MICHAEL GRADY | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER W DYSART<br>16020 SWINGLEY RIDGE RD<br>STE. 340<br>CHESTERFIELD, MO 63017 | |
| vs. | | |
| Defendant/Respondent:<br>MONSANTO COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: EASTMAN CHEMICAL COMPANY | |
|---|---|
| Alias: SUCC SOLUTIA INC | SPECIAL PROCESS SERVER |

UNITED AGENT GROUP INC
12747 OLIVE BLVD #300
SAINT LOUIS, MO 63141
*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**September 11, 2020**

_____
Date

*Thomas Kloeppinger*
_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to _____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____      _____
                              Date                              Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>REX M BURLISON | Case Number:  2022-CC09797 |
| Plaintiff/Petitioner:<br>MICHAEL GRADY | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTOPHER W DYSART<br>16020 SWINGLEY RIDGE RD<br>STE. 340<br>vs.  CHESTERFIELD, MO  63017 |
| Defendant/Respondent:<br>MONSANTO COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp)

**Summons for Personal Service Outside the State of Missouri**
**(Except Attachment Action)**

The State of Missouri to:    EXXONMOBIL OIL CORPORATION
                    Alias:  SUCC MOBIL OIL CORPORATION, DBA MOBIL OIL

PRENTICE HALL CORPORATION
801 ADLAI STEVENSON DRIVE
SPRINGFIELD, IL  62703

SPECIAL PROCESS SERVER

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**September 11, 2020**

*CITY OF ST LOUIS*

_____    _____
Date                          Clerk

Further Information:

**Officer's or Server's Affidavit of Service**

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
                  ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                  ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $ _____ per mile) |
| Total | $_____ |

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC09797 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL GRADY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER W DYSART<br>16020 SWINGLEY RIDGE RD<br>STE. 340<br>CHESTERFIELD, MO 63017 | |
| Defendant/Respondent:<br> MONSANTO COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: | MALLINCKRODT LLC |
|---|---|

Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

*COURT SEAL OF*

*CITY OF ST LOUIS*

### SPECIAL PROCESS SERVER

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**September 11, 2020**

_____
Date

*Thomas Kloppsinger*
_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

_____
Signature of Sheriff or Server

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC09797 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL GRADY | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER W DYSART<br>16020 SWINGLEY RIDGE RD<br>STE. 340<br>CHESTERFIELD, MO 63017 | |
| vs. | | |
| Defendant/Respondent:<br> MONSANTO COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  MI HOLDINGS INC

CT CORPORATION SYSTEM
120 S CENTRAL
CLAYTON, MO 63105

*COURT SEAL OF*

*CITY OF ST LOUIS*

Alias:

### SPECIAL PROCESS SERVER

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**September 11, 2020**

_____
Date

*Thomas Kloppinger*

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                                Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC09797 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL GRADY | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTOPHER W DYSART<br>16020 SWINGLEY RIDGE RD<br>STE. 340<br>CHESTERFIELD, MO 63017 | |
| vs. | | |
| Defendant/Respondent:<br>MONSANTO COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   MISTIC METAL MOVER, INC.
                Alias:
MICHAEL L ENGLISH, ATTORNEY/AGENT
RUSSELL, ENGLISH, SCOMA & BENEKE
10 PARK AVENUE WEST
PRINCETON, IL 61356

SPECIAL PROCESS SERVER

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**September 11, 2020**

_____ Date

_____ Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                ☐ the judge of the court of which affiant is an officer.
*(Seal)*          ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| **Service Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC09797 | |
|---|---|---|
| Plaintiff's/Petitioner:<br>MICHAEL GRADY | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER W DYSART<br>16020 SWINGLEY RIDGE RD<br>STE. 340<br>vs.  CHESTERFIELD, MO  63017 | |
| Defendant/Respondent:<br> MONSANTO COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  MONSANTO COMPANY
                         Alias:

CSC OF ST LOUIS COUNTY INC
MC CSC1, RAGT
9666 OLIVE BLVD SUITE 690
SAINT LOUIS, MO  63132-3026

*SPECIAL PROCESS SERVER*

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*CITY OF ST LOUIS*

**September 11, 2020**

_____
Date

_Thomas Kloeppinger_
_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of
15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                        Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number:  2022-CC09797 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL GRADY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER W DYSART<br>16020 SWINGLEY RIDGE RD<br>STE. 340<br>CHESTERFIELD, MO  63017 | |
| Defendant/Respondent:<br> MONSANTO COMPANY<br>Nature of Suit:<br>CC Pers Injury-Other | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to:  PHARMACIA & UPJOHN COMPANY LLC<br>                           Alias: | |
|---|---|
| CT CORPORATION SYSTEM<br>120 S CENTRAL AVE<br>CLAYTON, MO 63105<br>*COURT SEAL OF*<br><br>CIRCUIT COURT OF MISSOURI<br><br>*CITY OF ST LOUIS* | **SPECIAL PROCESS SERVER**<br><br>**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**<br><br>September 11, 2020                    *Thomas Kloeppinger*<br>_____              _____<br>            Date                              Clerk<br>Further Information: |

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____              _____
     Printed Name of Sheriff or Server                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____              _____
                                        Date                                  Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC09797 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL GRADY<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER W DYSART<br>16020 SWINGLEY RIDGE RD<br>STE. 340<br>CHESTERFIELD, MO 63017 | |
| Defendant/Respondent:<br> MONSANTO COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: | PROCTER & GAMBLE MANUFACTURING CO.<br>Alias: |
|---|---|

CT CORPORATION
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

*COURT SEAL OF*



SPECIAL PROCESS SERVER

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**September 11, 2020**

_____
Date

*Thomas Kloeppinger*

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>REX M BURLISON | Case Number: **2022-CC09797** | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL GRADY | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTOPHER W DYSART<br>16020 SWINGLEY RIDGE RD<br>STE. 340<br>CHESTERFIELD, MO 63017 | |
| vs. | | |
| Defendant/Respondent:<br>MONSANTO COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:    RADIATOR SPECIALTY COMPANY
Alias:

COGENCY GLOBAL INC
212 SOUTH TRYON STREET
SUITE 1000
CHARLOTTE, NC 28281

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**September 11, 2020**

_____    _____
Date                                              Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____ miles @ $ _____ per mile) |
| **Total** | $_____ | |

OSCA (07-18) SM60 (SMOS) *For Court Use Only:* **Document ID# 20-SMOS-3389**    1 of 2  **(2022-CC09797)**    Rules 54.06, 54.07, 54.14, 54.20;<br>506.500, 506.510 RSMo

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC09797 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL GRADY | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER W DYSART<br>16020 SWINGLEY RIDGE RD<br>STE. 340<br>CHESTERFIELD, MO 63017 | |
| vs. | | |
| Defendant/Respondent:<br>MONSANTO COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: SAFETY-KLEEN SYSTEMS, INC.<br>Alias: |
|---|

CT CORPORATION SSYTEM
120 S CENTRAL AVE
CLAYTON, MO 63105

*COURT SEAL OF*

*CITY OF ST LOUIS*

**SPECIAL PROCESS SERVER**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**September 11, 2020**

_____          *Thomas Kloppinger*
Date                                              Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to _____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                                                    Date                              Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>REX M BURLISON | Case Number:  2022-CC09797 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL GRADY | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTOPHER W DYSART<br>16020 SWINGLEY RIDGE RD<br>STE. 340<br>CHESTERFIELD, MO  63017 | |
| vs. | | |
| Defendant/Respondent:<br>MONSANTO COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| | |
|---|---|
| The State of Missouri to:   SHELL OIL COMPANY<br>Alias: SUCC SHELL OIL COMPANY, INCORPORATED, SHELL CHEMICAL LP<br>FKA SHELL CHEMICAL COMPANY, AND SHELL OIL PRODUCTS COMPANY | |

CT CORPORATION SYSTEM
208 S LASALLE ST SUITE 814
CHICAGO, IL  60604

SPECIAL PROCESS SERVER

*COURT SEAL OF*

**CIRCUIT COURT OF MISSOURI**

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**September 11, 2020**

_____
Date

_____
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other: _____

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to office making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number:  2022-CC09797 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL GRADY | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER W DYSART<br>16020 SWINGLEY RIDGE RD<br>STE. 340<br>CHESTERFIELD, MO  63017 | |
| vs. | | |
| Defendant/Respondent:<br> MONSANTO COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:**  SOLUTIA INC.<br><br>UNITED AGENT GROUP INC<br>12747 OLIVE BLVD #300<br>SAINT LOUIS, MO  63141<br>*COURT SEAL OF*<br><br>*CITY OF ST LOUIS* | **Alias:** <br>**SPECIAL PROCESS SERVER** |

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**September 11, 2020**

_____    *Thomas Klopppinger*
          Date                                                    _____
                                                                              Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____                    _____
                                               Date                                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC09797 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL GRADY | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER W DYSART<br>16020 SWINGLEY RIDGE RD<br>STE. 340<br>CHESTERFIELD, MO 63017 | |
| vs. | | |
| Defendant/Respondent:<br>MONSANTO COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  ST. LOUIS TESTING LABORATORIES, INC.
Alias:

ROBIN SINN
2810 CLARK
ST. LOUIS, MO 63103

*COURT SEAL OF*

**SPECIAL PROCESS SERVER**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*CITY OF ST LOUIS*

**September 11, 2020**

_____
Date

_Thomas Kloeppinger_

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to _____ (name) _____ (title).
☐ other: _____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $.____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>REX M BURLISON | Case Number:  2022-CC09797 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL GRADY | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTOPHER W DYSART<br>16020 SWINGLEY RIDGE RD<br>STE. 340<br>CHESTERFIELD, MO  63017 | |
| vs. | | |
| Defendant/Respondent:<br>MONSANTO COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   TURTLE WAX, INC.
                            Alias:

NATIONAL REGISTERED AGENTS
INC 208 S LASALLE ST STE 814
CHICAGO, IL  60604

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**September 11, 2020**

*CITY OF ST LOUIS*

_____     _____
Date                        Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
                  ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                  ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC09797 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL GRADY | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTOPHER W DYSART<br>16020 SWINGLEY RIDGE RD<br>STE. 340<br>vs.    CHESTERFIELD, MO 63017 | |
| Defendant/Respondent:<br>MONSANTO COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:    UNITED STATES STEEL CORPORATION
Alias:

ILLINOIS CORPORATE SERVICES CO
801 ADLAI STEVENSON DR
SPRINGFIELD, IL 62703

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*CITY OF ST LOUIS*

**September 11, 2020**

_____        _____
Date                                                              Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

### Service Fees
| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____ miles @ $_____ per mile) |
| Total | $_____ | |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - City of St. Louis - September 28, 2020 - 03:49 PM

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 2022-CC09797 |
| MONSANTO COMPANY, et al., | ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

Come Now Richard B. Korn and the law firm Fox Smith, LLC, and herewith enter their

appearance on behalf of Defendant Shell Oil Company.


FOX SMITH, LLC


By:    /s/ Richard B. Korn
       Richard B. Korn, #54570
       rkorn@foxsmithlaw.com
       One S. Memorial Drive, 12th Floor
       St. Louis, MO 63102
       (314) 588-7000
       (314) 588-1965 (Fax)

       ATTORNEYS FOR DEFENDANT
       SHELL OIL COMPANY

Case No. 2022-CC09797

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on September 28, 2020, I electronically filed the foregoing with the Missouri Courts E-Filing System pursuant to Missouri Rule of Civil Procedure 103.08 which will send notification of such filing(s) to the following:

Mr. Christopher W. Dysart
Dysart Law Firm, P.C.
16020 Swingley Ridge Rd., Suite 340
Chesterfield, MO 63017
Phone: 636-590-7110
E-mail: cdysart@dysart-law.com;
rspeichinger@dysart-law.com;
mduffy@dysart-law.com

ATTRONEYS FOR PLAINTIFFS

/s/ Richard B. Korn

Electronically Filed - City of St. Louis - September 28, 2020 - 03:49 PM

Electronically Filed - City of St. Louis - September 28, 2020 - 03:49 PM

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 2022-CC09797 |
| | ) | |
| MONSANTO COMPANY, et al., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**<u>JURY DEMAND</u>**

Comes Now Defendant, Shell Oil Company, by and through its attorneys, Fox Smith,

LLC, and herewith demands a trial by jury of twelve on all counts so triable.

FOX SMITH, LLC

By:    /s/ Richard B. Korn
Richard B. Korn, #54570
rkorn@foxsmithlaw.com
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
(314) 588-1965 (Fax)

ATTORNEYS FOR DEFENDANT
SHELL OIL COMPANY

Electronically Filed - City of St. Louis - September 28, 2020 - 03:49 PM

Case No. 2022-CC09797

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2020, I electronically filed the foregoing with the Missouri Courts E-Filing System pursuant to Missouri Rule of Civil Procedure 103.08 which will send notification of such filing(s) to the following:

Mr. Christopher W. Dysart
Dysart Law Firm, P.C.
16020 Swingley Ridge Rd., Suite 340
Chesterfield, MO 63017
Phone:  636-590-7110
E-mail:  cdysart@dysart-law.com;
rspeichinger@dysart-law.com;
mduffy@dysart-law.com

ATTRONEYS FOR PLAINTIFFS


/s/ Richard B. Korn

Electronically Filed - City of St. Louis - September 28, 2020 - 03:49 PM

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 2022-CC09797 |
| MONSANTO COMPANY, et al., | ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

### JURY DEMAND

Comes Now Defendant, Shell Oil Company, by and through its attorneys, Fox Smith,

LLC, and herewith demands a trial by jury of twelve on all counts so triable.


FOX SMITH, LLC


By:   /s/ Richard B. Korn
      Richard B. Korn, #54570
      rkorn@foxsmithlaw.com
      One S. Memorial Drive, 12th Floor
      St. Louis, MO 63102
      (314) 588-7000
      (314) 588-1965 (Fax)

      ATTORNEYS FOR DEFENDANT
      SHELL OIL COMPANY

Electronically Filed - City of St. Louis - September 28, 2020 - 03:49 PM

Case No. 2022-CC09797

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2020, I electronically filed the foregoing with the Missouri Courts E-Filing System pursuant to Missouri Rule of Civil Procedure 103.08 which will send notification of such filing(s) to the following:

Mr. Christopher W. Dysart
Dysart Law Firm, P.C.
16020 Swingley Ridge Rd., Suite 340
Chesterfield, MO 63017
Phone:  636-590-7110
E-mail:  cdysart@dysart-law.com;
rspeichinger@dysart-law.com;
mduffy@dysart-law.com

ATTRONEYS FOR PLAINTIFFS

/s/ Richard B. Korn

Electronically Filed - City of St. Louis - October 01, 2020 - 01:31 PM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

MICHAEL GRADY and            )
KATHLEEN GRADY,              )
                             )        No. 2022-CC09797
       Plaintiffs,           )
                             )
v.                           )
                             )
MONSANTO COMPANY, *et al.,*  )
                             )        **JURY TRIAL**
       Defendants.           )        **DEMANDED**
                             )

**DEFENDANT ANHEUSER-BUSCH, LLC'S MOTION TO DISMISS
PLAINTIFFS' PETITION OR, IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT**

COMES NOW Defendant Anheuser-Busch, LLC (incorrectly named "Anheuser-Busch INBEV Worldwide Inc.," and hereinafter "A-B"), by and through counsel, and, pursuant to Rule 55.27(a) of the Missouri Rules of Civil Procedure, moves to dismiss Plaintiffs' Petition. In support of its Motion, A-B states as follows:

1.     Plaintiffs have sued numerous defendants, including A-B, seeking damages for Michael Grady's alleged benzene-related injuries.    Plaintiffs attempt to state a cause of action against A-B based upon a theory of negligence.  Plaintiffs also seek damages for loss of consortium.

2.      Plaintiffs' Petition should be dismissed on numerous grounds as described in more detail below. By way of this motion, A-B does not waive any arguments, defenses or rights, including, but not limited to, arguments based upon lack of personal jurisdiction, failure to plead a cause of action, improper venue, federal preemption, statutes of limitation, and/or statutes of repose.

Electronically Filed - City of St. Louis - October 01, 2020 - 01:31 PM

3.    Plaintiffs' Petition should be dismissed. It is well settled that Missouri is a fact-pleading state. *State ex rel. Harvey v. Wells,* 955 S.W.2d 546, 547 (Mo. banc 1997); *Luethans v. Washington Univ.,* 894 S.W.2d 169, 171 (Mo. banc 1995); *ITT Commercial Finance v. Mid-Am. Marine*, 854 S.W.2d 371, 377 (Mo. banc 1995). The purpose of fact-pleading is the quick, efficient, and fair resolution of disputes. Fact-pleading identifies, narrows, and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *Luethans,* 894 S.W.2d at 171.

4.    In this case, Plaintiffs have violated both the substance and spirit of that law; the Petition is wholly devoid of basic factual information. Plaintiffs bring this action against many Defendants. Large groups of the Defendants have been lumped together in almost every Count. Plaintiffs do not sufficiently identify the type of alleged "potentially cancer-causing chemical(s)" to which Michael Grady was allegedly exposed to at A-B's locations. Plaintiffs do not sufficiently identify any Defendant as having manufactured or sold any specific "potentially cancer-causing chemical(s)" to which Michael Grady was allegedly exposed to at A-B's location. Plaintiffs do not identify with sufficient particularity the time period in which Michael Grady was allegedly exposed to any particular "potentially cancer-causing chemical(s)" at A-B's location. Plaintiffs do not sufficiently allege the type of activity or job duty that Michael Grady was performing which allegedly exposed him to "potentially cancer-causing chemical(s)" while he was present at any particular premises, including A-B. In fact, nowhere in Plaintiff's Petition does it allege Plaintiff did come in contact with a cancer-causing chemical.  Instead, Plaintiffs merely set forth bare conclusions and vague assertions in place of properly pleaded facts.

5.    As Plaintiffs' allegations currently stand, it is impossible for A-B to know which chemical allegedly caused Michael Grady's injuries, when he was allegedly injured, or how he

Electronically Filed - City of St. Louis - October 01, 2020 - 01:31 PM

was allegedly injured. This information is crucial to A-B' ability to isolate what legal and factual issues are involved in the case, what discovery is necessary, and what evidence is relevant. As set forth above, Plaintiffs have a duty under Missouri law to plead these facts. Plaintiffs have not done so, and their Petition should be dismissed.

6.      Counts II of Plaintiffs' Petition is titled "Negligence: Premises Liability." In order to plead a cause of action for negligence, Plaintiffs must establish that Defendants owed a duty to Michael Grady to protect him from injury, that Defendants failed to perform under that duty, and that such failure caused his injuries. *Meekins v. St. John's Reg. Health Ctr.,* 149 S.W.3d 525, 532 (Mo. App. S.D. 2004). In this case, however, Plaintiffs do not allege facts that demonstrate that any Defendant owed any legal duty of care to Michael Grady and/or that that any Defendant breached any such duty. Without such facts, Plaintiffs have failed to state a claim against A-B for negligence. Counts II should be dismissed.

9.      To the extent Plaintiffs claim Michael Grady was a business invitee of A-B, Plaintiffs have still not stated a claim of negligence against A-B. First, Plaintiffs have not alleged sufficient facts to establish Michael Grady was an invitee on A-B premises. Second, Plaintiffs have not alleged sufficient facts demonstrating that A-B breached any duty owed to Michael Grady even if he was an invitee. Missouri law provides that the possessor of land owes invitees the duty to exercise reasonable care to protect the invitee against both known dangers and those that would be revealed by inspection. *Adams v. Badgett*, 114 S.W.3d 432, 438 (Mo. App. E.D. 2003. The duty does not include insuring an invitee's safety. *See Medows v. Brockmeier,* 863 S.W.2d 675, 676 (Mo. App. E.D. 1993). Plaintiffs have not alleged any facts with sufficient particularity to establish that A-B breached any duty owed to Michael Grady as an alleged

Electronically Filed - City of St. Louis - October 01, 2020 - 01:31 PM

invitee. As such, any claims against A-B that are based on an alleged duty owed to business invitees should be dismissed.

10.      Furthermore, to the extent Michael Grady was present on A-B premises as an invitee while a third-party contractor was in control of construction work on the premises, A-B cannot be held liable for Michael Grady's injuries. Under Missouri law, when a landowner relinquishes possession and control of the premises to an independent contractor during a period of construction, the independent contractor, not the landowner, is seen as the possessor of the land. The duty to use reasonable care to protect invitees shifts from the landowner to the independent contractor. *Noble v. Martin*, 908 S.W.2d 390, 391 (Mo. App. E.D. 1995). As such, any claims against A-B which are based upon alleged exposures that occurred while an unrelated third party was in control of the premises should be dismissed.

11.      Likewise, to the extent Plaintiffs are alleging Michael Grady was an employee or statutory employee[1] of A-B, Plaintiffs' claims against A-B are barred and subject to dismissal because this Court lacks statutory authority to grant relief in this case. The Missouri Workers' Compensation Law vests authority to decide claims related to employee injuries exclusively in the Missouri Labor and Industrial Relations Commission. Alternatively, and to the extent Michael Grady was not an employee or statutory employee of A-B, Plaintiffs have still failed to state a claim against A-B. A-B had no duty to provide a safe workplace to Michael Grady as a non-employee. In either instance, any claims against A-B that are based upon an alleged duty to provide a safe workplace to Michael Grady should be dismissed.

---

[1] The Missouri Workers' Compensation Law states, in relevant part, "Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business." §287.040.1, RSMo (2005).

Electronically Filed - City of St. Louis - October 01, 2020 - 01:31 PM

16.     In Count XII, Plaintiffs allege loss of consortium. Count XII fails to state a cause of action against A-B in that it is predicated on Count II. As set forth above, this count does not state a cause of action against A-B. A loss of consortium action derives from an injured spouse's action for injury and is dependent upon the establishment of defendant's liability for damages to the injured spouse. *Lear v. Norfolk and Western Railway Co.,* 815 S.W.2d 12, 14-15 (Mo. App. W.D. 1991); *Pease v. Ace Hardware Home Center of Round Lake,* 147 Ill. App. 3d 546 (1986). Count XII should be dismissed.

17.     Plaintiffs also pray for punitive damages in several counts. Punitive damages are appropriate, however, only where a defendant's conduct is outrageous because of an evil motive or reckless indifference to the rights of others. *Jacobs v. Bonser,* 46 S.W.3d 41, 45 (Mo.App. E.D. 2001). Here, Plaintiffs do not allege any specific action or inaction by A-B warranting a claim for punitive damages. As the facts alleged in the Petition do not constitute the outrageous conduct required for punitive damages, Plaintiffs' prayer for punitive damages should be stricken.

19.     Plaintiffs' Petition does not set forth any specific facts establishing that the City of St. Louis is the proper venue or forum for this case; therefore, it should be dismissed. §508.010.4, RSMo. (2014).

20.     Plaintiffs' claims are barred by the applicable statutes of limitations.

21.     Some or all of Plaintiffs' claims are barred by the applicable statutes of repose.

22.     A-B incorporates and adopts herein the motions and arguments made in response to Plaintiffs' Petition by the co-defendants in this cause of action, to the extent that they do not contradict the arguments raised in this Motion.

23.     In the alternative, A-B moves, pursuant to Rule 55.27(d) of the Missouri Rules of

Electronically Filed - City of St. Louis - October 01, 2020 - 01:31 PM

Civil Procedure, for an order requiring Plaintiffs to make their pleading more definite and particular to enable A-B to prepare a responsive pleading or otherwise prepare for trial.

WHEREFORE, Defendant Anheuser-Busch, LLC, prays for this Court's Order dismissing Plaintiffs' Petition against it or, alternatively, for an order directing Plaintiffs to plead their claims more definitely, and for such other and further relief as is proper under the circumstances.

**DEFENDANT ANHEUSER-BUSCH, LLC DEMANDS TRIAL BY JURY.**

Respectfully submitted,

COSMICH, SIMMONS & BROWN, LLC

By :   /s/ Ross S. Titzer
       Thomas L. Orris       #37416
       Matthew E. Pelikan   #57820
       Ross S. Titzer         #59581
       10 South Broadway, Suite 1100
       St. Louis, MO 63102
       314-735-2560
       314-552-7019 (Facsimile)
       tom.orris@cs-law.com
       matthew.pelikan@cs-law.com
       ross.titzer@cs-law.com
       citymail@cs-law.com

*Attorneys for Defendant Anheuser-Busch, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 1st day of October, 2020, I electronically filed the foregoing with the Clerk of the Court using the Missouri eFiling System, which sent notification of such filing to all counsel of record. I further certify that I signed or caused my electronic signature to be placed upon the original of the foregoing document.

/s/ Ross S. Titzer

Electronically Filed - City of St. Louis - October 01, 2020 - 01:31 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | No. 2022-CC09797 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY, *et al.,* | ) | |
| | ) | **JURY TRIAL** |
| Defendants. | ) | **DEMANDED** |
| | ) | |

## ENTRY OF APPEARANCE

COME NOW Thomas L. Orris, Matthew E. Pelikan, and Ross S. Titzer of Cosmich

Simmons & Brown LLC and enter their appearance on behalf of Defendant Anheuser-Busch,

LLC (incorrectly named "Anheuser-Busch INBEV Worldwide Inc.,").


Respectfully submitted,

COSMICH, SIMMONS & BROWN, LLC


By      /s/ Ross S. Titzer
        Thomas L. Orris        #37416
        Matthew E. Pelikan    #57820
        Ross S. Titzer        #59581
        10 South Broadway, Suite 1100
        St. Louis, MO 63102
        314-735-2560
        314-552-7019 (Facsimile)
        tom.orris@cs-law.com
        matthew.pelikan@cs-law.com
        ross.titzer@cs-law.com
        citymail@cs-law.com

*Attorneys for Defendant Anheuser-Busch, LLC*

Electronically Filed - City of St. Louis - October 01, 2020 - 01:31 PM

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of October, 2020, I electronically filed the foregoing with the Clerk of the Court using the Missouri eFiling System, which sent notification of such filing to all counsel of record. I further certify that I signed or caused my electronic signature to be placed upon the original of the foregoing document.

/s/ Ross S. Titzer

Electronically Filed - City of St. Louis - October 02, 2020 - 04:09 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| MONSANTO COMPANY et al. | ) ) | No: 2022-CC09797 |
| Defendants | ) ) ) | **DEFENDANT DEMANDS TRIAL BY JURY** |

### SPECIAL AND LIMITED ENTRY OF APPEARANCE FOR DEFENDANT TURTLE WAX, INC.

Comes now Attorney Gary L. Smith of the law firm Sandberg Phoenix & von Gontard LLP and hereby enters his appearance for Defendant Turtle Wax, Inc. in the above-captioned matter for the purpose of challenging jurisdiction.

SANDBERG PHOENIX & VON GONTARD LLP

*/s/ Gary L. Smith*
M. Ann Hatch, #42494
Gary L. Smith, #39068
Tracy Beckham Phipps, #53794
600 Washington Ave. 15th floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com

Attorneys for Defendant Turtle Wax, Inc.

Electronically Filed - City of St. Louis - October 02, 2020 - 04:09 PM

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2020, the above and foregoing pleading was filed electronically with the City of St. Louis Circuit Clerk's office by using the Missouri Electronic Document Management System which will send a notice of electronic filing to all counsel of record.


_/s/ Gary L. Smith_____


**Attorneys for Plaintiff**
Christopher W. Dysart
The Dysart Law Firm PC
16020 Swingley Ridge Rd. Ste 340
Chesterfield, MO 63017

Electronically Filed - City of St. Louis - October 02, 2020 - 04:12 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MONSANTO COMPANY et al. | ) | No: 2022-CC09797 |
| | ) | |
| | ) | **DEFENDANT DEMANDS** |
| | ) | **TRIAL BY JURY** |
| Defendants | ) | |

**DEFENDANT TURTLE WAX, INC.'S MOTION TO DISMISS
PLAINTIFFS' PETITION INCLUDING MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND SUGGESTIONS IN SUPPORT**

Defendant TURTLE WAX, INC. (hereafter "Defendant"), by its attorneys Sandberg Phoenix & von Gontard, P.C., pursuant to Rule 55.27(a), moves this Court for an Order dismissing Plaintiffs' Petition Based on Lack of Personal Jurisdiction, and in support thereof, states as follows:

**FACTUAL BACKGROUND**

Plaintiffs have filed this case against Defendant in the City of St. Louis. Plaintiffs allege Michael Grady developed a benzene-related disease based on his exposure to products containing benzene and other toxic chemicals and was diagnosed May 5, 2017.

Plaintiffs allege Michael Grady was secondarily exposed to benzene and other toxic chemicals from 1958 to 1972 from his father who worked at the Monsanto plant in Sauget, IL and his own employment at Motor Gas Station where he pumped gas and cleaned cars. Plaintiffs also allege Michael Grady was exposed to benzene and other toxic chemicals while working as mechanic at 155 Mobil Station in the City of St. Louis MO from 1977 to 1984 and while working as a union pipefitter and mechanical contractor at various locations in Missouri and Illinois from 1979 to 2018. Plaintiffs

Electronically Filed - City of St. Louis - October 02, 2020 - 04:12 PM

allege Michael Grady's exposure to products containing benzene and other toxic chemicals led him to develop multiple myeloma

Defendant is incorporated in Delaware with its principal place of business headquartered in Addison, Illinois. Consequently, Plaintiffs have not alleged the sufficient facts required to establish general or specific personal jurisdiction over Defendant in Missouri.

## ARGUMENT

There are two types of personal jurisdiction: specific and general. A court has specific jurisdiction over a defendant when the suit arises out of or relates to the defendant's contacts with the forum. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). Under Missouri law, a nonresident defendant is subject to specific personal jurisdiction only where the suit arises out of specific activities enumerated in the Missouri long-arm statute, RSMo. § 506.500, and the principles of due process are satisfied, i.e. where the defendant has "sufficient minimum contacts." *Noble v. Shawnee Gun Shop, Inc*., 316 S.W.3d 364 (Mo. App. W.D. 2010). General jurisdiction exists where a Plaintiffs' cause of action does not arise out of or relate to the defendant's contacts within the forum, but the nonresident defendant's contacts with the forum are "so 'continuous and systematic' as to render [the defendant] essentially at home" in the forum state. *Daimler, 134 S. Ct. at* 761 citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). *See also*, *BNSF Railway Co. v. Kelli Tyrrell, et al.*, __S. Ct. __, 2017 WL 2322834, at *10 (May 30, 2017). *Daimler* applies to all state-court assertions of general jurisdiction over nonresident defendants; the Fourteenth Amendment due process constraints discussed in *Daimler* do not vary with the type of claim or business involved in the lawsuit. *BNSF Railway Co.,* 2017 WL 2322834, at *10.

After a defendant raises an objection to personal jurisdiction, the Plaintiffs bear the burden of showing the court's exercise of jurisdiction is proper. *State ex rel. Specialized Transp., Inc. v. Dowd*, 265 S.W.3d 858, 862 (Mo. App. E.D. 2008). The Plaintiffs cannot rely on mere conclusions and

Electronically Filed - City of St. Louis - October 02, 2020 - 04:12 PM

must allege facts to carry its burden. *City of Fenton v. Executive International Inn, Inc*. 740 S.W.2d 338, 339 (Mo. App. E.D. 1987).  Here, Plaintiffs have not alleged sufficient facts and have not shown that either specific or general personal jurisdiction exists over Defendant; therefore, Plaintiffs' action should be dismissed.

### I.    Plaintiffs Lacks Specific Jurisdiction Over Defendant.

"[S]pecific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Goodyear*, 131 S. Ct. at 2851; *Bristol-Myers Squibb Co. v. Superior Court of California,* (Supreme Court, No. 16-466, June 19, 2017) slip op., at 5-6.  The commission of certain acts "in a State may be sufficient to render a corporation answerable in that State with respect to those acts, though not with respect to matters unrelated to the forum connections.  *Id*., at 2853 *citing Int'l Shoe*, 326 U.S. 310, 318 (1945). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant "focuses on `the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014); *See also*, *Andra v. Left Gate Prop. Holding, Inc*., 453 S.W.3d 216, 226 (Mo. banc. 2015).

For a nonresident defendant to be subject to specific personal jurisdiction in Missouri, the claims against the defendant must arise out of the activities enumerated in the Missouri long-arm statute and the defendant must have sufficient minimum contacts with Missouri to satisfy the principles of due process. *Chromalloy American Corp. v. Elyria Foundry Co*., 955 S.W.2d 1, 4 (Mo. banc. 1997); *See also, Noble*, 316 S.W.3d at 370.  The relevant portion of Missouri's long-arm statute states:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
> (1) The transaction of any business within this state;
> (2) The making of any contract within this state;

(3) The commission of a tortious act within this state;
(4) The ownership, use, or possession of any real estate situated in this state.

RSMo. § 506.500.

Where a claim does not arise out of one of the activities enumerated in the long-arm statute, there is no specific personal jurisdiction over the defendant. "Specific jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state." *Dever v. Hentzen Coatings, Inc*., 380 F.3d 1070 (8th Cir. 2004) citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 at 415–16 (1984). A defendant must have "'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or related to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Bristol-Myers Squibb Co.,* slip op., at 5.

In *Bristol-Myers Squibb Co. v. Superior Court of California*, the U.S. Supreme Court found that there was no specific personal jurisdiction over nonresidents' claims in California as they did not obtain the drug Plavix through California physicians, nor were they injured by Plavix in California or treated for their injuries in California. *Bristol-Myers Squibb Co.,* slip op., at 2. Plaintiffs attempted to combine the claims of California residents and nonresidents into a lawsuit to procure jurisdiction over the defendant. *Id*., at 1. However, as all the conduct giving rise to the nonresidents' claims occurred outside of California, the Supreme Court held California courts could not claim specific jurisdiction. *Id*., at 9.  The Court also noted that the requirements of *International Shoe* in establishing specific jurisdiction "must be met as to each defendant over who a state court exercises jurisdiction." *Id*., at 11.

In *State ex rel. Norfolk Southern Railway Co. v. Dolan*, 2017 WL 770977 (Mo. Feb. 28, 2017), the Missouri Supreme Court found no specific jurisdiction existed where defendant conducted railroad activities in Missouri, but the Plaintiffs were injured in Indiana by his work related to defendant's railroad in Indiana.  *Id*. While Plaintiffs argued that the injury arose out of the same

Electronically Filed - City of St. Louis - October 02, 2020 - 04:12 PM

"type" of railroad activities that defendant engaged in in Missouri, the Court stated that to "say this same conduct confers specific jurisdiction over suits the facts of which have no relationship to the forum state would be to turn specific jurisdiction on its head. There would never be a need to discuss general jurisdiction." *Id.*

While Plaintiffs does not need to "prove all the elements that form the basis of their claim" they must prove "'the acts contemplated by the statute took place' within the state" *Hollinger v. Sifers*, 122 S.W.3d 112, 116 (Mo. App. W.D. 2003). Additionally, as Missouri is a fact-pleading state, Plaintiffs "must allege ultimate facts" and "cannot rely on mere conclusions" to carry its burden. Rule 55.05; *City of Fenton*, 740 S.W.2d at 339. *See also,* Judge Dierker's Order in *Smith v. Union Carbide Corp. et. al*., No. 1422-CC00457, dated February 12, 2015.

Here, Plaintiffs have not adequately pled Plaintiffs' allegations of fact as required, and merely states conclusory allegations against all defendants which are insufficient to establish there is specific personal jurisdiction over this Defendant. Plaintiffs merely states that "Each Defendant is amenable to suit in the State of Missouri by reason of having sold, distributed and/or installed the aforementioned benzene-containing products in Missouri and/or by reason of having placed the same into the stream of commerce for use in Missouri, and/or by reason of having committed tortious acts against Plaintiffs in Missouri, and/or by maintaining a registered agent in Missouri."  These conclusory allegations fail to identify any act or transaction by Defendant that occurred within the State of Missouri.  Plaintiffs' petition is wholly insufficient to save the complaint from dismissal as the petition has failed to establish any connection between the Plaintiffs and the claims at issue to Defendant and the State of Missouri. [1]  Plaintiffs have not shown Plaintiffs' claims arise out of any contacts of Defendant with Missouri and in Missouri.

---

[1] *See generally*, *Hovsepian v. Crane Co*., 2016 WL 2997641 (E.D. Mo. 2016)(A lawsuit filed in St. Louis City was removed to federal court where the judge dismissed the case as the petition used similar conclusory language, and did "not identify any connection between the Plaintiffs and sale of moving defendants' products in Missouri or any tortious act committed against Plaintiffs in this state")

Electronically Filed - City of St. Louis - October 02, 2020 - 04:12 PM

As Plaintiffs have not carried their burden of showing the claims against Defendant arose out of any contacts of Plaintiffs and Defendant in Missouri or any tortious act committed against Plaintiffs by Defendant in Missouri, Plaintiffs have failed to establish specific personal jurisdiction over Defendant in Missouri.  Furthermore, Plaintiffs have not shown what minimum contacts Defendant has with Missouri which this claim arises from, such that the Court may establish specific personal jurisdiction over Defendant without violating due process. Consequently, Plaintiffs have failed to establish that specific personal jurisdiction exists over this Defendant.

**II.     There is No General Personal Jurisdiction Over Defendant in Missouri.**

While minimum contacts used to be a sufficient basis for general or specific personal jurisdiction in Missouri, recent U.S. Supreme Court rulings have significantly changed the general jurisdiction analysis.  *Davis v. Baylor University*, 976 S.W.2d 5, 7 (Mo.App. W.D. 1998).  The Supreme Court's rulings in *Daimler* and *Goodyear* have changed how courts interpret what constitutes contacts that are so "substantial and continuous" with the forum state as to satisfy the requirements of due process.  Recently, the Missouri Supreme Court has acknowledged that the test for general jurisdiction set out in *Daimler* is the law of Missouri, and the prior test of "continuous and systematic" business is no longer the law. *Norfolk Southern Railway Co.,* 2017 WL 770977.

Under *Daimler* and *Goodyear*, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 134 S.Ct at 760.  In the case of a corporation, it is the corporation's place of incorporation and principal place of business that are paradigm forums for general jurisdiction. *Id.,* citing *Goodyear,* 131 S. Ct. at 2853-2854.   These two locations "have the virtue of being unique … each ordinarily indicates only one place" and are "easily ascertainable." *Id*.

Additionally, the Supreme Court held that there may be "an exceptional case" where a corporation is subject to general jurisdiction in a forum other than forum of its incorporation or its

Electronically Filed - City of St. Louis - October 02, 2020 - 04:12 PM

principal place of business. *Id.*, 761 n. 19[2].  A state may have general jurisdiction over a defendant if that "corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.*  However, the "exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business'" would be "unacceptably grasping" *Id.* "A corporation that operates in many places can scarcely be deemed at home in all of them." *Id.*, at 762 n. 20; *See also, BNSF Railway Co.*, 2017 WL 2322834, at *10.  Otherwise, this "at home" test would be synonymous with the "doing business" tests that have framed a specific jurisdiction analysis.  *Id.*  "Nothing in *International Shoe* and its progeny suggests that 'a particular quantum of local activity' should give a State authority over a 'far larger quantum of . . . activity' having no connection to any in-state activity." *Id.*

Daimler itself concerned a lawsuit by foreign Plaintiffs brought against a foreign defendant, DaimlerChrysler Aktiengensellschaft, in California over events that occurred outside of the United States.  134 S.Ct at 750-751. The Plaintiffs argued that there was general personal jurisdiction over Daimler in California as it had an indirect subsidiary, Mercedes-Benz, USA LLC (MBUSA), that did business in California with multiple California based facilities. *Id.*, at 752.  The Court noted that neither Daimler nor MBUSA were incorporated or had a principal place of business in California. *Id.*, at 761. Additionally, the Court held that even if it was assumed that a subsidiary's jurisdiction could be imposed upon the parent company, MBUSA's California sales only made up 2.4% of Daimler's worldwide sales. *Id.*, at 766-767. Therefore, the Justices held that there was no general jurisdiction in California over Daimler, as these contacts were not sufficient to make Daimler "at

---

[2] In *Daimler*, the Supreme Court noted that *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952) "remains a textbook case of general jurisdiction" and it would be the type of case that falls into category of being an "exceptional case." *Id.*, at 755-756. In *Perkins*, the defendant was a corporation incorporated in the Philippines and it operating mines in the Philippines; however, it ceased operating its mines when Japan occupied the Philippines during World War II. *Id.*, citing *Perkins* 342 U.S. at 448. The president of the corporation moved to Ohio and kept an office there where maintained the company's files and oversaw the company's activities.  *Id.*  The Court held that general jurisdiction was proper in Ohio as "Ohio was the corporation's principal, if temporary, place of business." *Id.*

Electronically Filed - City of St. Louis - October 02, 2020 - 04:12 PM

home" in California, and if they were "the same global reach would presumably be available in every other State in which MBUSA's sales are sizeable." *Id.*, at 761.

Recently, in *BNSF v. Tyrell*, the Supreme Court affirmed the general personal jurisdiction requirements it described in *Daimler*.  In *BNSF*, the Plaintiffs sued defendant in the State of Montana.  *BNSF Railway Co.*, 2017 WL 2322834, at *3-*4.  The defendant was not incorporated in Montana and did not have its principal place of business in Montana. *Id.*  Further, though BNSF did conduct business in the State of Montana, the Plaintiffs did not allege any injuries from work done in Montana and never worked for the defendant in Montana. *Id.* at *4.  The Court held Montana did not have general jurisdiction over BNSF, because its in-state activity (i.e. conducting business in the state) alone was not so continuous and systematic to deem the corporation "at home" in Montana.  *Id.* at *10[3].

Since the *Daimler* decision, numerous other courts have applied its reasoning and declined to find general personal jurisdiction over non-forum defendants, including the Missouri Supreme Court in *Norfolk Southern Railway Co. v. Dolan*. 2017 WL 770977. The Court reviewed Norfolk Southern's contacts with Missouri and noted it had track in twenty-two states including Missouri, with 2% of its track in Missouri.  *Id.* It also generated more revenue from eleven other states and had more employees in thirteen other states.  *Id.* The Court held its Missouri contacts were insufficient to establish general jurisdiction under the principles set out in *Daimler*. *Id.*

Other cases applying *Daimler* include*, Mitchell v. Eli Lilly and Co.*, 159 F. Supp.3d 967 (E.D. Mo. 2016)(Plaintiffs sued defendant GlaxoSmithKline (GSX) in Missouri for an injury that occurred in Florida. Court applied *Daimler* and stated that GSX was incorporated in and maintains its principal place of business in Delaware and as Plaintiffs have not argued exceptional circumstances

---

[3] The Court noted BNSF had 2,061 miles of railroad track in Montana (roughly 6% of its total track), employed 2,100 workers in Montana (less than 5% of its workforce), generated less than 10% of its total revenue in Montana, and maintained only 4% of its automotive facilities in the State.  *BNSF Railway Co.*, 2017 WL 2322834, at *4.

Electronically Filed - City of St. Louis - October 02, 2020 - 04:12 PM

apply, there is no general personal jurisdiction over GSX.); *Beard v. Smithkline Beecham Corp*., 2016 WL 1746113 (E.D. Mo. 2016) (Foreign Plaintiffs brought an action against GSX in Missouri for an injury that occurred in Florida. The court found that GSX's marketing and selling of a product in Missouri did not make GSX's affiliations with the state so "continuous and systematic as to render them essentially at home in the forum state" therefore, there was no general personal jurisdiction over GSX.); *Ricks v. Armstrong Intern., Inc*. 2014 WL 2873189 (E.D. N.C. 2014)(There was no general jurisdiction over an defendant who was incorporated in and had its principal place of business in Massachusetts.  Having two work-at-home sales people, participation at a job fair, and having 9.86% of its sales come from the forum state was not sufficient to be considered so continuous and systematic that the defendant was "at home" in North Carolina.); *Brown v. CBS Corp*., 19 F. Supp. 390 (D. Conn. 2014)(Court found that defendant Lockheed was a Maryland corporation with a principal place of business in Maryland.  Although defendant's "contacts with Connecticut may appear substantial, when viewed in relation to its operations as a whole Lockheed's Connecticut activities account for a relatively trivial amount of its overall business." Therefore, the court found that it was not "at home" in Connecticut and there was no general jurisdiction.)

Judge Dierker in this Circuit has also dismissed a defendant under a *Daimler* analysis in *Smith v. Union Carbide Corp*., No. 1422-CC00457, opinion dated February 12, 2015. Plaintiffs brought suit against DuPont alleging exposure to asbestos attributable to DuPont that occurred in Oklahoma. *Id.,* at 1. DuPont was incorporated in and had its principal place of business in Delaware. *Id.,* at 3, 6. The Court found that specific jurisdiction was improper as the claims did not arise out of any of DuPont's contacts with Missouri. *Id.,* at 3.  The Court also found general jurisdiction was improper as DuPont was not incorporated in Missouri nor did it have its principal place of business in Missouri. *Id*., at 6. While DuPont had a subsidiary headquartered in Missouri, the Court found that "two different corporations are two different persons . . . even if one corporation is the sole shareholder of the other." *Id.,* at 6.  Additionally, the Court cited to *Daimler* in holding that a

Electronically Filed - City of St. Louis - October 02, 2020 - 04:12 PM

subsidiary does not automatically subject a foreign corporation to general personal jurisdiction. *Id*. The Court held that the Plaintiffs did not present any evidence indicating that this was an "exceptional case" as required under *Daimler* and dismissed DuPont for lack of personal jurisdiction. *Id*., at 6-7.

In the case at hand, general personal jurisdiction does not exist over Defendant. Defendant is not incorporated in Missouri, and it does not have its principal place of business in Missouri.  Nor does Defendant have sufficient "continuous and systematic" contacts with Missouri to render it "at home" under the reasoning of *Daimler* and *Norfolk Southern*. Moreover, Plaintiffs have not pled or demonstrated that Defendant's contacts with Missouri are sufficient under the due process requirements set by *Daimler*.

### III.    Defendant Has Not Consented to Jurisdiction in Missouri.

Additionally, Defendant has not consented to jurisdiction in Missouri.  Defendant has timely and properly objected to the lack of personal jurisdiction in this case.  Furthermore, the Missouri Supreme Court held that under the current business registration statutes of Missouri, having a registered agent in Missouri "does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present." *Norfolk Southern ,* 2017 WL 770977.   Therefore, Defendant has in no way consented to jurisdiction in Missouri.

### IV.    Plaintiffs Lacks General, Specific, or Consent Personal Jurisdiction Over Defendant.

Plaintiffs have failed to allege sufficient facts properly establishing that this Court has personal jurisdiction over Defendant.  Insufficient facts were alleged for Plaintiffs to carry the burden of establishing that Plaintiffs' injury arose out of some contact of Defendant's with Missouri as required under the Missouri long-arm statute.  Plaintiffs also failed to show that Defendant's alleged contacts with Missouri satisfy due process concerns to establish specific personal jurisdiction over

Electronically Filed - City of St. Louis - October 02, 2020 - 04:12 PM

Defendant.  Furthermore, under the principles of *Daimler*, there is no general personal jurisdiction over Defendant in Missouri, as Missouri is not Defendant's place of incorporation or principal place of business, nor does it have sufficient contacts that are so "continuous and systematic" to consider Defendant "at home" in Missouri.  Additionally, Defendant has not consented to personal jurisdiction in Missouri.

### IN THE ALTERNATIVE, DEFENDANT MOVES THAT THE COURT DISMISS PLAINTIFFS' PETITION FOR THE FOLLOWING:

Alternatively, Defendant, pursuant to Rule 55.27 of the Missouri Rules of Civil Procedure, moves this Court for an Order dismissing Plaintiffs' Petition for the following reasons:

1.    That the Petition fails to state a cause of action and fails to state claims upon which relief can be granted.  Where a Plaintiffs fails to state facts showing that Plaintiffs are entitled to relief, the petition should be dismissed.  *Jones v. St. Charles Cnty.*, 181 S.W.3d 197, 202 (Mo. App. E.D. 2005); *Int'l Div., Inc. v. DeWitt & Associates, Inc.,* 425 S.W.3d 225, 229 (Mo. App. S.D. 2014) (citing "a properly pleaded cause of action requires allegations of fact to support each essential element of the cause pleaded"); *See Whipple v. Allen*, 324 S.W.3d 447, 451 (Mo. App. E.D. 2010); *See Vaughn v. Genasci*, 323 S.W.3d 454, 456 (Mo. App. E.D. 2010).

2.    That the Petition makes only conclusory allegations and fails to identify with sufficient specificity the products exposed to, the dates of exposure, and the location of exposure to Defendant's products.  Where a petition contains only conclusions and does not contain facts or allegations from which to infer those facts, a motion to dismiss is properly granted.  *Amesquita v. Gilster-Mary Lee Corp.,* 408 S.W.3d 293, 298 (Mo. App. E.D. 2013); *Stein v. Novus Equities Co.,* 284 S.W.3d 597, 602 (Mo. App. E.D. 2009); *Bramon v. U-Haul, Inc.*, 945 S.W. 2d 676, 679 (Mo. App. E.D. 1997).

3.    That the Petition fails to allege that any exposure is a substantial factor in the proximate causation of Plaintiffs' injuries.  *Hagen v. Celotex Corp.*, 816 S.W.2d 667, 670 (Mo. banc. 1991);

Electronically Filed - City of St. Louis - October 02, 2020 - 04:12 PM

*Nesselrode v. Executive Beachcraft, Inc.,* 707 S.W.2d 371, 375-376, 381-382 (Mo. banc. 1986); *See also*, *Zafft v. Eli Lilly & Company*, 676 S.W.2d 241, 247 (Mo. banc. 1984).

4.      That the statute of limitations as set forth in §516.120 RSMo. and/or any other applicable state's law has expired.

5.      Plaintiffs' petition is barred by the statute of repose inasmuch as §516.097 RSMo. and/or any other applicable state's law provides for a statute of repose involving the design, planning or construction of an improvement to real property. This action is barred because it was brought more than ten (10) years after the improvement to real property which is alleged defective or unsafe was completed. Because this action was untimely brought, it should be dismissed accordingly.

6.      That the case should be transferred for improper venue pursuant to §508.010 RSMo. Because Plaintiffs were first injured outside of Missouri and Defendant is a corporation, §508.010 RSMo.(5) (1) is on point.  Defendant is not and was not registered in Missouri, so no venue is provided for under this rule.  Further, Plaintiffs did not have their principal place of residence in the state of Missouri at time of injury, so no venue is available under the second provision of the rule.  Because the Missouri ruses do not authorize venue in St. Louis City, this case should be transferred for improper venue.

7.      In the alternative, this case should be dismissed pursuant to the doctrine of *forum non conveniens*, as a more convenient forum exists in which to litigate this matter, and the interests of justice demand that this case be transferred for the convenience of all parties. *State ex. Rel. Chicago, Rock Island and Pacific Railroad Company v. Reiderer*, 454 S.W.2d 36 (Mo. banc. 1970); *Skewes v. Masterchem Industries, Inc.,* 164 S.W.3d 92 (Mo. App. E.D. 2005); *Chandler v. Multidata Systems International Corp.*, 163 S.W.3d 537 (Mo. App. E.D. 2005).

8.      To the extent the petition alleges that Plaintiffs were an employee of this defendant, Plaintiffs' cause of action is barred against this defendant by the exclusivity provisions of the Workers' Compensation Act as set forth in RSMo. §287.120 and/or any other state's applicable law.

Electronically Filed - City of St. Louis - October 02, 2020 - 04:12 PM

9.      The sole proximate cause of Plaintiffs' claimed injury was exposure to asbestos-containing products, equipment and/or materials manufactured, sold, distributed and/or installed by other entities.

10.     If, at the time of trial it is shown that Plaintiffs used products manufactured, supplied, distributed, or sold by Defendant and said products, or a portion thereof,  were supplied or sold to the United States Government or an officer, representative or agent thereof, or if those products were supplied or sold by the United Stated Government, Defendant raises any immunity from suit or from liability as conferred by the United States Government, and specifically moves to dismiss this claim based on the government contractor defense.

11.     To the extent that Plaintiffs have previously recovered any of Plaintiffs' damages by way of settlement or judgment, this Defendant is entitled to a set-off against any judgment taken against it in this cause for all sums paid in settlement or judgment to the Plaintiffs by another defendant or third-party defendant or any other party or person herein pursuant to RSMo. §537.060 and all other applicable state's statutes and Supreme Court Rules.

WHEREFORE, Defendant moves this Honorable Court for an Order dismissing all counts against it and for any other relief the Court deems as just based on the foregoing.


Respectfully submitted,

SANDBERG PHOENIX & von GONTARD P.C.


*/s/ Gary L. Smith*
M. Ann Hatch, #42494
Gary L. Smith, #39068
Tracy Beckham Phipps, #53794
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com

Attorneys for Defendant TURTLE WAX, INC.

Electronically Filed - City of St. Louis - October 02, 2020 - 04:12 PM

## CERTIFICATE OF SERVICE

      I hereby certify that on October 2, 2020 a true and accurate copy of the above and foregoing pleading was filed electronically with the City of St. Louis Circuit Clerk's office by using the Missouri Electronic Document Management System which will send a notice of electronic filing to all counsel of record.


                */s/ Gary L. Smith*
                Attorneys for Defendant


**Attorney for Plaintiffs:**
Christopher W. Dysart
The Dysart Law Firm PC
16020 Swingley Ridge Rd. Ste 340
Chesterfield, MO 63017

14

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 2022-CC09797 |
| MONSANTO COMPANY, et al., | ) ) | JURY TRIAL DEMANDED ON ALL CLAIMS AND DEFENSES |
| Defendants. | ) | |

**DEFENDANT SHELL OIL COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' PETITION**

Defendant, Shell Oil Company (hereinafter "Defendant"), by its attorneys, submits the following as its Answer and Affirmative Defenses to Plaintiffs' Petition:

**Jurisdiction and Venue**

1.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 1.

2.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 2.

3.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 3.

4.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 4.

5.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 5.

6.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 6.

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

7.      Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 7.

8.      Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 8.

9.      Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 9.

10.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 10.

11.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 11.

12.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 12.

13.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 13.

14.     Defendant admits Shell Oil Company is a Delaware corporation, in good standing with its principal place of business in Houston, Texas.  Defendant denies the remaining allegations in paragraph 14.

15.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 15.

16.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 16.

17.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 17.

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

Case No. 2022-CC09797

18.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 18.

19.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 19.

20.    The allegation in paragraph 20 is for definitional purposes only and, therefore, no response is required.

21.    Defendant denies the allegations in paragraph 21.

22.    Defendant denies the allegation in paragraph 22.

23.    The allegations in paragraph 23 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies it engaged in any wrongful acts and/or negligent conduct in the City of St. Louis and further denies that any act or omission on Defendant's part caused or contributed to cause plaintiffs' injuries and/or damages.

24.    The allegations in paragraph 24 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 24.

**<u>Allegations Common To All Counts</u>**

**1.  Plaintiff Michael Grady's Exposure Routes**

25.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 25.

26.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 26.

27.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 27.

28.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 28.

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

Case No. 2022-CC09797

29.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 29.

30.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 30.

31.     Defendant denies that Plaintiff Michael Grady worked with or around or was otherwise exposed to products manufactured, supplied, transported, or delivered by Defendant Shell Oil Company, including but not limited to benzene.  Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 31.

32.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 32.

33.     Defendant denies that Plaintiff Michael Grady worked with or around or was otherwise exposed to products manufactured, supplied, transported, or delivered by Defendant Shell Oil Company, including but not limited to benzene.

34.     Defendant denies that Plaintiff Michael Grady worked with or around or was otherwise exposed to products manufactured, supplied, transported, or delivered by Defendant Shell Oil Company, including but not limited to benzene.  Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 34.

35.     Defendant denies that Plaintiff Michael Grady worked with or around or was otherwise exposed to products manufactured, supplied, transported, or delivered by Defendant Shell Oil Company, including but not limited to benzene.  Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 35.

36.     Defendant denies that Plaintiff Michael Grady worked with or around or was otherwise exposed to products manufactured, supplied, transported, or delivered by Defendant

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

Case No. 2022-CC09797

Shell Oil Company, including but not limited to benzene. Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 36.

37.    Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 37.

38.    Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 38.

39.    Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 39.

40.    Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 40.

41.    Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 41.

42.    Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 42.

43.    Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 43.

## Facts Concerning Monsanto

44.    Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 44.

45.    Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 45.

46.    Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 46.

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

47.     Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 47.

48.     Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 48.

49.     Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 49.

50.     Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 50.

51.     Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 51.

52.     Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 52.

53.     Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 53.

54.     Defendant denies that Plaintiff Michael Grady worked with or around or was otherwise exposed to products manufactured, supplied, transported, or delivered by Defendant Shell Oil Company, including but not limited to benzene.  Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 54.

55.     Defendant denies that Plaintiff Michael Grady worked with or around or was otherwise exposed to products manufactured, supplied, transported, or delivered by Defendant Shell Oil Company, including but not limited to benzene.  Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 55.

56.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 56 and, therefore, denies those allegations.

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

## Count I

### Negligence: Premises Liability

### (Against Defendants Monsanto, Bayer, Solutia, Pharmacia, and Eastman Chemical)

The allegations in Count I are not directed at Defendant Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count I.

## Count II

### Negligence: Premises Liability

### (Against Defendants Anheuser-Busch InBev,

### Procter & Gamble, and Mallinckrodt/MI Holdings )

The allegations in Count II are not directed at Defendant Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count II.

## Count III

### Negligence: Premises Liability

### (Against Defendant ExxonMobil Oil Corporation)

The allegations in Count III are not directed at Defendant Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count III.

## Count IV

### Negligence As To Producer, Manufacturer, and Distributer of Benzene

### (Shell Oil Company)

102.    Defendant incorporates by reference its answers to all paragraphs of Plaintiff's Petition as if fully set forth herein.

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

103.    The allegations in paragraph 103 are for definitional purposes only and, therefore, no response is required.

104.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 104 and, therefore, denies those allegations.

105.    Defendant denies the allegations in paragraph 105.

106.    Defendant denies the allegations in paragraph 106.

107.    Defendant denies the allegations in paragraph 107.

108.    Defendant denies the allegations in paragraph 108.

109.    Defendant denies the allegations in paragraph 109, including but not limited to the allegations in subparagraphs (a) through (g), inclusive.

110.    Defendant denies the allegations in paragraph 110.

107.    Defendant denies the allegations in paragraph 111.

108.    Defendant denies the allegations in paragraph 112.

WHEREFORE, Defendant Shell Oil Company, by its attorneys, denies it is liable to Plaintiff Michael Grady under Count IV of Plaintiffs' Petition or under any Count or theory whatsoever, and prays that this Honorable Court enter judgment in favor of Defendant Shell Oil Company and award Defendant its costs and any other relief warranted under the circumstances.

## Count V

## Negligence As To Producer, Manufacturer, and Distributer of Benzene

### (ExxonMobil)

The allegations in Count V are not directed at Defendant Shell Oil Company and, therefore, no response is required.  To the extent a response is required, Defendant denies the allegations in Count V.

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

**Count VI**

**Negligence As To Producer, Manufacturer, and Distributer of Benzene**

**(Safety-Kleen, Turtle Wax, Mistic Metal Movers, United States Steel, Radiator Specialty)**

The allegations in Count VI are not directed at Defendant Shell Oil Company and, therefore, no response is required.  To the extent a response is required, Defendant denies the allegations in Count VI.

**Count VII**

**Strict Liability – Failure to Warn**

**(Shell Oil Company, Safety-Kleen, ExxonMobil, Turtle Wax,**

**Mistic Metal Movers, United States Steel, and Radiator Specialty)**

133.    Defendant incorporates by reference its answers to all paragraphs of Plaintiffs' Petition as if fully set forth herein.

134.    Defendant denies the allegations in paragraph 134.

135.    Defendant denies the allegations in paragraph 135.

136.    Defendant denies the allegations in paragraph 136.

137.    Defendant denies the allegations in paragraph 137.

138.    Defendant denies the allegations in paragraph 138.

139.    Defendant denies the allegations in paragraph 139.

140.    Defendant denies the allegations in paragraph 140.

141.    Defendant denies the allegations in paragraph 141.

142.    Defendant denies the allegations in paragraph 142.

WHEREFORE, Defendant Shell Oil Company, by its attorneys, denies it is liable to Plaintiff Michael Grady under Count VII of Plaintiffs' Petition or under any Count or theory

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

whatsoever, and prays that this Honorable Court enter judgment in favor of Defendant Shell Oil

Company and award Defendant its costs and any other relief warranted under the circumstances.

## Count VIII

## <u>Strict Liability – Defective Product</u>

**(Shell Oil Company, Safety-Kleen, ExxonMobil, Turtle Wax,**

**Mistic Metal Movers, United States Steel, and Radiator Specialty)**

143.    Defendant incorporates by reference its answers to all paragraphs of Plaintiffs'

Petition as if fully set forth herein.

144.    Defendant denies the allegations in paragraph 144.

145.    Defendant denies the allegation in paragraph 145, including but not limited to the

allegations in subparagraphs (a) through (e), inclusive.

146.    Defendant denies the allegations in paragraph 146.

147.    Defendant denies the allegations in paragraph 147.

148.    Defendant denies the allegations in paragraph 148.

149.    Defendant denies the allegations in paragraph 149.

150.    Defendant denies the allegations in paragraph 150.

WHEREFORE, Defendant Shell Oil Company, by its attorneys, denies it is liable to

Plaintiff Michael Grady under Count VIII of Plaintiffs' Petition or under any Count or theory

whatsoever, and prays that this Honorable Court enter judgment in favor of Defendant Shell Oil

Company and award Defendant its costs and any other relief warranted under the circumstances.

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

Case No. 2022-CC09797

**Count IX**

**<u>Negligence – Failure to Warn</u>**

**(Shell Oil Company, Safety-Kleen, ExxonMobil, Turtle Wax,**

**Mistic Metal Movers, United States Steel, and Radiator Specialty)**

151.     Defendant incorporates by reference its answers to all paragraphs of Plaintiff's
Petition as if fully set forth herein.

152.     Defendant denies the allegations in paragraph 152.

153.     Defendant denies the allegations in paragraph 153.

154.     Defendant denies the allegations in paragraph 154.

155.     Defendant denies the allegations in paragraph 155.

156.     Defendant denies the allegations in paragraph 156.

157.     Defendant denies the allegations in paragraph 157.

158.     Defendant denies the allegations in paragraph 158.

159.     Defendant denies the allegations in paragraph 159.

160.     Defendant denies the allegations in paragraph 160.

161.     Defendant denies the allegations in paragraph 161.

162.     Defendant denies the allegations in paragraph 162.

WHEREFORE, Defendant Shell Oil Company, by its attorneys, denies it is liable to
Plaintiff Michael Grady under Count IX of Plaintiffs' Petition or under any Count or theory
whatsoever, and prays that this Honorable Court enter judgment in favor of Defendant Shell Oil
Company and award Defendant its costs and any other relief warranted under the circumstances.

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

Case No. 2022-CC09797

**Count X**

**Negligence – Defective Design**

**(Shell Oil Company, Safety-Kleen, ExxonMobil, Turtle Wax,**

**Mistic Metal Movers, United States Steel, and Radiator Specialty)**

163.    Defendant incorporates by reference its answers to all paragraphs of Plaintiff's Petition as if fully set forth herein.

164.    Defendant denies the allegations in paragraph 164.

165.    Defendant denies the allegations in paragraph 165.

166.    Defendant denies the allegations in paragraph 166.

167.    Defendant denies the allegations in paragraph 167, including but not limited to the allegations in subparagraphs (a) through (g), inclusive.

168.    Defendant denies the allegations in paragraph 168.

169.    Defendant denies the allegations in paragraph 169.

170.    Defendant denies the allegations in paragraph 170.

171.    Defendant denies the allegations in paragraph 171.

172.    Defendant denies the allegations in paragraph 172.

173.    Defendant denies the allegations in paragraph 173.

WHEREFORE, Defendant Shell Oil Company, by its attorneys, denies it is liable to Plaintiff Michael Grady under Count X of Plaintiffs' Petition or under any Count or theory whatsoever, and prays that this Honorable Court enter judgment in favor of Defendant Shell Oil Company and award Defendant its costs and any other relief warranted under the circumstances.

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

**Count XI**

**Negligence X-Ray Testing**

**(St. Louis Testing)**

The allegations in Count XI are not directed at Defendant Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count XI.

**Count XII**

**Consortium**

**(All Defendants)**

182.    Defendant incorporates by reference its answers to all paragraphs of Plaintiff's Petition as if fully set forth herein.

183.    Defendant denies the allegations in paragraph 183.

WHEREFORE, Defendant Shell Oil Company, by its attorneys, denies it is liable to Plaintiff Kathleen Grady under Count XII of Plaintiffs' Petition or under any Count or theory whatsoever, and prays that this Honorable Court enter judgment in favor of Defendant Shell Oil Company and award Defendant its costs and any other relief warranted under the circumstances.

**AFFIRMATIVE DEFENSES TO ALL COUNTS**

Defendant, Shell Oil Company ("Defendant" or "Shell Oil Company"), by its attorneys, submits the following as its Affirmative Defenses to Plaintiffs' Petition:

1.      FAILURE TO STATE A CLAIM

Plaintiffs' Petition and all purported causes of action stated therein fail to state a claim or a cause of action against this Defendant upon which relief can be granted.

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

2.      LACK OF SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction over the incidents and persons joined in this

matter.

3.      IMPROPER VENUE

Venue is improper, so the Petition should be dismissed.

4.      *FORUM NON CONVENIENS*

Plaintiffs' action should be dismissed pursuant to the doctrine of *forum non conveniens.*

5.      FAILURE TO JOIN NECESSARY AND/OR INDISPENSABLE PARTIES

The Petition fails to join necessary and/or indispensable parties.  Thus, Plaintiffs' claims

are barred.

6.      DE MINIMIS EXPOSURE

If Plaintiff Michael Grady was exposed to any products of this Defendant, which is

specifically denied, then such exposure was inconsequential or de minimis, thus barring any

recovery by Plaintiffs.

7.      STATUTE OF LIMITATIONS OR REPOSE

Plaintiffs' claims are barred by the applicable statutes of limitations or repose, including,

but not limited to, Mo. Rev. Stat. §§ 516.120 and 537.080.  In addition, to the extent Illinois law

governs this matter, Plaintiffs' claims are barred by 735 ILCS 5/13-202 (statute of limitations)

and/or 735 ILCS 5/13-213 (statute of repose).

8.      LACHES, ESTOPPEL AND WAIVER

Plaintiffs unreasonably delayed in bringing this action against this Defendant in a way

which prejudiced its rights.  Therefore, Plaintiffs' causes of action are barred by the doctrines of

laches, estoppel, and/or waiver.

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

Case No. 2022-CC09797

9.    <u>RELEASE</u>

Plaintiffs' claims have been released or assigned to others.  Alternatively, Plaintiffs'

claims are barred by res judicata, release, settlement, merger and bar, accord and satisfaction,

and/or collateral estoppel.

10.    <u>ASSUMPTION OF THE RISKS</u>

Plaintiff Michael Grady knew, understood, and appreciated the risks and hazards

involved in the products and any such risks were open, obvious, and apparent to him.  Therefore,

Plaintiffs' causes of action against this Defendant are barred by Plaintiff Michael Grady's

assumption of the risks.

11.    <u>COMPARATIVE FAULT</u>

If Plaintiffs sustained any injury or damages, which this Defendant denies, such injuries

or damages were directly and proximately caused or contributed to, in whole or in part, by

Plaintiff Michael Grady's own culpable conduct, negligence, and/or fault.  Therefore, said fault

would bar or reduce recovery in proportion to the culpable conduct and negligence of Plaintiff

Michael Grady.

12.    <u>IMPROPER USE</u>

Plaintiff Michael Grady neither used this Defendant's products as reasonably anticipated

by this Defendant, nor for the purposes intended by this Defendant.  Therefore, if Plaintiffs

sustained any injury or damages, which this Defendant denies, such injuries or damages were

directly and proximately caused by Plaintiff Michael Grady's misuse or improper use of this

Defendant's products.

13.    <u>FAILURE TO USE ORDINARY CARE</u>

Plaintiff Michael Grady unreasonably failed to appreciate the dangers involved in the use

of the products alleged in Plaintiffs' Petition or the consequences thereof.  Thus, Plaintiff

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

Case No. 2022-CC09797

Michael Grady unreasonably exposed himself to the dangers that a reasonably careful user would reasonable appreciate under the same or similar circumstances.

14.    SOLE CAUSE

Defendant Shell Oil Company did not design, manufacture, distribute, market, sell, install, remove, or service the products to which Plaintiffs allege Plaintiff Michael Grady was exposed, and Defendant Shell Oil Company did not own, operate, manage, supervise, or otherwise control any of the premises where Plaintiffs allege Plaintiff Michael Grady was exposed.  Other parties, non-parties, persons, or entities, and not Shell Oil Company, are solely liable for all products, premises, services, conduct, actions, or inactions relating to Plaintiff Michael Grady's alleged exposures for which Shell Oil Company has been sued.  Shell Oil Company is not a successor-in-interest to, nor has it assumed by any other means or in any other manner, the debts, duties, liabilities, or obligations of any such parties, non-parties, persons, or entities.  Plaintiffs' claims against Shell Oil Company are barred by, among other things, the successor corporate non-liability doctrine and all other applicable laws, statutes, regulations, and doctrines.

15.    INTERVENING CAUSE

The culpable conduct and/or negligence of third-parties, not under the control of this Defendant was a direct and proximate cause of the alleged injuries of Plaintiff Michael Grady and/or Plaintiffs.  Such conduct or negligence was an intervening or superseding cause, which prohibits the imposition of liability on this Defendant.

16.    CONTROL

Shell Oil Company avers that it is not liable if it did not control the premises or work at issue to the extent necessary to make Shell Oil Company liable as alleged by Plaintiffs.

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

Case No. 2022-CC09797

17.    NO LEGAL DUTY OWED OR BREACHED

Plaintiffs are barred from recovery for some or all of the claims asserted against Shell Oil Company because Shell Oil Company did not owe any legal duty to Plaintiffs or, if Shell Oil Company owed a legal duty, Shell Oil Company did not breach that duty.

18.    NO INDIFFERENCE OR CONSCIOUS DISREGARD

Plaintiffs failed to allege facts from which it can be reasonably inferred to the level of clear and convincing proof that Shell Oil Company acted with complete indifference to or conscious disregard for the safety of others.

19.    NO DUTY TO WARN

Shell Oil Company would further show that if the products used by or around Plaintiff Michael Grady were manufactured, distributed, or sold by Shell Oil Company or present, used, or installed on Shell Oil Company's premises, which is denied, then they were distributed and sold for use in a limited market by a limited class of workers who have held themselves out as having special knowledge and experience in the handling of this material.  Upon information and belief, Plaintiff Michael Grady was an experienced member of that limited class of skilled individuals upon whose special knowledge and expertise concerning the danger of the product, if any, Shell Oil Company was entitled to rely.  Shell Oil Company contends that it had no duty to warn of danger which Plaintiff Michael Grady knew, or should have known, as a result of Plaintiff Michael Grady's special knowledge or expertise in the handling of these products or on these premises.

If, in the alternative, Plaintiff Michael Grady was not a member of the limited class of workers who have held themselves out as having special knowledge and experience in the handling of these products, the scope of any duty to warn on the part of Defendant did not extend to Plaintiff Michael Grady as a non-user of any of the products.

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

20.    <u>ALL REQUIRED WARNINGS WERE GIVEN</u>

If a duty to warn is found to have existed, then Shell Oil Company asserts that it provided all required warnings regarding its products to people to whom Shell Oil Company sold its products and to people who used their products, and if Plaintiff Michael Grady did not receive these warnings, then it was because the products were supplied in bulk and the people to whom Shell Oil Company sold its products did not pass the product warnings along to Plaintiff Michael Grady, without fault of Shell Oil Company.

21.    <u>NO FORESEEABLE RISK OF HARM</u>

Defendant did not have a duty to warn Plaintiff Michael Grady, as its products did not represent a foreseeable risk of harm to Plaintiff Michael Grady.

22.    <u>FAILURE TO MITIGATE</u>

Plaintiffs, individually or collectively, failed to mitigate their damages, which bars or reduces their recovery.

23.    <u>CONSTITUTIONAL DEFENSES AGAINST PUNITIVE DAMAGES</u>

Plaintiffs' Petition fails to state a cause of action upon which either punitive or exemplary damages can be awarded because it violates the United States and/or Missouri Constitutions, including, but not limited to, the following particulars:

(a)    Plaintiffs' claim for punitive damages is barred by the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the Missouri Constitution;

(b)    Plaintiffs' claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment;

(c)    Plaintiffs' claim for punitive damages violates Defendant's right to equal

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

protection under the law provided in the Fifth and Fourteenth Amendments of the United States Constitution and is otherwise unconstitutional under the United States Constitution and the Missouri Constitution;

(d)     Plaintiffs' claim for punitive damages violates Defendant's right to substantive due process and provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Missouri Constitution;

(e)     Plaintiffs' claim for punitive damages violates the Contract Clause of the United States Constitution;

(f)     Plaintiffs' claim for punitive damages violates the Fourth and Sixth Amendments to the United States Constitution;

(g)     Plaintiffs' claims for punitive damages are barred by the Commerce Clause of the United States Constitution, Article I, § 8, cl. 3, because the transactions alleged in Plaintiffs' Petition took place in interstate commerce, and the imposition of punitive damages on a defendant for transactions in interstate commerce unduly burdens that commerce.  In addition, Shell Oil Company maintains its principal place of business outside this State, and imposition of punitive damages on an out-of-state defendant would unreasonably discriminate against interstate commerce; and

(h)     Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by principles of federalism embodied in the Constitution, to the extent that

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

claim is based on any conduct by Shell Oil Company that occurred outside this State. No legitimate interest of this State can be served by the imposition of punitive damages based on conduct that occurred outside this State, and therefore Due Process prohibits the award of punitive damages based on such conduct.

The claim for punitive damages violates the United States Constitution and Missouri Constitution for, but not limited to, the following reasons:

(aa)    The jury is given unfettered discretion to award punitive damages on vague grounds with no objective standards;

(bb)    A presumption of innocence is not applied;

(cc)    Specific intent is not required;

(dd)    A unanimous jury verdict is not required;

(ee)    The purpose is the punishment of Defendant and is tantamount to the imposition of a criminal fine based upon conduct which is not defined with sufficient precision to give Defendant advanced notice of that conduct;

(ff)    Although indistinguishable from a criminal penalty, a letter standard of proof and procedural safeguards is required than in criminal cases;

(gg)    Multiple awards of punitive damages can be made for the same acts or omissions;

(hh)    The imposition of punitive damages would constitute an excessive fine;

(ii)    Missouri law fails to require that any award of punitive damages bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

legislature;

(jj)     Such punishment is retrospective in operation, constituting an uncertain remedy and impairing Defendant's access to the courts;

(kk)    The law of Missouri governing punitive damages provides inadequate procedural protections against arbitrary or erroneous awards of such damages and Missouri may constitutionally award punitive damages only if the law of Missouri provides significant and effective procedural protections to Shell Oil Company, which the law of Missouri does not;

(ll)     Shell Oil Company lacked adequate notice either of the type of conduct that could warrant an award of punitive damages under the law of this State, or of the amount of such damages that could be awarded;

(mm)   Joint and several judgments against multiple defendants for different alleged acts of wrongdoing may result;

(nn)    Joint and several liability imposes on an alleged tortfeasor a liability in excess of the responsibility of that alleged tortfeasor as found by the Jury and such excess is effectively a fine, bearing no relation to the conduct or state of mind of the alleged tortfeasor;

(oo)    The imposition of different penalties for the same or similar acts may be the result of an imposition of punitive damages, constituting an irrational, arbitrary and capricious punishment;

(pp)    Punitive damages, as awarded in Missouri, impermissibly discriminate against corporate defendants, including the defendant in this case, that are organized under the laws of other States and that maintain their principal places of business in other States;

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

(qq)    Punitive damages, as awarded in Missouri, impermissibly discriminate on the basis of wealth because the law of this State permits the introduction of evidence of Shell Oil Company's financial condition or 'net worth' with respect to the quantum of punitive damages.

In the alternative, Shell Oil Company pleads and invokes any and all standards for recovery and limitations on the amount of recovery for punitive or exemplary damages to the full extent provided by Missouri law or any other applicable law.

24.    <u>PUNITIVE DAMAGES BARRED FOR OUT-OF-STATE CONDUCT</u>

Shell Oil Company states that Plaintiffs' claims for punitive damages are barred in that a jury cannot constitutionally impose punitive damages for out-of-state conduct.

25.    <u>DUPLICATIVE PUNITIVE DAMAGES</u>

Plaintiffs' claims for punitive damages are barred if those claims are duplicative of claims for punitive damages on the basis of similar allegations in other cases.  In the alternative, any punitive damages awarded to Plaintiffs should be offset by the amount of damages assessed against Shell Oil Company in other similar actions, if any.

26.    <u>WORKERS' COMPENSATION</u>

To the extent that Plaintiff Michael Grady's exposure to benzene or benzene-containing products, for which Plaintiffs seek recovery against this Defendant, occurred while Plaintiff Michael Grady was employed by Shell Oil Company, he should be considered a statutory employee under the Missouri Worker's Compensation Act, RSMo. § 287.040.1, and under which the Labor and Industrial Relations Commission is the proper entity to hear Plaintiffs' claims.  If another State's worker's compensation act applies, that act would determine the proper entity for Plaintiffs' claims.

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

27.    IMPROPER IMPOSITION OF RETROACTIVE LIABILITY

Plaintiffs' claims are barred to the extent they seek to impose liability retroactively for conduct that was not actionable at the time it occurred.  If it is determined that products allegedly manufactured, distributed, or sold by Shell Oil Company were used in accordance with the designs and specifications of the United States of America, any state or political subdivision of any state, the claims against Shell Oil Company are barred.

28.    IMMUNITY

If it is determined that Plaintiff Michael Grady was exposed to any products allegedly manufactured, distributed, or sold by Shell Oil Company, which products or components of those products were acquired from or sold by or used on behalf of the United States of America, any state or any political subdivision of any state, then Shell Oil Company is entitled to any sovereign or governmental immunity available to the United States, any state or any political subdivision of the state.

29.    PREEMPTION

Some or all of the claims of Plaintiffs are preempted by federal legislation.

30.    STATE OF THE ART

Shell Oil Company states that it is not now, nor has it ever been, engaged in the manufacture or distribution of any product which has caused, or which was capable of causing, the injuries alleged to have been sustained by Plaintiffs and/or Plaintiff Michael Grady.  If it is determined that Shell Oil Company did design, manufacture or market any such products, then, under applicable law, Shell Oil Company denies any defects in its products by way of product, design or manufacturing defect and avers that, at all pertinent times, its products were reasonably fit and suited for the purpose for which they were manufactured and intended, and were

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

delivered with such advice as was consistent with the state of the existing medical and industrial art.

The state of the medical and scientific knowledge, the published literature and other materials reflecting said state of the art at all relevant times was such that this Defendant neither knew, nor could have known that its products presented a foreseeable risk of harm, if any, to the Plaintiff Michael Grady in the normal and expected use of these products, according to the law in full force and effect at the time of the transactions complained of.  Thus, said products were neither defective, nor unreasonably dangerous.  The methods, standards and techniques of selling, distributing or installing any asbestos-containing products by this Defendant were performed in conformity with the generally recognized state of the art existing at the time such products were sold, distributed or installed by this Defendant and placed in the stream of commerce.

Shell Oil Company avers that it did not know, and in light of the existing reasonably available scientific and technological knowledge, could not have known, of (1) the product characteristics, if any, that allegedly caused or contributed to the injuries and damages complained of herein or the alleged danger of such characteristics, or (2) any alternative design or product available.  Shell Oil Company further avers that any alternative design or product was not feasible or available, either scientifically or technologically, or economically practical.  The state of the medical, scientific and industrial knowledge, art and practice was at all times such that Shell Oil Company neither breached any alleged duty owed to Plaintiffs or Plaintiff Michael Grady, nor knew, nor could have known, that any products allegedly attributable to Shell Oil Company presented a foreseeable risk of harm to Plaintiffs or Plaintiff Michael Grady in connection with the normal and expected use of such products.

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

Case No. 2022-CC09797

31.    UNAVOIDABLY UNSAFE PRODUCT

While denying at all times that any products allegedly manufactured, distributed, or sold by Shell Oil Company caused or contributed to the injuries and damages alleged in the Plaintiffs' Petition, Shell Oil Company avers that Plaintiff Michael Grady was warned or otherwise was aware of the alleged dangers of benzene and benzene-containing products and further, that any such dangers, if they existed, were not beyond that which would have been contemplated by an ordinary industrial user of benzene and benzene-containing products.  Plaintiffs, therefore, are barred from any recovery against Shell Oil Company on the claims asserted due to the fact that there was no known adequate substitute for the benzene or benzene-containing products.  Said products constituted unavoidably unsafe products, the benefits of which outweighed any alleged damages or injuries caused by the same.

32.    CHANGE IN PRODUCT

All or some products to which Plaintiff Michael Grady was allegedly exposed may have been in a substantially changed condition or may have been altered or mishandled since the time said products left the control of this Defendant.  Such abuse or misuse may constitute the sole proximate cause, or an intervening or superseding cause of Plaintiffs' and/or Plaintiff Michael Grady's alleged injuries or damages.

33.    VALID BUSINESS PURPOSE

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of Shell Oil Company was undertaken in good faith for a valid business purpose.

34.    UNRELATED CAUSES

Shell Oil Company would show that Plaintiff Michael Grady's diseases or medical problems or disabilities, if any, are in no way related to any alleged exposure to products allegedly manufactured, distributed, or sold by Shell Oil Company.  Shell Oil Company would

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

Case No. 2022-CC09797

further show that Plaintiffs' and/or Plaintiff Raymond York's damages were caused or aggravated by other exposures or other causes or instrumentalities, and not related to any exposure to products manufactured, distributed, or sold by Shell Oil Company.

35.    ALLOCATION OF FAULT

Defendant alleges that one or more of the parties to this action and/or other persons whose identities are not presently known were negligent or legally responsible or otherwise at fault for the damages alleged in Plaintiffs' Petition.  Therefore, Defendant requests that in the event of any award against it, whether by settlement or judgment, an apportionment of fault be made by the Court or jury as to all parties pursuant to R.S.Mo. §537.067.  Defendant further requests a judgment or declaration of indemnification and contribution against all those parties or persons in accordance with the apportionment of fault.

36.    RIGHT TO SETOFF OR CREDIT

Pursuant to R.S. Mo. §537.060, this Defendant is entitled to a setoff and/or credit equal to the total amount for which Plaintiffs have agreed to settle with any third-party and/or defendant named in Plaintiffs' Petition, or the total amount of consideration paid by such third-parties and/or defendants, whichever is greater.  Said credit includes all settlements with defendants dismissed from this action, pre-trial settlements, and post-trial settlements.

37.    BAR BY §402A OF THE RESTATEMENT (SECOND) OF TORTS, COMMENT i

Plaintiffs' claims are barred, in whole or in part, by § 402A of the Restatement (Second) of Torts, comment i.

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

Case No. 2022-CC09797

38.    ADDITIONAL DEFENSES

Defendant will assert any and all additional defenses which become available or appear during discovery proceedings in this action.  Defendant specifically reserves the right to amend its Answer for the purpose of asserting such additional affirmative defenses.

39.    ADOPTION OF OTHER DEFENDANTS' DEFENSES

Defendant adopts and asserts any affirmative defenses raised or asserted by other defendants to this action that are also applicable to this Defendant.

**Defendant reserves its right to assert Affirmative Defenses based on the law of any other State where Plaintiffs claim Plaintiff Michael Grady was allegedly exposed to benzene and/or benzene-containing products.  The foregoing includes but is not limited to the State of Illinois.**

WHEREFORE, Shell Oil Company, by its attorneys, having answered Plaintiffs' Petition in its entirety, denies it is liable to Plaintiffs under any theory whatsoever and denies that Plaintiffs are entitled to a judgment against it for any amount whatsoever and requests this Court enter an Order dismissing Shell Oil Company with prejudice, with costs taxed to Plaintiffs and for any other relief the Court deems appropriate under the circumstances.

**DEFENDANT SHELL OIL COMPANY DEMANDS TRIAL BY JURY ON ALL COUNTS AND ALL AFFIRMATIVE DEFENSES.**

Electronically Filed - City of St. Louis - October 08, 2020 - 12:27 PM

Case No. 2022-CC09797

FOX SMITH, LLC


By:   /s/ Richard B. Korn
      Richard B. Korn, #54570
      rkorn@foxsmithlaw.com
      One S. Memorial Drive, 12th Floor
      St. Louis, MO 63102
      (314) 588-7000
      (314) 588-1965 (Fax)

      ATTORNEYS FOR DEFENDANT
      SHELL OIL COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2020, I electronically filed the foregoing with the Missouri Courts E-Filing System pursuant to Missouri Rule of Civil Procedure 103.08 which will send notification of such filing(s) to the following:

| | |
|---|---|
| Mr. Christopher W. Dysart | Mr. Gary L. Smith |
| Dysart Law Firm, P.C. | Ms. M. Ann Hatch |
| 16020 Swingley Ridge Rd., Suite 340 | Sandberg Phoenix & von Gontard P.C. |
| Chesterfield, MO 63017 | 600 Washington Avenue, 15th Floor |
| Phone: 636-590-7110 | St. Louis, MO 63101-1313 |
| E-mail: cdysart@dysart-law.com; | Phone: 314-231-6700 |
| rspeichinger@dysart-law.com; | E-mail: gsmith@sandbergphoenix.com |
| mduffy@dysart-law.com | E-mail: ahatch@sandbergphoenix.com |

ATTRONEYS FOR PLAINTIFFS          ATTORNEYS FOR TURTLE WAX, INC.


/s/ Richard B. Korn

Electronically Filed - City of St. Louis - October 08, 2020 - 01:15 PM

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

| | |
|---|---|
| MICHAEL GRADY and<br>KATHLEEN GRADY, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 2022-CC09797 |
| MONSANTO COMPANY, | ) |
| | ) |
| SAFETY-KLEEN SYSTEMS INC., | ) |
| | ) |
| MALLINCKRODT, LLC, | ) |
| | ) |
| MI HOLDINGS, INC., | ) |
| | ) JURY TRIAL DEMANDED |
| SOLUTIA INC., | ) |
| | ) |
| EASTMAN CHEMICAL COMPANY,<br>Individually and as successor to Solutia Inc., | ) |
| | ) |
| PHARMACIA & UPJOHN COMPANY LLC, | ) |
| | ) |
| EXXONMOBIL OIL CORPORATION, as successor<br>to Mobil Oil Corporation (D/B/A Mobil Oil), | ) |
| | ) |
| ANHEUSER-BUSCH INBEV WORLDWIDE INC., | ) |
| | ) |
| PROCTER & GAMBLE MANUFACTURING CO., | ) |
| | ) |
| SHELL OIL COMPANY, Individually and as<br>successor to Shell Oil Company, Incorporated, Shell<br>Chemical LP (f/k/a Shell Chemical Company), and<br>Shell Oil Products Company, | ) |
| | ) |
| BAYER CORP. a/k/a BAYER HEALTHCARE<br>PHARMACEUTICALS, | ) |
| | ) |
| RADIATOR SPECIALTY COMPANY, | ) |
| | ) |
| UNITED STATES STEEL CORPORATION, | ) |
| | ) |
| MISTIC METAL MOVER, INC., | ) |
| | ) |
| TURTLE WAX, INC., | ) |
| | ) |

Electronically Filed - City of St. Louis - October 08, 2020 - 01:15 PM

| ST. LOUIS TESTING LABORATORIES, INC. | ) |
|---|---|
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S MEMORANDUM OF FILING RETURN OF SERVICE**

COMES NOW, Plaintiffs Michael Grady and Kathleen Grady, by and through his counsel, Christopher W. Dysart, and hereby files their Affidavit of Service with regard to summons served upon the following Defendants:

Defendants served on September 14, 2020:
1. ANHEUSER-BUSCH INBEV WORLDWIDE INC.,
2. EASTMAN CHEMICAL COMPANY,
3. MALLINCKRODT, LLC,
4. MI HOLDINGS, INC.,
5. MONSANTO COMPANY,
6. PHARMACIA & UPJOHN COMPANY LLC,
7. PROCTER & GAMBLE MANUFACTURING CO.,
8. SAFETY-KLEEN SYSTEMS INC.,
9. SOLUTIA INC.,
10. ST. LOUIS TESTING LABORATORIES, INC.

Defendants served on September 17, 2020:
1. EXXONMOBIL OIL CORPORATION
2. RADIATOR SPECIALTY COMPANY,
3. UNITED STATES STEEL CORPORATION

Defendants served on September 18, 2020:
1. BAYER CORP. a/k/a BAYER HEALTHCARE PHARMACEUTICALS,
2. SHELL OIL COMPANY,
3. TURTLE WAX, INC.,

Defendants served on September 25, 2020:
1. MISTIC METAL MOVER, INC.,

Respectfully submitted,

**THE DYSART LAW FIRM, P.C.**

/s/ Christopher W. Dysart
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, Missouri 63017
Office: (314) 548-6298
Fax:     (314) 548-6230
cdysart@dysart-law.com

DATED: 10/08/2020

Electronically Filed - City of St. Louis - October 08, 2020 - 01:15 PM

Electronically Filed - City of St. Louis - October 12, 2020 - 03:29 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY | ) ) | |
| Plaintiffs, | ) | |
| vs. | ) | No:    2022-CC09797 |
| | ) | |
| MONSANTO COMPANY, et al. | ) | |
| | ) | **DEFENDANT DEMANDS** |
| Defendants | ) | **TRIAL BY JURY** |

### DEFENDANT ST. LOUIS TESTING LABORATORIES, INC.'s MOTION FOR MORE DEFINITE STATEMENT

COMES NOW, Defendant St. Louis Testing Laboratories, Inc. ("Stl Labs"), through undersigned counsel, and for its Motion, states as follows:

1.    "A party may move for a more definite statement of any matter contained in a pleading that is not averred with sufficient definiteness or particularity to enable the party properly to prepare responsive pleadings...." Mo. S.Ct. Rule 55.27(d).

2.    Such request for a more definite statement may be granted in this court's sound legal discretion. See *State ex rel. Koster v. Morningland of the Ozarks, LLC*, 384 S.W.3d 346, 350 (Mo. Ct. App. 2012).

3.    Only paragraphs 37 and 174-181 of the Petition reference Stl Labs, and its allegedly negligent actions, specifically.

4.    Therein, Plaintiff alleges that from 1979-2018, he worked "with and around work performed by [Stl Labs]" which included "testing of welding joints and repairs, and various other metallurgical testing of work that we(sic) performed by [him] or individuals working in the vicinity of [him] with various machines that produced x-rays...."

5.    Without a more definite statement as to dates, locations, and/or machines, it is impossible for Defendant to answer paragraph 179 of the Petition, which itself only specifies that Stl Labs **MAY** have done "one or more of" the following: a) failed to protect/or shield Plaintiff, b) failed to properly test and/or update its equipment; c) failed to provide any or adequate warnings; d) failed to provide and, or adequate, instructions; OR e) failed to conducts tests on its equipment.

6.    Requiring Stl Labs to publicly file an Answer stating that it has "insufficient information" to provide a response to: a) Plaintiff's vague allegations of potential exposure based on a general description of its business model, and more importantly to b) Plaintiff's merely potential accusations regarding Stl Labs' commitment to safety; is improper and prejudicial. See *Einhaus v. O. Ames Co.*, 547 S.W.2d 821, 825 (Mo. App. 1976)("In Missouri a general allegation of negligence predicated on an act of the defendant causing plaintiff's injury is sufficient as against an objection that no cause of action is stated, and it is not necessary to state specific facts showing the negligence in order to state a cause of action. A plaintiff must, however, allege facts sufficient to inform the defendant of **the** breach of duty with which he is charged, and, if the facts are within the plaintiff's knowledge, he should be required to state them with reasonable particularity.")(emphasis added).

7.    Alternatively, if any such potential allegations in paragraph 179 are deemed conclusions of law or fact requiring no response, Stl Labs may answer that it has insufficient information regarding the remaining allegations against it (where appropriate); or, if deemed true and answerable allegations of fact and sufficiently definite and proper (when read with any other allegations addressed to Stl Labs), Stl Labs may deny or admit same as is appropriate.

WHEREFORE, Defendant St. Louis Testing Labs, Inc., requests that this court enter an Order, requiring Plaintiffs to amend their Petition to provide proper specificity as to their

Electronically Filed - City of St. Louis - October 12, 2020 - 03:29 PM

allegations against Stl Labs as set forth therein under Counts XI and XII, or alternatively stating that Stl Labs need not provide answer to paragraph 179 and/or any other paragraph directed to Stl Labs, and for further relief as is deemed proper.

Respectfully submitted,

THE SCHINDLER LAW FIRM, P.C.,

_/s/ Joshua M. Schindler_
Joshua M. Schindler, #37891
141 North Meramec, Suite 201
Saint Louis, MO 63105
Tel: (314) 862-1411
Fax: (314) 862-1701
josh@schindlerlawfirm.com
*Attorneys for Defendant Stl Labs*

Electronically Filed - City of St. Louis - October 12, 2020 - 03:29 PM

Electronically Filed - City of St. Louis - October 12, 2020 - 03:29 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

MICHAEL GRADY and KATHLEEN )
GRADY                       )
      Plaintiffs,          )
                      )
vs.                         )          No:    2022-CC09797
                      )
MONSANTO COMPANY, et al.     )
                      )
      Defendants           )

## ENTRY OF APPEARANCE

COMES NOW, Joshua M. Schindler, Brian P. Doty, and The Schindler Law Firm, P.C., and enter their appearance for Defendant St. Louis Testing Laboratories, Inc. in the above-captioned matter

Respectfully submitted,

THE SCHINDLER LAW FIRM, P.C.,

      /s/ Joshua M. Schindler
Joshua M. Schindler, #37891
Brian P. Doty, #61391
141 North Meramec, Suite 201
Saint Louis, MO 63105
Tel: (314) 862-1411
Fax: (314) 862-1701
josh@schindlerlawfirm.com
*Attorneys for Def. St. Louis Testing Labs., Inc.*

Electronically Filed - City of St. Louis - October 14, 2020 - 02:47 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY | ) | |
| | ) | Cause No.: 2022-CC09797 |
| Plaintiffs, | ) | |
| | ) | Div. No.: 1 |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY; SAFETY-KLEEN SYSTEMS INC.; MALLINCKRODT, LLC; MI HOLDINGS, INC.; SOLUTIA INC.; EASTMAN CHEMICAL COMPANY, Individually and as a successor to Solutia Inc.; PHARMACIA & UPJOHN COMPANY LLC; EXXONMOBIL OIL CORPORATION, as successor to Mobil Oil Corporation (D/B/A/ Mobil Oil); ANHEUSER-BUSCH INBEV WORLDWIDE INC.; PROCTER & GAMBLE MANUFACTURING CO.; SHELL OIL COMPANY, Individually and as successor to Shell Oil Company, Incorporated, Shell Chemical LP (f/ka Shell Chemical Company), and Shell Oil Products Company; BAYER CORP. a/k/a BAYER HEALTHCARE PHARMACEUTICALS; RADIATOR SPECIALTY COMPANY; UNITED STATES STEEL CORPORATION; MISTIC METAL MOVER, INC.; TURTLE WAX, INC.; and ST. LOUIS TESTING LABORATORIES, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | | |

**PROPOSED ORDER GRANTING
DEFENDANTS' CONSENT MOTION FOR EXTENSION OF TIME**

This matter comes before the Court on Defendants Monsanto Company, Solutia Inc., Pharmacia LLC, Upjohn Company LLC, Eastman Chemical Company's (collectively "Moving Defendants") Consent Motion for Extension of Time. The Court hereby GRANTS Moving Defendants' Motion and enters the following Order:

Moving Defendants shall have up to and including November 13, 2020 to file a response to Plaintiffs' Petition.

Electronically Filed - City of St. Louis - October 14, 2020 - 02:47 PM

SO ORDERED this ____ day of October 2020.

_____

Honorable Rex M. Burlison

Electronically Filed - City of St. Louis - October 14, 2020 - 02:47 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

MICHAEL GRADY and KATHLEEN GRADY )
)
       Plaintiffs, )
)
       v. )
)
MONSANTO COMPANY; SAFETY-KLEEN )
SYSTEMS INC.; MALLINCKRODT, LLC; )
MI HOLDINGS, INC.; SOLUTIA INC.; )
EASTMAN CHEMICAL COMPANY, )
Individually and as a successor to Solutia Inc.; )
PHARMACIA & UPJOHN COMPANY LLC; )
EXXONMOBIL OIL CORPORATION, as )
successor to Mobil Oil Corporation )
(D/B/A/ Mobil Oil); ANHEUSER-BUSCH )
INBEV WORLDWIDE INC.; PROCTER & )
GAMBLE MANUFACTURING CO.; SHELL )
OIL COMPANY, Individually and as successor )
to Shell Oil Company, Incorporated, Shell )
Chemical LP (f/ka Shell Chemical Company), )
and Shell Oil Products Company; )
BAYER CORP. a/k/a BAYER HEALTHCARE )
PHARMACEUTICALS; RADIATOR )
SPECIALTY COMPANY; UNITED STATES )
STEEL CORPORATION; MISTIC METAL )
MOVER, INC.; TURTLE WAX, INC.; and )
ST. LOUIS TESTING LABORATORIES, INC. )
)
       Defendants.

Cause No.: 2022-CC09797

Div. No.:  1

## CONSENT MOTION FOR EXTENSION OF TIME

COME NOW Defendants Monsanto Company, Solutia Inc., Pharmacia LLC, Upjohn Company LLC, Eastman Chemical Company (collectively "Moving Defendants"), by and through their undersigned counsel, and respectfully move to extend time up to and including November 13, 2020 for Moving Defendants to respond to Plaintiffs' Petition. In support of said motion, Moving Defendants state:

Electronically Filed - City of St. Louis - October 14, 2020 - 02:47 PM

1.       Moving Defendants' Responsive Pleadings are currently due on October 14, 2020.

2.       Moving Defendants request a 30-day extension up to and including November 13, 2020 to file their Responsive Pleadings.

3.       Counsel for Plaintiffs has no objection to this extension of time, and Plaintiffs will not be prejudiced by this extension.

WHEREFORE Moving Defendants respectfully request that the Court grant an extension of time up to and including November 13, 2020 for Moving Defendants to file their response to Plaintiffs' Petition.

Respectfully submitted,

By:     _/s/Adam E. Miller_____

Adam E. Miller, #40945
CAPES, SOKOL, GOODMAN AND
SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
Email: miller@capessokol.com

**ATTORNEYS FOR MONSANTO COMPANY, SOLUTIA INC., PHARMACIA & UPJOHN COMPANY LLC, and EASTMAN CHEMICAL COMPANY**

Electronically Filed - City of St. Louis - October 14, 2020 - 02:47 PM

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the following attorneys of record via the courts electronic filing system this 14th day of October 2020:

Christopher W. Dysart
The Dysart Law Firm, P.C.
16020 Swingley Ridge Rd., Ste 340
Chesterfield, Missouri 63017

**Attorneys for Plaintiffs**

/s/Adam E. Miller

Electronically Filed - City of St. Louis - October 14, 2020 - 12:36 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| MICHAEL GRADY and KATHLEEN GRADY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) )     Case No. 2022-CC09797 |
| MONSANTO COMPANY, *et al.*, | ) ) ) |
| Defendants. | ) |

### NOTICE OF SUGGESTION OF PENDENCY OF
### BANKRUPTCY AND AUTOMATIC STAY OF PROCEEDINGS

**PLEASE BE ADVISED** that on October 12, 2020, Mallinckrodt plc and its affiliated debtors (collectively, the "**Debtors**")[1] commenced bankruptcy cases in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, *et seq.* (the "**Bankruptcy Code**"). The Debtors' Chapter 11 cases (the "**Chapter 11 Cases**") are now pending before The Honorable John T. Dorsey, United States Bankruptcy Judge, and are being jointly administered for procedural purposes only under the caption *In re Mallinckrodt plc*, Case No. 20-12522-JTD.

**PLEASE BE FURTHER ADVISED** that pursuant to Section 362 of the Bankruptcy Code, as of the commencement of the Chapter 11 Cases, the above-captioned action has been automatically stayed as against the applicable Debtor Mallinckrodt LLC. Section 362 of the Bankruptcy Code provides, in part, that the filing of a petition to commence a Chapter 11 case operates as a stay of "the commencement or continuation, including the issuance or employment

---

[1] A complete list of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

Electronically Filed - City of St. Louis - October 14, 2020 - 12:36 PM

of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [Chapter 11], or to recover a claim against the debtor that arose before the commencement of the case under [Chapter 11]" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case. . . ."  11 U.S.C. §§ 362(a)(1) & (6).

**PLEASE BE FURTHER ADVISED** that additional information regarding the status of the Chapter 11 Cases may be obtained by reviewing the docket of the Chapter 11 Cases, available electronically at https://ecf.deb.uscourts.gov (PACER login and password required) or free of charge via the website maintained by the Debtors' proposed claims and noticing agent, Prime Clerk LLC, at http://restructuring.primeclerk.com/Mallinckrodt or by contacting the proposed bankruptcy counsel for the Debtors: (i) Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attn: George Davis, George Klidonas, Andrew Sorkin, and Anupama Yerramalli (emails: george.davis@lw.com, george.klidonas@lw.com, andrew.sorkin@lw.com, and anu.yerramalli@lw.com.com); Latham & Watkins LLP, 355 South Grand Avenue, Suite 100, Los Angeles, California 90071, Attn: Jeffrey Bjork (email: jeff.bjork@lw.com); and Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611, Attn: Jason Gott (email: jason.gott@lw.com); and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn:  Mark D. Collins (collins@rlf.com) and Michael J. Merchant (merchant@rlf.com).

Electronically Filed - City of St. Louis - October 14, 2020 - 12:36 PM

Dated: October 14, 2020

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: _____/s/ Bryan T. Pratt_____

    Bryan T. Pratt #48798
    Mathew L. Larsen #60168
    Christopher M. Sorenson #68412
    2555 Grand Blvd.
    Kansas City, MO 64108
    Telephone: (816) 474-6550
    bpratt@shb.com
    mlarsen@shb.com
    csorenson@shb.com

**ATTORNEYS FOR DEFENDANT
MALLINCKRODT LLC**

3

Electronically Filed - City of St. Louis - October 14, 2020 - 12:36 PM

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2020 a copy of the foregoing was filed electronically with the Clerk's office using the electronic filing system and served upon the following counsel of record via electronic mail:

Christopher W. Dysart
The Dysart Law Firm
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, MO 63017
cdysart@dysart-law.com
*Attorney for Plaintiffs*

Richard B. Korn
Fox Smith, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
rkorn@foxsmithlaw.com
*Attorney for Defendant*
*Shell Oil Company*

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX &
von GONTARD P.C.
600 Washington Ave., 15th Floor
St. Louis, MO 63101
gsmith@sandbergphoenix.com
*Attorneys for Defendant*
*Turtle Wax, Inc.*

Thomas L. Orris
Matthew E. Pelikan
Ross S. Titzer
COSMICH, SIMMONS & BROWN LLC
10 S. Broadway, Suite 1100
St. Louis, MO 63102
Tom.orris@cs-law.com
Matthew.pelikan@cs-law.com
Ross.titzer@cs-law.com
citymail@cs-law.com
*Attorneys for Defendant*
*Anheuser-Busch, LLC*

By: ___Bryan T. Pratt_____

Electronically Filed - City of St. Louis - October 14, 2020 - 04:21 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2022-CC09797 |
| | ) | |
| MONSANTO COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MI HOLDINGS, INC.'S MOTION TO DISMISS**
**PLAINTIFFS' PETITION OR, IN THE ALTERNATIVE,**
**<u>MOTION FOR A MORE DEFINITE STATEMENT</u>**

Defendant MI Holdings, Inc. ("MI Holdings") by and through counsel, and pursuant to Rule 55.27(a) of the Missouri Rules of Civil Procedure, moves to dismiss Plaintiffs' Petition. In support of its Motion, MI Holdings states as follows:

1.      Plaintiffs have sued numerous Defendants, including MI Holdings, seeking damages for Michael Grady's alleged benzene-related injuries.  Plaintiffs attempt to state a cause of action against MI Holdings based upon a theory of negligence.  Plaintiffs also seek damages for loss of consortium.

2.      Plaintiffs' Petition should be dismissed on numerous grounds as described in more detail below.  By way of this motion, MI Holdings does not waive any arguments, defenses or rights, including, but not limited to, arguments based upon lack of personal jurisdiction, failure to plead a cause of action, improper venue, federal preemption, statutes of limitation, and/or statutes of repose.

3.      Plaintiffs' Petition should be dismissed.  It is well settled that Missouri is a fact-pleading state.  *State ex rel. Harvey v. Wells,* 955 S.W.2d 546, 547 (Mo. banc 1997); *Luethans v.*

Electronically Filed - City of St. Louis - October 14, 2020 - 04:21 PM

*Washington Univ.,* 894 S.W.2d 169, 171 (Mo. banc 1995); *ITT Commercial Finance v. Mid-Am. Marine*, 854 S.W.2d 371, 377 (Mo. banc 1995).   The purpose of fact-pleading is the quick, efficient, and fair resolution of disputes.  Fact-pleading identifies, narrows, and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial.  *Luethans,* 894 S.W.2d at 171.

4.      In this case, Plaintiffs have violated both the substance and spirit of that law as the Petition is wholly devoid of basic factual information.  Plaintiffs bring this action against many Defendants.  Large groups of the Defendants have been lumped together in almost every Count. Plaintiffs do not sufficiently identify any Defendant as having manufactured or sold any specific "potentially cancer-causing chemicals" to which Michael Grady was allegedly exposed to at MI Holdings' alleged premises.  Petition at ¶ 34.  Plaintiffs do not identify with sufficient particularity the time period in which Michael Grady was allegedly exposed to any particular "potentially cancer-causing chemicals."  *Id.*  In fact, nowhere in Plaintiffs' Petition does it allege Mr. Grady actually came into contact with a cancer-causing chemical.  Instead, Plaintiffs merely set forth bare conclusions and vague assertions in place of properly pleaded facts.

5.      As Plaintiffs' allegations currently stand, it is impossible for MI Holdings to know when Mr. Grady was allegedly injured, or how he was allegedly injured. This information is crucial to MI Holdings' ability to isolate what legal and factual issues are involved in the case, what discovery is necessary, and what evidence is relevant.  As set forth above, Plaintiffs have a duty under Missouri law to plead these facts.  Plaintiffs have not done so, and their Petition should be dismissed.

6.      Count II of Plaintiffs' Petition is titled "Negligence: Premises Liability." In order to plead a cause of action for negligence, Plaintiffs must establish that Defendants owed a duty to

2

Electronically Filed - City of St. Louis - October 14, 2020 - 04:21 PM

Mr. Grady to protect him from injury, that Defendants failed to perform under that duty, and that such failure caused his injuries. *Meekins v. St. John's Reg. Health Ctr.,* 149 S.W.3d 525, 532 (Mo. App. S.D. 2004). In this case, however, Plaintiffs do not allege facts that demonstrate that any Defendant owed any legal duty of care to Mr. Grady and/or that that any Defendant breached any such duty. Without such facts, Plaintiffs have failed to state a claim against MI Holdings for negligence. Count II should therefore be dismissed.

7.     To the extent Plaintiffs claim Mr. Grady was a business invitee of MI Holdings, Plaintiffs have still not stated a claim of negligence against MI Holdings. First, Plaintiffs have not alleged sufficient facts to establish Mr. Grady was an invitee on MI Holdings' premises. Second, Plaintiffs have not alleged sufficient facts demonstrating that MI Holdings breached any duty owed to Mr. Grady even if he was an invitee.   Missouri law provides that the possessor of land owes invitees the duty to exercise reasonable care to protect the invitee against both known dangers and those that would be revealed by inspection. *Adams v. Badgett*, 114 S.W.3d 432, 438 (Mo. App. E.D. 2003. The duty does not include insuring an invitee's safety. *See Medows v. Brockmeier,* 863 S.W.2d 675, 676 (Mo. App. E.D. 1993). Plaintiffs have not alleged any facts with sufficient particularity to establish that MI Holdings breached any duty owed to Mr. Grady as an alleged invitee. As such, any claims against MI Holdings that are based on an alleged duty owed to business invitees should be dismissed.

8.     Furthermore, to the extent Mr. Grady was present on MI Holdings' premises as an invitee while a third-party contractor was in control of construction work on the premises, MI Holdings cannot be held liable for Mr. Grady's injuries. Under Missouri law, when a landowner relinquishes possession and control of the premises to an independent contractor during a period of construction, the independent contractor, not the landowner, is seen as the possessor of the land.

Electronically Filed - City of St. Louis - October 14, 2020 - 04:21 PM

The duty to use reasonable care to protect invitees shifts from the landowner to the independent contractor. *Noble v. Martin*, 908 S.W.2d 390, 391 (Mo. App. E.D. 1995). As such, any claims against MI Holdings which are based upon alleged exposures that occurred while an unrelated third party was in control of the premises should be dismissed.

9.      Likewise, to the extent Plaintiffs are alleging Mr. Grady was an employee or statutory employee[1] of MI Holdings, Plaintiffs' claims against MI Holdings are barred and subject to dismissal because this Court lacks statutory authority to grant relief in this case. The Missouri Workers' Compensation Law vests authority to decide claims related to employee injuries exclusively in the Missouri Labor and Industrial Relations Commission. Alternatively, and to the extent Mr. Grady was not an employee or statutory employee of MI Holdings, Plaintiffs have still failed to state a claim against MI Holdings. MI Holdings had no duty to provide a safe workplace to Mr. Grady as a non-employee. In either instance, any claims against MI Holdings that are based upon an alleged duty to provide a safe workplace to Mr. Grady should be dismissed.

10.     In Count XII, Plaintiffs allege loss of consortium. Count XII fails to state a cause of action against MI Holdings in that it is predicated on Count II. As set forth above, this count does not state a cause of action against MI Holdings. A loss of consortium action derives from an injured spouse's action for injury and is dependent upon the establishment of defendant's liability for damages to the injured spouse. *Lear v. Norfolk and Western Railway Co.,* 815 S.W.2d 12, 14-

---

[1] The Missouri Workers' Compensation Law states, in relevant part, "Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business." §287.040.1, RSMo (2005).

Electronically Filed - City of St. Louis - October 14, 2020 - 04:21 PM

15 (Mo. App. W.D. 1991); *Pease v. Ace Hardware Home Center of Round Lake,* 147 Ill. App. 3d 546 (1986). Therefore, Count XII should be dismissed.

11.     Plaintiffs also pray for punitive damages in several counts. Punitive damages are appropriate, however, only where a defendant's conduct is outrageous because of an evil motive or reckless indifference to the rights of others. *Jacobs v. Bonser,* 46 S.W.3d 41, 45 (Mo.App. E.D. 2001). Here, Plaintiffs do not allege any specific action or inaction by MI Holdings warranting a claim for punitive damages. As the facts alleged in the Petition do not constitute the outrageous conduct required for punitive damages, Plaintiffs' prayer for punitive damages should be stricken.

12.     Plaintiffs' Petition does not set forth any specific facts establishing that the City of St. Louis is the proper venue or forum for this case; therefore, it should be dismissed. §508.010.4, RSMo. (2014).

13.     Plaintiffs' claims are barred by the applicable statutes of limitations.

14.     Some or all of Plaintiffs' claims are barred by the applicable statutes of repose.

15.     MI Holdings incorporates and adopts herein the motions and arguments made in response to Plaintiffs' Petition by the co-defendants in this cause of action, to the extent that they do not contradict the arguments raised in this Motion.

16.     In the alternative, MI Holdings moves, pursuant to Rule 55.27(d) of the Missouri Rules of Civil Procedure, for an order requiring Plaintiffs to make their pleading more definite and particular to enable MI Holdings to prepare a responsive pleading or otherwise prepare for trial.

## REQUEST FOR JURY TRIAL

MI Holdings seeks a trial by jury on all issues so triable.

WHEREFORE, MI Holdings respectfully requests that this Court enter an Order dismissing Plaintiffs' Petition with prejudice or enter judgment that Plaintiffs take nothing, assess

Electronically Filed - City of St. Louis - October 14, 2020 - 04:21 PM

costs against Plaintiffs, or in the alternative, enter an Order directing Plaintiffs to plead their claims more definitely, and award all other relief, in law and in equity, to which MI Holdings is entitled.

Dated: October 14, 2020                    Respectfully submitted,

                                           SHOOK, HARDY & BACON L.L.P.

                                           By:    /s/ Bryan T. Pratt
                                               Bryan T. Pratt #48798
                                               Mathew L. Larsen #60168
                                               Christopher M. Sorenson #68412
                                               2555 Grand Blvd.
                                               Kansas City, MO 64108
                                               Telephone: (816) 474-6550
                                               bpratt@shb.com
                                               mlarsen@shb.com
                                               csorenson@shb.com

                                           **ATTORNEYS FOR DEFENDANT
                                           MI HOLDINGS, INC.**

Electronically Filed - City of St. Louis - October 14, 2020 - 04:21 PM

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2020 a copy of the foregoing was filed electronically with the Clerk's office using the electronic filing system and served upon the following counsel of record via electronic mail:

Christopher W. Dysart
The Dysart Law Firm
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, MO 63017
cdysart@dysart-law.com
*Attorney for Plaintiffs*

Richard B. Korn
Fox Smith, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
rkorn@foxsmithlaw.com
*Attorney for Defendant
Shell Oil Company*

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX &
von GONTARD P.C.
600 Washington Ave., 15th Floor
St. Louis, MO 63101
gsmith@sandbergphoenix.com
*Attorneys for Defendant
Turtle Wax, Inc.*

Thomas L. Orris
Matthew E. Pelikan
Ross S. Titzer
COSMICH, SIMMONS & BROWN LLC
10 S. Broadway, Suite 1100
St. Louis, MO 63102
Tom.orris@cs-law.com
Matthew.pelikan@cs-law.com
Ross.titzer@cs-law.com
citymail@cs-law.com
*Attorneys for Defendant
Anheuser-Busch, LLC*

By: *Bryan T. Pratt*

Electronically Filed - City of St. Louis - October 14, 2020 - 10:34 AM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

MICHAEL GRADY and           )
KATHLEEN GRADY,             )
                               )
      Plaintiffs,               )
                               )
v.                              )     Cause No. 2022-CC09797
                               )     Division No. 1
MONSANTO COMPANY, *et al.*,   )
                               )     JURY TRIAL DEMANDED
      Defendants.          )

## DEFENDANT THE PROCTER & GAMBLE MANUFACTURING COMPANY'S MOTION TO DISMISS PLAINTIFFS' PETITION OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

COMES NOW Defendant The Procter & Gamble Manufacturing Company ("P&GM"), by and through counsel, and, pursuant to Rule 55.27(a) of the Missouri Rules of Civil Procedure, moves to dismiss Plaintiffs' Petition. In support of its Motion, P&GM states as follows:

1.      Plaintiffs have sued numerous defendants, including P&GM, seeking damages for his alleged benzene-related multiple myeloma cancer. Plaintiffs allege generally that Michael Grady worked as a union pipefitter and mechanical contractor at various jobsites in Missouri and Illinois.

2.      As to P&GM, Plaintiffs allege that "In and around 1991 and 1992, Plaintiff worked at Defendant Procter & Gamble's plant off East Grand and I-70 within the City of St. Louis, Missouri.  During this work Plaintiff worked on removing and installing piping where he encountered toxic, potentially cancer-causing chemicals."  *See* Plaintiffs' Petition at ¶35, attached hereto as Exhibit A.  This is the extent of the allegation against P&GM.

3.      Plaintiff attempts to state a cause of action against P&GM as a premises owner

Electronically Filed - City of St. Louis - October 14, 2020 - 10:34 AM

based upon theories of negligence (Count II). Michael Grady's wife, Kathleen Grady attempts to state of cause of action based on her loss of consortium (Count XII).

4.      Plaintiffs' Petition should be dismissed on numerous grounds as described in more detail below. By way of this motion, P&GM does not waive any arguments, defenses or rights including but not limited to arguments based upon lack of personal jurisdiction, failure to plead a cause of action, improper venue, federal preemption, statutes of limitation, and/or statutes of repose.

5.      Plaintiffs' Petition should be dismissed. It is well settled that Missouri is a fact-pleading state. State ex rel. Harvey v. Wells, 955 S.W.2d 546, 547 (Mo. banc 1997); Luethans v. Washington Univ., 894 S.W.2d 169, 171 (Mo. banc 1995); ITT Commercial Finance v. Mid-Am. Marine, 854 S.W.2d 371, 377 (Mo. banc 1995). The purpose of fact-pleading is the quick, efficient, and fair resolution of disputes. Fact-pleading identifies, narrows, and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. Luethans, 894 S.W.2d at 171.

6.      Here, the Petition is wholly devoid of basic factual information. Plaintiffs bring this action against approximately 17 Defendants. A group of the Defendants was lumped together in Count II. Plaintiffs do not sufficiently identify the type of alleged benzene-containing product(s) to which he was allegedly exposed at the P&GM facility. Plaintiffs do not sufficiently identify P&GM as having any specific benzene-containing product(s) at its facility to which Michael Grady was allegedly exposed. Plaintiffs do not sufficiently allege the type of activity or job duty that Michael Grady was performing which allegedly exposed him to a benzene-containing product while he was present at P&GM's premises. Instead, Plaintiffs merely set forth bare conclusions.

7.      As Plaintiffs' allegations currently stand, it is impossible for P&GM to know which

Electronically Filed - City of St. Louis - October 14, 2020 - 10:34 AM

product at its facility allegedly caused Michael Grady's injuries, when he was allegedly injured, or how he was allegedly injured. This information is crucial to Defendant's ability to isolate what legal and factual issues are involved in the case, what discovery is necessary, and what evidence is relevant. Plaintiffs have not pleaded facts establishing the elements of any of his claims. As set forth above, Plaintiffs have a duty under Missouri law to plead these facts. Plaintiffs have not done so, and their Petition should be dismissed.

8.      Count II of Plaintiffs' Petition is titled "Negligence: Premises Liability." Under Missouri premises liability law, the duty of care owed by the landowner depends upon the status of the entrant. Adams v. Badgett, 114 S.W.3d 432, 436 (Mo. App. E.D. 2003). In Count II, Plaintiffs do not allege facts to establish Michael Grady's "status" while he was allegedly present on P&GM premises. Since Plaintiffs have not sufficiently pleaded facts to establish that P&GM owed Michael Grady a duty of care, Count II should be dismissed.

9.      To the extent Plaintiffs are alleging Michael Grady was a business invitee of P&GM, Plaintiffs have still not stated a claim of negligence against P&GM. First, Plaintiffs have not alleged sufficient facts to establish he was an invitee on P&GM premises. Second, Plaintiffs have not alleged sufficient facts demonstrating that P&GM breached any duty owed to Michael Grady even if he was an invitee. Missouri law provides that the possessor of land owes invitees the duty to exercise reasonable care to protect the invitee against both known dangers and those that would be revealed by inspection. Adams, 114 S.W.3d at 438. The duty does not include insuring an invitee's safety. See Medows v. Brockmeier, 863 S.W.2d 675, 676 (Mo. App. E.D. 1993). Plaintiffs have not alleged any facts with sufficient particularity to establish that P&GM breached any duty owed to Michael Grady as an alleged invitee. As such, any claims against P&GM that are based on an alleged duty owed to business invitees should be dismissed.

Electronically Filed - City of St. Louis - October 14, 2020 - 10:34 AM

10.     Furthermore, to the extent Plaintiff Michael Grady was present on a P&GM premises as an invitee while employed by a third-party contractor and said third-party contractor was in control of construction work on the premises, P&GM cannot be held liable for his injuries. Under Missouri law, when a landowner relinquishes possession and control of the premises to an independent contractor during a period of construction, the independent contractor, not the landowner, is seen as the possessor of the land. The duty to use reasonable care to protect invitees shifts from the landowner to the independent contractor. Noble v. Martin, 908 S.W.2d 390, 391 (Mo.App. E.D. 1995). As such, any of Plaintiffs' claims against P&GM that are based upon alleged exposures that occurred while a third-party independent contractor was in control of the premises should be dismissed.

11.     Likewise, to the extent Plaintiffs are alleging Michael Grady was an employee or statutory employee1 of P&GM, Plaintiffs' claims against P&GM are barred and subject to dismissal because this Court lacks statutory authority to grant relief in this case. The Missouri Workers' Compensation Law vests authority to decide claims related to employee injuries exclusively in the Missouri Labor and Industrial Relations Commission. Alternatively, and to the extent Michael Grady was not an employee or statutory employee of P&GM, Plaintiffs have still failed to state a claim against P&GM. P&GM had no duty to provide a safe workplace to Michael Grady as a non-employee. In either instance, any claims against P&GM that are based upon an alleged duty to provide a safe workplace to Michael Grady should be dismissed.

12.     In Count XII, Plaintiffs allege loss of consortium. Count XII fails to state a cause of action against P&GM in that it is predicated on Count II. As set forth above, Count II does not state a cause of action against P&GM. A loss of consortium action derives from an injured spouse's action for injury and is dependent upon the establishment of defendant's liability for damages to

Electronically Filed - City of St. Louis - October 14, 2020 - 10:34 AM

the injured spouse. <u>Lear v. Norfolk and Western Railway Co.</u>, 815 S.W.2d 12, 14-15 (Mo. App. W.D. 1991); <u>Pease v. Ace Hardware Home Center of Round Lake</u>, 147 Ill. App. 3d 546 (1986). Count XII should be dismissed.

13.    Plaintiffs' Petition does not set forth any specific facts establishing that the City of St. Louis is the proper venue or forum for this case; therefore, it should be dismissed.  §508.010.4, RSMo. (2014).

14.    Plaintiffs' claims are barred by the applicable statutes of limitations.

15.    Some or all of Plaintiffs' claims are barred by the applicable statutes of repose.

16.    P&GM incorporates and adopts herein the motions and arguments made in response to Plaintiffs' Petition by the co-defendants in this cause of action, to the extent that they do not contradict the arguments raised in this Motion.

17.    In the alternative, P&GM moves, pursuant to Rule 55.27(d) of the Missouri Rules of Civil Procedure, for an order requiring Plaintiffs to make their pleading more definite and particular to enable P&GM to prepare a responsive pleading or otherwise prepare for trial.

WHEREFORE, Defendant The Procter & Gamble Manufacturing Company prays for this Court's Order dismissing Plaintiffs' Petition against it or, alternatively, for an order directing Plaintiffs to plead his claims more definitely, and for such other and further relief as is proper under the circumstances.

Respectfully submitted,

COSMICH, SIMMONS & BROWN, LLC

By    /s/ Jerome S. Warchol, Jr.
      Richard A. Brown          #65304
      Jerome S. Warchol, Jr.    #57123
      10 South Broadway, Suite 1100
      St. Louis, MO 63102
      314-735-2560
      314-552-7019 (Facsimile)

jerry.warchol@cs-law.com
citymail@cs-law.com

*Attorneys for Defendant The Procter & Gamble Manufacturing Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of October, 2020, I electronically filed the foregoing with the Clerk of the Court using the Missouri eFiling System, which sent notification of such filing to all counsel of record. I further certify that I signed, or caused my electronic signature to be placed upon the original of the foregoing document.

/s/ Jerome S. Warchol, Jr.

Electronically Filed - City of St. Louis - October 14, 2020 - 10:34 AM

Electronically Filed - City of St. Louis - October 14, 2020 - 03:18 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT

| | | |
|---|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No: 2022-CC09797 |
| vs. | ) | |
| | ) | Division 1 |
| MONSANTO COMPANY, | ) | |
| | ) | |
| SAFETY-KLEEN SYSTEMS, INC., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

## *DEFENDANT SAFETY-KLEEN SYSTEMS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS*

COMES NOW defendant Safety-Kleen Systems, Inc., by and through counsel, pursuant to Rules 55.05, 55.11, and 55.27 of the Missouri Rules of Civil Procedure, for its Memorandum in Support of its Motion to Dismiss, states as follows.

### *STANDARD*

"'A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition.'" *Jennings v. SSM Health Care St. Louis*, 355 S.W.3d 526, 530 (Mo. App. E.D. 2011) (quoting *Nazeri v. Mo. Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993)). "No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Nazeri*, 860 S.W.2d at 306.

*ARGUMENT*

***Plaintiffs' Petition Should be Dismissed Because They Improperly Join Multiple, Distinct Claims Against Separate Defendants Into Single Counts.***

Plaintiffs' Petition contains twelve counts. Claims are purportedly made against Safety-Kleen Systems, Inc. (hereinafter, "Safety-Kleen") in Counts VI, VII, VIII, IX, and X. In Counts VI, VII, VIII, IX, and X, Plaintiffs lump together claims against Safety-Kleen, Turtle Wax, Inc., Mistic Metal Mover, Inc., United States Steel Corporation, Radiator Specialty Company, Shell Oil Company, and ExxonMobil Oil Corporation ("Combined Defendants")—Count VI does not include Shell Oil Company or ExxonMobil Oil Corporation. Rule 55.11 of the Missouri Rules of Civil Procedure requires that each claim founded upon a separate transaction or occurrence shall be stated in a separate count whenever a separation facilitates the clear presentation of the matters set forth. As discussed below, Plaintiffs' claims against the Combined Defendants in Counts VI, VII, VIII, IX, and X arise from separate transactions or occurrences. Combining distinct claims against these defendants fails to make a clear presentation of the matters within Missouri's fact-pleading requirements. Accordingly, Plaintiffs' Petition should be dismissed.

***Plaintiffs' Petition Should be Dismissed Because Plaintiffs Fail to Sufficiently State Facts.***

Additionally, Plaintiffs' Petition fails to state facts as required by Rule 55.05, Mo. R. Civ. Pro. To state a claim for relief, a pleading must contain a short and plain statement of the facts entitling the pleader to the requested relief. *Berkowski v. St. Louis County Board of Election Commissioners*, 854 S.W.2d 819, 823 (Mo. App. 1993). Generally, only the "ultimate facts" must be pled, not the detailed facts or circumstances by which the ultimate facts will be established. *Scheibel v. Hillis*, 531 S.W.2d 285, 290 (Mo. banc 1976). However, even though the petition need only allege ultimate facts, "mere conclusions of the pleader that are not supported by factual allegations are disregarded in determining whether a petition states a cause of action

2

Electronically Filed - City of St. Louis - October 14, 2020 - 03:18 PM

on which relief can be granted." *Johnston v. Norrell Health Care, Inc.*, 835 S.W.2d 565, 567 (Mo. App. 1992) (quoting *Lick Creek Sewer System v. Bank of Bourbon*, 747 S.W.2d 317, 322 (Mo. App. 1988)). A petition must contain allegations of fact in support of each essential element of the cause of action sought to be pled. If it does not, a motion to dismiss is properly granted.

Throughout their Petition, Plaintiffs state unsupported conclusions. For example, in Count IX – Failure to Warn, Plaintiffs state that "Defendants breached their duty to Mr. Grady in that they failed to warn him of the dangers of benzene and benzene-containing products." *Petition* at ¶ 158. Yet Plaintiffs fail to allege a single defect in the Combined Defendants' warnings or that they failed to comply with any applicable warning requirements. Further, in Counts VI, VII, VIII, IX, and X, Plaintiffs repeat, *verbatim*, the same conclusory allegation that they are entitled to punitive damages because the Combined Defendants showed complete indifference to Plaintiff Michael Grady's safety. *See id.* at ¶¶ 132, 142, 150, 162, and 173. No facts are alleged to support these allegations. *See id.* Accordingly, Plaintiffs' Petition should be dismissed.

### *Plaintiffs' Petition Should Be Dismissed Because There Is Not a Commonality of Alleged Products Among the Defendants That Are Joined in Counts VI, VII, VIII, IX, and X.*

Plaintiffs' allegations against the Combined Defendants arise out of separate occurrences.

### <u>Safety-Kleen</u>

Plaintiffs allege that Michael Grady used a Safety-Kleen Parts Washer with Safety-Kleen 105 Solvent ("105 Solvent"), a mineral spirits product, while working at a Motor Gas Station during Mr. Grady's secondary school years and while employed by I-55 Mobil Station from 1977 through 1984. Plaintiffs allege that 105 Solvent **contained benzene** (emphasis added). *See Petition* at ¶¶ 27-29. Plaintiffs allege that Michael Grady used these Safety-Kleen products to clean his tools, car parts, and to wash his hands. *See id.* at ¶ 91.

Electronically Filed - City of St. Louis - October 14, 2020 - 03:18 PM

**Shell Oil Company**

Plaintiffs allege that while working at various Monsanto plants, Michael Grady was assigned to benzene departments and benzene tanks where he had to remove old piping that carried benzene and other chemicals. Mr. Grady allegedly removed old piping and installed new piping at Monsanto facilities. Plaintiffs believe those pipes were used to transport **benzene and other chemicals** after they arrived on railcars from Shell Oil Company. *See* Petition at ¶ 31 (emphasis added). Plaintiffs claim that Mr. Grady's work gloves were regularly soaked in benzene while working at Monsanto. *Id.*

Unlike Plaintiffs' allegations against Safety-Kleen and its 105 Solvent, labeled a "benzene-containing product," *id.* at ¶ 91, the allegations against Shell Oil Company include exposure to pure benzene. *Id.* at ¶¶ 104-110. Further, Plaintiffs do not allege Mr. Grady used any Shell product during his employment at the Motor Gas Station or I-55 Mobile Station, the only jobs at which Plaintiffs specifically allege Mr. Grady used a Safety-Kleen product. *Id.* at ¶¶ 27-29. Therefore, these alleged exposures necessarily arose out of separate occurrences.

**ExxonMobil**

Against ExxonMobil, Plaintiffs complain that its predecessor's gasoline vapors were hazardous to a person's health and that the nozzles on gas pumps were not equipped with vapor recovery systems. *See* Petition at ¶¶ 29, 88. Plaintiffs allege that ExxonMobil exposed Mr. Grady to **benzene-containing chemicals and fumes** from gasoline and other products. *See id.* at ¶¶ 28-29. Plaintiffs also allege that ExxonMobil exposed Mr. Grady to pure benzene. *See id.* at ¶ 92. Again, pure benzene is a distinct product from the "benzene-containing" 105 Solvent.

4

Electronically Filed - City of St. Louis - October 14, 2020 - 03:18 PM

**Mistic Metal Mover**

Plaintiffs allege that Mistic Metal Mover provided a cleaning and degreasing solvent. *See* Petition at ¶ 38, 42. Plaintiffs allege that products by Mistic Metal Mover contained **various chemicals, including Trichloroethylene** (emphasis added). *See id.* at ¶ 39. Further, Plaintiffs do not allege exposure to Mistic Metal Mover during Mr. Grady's employment at the Motor Gas Station or I-55 Mobile Station, the only the only jobs at which Plaintiffs specifically allege Mr. Grady used a Safety-Kleen product. *See id. at* ¶¶ 27-28. Therefore, these alleged exposures necessarily arose out of separate occurrences.

**Turtle Wax**

Plaintiffs allege that Turtle Wax is a liquid cleaning polish. *See* Petition at ¶ 38. Plaintiffs claim that Turtle Wax cleaning polish contained **various chemicals, including benzene** (emphasis added). *See id.* at ¶ 41. Plaintiffs do not allege exposure to Turtle Wax during Mr. Grady's employment at the Motor Gas Station or I-55 Mobile Station, the only jobs at which Plaintiffs specifically allege Mr. Grady used a Safety-Kleen product. *Id.* at ¶¶ 27-29. Therefore, these alleged exposures necessarily arose out of separate occurrences.

**Liquid Wrench/Radiator Specialty**

Plaintiffs allege that Michael Grady used Liquid Wrench to clean machines, tools, equipment and other materials. *See* Petition at ¶ 38. Plaintiffs claim that Liquid Wrench contained **various chemicals, including benzene** (emphasis added). *See id.* ¶ 40. Plaintiffs assert that Liquid Wrench was produced, manufactured, distributed and/or sold by Radiator Specialty. *See id.* Plaintiffs do not allege exposure to Liquid Wrench during Mr. Grady's employment at the Motor Gas Station or I-55 Mobile Station, the only jobs at which Plaintiffs

Electronically Filed - City of St. Louis - October 14, 2020 - 03:18 PM

specifically allege Mr. Grady used a Safety-Kleen product. *Id. at* ¶¶ 27-29. Therefore, these alleged exposures necessarily arose out of separate occurrences.

<u>**United States Steel**</u>

Plaintiffs assert that Liquid Wrench was produced with **benzene-containing raffinate**, or extract, supplied by United States Steel (emphasis added). *See Petition at* ¶ 40.

By Plaintiffs' own allegations, the Combined Defendants produced or distributed vastly different products from one another. Safety-Kleen's 105 Solvent allegedly included benzene as a component. By contrast, Plaintiffs allege Shell Oil Company and ExxonMobil exposed Mr. Grady to pure benzene (and gasoline from ExxonMobil); United States Steel provided a benzene-containing raffinate; and Mistic Metal Mover exposed Mr. Grady to Trichloroethylene. Additionally, Plaintiffs allege that Mistic Metal Mover, Turtle Wax, and Liquid Wrench all exposed Mr. Grady to "various chemicals," without specifying those other "various chemicals."

### *Plaintiffs' Petition Should be Dismissed Because The Alleged Times of Exposure Greatly Differ Among the Defendants Named in Counts VI, VII, VIII, IX, and X and Plaintiffs Fail to Adequately Cite the Time Period of Exposure.*

As noted above, the only specific locations at which Plaintiffs allege Mr. Grady used a Safety-Kleen product are the Motor Gas Station and I-55 Mobile Station. *See Petition* at ¶¶ 27-29. Plaintiffs assert Mr. Grady began using 105 Solvent at the Motor Gas Station when he was in Secondary School and continued from 1977-1984 at I-55 Mobile Station. *Id.*

Conversely, Plaintiffs' allegations against Shell Oil Company are limited to his employment with Monsanto, *see id.* at ¶¶ 31-33, and it is unclear from the Petition where Mr. Grady used Liquid Wrench, Mistic Metal Mover, or Turtle Wax.

In Paragraph 38 of their Petition, Plaintiffs make a broad statement that fails to meet the fact-pleading requirements. There, Plaintiffs allege that from the 1970s through the 2010s,

Electronically Filed - City of St. Louis - October 14, 2020 - 03:18 PM

Michael Grady worked with and around certain solvents, degreasers, penetrants, and cleaning agents including those by Mistic Metal Mover, Turtle Wax, Safety-Kleen, and Liquid Wrench/Radiator Specialty. *See id.* ¶ 38. These allegations are so broad in scope and time, and allege claims against so many distinct defendants at once, that this Paragraph is nonsensical.

Missouri requires a plaintiff to cite the specific product he or she was exposed to and the time period of exposure to establish a cause of action. *See Hagen v. Celotex Corp.*, 816 S.W. 2d 667, 671-72 (Mo. 1991). Plaintiffs fail to specify the time period when Michael Grady was purportedly exposed to specific products and combine Safety-Kleen and numerous other products into single counts, despite no evidence of a common occurrence linking the Combined Defendants. Accordingly, Plaintiffs' Petition should be dismissed.

### *Plaintiff's Petition Should Be Dismissed Because Plaintiffs Improperly Join Multiple Defendants in Count VI Despite Differences Among Their Products, Standards of Care and Because Plaintiffs State Conclusions Rather Than Facts.*

In Count VI of their Petition, Plaintiffs improperly attempt to assert negligence claims against Safety-Kleen, Turtle Wax, Mistic Metal Mover, United States Steel, and Radiator Specialty. *See* Petition at 30.

A claimant in a negligence action must establish (1) a legal duty on the part of the defendant to conform to a certain standard of conduct to protect others against unreasonable risks; (2) a breach of that duty; (3) a proximate cause between the conduct and the resulting injury; and (4) actual damages to the claimant's person or property. *Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc.*, 700 S.W.2d 426, 432 (Mo. banc 1985) (citing W. Prosser & W. Keeton, *Prosser and Keeton On Torts* § 30 (1984)). "[The] duty to exercise care may be a duty imposed by common law under the circumstances of a given case." *Hoover's Dairy, Inc.*, 700 S.W.2d at 432 (citing *Zuber v. Clarkson Construction Co.*, 363 Mo. 352, 251 S.W.2d 52, 55 (Mo. 1952)

and generally *57 Am.Jur.2d Negligence* §§ 36-53 (1971)). "Where the existence of a duty is established, however, it is not one to protect against every possible injury which might occur." *Hoover's Dairy, Inc.*, 700 S.W.2d at 432 (citing *Irby v. St. Louis County Cab Co.*, 560 S.W.2d 392, 394 (Mo. App. 1977)). Rather, it is generally measured by "whether or not a reasonably prudent person would have anticipated danger and provided against it." *Hoover's Dairy, Inc.*, 700 S.W.2d at 432 (citing *Scheibel v. Hillis*, 531 S.W.2d 285, 288 (Mo. banc 1976)).

Plaintiffs allege that the Combined Defendants had "a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around their benzene-containing products." *See Petition* at ¶ 128. As discussed, the Combined Defendants' products differed significantly in their alleged chemical composition, intended use, and in the time frames of Mr. Grady's purported use of those products. Given these wide disparities, it is unlikely that each Defendant bore the same duty that the *Hoover's Dairy* court imposed.

Moreover, within Count VI, Plaintiffs make conclusory statements that benzene-containing products have a toxic, poisonous, and highly deleterious effect upon the health of persons, yet fail to specify the level, concentration, or frequency of exposure required for benzene to produce such effects. Furthermore, Plaintiffs fail to allege that Mr. Grady did, in fact, have contact with Safety-Kleen products with such frequency, regularity, or concentration to experience adverse health consequences.

Due to the differences among these defendants and their products, combined with likely different standards of conduct, Plaintiffs improperly joined them in Count VI. Accordingly, Plaintiffs' Petition should be dismissed.

Electronically Filed - City of St. Louis - October 14, 2020 - 03:18 PM

***Plaintiffs' Petition Should be Dismissed Because Counts VII and IX Fail to State Facts and Because Plaintiffs Improperly Join "Failure to Warn" Claims Against Seven Vastly Different Defendants Into a Single Count.***

Within Counts VII and IX, strict liability for failure to warn and defective product, respectively, Plaintiffs allege that the Combined Defendants covered up and hid the dangers of their benzene-containing products. *See Petition* at ¶¶ 139, 159. These conclusory statements fail to satisfy the fact-pleading requirements. There is not a single allegation that a warning requirement was not met, nor is there any indication of how the Combined Defendants hid the alleged dangers to which Plaintiffs refer. Moreover, because the alleged chemical compositions between the Combined Defendants vary so greatly (*i.e.* mere benzene-containing versus pure benzene or gasoline or "various chemicals" or trichloroethylene), there is no commonality with respect to warning requirements among the Combined Defendants. Further, because exposure to Safety-Kleen's products is only specifically alleged at employers where no other product but ExxonMobil was used by Mr. Grady, *see id.* at ¶¶ 27-29, the circumstances of Plaintiffs' failure to warn and defective product claims necessarily arise out of separate occurrences.  Pursuant to Rule 55.11, Mo. R. Civ. Pro., combining these occurrences into Counts VII and IX is improper and Plaintiffs' Petition should be dismissed.

***Plaintiffs' Petition Should be Dismissed Because Plaintiffs Fail to State Sufficient Facts to Support a Claim for Punitive Damages.***

Within Counts VI, VII, VIII, IX and X, Plaintiffs seek punitive damages against the Combined Defendants. *See Petition* at ¶¶ 132, 142, 150, 162, and 173.

In ostensible support of their claims, Plaintiffs merely state, "[p]unitive damages are justified in this case because Benzene Defendants knew of the dangers of their benzene containing products and showed complete indifference to, or conscious disregard for, the safety

9

Electronically Filed - City of St. Louis - October 14, 2020 - 03:18 PM

of Mr. Grady and others." *Id.* Plaintiffs state no facts in support of their proposition that punitive damages should be awarded against Safety-Kleen or any of the other Combined Defendants.

Although a punitive damages claim is not entirely a "separate" cause of action, in the sense that it can only be brought in conjunction with an underlying claim for actual damages (*see Hyatt v. Trans World Airlines, Inc.*, 943 S.W.2d 292, 296 (Mo. App. 1997)), nevertheless, such claims are properly treated as discrete claims that are by themselves independently dismissible for lack of either pleading or evidentiary sufficiency. *See, e.g., Desai v. SSM Health Care*, 865 S.W.2d 833, 837 (Mo. App. 1993). A claim for punitive damages based on negligence, whether or not pleaded in a separate count, is also an independent claim in the sense that necessary facts in addition to those relied on in the negligence submission must be established to prove punitive damages. *May v. AOG Holdina Corp.*, 810 S.W.2d 655, 661 (Mo. App. 1991).

For sound policy reasons, punitive damages are ordinarily not recoverable in actions based on mere negligence. *Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc.*, 700 S.W.2d 426, 435 (Mo. banc 1985); *May v. AOG Holdina Corp.*, 810 S.W.2d at 661 (Mo. App. 1991). Generally, the remedy of punitive damages is regarded as so "extraordinary or harsh that it should be applied only sparingly." *Rodriquez v. Suzuki Motor Corp.*, 936 S.W.2d 104, 110 (Mo. banc 1996); *see also generally*, 25 C.J.S. Damages, §§ 198, 200, and 202 (2002).

Such damages must be proven by clear and convincing evidence, rather than a mere preponderance of evidence, and should be awarded sparingly as they are an extreme remedy. *Rodriquez*, 936 S.W.2d at 110. The submission of a punitive damages claim warrants very close judicial scrutiny. *See Alcorn v. Union Pacific R.R. Co.*, 50 S.W.3d 226, 247 (Mo. banc 2001) (concluding there "was not a submissible case for punitive damages"), *overruled on other grounds by Badahman v. Catering St. Louis*, 395 S.W.3d 29, 40 (Mo. 2013). When a claim is

10

Electronically Filed - City of St. Louis - October 14, 2020 - 03:18 PM

brought under a negligence theory, punitive damages are only warranted if the defendant knew or should have known that its conduct "created a high degree of probability of injury," and thereby "showed complete indifference to or a conscious disregard for the safety of others." *Alcorn* at 248. However, Missouri courts have held that:

> The acts of a defendant which justify the imposition of punitive damages are those which are willful, wanton, malicious or so reckless as to be in utter disregard of the consequences. Such acts are clearly distinguished from negligence. While, they need not always include an intent to do harm, they must show such a conscious disregard for another's rights as to amount to willful and intentional wrongdoing. *Id.* (quoting *Warner v. Southwestern Bell Telephone Company*, 428 S.W.2d 596, 603 (Mo. 1968)); *in accord*, *Hoover's Dairy*, 700 S.W.2d at 435.

An individual is able to seek punitive damages in a strict liability action if ". . . in addition to proving the conduct necessary to support the strict liability claim, [plaintiff] can also establish a degree of fault in such conduct sufficient to justify punitive damages." *Greenwood v. The Colman Co. Inc.*, 758 F.2d 1299 (8th Cir. 1985) (quoting *Racer v. Utterman*, 629 S.W.2d 387 (Mo. App. 1981)).

Paragraphs 132, 142, 150, 162, and 173 of the Petition allege Plaintiffs are entitled to punitive damages against Safety-Kleen. However, when measured against the backdrop of these standards, the Petition fails to allege any facts in support of such a claim against Safety-Kleen.

As set forth above, mere conclusions of the pleader not supported by factual allegations are disregarded. *Berkowski v. St. Louis Cty. Bd. of Election Comm'rs*, 854 S.W.2d 819, 823 (Mo. Ct. App. 1993).

Here, as noted earlier, the only alleged "facts" averred in Plaintiffs' Petition concerning the requisites for a punitive damages claim are bare conclusory assertions. While it is often difficult to distinguish between "ultimate facts" and "mere conclusions," even under a liberal

Electronically Filed - City of St. Louis - October 14, 2020 - 03:18 PM

interpretation of what constitutes an "ultimate fact" versus a "mere conclusion," paragraphs 132, 142, 150, 162, and 173 of the Petition fail to state a claim for punitive damages.

As our Supreme Court has repeatedly emphasized, Missouri is a fact pleading state. To state a cognizable claim for punitive damages, a petition:

> [M]ust allege acts or circumstances indicating that the tort was committed either fraudulently, maliciously, willfully, or wantonly . . . Furthermore, a plaintiff cannot pursue a claim for punitive damages where no hint of such a claim was contained in the pleadings, and the mere characterization of the conduct as willful, reckless, wrongful, and unlawful may not be sufficient to charge malice in fact as a ground for punitive damages; thus, the use of descriptive words such as willful, wanton, wrongful, reckless and malicious standing alone may be mere conclusions of the pleader and not a substitute for essential allegations disclosing that course of conduct. (emphasis added); 25 C.J.S. Damages, §230; *First Nat'l Bank of Fort Smith v. Kansas City Southern Ry. Co.*, 865 S.W.2d 719, 728 (Mo. App. 1993).

WHEREFORE, as Plaintiffs fail to state a cause of action upon which relief can be granted under the Missouri Rules of Civil Procedure and Missouri Law, Safety-Kleen Systems, Inc. prays that all counts against it be dismissed, with costs, and for such other and further relief as this Court deems just and proper.

Gary E. Snodgrass #27037
J. Phillip Bryant #46154
PITZER SNODGRASS, P.C.
Attorney for Defendant
Safety-Kleen Systems, Inc.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: snodgrass@pspclaw.com
Email: bryant@pspclaw.com

12

I, the undersigned, certify that the original pleading was signed by the attorney of record and a copy of the foregoing has been electronically served on all counsel of record via the Missouri eFiling System, or U.S. mail for parties not registered for the Missouri eFiling System, on this 14th day of October, 2020.

*Susanne J Kembold*

Electronically Filed - City of St. Louis - October 14, 2020 - 03:18 PM

13

Electronically Filed - City of St. Louis - October 14, 2020 - 03:18 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT

| | | |
|---|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No: 2022-CC09797 |
| vs. | ) | |
| | ) | Division 1 |
| MONSANTO COMPANY, | ) | |
| | ) | |
| SAFETY-KLEEN SYSTEMS, INC., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

## *DEFENDANT SAFETY-KLEEN SYSTEMS, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATMENT*

COMES NOW defendant Safety-Kleen Systems, Inc., by and through counsel, pursuant to Rules 55.05, 55.11, and 55.27 of the Missouri Rules of Civil Procedure, for its Motion to Dismiss, or in the Alternative, Motion for More Definite Statement, states as follows.

### *MOTION TO DISMISS*

1. On September 11, 2020, Plaintiffs electronically filed the instant Petition directed against various defendants, including Safety-Kleen Systems, Inc. (hereinafter, "Safety-Kleen"), alleging that Plaintiff Michael Grady was exposed to various chemicals, primarily through his occupational activities from the 1970s through 2018 and secondarily through his father's occupational activities between 1958 and 1972. *See Petition* at ¶¶ 26-42.

Electronically Filed - City of St. Louis - October 14, 2020 - 03:18 PM

2.    Plaintiffs claim that Michael Grady's purported chemical exposure caused or contributed to the development of his Multiple Myeloma, diagnosed on May 5, 2017. *See id.* at ¶¶ 21, 43.

3.    In their Petition, Plaintiffs improperly combine various claims against multiple defendants into single counts.

4.    Rule 55.11, Mo. R. Civ. Pro. states:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

5.    Plaintiffs' claims against each of the separate defendants that are named in Counts VI, VII, VIII, IX, and X are founded upon separate transactions or occurrences and are required to be stated in separate counts.

6.    Rule 55.05, Mo. R. Civ. Pro., states in relevant part:

> A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief . . .

7.    Mere conclusions of the pleader that are not supported by factual allegations are disregarded in determining whether a petition states a cause of action on which relief can be granted. *Johnston v. Norrell Health Care, Inc.*, 835 S.W.2d 565, 567 (Mo. App. 1992) (quoting *Lick Creek Sewer System v. Bank of Bourbon*, 747 S.W.2d 317, 322 (Mo. App. 1988)).

Electronically Filed - City of St. Louis - October 14, 2020 - 03:18 PM

8.   Plaintiffs' Petition is based upon conclusions that are not supported by factual allegations.

9.   Plaintiffs' individual claims against each of the defendants and their products named in Counts VI, VII, VIII, IX, and X differ from each other as to the alleged particular hazardous chemicals in those products, in the alleged concentrations of hazardous chemicals in the products, in the alleged intended use of the subject products, and in the alleged time frames of Michael Grady's exposure to those products to such an extent that Plaintiffs' claims against these defendants do not arise out of the same transaction or occurrence.

10.  Plaintiffs' claim for punitive damages against Safety-Kleen are based upon Plaintiffs' conclusory statements and are not based upon facts set forth within the Petition that suggest Safety-Kleen was willful, wanton, malicious or so reckless as to be in utter disregard of the consequences. *See Alcorn v. Union Pacific R.R. Co.*, 50 S.W.3d 226, 247 (Mo. banc 2001) (concluding there "was not a submissible case for punitive damages"), *overruled on other grounds by Badahman v. Catering St. Louis*, 395 S.W.3d 29, 40 (Mo. 2013).

11.  Safety-Kleen incorporates by reference, its Memorandum in Support that is filed contemporaneously.

WHEREFORE, as Plaintiffs fail to state a cause of action upon which relief can be granted under the Missouri Rules of Civil Procedure and Missouri Law, Safety-Kleen prays that all counts against it be dismissed, with costs, and for such other and further relief as this Court deems just and proper.

Electronically Filed - City of St. Louis - October 14, 2020 - 03:18 PM

### *ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT*

12.    Safety-Kleen restates and reasserts paragraphs 1 through 11 as if fully stated herein.

13.    In the alternative, should this Court deny Safety-Kleen's Motion to Dismiss, it asks the Court to order Plaintiffs to make a more definite statement in the manners described above.

WHEREFORE, should this Court deny Safety-Kleen's Motion to Dismiss, Safety-Kleen prays in the alternative that this Court order Plaintiffs to amend their Petition to make the allegations more definite as set forth above and for such other and further relief as this Court deems just and proper.

Gary E. Snodgrass    #27037
J. Phillip Bryant    #46154
PITZER SNODGRASS, P.C.
Attorney for Defendant
Safety-Kleen Systems, Inc.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: snodgrass@pspclaw.com
Email: bryant@pspclaw.com

I, the undersigned, certify that the original pleading was signed by the attorney of record and a copy of the foregoing has been electronically served on all counsel of record via the Missouri eFiling System, or U.S. mail for parties not registered for the Missouri eFiling System, on this 14th day of October, 2020.

Electronically Filed - City of St. Louis - October 14, 2020 - 12:28 PM

**IN THE  22ND JUDICIAL CIRCUIT  COURT,  CITY OF ST LOUIS , MISSOURI**

| |
|---|
| Michael Grady Et Al, |
| Plaintiff, |
| vs. |
| Monsanto Company Et Al, |
| Defendant. |

Case Number:  2022-CC09797

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Mallinckrodt Llc, Defendant, in the above-styled cause.

/s/ Mathew Lee Larsen
Mathew Lee Larsen
Mo Bar Number: 60168
Attorney for Defendant
2555 Grand Blvd.
Kansas City, MO 64108
Phone Number: (816) 474-6550
mlarsen@shb.com

### Certificate of Service

I hereby certify that on  October 14th, 2020 , a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ Mathew Lee Larsen
Mathew Lee Larsen

Electronically Filed - City of St. Louis - October 14, 2020 - 04:14 PM

**IN THE  22ND JUDICIAL CIRCUIT  COURT, _____CITY OF ST LOUIS_____, MISSOURI**

| |
|---|
| Michael Grady Et Al, |
|       Plaintiff, |
|              vs. |
| Monsanto Company Et Al, |
|       Defendant. |

Case Number:  2022-CC09797

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Mi Holdings Inc, Defendant, in the above-styled cause.

/s/ Bryan Timothy Pratt
Bryan Timothy Pratt
Mo Bar Number: 48798
Attorney for Defendant
2555 Grand Blvd.
Kansas City, MO 64108-2613
Phone Number: (816) 474-6550
bpratt@shb.com

### Certificate of Service

I hereby certify that on _____October 14th, 2020_____, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ Bryan Timothy Pratt
Bryan Timothy Pratt

Electronically Filed - City of St. Louis - October 14, 2020 - 12:33 PM

**IN THE  22ND JUDICIAL CIRCUIT  COURT,  _____CITY OF ST LOUIS_____ , MISSOURI**

| |
|---|
| Michael Grady Et Al, |
| Plaintiff, |
| vs. |
| Monsanto Company Et Al, |
| Defendant. |

Case Number:  2022-CC09797

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Mallinckrodt Llc, Defendant, in the above-styled cause.

/s/ Christopher Michael Sorenson
Christopher Michael Sorenson
Mo Bar Number: 68412
Attorney for Defendant
2555 Grand Blvd.
Kansas City, MO 64108
Phone Number: (816) 474-6550
csorenson@shb.com

### Certificate of Service

I hereby certify that on _____October 14th, 2020_____, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ Christopher Michael Sorenson
Christopher Michael Sorenson

Electronically Filed - City of St. Louis - October 14, 2020 - 03:18 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Cause No: 2022-CC09797 ) ) Division 1 |
| MONSANTO COMPANY, | ) ) |
| SAFETY-KLEEN SYSTEMS, INC., ET AL. | ) ) |
| Defendants. | ) |

## *ENTRY OF APPEARANCE*

COME NOW Gary E. Snodgrass, J. Phillip Bryant and Pitzer Snodgrass, P.C., and hereby enters their appearance on behalf of Defendant Safety-Kleen Systems, Inc.

Gary E. Snodgrass #27037
J. Phillip Bryant #46154
PITZER SNODGRASS, P.C.
Attorney for Defendant
Safety-Kleen Systems, Inc.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: snodgrass@pspclaw.com
Email: bryant@pspclaw.com

{02356440.DOCX;1}

Electronically Filed - City of St. Louis - October 14, 2020 - 03:18 PM

I, the undersigned, certify that the original pleading was signed by the attorney of record and a copy of the foregoing has been electronically served on all counsel of record via the Missouri eFiling System, or U.S. mail for parties not registered for the Missouri eFiling System, on this 14th day of October, 2020.

Susanne J Rembold

2

Electronically Filed - City of St. Louis - October 14, 2020 - 10:34 AM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 2022-CC09797 |
| | ) | Division No. 1 |
| MONSANTO COMPANY, *et al.*, | ) | |
| | ) | JURY TRIAL DEMANDED |
|     Defendants. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW Richard Brown and Jerome S. Warchol, Jr. of Cosmich, Simmons & Brown, LLC, and enter their appearance on behalf of The Procter & Gamble Manufacturing Company.

Respectfully submitted,

COSMICH, SIMMONS & BROWN, LLC

By     /s/ Jerome S. Warchol, Jr.
              Richard A. Brown      #65304
              Jerome S. Warchol, Jr.    #57123
              10 South Broadway, Suite 1100
              St. Louis, MO 63102
              314-735-2560
              314-552-7019 (Facsimile)
              jerry.warchol@cs-law.com
              citymail@cs-law.com

              *Attorneys for Defendant The Procter & Gamble Manufacturing Company*

Electronically Filed - City of St. Louis - October 14, 2020 - 10:34 AM

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October, 2020, I electronically filed the foregoing with the Clerk of the Court using the Missouri eFiling System, which sent notification of such filing to all counsel of record.  I further certify that I signed or caused my electronic signature to be placed upon the original of the foregoing document.

/s/ Jerome S. Warchol, Jr.

Electronically Filed - City of St. Louis - October 15, 2020 - 12:58 PM

IN THE CIRCUIT COURT OF SAINT LOUIS CITY
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2022-CC09797 |
| | ) | |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY, et al. | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |
| | ) | |

**ENTRY OF APPEARANCE AND JURY DEMAND
OF EXXON MOBIL CORPORATION**

NOW COME Chilton Yambert Porter LLP, Jonathan E. Schmalfeld and Larry J. Chilton and enter herewith their appearance on behalf of defendant EXXON MOBIL CORPORATION incorrectly named herein as ExxonMobil Oil Corporation, as successor to Mobil Oil Corporation (D/B/A Mobil Oil).

Defendant herewith makes demand for trial of this action by jury.

Respectfully submitted,

CHILTON YAMBERT PORTER LLP

s/Jonathan E. Schmalfeld
Jonathan E. Schmalfeld #68374
3823 Connecticut
St. Louis, MO  63116
(314) 249-3869
jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
Chilton Yambert Porter LLP
303 W. Madison, Suite 2300
Chicago, IL  60606
(312) 634-1261
lchilton@cyp-law.com
*Attorneys for Defendant Exxon Mobil Corporation*

Electronically Filed - City of St. Louis - October 15, 2020 - 12:58 PM

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE UPON OTHER PARTIES**

      I, Jonathan E. Schmalfeld, Attorney for defendant Exxon Mobil Corporation, do hereby certify the following:  1) that the original of the foregoing document was signed either by myself or defendant; 2) that the original signed filing shall be maintained for a period of not less than the maximum allowable time to complete the appellate process; and, 3) that a true copy of the foregoing was submitted for delivery to all registered users through the Court's electronic filing system, this 15th day of October, 2020.

                                  s/Jonathan E. Schmalfeld
                                    Jonathan E. Schmalfeld

Electronically Filed - City of St. Louis - October 15, 2020 - 04:10 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) ) ) | |
| Plaintiff, | ) ) | Cause No: 2022-CC09797 |
| vs. | ) ) | Division |
| MONSANTO COMPANY, | ) ) | |
| SAFETY-KLEEN SYSTEMS, INC., ET AL. | ) ) | |
| Defendants. | ) | |

## *NOTICE OF HEARING*

PLEASE TAKE NOTICE that Defendant Safety-Kleen Systems, Inc. will call up for hearing its Motion to Dismiss, or in the Alternative, Motion for More Definite Statement in Division 20 of the Circuit Court of the City of St. Louis on Monday, December 7, 2020 at 9:00 a.m. or as soon thereafter as counsel may be heard via the following Webex link.

**URL:**
**https://mocourts.webex.com/meet/joan.moriarty/**
**Meeting Number:**
**960 213 407**

**Video Address:**
**joan.moriarty@mocourts.webex.com**

**Audio connection:**
**United States Toll +1-408-418-9388**

**Access code:**
**960 213 407**

{02356662.DOCX;1}

_____
Gary E. Snodgrass  #27037
J. Phillip Bryant  #46154
PITZER SNODGRASS, P.C.
Attorney for Defendant
Safety-Kleen Systems, Inc.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: snodgrass@pspclaw.com
Email: bryant@pspclaw.com

I, the undersigned, certify that the original pleading was signed by the attorney of record and a copy of the foregoing has been electronically served on all counsel of record via the Missouri eFiling System, or U.S. mail for parties not registered for the Missouri eFiling System, on this 15th day of October, 2020.

_____

{02356662.DOCX;1}

Electronically Filed - City of St. Louis - October 19, 2020 - 02:11 PM

32947-                                                                                    2022-CC09797

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

MICHAEL GRADY and                    )
KATHLEEN GRADY,                      )
                                     )
        Plaintiffs,                  )
                                     )  Cause No.  2022-CC09797
v.                                   )
                                     )
RADIATOR SPECIALTY COMPANY, et al.   )
                                     )
        Defendants.                  )

**DEFENDANT RADIATOR SPECIALTY COMPANY'S MOTION TO DISMISS PLAINTIFFS'**
**PETITION**

NOW COMES the Defendant, RADIATOR SPECIALTY COMPANY ("Radiator), by and through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP and hereby moves this Court for an Order dismissing Plaintiffs' Petition and, in support thereof, state as follows:

**INTRODUCTION**

1.      Plaintiffs filed this lawsuit against Radiator Specialty Company and other defendants alleging strict liability and negligence.  Plaintiffs are seeking damages allegedly resulting from Michael Grady's claimed exposures to benzene and benzene containing products including Liquid Wrench (Petition ¶40).  Plaintiffs allege that Michael Grady was exposed to benzene while working in Illinois and Missouri.  Michael Grady allegedly was diagnosed with Multiple Myeloma on May 5, 2017. (Petition ¶43).

**ARGUMENT**

2.      Pursuant to Missouri Supreme Court Rule 55.27(1)(2), Defendant objects to the court's jurisdiction over it on the grounds that Defendant is not amenable to process of this

Electronically Filed - City of St. Louis - October 19, 2020 - 02:11 PM

court because Plaintiffs' Petition fails to set forth sufficient facts that Defendant has the requisite contacts with the State of Missouri to have submitted themselves to this Court's jurisdiction, pursuant to V.A.M.S. § 506.500.    Plaintiffs have not plead any connection between this Defendant and Missouri.  This court lacks jurisdiction over this Defendant pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), *Walden v. Fiore*, 134 S. Ct. 1115 (2014), *BNSF v. Tyrell*, 137 S. Ct. 1549 (2017), *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), and *State ex. rel. Norfolk Southern Railway Co. v. Dolan*, No. SC95514 (Mo. 2017).

3.      Plaintiffs' claims are preempted by the Federal Hazardous Substances Act and thus should be dismissed.  The Federal Hazardous Substances Act (the "FHSA") expressly preempts state laws that impose labeling requirements for hazardous materials that are inconsistent with the requirements imposed by the Act.  15 U.S.C. § 1261, note (b)(a)(A).  As the Eastern District of the Missouri District Court has held, the banning of a product "under the guise of a common law tort action is impliedly preempted by the CPSA."  *See Mwesigwa v. DAP, Inc.*, 2010 U.S. Dist. LEXIS 23233, *16 (E.D. Mo. Mar. 12, 2010) (finding that the "[t]he FHSA preempts any state cause of action that would impose a labeling requirement different from the requirements in the FHSA or the regulations promulgated thereunder.")  *Id*. at *5.  Because Plaintiffs' claims are predicated on allegations that various defendants, including Radiator Specialty, failed to include adequate warnings on their products, these claims seek to impose cautionary labeling requirements on Radiator Specialty that differ from those imposed by the FHSA, and they are therefore preempted and must be dismissed.

4.      The Petition fails to plead sufficient facts to state a cause of action.  "Missouri is a fact-pleading state." *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. 1997).  Accordingly, Missouri

Electronically Filed - City of St. Louis - October 19, 2020 - 02:11 PM

32947-                                                                              2022-CC09797

Supreme Court Rule 55.05 requires that a petition contain "a short and plain statement of the facts showing that the pleader is entitled to relief." Mo. R.C.P. 55.05 (2005).  This requirement is not without purpose.  Rather, fact-pleading is necessary to present, limit, define and isolate "the contested issues for the trial court and the parties in order to expedite a trial on the merits." Gibson, 952 S.W.2d at 245.  In order to state a cause of action against Defendant, Plaintiff must plead that a specific product attributable to Defendant was a substantial factor in causing the alleged harm. *ITT Commercial Financial Corp. v. Mid-America Marine Supply Co.*, 854 S.W.2d 371,379 (Mo. 1993).  The Petition as written fails to plead how Defendant's products or activities were a substantial factor in causing the Plaintiffs' alleged exposure to asbestos.  As such, Plaintiffs' Petition should be dismissed.

5.      The Petition cites no specific factual statements and relies on mere unsupported legal conclusions as to strict liability, negligence, and willful and wanton conduct.  *See Ingle v. Case*, 777 S.W.2d 301, 305 (Mo. Ct. App. 1989) (stating that merely asserting legal conclusions without supporting facts is not sufficient).

6.      Plaintiffs' Petition fails to allege sufficient facts which support that forum is proper in St. Louis, Missouri.  Plaintiffs allege they are residents of the State of Missouri (Petition ¶1).  Plaintiffs' Petition does not allege where Plaintiff worked with or around Defendant's product at issue.  As Plaintiffs' Petition fails to allege an appropriate connection to the Judicial Circuit on behalf of Plaintiff, the case should be dismissed on the basis of *forum non conveniens* pursuant to Missouri Law.  *See Vercimak v. Vercimak*, 762 S.W.2d 529, 531 (Mo.App.1988) (finding that trial courts have an obligation to dismiss cases that have no tangible relationship to Missouri).

Electronically Filed - City of St. Louis - October 19, 2020 - 02:11 PM

32947-                                                                    2022-CC09797

7.      Plaintiffs' claims should be dismissed as Plaintiff has not used the product at issue in its intended use or has altered said product.  *See generally Williams v. Deere & Co.*, 598 S.W.2d 609 (Mo. App. 1980); *Glass v. Allis-Chalmers Corp.*, 789 F.2d 612 (8th Cir. 1986).

8.      That the case should be transferred for improper venue pursuant to R.S.Mo. §508.010.

9.      Plaintiffs' petition is barred by the statute of repose inasmuch as §516.097 RSMo. and/or any other applicable state's law provides for a statute of repose involving the design, planning or construction of an improvement to real property. This action is barred because it was brought more than ten (10) years after the improvement to real property which is alleged defective or unsafe was completed. Because this action was untimely brought, it should be dismissed accordingly.

10.     To the extent that Plaintiffs have previously recovered any of Plaintiffs' damages by way of settlement or judgment, this Defendant is entitled to a set-off against any judgment taken against it in this cause for all sums paid in settlement or judgment to the Plaintiffs by another defendant or third-party defendant or any other party or person herein pursuant to RSMo. §537.060 and all other applicable state's statutes and Supreme Court Rules.

## **CONCLUSION**

WHEREFORE, Defendant, RADIATOR SPECIALTY COMPANY respectfully requests that this Court dismiss Plaintiffs' Petition in its entirety with prejudice.

Electronically Filed - City of St. Louis - October 19, 2020 - 02:11 PM

32947-                                                                                    2022-CC09797

RADIATOR SPECIALTY COMPANY, Defendant.


By: _____/s/ Justin Zimmerman_____
        LEWIS BRISBOIS BISGAARD & SMITH
        Jeffrey T. Bash, #56389
        Justin S. Zimmerman, #66352


LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Telephone     618.307.7290
Facsimile     618.692.6099

32947-

2022-CC09797

Electronically Filed - City of St. Louis - October 19, 2020 - 02:11 PM

## **CERTIFICATE OF SERVICE**

I hereby certify that on this **October 19, 2020**, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Plaintiffs' counsel and all parties who have entered an appearance.

By: ____/s/ Justin Zimmerman_____
LEWIS BRISBOIS BISGAARD & SMITH

Electronically Filed - City of St. Louis - October 20, 2020 - 12:24 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No.: 2022-CC09797 |
| | ) | |
| vs. | ) | |
| | ) | |
| RADIATOR SPECIALTY COMPANY, et al., | ) | |
| | ) | **DEFENDANT DEMANDS** |
| | ) | **TRIAL BY JURY** |
| Defendants. | ) | |

**ENTRY OF APPEARANCE**

NOW COMES the law firm, LEWIS BRISBOIS BISGAARD & SMITH LLP, and hereby enters its appearance on behalf of the defendant, RADIATOR SPECIALTY COMPANY, in the above-captioned matter.

RADIATOR SPECIALTY COMPANY, Defendant.

BY: _____*/s/ Jeffrey T. Bash*_____
LEWIS BRISBOIS BISGAARD & SMITH LLP
Jeffrey T. Bash , #56389
Justin S. Zimmermann, #66352

LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II
103 West Vandalia, Suite 300
Edwardsville, IL 62025
Telephone:  618.307.7290
Facsimile:  618.692.6099

32947

No. 2022-CC09797

## CERTIFICATE OF SERVICE

I hereby certify that on **October 20, 2020**, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon plaintiff's counsel and all parties who have entered an appearance.

_____/s/ Jeffrey T. Bash_____
LEWIS, BRISBOIS, BISGAARD & SMITH LLP

Electronically Filed - City of St. Louis - October 20, 2020 - 12:24 PM



Electronically Filed - City of St. Louis - October 14, 2020 - 02:47 PM

FILED

OCT 2 0 2020

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

MICHAEL GRADY and KATHLEEN GRADY ))

         Plaintiffs,

     v.

MONSANTO COMPANY; SAFETY-KLEEN
SYSTEMS INC.; MALLINCKRODT, LLC;
MI HOLDINGS, INC.; SOLUTIA INC.;
EASTMAN CHEMICAL COMPANY,
Individually and as a successor to Solutia Inc.;
PHARMACIA & UPJOHN COMPANY LLC;
EXXONMOBIL OIL CORPORATION, as
successor to Mobil Oil Corporation
(D/B/A/ Mobil Oil); ANHEUSER-BUSCH
INBEV WORLDWIDE INC.; PROCTER &
GAMBLE MANUFACTURING CO.; SHELL
OIL COMPANY, Individually and as successor
to Shell Oil Company, Incorporated, Shell
Chemical LP (f/ka Shell Chemical Company),
and Shell Oil Products Company;
BAYER CORP. a/k/a BAYER HEALTHCARE
PHARMACEUTICALS; RADIATOR
SPECIALTY COMPANY; UNITED STATES
STEEL CORPORATION; MISTIC METAL
MOVER, INC.; TURTLE WAX, INC.; and
ST. LOUIS TESTING LABORATORIES, INC.

         Defendants.

Cause No.: 2022-CC09797

Div. No.: 1

SO ORDERED.

_Rensal_

Div 1

10-21-2020

**CONSENT MOTION FOR EXTENSION OF TIME**

COME NOW Defendants Monsanto Company, Solutia Inc., Pharmacia LLC, Upjohn

Company LLC, Eastman Chemical Company (collectively "Moving Defendants"), by and through

their undersigned counsel, and respectfully move to extend time up to and including November

13, 2020 for Moving Defendants to respond to Plaintiffs' Petition. In support of said motion,

Moving Defendants state:

Electronically Filed - City of St. Louis - October 21, 2020 - 04:51 PM

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

MICHAEL GRADY and KATHLEEN )
GRADY, )
                                     )
                 Plaintiffs, )
                                      )
v. )      Cause No. 2022-CC09797
                                      )
MONSANTO COMPANY, et al., )
                                      )
                Defendants. )

**CERTIFICATE OF SERVICE OF DISCOVERY BY EMAIL**

The undersigned hereby certifies that on this 21st day of October, 2020, true and correct copies of Defendant Shell Oil Company's First Interrogatories to Plaintiff and First Request for Production of Documents to Plaintiff were served by Email to counsel for Plaintiff, Chris Dysart, at: cdysart@dysart-law.com with copies to all counsel of record via Email only.

FOX SMITH, LLC

By:    /s/ Richard B. Korn
          Richard B. Korn, #54570
          rkorn@foxsmithlaw.com
          One S. Memorial Drive, 12th Floor
          St. Louis, MO 63102
          (314) 588-7000
          (314) 588-1965 (Fax)

          ATTORNEYS FOR DEFENDANT
          SHELL OIL COMPANY

Electronically Filed - City of St. Louis - October 21, 2020 - 04:51 PM

Case No. 2022-CC09797

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2020, I electronically filed the foregoing with the Missouri Courts E-Filing System pursuant to Missouri Rule of Civil Procedure 103.08 which will send notification of such filing(s) to the following:

Mr. Christopher W. Dysart
Dysart Law Firm, P.C.
16020 Swingley Ridge Rd., Suite 340
Chesterfield, MO 63017
Phone: 636-590-7110
E-mail: cdysart@dysart-law.com;
rspeichinger@dysart-law.com;
mduffy@dysart-law.com

ATTRONEYS FOR PLAINTIFFS

Mr. Thomas L. Orris
Mr. Matthew E. Pelikan
Mr. Ross S. Titzer
Cosmich Simmons & Brown, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
Phone: (314) 735-2560
E-mail: Tom.Orris@cs-law.com
E-mail: matthew.pelikan@cs-law.com
E-mail: ross.titzer@cs-law.com
E-mail: citymail@cs-law.com

ATTORNEYS FOR ANHEUSER-BUSCH, LLC

Mr. Joshua M. Schindler
Mr. Brian P. Doty
The Schindler Law Firm
141 N. Meramec, Suite 201
St. Louis, MO 63105
Phone: 314-862-1411
E-mail: josh@schindlerlawfirm.com

ATTORNEYS FOR ST. LOUIS TESTING LABORATORIES, INC.

Mr. Gary L. Smith
Ms. M. Ann Hatch
Sandberg Phoenix & von Gontard P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101-1313
Phone: 314-231-6700
E-mail: gsmith@sandbergphoenix.com
E-mail: ahatch@sandbergphoenix.com

ATTORNEYS FOR TURTLE WAX, INC.

Mr. Bryan Timothy Pratt
Mr. Mathew Lee Larsen
Mr. Christopher Michael Sorenson
Shook Hardy & Bacon
2555 Grand Blvd.
Kansas City, MO 64108
Phone: 816-474-6550
E-mail: bpratt@shb.com
E-mail: mlarsen@shb.com
E-mail: csorenson@shb.com

ATTORNEYS FOR MALLINCKRODT Llc AND MI HOLDINGS, INC.

Mr. Richard A. Brown
Mr. Jerome S. Warchol, Jr.
Cosmich Simmons & Brown, PLLC
One Eastover Center
100 Vision Drive, Suite 200
Jackson, MS 39211
Phone: 601-863-2100
E-mail: rich@cs-law.com
E-mail: jerry.warchol@cs-law.com
E-mail: citymail@cs-law.com

ATTORNEYS FOR THE PROCTER & GAMBLE MANUFACTURING COMPANY

Electronically Filed - City of St. Louis - October 21, 2020 - 04:51 PM

Case No. 2022-CC09797

Mr. Gary E. Snodgrass
Mr. J. Phillip Bryant
Pitzer Snodgrass, P.C.
100 South Fourth Street, Suite 400
St. Louis, MO 63102-1821
Phone:  314-421-5545
E-mail:  snodgrass@pspclaw.com;
meriage@pspclaw.com
E-mail:  bryant@pspclaw.com

ATTORNEYS FOR SAFETY-KLEEN
SYSTEMS, INC.

Mr. Jeffrey Bash
Lewis Brisbois Bisgaard & Smith
Mark Twain Plaza II
103 West Vandalia, Suite 300
Edwardsville, IL 62025
Phone:  618-307-7290
E-mail:  jeff.bash@lewisbrisbois.com
Assistant:  bcox@lbbslaw.com
E-mail: justin.zimmerman@lewisbrisbois.com

ATTORNEYS FOR RADIATOR
SPECIALTY COMPANY

Mr. Larry J. Chilton
Chilton Yambert Porter LLP
303 W. Madison Street, Suite 2300
Chicago, IL 60606
Phone:  312-634-1261
E-mail:  lchilton@cyp-law.com
E-mail:  jschmalfeld@cyp-law.com

ATTORNEYS FOR EXXON MOBIL
CORPORATION

/s/ Richard B. Korn

Page 3 of 3

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

MICHAEL GRADY and )
KATHLEEN GRADY, )
                   ) Case No. 2022-CC09797
        Plaintiffs, )
                   )
vs. )
                   )
MONSANTO COMPANY, *et al.*, ) JURY TRIAL DEMANDED
                   ) ON ALL COUNTS
        Defendants. )

### UNITED STATES STEEL CORPORATION'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' PETITION

Defendant United States Steel Corporation ("U.S. Steel"), by its counsel, Husch

Blackwell LLP, and for its Answer and Affirmative Defenses to Plaintiffs' Petition, states:

### JURISDICTION AND VENUE

1.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on

that basis denies, the allegations contained in Paragraph 1 of Plaintiffs' Petition.

2.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on

that basis denies, the allegations contained in Paragraph 2 of Plaintiffs' Petition.

3.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on

that basis denies, the allegations contained in Paragraph 3 of Plaintiffs' Petition.

4.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on

that basis denies, the allegations contained in Paragraph 4 of Plaintiffs' Petition.

5.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on

that basis denies, the allegations contained in Paragraph 5 of Plaintiffs' Petition.

6.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on

that basis denies, the allegations contained in Paragraph 6 of Plaintiffs' Petition.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

7.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 7 of Plaintiffs' Petition.

8.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 8 of Plaintiffs' Petition.

9.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 9 of Plaintiffs' Petition.

10.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 10 of Plaintiffs' Petition.

11.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 11 of Plaintiffs' Petition.

12.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 12 of Plaintiffs' Petition.

13.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 13 of Plaintiffs' Petition.

14.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 14 of Plaintiffs' Petition.

15.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 15 of Plaintiffs' Petition.

16.      U.S. Steel admits Radiator Specialty Company is a foreign corporation. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the remaining allegations contained in Paragraph 16 of Plaintiffs' Petition.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

17.    U.S. Steel admits it is a corporation foreign to Missouri and is registered to do business in the State of Missouri.  U.S. Steel denies any remaining allegations in Paragraph 17 of Plaintiffs' Petition.

18.    U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 18 of Plaintiffs' Petition.

19.    U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 19 of Plaintiffs' Petition.

20.    The allegations contained in Paragraph 20 of Plaintiffs' Petition requires no response.  To the extent that the allegations in Paragraph 20 are deemed factual allegations against U.S. Steel, U.S. Steel denies such allegations.

21.    U.S. Steel denies that Plaintiff Michael Grady's alleged disease, multiple myeloma, was caused by "benzene exposure."  U.S. Steel further denies that it caused, or contributed to cause, Plaintiff Michael Grady's alleged disease.  U.S. Steel denies all remaining allegations in Paragraph 21 of Plaintiffs' Petition.

22.    The allegations contained in Paragraph 22 of Plaintiffs' Petition state a legal conclusion to which no response is required.  To the extent that the allegations in Paragraph 22 of Plaintiffs' Petition are deemed factual allegations against U.S. Steel, U.S. Steel denies such allegations.

23.    The allegations contained in Paragraph 23 of Plaintiffs' Petition state a legal conclusion to which no response is required.  To the extent that the allegations in Paragraph 23 of Plaintiffs' Petition are deemed factual allegations against U.S. Steel, U.S. Steel denies such allegations.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

24.     The allegations contained in Paragraph 24 of Plaintiffs' Petition state a legal conclusion to which no response is required.  To the extent that the allegations in Paragraph 24 of Plaintiffs' Petition are deemed factual allegations against U.S. Steel, U.S. Steel denies such allegations.

## ALLEGATIONS COMMON TO ALL COUNTS

### I. Plaintiff Michael Grady's Exposure Routes

25.     U.S. Steel denies the allegations contained in Paragraph 25 of Plaintiffs' Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 25 of Plaintiffs' Petition as they pertain to other Defendants.

26.     U.S. Steel denies the allegations contained in Paragraph 26 of Plaintiffs' Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 26 of Plaintiffs' Petition as they pertain to other Defendants.

27.     U.S. Steel denies the allegations contained in Paragraph 27 of Plaintiffs' Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 27 of Plaintiffs' Petition as they pertain to other Defendants.

28.     U.S. Steel denies the allegations contained in Paragraph 28 of Plaintiffs' Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 28 of Plaintiffs' Petition as they pertain to other Defendants.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

29.     U.S. Steel denies the allegations contained in Paragraph 29 of Plaintiffs' Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 29 of Plaintiffs' Petition as they pertain to other Defendants.

30.     U.S. Steel denies the allegations contained in Paragraph 30 of Plaintiffs' Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 30 of Plaintiffs' Petition as they pertain to other Defendants.

31.     U.S. Steel denies the allegations contained in Paragraph 31 of Plaintiffs' Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 31 of Plaintiffs' Petition as they pertain to other Defendants.

32.     U.S. Steel denies the allegations contained in Paragraph 32 of Plaintiffs' Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 32 of Plaintiffs' Petition as they pertain to other Defendants.

33.     U.S. Steel denies the allegations contained in Paragraph 33 of Plaintiffs' Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 33 of Plaintiffs' Petition as they pertain to other Defendants.

34.     U.S. Steel denies the allegations contained in Paragraph 34 of Plaintiffs' Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

of, and on that basis denies, the allegations contained in Paragraph 34 of Plaintiffs' Petition as they pertain to other Defendants.

35.     U.S. Steel denies the allegations contained in Paragraph 35 of Plaintiffs' Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 35 of Plaintiffs' Petition as they pertain to other Defendants.

36.     U.S. Steel denies the allegations contained in Paragraph 36 of Plaintiffs' Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 36 of Plaintiffs' Petition as they pertain to other Defendants.

37.     U.S. Steel denies the allegations contained in Paragraph 37 of Plaintiffs' Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 37 of Plaintiffs' Petition as they pertain to other Defendants.

38.     U.S. Steel denies the allegations contained in Paragraph 38 of Plaintiffs' Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 38 of Plaintiffs' Petition as they pertain to other Defendants.

39.     U.S. Steel denies the allegations contained in Paragraph 39 of Plaintiffs' Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 39 of Plaintiffs' Petition as they pertain to other Defendants.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

40.     U.S. Steel admits that it sold raffinate from 1960 to early-1978 to Radiator Specialty Company for use as an ingredient in one version of Radiator Specialty Company's Liquid Wrench product for a limited time period.  U.S. Steel denies the remaining allegations in Paragraph 40 of Plaintiffs' Petition as stated.

41.     U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding the composition of Turtle Wax cleaning polish.  U.S. Steel denies the remaining allegations in Paragraph 41 of Plaintiffs' Petition as stated.

42.     U.S. Steel denies the allegations contained in Paragraph 42 of Plaintiffs' Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of, and on that basis denies, the allegations contained in Paragraph 42 of Plaintiffs' Petition as they pertain to other Defendants.

43.     U.S. Steel is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 43 of Plaintiffs' Petition regarding the disease Plaintiff Michael Grady allegedly has and the date he was allegedly diagnosed, and, therefore denies same.  U.S. Steel denies the remaining allegations contained in Paragraph 43 of Plaintiffs' Petition.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

## FACTS CONCERNING MONSANTO

44.-56. The allegations in paragraphs 44 through 56 of Plaintiffs' Petition are not addressed or directed to U.S. Steel. To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

**COUNT I**
**NEGLIGENCE: PREMISES LIABILITY**
**(AGAINST DEFENDANTS MONSANTO, BAYER, SOLUTIA, PHARMACIA, AND EASTMAN CHEMICAL)**

57.-71. The allegations in paragraphs 57 through 71, including each subparagraph, of Count I of Plaintiffs' Petition are not addressed or directed to U.S. Steel. To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 71 of Count I of Plaintiffs' Petition.

**COUNT II**
**NEGLIGENCE: PREMISES LIABILITY**
**(AGAINST DEFENDANTS ANHEUSER-BUSCH INBEV, PROCTOR & GAMBLE AND MALLINCKRODT/MI HOLDINGS)**

72.-85. The allegations in paragraphs 72 through 85, including each subparagraph, of Count II of Plaintiffs' Petition are not addressed or directed to U.S. Steel. To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 85 of Count II of Plaintiffs' Petition.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

**COUNT III**
**NEGLIGENCE: PREMISES LIABILITY**
**(AGAINST DEFENDANT EXXONMOBIL OIL CORPORATION)**

86.-101. The allegations in paragraphs 86 through 101, including each subparagraph, of Count III of Plaintiffs' Petition are not addressed or directed to U.S. Steel. To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 101 of Count III of Plaintiffs' Petition.

**COUNT IV**
**NEGLIGENCE AS TO PRODUCER,**
**MANUFACTURER & DISTRIBUTOR OF BENZENE**
**(SHELL OIL COMPANY)**

102.-112. The allegations in paragraphs 102 through 112, including each subparagraph, of Count IV of Plaintiffs' Petition are not addressed or directed to U.S. Steel. To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 112 of Count IV of Plaintiffs' Petition.

**COUNT V**
**NEGLIGENCE AS TO**
**MANUFACTURER & DISTRIBUTOR OF PRODUCTS CONTAINING BENZENE**
**(EXXONMOBIL)**

113.-122. The allegations in paragraphs 113 through 122, including each subparagraph, of Count V of Plaintiffs' Petition are not addressed or directed to U.S. Steel. To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 122 of Count V of Plaintiffs' Petition.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

## COUNT VI
## NEGLIGENCE AS TO
## PRODUCER, MANFACTURER & DISTRIBUTOR OF
## PRODUCTS CONTAINING BENZENE
## (SAFETY-KLEEN, TURTLE WAX, MISTIC METAL MOVERS,
## UNITD STATES STEEL, RADIATOR SPECIALTY)

123.    To the extent that Plaintiffs incorporate by reference all paragraphs of Plaintiffs' Petition as and for Paragraph 123 of Count VI of Plaintiffs' Petition, U.S. Steel incorporates by reference its responses to all paragraphs of Plaintiffs' Petition as and for its response to Paragraph 123 of Count VI of Plaintiffs' Petition.

124.    U.S. Steel denies that it sold any of the products identified in Paragraph 124 of Plaintiffs' Petition. U.S. Steel admits that it sold raffinate from 1960 to early-1978 to Radiator Specialty Company for use as an ingredient in one version of Radiator Specialty Company's Liquid Wrench product for a limited time period.  U.S. Steel denies the remaining allegations contained in Paragraph 124 of Plaintiffs' Petition as they relate to U.S. Steel.  U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 124 of Plaintiffs' Petition as they pertain to other Defendants.

125.    U.S. Steel denies the allegations contained in Paragraph 125 of Plaintiffs' Petition.

126.    U.S. Steel denies the allegations contained in Paragraph 126 of Plaintiffs' Petition.

127.    U.S. Steel denies the allegations contained in Paragraph 127 of Plaintiffs' Petition.

128.    U.S. Steel denies the allegations contained in Paragraph 128 of Plaintiffs' Petition.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

129.    U.S. Steel denies the allegations contained in Paragraph 129, including each subparagraph, of Plaintiffs' Petition.

130.    U.S. Steel denies the allegations contained in Paragraph 130 of Plaintiffs' Petition.

131.    U.S. Steel denies Plaintiff Michael Grady's alleged disease, multiple myeloma, was caused by exposure to "benzene and other toxic chemical exposure."  U.S. Steel denies the remaining allegations contained in Paragraph 131 of Plaintiffs' Petition.

132.    U.S. Steel moves to strike Plaintiffs' claim for punitive damages pursuant to Mo. Rev. Stat. § 510.261, *et seq.*  To the extent a response is required, U.S. Steel denies the allegations contained in Paragraph 132 of Count VI of Plaintiffs' Petition.

U.S. Steel moves to strike Plaintiffs' claim for punitive damages pursuant to Mo. Rev. Stat. § 510.261, *et seq.*  U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 132 of Count VI of Plaintiffs' Petition.

## COUNT VII
## STRICT LIABILITY – FAILURE TO WARN
### (AGAINST DEFENDANTS SHELL OIL COMPANY, SAFETY-KLEEN, EXXONMOBIL, TURTLE WAX, MISTIC METAL MOVERS, UNITED STATES STEEL AND RADIATOR SPECIALTY)

133.    To the extent that Plaintiffs incorporate by reference all paragraphs of Plaintiffs' Petition as and for Paragraph 133 of Count VII of Plaintiffs' Petition, U.S. Steel incorporates by reference its responses to all paragraphs of Plaintiffs' Petition as and for its response to Paragraph 133 of Count VII of Plaintiffs' Petition.

134.    U.S. Steel denies the allegations contained in Paragraph 134 of Plaintiffs' Petition as they relate to U.S. Steel.  U.S. Steel lacks knowledge sufficient to form a belief as to the truth

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

of and, on that basis, denies the allegations contained in Paragraph 134 of Plaintiffs' Petition as they pertain to other Defendants.

135.    U.S. Steel denies the allegations contained in Paragraph 135 of Plaintiffs' Petition.

136.    U.S. Steel denies the allegations contained in Paragraph 136 of Plaintiffs' Petition.

137.    U.S. Steel denies the allegations contained in Paragraph 137 of Plaintiffs' Petition.

138.    U.S. Steel denies the allegations contained in Paragraph 138 of Plaintiffs' Petition.

139.    U.S. Steel denies the allegations contained in Paragraph 139 of Plaintiffs' Petition.

140.    U.S. Steel denies the allegations contained in Paragraph 140 of Plaintiffs' Petition.

141.    U.S. Steel denies the allegations contained in Paragraph 141 of Plaintiffs' Petition.

142.    U.S. Steel moves to strike Plaintiffs' claim for punitive damages pursuant to Mo. Rev. Stat. § 510.261, *et seq.* U.S. Steel denies the allegations contained in Paragraph 142 of Count VII of Plaintiffs' Petition.

U.S. Steel moves to strike Plaintiffs' claim for punitive damages pursuant to Mo. Rev. Stat. § 510.261, *et seq.* U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 142 of Count VII of Plaintiffs' Petition.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

<u>**COUNT VIII**</u>
<u>**STRICT LIABILITY – DEFECTIVE PRODUCT**</u>
**(AGAINST DEFENDANTS SHELL OIL COMPANY, SAFETY-KLEEN, RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC METAL, TURTLE WAX, AND EXXONMOBIL)**

143.    To the extent that Plaintiffs incorporate by reference all paragraphs of Plaintiffs' Petition as and for Paragraph 143 of Count VIII of Plaintiffs' Petition, U.S. Steel incorporates by reference its responses to all paragraphs of Plaintiffs' Petition as and for its response to Paragraph 143 of Count VIII of Plaintiffs' Petition.

144.    U.S. Steel denies the allegations contained in Paragraph 144 of Plaintiffs' Petition as they relate to U.S. Steel.  U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 144 of Plaintiffs' Petition as they pertain to other Defendants.

145.    U.S. Steel denies the allegations contained in Paragraph 145, including each subparagraph, of Plaintiffs' Petition.

146.    U.S. Steel denies the allegations contained in Paragraph 146 of Plaintiffs' Petition.

147.    U.S. Steel denies the allegations contained in Paragraph 147 of Plaintiffs' Petition.

148.    U.S. Steel denies the allegations contained in Paragraph 148 of Plaintiffs' Petition.

149.    U.S. Steel denies the allegations contained in Paragraph 149 of Plaintiffs' Petition.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

150.    U.S. Steel moves to strike Plaintiffs' claim for punitive damages pursuant to Mo. Rev. Stat. § 510.261, *et seq.*  U.S. Steel denies the allegations contained in Paragraph 150 of Count VIII of Plaintiffs' Petition.

U.S. Steel moves to strike Plaintiffs' claim for punitive damages pursuant to Mo. Rev. Stat. § 510.261, *et seq.*  U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 150 of Count VIII of Plaintiffs' Petition.

<u>COUNT IX</u>
<u>NEGLIGENCE – FAILURE TO WARN</u>
**(AGAINST DEFENDANTS SHELL OIL COMPANY, SAFETY-KLEEN, RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC METAL, TURTLE WAX AND EXXONMOBIL)**

151.    To the extent that Plaintiffs incorporate by reference all paragraphs of Plaintiffs' Petition as and for Paragraph 151 of Count IX of Plaintiffs' Petition, U.S. Steel incorporates by reference its responses to all paragraphs of Plaintiffs' Petition as and for its response to Paragraph 151 of Count IX of Plaintiffs' Petition.

152.    The allegations contained in Paragraph 152 of Plaintiffs' Petition state a legal conclusion to which no response is required.  To the extent that any allegation contained in Paragraph 152 of Plaintiffs' Petition is deemed a factual allegation against U.S. Steel, U.S. Steel denies such allegations.

153.    U.S. Steel denies the allegations contained in Paragraph 153 of Plaintiffs' Petition.

154.    U.S. Steel denies the allegations contained in Paragraph 154 of Plaintiffs' Petition.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

155.    U.S. Steel denies the allegations contained in Paragraph 155 of Plaintiffs' Petition.

156.    U.S. Steel denies the allegations contained in Paragraph 156 of Plaintiffs' Petition.

157.    U.S. Steel denies the allegations contained in Paragraph 157 of Plaintiffs' Petition.

158.    U.S. Steel denies the allegations contained in Paragraph 158 of Plaintiffs' Petition.

159.    U.S. Steel denies the allegations contained in Paragraph 159 of Plaintiffs' Petition.

160.    U.S. Steel denies the allegations contained in Paragraph 160 of Plaintiffs' Petition.

161.    U.S. Steel denies the allegations contained in Paragraph 161 of Plaintiffs' Petition.

162.    U.S. Steel moves to strike Plaintiffs' claim for punitive damages pursuant to Mo. Rev. Stat. § 510.261, *et seq.*  U.S. Steel denies the allegations contained in Paragraph 162 of Count IX of Plaintiffs' Petition.

U.S. Steel moves to strike Plaintiffs' claim for punitive damages pursuant to Mo. Rev. Stat. § 510.261, *et seq.*  U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 162 of Count IX of Plaintiffs' Petition.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

**COUNT X**
**NEGLIGENCE – DEFECTIVE DESIGN**
**(AGAINST DEFENDANTS SHELL OIL COMPANY,**
**RADIATOR SPECIALTY COMPANY, UNITED STATES STEEL,**
**MISTIC METAL MOVERS, TURTLE WAX, SAFETY-KLEEN AND EXXONMOBIL)**

163.    To the extent that Plaintiffs incorporate by reference all paragraphs of Plaintiffs' Petition as and for Paragraph 163 of Count X of Plaintiffs' Petition, U.S. Steel incorporates by reference its responses to all paragraphs of Plaintiffs' Petition as and for its response to Paragraph 163 of Count X of Plaintiffs' Petition.

164.    The allegations contained in Paragraph 164 of Plaintiffs' Petition state a legal conclusion to which no response is required.  To the extent that any allegation contained in Paragraph 164 of Plaintiffs Petition is deemed a factual allegation against U.S. Steel, U.S. Steel denies such allegations.

165.    U.S. Steel denies the allegations contained in Paragraph 165 of Plaintiffs' Petition.

166.     U.S. Steel denies the allegations contained in Paragraph 166 of Plaintiffs' Petition.

167.    U.S. Steel denies the allegations contained in Paragraph 167, including each subparagraph, of Plaintiffs' Petition.

168.    U.S. Steel denies the allegations contained in Paragraph 168 of Plaintiffs' Petition.

169.    U.S. Steel denies the allegations contained in Paragraph 169 of Plaintiffs' Petition.

170.    U.S. Steel denies the allegations contained in Paragraph 170 of Plaintiffs' Petition.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

171.    U.S. Steel denies the allegations contained in Paragraph 171 of Plaintiffs' Petition.

172.    U.S. Steel denies the allegations contained in Paragraph 172 of Plaintiffs' Petition.

173.    U.S. Steel moves to strike Plaintiffs' claim for punitive damages pursuant to Mo. Rev. Stat. § 510.261, *et seq.*  U.S. Steel denies the allegations contained in Paragraph 173 of Count X of Plaintiffs' Petition.

U.S. Steel moves to strike Plaintiffs' claim for punitive damages pursuant to Mo. Rev. Stat. § 510.261, *et seq.*  U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 173 of Count X of Plaintiffs' Petition.

<div align="center">

**COUNT XI**
**NEGLIGENCE X-RAY TESTING**
**(ST LOUIS TESTING)**

</div>

174.-181. The allegations in paragraphs 174 through 181 of Count XI of Plaintiffs' Petition are not addressed or directed to U.S. Steel.  To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 181 of Count XI of Plaintiffs' Petition.

<div align="center">

**COUNT XII**
**CONSORTIUM**

</div>

182.    To the extent that Plaintiffs incorporate by reference all paragraphs of Plaintiffs' Petition as and for Paragraph 182 of Count XII of Plaintiffs' Petition, U.S. Steel incorporates by reference its responses to all paragraphs of Plaintiffs' Petition as and for its response to Paragraph 182 of Count XII of Plaintiffs' Petition.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

183.    U.S. Steel denies the allegations contained in Paragraph 183 of Count XII of Plaintiffs' Petition.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 183 of Count XII of Plaintiffs' Petition.

### General Denial

U.S. Steel denies generally each and every allegation contained in Plaintiffs' Petition not specifically admitted herein.

### Additional and Affirmative Defenses

1.    Plaintiffs' Petition, and each and every Count therein, fails to state a claim upon which relief can be granted.

2.    Plaintiffs' claims against U.S. Steel are barred either in whole or in part pursuant to the Uniform Comparative Fault Act, as well as any other similar state statutes based upon the location of the negligence, acts and/or omissions because on all occasions in question, Plaintiff Michael Grady committed negligence or other acts or omissions that were a proximate or producing cause, or the sole proximate cause or the sole producing cause, of any alleged injuries or damages to Plaintiffs, if any.  Plaintiffs' claims are therefore barred or liability should be reduced in accordance with Plaintiff Michael Grady's fault.  *See Gustafson v. Benda*, 661 S.W.2d 11, 16 (Mo. 1983) (en banc).

3.    Plaintiffs' alleged injuries and/or damages, if any, were not caused by the negligence of U.S. Steel, but rather were proximately caused by the unforeseeable and/or unintended use(s) and/or misuse(s) of the products in question.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

4.    Plaintiffs' alleged injuries and/or damages, if any, were not caused by the negligence of any party, but rather were the result of an unavoidable accident for which U.S. Steel is not responsible.

5.    Plaintiffs' alleged injuries and/or damages, if any, are the result of negligent acts or omissions of other persons, firms, corporations or entities over whom U.S. Steel is not legally responsible, which jointly or singularly were the sole proximate, producing, superseding, intervening or other cause of all or part of the alleged injuries and damages for which Plaintiffs seek recovery.

6.    Plaintiffs alleged injuries and damages were the result of preexisting or subsequent conditions which are unrelated to any product designed, manufactured, sold, processed, produced, distributed, marketed, used, supplied by and/or found on the premises of U.S. Steel.

7.    The products at issue were altered, modified or otherwise rendered to a form not substantially similar to their form when they left the custody or control of U.S. Steel, by others over whom U.S. Steel had no control, and over whose conduct U.S. Steel had no control.

8.    Plaintiffs' claims are barred in whole or in part because Plaintiff Michael Grady failed to take reasonable efforts to mitigate any alleged damages.

9.    U.S. Steel discharged any duty to warn by providing warnings to the anticipated user that were adequate in light of the anticipated user's knowledge of the products used therein.

10.    U.S. Steel states that the products at issue were not defective in any manner, and that at all pertinent times, the products at issue were reasonably fit and suited for the purpose for which they were manufactured and intended, and were delivered with such advice and warnings

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

as were consistent with the state of the existing scientific, medical, technological and industrial art.

11.    Plaintiffs' claims against U.S. Steel are barred by virtue of fact that U.S. Steel was, at most, a bulk supplier of a product to defendant Radiator Specialty Company.

12.    U.S. Steel pleads the applicable provisions of the "Noerr-Pennington Doctrine."

13.    Based upon the state of scientific, medical, technological and industrial knowledge at the time the products at issue were distributed, supplied by and/or found on the premises of U.S. Steel, the products were reasonably safe for their normal and foreseeable use at all relevant times, or in light of existing reasonably available scientific, technological and industrial knowledge, U.S. Steel could not have known: (a) the design characteristics, if any, that allegedly caused the damages complained of herein or the danger of such characteristics; or (b) any alternative design.

14.    Plaintiffs' claims are barred in whole or in part by the lack of defect, as any products allegedly manufactured by U.S. Steel were properly manufactured in accordance with the applicable standard of care and in compliance with all applicable federal and state statutes and regulations, if any, existing at the time of design and/or manufacture that prescribed standards for design, inspection, testing, manufacture, labeling, warning or instructions for use of the product or products allegedly designed, manufactured and/or sold by U.S. Steel.

15.    Any conditions or risks, if any, were known to Plaintiff, were open, obvious and apparent to Plaintiff Michael Grady, and Plaintiff Michael Gray assumed the risk of any alleged injuries or damages arising out of the acts or occurrences alleged in Plaintiffs' Petition.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

16.    Plaintiffs' causes of action are barred because a reasonable user would have been aware of the alleged risks of the products at issue or because Plaintiff Michael Grady knew of the alleged risks of the product or products at issue.

17.    If Plaintiff Michael Grady was exposed to harmful products, which U.S. Steel specifically denies, such exposure was only brief and not substantial, any exposure to such products was *de minimis* in nature, and Plaintiffs' injuries or damages, if any, were not caused or contributed to by contact with U.S. Steel's products or premises, but on the contrary, such conditions and illnesses would have occurred just as they did had Plaintiff Michael Grady had no contact with U.S. Steel's products and/or premises.

18.    If Plaintiffs receive full or partial satisfaction of any claim through settlement or judgment in any lawsuit or otherwise, then while continuing to deny liability, U.S. Steel is entitled to liability protection to the full extent permitted by Mo. Rev. Stat. § 537.060, or any other applicable state's statutory or common law.

19.    If U.S. Steel is found liable, which liability U.S. Steel specifically denies, U.S. Steel is entitled to indemnity, contribution, and/or set-off from those persons or entities whose fault caused or contributed to the damages for which recovery is sought and are further entitled to liability protection to the full extent permitted under Missouri law, or any other applicable state's statutory or common law.

20.    All or part of Plaintiffs' claims against U.S. Steel are barred in whole or in part by the applicable statutes of limitation or repose, including but not limited to Mo. Rev. Stat. § 516.120(4), or any other applicable state's statutory or common law.

21.    All or part of Plaintiffs' claims against U.S. Steel are barred in whole or in part by the doctrines of estoppel, waiver, laches, unclean hands, and/or other equitable doctrines.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

22.    All or a portion of Plaintiffs' claims are preempted by applicable federal and/or state statutes, rules, standards or regulations, specifically including, but not limited to, the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. § 1261, *et seq.*, and its predecessor, the Federal Hazardous Substances Labeling Act, the Hazardous Materials Transportation Act ("HMTA"), 49 U.S.C. § 5101, *et seq.* and its successor the Hazardous Materials Transportation Uniform Safety Act ("HMTUSA") and their accompanying rules and regulations, including but not limited to 49 C.F.R. §§ 171-180 *et seq.*, and the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136, *et seq.*

23.    U.S. Steel denies that it is liable for any damages in this case.  U.S. Steel contends, however, that Plaintiffs' claims against U.S. Steel are several and not joint in nature pursuant to Mo. Rev. Stat. § 537.067, or any other applicable state's statutory or common law.

24.    U.S. Steel denies that it is liable for any damages in this case.  U.S. Steel contends, however, that any damage award that utilizes Missouri's joint and several liability scheme would be unconstitutional, as this scheme violates U.S. Steel's due process and equal protection guarantees under the United States and Missouri Constitutions in that it imposes on an alleged tortfeasor a liability in excess of the responsibility of that alleged tortfeasor as found by the jury.  This excess is effectively a fine, bearing no relation to the conduct or state of mind of the alleged tortfeasor.  Instead, Missouri law unconstitutionally bases the imposition of that excess liability only upon the ability of that alleged tortfeasor to pay the judgment.

25.    U.S. Steel denies that it is liable for any damages in this case.  U.S. Steel contends, however, that any damage award that utilizes Missouri's joint and several liability scheme would be unconstitutional, as this scheme violates U.S. Steel's due process and equal protection guarantees under the United States and Missouri Constitutions.  The Missouri joint

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

and several liability scheme violates U.S. Steel's due process guarantees because no legitimate state interest supports Missouri's scheme, and no rational relationship exists between a legitimate state interest and the promotion of Missouri's joint and several liability scheme.  Additionally, the Missouri system of assessing joint and several liability violates U.S. Steel's equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law.  The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Missouri Constitutions.

26.     Plaintiff Michael Grady was not a foreseeable user of the products at issue.

27.     Any damages claimed by Plaintiffs against U.S. Steel were caused by intervening acts and/or omissions of third parties.

28.     U.S. Steel did not design or manufacture any of the end products at issue, but rather manufactured a component ingredient for which, as a naturally occurring chemical by-product, there was no safer, alternative design; therefore, U.S. Steel cannot be held liable for the end product.

29.     Plaintiffs' claims against U.S. Steel are barred by virtue of the fact that U.S. Steel was, at most, a bulk supplier of products to defendant Radiator Specialty Company.

30.     Plaintiffs' claims against U.S. Steel are barred by virtue of the fact that defendant Radiator Specialty Company is a sophisticated user of Raffinate.

31.     If a duty to warn is found to have existed, then U.S. Steel asserts that it provided all required warnings regarding their products to people to whom U.S. Steel sold its products and to people who used its products and if Plaintiff Michael Grady did not receive these warnings it was because the products were supplied in bulk and/or the persons and/or entities to whom U.S.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

Steel sold its products or the persons who or entities which used their products did not, through their acts or omissions, pass the product warnings along to Plaintiff, without fault of U.S. Steel.

32.    If a duty to warn is found to have existed, then U.S. Steel asserts that it provided all required warnings regarding their products and premises to Plaintiff Michael Grady's employers, and if Plaintiff Michael Grady did not receive these warnings it was because Plaintiff Michael Grady's employers did not, through their acts or omissions, pass the warnings along to Plaintiff Michael Grady, without fault of U.S. Steel.

33.    The products at issue distributed, sold and/or supplied by U.S. Steel were for use in a limited market by a limited class of workers who have held themselves out as having special knowledge and experience in the handling of this material.  Upon information and belief, Plaintiff Michael Grady and/or his employer(s) were experienced members of that limited class of skilled individuals upon whose special knowledge and expertise concerning the danger of the products, if any, U.S. Steel was entitled to rely.  U.S. Steel had no duty to warn of dangers which Plaintiff Michael Grady and/or his employer(s) knew, or should have known, as a result of his special knowledge or expertise in the handling of these products.

34.    Plaintiff Michael Grady and/or his employer(s) were at all times relevant herein learned intermediaries and/or sophisticated users of the product or products.

35.    Any product, if proven to have been sold by U.S. Steel, was not defective at the time it left its custody and control.

36.    The product and/or products supplied by U.S. Steel at issue were altered, modified or otherwise rendered to a form not substantially similar to the form when it left the custody or control of U.S. Steel, by others over whom U.S. Steel had no control, and over whose conduct U.S. Steel had no control.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

37.     There is no privity between U.S. Steel and Plaintiffs, and such lack of privity bars the action of the Plaintiffs.

38.     Plaintiffs' claim for punitive damages must be stricken pursuant to R.S.Mo. § 510.261, *et seq*.

39.     To the extent that Plaintiffs make claims for exemplary and punitive damages, such claims are prohibited under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and/or applicable state constitutions.

40.     To the extent that Plaintiffs demand punitive damages, US Steel specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 116 U.S. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

41.     Plaintiffs are not entitled to any recovery of punitive or exemplary damages against U.S. Steel because:

    a)     Plaintiffs' claims for punitive damages are barred because an award of punitive damages would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the due process clause of the Missouri Constitution, in that:

        i.     The jury will be allowed to consider evidence of U.S. Steel's wealth in assessing punitive damages.

        ii.     There are no definite standards whereby the judiciary may determine the submissibility of punitive damages or the amount of any such award.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

iii.    There are no effective procedures whereby the judiciary can review either the submissibility or the magnitude of punitive damages.

iv.    The guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.

v.    The vague and inconsistent legal standards for the imposition of punitive damages deprive U.S. Steel of sufficient notice of the type of conduct and mental state upon which an award of punitive damages could be based.

vi.    No objective limitations or standards have been established concerning the amount or severity of any punitive damages award.

vii.    U.S. Steel is not provided with fair and adequate notice of the punishment, through punitive damages, including the severity of the penalty.

viii.    The procedures allowed permit the award of punitive damages upon satisfaction of a reduced standard of proof inconsistent with the decisional authority of the United States Supreme Court.

ix.    The procedures allowed fail to provide clear, consistent, appellate standards of review of an award of punitive damages.

x.    It is a denial of due process of law and of equal protection of the laws under the Constitutions of the United States and Missouri to permit a corporation to be vicariously liable for punitive and exemplary damages which are awarded on the basis of acts or omissions of employees, agents,

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

or representatives of the corporation on the doctrine of respondeat superior or any other vicarious liability doctrine of the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Missouri.

b)    Plaintiffs' claims for punitive damages are barred because they are essentially criminal in nature and a form of punishment, and they seek to deny defendant rights guaranteed to defendants in criminal proceedings under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution and the Constitution of Missouri.  Such rights include, among other things:

i.       A requirement that the basis for the imposition of punitive damages be proven by Plaintiffs;

ii.      The right to a unanimous twelve-person jury verdict in jury trials; and

iii.     The right to a separate hearing for the determination of the amount of punitive damages under applicable provisions of state law.

c)    Plaintiffs' claims for punitive damages are barred because they seek to impose punishment that is excessive and grossly disproportionate to the misconduct alleged, in violation of the Constitution of the State of Missouri.

d)    Plaintiffs' claims for punitive damages are barred to the extent they seek the admission of evidence of U.S. Steel's net worth or wealth in determining whether punitive damages are to be awarded and/or in what amount, because punitive damages are a form of punishment, and punishment that is grounded in U.S. Steel's status, rather than in specific misconduct, has the effect of treating

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

classes of citizens unequally in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Missouri.

e)    Plaintiffs' claims for punitive damages are barred because punitive damages are a form of punishment and any such award under the laws of the State of Missouri would violate U.S. Steel's procedural and substantive Due Process rights, and Equal Protection rights, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the Constitution of the State of Missouri where a jury:  (i) is not provided with standards of sufficient clarity, objectivity and uniformity for determining the appropriateness of awarding, or the appropriate size of any punitive damages; (ii) is not instructed on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (iii) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (iv) is permitted to award punitive damages under standards for determining liability for, and amount of, punitive damages that are vague and arbitrary and do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (v) is not subject to judicial review on the basis of objective and uniform standards.

f)    Plaintiffs' claims for punitive damages are barred because an award of punitive damages in this action would be an unconstitutional burden on interstate

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

commerce in violation of the Commerce Clause of Article I, Section 9 of the United States Constitution.

g)    Plaintiffs' claims for punitive damages in this lawsuit are a request to impose economic sanctions in violation of the sovereignty of other states.

h)    Further, any such recovery would violate U.S. Steel's rights under Article I, Section 9, United States Constitution, because such is an ex post facto law.

i)    Further, an award of punitive damages is a violation of the Contract Clause of the Constitution of the United States of America.

j)    Further, an award of punitive damages is a violation of the Double Jeopardy Clause of the Constitution of the United States of America.

k)    Missouri's scheme for punitive damages, including but not limited to R.S.Mo. §§ 510.263 and 537.675, and the Missouri Approved Jury Instructions for punitive damages, violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and Article 1, §§ 10 and 22(a) of the Missouri Constitution, for the reasons set forth above in this section.

l)    The contracts clause of Article 1 § 10 of the United States Constitution and similar provisions of the Missouri Constitution prohibit the award of punitive damages because any party's claim of punitive damages is an attempt to impose punitive damages through retrospective application of new, judge-made substantive rules. Due process requires fair notice of the type of conduct that will subject a person or entity to monetary punishment and fair notice of range or any monetary punishment that may be imposed for deviation from the standard. Due

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

process prohibits punishment for violation of unsettled standards and standards not judicially established until the conduct complained of has taken place. Due process and the contracts cause of Article 1 § 10 of the United States Constitution and the similar provision of the Missouri Constitution are, therefore, also pled as a defense to all of Plaintiffs' liability theories which were not in existence at the time that U.S. Steel allegedly engaged in the conduct at issue in this action.

42.     Plaintiffs fail to state any proper claim upon which punitive damages may be awarded.

43.     Plaintiffs' claims for punitive damages are barred if they are duplicative of claims for punitive damages on the basis of similar allegations in other cases. In the alternative, any punitive damages awarded to Plaintiffs should be offset by the amount of damages assessed against U.S. Steel in other similar actions, if any.

44.      Plaintiffs have failed to allege facts from which it can be reasonably inferred to the level of clear and convincing proof that U.S. Steel acted with complete indifference to or conscious disregard for the safety of others.

45.     U.S. Steel states that Plaintiffs' claims for punitive damages are barred in that a jury cannot constitutionally impose punitive damages for out-of-state conduct.

46.     Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because the law of this State governing punitive damages provides inadequate procedural protections against arbitrary or erroneous awards of such damages. A State may constitutionally award punitive damages only if the law of that State provides

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

significant and effective procedural protections to defendant, which the law of this State does not.

47.    Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because defendant lacked adequate notice either of the type of conduct that could warrant an award of punitive damages under the law of this State, or of the amount of such damages that could be awarded.  The lack of fair notice bars any award of punitive damages.

48.    Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because the law of this State fails to require that any award of punitive damages bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature.

49.    Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because punitive damages, as awarded in this State, impermissibly discriminate against corporate defendants, including the defendant in this case, that are organized under the laws of other States and that maintain their principal places of business in other States.

50.    Plaintiffs' claims for punitive damages are barred by the Commerce Clause of the United States Constitution, Article I, § 8, cl. 3, because the transactions alleged in Plaintiffs' Petition took place in interstate commerce, and the imposition of punitive damages on a defendant for transactions in interstate commerce unduly burdens that commerce.  In addition, defendant maintains its principal place of business outside this State, and imposition of punitive

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

damages on an out-of-state defendant would unreasonably discriminate against interstate commerce.

51.    Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by principles of federalism embodied in the Constitution, to the extent that claim is based on any conduct by defendant that occurred outside this State.  No legitimate interest of this State can be served by the imposition of punitive damages based on conduct that occurred outside this State, and therefore Due Process prohibits the award of punitive damages based on such conduct.

52.    Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because the law of this State permits the introduction of evidence of defendant's financial condition or 'net worth' with respect to the quantum of punitive damages. The introduction of such evidence violates Due Process by inviting the jury to award an arbitrary amount of punitive damages based on defendant's status as an industrial enterprise.

53.    In the alternative, U.S. Steel pleads and invokes any and all standards for recovery and limitations on the amount of recovery for punitive or exemplary damages to the full extent provided by Missouri law or any other applicable law.

54.    Punitive damages are not recoverable in this action and Plaintiffs fail to state a claim upon which punitive damages may be granted.

55.    U.S. Steel hereby gives notice that it intends to rely upon such other defenses as may become available or appear during the course of discovery or other proceedings in this case and hereby reserves the right to amend this answer to assert such defenses.

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

56.    U.S. Steel adopts and incorporates by reference each and every applicable defense pleaded by any other defendant in this case as if stated fully herein.

57.    Plaintiffs' claims are barred by the doctrine of release.

58.    The Court lacks venue to consider this action.

59.    U.S. Steel reserves the right to assert any and all affirmative defenses which discovery proceedings may hereafter reveal to be appropriate.

WHEREFORE, United States Steel Corporation respectfully requests that this Court dismiss Plaintiffs' claims in their entirety, award United States Steel Corporation all costs and expenses incurred on its behalf, and for such other and further relief, at law or in equity, as this Court deems just and proper.

**UNITED STATES STEEL CORPORATION DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

Respectfully submitted,

HUSCH BLACKWELL LLP

BY:    */s/ Bryan Hopkins*
        Bryan Hopkins, #45896
        Brandon Black, #70880
        190 Carondelet Plaza, Suite 600
        St. Louis, Missouri 63105
        314-480-1500
        314-480-1505 Facsimile
        Bryan.Hopkins@huschblackwell.com
        Brandon.black@huschblackwell.com

**ATTORNEYS FOR DEFENDANT
UNITED STATES STEEL CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2020, the foregoing was electronically filed with the Clerk of the Court of St. Louis City, Missouri using Missouri Case.Net which sent notification of such filing to all persons listed in the Court's electronic notification system.

          /s/ *Bryan Hopkins*

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2022-CC09797 |
| vs. | ) ) | |
| MONSANTO COMPANY, *et al.*, | ) ) | JURY TRIAL DEMANDED ON ALL COUNTS |
| Defendants. | ) | |

### UNITED STATES STEEL CORPORATION'S MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES

Defendant United States Steel Corporation ("U.S. Steel"), by its counsel, Husch Blackwell LLP, and for its Motion to Strike Plaintiffs' Claim for Punitive Damages pursuant to Missouri Supreme Court Rule 55.27(e), states:

1.      This Court may strike from any pleading any redundant, immaterial, impertinent, or scandalous matter.  *See* Mo. S. Ct. R. 55.27(e).

2.      Plaintiffs' filed their Petition on September 11, 2020, as their initial pleading.  *See* Court docket.

3.      Plaintiffs' initial pleading contains claims for punitive damages.  Plaintiffs' Petition, Counts VI-X, at ¶¶ 132, 142, 150, 162, 173, and all "WHEREFORE" paragraphs containing Plaintiff Michael Grady's requested relief.

4.      Missouri Revised Statute § 510.261, *et seq.*, which became effective August 28, 2020, states, in pertinent part:

> **No initial pleading in a civil action shall contain a claim for a punitive damage award.** Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court. A trial court may grant leave to file such a pleading only on written motion by the claimant, filed no later than one hundred twenty days

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

prior to the final pretrial conference in the case or, if there is no scheduled pretrial conference, one hundred twenty days prior to the date set for trial, that is supported by affidavits, exhibits, or discovery materials establishing a reasonable basis for recovery of punitive damages.

Mo. Rev. Stat. § 510.261.5 (emphasis added).

5. Because Plaintiffs' Petition cannot contain a claim for punitive damages, this Court should strike all claims for and references to punitive damages from Plaintiffs' Petition as immaterial and impertinent.

WHEREFORE, United States Steel Corporation respectfully requests that this Court strikes Plaintiffs' claims for punitive damages.

Respectfully submitted,

HUSCH BLACKWELL LLP

BY:    */s/ Bryan Hopkins*
       Bryan Hopkins, #45896
       Brandon Black, #70880
       190 Carondelet Plaza, Suite 600
       St. Louis, Missouri 63105
       314-480-1500
       314-480-1505 Facsimile
       Bryan.Hopkins@huschblackwell.com
       Brandon.black@huschblackwell.com

**ATTORNEYS FOR DEFENDANT**
**UNITED STATES STEEL CORPORATION**

## **CERTIFICATE OF SERVICE**

     I hereby certify that on October 21, 2020, the foregoing was electronically filed with the Clerk of the Court of St. Louis City, Missouri using Missouri Case.Net which sent notification of such filing to all persons listed in the Court's electronic notification system.


                 /s/ *Bryan Hopkins*

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| MICHAEL GRADY and | ) |
| KATHLEEN GRADY, | ) |
| | ) Case No. 2022-CC09797 |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| MONSANTO COMPANY, *et al*., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

**ENTRY OF APPEARANCE**

The law firm of Husch Blackwell LLP, Bryan Hopkins, and Brandon Black hereby enter their appearance on behalf of Defendant United States Steel Corporation in the above cause of action.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: /s/ *Bryan Hopkins*
    Bryan Hopkins, #45896
    Brandon Black, #70880
    190 Carondelet Plaza, Suite 600
    St. Louis, Missouri 63105
    314-480-1500
    314-480-1505 Facsimile

**ATTORNEYS FOR DEFENDANT**
**UNITED STATES STEEL CORPORATION**

Electronically Filed - City of St. Louis - October 21, 2020 - 02:48 PM

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2020, the foregoing was electronically filed with the Clerk of the Court for the City of St. Louis, Missouri using Missouri Case.Net which sent notification of such filing to all persons listed in the Court's electronic notification system.

*/s/ Bryan Hopkins*

Electronically Filed - City of St. Louis - October 22, 2020 - 03:57 PM

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 2022-CC09797 |
| MONSANTO COMPANY, et al., | ) ) | |
| Defendants. | ) ) | |

**DEFENDANT SHELL OIL COMPANY'S MOTION TO STRIKE
PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES**

Defendant, Shell Oil Company ("Defendant"), by its attorneys, Fox Smith, LLC, moves this Honorable Court for the entry of an Order striking Plaintiffs' claim for punitive damages pursuant to Missouri Supreme Court Rule 55.27(e). In support thereof, Defendant states the following:

1.      Plaintiffs filed this lawsuit on September 11, 2020. In their Petition, they claim that Plaintiff Michael Grady developed multiple myeloma as a result of his exposure to benzene and other chemicals during the course of his career. *See* Petition.

2.      In their Petition, Plaintiffs seek compensatory damages and punitive damages. As to the punitive damages, Defendants refer the Court to Plaintiffs' Petition at ¶¶ 71, 101, 112, 122, 132, 142, 150, 162 as well as in the "Wherefore" clause of Counts I, III, IV, V, VI, VII, VIII, IX, and X. *See* Petition.

3.      Missouri Revised Statute § 510.261, *et seq.*, which became effective August 28, 2020, states in pertinent part:

> **No initial pleading in a civil action shall contain a claim for a punitive damage award**. Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court. A trial court may grant leave to file such a pleading only on written motion by the claimant,

Electronically Filed - City of St. Louis - October 22, 2020 - 03:57 PM

Case No. 2022-CC09797

filed no later than one hundred twenty days prior to the final pretrial conference in the case or, if there is no scheduled pretrial conference, one hundred twenty days prior to the date set for trial, that is supported by affidavits, exhibits, or discovery materials establishing a reasonable basis for recovery of punitive damages.

Mo. Rev. Stat. § 510.261.5 (emphasis added).

4.    This Court may strike from any pleading any redundant, immaterial, impertinent, or scandalous matter. *See* Mo. S. Ct. R. 55.27(e).

5.    Because Plaintiffs' assertion of punitive damages in their Petition is violative of the law as stated above, Defendant requests an Order striking any and all requests for punitive damages pled in Plaintiffs' Petition.

WHEREFORE, Defendant, Shell Oil Company, by its attorneys, requests this Honorable Court enter an Order striking all paragraphs of Plaintiffs' Petition which reference punitive damages and/or an Order granting Defendant any other relief the Court deems appropriate under the circumstances.

FOX SMITH, LLC

By:    /s/ Richard B. Korn
       Richard B. Korn, #54570
       rkorn@foxsmithlaw.com
       One S. Memorial Drive, 12th Floor
       St. Louis, MO 63102
       (314) 588-7000
       (314) 588-1965 (Fax)

       ATTORNEYS FOR DEFENDANT
       SHELL OIL COMPANY

Electronically Filed - City of St. Louis - October 22, 2020 - 03:57 PM

Case No. 2022-CC09797

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2020, I electronically filed the foregoing with the Missouri Courts E-Filing System pursuant to Missouri Rule of Civil Procedure 103.08 which will send notification of such filing(s) to the following:

Mr. Christopher W. Dysart
Dysart Law Firm, P.C.
16020 Swingley Ridge Rd., Suite 340
Chesterfield, MO 63017
Phone: 636-590-7110
E-mail: cdysart@dysart-law.com;
rspeichinger@dysart-law.com;
mduffy@dysart-law.com

ATTRONEYS FOR PLAINTIFFS

Mr. Thomas L. Orris
Mr. Matthew E. Pelikan
Mr. Ross S. Titzer
Cosmich Simmons & Brown, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
Phone: (314) 735-2560
E-mail: Tom.Orris@cs-law.com
E-mail: matthew.pelikan@cs-law.com
E-mail: ross.titzer@cs-law.com
E-mail: citymail@cs-law.com

ATTORNEYS FOR ANHEUSER-BUSCH, LLC

Mr. Joshua M. Schindler
Mr. Brian P. Doty
The Schindler Law Firm
141 N. Meramec, Suite 201
St. Louis, MO 63105
Phone: 314-862-1411
E-mail: josh@schindlerlawfirm.com

ATTORNEYS FOR ST. LOUIS TESTING LABORATORIES, INC.

Mr. Gary L. Smith
Ms. M. Ann Hatch
Sandberg Phoenix & von Gontard P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101-1313
Phone: 314-231-6700
E-mail: gsmith@sandbergphoenix.com
E-mail: ahatch@sandbergphoenix.com

ATTORNEYS FOR TURTLE WAX, INC.

Mr. Bryan Timothy Pratt
Mr. Mathew Lee Larsen
Mr. Christopher Michael Sorenson
Shook Hardy & Bacon
2555 Grand Blvd.
Kansas City, MO 64108
Phone: 816-474-6550
E-mail: bpratt@shb.com
E-mail: mlarsen@shb.com
E-mail: csorenson@shb.com

ATTORNEYS FOR MALLINCKRODT Llc
AND MI HOLDINGS, INC.

Mr. Richard A. Brown
Mr. Jerome S. Warchol, Jr.
Cosmich Simmons & Brown, PLLC
One Eastover Center
100 Vision Drive, Suite 200
Jackson, MS 39211
Phone: 601-863-2100
E-mail: rich@cs-law.com
E-mail: jerry.warchol@cs-law.com
E-mail: citymail@cs-law.com

ATTORNEYS FOR THE PROCTER &
GAMBLE MANUFACTURING COMPANY

Mr. Gary E. Snodgrass
Mr. J. Phillip Bryant
Pitzer Snodgrass, P.C.
100 South Fourth Street, Suite 400
St. Louis, MO 63102-1821
Phone:  314-421-5545
E-mail:  snodgrass@pspclaw.com;
meriage@pspclaw.com
E-mail:  bryant@pspclaw.com

ATTORNEYS FOR SAFETY-KLEEN
SYSTEMS, INC.

Mr. Jeffrey Bash
Lewis Brisbois Bisgaard & Smith
Mark Twain Plaza II
103 West Vandalia, Suite 300
Edwardsville, IL 62025
Phone:  618-307-7290
E-mail:  jeff.bash@lewisbrisbois.com
Assistant:  bcox@lbbslaw.com
E-mail: justin.zimmerman@lewisbrisbois.com

ATTORNEYS FOR RADIATOR
SPECIALTY COMPANY

Mr. Larry J. Chilton
Chilton Yambert Porter LLP
303 W. Madison Street, Suite 2300
Chicago, IL 60606
Phone:  312-634-1261
E-mail:  lchilton@cyp-law.com
E-mail:  jschmalfeld@cyp-law.com

ATTORNEYS FOR EXXON MOBIL
CORPORATION

Mr. Bryan Hopkins
Mr. Brandon Black
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105-3441
Phone:  314-480-1954
E-mail:  bryan.hopkins@huschblackwell.com
E-mail:  brandon.black@huschblackwell.com

ATTORNEYS FOR UNITED STATES
STEEL CORPORATION

/s/ Richard B. Korn

Electronically Filed - City of St. Louis - October 22, 2020 - 03:57 PM

Electronically Filed - City of St. Louis - October 23, 2020 - 02:37 PM

IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY, | ) ) ) | Case No. 2022-CC09797 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **DEFENDANT DEMANDS TRIAL** |
| MONSANTO COMPANY, et al., | ) ) | **BY JURY OF 12** |
| Defendants. | ) | |

## DEFENDANT MISTIC METAL MOVER, INC.'S MOTION TO DISMISS' PLAINTIFFS' PETITION

COMES NOW Defendant Mistic Metal Mover, Inc. ("Mistic Metal" or "Defendant"), by and through its attorneys, Sandberg Phoenix & von Gontard P.C., and for its Motion to Dismiss Plaintiffs' Petition pursuant to Missouri Supreme Court Rules 55.27 and 55.05 and/or, alternatively for a more definite statement of Plaintiffs' claims, states:

## FACTUAL BACKGROUND

On September 11, 2020, Plaintiffs filed their twelve count Petition against numerous defendants, including Mistic Metal, seeking damages for Plaintiff Michael Grady's diagnosis of multiple myeloma. Plaintiffs allege Michael Grady was secondarily exposed to chemicals from 1958 to 1972 from his father who worked at the Monsanto plant in Sauget, Illinois. Plaintiffs further allege Plaintiff Michael Grady was exposed to products containing benzene and other toxic chemicals during his own employment at Motor Gas Station in St. Louis, Missouri, at I55 Mobile station in St. Louis from 1977 through 1984, and while working as a union pipefitter and mechanical contractor at various locations in Missouri and Illinois from 1979 to 2018. Plaintiffs allege Michael Grady's exposure to products containing benzene and other toxic chemicals led

Electronically Filed - City of St. Louis - October 23, 2020 - 02:37 PM

him to develop multiple myeloma. Plaintiffs seek relief against Mistic Metal under multiple theories, including negligence and strict liability.

<p align="center">**ARGUMENT**</p>

**A.    LACK OF PERSONAL JURISDICTION**

There are two types of personal jurisdiction: specific and general. A court has specific jurisdiction over a defendant when the suit arises out of or relates to the defendant's contacts with the forum. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). Under Missouri law, a nonresident defendant is subject to specific personal jurisdiction only where the suit arises out of specific activities enumerated in the Missouri long-arm statute, RSMo. § 506.500, and the principles of due process are satisfied, i.e. where the defendant has "sufficient minimum contacts." *Noble v. Shawnee Gun Shop, Inc*., 316 S.W.3d 364 (Mo. App. W.D. 2010). General jurisdiction exists where a Plaintiffs' cause of action does not arise out of or relate to the defendant's contacts within the forum, but the nonresident defendant's contacts with the forum are "so 'continuous and systematic' as to render [the defendant] essentially at home" in the forum state. *Daimler, 134 S. Ct. at* 761 citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). *See also*, *BNSF Railway Co. v. Kelli Tyrrell, et al.*, __S. Ct. __, 2017 WL 2322834, at *10 (May 30, 2017). *Daimler* applies to all state-court assertions of general jurisdiction over nonresident defendants; the Fourteenth Amendment due process constraints discussed in *Daimler* do not vary with the type of claim or business involved in the lawsuit. *BNSF Railway Co.,* 2017 WL 2322834, at *10.

After a defendant raises an objection to personal jurisdiction, the Plaintiffs bear the burden of showing the court's exercise of jurisdiction is proper. *State ex rel. Specialized Transp., Inc. v. Dowd*, 265 S.W.3d 858, 862 (Mo. App. E.D. 2008). The Plaintiffs cannot rely on mere

Electronically Filed - City of St. Louis - October 23, 2020 - 02:37 PM

conclusions and must allege facts to carry its burden. *City of Fenton v. Executive International Inn, Inc*. 740 S.W.2d 338, 339 (Mo. App. E.D. 1987). Here, Plaintiffs have not alleged sufficient facts and have not shown that either specific or general personal jurisdiction exists over Mistic Metal; therefore, Plaintiffs' action should be dismissed.

### I.    Plaintiffs Lacks Specific Jurisdiction Over Mistic Metal.

"[S]pecific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Goodyear*, 131 S. Ct. at 2851; *Bristol-Myers Squibb Co. v. Superior Court of California,* (Supreme Court, No. 16-466, June 19, 2017) slip op., at 5-6. The commission of certain acts "in a State may be sufficient to render a corporation answerable in that State with respect to those acts, though not with respect to matters unrelated to the forum connections. *Id*., at 2853 *citing Int'l Shoe*, 326 U.S. 310, 318 (1945). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant "focuses on `the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014); *See also*, *Andra v. Left Gate Prop. Holding, Inc*., 453 S.W.3d 216, 226 (Mo. banc. 2015).

For a nonresident defendant to be subject to specific personal jurisdiction in Missouri, the claims against the defendant must arise out of the activities enumerated in the Missouri long-arm statute and the defendant must have sufficient minimum contacts with Missouri to satisfy the principles of due process. *Chromalloy American Corp. v. Elyria Foundry Co*., 955 S.W.2d 1, 4 (Mo. banc. 1997); *See also, Noble*, 316 S.W.3d at 370. The relevant portion of Missouri's long-arm statute states:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual,

Electronically Filed - City of St. Louis - October 23, 2020 - 02:37 PM

his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

    (1) The transaction of any business within this state;
    (2) The making of any contract within this state;
    (3) The commission of a tortious act within this state;
    (4) The ownership, use, or possession of any real estate situated in this state.

RSMo. § 506.500.

Where a claim does not arise out of one of the activities enumerated in the long-arm statute, there is no specific personal jurisdiction over the defendant. "Specific jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070 (8th Cir. 2004) citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 at 415–16 (1984). A defendant must have "'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or related to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Bristol-Myers Squibb Co.,* slip op., at 5.

In *Bristol-Myers Squibb Co. v. Superior Court of California*, the U.S. Supreme Court found that there was no specific personal jurisdiction over nonresidents' claims in California as they did not obtain the drug Plavix through California physicians, nor were they injured by Plavix in California or treated for their injuries in California. *Bristol-Myers Squibb Co.,* slip op., at 2. Plaintiffs attempted to combine the claims of California residents and nonresidents into a lawsuit to procure jurisdiction over the defendant. *Id.*, at 1. However, as all the conduct giving rise to the nonresidents' claims occurred outside of California, the Supreme Court held California courts could not claim specific jurisdiction. *Id.*, at 9. The Court also noted that the requirements of *International Shoe* in establishing specific jurisdiction "must be met as to each defendant over who a state court exercises jurisdiction." *Id.*, at 11.

Electronically Filed - City of St. Louis - October 23, 2020 - 02:37 PM

In *State ex rel. Norfolk Southern Railway Co. v. Dolan*, 2017 WL 770977 (Mo. Feb. 28, 2017), the Missouri Supreme Court found no specific jurisdiction existed where defendant conducted railroad activities in Missouri, but the Plaintiffs were injured in Indiana by his work related to defendant's railroad in Indiana. *Id*. While Plaintiffs argued that the injury arose out of the same "type" of railroad activities that defendant engaged in in Missouri, the Court stated that to "say this same conduct confers specific jurisdiction over suits the facts of which have no relationship to the forum state would be to turn specific jurisdiction on its head. There would never be a need to discuss general jurisdiction." *Id*.

While Plaintiffs does not need to "prove all the elements that form the basis of their claim" they must prove "'the acts contemplated by the statute took place' within the state" *Hollinger v. Sifers*, 122 S.W.3d 112, 116 (Mo. App. W.D. 2003). Additionally, as Missouri is a fact-pleading state, Plaintiffs "must allege ultimate facts" and "cannot rely on mere conclusions" to carry its burden. Rule 55.05; *City of Fenton*, 740 S.W.2d at 339. *See also,* Judge Dierker's Order in *Smith v. Union Carbide Corp. et. al*., No. 1422-CC00457, dated February 12, 2015.

Here, Plaintiffs have not adequately pled Plaintiffs' allegations of fact as required, and merely states conclusory allegations against all defendants which are insufficient to establish there is specific personal jurisdiction over this Mistic Metal. Plaintiffs merely states that "All Defendants are entities that may have caused, or contributed to cause, Mr. Grady's Multiple Myeloma from benzene exposure through their products, facilities operations within the State of Missouri and elsewhere or are parent companies, affiliates, subsidiaries, successor in interest, employees, contractors, sub-contractors or other agents of the named Defendants, or their respective predecessor in interest."  These conclusory allegations fail to identify any act or transaction by Mistic Metal that occurred within the State of Missouri. Plaintiffs' petition is

Electronically Filed - City of St. Louis - October 23, 2020 - 02:37 PM

wholly insufficient to save the complaint from dismissal as the petition has failed to establish any connection between the Plaintiffs and the claims at issue to Mistic Metal and the State of Missouri. [1]  Plaintiffs have not shown Plaintiffs' claims arise out of any contacts of Mistic Metal with Missouri and in Missouri.

As Plaintiffs have not carried their burden of showing the claims against Mistic Metal arose out of any contacts of Plaintiffs and Mistic Metal in Missouri or any tortious act committed against Plaintiffs by Mistic Metal in Missouri, Plaintiffs have failed to establish specific personal jurisdiction over Mistic Metal in Missouri. Furthermore, Plaintiffs have not shown what minimum contacts Mistic Metal has with Missouri which this claim arises from, such that the Court may establish specific personal jurisdiction over Mistic Metal without violating due process. Consequently, Plaintiffs have failed to establish that specific personal jurisdiction exists over Mistic Metal.

## II.    There is No General Personal Jurisdiction Over Mistic Metal in Missouri.

While minimum contacts used to be a sufficient basis for general or specific personal jurisdiction in Missouri, recent U.S. Supreme Court rulings have significantly changed the general jurisdiction analysis.  *Davis v. Baylor University*, 976 S.W.2d 5, 7 (Mo.App. W.D. 1998). The Supreme Court's rulings in *Daimler* and *Goodyear* have changed how courts interpret what constitutes contacts that are so "substantial and continuous" with the forum state as to satisfy the requirements of due process. Recently, the Missouri Supreme Court has acknowledged that the test for general jurisdiction set out in *Daimler* is the law of Missouri, and

---

[1] *See generally*, *Hovsepian v. Crane Co*., 2016 WL 2997641 (E.D. Mo. 2016)(A lawsuit filed in St. Louis City was removed to federal court where the judge dismissed the case as the petition used similar conclusory language, and did "not identify any connection between the Plaintiffs and sale of moving defendants' products in Missouri or any tortious act committed against Plaintiffs in this state")

Electronically Filed - City of St. Louis - October 23, 2020 - 02:37 PM

the prior test of "continuous and systematic" business is no longer the law. *Norfolk Southern Railway Co.,* 2017 WL 770977.

Under *Daimler* and *Goodyear*, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 134 S.Ct at 760.  In the case of a corporation, it is the corporation's place of incorporation and principal place of business that are paradigm forums for general jurisdiction. *Id.,* citing *Goodyear,* 131 S. Ct. at 2853-2854. These two locations "have the virtue of being unique … each ordinarily indicates only one place" and are "easily ascertainable." *Id.*

Additionally, the Supreme Court held that there may be "an exceptional case" where a corporation is subject to general jurisdiction in a forum other than forum of its incorporation or its principal place of business. *Id*., 761 n. 19[2].  A state may have general jurisdiction over a defendant if that "corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id*. However, the "exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business'" would be "unacceptably grasping" *Id.* "A corporation that operates in many places can scarcely be deemed at home in all of them." *Id*., at 762 n. 20; *See also, BNSF Railway Co.*, 2017 WL 2322834, at *10. Otherwise, this "at home" test would be synonymous with the "doing business" tests that have framed a specific jurisdiction analysis. *Id.* "Nothing in *International Shoe* and its progeny suggests that 'a particular quantum of local

---

[2] In *Daimler*, the Supreme Court noted that *Perkins v. Benguet Consol. Mining Co*., 342 U.S. 437 (1952) "remains a textbook case of general jurisdiction" and it would be the type of case that falls into category of being an "exceptional case." *Id*., at 755-756. In *Perkins*, the defendant was a corporation incorporated in the Philippines and it operating mines in the Philippines; however, it ceased operating its mines when Japan occupied the Philippines during World War II. *Id*., citing *Perkins* 342 U.S. at 448. The president of the corporation moved to Ohio and kept an office there where maintained the company's files and oversaw the company's activities.  *Id*.  The Court held that general jurisdiction was proper in Ohio as "Ohio was the corporation's principal, if temporary, place of business." *Id*.

Cause No. 2022-CC09797

Electronically Filed - City of St. Louis - October 23, 2020 - 02:37 PM

activity' should give a State authority over a 'far larger quantum of . . . activity' having no connection to any in-state activity." *Id.*

*Daimler* itself concerned a lawsuit by foreign Plaintiffs brought against a foreign defendant, DaimlerChrysler Aktiengensellschaft, in California over events that occurred outside of the United States. 134 S.Ct at 750-751. The Plaintiffs argued that there was general personal jurisdiction over Daimler in California as it had an indirect subsidiary, Mercedes-Benz, USA LLC (MBUSA), that did business in California with multiple California based facilities. *Id.*, at 752. The Court noted that neither Daimler nor MBUSA were incorporated or had a principal place of business in California. *Id.*, at 761. Additionally, the Court held that even if it was assumed that a subsidiary's jurisdiction could be imposed upon the parent company, MBUSA's California sales only made up 2.4% of Daimler's worldwide sales. *Id.*, at 766-767. Therefore, the Justices held that there was no general jurisdiction in California over Daimler, as these contacts were not sufficient to make Daimler "at home" in California, and if they were "the same global reach would presumably be available in every other State in which MBUSA's sales are sizeable." *Id.*, at 761.

Recently, in *BNSF v. Tyrell*, the Supreme Court affirmed the general personal jurisdiction requirements it described in *Daimler*. In *BNSF*, the Plaintiffs sued defendant in the State of Montana. *BNSF Railway Co.*, 2017 WL 2322834, at *3-*4. The defendant was not incorporated in Montana and did not have its principal place of business in Montana. *Id.* Further, though BNSF did conduct business in the State of Montana, the Plaintiffs did not allege any injuries from work done in Montana and never worked for the defendant in Montana. *Id.* at *4. The Court held Montana did not have general jurisdiction over BNSF, because its in-state activity (i.e.

Electronically Filed - City of St. Louis - October 23, 2020 - 02:37 PM

conducting business in the state) alone was not so continuous and systematic to deem the corporation "at home" in Montana. *Id.* at *10[3].

Since the *Daimler* decision, numerous other courts have applied its reasoning and declined to find general personal jurisdiction over non-forum defendants, including the Missouri Supreme Court in *Norfolk Southern Railway Co. v. Dolan*. 2017 WL 770977. The Court reviewed Norfolk Southern's contacts with Missouri and noted it had track in twenty-two states including Missouri, with 2% of its track in Missouri. *Id.* It also generated more revenue from eleven other states and had more employees in thirteen other states. *Id.* The Court held its Missouri contacts were insufficient to establish general jurisdiction under the principles set out in *Daimler*. *Id.*

Other cases applying *Daimler* include*, Mitchell v. Eli Lilly and Co.*, 159 F. Supp.3d 967 (E.D. Mo. 2016)(Plaintiffs sued defendant GlaxoSmithKline (GSX) in Missouri for an injury that occurred in Florida. Court applied *Daimler* and stated that GSX was incorporated in and maintains its principal place of business in Delaware and as Plaintiffs have not argued exceptional circumstances apply, there is no general personal jurisdiction over GSX.); *Beard v. Smithkline Beecham Corp*., 2016 WL 1746113 (E.D. Mo. 2016) (Foreign Plaintiffs brought an action against GSX in Missouri for an injury that occurred in Florida. The court found that GSX's marketing and selling of a product in Missouri did not make GSX's affiliations with the state so "continuous and systematic as to render them essentially at home in the forum state" therefore, there was no general personal jurisdiction over GSX.); *Ricks v. Armstrong Intern., Inc.* 2014 WL 2873189 (E.D. N.C. 2014)(There was no general jurisdiction over an defendant who was incorporated in and had its principal place of business in Massachusetts. Having two work-

---

[3] The Court noted BNSF had 2,061 miles of railroad track in Montana (roughly 6% of its total track), employed 2,100 workers in Montana (less than 5% of its workforce), generated less than 10% of its total revenue in Montana, and maintained only 4% of its automotive facilities in the State. *BNSF Railway Co.*, 2017 WL 2322834, at *4.

Electronically Filed - City of St. Louis - October 23, 2020 - 02:37 PM

at-home sales people, participation at a job fair, and having 9.86% of its sales come from the forum state was not sufficient to be considered so continuous and systematic that the defendant was "at home" in North Carolina.); *Brown v. CBS Corp*., 19 F. Supp. 390 (D. Conn. 2014)(Court found that defendant Lockheed was a Maryland corporation with a principal place of business in Maryland.  Although defendant's "contacts with Connecticut may appear substantial, when viewed in relation to its operations as a whole Lockheed's Connecticut activities account for a relatively trivial amount of its overall business." Therefore, the court found that it was not "at home" in Connecticut and there was no general jurisdiction.)

Judge Dierker in this Circuit has also dismissed a defendant under a *Daimler* analysis in *Smith v. Union Carbide Corp*., No. 1422-CC00457, opinion dated February 12, 2015. Plaintiffs brought suit against DuPont alleging exposure to asbestos attributable to DuPont that occurred in Oklahoma. *Id.,* at 1. DuPont was incorporated in and had its principal place of business in Delaware. *Id.,* at 3, 6. The Court found that specific jurisdiction was improper as the claims did not arise out of any of DuPont's contacts with Missouri. *Id.,* at 3. The Court also found general jurisdiction was improper as DuPont was not incorporated in Missouri nor did it have its principal place of business in Missouri. *Id*., at 6. While DuPont had a subsidiary headquartered in Missouri, the Court found that "two different corporations are two different persons . . . even if one corporation is the sole shareholder of the other." *Id.,* at 6. Additionally, the Court cited to *Daimler* in holding that a subsidiary does not automatically subject a foreign corporation to general personal jurisdiction.  *Id*. The Court held that the Plaintiffs did not present any evidence indicating that this was an "exceptional case" as required under *Daimler* and dismissed DuPont for lack of personal jurisdiction. *Id*., at 6-7.

Electronically Filed - City of St. Louis - October 23, 2020 - 02:37 PM

In the case at hand, general personal jurisdiction does not exist over Mistic Metal. Mistic Metal is not incorporated in Missouri, and it does not have its principal place of business in Missouri. Nor does Mistic Metal have sufficient "continuous and systematic" contacts with Missouri to render it "at home" under the reasoning of *Daimler* and *Norfolk Southern*. Moreover, Plaintiffs have not pled or demonstrated that Mistic Metal's contacts with Missouri are sufficient under the due process requirements set by *Daimler*.

### III. Mistic Metal Has Not Consented to Jurisdiction in Missouri.

Additionally, Mistic Metal has not consented to jurisdiction in Missouri. Mistic Metal has timely and properly objected to the lack of personal jurisdiction in this case. Furthermore, the Missouri Supreme Court held that under the current business registration statutes of Missouri, having a registered agent in Missouri "does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present." *Norfolk Southern* , 2017 WL 770977. Therefore, Mistic Metal has in no way consented to jurisdiction in Missouri.

### IV. Plaintiffs Lacks General, Specific, or Consent Personal Jurisdiction Over Mistic Metal.

Plaintiffs have failed to allege sufficient facts properly establishing that this Court has personal jurisdiction over Mistic Metal. Insufficient facts were alleged for Plaintiffs to carry the burden of establishing that Plaintiffs' injury arose out of some contact of Mistic Metal with Missouri as required under the Missouri long-arm statute. Plaintiffs also failed to show that Mistic Metal's alleged contacts with Missouri satisfy due process concerns to establish specific personal jurisdiction over Mistic Metal. Furthermore, under the principles of *Daimler*, there is no general personal jurisdiction over Mistic Metal in Missouri, as Missouri is not Mistic Metal's place of incorporation or principal place of business, nor does it have sufficient contacts that are

Electronically Filed - City of St. Louis - October 23, 2020 - 02:37 PM

so "continuous and systematic" to consider Mistic Metal "at home" in Missouri. Additionally, Mistic Metal has not consented to personal jurisdiction in Missouri.

### B.    FAILURE TO STATE A CLAIM PURSUANT TO RULES 55.27 AND 55.05

Missouri is a fact-pleading state. *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. banc 1997); *Luethans v. Washington Univ.*, 894 S.W.2d 169, 171 (Mo. banc 1995), *overruled on other grounds* by *Keveney v. Missouri Military Academy*, 304 S.W.3d 98 (2010); *ITT Comm. Finance Corp. v. Mid-Am. Marine Supply Co.*, 854 S.W.2d 371, 379 (Mo. Banc 1993). Although a petition does not have to plead evidentiary or operative facts showing an entitlement to the relief sought, it must plead ultimate facts demonstrating such an entitlement and cannot rely on mere conclusions. *Westphal v. Lake Lotawana Ass'n, Inc.*, 95 S.W.3d 144, 152 (Mo. App. 2003). Further, "when a Petition contains only conclusions and does not contain the ultimate facts or any allegations from which to infer those facts, a motion to dismiss is properly granted." *Id.* "Fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be presented at trial." *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. 1997). A products liability plaintiff must establish facts sufficient to demonstrate a casual connection between the plaintiff's alleged harm and a particular defendant's products. *Smith v. Toyota Motor Corporation*, 2018 WL 1610226, at *5 (E.D. Mo. April 3, 2018) (stating that under Missouri law, "[a] plaintiff must establish causation in all product liability claims regardless of whether they are premised on strict liability or negligence").

Though Plaintiffs' Petition sounds in products liability, Plaintiffs fail to specifically allege exposure to any product, but rather sets forth a laundry list of defendants. Furthermore, Plaintiffs fail to identify the time period, location, or nature of how Plaintiff Michael Grady was

Electronically Filed - City of St. Louis - October 23, 2020 - 02:37 PM

allegedly exposed to any products. Further, Plaintiffs fail to state a separate cause of action against Mistic Metal. The Petition sets forth blanket allegations against Mistic Metal together with six other defendants as an alleged producer, manufacturer, and distributor of products; however, there are no supporting facts indicating which, if any, of the allegations are applicable to Mistic Metal. Mistic Metal is entitled to specific allegations directed to it alone upon which it can separately evaluate the claims being made and to which it can prepare its respective defense.

Here, Plaintiffs' Petition fails to meet the fact-pleading requirements set forth in Missouri Rule of Civil Procedure 55.05. Plaintiffs' Petition for negligence and strict liability fail to state a claim against Mistic Metal. "Where the pleadings fail to state a cause of action under the law or fail to state facts entitling the party to relief, the trial court may dismiss the lawsuit." *Costa v. Allen*, 2008 WL 34735 (Mo. App. W.D. 2008). Mistic Metal needs to know which of its products is being alleged to have caused which of plaintiffs' damages as well as when, how, and where the alleged injury occurred. Without this information, Mistic Metal will be prejudiced and unable to formulate its defense.

In addition to the failure to plead his claims with the necessary specificity, Plaintiffs have failed to plead facts establishing the specific elements of their five causes of action against Mistic Metal.

## I.    Negligence Claim

Plaintiffs have failed to sufficiently plead a cause of action for negligence under Count VI. To plead a cause of action for negligence, Plaintiffs must assert facts which show that Mistic Metal owed a duty to Plaintiff Michael Grady to protect him from injury, that Mistic Metal failed to perform that duty, and that the failure proximately caused Plaintiffs' injuries. *Meekins v. St. John's Reg. Health Ctr., Inc.*, 149 S.W.3d 525, 532 (Mo.App.S.D. 2004). In this case, Plaintiffs

do not allege facts that Mistic Metal owed Plaintiff Michael Grady's a duty, failed to perform that duty, and/or proximately caused Plaintiff Michael Grady's alleged injuries. Without such facts, Plaintiffs have failed to state a claim against Mistic Metal for negligence and Count VI of Plaintiffs' Petition should be dismissed for failure to state a claim.

## II.    Failure to Warn Claims

Plaintiffs have failed to sufficiently plead a cause of action for failure to warn under negligence and/or strict liability in Counts VII and IX. The elements for a failure to warn claim based in negligence are: (1) the defendant designed the product at issue: (2) the product did not contain an adequate warning of the alleged defect or hazard; (3) the defendant failed to use ordinary care to warn of the risk of harm from the alleged defect or hazard; and (4) as a direct result of the defendant's failure to adequately warn, the plaintiff sustained damage. *Moore v. Ford Motor Co*., 332 S.W. 3d 749, 764 (Mo. banc 2011). The elements for a failure to warn claim based in strict liability are : (1) the defendant sold the product in question in the course of its business; (2) the product was unreasonably dangerous at the time of sale when used as reasonably anticipated without knowledge of its characteristics; (3) the defendant did not give adequate warning of the danger; (4) the produce was used in reasonably anticipated manner; and (5) the plaintiff was damaged as a direct result of the product being sold without an adequate warning. *Tune v. Synergy Gas Corp.*, 883 S.W. 2d 10, 13 (Mo. Banc 1994). Plaintiffs have failed to plead facts establishing the specific elements for a failure to warn claim sounding in either a negligence or strict liability by not pleading any facts specific to Mistic Metal and only stating conclusory allegations as to multiple defendants. Without such facts, Plaintiffs have failed to state a claim against Mistic Metal for failure to warn under negligence and/or strict liability and Counts VII and IX of Plaintiffs' Petition should be dismissed for failure to state a claim.

Cause No. 2022-CC09797

Electronically Filed - City of St. Louis - October 23, 2020 - 02:37 PM

### III.    Defective Product/Defective Design Claims

Plaintiffs have failed to sufficiently plead a cause of action for defective product/defective design under strict liability and negligence in Counts VIII and X. Under strict liability, a person who sells a product in a defective condition unreasonably dangerous to the user or consumer is liable to the ultimate user or consumer for any harm caused by the use of the product under strict liability if: (1) the seller is engaged in the business of selling such a product; and (2) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold. *Gramex Corp. v. Green Supply, Inc.*, 89 S.W. 3d 432, 439 (Mo. Banc 2002). Under negligence, the reasonableness of the manufacturer's actions in designing and selling the article as he did is considered. *Blevens v. Cushman Motors*, 551 S.W. 2d 602 (Mo. Banc 1977). Plaintiffs have failed to plead facts establishing the specific elements for a defective product claim sounding in strict liability or negligence by not pleading any facts specific to Mistic Metal and only stating conclusory allegations as to multiple defendants. Without such facts, Plaintiffs have failed to state a claim against Mistic Metal for defective product/defective design under negligence and/or strict liability and Counts VIII and X of Plaintiffs' Petition should be dismissed for failure to state a claim.

### C.    A MORE DEFINITE STATEMENT IS REQUIRED UNDER RULE 55.27

Alternatively, Rule 55.27(d) demands a more definite statement from Plaintiffs as to Mistic Metal. Should the Court allow Plaintiffs' Petition to survive, Mistic Metal respectfully requests an order for a more definite statement as to Mistic Metal, including as to each of the material defects outlined above so that Mistic Metal can properly respond to the allegations, conduct discovery, and prepare for trial.

## CONCLUSION

WHEREFORE, Defendant Mistic Metal Mover, Inc.  moves this Honorable Court for an Order dismissing all counts against it and for any other relief the Court deems as just based on the foregoing or an order for a more definite statement from Plaintiffs.


SANDBERG PHOENIX & von GONTARD P.C.


By: /s/ *Caleb D. Hawkins*              
Steven T. Walsh, #59546
Caleb D. Hawkins, #60374
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com

Attorneys for Defendant Mistic Metal Mover, Inc.

Cause No. 2022-CC09797

Electronically Filed - City of St. Louis - October 23, 2020 - 02:37 PM

Electronically Filed - City of St. Louis - October 23, 2020 - 02:37 PM

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2020, the above and foregoing pleading was filed electronically with the City of St. Louis Circuit Clerk's office by using the Missouri Electronic Document Management System which will send a notice of electronic filing to all counsel of record.

/s/ Caleb D. Hawkins
Attorneys for Defendant

**Attorney for Plaintiffs:**
Christopher W. Dysart
The Dysart Law Firm PC
16020 Swingley Ridge Rd. Ste 340
Chesterfield, MO 63017

Electronically Filed - City of St. Louis - October 23, 2020 - 02:37 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY, | ) ) ) | Case No. 2022-CC09797 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **DEFENDANT DEMANDS** |
| MONSANTO COMPANY, et al., | ) ) | **TRIAL BY JURY OF 12** |
| Defendants. | ) ) | |

**DEFENDANT MISTIC METAL MOVER, INC.'S ENTRY OF APPEARANCE**

COME NOW Steven T. Walsh, Caleb D. Hawkins, and Sandberg Phoenix & von Gontard, P.C. and enter their appearance on behalf of Defendant Mistic Metal Mover, Inc.

SANDBERG PHOENIX & von GONTARD, P.C.

By: /s/ *Caleb D. Hawkins*
Steven T. Walsh, #59546
Caleb D. Hawkins, #60374
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com

Attorneys for Defendant Mistic Metal Mover, Inc.

12855766.1

Electronically Filed - City of St. Louis - October 23, 2020 - 02:37 PM

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2020, the above and foregoing pleading was filed electronically with the City of St. Louis Circuit Clerk's office by using the Missouri Electronic Document Management System which will send a notice of electronic filing to all counsel of record.

/s/ Caleb D. Hawkins
Attorneys for Defendant

**Attorney for Plaintiffs:**
Christopher W. Dysart
The Dysart Law Firm PC
16020 Swingley Ridge Rd. Ste 340
Chesterfield, MO 63017

12855766.1

Electronically Filed - City of St. Louis - October 28, 2020 - 01:12 PM

**INT THE TWENTY-SECOND JUDICIAL CIRCUIT COURT**
**FOR THE CITY OF SAINT LOUIS**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 2022-CC09797 |
| v. | ) | |
| | ) | Division No.: 1 |
| MONSANTO COMPANY, et al, | ) | |
| | ) | Hon. Judge R. Burlison |
| Defendants. | ) | |

**NOTICE OF SUBSTITUTION OF COUNSEL**

COMES NOW Defendant, St. Louis Testing Laboratories, Inc., and hereby files this Notice of Substitution of Counsel, respectfully notifying the Court that James C. Morris and Christopher C. Enger of the law firm Gordon Rees Scully Mansukhani, LLP are substituting for Joshua M. Schindler and Brian P. Doty of The Schindler Law Firm, P.C., as counsel for St. Louis Testing Laboratories, Inc. All further pleadings, orders, and notices should be sent to substitute counsel.

Respectfully submitted,                    Respectfully submitted,

By:  */s/ Joshua M. Schindler*          By:  */s/ James C. Morris*
     Joshua M. Schindler, #37891          James C. Morris, #53074
     Brian P. Doty, #61391                Christopher C. Enger, #68048
     **THE SCHINDLER LAW FIRM, P.C.**      **GORDON REES SCULLY**
     141 North Meramec, Suite 201         **MANSUKHANI, LLP**
     St. Louis, Missouri 63105            211 North Broadway, Suite 2150
     Tel: (314) 862-1411                  St. Louis, Missouri 63102
     Fax: (314) 862-1701                  Tel: (314) 961-6686
     josh@schindlerlawfirm.com            Fax: (314) 338-3076
     brian@schindlerlawfirm.com           jmorris@grsm.com
                                          cenger@grsm.com

Electronically Filed - City of St. Louis - October 28, 2020 - 01:12 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court on this 28th day of October, 2020 affecting service upon all counsel of record via the Court's electronic filing system.

By:  ___/s/ James C. Morris_____

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

IN THE CIRCUIT COURT OF SAINT LOUIS CITY
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2022-CC09797 |
| | ) | |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY, et al. | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |
| | ) | |

## DEFENDANT EXXON MOBIL CORPORATION'S
## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW defendant EXXON MOBIL CORPORATION incorrectly named herein as ExxonMobil Oil Corporation, as successor to Mobil Oil Corporation (D/B/A Mobil Oil) ("Exxon Mobil") and for its Answer and Affirmative Defenses to Plaintiffs' Petition states as follows:

### JURISDICTION AND VENUE

1.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 1 of the Petition and, therefore, such allegations are denied.

2.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 2 of the Petition and, therefore, such allegations are denied.

3.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 3 of the Petition and, therefore, such allegations are denied.

4.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 4 of the Petition and, therefore, such allegations are denied.

5.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 5 of the Petition and, therefore, such allegations are denied.

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

6.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 6 of the Petition and, therefore, such allegations are denied.

7.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 7 of the Petition and, therefore, such allegations are denied.

8.     Exxon Mobil admits that it is a foreign corporation which has done business within the State of Missouri. Except where otherwise expressly admitted, Exxon Mobil denies all remaining allegations contained in paragraph 8 of the Petition.

9.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 9 of the Petition and, therefore, such allegations are denied.

10.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 10 of the Petition and, therefore, such allegations are denied.

11.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 11 of the Petition and, therefore, such allegations are denied.

12.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 12 of the Petition and, therefore, such allegations are denied.

13.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 13 of the Petition and, therefore, such allegations are denied.

14.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 14 of the Petition and, therefore, such allegations are denied.

15.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 15 of the Petition and, therefore, such allegations are denied.

16.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 16 of the Petition and, therefore, such allegations are denied.

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

17.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 17 of the Petition and, therefore, such allegations are denied.

18.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 18 of the Petition and, therefore, such allegations are denied.

19.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 19 of the Petition and, therefore, such allegations are denied.

20.    Admitted.

21.    Denied.

22.    Paragraph 22 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 22 of the Petition, the allegations contained therein are denied.

23.    Paragraph 23 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 23 of the Petition, the allegations contained therein are denied.

24.    Paragraph 24 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 24 of the Petition, the allegations contained therein are denied.

## ALLEGATIONS COMMON TO ALL COUNTS

### I. Plaintiff Michael Grady's Exposure Routes

25.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 25 of the Petition and, therefore, such allegations are denied.

26.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 26 of the Petition and, therefore, such allegations are denied.

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

27.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 27 of the Petition and, therefore, such allegations are denied.

28.     Plaintiffs have failed to supply sufficient information as which "I55 Mobile [*sic*] Station located within the City of St. Louis" Plaintiffs reference in paragraph 28 of their Petition. As such, without clarification as to what specific business address or location Plaintiffs reference in paragraph 28 of their Petition or as to who specifically employed him at that location, Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 28 of the Petition and, therefore, such allegations are denied.

29.     Exxon Mobil incorporates by reference its response to paragraph 28 of Plaintiffs' Petition as its response to paragraph 29 of Plaintiffs' Petition.

30.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 30 of the Petition and, therefore, such allegations are denied.

31.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 31 of the Petition and, therefore, such allegations are denied.

32.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 32 of the Petition and, therefore, such allegations are denied.

33.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 33 of the Petition and, therefore, such allegations are denied.

34.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 34 of the Petition and, therefore, such allegations are denied.

35.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 35 of the Petition and, therefore, such allegations are denied.

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

36.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 36 of the Petition and, therefore, such allegations are denied.

37.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 37 of the Petition and, therefore, such allegations are denied.

38.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 38 of the Petition and, therefore, such allegations are denied.

39.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 39 of the Petition and, therefore, such allegations are denied.

40.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 40 of the Petition and, therefore, such allegations are denied.

41.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 41 of the Petition and, therefore, such allegations are denied.

42.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 42 of the Petition and, therefore, such allegations are denied.

43.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 43 of the Petition and, therefore, such allegations are denied.

## FACTS CONCERNING MONSANTO

44.     The averments contained in paragraph 44 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 44 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

45.     The averments contained in paragraph 45 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

contained in paragraph 45 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

46.    The averments contained in paragraph 46 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 46 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

47.    The averments contained in paragraph 47 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 47 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

48.    The averments contained in paragraph 48 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 48 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

49.    The averments contained in paragraph 49 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 49 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

50.    The averments contained in paragraph 50 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 50 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

51.    The averments contained in paragraph 51 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 51 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

52.    The averments contained in paragraph 52 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 52 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

53.    The averments contained in paragraph 53 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 53 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

54.    The averments contained in paragraph 54 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 54 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

55.    The averments contained in paragraph 55 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 55 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

56.    The averments contained in paragraph 56 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

contained in paragraph 56 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

<div align="center">

**Count I**
**Negligence: Premises Liability**
**(Against Defendants Monsanto, Bayer, Solutia, Pharmacia, and Eastman Chemical)**

</div>

57-71.   The averments contained in Count I, paragraphs 57 through 71, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in Count I, Paragraphs 57 through 71, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

<div align="center">

**Count II**
**Negligence: Premises Liability**
**(Against Defendants Anheuser-Busch InBev, Procter & Gamble, and Mallinckrodt/MI Holdings)**

</div>

72-85.   The averments contained in Count II, paragraphs 72 through 85, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in Count II, Paragraphs 72 through 85, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

**Count III**
**Negligence: Premises Liability**
**(Against Defendant ExxonMobil Oil Corporation)**

86.     Exxon Mobil repeats and realleges its responses to paragraphs 1 through 85 of Plaintiffs' Petition as if more fully set forth herein.

87.     Plaintiffs have failed to supply sufficient information as which "I55 Mobile [*sic*] Station located within the City of St. Louis" Plaintiffs reference in paragraph 87 of their Petition. As such, without clarification as to what specific business address or location Plaintiffs reference in paragraph 87 of their Petition or as to who specifically employed him at that location, Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 87 of the Petition and, therefore, such allegations are denied.

88.     Exxon Mobil incorporates by reference its response to paragraph 87 of Plaintiffs' Petition as its response to paragraph 88 of Plaintiffs' Petition

89.     Paragraph 89 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 89 of the Petition, the allegations contained therein are denied.

90.     Exxon Mobil incorporates by reference its response to paragraph 87 of Plaintiffs' Petition as its response to paragraph 90 of Plaintiffs' Petition.

91.      Exxon Mobil incorporates by reference its response to paragraph 87 of Plaintiffs' Petition as its response to paragraph 91 of Plaintiffs' Petition

92.     It is unclear what "ExxonMobil facilities and/or … ExxonMobil premises" are being referenced in paragraph 92 of Plaintiffs' Petition. As such, without clarification as to what specific business address or location which Plaintiffs reference in paragraph 92 of their Petition,

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 92 of the Petition and, therefore, such allegations are denied.

93.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 93 of the Petition and, therefore, such allegations are denied.

94.    It is unclear what "ExxonMobil premises" are being referenced in paragraph 94 of Plaintiffs' Petition. As such, without clarification as to what specific business address or location which Plaintiffs reference in paragraph 94 of their Petition, Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 94 of the Petition and, therefore, such allegations are denied

95.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 93 of the Petition and, therefore, such allegations are denied.

96.    Denied.

97.    Paragraph 97 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 97 of the Petition, the allegations contained therein are denied.

98.    Exxon Mobil denies the allegations in paragraph 98, including but not limited to the allegations in subparagraphs (a) through (j).

99.    Denied.

100.    Denied.

101.    Denied.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

**Count IV**
**<u>Negligence as to Producer, Manufacturer & Distributor of Benzene</u>**
**(Shell Oil Company)**

102-112.  The averments contained in Count IV, paragraphs 102 through 112, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in Count IV, Paragraphs 102 through 112, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

**Count V**
**<u>Negligence as to Manufacturer & Distributor of Products Containing Benzene</u>**
**(ExxonMobil)**

113.    Exxon Mobil repeats and realleges its responses to paragraphs 1 through 112 of Plaintiffs' Petition as if more fully set forth herein.

114.    It is unclear if "Defendant ExxonMobil Shell", as stated in paragraph 114 of Plaintiffs' Petition, is intended to identify Exxon Mobil, Shell, or some other combination entity. Additionally, Plaintiffs have failed to supply sufficient information as which "I55 Mobile [*sic*] Station" Plaintiffs reference in paragraph 114 of their Petition. As such, without clarification as to what specific business address or location which Plaintiffs reference in paragraph 114 of their Petition, Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 114 of the Petition and, therefore, such allegations are denied.

115.    Plaintiffs have failed to supply sufficient information as which "I55 Mobile [sic] Station" Plaintiffs reference in paragraph 115 of their Petition. As such, without clarification as to

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

what specific business address or location Plaintiffs reference in paragraph 115 of their Petition, Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 115 of the Petition and, therefore, such allegations are denied.

116.    Paragraph 116 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 116 of the Petition, the allegations contained therein are denied. Further responding, Exxon Mobil incorporates by reference its response to paragraph 115 of Plaintiffs' Petition.

117.    Denied.

118.    Paragraph 118 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 118of the Petition, the allegations contained therein are denied.

119.    Exxon Mobil denies the allegations in paragraph 119, including but not limited to the allegations in subparagraphs (a) through (i).

120.    Denied.

121.    Denied.

122.    Denied.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

### Count VI
### Negligence as to Producer, Manufacturer & Distributor of Products Containing Benzene
**(Safety-Kleen, Turtle Wax, Mistic Metal Movers, United States Steel, and Radiator Specialty)**

123-132. The averments contained in Count VI, paragraphs 123 through 132, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

the extent that any averment contained in Count VI, Paragraphs 123 through 132, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

<div align="center">

**Count VII**
**<u>Strict Liability: Failure to Warn</u>**
**(Against Defendants Shell Oil Company, Safety-Kleen, ExxonMobil, Turtle Wax, Mistic Metal Movers, United States Steel, and Radiator Specialty)**

</div>

133.     Exxon Mobil repeats and realleges its responses to paragraphs 1 through 132 of Plaintiffs' Petition as if more fully set forth herein.

134.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 134 of the Petition and, therefore, such allegations are denied.

135.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 135 of the Petition and, therefore, such allegations are denied.

136.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 136 of the Petition and, therefore, such allegations are denied.

137.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 137 of the Petition and, therefore, such allegations are denied.

138.     Denied.

139.     Denied.

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

140.    Denied.

141.    Denied.

142.    Denied.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

<div align="center">

**Count VIII**
**<u>Strict Liability: Defective Product</u>**
**(Against Defendants Shell Oil Company, Safety-Kleen, ExxonMobil, Turtle Wax, Mistic Metal Movers, United States Steel, and Radiator Specialty)**

</div>

143.    Exxon Mobil repeats and realleges its responses to paragraphs 1 through 142 of Plaintiffs' Petition as if more fully set forth herein.

144.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 144 of the Petition and, therefore, such allegations are denied.

145.    Denied, including but not limited to the allegations in subparagraphs (a) through (e).

146.    Denied.

147.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 147 of the Petition and, therefore, such allegations are denied.

148.    Denied.

149.    Denied.

150.    Denied.

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

<div align="center">

**Count IX**
**<u>Negligence: Failure to Warn</u>**
**(Against Defendants Shell Oil Company, Safety-Kleen, ExxonMobil, Turtle Wax, Mistic Metal Movers, United States Steel, and Radiator Specialty)**

</div>

151.    Exxon Mobil repeats and realleges its responses to paragraphs 1 through 150 of Plaintiffs' Petition as if more fully set forth herein.

152.    Paragraph 152 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 152 of the Petition, the allegations contained therein are denied.

153.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 153 of the Petition and, therefore, such allegations are denied.

154.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 154 of the Petition and, therefore, such allegations are denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

162.    Denied.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs'

Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court

determines to be just and proper.

<div align="center">

**Count X**
**<u>Negligence: Defective Design</u>**
**(Against Defendants Shell Oil Company, Safety-Kleen, ExxonMobil, Turtle Wax, Mistic
Metal Movers, United States Steel, and Radiator Specialty)**

</div>

163.    Exxon Mobil repeats and realleges its responses to paragraphs 1 through 162 of

Plaintiffs' Petition as if more fully set forth herein.

164.    Paragraph 164 states a legal conclusion for which no response is required. To the

extent this Court requires a response to paragraph 164 of the Petition, the allegations contained

therein are denied.

165.    Denied.

166.    Denied.

167.    Denied, including but not limited to the allegations in subparagraphs (a) through

(g).

168.    Exxon Mobil is without sufficient knowledge or information to form a belief as to

the allegations contained in paragraph 168 of the Petition and, therefore, such allegations are

denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

### Count XI
### <u>Negligence: X-Ray Testing</u>
### (St. Louis Testing)

174-181. The averments contained in Count XI, paragraphs 174 through 181, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto. However, to the extent that any averment contained in Count XI, Paragraphs 174 through 181, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

### Count XI
### <u>Consortium</u>

182.    Exxon Mobil repeats and realleges its responses to paragraphs 1 through 181 of Plaintiffs' Petition as if more fully set forth herein.

183.    Denied.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY**

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

## AFFIRMATIVE AND OTHER DEFENSES

1.  As further answer and defense, and without waiving in any manner its denial of liability, Exxon Mobil states that Plaintiffs' Petition must be dismissed for failure to state a claim upon which relief can be granted.

2.  Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations or repose.

3.  As further answer and defense, Exxon Mobil states that Plaintiffs unreasonably delayed in bringing this action against this defendant in a way which prejudiced its rights. Therefore, Plaintiffs' causes of action are barred by the doctrines of laches, estoppel, and/or waiver

4.  As further answer and defense, and without waiving in any manner its denial of liability, Exxon Mobil states that Michael Grady assumed the risk of injury, if any, through his own comparative fault and contributory negligence, in that, inter alia:

    a.  Michael Grady failed to read and follow available product instructions and warnings;

    b.  Michael Grady failed to heed and follow his employer's directions and instructions;

    c.  Michael Grady failed to mitigate his damages;

    d.  Michael Grady misused this defendant's products, in ways that were not foreseeable to Exxon Mobil;

    e.  Michael Grady failed to use ordinary and reasonable care; and

    f.  Michael Grady knowingly and voluntarily assumed the risk of injury and damages.

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

5.      As further answer and defense, Exxon Mobil states that Michael Grady's injuries and/or damages, if any, were not caused by the negligence of this defendant, but rather were proximately caused by the abnormal, unforeseeable, and/or unintended use and/or misuse of the products in questions

6.      As further answer and defense, Exxon Mobil states that plaintiffs' alleged injuries and damages, if any, resulted from the negligent acts or omissions of other persons, firms, corporations, or entities over whom this defendant is not legally responsible, and which jointly or singularly were the sole proximate, producing, superseding, intervening or other cause of Michael Grady's injuries.

7.      As further answer and defense, Exxon Mobil states that the products at issue, which plaintiffs allege were designed, manufactured, sold, or supplied by this defendant, which allegation defendant specifically denies, were altered, modified, or otherwise rendered to a form not substantially similar to their form when they left the custody or control of Exxon Mobil, which was done by others over whom this defendant had no control.

8.      As further answer and defense, Exxon Mobil states that to the extent plaintiffs allege the products at issue were designed, manufactured, sold, or supplied by this defendant which allegation defendant specifically denies, then Exxon Mobil discharged any duty to warn by providing warnings to product users and/or to decedent and/or to his employer, that were adequate in light of the anticipated user's knowledge of the products used therein.

9.      As further answer and defense, Exxon Mobil states that to the extent plaintiffs allege the products at issue were designed, manufactured, sold, or supplied by this defendant, which allegation this defendant specifically denies, the products at issue were not defective in any manner and at all pertinent times, were reasonably fit and suited for the purpose for which

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

they were manufactured and intended, and were delivered with such warnings as were consistent with the state of the existing scientific, technological and industrial art.

10.     As further answer and defense, Exxon Mobil states that to the extent plaintiffs allege the products at issue were designed, manufactured, sold, or supplied by this defendant, which allegation defendant specifically denies, the products at issue were distributed, sold, and supplied by Exxon Mobil for use in a limited market by a limited class of workers who have held themselves out as having special knowledge and experience in the handling of this material. Based on present information and belief, Michael Grady was an experienced member of that limited class of skilled individuals, upon whose special knowledge and expertise concerning the danger of the products, if any, Exxon Mobil was entitled to rely.  Defendant had no duty to warn of dangers of which Michael Grady knew or should have known, as a result of his special knowledge and expertise in the handling of these products.

11.     As further answer and defense, Exxon Mobil states that plaintiffs' causes of action are barred because a reasonable user would have been aware of the alleged risks of the products at issue and because Michael Grady knew of the alleged risks of the products at issue.

12.     As further answer and defense, Exxon Mobil states that if it is found liable, which liability this defendant specifically denies, then it is entitled to indemnity, contribution and/or setoff from those persons or entities whose fault caused or contributed to the damages for which recovery is sought, and is further entitled to liability protection to the full extent permitted under Missouri law or any other applicable law.

13.     As further answer and defense, Exxon Mobil states that all or part of plaintiffs' claims are preempted by the applicable federal and/or state statutes, rules, standards or regulations, specifically including but not limited to the Federal Hazardous Substances Act

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

("FHSA"), 15 U.S.C. §1261 *et seq*. with its predecessor, the Federal Hazardous Substances Labeling Act.

14.     As further answer and defense, Exxon Mobil states that it is entitled to a determination of the percentage of responsibility of plaintiffs, each defendant, each person, and each responsible party, even if such person or entity has not been joined in this action, for each such persons causing or contributing to cause in any way the harm for which recovery of damages are sought by plaintiffs, whether by negligent act or omission, by any defective or unreasonably dangerous product, or by other conduct or activity that violates an applicable legal standard, or by any combination thereof, and, if Exxon Mobil is found liable, which liability this defendant continues to deny, then it is entitled to a reduction of its liability to the extent of determined percentages of responsibility pursuant to and consistent with the operation of comparative fault in Missouri.

15.     As further answer and defense, Exxon Mobil states that any claim here for punitive damages is in violation of the Commerce Clause of Article I, Section 9, of the United States Constitution and this defendant's constitutional rights under the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments of the United States Constitution and the due process clause of the Missouri Constitution in that said damages are penal in nature and tantamount to the imposition of a criminal fine; further, that the guidelines, standards and/or instructions for the imposition of punitive damages are vague, indefinite and uncertain and set no limit on the damages which can be awarded and amount to excessive fines and furthermore, do not apprise this defendant of the conduct that will subject it to criminal penalties, expose it to multiple punishment and fines for the same act, and discriminates against this defendant on the basis of wealth in that different amounts can be awarded against different defendants for the same

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

conduct who differ only in material wealth; further, any award of punitive damages should be subject to <u>de novo</u> review pursuant to the due process clauses of the United States Constitution and the Missouri Constitution.

16.    The imposition of punitive damages in this case based on the out of state conduct, profits, and aggregate financial status of defendant would violate the Commerce Clause, the Equal Protection Clause, and the Privileges and Immunities Clause of the United States Constitution.

17.    As further answer and defense, Exxon Mobil states that to the extent Plaintiffs have released, settled and entered into an accord and satisfaction or otherwise compromised their claims herein with any other responsible party, then Plaintiffs have accepted compensation as partial settlement of those claims, for which this defendant is entitled to a setoff.

18.    Exxon Mobil reserves its right to challenge the propriety and convenience of the forum in which Plaintiffs have filed suit.  Based upon Plaintiffs' vague allegations, this defendant cannot at this time discern whether the public and private interest factors enunciated by the Missouri Supreme Court would favor transfer to another, more convenient forum.

19.    Exxon Mobil reserves the right to challenge the propriety of the venue in which plaintiffs have filed suit. Based upon Plaintiffs' vague allegations, this defendant cannot at this time discern whether venue is proper.

20.    The harm which Plaintiffs claim caused the injuries alleged herein was not known to Exxon Mobil nor did this defendant have reason to know of the risk of said harm at the time of Michael Grady's alleged exposure.  Therefore, any risk of harm was not reasonably foreseeable by this defendant and this defendant should not be held liable for the injuries and damages claimed by Plaintiffs.

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

21.    Exxon Mobil relies upon the state-of-the-art defense in that the status of medical and scientific knowledge was such that defendant was not legally chargeable with knowledge of any hazards or dangers of its products caused by the components therein at times material to Plaintiffs' causes of action

22.    Exxon Mobil specifically denies that Michael Grady was exposed to any benzene or benzene-containing product that was in any way attributable to Exxon Mobil.

23.    As further answer and defense, Exxon Mobil states that the Petition fails to join necessary and/or indispensable parties. Thus, Plaintiffs' claims are barred.

24.    As further answer and defense, Exxon Mobil states that if Plaintiff Michael Grady was exposed to any products of this defendant, which is specifically denied, then such exposure was inconsequential or *de minimis*, thus barring any recovery by Plaintiffs.

25.    As further answer and defense, Exxon Mobil states that to the extent that Plaintiff Michael Grady's exposure to benzene or benzene-containing products, for which Plaintiffs seek recovery against this defendant, occurred while Plaintiff Michael Grady was employed by Exxon Mobil, he should be considered a statutory employee under the Missouri Worker's Compensation Act, RSMo. § 287.040.1, and under which the Labor and Industrial Relations Commission is the proper entity to hear Plaintiffs' claims. If another State's worker's compensation act applies, that act would determine the proper entity for Plaintiffs' claims.

26.    As further answer and defense, Exxon Mobil states that, while denying at all times that any products allegedly manufactured, distributed, or sold by Exxon Mobil caused or contributed to the injuries and damages alleged in the Plaintiffs' Petition, Exxon Mobil avers that Plaintiff Michael Grady was warned or otherwise was aware of the alleged dangers of benzene and benzene-containing products and further, that any such dangers, if they existed, were not

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

beyond that which would have been contemplated by an ordinary industrial user of benzene and benzene-containing products. Plaintiffs, therefore, are barred from any recovery against Exxon Mobil for the claims asserted due to the fact that there was no known adequate substitute for the benzene or benzene-containing products. Said products constituted unavoidably unsafe products, the benefits of which outweighed any alleged damages or injuries caused by the same.

27.    Exxon Mobil will assert any and all additional defenses which become available or appear during discovery proceedings in this action. Exxon Mobil specifically reserves the right to amend its Answer for the purpose of asserting such additional affirmative defenses.

28.    Exxon Mobil adopts and asserts any affirmative defenses raised or asserted by other defendants to this action that are also applicable to Exxon Mobil. Exxon Mobil specifically reserves its right to assert additional affirmative defenses based on the law of any other state where Plaintiffs claim Plaintiff Michael Grady was allegedly exposes to benzene and/or benzene containing products.

WHEREFORE, defendant Exxon Mobil corporation prays that this Court dismiss Plaintiffs' Petition with prejudice, for its costs incurred herein, and for such other and further relief as this Court determines to be just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY.**

Respectfully submitted,

CHILTON YAMBERT PORTER LLP

*s/Jonathan E. Schmalfeld*
Jonathan E. Schmalfeld #68374
3823 Connecticut
St. Louis, MO  63116
(314) 249-3869
jschmalfeld@cyp-law.com

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

Larry J. Chilton, *Pro Hac Vice Pending*
Chilton Yambert Porter LLP
303 W. Madison, Suite 2300
Chicago, IL  60606
(312) 634-1261
lchilton@cyp-law.com
*Attorneys for Defendant Exxon Mobil Corporation*

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

## CERTIFICATE OF SERVICE

I, Jonathan E. Schmalfeld, Attorney for defendant Exxon Mobil Corporation, do hereby certify I electronically filed the foregoing on November 11, 2020 with the Missouri Courts E-Filing System pursuant to Missouri Rule of Civil Procedure 103.08 which will send notification of such filing(s) to all attorneys of record.


                                        s/Jonathan E. Schmalfeld
                                        Jonathan E. Schmalfeld


*Attorneys for Plaintiffs*
Christopher Dysart
Dysart Law Firm, P.C.
16020 Swingley Ridge Road, Ste. 340
Chesterfield, MO 63017
cdysart@dysart-law.com
rspeichinger@dysart-law.com
mduffy@dysart-law.com

*Attorneys for Shell and Equilon Enterprises*
Richard Korn
Peter Cosgrove
Madison Johnston
Fox Smith
One Memorial Drive, 12th Floor
St. Louis, MO 63102
rkorn@foxsmithlaw.com

*Attorneys for Turtle Wax*
Gary L. Smith
M. Ann Hatch
Sandberg Phoenix & von Gontard P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101-1313
Phone: 314-231-6700
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com

*Attorneys for Anheuser-Busch*
Thomas L. Orris
Matthew E. Pelikan
Ross S. Titzer
Cosmich Simmons & Brown, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
Phone: (314) 735-2560
Tom.Orris@cs-law.com
matthew.pelikan@cs-law.com
ross.titzer@cs-law.com
citymail@cs-law.com

*Attorneys for Mallinckrodt*
Bryan Timothy Pratt
Mathew Lee Larsen
Christopher Michael Sorenson
Shook Hardy & Bacon
2555 Grand Blvd. Kansas City, MO 64108
Phone: 816-474-6550
bpratt@shb.com
mlarsen@shb.com
csorenson@shb.com

*Attorneys for St. Louis Testing Laboratories*
Joshua M. Schindler
Brian P. Doty
The Schindler Law Firm
141 N. Meramec, Suite 201
St. Louis, MO 63105
Phone: 314-862-1411
josh@schindlerlawfirm.com

Electronically Filed - City of St. Louis - November 11, 2020 - 01:34 PM

*Attorneys for Procter & Gamble*
Richard A. Brown
Jerome S. Warchol, Jr.
Cosmich Simmons & Brown, PLLC
One Eastover Center
100 Vision Drive, Suite 200
Jackson, MS 39211
Phone: 601-863-2100
rich@cs-law.com
jerry.warchol@cs-law.com
citymail@cs-law.com

*Attorneys for Radiator Specialty*
Jeffrey Bash
Lewis Brisbois Bisgaard & Smith
Mark Twain Plaza II
103 West Vandalia, Suite 300
Edwardsville, IL 62025
Phone: 618-307-7290
jeff.bash@lewisbrisbois.com
Assistant: bcox@lbbslaw.com
justin.zimmerman@lewisbrisbois.com

*Attorneys for Safety-Kleen*
Gary E. Snodgrass
J. Phillip Bryant
Pitzer Snodgrass, P.C.
100 South Fourth Street, Suite 400
St. Louis, MO 63102-1821
Phone: 314-421-5545
snodgrass@pspclaw.com
meriage@pspclaw.com
bryant@pspclaw.com

*Attorneys for US Steel*
Bryan Hopkins
Brandon Black
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105-3441
Phone: 314-480-1954
bryan.hopkins@huschblackwell.com
brandon.black@huschblackwell.com

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| MICHAEL GRADY and KATHLEEN GRADY ) | |
| ) | Cause No.: 2022-CC09797 |
| Plaintiffs, ) | |
| ) | Div. No.:  1 |
| v. ) | |
| ) | |
| MONSANTO COMPANY; SAFETY-KLEEN ) | |
| SYSTEMS INC.; MALLINCKRODT, LLC; ) | |
| MI HOLDINGS, INC.; SOLUTIA INC.; ) | |
| EASTMAN CHEMICAL COMPANY, ) | |
| Individually and as a successor to Solutia Inc.; ) | |
| PHARMACIA & UPJOHN COMPANY LLC; ) | |
| EXXONMOBIL OIL CORPORATION, as ) | |
| successor to Mobil Oil Corporation ) | |
| (D/B/A/ Mobil Oil); ANHEUSER-BUSCH ) | |
| INBEV WORLDWIDE INC.; PROCTER & ) | |
| GAMBLE MANUFACTURING CO.; SHELL ) | |
| OIL COMPANY, Individually and as successor ) | |
| to Shell Oil Company, Incorporated, Shell ) | |
| Chemical LP (f/ka Shell Chemical Company), ) | |
| and Shell Oil Products Company; ) | |
| BAYER CORP. a/k/a BAYER HEALTHCARE ) | |
| PHARMACEUTICALS; RADIATOR ) | |
| SPECIALTY COMPANY; UNITED STATES ) | |
| STEEL CORPORATION; MISTIC METAL ) | |
| MOVER, INC.; TURTLE WAX, INC.; and ) | |
| ST. LOUIS TESTING LABORATORIES, INC. ) | |
| ) | |
| Defendants. | |

## CONSENT MOTION FOR EXTENSION OF TIME

COME NOW Defendants Monsanto Company, Solutia Inc., Pharmacia LLC, Upjohn Company LLC, Eastman Chemical Company (collectively "Moving Defendants"), by and through their undersigned counsel, and respectfully move to extend time up to and including November 27, 2020 for Moving Defendants to respond to Plaintiffs' Petition. In support of said motion, Moving Defendants state:

1.      Moving Defendants' Responsive Pleadings are originally due on October 14, 2020.

2.      Moving Defendants received a 30-day extension up to and including November 13, 2020 to file their Responsive Pleadings.

3.      Moving Defendants request an additional 2-week extension up to and including November 27, 2020 to file their Responsive Pleadings.

4.      Counsel for Plaintiffs has no objection to this extension of time, and Plaintiffs will not be prejudiced by this extension.

WHEREFORE Moving Defendants respectfully request that the Court grant an extension of time up to and including November 27, 2020 for Moving Defendants to file their response to Plaintiffs' Petition.

Respectfully submitted,

By:      /s/Adam E. Miller

Adam E. Miller, #40945
CAPES, SOKOL, GOODMAN AND
SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
Email: miller@capessokol.com

**ATTORNEYS FOR MONSANTO COMPANY, SOLUTIA INC., PHARMACIA & UPJOHN COMPANY LLC, and EASTMAN CHEMICAL COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the following attorneys of record via the courts electronic filing system this 16th day of November 2020:

Christopher W. Dysart
The Dysart Law Firm, P.C.
16020 Swingley Ridge Rd., Ste 340
Chesterfield, Missouri 63017

***Attorneys for Plaintiffs***

*/s/Adam E. Miller*

Electronically Filed - City of St. Louis - November 23, 2020 - 05:12 PM

**INT THE CIRCUIT COURT OF ST. LOUIS CITY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.:  2022-CC09797 |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that  Defendant St. Louis Testing Laboratories, Inc. will call up for hearing its Motion for More Definite Statement in Division 20 of the St. Louis City Circuit Court on Monday, December 7, 2020, at 9:00 a.m. or as soon thereafter as counsel may be heard via remote appearance per the Court's Webex information provided below:

URL:  https://mocourts.webex.com/meet/joan.moriarty/

Meeting No.:  960 213 407

Video Address:  joan.moriarty@mocourts.webex.com

Audio Connection:  1-408-418-9388; Access Code:  960 213 407

Electronically Filed - City of St. Louis - November 23, 2020 - 05:12 PM

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By:   /s/James C. Morris
James C. Morris, #53074
Christopher C. Enger, #68048
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
cenger@grsm.com

*Counsel for Defendant*
*St. Louis Testing Laboratories, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Clerk of the Court on this 23rd day of November, 2020 affecting service upon all counsel of record via the Court's electronic filing system.

/s/ James C. Morris

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY | ) | |
| | ) | Cause No.: 2022SL-CC09797 |
| Plaintiffs, | ) | |
| | ) | Div. No.:  1 |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY; SAFETY-KLEEN | ) | |
| SYSTEMS INC.; MALLINCKRODT, LLC; | ) | |
| MI HOLDINGS, INC.; SOLUTIA INC.; | ) | |
| EASTMAN CHEMICAL COMPANY, | ) | |
| Individually and as a successor to Solutia Inc.; | ) | |
| PHARMACIA & UPJOHN COMPANY LLC; | ) | |
| EXXONMOBIL OIL CORPORATION, as | ) | |
| successor to Mobil Oil Corporation | ) | |
| (D/B/A/ Mobil Oil); ANHEUSER-BUSCH | ) | |
| INBEV WORLDWIDE INC.; PROCTER & | ) | |
| GAMBLE MANUFACTURING CO.; SHELL | ) | |
| OIL COMPANY, Individually and as successor | ) | |
| to Shell Oil Company, Incorporated, Shell | ) | |
| Chemical LP (f/ka Shell Chemical Company), | ) | |
| and Shell Oil Products Company; | ) | |
| BAYER CORP. a/k/a BAYER HEALTHCARE | ) | |
| PHARMACEUTICALS; RADIATOR | ) | |
| SPECIALTY COMPANY; UNITED STATES | ) | |
| STEEL CORPORATION; MISTIC METAL | ) | |
| MOVER, INC.; TURTLE WAX, INC.; and | ) | |
| ST. LOUIS TESTING LABORATORIES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>Entry of Appearance</u>**

COMES NOW Adam E. Miller and hereby enters his appearance on behalf of Defendants

Monsanto Company, Solutia, Inc., Pharmacia LLC and Eastman Chemical Company.

Respectfully submitted,

By:    */s/Adam E. Miller*

1

Adam E. Miller, #40945
CAPES, SOKOL, GOODMAN AND
SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
Email: miller@capessokol.com

**ATTORNEYS FOR MONSANTO
COMPANY, SOLUTIA, INC.,
PHARMACIA & UPJOHN COMPANY
LLC, and EASTMAN CHEMICAL
COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the following attorney of record via the courts electronic filing system this 27th day of November, 2020:

Christopher W. Dysart
The Dysart Law Firm, P.C.
16020 Swingley Ridge Rd., Ste 340
Chesterfield, Missouri 63017

***Attorney for Plaintiffs***

*/s/Adam E. Miller*

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2022-CC09797 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MONSANTO COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' RESPONSE TO**
**DEFENDANT SAFETY-KLEEN'S MOTION TO DISMISS**

COME NOW, Plaintiffs Michael Grady and Kathleen Grady, by and through counsel, and in opposition to Defendant Safety-Kleen's (hereinafter "Defendant") Motion to Dismiss Plaintiff's Complaint (hereinafter "Complaint") for Lack of Personal Jurisdiction (hereinafter "Motion to Dismiss") and states as follows:

Ruling on a motion to dismiss "requires an examination of the pleadings, allowing them their broadest intendment, treating all facts alleged as true, construing allegations favorably to the plaintiff, and determining whether the petition invokes principles of substantive law." *Terre Du Lac Ass'n, Inc. v. Terre Du Lac, Inc.,* 737 S.W.2d 206, 211 (Mo.App.1987). A petition is not to be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.*

**A. Joinder of Multiple Defendants in a Single Count**

Defendant complains that Plaintiffs have improperly combined various claims against multiple defendants in single counts. In fact, Plaintiffs have fully complied with Mo.R. Civ. P.

55.05 by setting forth a common set of facts and then stating various claims against multiple defendants. However, each count sets forth only one claim for relief, whether based on negligence, strict liability or other theory.

In the present case Plaintiffs have clearly outlined the various exposure routes by which Plaintiff Michael Grady was exposed to benzene containing chemicals. Specifically, with regard to Defendant Safety-Kleen, Plaintiff alleges exposure to benzene containing Safety-Kleen products from 1977 through 1984 (Complaint ¶ 28). Other paragraphs of Plaintiffs' Complaint outline other methods by which Plaintiff was exposed to benzene containing products. Plaintiff's exposure occurred over a period of time, not on a particular day or date. Thereafter, Safety-Kleen is named as a Defendant for particular claims of the Plaintiff, along with other Defendants whose responsibility to Plaintiff is based upon the same theory. Mo.R. Civ. P. 55.11 requires nothing more. Rule 55.11 provides:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited **as far as practicable** to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense **whenever a separation facilitates the clear presentation of the matters set forth.**

Mo. R. Civ. P. 55.11 (emphasis added) See also, 34 Mo. Prac. § 38.15 (2020 ed.).

The only case cited by defendant in support of their position, *Hagen v. Celotex Corp.*, 816 S.W. 2d 667 (Mo. 1991) is inapposite. The Court in *Hagen*, after reviewing the expert's testimony stated:

> Thus, the plaintiffs have failed to establish any more than that the death was caused by exposure to asbestos dust and that

> Fibreboard's products may have supplied the fatal exposure. This
> does not establish causation under the standards of our law.

Clearly the Court was dealing with causation, not pleading. The allegations in Plaintiffs' Petition

set forth the facts and circumstances of Plaintiff's long-term exposure to chemicals manufactured

by multiple defendants.  The Petition is drafted in such a manner that Safety-Kleen can either

admit or deny its involvement, paragraph by paragraph.

Plaintiff has not improperly pled multiple theories in one count and his

Petition should not be dismissed.

## B.  Alleged Failure to State Sufficient Facts

Missouri Rule of Civil Procedure 55.05 requires only a "short and plain statement of the

facts.  Plaintiff's Petition sets forth the following facts:

From in and around 1958 through 1972, Mr. Grady's father worked at the Monsanto Plant in Sauget, Illinois and he would come home with chemicals on his car and on his cloths.  Mr. Grady was first exposed to these chemicals when he washed his father's car at his home and was in close proximity to his father at Mr. Grady's home located at 5353 S. Broadway, St. Louis, Missouri 63111, within the City of St. Louis, Missouri. ¶ 26

Mr. Grady was also exposed to products containing benzene and other toxic chemicals, including gasoline, motor oils, and cleaning fluids and solvents, when he worked at the Motor Gas Station located in and around 4500 S. Broadway, within the City of St, Louis, Missouri where he pumped gas, cleaned cars and engines and engine parts in and around when he was in Secondary School. **At this location and during this time, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands. ¶ 27**

**The Safety Kleen parts washers and the Safety-Kleen Recycled 105 Solvent contained no warnings that it contained benzene, was in any way hazardous to an individual's health, including potentially causing cancer**. ¶ 29 c

Between 1979 and 2018 Mr. Grady was assigned to various Monsanto plants located within both the City of St. Louis, Missouri and Sauget, Illinois, including but not limited to the Queeny Plant, the Krummrich Plant and the Carondlent Plant. While employed at the various Monsanto plants, Mr. Grady was assigned to various locations including benzene departments, around benzene tanks, and where he had to remove old piping that carried benzene and other chemicals throughout the plants and installed new piping in and around soil contaminated with benzene, PCBs and other toxic chemicals. Additionally, Mr. Grady

had to remove old piping and install new piping in and around railyards at Monsanto facilities.  Upon information and belief, this piping was used to transport benzene and other chemicals around the plant after it had arrived on railcars from Defendant Shell Oil Company. While working at Monsanto facilities, Mr. Grady was exposed to benzene and PCB fumes and had dermal contact with benzene and PCBs, including his work gloves regularly being soaked in benzene. None of these locations had any warnings posted that benzene, PCBs, or pipes, soil, or products that contained benzene or PCBs, may be harmful to your health including causing cancer.  ¶ 31

Paragraphs 33 through 43 of the Petition contain similar allegations concerning where Mr. Grady worked, for whom, what he did, what he was exposed to and the fact that no warnings were posted at any of these locations. See also paragraphs 88  and 91 of the Petition with regard to allegations concerning Defendant Safety-Kleen.

In each Count of the Petition Plaintiff clearly states the duty owed to Plaintiff and the breach of that duty by Defendants. In assessing the sufficiency of a petition, all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded those reasonable inferences deducible from the facts stated.  As stated by the Court in *Bennet v. Mallinckrodt*, 698 S.W. 2d 865, 865 (Mo.App. W.D. 1985);

> More important, a petition should be dismissed only if it appears the pleader can prove no set of facts in support of his claim for relief.

Plaintiff has fully complied with Missouri's fact pleading requirements. On a motion to dismiss for failure to state a claim, the defendant bears the burden of establishing that the elements pled by plaintiff fail to state a cause of action. *Nisbet v. Bucher*, 949 S.W. 2d 111, 113 (Mo.App. E.D. 1997). Defendant has failed to meet this burden. Plaintiff's Petition should not be dismissed.

### C.  Punitive Damages Issue

Plaintiff has alleged that he is seeking punitive damages because the Defendants knew of the dangers of the benzene in their products and showed complete indifference to, or conscious

disregard for the Plaintiff.  In support of this allegation Plaintiff alleged that Plaintiff used

Safety-Kleen 105 Solvent, that 105 Solvent contained benzene, that Safety-Kleen knew its

product contained benzene, a known carcinogen and that Safety-Kleen did nothing to protect Mr.

Grady from exposure.  Plaintiffs' claim for punitive damages is not based on "mere" negligence

but on a willful disregard for the health and safety of Plaintiff.  See Petition ¶¶ 71, 101, 112, 122,

132, 142, 150, 162 and 173. These allegations are sufficient to state a claim for punitive damages

at this stage of the proceedings.  Proof of the basis of a claim for punitive damages should not be

confused with proof thereof.

Respectfully submitted,

**THE DYSART LAW FIRM, P.C.**

/s/ Christopher W. Dysart
Christopher W. Dysart, #06224351
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, Missouri 63017
Office: (314) 548-6298
Fax:    (314) 548-6230
cdysart@dysart-law.com

DATED: 12/4/2020

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the foregoing was served by Electronic Mail this 4th day of December 2020, to the following counsel of record:

| | |
|---|---|
| Thomas L. Orris<br>Matthew E. Pelikan<br>Ross S. Titzer<br>COSMICH, SIMMONS & BROWN, LLC<br>10 South Broadway, Suite 1100<br>St. Louis, MO 63102<br>314-735-2560<br>tom.orris@cs-law.com<br>matthew.pelikan@cs-law.com<br>ross.titzer@cs-law.com<br>citymail@cs-law.com<br>***Attorneys for Anheuser-Busch Inbev Worldwide Inc.*** | Adam E. Miller<br>CAPES, SOKOL, GOODMAN AND SARACHAN, PC<br>7701 Forsyth Blvd., Twelfth Floor<br>St. Louis, MO 63105<br>Phone: 314-754-4810<br>miller@capessokol.com<br>***Attorney For Pharmacia & Upjohn Company LLC*** |
| ***Attorney For Bayer Corp. A/K/A Bayer Healthcare Pharmaceuticals*** | Richard A. Brown<br>Jerome S. Warchol, Jr.<br>COSMICH, SIMMONS & BROWN, LLC<br>10 South Broadway, Suite 1100<br>St. Louis, MO 63102<br>314-735-2560<br>jerry.warchol@cs-law.com<br>citymail@cs-law.com<br>***Attorneys for Procter & Gamble Manufacturing Co.*** |
| Adam E. Miller<br>CAPES, SOKOL, GOODMAN AND SARACHAN, PC<br>7701 Forsyth Blvd., Twelfth Floor<br>St. Louis, MO 63105<br>Phone: 314-754-4810<br>miller@capessokol.com<br>***Attorney For Eastman Chemical Company***, | Jeffrey T. Bash<br>Justin S. Zimmerman<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>Mark Twain Plaza II – Suite 300<br>103 W. Vandalia Street<br>Edwardsville, Illinois 62025<br>618.307.7290<br>618.692.6099 - fax<br>***Attorneys For Radiator Specialty Company*** |

| | |
|---|---|
| Jonathan E. Schmalfeld<br>CHILTON YAMBERT PORTER LLP<br>3823 Connecticut<br>St. Louis, MO 63116<br>(314) 249-3869<br>jschmalfeld@cyp-law.com<br><br>Larry J. Chilton, *Pro Hac Vice Pending*<br>CHILTON YAMBERT PORTER LLP<br>303 W. Madison, Suite 2300<br>Chicago, IL 60606<br>(312) 634-1261<br>lchilton@cyp-law.com<br>***Attorneys for Exxonmobil Oil Corporation*** | Gary E. Snodgrass<br>J. Phillip Bryant<br>PITZER SNODGRASS, P.C.<br>100 South Fourth Street, Suite 400<br>St. Louis, Missouri 63102-1821<br>(314) 421-5545<br>(314) 421-3144 (Fax)<br>snodgrass@pspclaw.com<br>bryant@pspclaw.com<br>***Attorneys For Safety-Kleen Systems Inc.*** |
| Bryan Timothy Pratt<br>Christopher M. Sorenson<br>Mathew Lee Larsen<br>SHOOK HARDY & BACON<br>2555 Grand Blvd<br>Kansas City, MO 64108<br>(816)474.6550<br>bpratt@shb.com<br>csorenson@shb.com<br>mlarsen@shb.com<br>***Attorneys For Mallinckrodt, LLC*** | Richard B. Korn<br>FOX SMITH, LLC<br>One S. Memorial Drive, 12th Floor<br>St. Louis, MO 63102<br>(314) 588-7000<br>rkorn@foxsmithlaw.com<br>***Attorney For Shell Oil Company*** |
| Bryan Timothy Pratt<br>Christopher M. Sorenson<br>Mathew Lee Larsen<br>SHOOK HARDY & BACON<br>2555 Grand Blvd<br>Kansas City, MO 64108<br>(816)474.6550<br>bpratt@shb.com<br>csorenson@shb.com<br>mlarsen@shb.com<br>***Attorneys For MI Holdings, Inc.*** | Adam E. Miller<br>CAPES, SOKOL, GOODMAN AND<br>SARACHAN, PC<br>7701 Forsyth Blvd., Twelfth Floor<br>St. Louis, MO 63105<br>Phone: 314-754-4810<br>miller@capessokol.com<br>***Attorney For Solutia Inc.*** |

| | |
|---|---|
| Steven T. Walsh<br>Caleb D. Hawkins<br>SANDBERG PHOENIX & von GONTARD P.C.<br>600 Washington Avenue, 15th Floor<br>St. Louis, MO 63101<br>(314) 231-3332<br>swalsh@sandbergphoenix.com<br>chawkins@sandbergphoenix.com<br>***Attorneys For Mistic Metal Mover, Inc.*** | Joshua M. Schindler<br>Brian P. Doty<br>THE SCHINDLER LAW FIRM, P.C.<br>141 North Meramec, Suite 201<br>St. Louis, MO 63105<br>314.862.1411<br>josh@schindlerlawfirm.com<br>***Attorneys for St. Louis Testing Laboratories, Inc.*** |
| Adam E. Miller<br>CAPES, SOKOL, GOODMAN AND SARACHAN, PC<br>7701 Forsyth Blvd., Twelfth Floor<br>St. Louis, MO 63105<br>Phone: 314-754-4810<br>miller@capessokol.com<br>***Attorney For Monsanto Company*** | M. Ann Hatch<br>Gary L. Smith<br>Tracy Beckham Phipps<br>SANDBERG PHOENIX & von GONTARD P.C.<br>600 Washington Avenue, 15th Floor<br>St. Louis, MO 63101<br>(314) 231-3332<br>gsmith@sandbergphoenix.com<br>ahatch@sandbergphoenix.com<br>tphipps@sandbergphoenix.com<br>***Attorneys For Turtle Wax, Inc.*** |
| | Bryan Hopkins<br>Brandon Black<br>HUSCH BLACKWELL LLP<br>190 Carondelet Plaza, Suite 600<br>St. Louis, Missouri 63105<br>314-480-1500<br>Bryan.Hopkins@huschblackwell.com<br>Brandon.Black@huschblackwell.com<br>***Attorneys For United States Steel Corporation*** |

*/s/ Megan Duffy*

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2022-CC09797 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MONSANTO COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DENYING DEFENDANT SAFETY-KLEEN'S MOTION TO DISMISS

This matter comes before the Court on Defendant Safety-Kleen's Motion to Dismiss Plaintiff's Complaint or In The Alternative for More Definite Statement, and the Court having considered said motion, it is hereby ORDERED that Defendant's Motion to Dismiss is DENIED.

Dated: _____          Enter: _____

                                                              Circuit Judge

Electronically Filed - City of St. Louis - November 16, 2020 - 01:14 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

MICHAEL GRADY and KATHLEEN GRADY )
                                     )
        Plaintiffs,             )
                                     )
    v.                     )
                                     )
MONSANTO COMPANY; SAFETY-KLEEN )
SYSTEMS INC.; MALLINCKRODT, LLC; )
MI HOLDINGS, INC.; SOLUTIA INC.; )
EASTMAN CHEMICAL COMPANY, )
Individually and as a successor to Solutia Inc.; )
PHARMACIA & UPJOHN COMPANY LLC; )
EXXONMOBIL OIL CORPORATION, as )
successor to Mobil Oil Corporation )
(D/B/A/ Mobil Oil); ANHEUSER-BUSCH )
INBEV WORLDWIDE INC.; PROCTER & )
GAMBLE MANUFACTURING CO.; SHELL )
OIL COMPANY, Individually and as successor )
to Shell Oil Company, Incorporated, Shell )
Chemical LP (f/ka Shell Chemical Company), )
and Shell Oil Products Company; )
BAYER CORP. a/k/a BAYER HEALTHCARE )
PHARMACEUTICALS; RADIATOR )
SPECIALTY COMPANY; UNITED STATES )
STEEL CORPORATION; MISTIC METAL )
MOVER, INC.; TURTLE WAX, INC.; and )
ST. LOUIS TESTING LABORATORIES, INC. )
                                     )
        Defendants.

Cause No.: 2022-CC09797

Div. No.:  1

FILED

DEC - 7 2020

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

## PROPOSED ORDER GRANTING
## DEFENDANTS' CONSENT MOTION FOR EXTENSION OF TIME

    This matter comes before the Court on Defendants Monsanto Company, Solutia Inc.,

Pharmacia LLC, Upjohn Company LLC, Eastman Chemical Company's (collectively "Moving

Defendants") Consent Motion for Extension of Time. The Court hereby GRANTS Moving

Defendants' Motion and enters the following Order:

    Moving Defendants shall have up to and including November 27, 2020 to file a response to

Plaintiffs' Petition.

Electronically Filed - City of St. Louis - November 16, 2020 - 01:14 PM

SO ORDERED this ___ day of November 2020.

_____
Honorable Rex M. Burlison



IN THE CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
CITY OF ST. LOUIS MISSOURI

DEC 0 8 2020

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

MICHAEL GRADY and )
KATHLEEN GRADY, )
)
          Plaintiffs, )     Case No.: 2022-CC09797
)
v. )
)     JURY TRIAL DEMANDED
MONSANTO COMPANY, et al. )
)
          Defendants. )
)

## ORDER GRANTING DEFENDANT ST. LOUIS LABORATORY'S

## MOTION FOR MORE DEFINITE STATEMENT

This matter comes before the Court on Defendant St. Louis Laboratory's Motion for More Definite Statement. By agreement between counsel, Plaintiff granted thirty (30) additional days in which to file an amended pleading adding more specifically where Plaintiff was allegedly exposed to ionizing radiation, x-rays, gamma rays and other radioactive materials and particles emitted by the activity of St. Louis Laboratory.

Dated: _12/8/2020_                    Enter: _____
                                              Circuit Judge

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY | ) | |
| | ) | Cause No.: 2022-CC09797 |
| Plaintiffs, | ) | |
| | ) | Div. No.:  1 |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY; SAFETY-KLEEN | ) | |
| SYSTEMS INC.; MALLINCKRODT, LLC; | ) | |
| MI HOLDINGS, INC.; SOLUTIA INC.; | ) | |
| EASTMAN CHEMICAL COMPANY, | ) | |
| Individually and as a successor to Solutia Inc.; | ) | |
| PHARMACIA & UPJOHN COMPANY LLC; | ) | |
| EXXONMOBIL OIL CORPORATION, as | ) | |
| successor to Mobil Oil Corporation | ) | |
| (D/B/A/ Mobil Oil); ANHEUSER-BUSCH | ) | |
| INBEV WORLDWIDE INC.; PROCTER & | ) | |
| GAMBLE MANUFACTURING CO.; SHELL | ) | |
| OIL COMPANY, Individually and as successor | ) | |
| to Shell Oil Company, Incorporated, Shell | ) | |
| Chemical LP (f/ka Shell Chemical Company), | ) | |
| and Shell Oil Products Company; | ) | |
| BAYER CORP. a/k/a BAYER HEALTHCARE | ) | |
| PHARMACEUTICALS; RADIATOR | ) | |
| SPECIALTY COMPANY; UNITED STATES | ) | |
| STEEL CORPORATION; MISTIC METAL | ) | |
| MOVER, INC.; TURTLE WAX, INC.; and | ) | |
| ST. LOUIS TESTING LABORATORIES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS MONSANTO COMPANY, SOLUTIA, INC., EASTMAN CHEMICAL COMPANY, AND PHARMACIA LLC'S (INCORRECTLY NAMED AS PHARMACIA & UPJOHN COMPANY LLC) ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' PETITION

COME NOW Defendants Monsanto Company, Solutia Inc., Pharmacia LLC (incorrectly

name as Pharmacia & Upjohn Company LLC), and Eastman Chemical Company (collectively

1

"Answering Defendants[1]"), by and through their undersigned counsel, and respond to Plaintiffs' Petition as follows:

## JURISDICTION AND VENUE

1.      Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 1 and thus deny on that basis.

2.      Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 2 and thus deny on that basis.

3.      Answering Defendants admit that Monsanto Company is a corporation incorporated in the state of Delaware with its principle place of business in the State of Missouri.

4.      Answering Defendants admit that Bayer Corporation is a foreign corporation organized under the laws of the State of Delaware with its principal place of business in Pittsburgh, Pennsylvania. Answering Defendants admit that Bayer Healthcare Pharmaceuticals Inc. is a foreign corporation organized under the laws of the State of Delaware with its principal place of business in Whippany, New Jersey. Answering Defendants deny that Bayer Corporation is also known as Bayer Healthcare Pharmaceuticals.

5.      Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 5 and thus deny on that basis.

6.      Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 6 and thus deny on that basis.

---

[1] "Old Monsanto" is the former Monsanto Company (n/k/a Pharmacia LLC) that manufactured and sold PCBs from 1935 to 1977. The PCB business was "spun-off" to Solutia in 1997. The current Monsanto Company (sometimes referred to as "New Monsanto") first came into existence in 2000. Solutia Inc., Eastman Chemical Company and the current Monsanto Company have never manufactured or sold PCBs.

7.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 7 and thus deny on that basis.

8.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 8 and thus deny on that basis.

9.     Answering Defendants admit that Solutia Inc. ("Solutia") is a Delaware corporation with its principal place of business in St. Louis County, Missouri, and is a wholly-owned subsidiary of Eastman Chemical Company.  Except as otherwise admitted, Answering Defendants deny the remaining allegations in Paragraph 9.

10.     Answering Defendants admit that Eastman Chemical Company is a Delaware corporation with its principal place of business in Kingsport, Tennessee.  Except as otherwise admitted, Answering Defendants deny the remaining allegations in Paragraph 9

11.     Defendants admit that Pharmacia LLC ("Pharmacia") is a citizen of the states of New York and Delaware. Defendants admit that Pharmacia is an indirect, wholly-owned subsidiary of Pfizer, but state that Pfizer and Pharmacia are and have remained separate and distinct entities.   Except as otherwise admitted, Answering Defendants deny the remaining allegations in Paragraph 9.

12.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 12 and thus deny on that basis.

13.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 13 and thus deny on that basis.

14.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 14 and thus deny on that basis.

15.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 15 and thus deny on that basis.

16.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 16 and thus deny on that basis.

17.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 17 and thus deny on that basis.

18.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 18 and thus deny on that basis.

19.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 19 and thus deny on that basis.

20.     The allegations in Paragraph 20 constitute Plaintiffs' characterization of terms used in their own Petition to which no response is required.  To the extent a response is required, Answering Defendants deny each and every allegation contained therein.

21.     Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants deny the remaining allegations in Paragraph 21.

22.     To the extent the allegations in Paragraph 22 are directed toward Answering Defendants, Answering Defendants deny the allegations in Paragraph 22.

23.     Paragraph 23 states a legal conclusion to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation contained therein.

24.     Paragraph 24 states a legal conclusion to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation contained therein.

## ALLEGATIONS COMMON TO ALL COUNTS

### I. Plaintiff Michael Grady's Exposure Routes

25.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 25 and thus deny on that basis.

26.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 26 and thus deny on that basis.

27.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 27 and thus deny on that basis. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs and benzene, has no meaning without context as to the duration of exposure and dose.

28.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 28 and thus deny on that basis.

29.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 29 and its subsections and thus deny on that basis.

30.     Paragraph 23 states a legal conclusion to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation contained therein.

31.     Answering Defendants deny the allegations contained in Paragraph 31.

32.     Answering Defendants admit that PCBs are a class of chlorinated organic chemical compounds, comprising the potential for 209 different chemical compounds separately identified by number (e.g., PCB 180, PCB 118, PCB 153, etc.).  Each individual unique PCB compound is known

5

as a different "congener." Answering Defendants further admit that Old Monsanto commenced manufacturing PCBs in the 1930s after acquisition of the Swann Chemical Company. Answering Defendants admit that Old Monsanto sold PCBs and PCB products to a variety of industrial customers for a variety of industrial applications. In 1970, Old Monsanto began a program of voluntarily terminating sales of PCBs for uses other than in electrical equipment applications. By 1972, the sole remaining applications for which Old Monsanto sold PCBs were for use in closed electrical applications. Old Monsanto ceased all manufacturing and sale of PCBs in 1977 after electrical industry identified suitable replacements. Answering Defendants deny the remaining allegations in Paragraph 32.

33.     Answering Defendants deny the allegations contained in Paragraph 33.

34.     The allegations in Paragraph 34 are not directed to Answering Defendants. Thus, no response is required.  To the extent a response is required, Answering Defendants deny the remaining allegations in Paragraph 34.

35.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 35 and thus deny on that basis.

36.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 36 and thus deny on that basis.

37.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 37 and thus deny on that basis.

38.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 38 and thus deny on that basis.

39.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 39 and thus deny on that basis.

40.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 40 and thus deny on that basis.

41.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 41 and thus deny on that basis.

42.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 41 and thus deny on that basis.

43.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 43 and thus deny on that basis.

## FACTS CONCERNING MONSANTO

44.     Answering Defendants admit that Old Monsanto was founded in 1901. Answering Defendants admit that Old Monsanto is the original Monsanto Company (n/k/a Pharmacia LLC) and once operated agricultural, chemical, and pharmaceutical businesses; that the chemicals business was "spun-off" to Solutia in 1997; that since 2000 the present/current Monsanto Company has operated the agricultural business; and that Pharmacia retained the pharmaceutical business. Answering Defendants further admit that certain assets and liabilities relating to Pharmacia's commercial chemical business were transferred to Solutia in 1997 and that the rights and responsibilities of the parties related to that transfer are detailed in various corporate transactional and legal documents, the terms of which speak for themselves. Answering Defendants admit that Solutia filed a bankruptcy petition in 2003 and ultimately emerged from bankruptcy in 2008. Answering Defendants deny all remaining allegations of Paragraph 44.

45.     Answering Defendants admit that the original Monsanto Company, "Old Monsanto," (n/k/a Pharmacia) once operated agricultural, chemical, and pharmaceutical businesses, that the chemicals business was "spun-off" to Solutia in 1997, that since 2000 the

present/current Monsanto Company has operated the agricultural business, and that Pharmacia retained the pharmaceutical business. Answering Defendants deny all remaining allegations of Paragraph 45.

46.    Answering Defendants deny the allegations of Paragraph 46.

47.    Answering Defendants deny the allegations of Paragraph 47.

48.    The rights and responsibilities of the parties to the transaction are detailed in various, corporate transactional and legal documents, the terms of which speak for themselves. Answering Defendants deny all remaining allegations of Paragraph 48.

49.    The rights and responsibilities of the parties to the transaction are detailed in various, corporate transactional and legal documents, the terms of which speak for themselves. Answering Defendants deny all remaining allegations of Paragraph 49.

50.    Answering Defendants admit that a facility known as the W. G. Krummrich Plant was located at 500 Monsanto Avenue, Village of Sauget, Illinois 62201.

51.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 51 and thus deny on that basis.

52.    Answering Defendants admit that the company formally known as Monsanto Company acquired the Krummrich Plant in or around 1917 from Commercial Acid Company. Answering Defendants deny the remaining allegations in Paragraph 52.

53.    Answering Defendants admit that various chemicals were produced at the Sauget facility, including chlorobenzene, chlorophenols, o-dichlorobenzene, nitrochlorobenzene .polychlorinated biphenyls (PCBs). Answering Defendants deny the remaining allegations in Paragraph 53.

54.     Answering Defendants admit that the W. G. Krummrich Plant is located in the Village of Sauget a portion of which abuts the Mississippi River.  Answering Defendants also admit that in or around 1957, construction began on a river barge terminal on the Krummrich Plant property at the Mississippi River front.  Answering Defendants deny the remaining allegations in Paragraph 54.

55.     Answering Defendants admit that the W. G. Krummrich Plant contained a number of areas including the chlorobenzene processing area, the benzene storage area, and the benzene pipeline area.   Answering Defendants further admit that the facility used benzene and manufactured PCBs, chlorobenzene, and other products at the W.G. Krummrich Plant in the Village of Sauget.  Answering Defendants deny the remaining allegations in Paragraph 55.

56.     Answering Defendants deny that Monsanto is now know as Bayer. Answering Defendants admit that from time to time, Shell Chemical Company supplied the W. G. Krummrich plant Nitration Grade Benzene.  Answering Defendants deny the remaining allegations in Paragraph 56.

**COUNT I**
**NEGLIGENCE: PREMISES LIABILITY**
**(AGAINST DEFENDANTS MONSANTO, BAYER, SOLUTIA, PHARMACIA, AND EASTMAN CHEMICAL)**

57.      Answering Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 56 as though fully set forth herein.

58.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 58 and thus deny on that basis.

59.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 59 and thus deny on that basis.

60.     Answering Defendants deny the allegations contained in Paragraph 60.

61.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 61 and thus deny on that basis.

62.    Answering Defendants deny the allegations contained in Paragraph 62.

63.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 63 and thus deny on that basis.

64.    Answering Defendants deny the allegations in Paragraph 64.

65.    Answering Defendants deny the allegations in Paragraph 65.

66.    Answering Defendants deny the allegations in Paragraph 66.

67.    Paragraph 67 contains legal conclusions to which no answer is required.  To the extent an answer is required, Answering Defendants deny that it breached any duties allegedly owed to Plaintiff, deny that Plaintiffs were damaged or injured as alleged, and deny each and every remaining allegation in Paragraph 67.

68.    Paragraph 68 deny each and every allegation of fact contained in Paragraph 68 and subsections (a) – (g) and further deny that owed or breached any duty(ies) allegedly owed to Plaintiff.

69.    Answering Defendants deny the allegations in Paragraph 69.

70.    Answering Defendants deny the allegations in Paragraph 70.

71.    Answering Defendants deny the allegations in Paragraph 71.

**COUNT II**
**NEGLIGENCE: PREMISES LIABILITY**
**(AGAINST DEFENDANTS ANHEUSER-BUSCH INBEV, PROCTOR &**
**GAMBLE AND MALLINCKRODT/MI HOLDINGS)**

72.    The allegations in Paragraph 72 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants

lack sufficient information to admit or deny the allegations in Paragraph 72 and thus deny on that basis.

73.    The allegations in Paragraph 73 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 73 and thus deny on that basis.

74.    The allegations in Paragraph 74 are not directed to Defendants Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 74 and thus deny on that basis.

75.    The allegations in Paragraph 75 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 75 and thus deny on that basis.

76.    The allegations in Paragraph 76 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 76 and thus deny on that basis.

77.    The allegations in Paragraph 77 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 77 and thus deny on that basis.

78.      The allegations in Paragraph 78 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 78 and thus deny on that basis.

79.      The allegations in Paragraph 79 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 79 and thus deny on that basis.

80.      The allegations in Paragraph 80 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 80 and thus deny on that basis.

81.      The allegations in Paragraph 81 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 81 and thus deny on that basis.

82.      The allegations in Paragraph 82 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 82 and thus deny on that basis.

83.      The allegations in Paragraph 83 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants

lack sufficient information to admit or deny the allegations in Paragraph 83 and thus deny on that basis.

84.    The allegations in Paragraph 84 are not directed to Answering Defendants and, therefore, no response is required.  The allegations in Paragraph 84 are not directed to.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 84 and thus deny on that basis.

85.    The allegations in Paragraph 85 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 85 and thus deny on that basis.

<div align="center">

**COUNT III**
**NEGLIGENCE: PREMISES LIABILITY**
**(AGAINST DEFENDANT EXXONNMOBIL OIL CORPORATION)**

</div>

86.    The allegations in Paragraph 86 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 86 and thus deny on that basis.

87.    The allegations in Paragraph 87 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 87 and thus deny on that basis.

88.    The allegations in Paragraph 88 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants

lack sufficient information to admit or deny the allegations in Paragraph 88 and thus deny on that basis.

89.     The allegations in Paragraph 89 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 89 and thus deny on that basis.

90.     The allegations in Paragraph 90 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 90 and thus deny on that basis.

91.     The allegations in Paragraph 91 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 91 and thus deny on that basis.

92.     The allegations in Paragraph 92 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 92 and thus deny on that basis.

93.     The allegations in Paragraph 93 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 93 and thus deny on that basis.

94.    The allegations in Paragraph 94 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 94 and thus deny on that basis.

95.    The allegations in Paragraph 95 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 95 and thus deny on that basis.

96.    The allegations in Paragraph 96 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 96 and thus deny on that basis.

97.    The allegations in Paragraph 97 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 97 and thus deny on that basis.

98.    The allegations in Paragraph 98 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 98 and thus deny on that basis.

99.    The allegations in Paragraph 99 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants

lack sufficient information to admit or deny the allegations in Paragraph 99 and thus deny on that basis.

100.    The allegations in Paragraph 100 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 100 and thus deny on that basis.

101.    The allegations in Paragraph 101 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 101 and thus deny on that basis.

**COUNT IV**
**NEGLIGENCE: PREMISES LIABILITY**
**(AGAINST DEFENDANT EXXONNMOBIL OIL CORPORATION)**

102.    The allegations in Paragraph 102 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 102 and thus deny on that basis.

103.    The allegations in Paragraph 103 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 103 and thus deny on that basis.

104.    The allegations in Paragraph 104 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is

required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 104 and thus deny on that basis.

105.    The allegations in Paragraph 105 are not directed to Answering Defendants and, therefore, no response is required.  Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 105 and thus deny on that basis.

106.    The allegations in Paragraph 106 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 106 and thus deny on that basis.

107.    The allegations in Paragraph 107 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 107 and thus deny on that basis.

108.    The allegations in Paragraph 108 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 108 and thus deny on that basis.

109.    The allegations in Paragraph 109 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 109 and thus deny on that basis.

110.    The allegations in Paragraph 110 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 110 and thus deny on that basis.

111.    The allegations in Paragraph 111 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 111 and thus deny on that basis.

112.    The allegations in Paragraph 112 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 112 and thus deny on that basis.

**COUNT V**
**NEGLIGENCE AS TO MANUFACTURER & DISTRIBUTOR**
**OF PRODUCTS CONTAINING BENZENE**
**(AGAINST DEFENDANT EXXONNMOBIL)**

113.    The allegations in Paragraph 113 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 113 and thus deny on that basis.

114.    The allegations in Paragraph 114 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 114 and thus deny on that basis.

115.    The allegations in Paragraph 115 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 115 and thus deny on that basis.

116.    The allegations in Paragraph 116 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 116 and thus deny on that basis.

117.    The allegations in Paragraph 117 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 117 and thus deny on that basis.

118.    The allegations in Paragraph 118 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 118 and thus deny on that basis.

119.    The allegations in Paragraph 119 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 119 and thus deny on that basis.

120.    The allegations in Paragraph 120 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is

required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 120 and thus deny on that basis.

121.    The allegations in Paragraph 121 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 121 and thus deny on that basis.

122.    The allegations in Paragraph 122 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 122 and thus deny on that basis.

<div align="center">

**COUNT VI**
**<u>NEGLIGENCE AS TO MANUFACTURER & DISTRIBUTOR</u>**
**<u>OF PRODUCTS CONTAINING BENZENE</u>**
**(AGAINST DEFENDANTS SAFETY-KLEEN, TURTLE WAX, MISTIC METAL MOVERS, UNITED STATES STEEL, RADIATOR SPECIALTY)**

</div>

123.    The allegations in Paragraph 123 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 123 and thus deny on that basis.

124.    The allegations in Paragraph 124 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 124 and thus deny on that basis.

125.    The allegations in Paragraph 125 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is

required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 125 and thus deny on that basis.

126.    The allegations in Paragraph 126 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 126 and thus deny on that basis.

127.    The allegations in Paragraph 127 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 127 and thus deny on that basis.

128.    The allegations in Paragraph 128 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 128 and thus deny on that basis.

129.    The allegations in Paragraph 129 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 129 and thus deny on that basis.

130.    The allegations in Paragraph 130 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 130 and thus deny on that basis.

131.    The allegations in Paragraph 131 are not directed to Answering Defendants and,
therefore, no response is required. Thus, no response is required.  To the extent a response is
required, Answering Defendants lack sufficient information to admit or deny the allegations in
Paragraph 131 and thus deny on that basis.

132.    The allegations in Paragraph 132 are not directed to Answering Defendants and,
therefore, no response is required. Thus, no response is required.  To the extent a response is
required, Answering Defendants lack sufficient information to admit or deny the allegations in
Paragraph 132 and thus deny on that basis.

**COUNT VII**
**STRICT LIABILITY – FAILURE TO WARN**
**(AGAINST DEFENDANTS SHELL OIL COMPANY, SAFETY-KLEEN,**
**EXXONMOBIL, TURTLE WAX, MISTIC METAL MOVERS,**
**UNITED STATES STEEL, RADIATOR SPECIALTY)**

133.    The allegations in Paragraph 133 are not directed to Answering Defendants and,
therefore, no response is required. Thus, no response is required.  To the extent a response is
required, Answering Defendants lack sufficient information to admit or deny the allegations in
Paragraph 133 and thus deny on that basis.

134.    The allegations in Paragraph 134 are not directed to Answering Defendants and,
therefore, no response is required. Thus, no response is required.  To the extent a response is
required, Answering Defendants lack sufficient information to admit or deny the allegations in
Paragraph 134 and thus deny on that basis.

135.    The allegations in Paragraph 135 are not directed to Answering Defendants and,
therefore, no response is required. Thus, no response is required.  To the extent a response is
required, Answering Defendants lack sufficient information to admit or deny the allegations in
Paragraph 135 and thus deny on that basis.

136.     The allegations in Paragraph 136 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 136 and thus deny on that basis.

137.     The allegations in Paragraph 137 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 137 and thus deny on that basis.

138.     The allegations in Paragraph 138 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 138 and thus deny on that basis.

139.     The allegations in Paragraph 139 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 139 and thus deny on that basis.

140.     The allegations in Paragraph 140 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 140 and thus deny on that basis.

141.     The allegations in Paragraph 141 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is

required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 141 and thus deny on that basis.

142.    The allegations in Paragraph 142 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 142 and thus deny on that basis.

<div align="center">

**COUNT VIII**
**STRICT LIABILITY – DEFECTIVE PRODUCT**
**(AGAINST DEFENDANTS SHELL OIL COMPANY, SAFETY-KLEEN,**
**RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC**
**METAL MOVERS, TURTLE WAX, EXXONMOBIL)**

</div>

143.    The allegations in Paragraph 143 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 143 and thus deny on that basis.

144.    The allegations in Paragraph 144 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 144 and thus deny on that basis.

145.    The allegations in Paragraph 145 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 145 and thus deny on that basis.

146.    The allegations in Paragraph 146 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is

required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 146 and thus deny on that basis.

147.    The allegations in Paragraph 147 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 147 and thus deny on that basis.

148.    The allegations in Paragraph 148 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 148 and thus deny on that basis.

149.    The allegations in Paragraph 149 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 149 and thus deny on that basis.

150.    The allegations in Paragraph 150 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 150 and thus deny on that basis.

**COUNT IX**
**NEGLIGENCE – FAILURE TO WARN**
**(AGAINST DEFENDANTS SHELL OIL COMPANY, SAFETY-KLEEN, RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC METAL MOVERS, TURTLE WAX, EXXONMOBIL)**

151.    The allegations in Paragraph 151 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is

required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 151 and thus deny on that basis.

152.    The allegations in Paragraph 152 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 152 and thus deny on that basis.

153.    The allegations in Paragraph 153 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 153 and thus deny on that basis.

154.    The allegations in Paragraph 154 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 154 and thus deny on that basis.

155.    The allegations in Paragraph 155 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 155 and thus deny on that basis.

156.    The allegations in Paragraph 156 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 156 and thus deny on that basis.

157.    The allegations in Paragraph 157 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 157 and thus deny on that basis.

158.    The allegations in Paragraph 158 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 158 and thus deny on that basis.

159.    The allegations in Paragraph 159 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 159 and thus deny on that basis.

160.    The allegations in Paragraph 160 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 160 and thus deny on that basis.

161.    The allegations in Paragraph 161 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 161 and thus deny on that basis.

162.    The allegations in Paragraph 162 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is

required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 162 and thus deny on that basis.

## COUNT X
## NEGLIGENCE – DEFECTIVE DESIGN
### (AGAINST DEFENDANTS SHELL OIL COMPANY, RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC METAL MOVERS, TURTLE WAX, SAFETY-KLEEN, EXXONMOBIL)

163.    The allegations in Paragraph 163 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 163 and thus deny on that basis.

164.    The allegations in Paragraph 164 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 164 and thus deny on that basis.

165.    The allegations in Paragraph 165 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 165 and thus deny on that basis.

166.    The allegations in Paragraph 166 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 166 and thus deny on that basis.

167.    The allegations in Paragraph 167 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is

required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 167 and thus deny on that basis.

168.    The allegations in Paragraph 168 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 168 and thus deny on that basis.

169.    The allegations in Paragraph 169 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 169 and thus deny on that basis.

170.    The allegations in Paragraph 170 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 170 and thus deny on that basis.

171.    The allegations in Paragraph 171 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 171 and thus deny on that basis.

172.    The allegations in Paragraph 172 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 172 and thus deny on that basis.

173.    The allegations in Paragraph 173 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 173 and thus deny on that basis.

## COUNT XI
## NEGLIGENCEX-RAY TESTING
### (ST. LOUIS TESTING)

174.    The allegations in Paragraph 174 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 174 and thus deny on that basis.

175.    The allegations in Paragraph 175 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 175 and thus deny on that basis.

176.    The allegations in Paragraph 176 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 176 and thus deny on that basis.

177.    The allegations in Paragraph 177 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 177 and thus deny on that basis.

178.    The allegations in Paragraph 178 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 178 and thus deny on that basis.

179.    The allegations in Paragraph 179 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 179 and thus deny on that basis.

180.    The allegations in Paragraph 180 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 180 and thus deny on that basis.

181.    The allegations in Paragraph 181 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 181 and thus deny on that basis.

## COUNT XII
## CONSORTIUM

182.    Answering Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 181 as though fully set forth herein.

183.    Answering Defendants deny the allegations in Paragraph 183.

## **AFFIRMATIVE AND OTHER DEFENSES**

Discovery and investigation may reveal that any one or more of the following defenses should be available to Answering Defendants in this matter. Answering Defendants, therefore, assert said defenses in order to preserve the right to assert them.  By asserting the matters set forth below, Answering Defendants do not allege or admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.  Upon completion of discovery, and if the facts warrant, Answering Defendants may withdraw any of these defenses as may be appropriate. Further, Answering Defendants reserve the right to amend their Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, Answering Defendants state the following:

### STATUTE OF LIMITATIONS

1.     Each and every claim asserted or raised in the Petition is barred by the applicable statute of limitations and/or by the doctrine of laches and/or by the statute of repose, including but not limited to  Mo. Rev. Statute § 516.120.

### FAILURE TO STATE A CLAIM

2.     Plaintiffs' alleged claims, and each of them, fail to state a claim upon which relief may be granted.

### LACK OF PERSONAL JURISDICTION

3.     This Court lacks personal jurisdiction over Eastman Chemical Company or Pharmacia & Upjohn Company LLC, as neither company is incorporated in Missouri nor has its principal place of business in Missouri and neither Eastman Chemical Company or Pharmacia & Upjohn Company LLC have contacts with Missouri related to or arising out of the claims in the Petition.

## NOT A SUBSTANTIAL FACTOR

4.      Any alleged acts or omissions by any Answering Defendants were not a substantial factor in bringing about the alleged injuries and damages for which Plaintiffs seeks recovery.

## REMOTE AND SPECULATIVE DAMAGES

5.      The damages alleged are impermissibly remote and speculative and, therefore, Plaintiffs are barred from the recovery of any such alleged damages.

## EQUITABLE DOCTRINES

6.      Plaintiffs' alleged claims are barred, in whole or in part, by the equitable doctrines of unclean hands laches, collateral estoppel, res judicata, consent, or discharge.

## FAILURE TO MITIGATE

7.      Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate and/or use reasonable care to minimize or mitigate damages.

## INTERVENING AND SUPERSEDING CAUSES

8.      On information and belief, any injuries allegedly sustained by Plaintiffs were directly and proximately caused, if at all, by the intervening or superseding cause and/or comparative fault of third parties (including, without limitation, non-parties to this action), for whom Answering Defendants bear no responsibility and for which Answering Defendants are not liable.  Moreover, the acts and omissions of Plaintiffs or of other parties or non-parties, and not Answering Defendants, constitute a new and independent cause of any alleged damages to Plaintiffs sufficient to prevent a finding a proximate cause against Answering Defendants.

## THIRD-PARTY LIABILITY

9.    Plaintiffs' claims are barred because Plaintiffs' alleged injuries and damages, if any, were caused solely, partially, or proximately by the actions, omissions, representations, misrepresentations, negligence, or breach of duty of other persons, firms, or corporations that Answering Defendants did not and do not control and for whom Answering Defendants are not responsible or liable.

## PLAINTIFFS' COMPARATIVE FAULT

10.    Plaintiffs' claims and alleged damages are barred in whole or in part and/or reduced pursuant to the Uniform Comparative Fault Act, based on Plaintiffs' own contributory or comparative negligence, contributory fault, comparative fault and/or assumption of the risk (either primary and/or secondary). Defendant denies liability, but if liability is assessed to Answering Defendants, then Answering Defendants pray for a determination and apportionment of fault among Plaintiffs, Defendants, and other persons or entities who may or may not be parties at the time this cause is submitted to a jury or trier of fact and who caused or contributed to cause any alleged injuries claimed by Plaintiffs herein.

11.    If Answering Defendants are liable to Plaintiffs under the allegations set forth in the Petition, which Answering Defendants deny, then Answering Defendants are entitled  to an apportionment of fault be made to be determined by the Court or jury as to all parties pursuant to Mo. Rev. Stat. §537.067, for any settlement or judgment. Defendant further requests a judgment or declaration of indemnification and contribution against all those parties or persons in accordance with the apportionment of fault.

## STATE OF THE ART

12.    Answering Defendants' operations were at all relevant times conducted in accordance with the then-existing state of the art in conformity with the generally recognized state of technological and scientific knowledge existing at the time of the operations at issue.  Answering Defendants' conduct and activities were reasonable, prudent and common in the industry and met the standards set by the appropriate governmental agencies.

## DEFENDANTS ACTED IN ACCORDANCE WITH LAW

13.    Old Monsanto obtained all permits and licenses required by law and acted with due care and in accordance with federal, state and local laws and regulations in effect at the time of any alleged acts or omissions.  Retroactive application of statutes, regulations and/or case law to any alleged acts or omissions by Answering Defendants is barred and/or violates the United States Constitution, and all applicable State Constitution(s).

## BENEFITS OUTWEIGHED ANY RISK

14.    Plaintiffs' claims and purported causes of action are barred in whole or in part by the risk/utility doctrine.  If it is determined that there was a risk inherent in the use of PCBs or any other chemical or material manufactured or stored by Answering Defendants, then such risk was outweighed by the benefits of PCBs or any other product allegedly at issue.

## ALTERED PRODUCT

15.    Old Monsanto's PCB products at issue, if any, were independently and materially changed, altered and modified by others, over whom Answering Defendants had no control.

## SOPHISTICATED USERS

16.    Plaintiffs' claims are barred by the "sophisticated user," "raw material supplier," "bulk supplier" and/or "learned intermediary" defenses.  PCB products of Old Monsanto, if any,

at issue in the Petition, were sold in bulk to knowledgeable, learned and sophisticated intermediaries, who were at least as knowledgeable as Old Monsanto regarding the risks and hazards, if any, associated with the use and disposal of the product and were in the best position to convey appropriate use, handling, and precautionary information and other warnings. Plaintiffs have failed to join necessary and indispensable parties to this action.

<div align="center">DUE PROCESS AND EQUAL PROTECTION</div>

17.    Plaintiffs' alleged claims are barred by the United States Constitution to the extent they would deprive Answering Defendants of due process or the equal protection of the laws.

<div align="center">DEFENSES AGAINST PUNITIVE DAMAGES</div>

18.    Plaintiffs' claims for punitive damages are barred from being asserted in Plaintiffs' initial pleading pursuant to Mo. Rev. Stat. § 510.261.

19.    Plaintiffs' claims for punitive damages, if granted, would be grossly excessive and would violate the United States Constitution and the Missouri Constitutions (including, but not limited to, the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article I, Sections 2, 10, 18, 19, 21 and 28 of the Missouri Constitution), and decisional law from the United States and Missouri Courts. Answering Defendants have not received fair notice that they could be subject to substantial punitive damages for the conduct alleged.  And Answering Defendants' conduct was not malicious, wanton or deliberate.  The punitive damages sought by Plaintiffs would be greatly disproportionate to alleged actual damages and far exceed any civil or criminal sanctions that could be imposed for similar alleged misconduct.

20.    Plaintiffs' claims for punitive damages, if granted, would violate the United States Constitution and the Missouri Constitutions (including, but not limited to, the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article I, Sections 2, 10, 18, 19, 21 and

<div align="center">36</div>

28 of the Missouri Constitution), and decisional law from the United States and Missouri Courts, because Plaintiffs would seek to impose an excessive fine upon the Answering Defendants, punitive damages are penal in nature, not permitted by federal or state law, and Plaintiffs would seek to punish the Answering Defendants upon unconstitutionally vague standards.

21.    The conduct and/or acts of Answering Defendants as alleged in the Petition were not and are not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of Plaintiffs and/or the safety of the public. Nor do any of the conduct and/or acts of Answering Defendants as alleged in the Petition demonstrate that Answering Defendants acted with a high degree of moral culpability. In fact, Answering Defendants exercised reasonable care at all times alleged in the Petition and Plaintiffs have failed to clearly establish any entitlement to punitive damages based on these allegations.

22.    The United States and Missouri Constitutions (including, but not limited to,  the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article I, Sections 2, 10, 18, 19, 21 and 28 of the Missouri Constitution), and decisional law from the United States and Missouri Courts, prohibit an award of punitive damages in this case, where Plaintiffs impermissibly seek to hold an entity incorporated in 1997 (and discharged in bankruptcy in 2008) or its parent company, and an entity incorporated in 2000 liable for the alleged tortious acts and omissions of Old Monsanto between 1935 and 1977.

<u>RIGHT TO CREDIT</u>

23.    If Answering Defendants are liable to Plaintiffs under the allegations set forth in the Petition, which Answering Defendants deny, then Answering Defendants' liability is limited to Answering Defendants' fair, equitable, and proportionate share of the costs incurred by Plaintiffs.

## OFFSET FOR OTHER SOURCES OF RECOVERY

24.     Answering Defendants are entitled to an offset, pursuant to Mo. Rev. Stat. § 537.060, against any liability for monies that Plaintiffs have recovered and/or will recover in the future from other sources.

## RELEASE OR SETTLEMENT

25.     Plaintiffs' alleged claims are barred, in whole or in part to the extent Plaintiffs already released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised their claims relating to, the alleged damages.

## WORKERS' COMPENSATION

26.     To the extent Plaintiffs' alleged damages occurred while he was an employee of Answering Defendants, Plaintiffs' claims are barred under the Missouri Worker's Compensation Act.

## APPROPRIATE AND ADEQUATE WARNINGS

27.     To the extent there were any risks associated with the use of the product which is the subject matter of this action which the Answering Defendants knew or should have known and which gave rise to a duty to warn, the Answering Defendants at all times discharged such duty through appropriate and adequate warnings.

## CONTROL OF PREMISES

28.      Answering Defendants did not control the premises or work at issue to the extent necessary to make Answering Defendants liable as alleged by Plaintiffs.

## OPEN AND OBVIOUS

29.    Plaintiffs' claims are barred, in whole or in part, because any alleged risks that the Plaintiffs encountered were open and obvious, and because Plaintiffs knowingly and voluntarily assumed any and all risks associated with the matters alleged in the Petition.

## NO LEGAL DUTY OWED TO PLAINTIFF

30.    Answering Defendants owed no legal duty to Plaintiffs or, if Answering Defendants owed a legal duty, Answering Defendants did not breach that duty.

## IMMUNITY

31.    Plaintiffs' claims, in whole or in part, are barred by principles of federal contractor defense or pursuant to 50 U.S.C. App. § 2157.

32.    Plaintiffs' claims, in whole or in part, where Answering Defendants' actions were taken under color of a federal officer or are barred by federal immunity.

## CO-DEFENDANTS' DEFENSES ADOPTED

33.    Answering Defendants adopt and incorporate herein by reference each and every applicable defense pleaded by any other Defendant in this case as if stated fully herein.  Answering Defendants give notice that they intend to rely upon any other defenses that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend this Answer to assert any such defenses.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

34.    The Petition does not describe its claims or events with sufficient particularity to permit Answering Defendants to ascertain what other defenses may exist, and Answering Defendants presently have insufficient knowledge or information to form a belief as to whether it has additional, as yet unstated, defenses available to it. Answering Defendants therefore reserve

the right to assert all defenses which may pertain to the Petition once the precise nature of the claims is ascertained and in the event, discovery indicates that such claims would be appropriate.

## **DEMAND FOR JURY TRIAL**

Answering Defendants hereby demand trial by jury of any and all claims and issues triable of right by jury.

WHEREFORE, having fully answered Plaintiffs' Petition, Answering Defendants pray that Plaintiffs' Petition be dismissed with prejudice, for allocation of fault between all entities, if any, found to be at fault in this case, for its costs, attorneys' fees to the fullest extent possible, and for such other and further relief as the Court may deem just.

Respectfully submitted,

By:    */s/Adam E. Miller*

Adam E. Miller, #40945
CAPES, SOKOL, GOODMAN AND
SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
Email: miller@capessokol.com

**ATTORNEYS FOR MONSANTO
COMPANY, SOLUTIA, INC.,
PHARMACIA & UPJOHN COMPANY
LLC, and EASTMAN CHEMICAL
COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the following attorney of record via the courts electronic filing system this 27th day of November, 2020:

Christopher W. Dysart
The Dysart Law Firm, P.C.
16020 Swingley Ridge Rd., Ste 340
Chesterfield, Missouri 63017

***Attorney for Plaintiffs***

*/s/Adam E. Miller*

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY | ) | |
| | ) | Cause No.: 2022-CC09797 |
| Plaintiffs, | ) | |
| | ) | Div. No.:  1 |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY; SAFETY-KLEEN | ) | |
| SYSTEMS INC.; MALLINCKRODT, LLC; | ) | |
| MI HOLDINGS, INC.; SOLUTIA INC.; | ) | |
| EASTMAN CHEMICAL COMPANY, | ) | |
| Individually and as a successor to Solutia Inc.; | ) | |
| PHARMACIA & UPJOHN COMPANY LLC; | ) | |
| EXXONMOBIL OIL CORPORATION, as | ) | |
| successor to Mobil Oil Corporation | ) | |
| (D/B/A/ Mobil Oil); ANHEUSER-BUSCH | ) | |
| INBEV WORLDWIDE INC.; PROCTER & | ) | |
| GAMBLE MANUFACTURING CO.; SHELL | ) | |
| OIL COMPANY, Individually and as successor | ) | |
| to Shell Oil Company, Incorporated, Shell | ) | |
| Chemical LP (f/ka Shell Chemical Company), | ) | |
| and Shell Oil Products Company; | ) | |
| BAYER CORP. a/k/a BAYER HEALTHCARE | ) | |
| PHARMACEUTICALS; RADIATOR | ) | |
| SPECIALTY COMPANY; UNITED STATES | ) | |
| STEEL CORPORATION; MISTIC METAL | ) | |
| MOVER, INC.; TURTLE WAX, INC.; and | ) | |
| ST. LOUIS TESTING LABORATORIES, INC. | ) | |
| | ) | |
| Defendants. | | |

## CONSENT MOTION FOR EXTENSION OF TIME

COMES NOW Defendant Bayer Corporation, a/k/a Bayer Healthcare Pharmaceuticals ("Bayer"), by and through its undersigned counsel, and respectfully moves to extend time up to and including December 29, 2020 for Bayer to respond to Plaintiffs' Petition. In support of said motion, Bayer states:

1.    Bayer's Responsive Pleadings were due on October 19, 2020.

2.       Bayer requests an extension up to and including December 29, 2020 to file its Responsive Pleadings.

3.       Counsel for Plaintiffs has no objection to this extension of time, and Plaintiffs will not be prejudiced by this extension.

WHEREFORE Bayer respectfully requests that the Court grant an extension of time up to and including December 29, 2020 for Bayer to file its response to  Plaintiffs' Petition.

Respectfully submitted,


By:      /s/Adam E. Miller

Adam E. Miller, #40945
CAPES, SOKOL, GOODMAN AND
SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
Email: miller@capessokol.com

**ATTORNEYS FOR BAYER CORPORATION**

# <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the following attorneys of record via the courts electronic filing system this 15th day of December 2020:

Christopher W. Dysart
The Dysart Law Firm, P.C.
16020 Swingley Ridge Rd., Ste 340
Chesterfield, Missouri 63017

***Attorneys for Plaintiffs***

*/s/Adam E. Miller*

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| MICHAEL GRADY and KATHLEEN GRADY ) | |
| ) | Cause No.: 2022-CC09797 |
| Plaintiffs, ) | |
| ) | Div. No.: 1 |
| v. ) | |
| ) | |
| MONSANTO COMPANY; SAFETY-KLEEN ) | |
| SYSTEMS INC.; MALLINCKRODT, LLC; ) | |
| MI HOLDINGS, INC.; SOLUTIA INC.; ) | |
| EASTMAN CHEMICAL COMPANY, ) | |
| Individually and as a successor to Solutia Inc.; ) | |
| PHARMACIA & UPJOHN COMPANY LLC; ) | |
| EXXONMOBIL OIL CORPORATION, as ) | |
| successor to Mobil Oil Corporation ) | |
| (D/B/A/ Mobil Oil); ANHEUSER-BUSCH ) | |
| INBEV WORLDWIDE INC.; PROCTER & ) | |
| GAMBLE MANUFACTURING CO.; SHELL ) | |
| OIL COMPANY, Individually and as successor ) | |
| to Shell Oil Company, Incorporated, Shell ) | |
| Chemical LP (f/ka Shell Chemical Company), ) | |
| and Shell Oil Products Company; ) | |
| BAYER CORP. a/k/a BAYER HEALTHCARE ) | |
| PHARMACEUTICALS; RADIATOR ) | |
| SPECIALTY COMPANY; UNITED STATES ) | |
| STEEL CORPORATION; MISTIC METAL ) | |
| MOVER, INC.; TURTLE WAX, INC.; and ) | |
| ST. LOUIS TESTING LABORATORIES, INC. ) | |
| ) | |
| Defendants. | |

**PROPOSED ORDER GRANTING
DEFENDANTS' CONSENT MOTION FOR EXTENSION OF TIME**

This matter comes before the Court on Defendant Bayer Corporation's Consent Motion for

Extension of Time. The Court hereby GRANTS Moving Defendant Bayer Corporation's Motion

and enters the following Order:

Defendant Bayer Corporation shall have up to and including December 29, 2020 to file a

response to Plaintiffs' Petition.

SO ORDERED this ___ day of December 2020.


_____

Honorable Rex M. Burlison

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY | ) | |
| | ) | Cause No.: 2022-CC09797 |
| Plaintiffs, | ) | |
| | ) | Div. No.:  1 |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY; SAFETY-KLEEN | ) | |
| SYSTEMS INC.; MALLINCKRODT, LLC; | ) | |
| MI HOLDINGS, INC.; SOLUTIA INC.; | ) | |
| EASTMAN CHEMICAL COMPANY, | ) | |
| Individually and as a successor to Solutia Inc.; | ) | |
| PHARMACIA & UPJOHN COMPANY LLC; | ) | |
| EXXONMOBIL OIL CORPORATION, as | ) | |
| successor to Mobil Oil Corporation | ) | |
| (D/B/A/ Mobil Oil); ANHEUSER-BUSCH | ) | |
| INBEV WORLDWIDE INC.; PROCTER & | ) | |
| GAMBLE MANUFACTURING CO.; SHELL | ) | |
| OIL COMPANY, Individually and as successor | ) | |
| to Shell Oil Company, Incorporated, Shell | ) | |
| Chemical LP (f/ka Shell Chemical Company), | ) | |
| and Shell Oil Products Company; | ) | |
| BAYER CORP. a/k/a BAYER HEALTHCARE | ) | |
| PHARMACEUTICALS; RADIATOR | ) | |
| SPECIALTY COMPANY; UNITED STATES | ) | |
| STEEL CORPORATION; MISTIC METAL | ) | |
| MOVER, INC.; TURTLE WAX, INC.; and | ) | |
| ST. LOUIS TESTING LABORATORIES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## Entry of Appearance

COMES NOW Adam E. Miller and hereby enters his appearance on behalf of Defendant

Bayer Corporation.

1

Respectfully submitted,

By:     /s/Adam E. Miller

Adam E. Miller, #40945
CAPES, SOKOL, GOODMAN AND
SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
Email: miller@capessokol.com

**ATTORNEYS FOR BAYER
CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the following attorney of record via the courts electronic filing system this 15th day of December, 2020:

Christopher W. Dysart
The Dysart Law Firm, P.C.
16020 Swingley Ridge Rd., Ste 340
Chesterfield, Missouri 63017

***Attorney for Plaintiffs***

/s/Adam E. Miller

**IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI**

| | |
|---|---|
| MICHAEL GRADY and KATHLEEN GRADY )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>MONSANTO COMPANY; SAFETY-KLEEN )<br>SYSTEMS INC.; MALLINCKRODT, LLC; )<br>MI HOLDINGS, INC.; SOLUTIA INC.; )<br>EASTMAN CHEMICAL COMPANY, )<br>Individually and as a successor to Solutia Inc.; )<br>PHARMACIA & UPJOHN COMPANY LLC; )<br>EXXONMOBIL OIL CORPORATION, as )<br>successor to Mobil Oil Corporation )<br>(D/B/A/ Mobil Oil); ANHEUSER-BUSCH )<br>INBEV WORLDWIDE INC.; PROCTER & )<br>GAMBLE MANUFACTURING CO.; SHELL )<br>OIL COMPANY, Individually and as successor )<br>to Shell Oil Company, Incorporated, Shell )<br>Chemical LP (f/ka Shell Chemical Company), )<br>and Shell Oil Products Company; )<br>BAYER CORP. a/k/a BAYER HEALTHCARE )<br>PHARMACEUTICALS; RADIATOR )<br>SPECIALTY COMPANY; UNITED STATES )<br>STEEL CORPORATION; MISTIC METAL )<br>MOVER, INC.; TURTLE WAX, INC.; and )<br>ST. LOUIS TESTING LABORATORIES, INC. )<br>)<br>Defendants.  ) | Cause No.: 2022-CC09797<br><br>Div. No.:  1 |

**DEFENDANT BAYER CORPORATION'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Bayer Corporation ("Bayer Corp."), incorrectly named as "Bayer Corp. a/k/a Bayer HealthCare Pharmaceuticals," hereby specially appears and respectfully moves this Court to dismiss the claim asserted against Bayer Corp. pursuant to Rule 55.27(a)(2) of the Missouri Rules of Civil Procedure for lack of personal jurisdiction. Bayer Corp. reserves the right to assert all remaining available defenses.

1

# I.    FACTUAL BACKGROUND

Plaintiffs Michael Grady and Kathleen Grady (collectively "Plaintiffs") filed this case against Monsanto Company, Bayer Corp., Solutia Inc., Pharmacia & Upjohn Company LLC, Eastman Chemical Company, Safety-Kleen Systems Inc., Mallinckrodt, LLC, MI Holdings, Inc., Anheuser-Busch Inbev Worldwide Inc., Procter & Gamble Manufacturing Co., Shell Oil Company, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Mover, Inc., Turtle Wax, Inc., and St. Louis Testing Laboratories, Inc.  *See* Petition, filed September 11, 2020 ("Pet."). Plaintiffs assert premise liability claims against Monsanto Company, Bayer Corp., Solutia Inc., Pharmacia, Eastman Chemical Company, Anheuser-Busch InBev, Procter & Gamble, Mallinckrodt/MI Holdings, and ExxonMobil Oil Corporation. *See Id.* at Counts I-III.  Plaintiffs' claims against Monsanto Company, Bayer Corp., Solutia Inc., Pharmacia, Eastman Chemical Company allege that Michael Grady developed multiple myeloma, in relevant part, from exposure to benzene-containing products and polychlorinated biphenyls ("PCBs") while working at various Monsanto[1] properties. *See Id.* at Count I. Plaintiffs' Petition alleges that between 1979 and 2018, Mr. Grady was assigned to work at various Monsanto plants, including the Queeny plant located in St. Louis, Missouri, Krummrich plant located in Sauget, Illinois, and Carondelet plant located in St. Louis, Missouri, and during the course of his employment he was exposed to benzene, PCBs, and other chemicals. *See Id.* at ¶¶ 31, 33, 60, and 62. Plaintiffs allege that "Bayer purchased Monsanto" and "Bayer is legally obligated for all tort 'legacy liabilities' related to both Old

---

[1] In the Petition Plaintiff Michael Grady alleges that he worked at various Monsanto properties or plants. Pet., ¶¶ 31, 33, 58-61. Old Monsanto (n/k/a Pharmacia LLC) is the entity that manufactured and sold PCBs from 1935-1977. The PCB business was "spun-off" to Solutia Inc. in 1997. *Id.* at ¶ 44. The current Monsanto Company (sometimes referred to as "New Monsanto") first came into existence in 2000. Neither Bayer Corporation, Solutia, Eastman Chemical nor the current Monsanto Company have ever manufactured or sold PCBs.

Monsanto and New Monsanto." *Id.* at ¶ 48. Because Plaintiffs have failed to plead sufficient facts to support this Court having general or specific personal jurisdiction over Defendant Bayer Corp., Bayer Corp. is entitled to dismissal of the single claim asserted against Bayer Corp., a premise liability claim, pursuant to Rule 55.27(a)(2) of the Missouri Rules of Civil Procedure.

## II.   LEGAL STANDARD

"Personal jurisdiction is the authority of a court over the parties in a particular case." *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 46 (Mo. Banc. 2017). "The basis of a court's personal jurisdiction over a corporation can be general - that is, all-purpose jurisdiction - or it can be specific - that is, conduct-linked jurisdiction." *Id.* (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014)). Where a motion to dismiss is based on lack of personal jurisdiction, a court may also consider affidavits filed with a motion in addition to the pleadings in the case. *Getz v. TM Salinas, Inc.,* 412 S.W.3d 441, 447 (Mo. App. W.D. 2013).

Over the years, the United States Supreme Court has clarified the test for when the exercise of general jurisdiction over a corporation comports with due process. *Dolan*, 512 S.W.3d at 46 (citing *Daimler*, 134 S.Ct. at 754; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2850 (2011)). "A court normally can exercise general jurisdiction over a corporation only when the corporation's place of incorporation or its principal place of business is in the forum state." *Id.* "In 'exceptional cases,' general jurisdiction may exist in an additional state if the corporation's activities in that other state are 'so substantial and of such a nature as to render the corporation at home in that State.'" *Dolan*, 512 S.W.3d at 46 (quoting *Daimler,* 134 S.Ct. at 761 n.19). As a corporation organized and established under the laws of Indiana and with its principal place of business in Pennsylvania, Bayer Corp. is not subject to general jurisdiction in Missouri.

A court has specific jurisdiction over a defendant when the suit arises out of or relates to the defendant's contacts with the forum. *Daimler*, 134 S.Ct. at 754. Under Missouri law, a nonresident defendant is subject to specific personal jurisdiction only where (1) the suit arises out of specific activities enumerated in the Missouri long-arm statute, RSMo. § 506.500, and (2) the principles of due process are satisfied, *i.e.* where the defendant has "sufficient minimum contacts" with Missouri out of which the claim arises. *Noble v. Shawnee Gun Shop, Inc.,* 316 S.W.3d 364 (Mo. App. W.D. 2010). Plaintiffs have not alleged any activity by Bayer Corp. in any state, let alone in Missouri.

After a defendant raises an objection to personal jurisdiction, the plaintiff bears the burden of showing the court's exercise of jurisdiction is proper. *State ex rel. Specialized Transp., Inc. v. Dowd*, 265 S.W.3d 858, 862 (Mo. App. E.D. 2008). The plaintiff cannot rely on mere conclusions and must allege facts to carry his burden. *Fenton v. Executive Int'l Inn, Inc*. 740 S.W.2d 338, 339 (Mo. App. E.D. 1987). While plaintiffs do not need to "prove all the elements that form the basis of their claim" they must prove "'the acts contemplated by the statute took place' within the state." *Hollinger v. Sifers*, 122 S.W.3d 112, 116 (Mo. App. W.D. 2003). Additionally, as Missouri is a fact-pleading state, plaintiff "must allege ultimate facts" and "cannot rely on mere conclusions" to carry its burden. Rule 55.05; *Fenton*, 740 S.W.2d at 339. Here, Plaintiffs have alleged no facts, and cannot allege facts, to show that either general or specific personal jurisdiction exists over Defendant Bayer Corp. Therefore, the single claim against Bayer Corp. must be dismissed.

### III.    ARGUMENT

#### A.    The Court Does Not Have General Personal Jurisdiction over Bayer Corporation

The Missouri Supreme Court stated that "[a] court normally can exercise general jurisdiction over a corporation only when the corporation's place of incorporation or its principal

place of business is in the forum state." *Dolan*, 512 S.W.3d at 46. The prior test of "continuous and systematic" business is no longer valid in determing general jurisdiction. *Id*. "[I]n exceptional cases, a state may have general jurisdiction over a corporation not incorporated there and that has not located its principal place of business in that state." *Id.* at 48. "But the Supreme Court has made it clear that to be such 'an exceptional case,' the forum state must be a 'surrogate for place of incorporation or home office' such that the corporation is 'essentially at home' in that state."[2] *Dolan,* 512 S.W.3d at 48. (quoting *Daimler*, 134 S. Ct. at 756 n.8, 761 n.19). This is not such an "exceptional case," as *Dolan* demonstrates.

Here, Bayer Corp. is neither incorporated in Missouri nor has its principal place of business in Missouri. In addition, Plaintiffs plead no facts that demonstrate that this is an "exceptional" case where Bayer Corp. is "at home" in Missouri. Plaintiffs merely allege that Bayer Corp. "is a for-profit foreign corporation doing business throughout the State of Missouri." *See* Pet. ¶ 4. But *Dolan* makes clear that a plaintiff cannot establish general jurisdiction over a foreign corporation merely because it engages in business in the forum state. *Dolan*, 512 S.W.3d 41. Under *Dolan*, Plaintiffs do not and cannot establish general jurisdiction in this case.

In *Dolan*, an Indiana plaintiff sued defendant Norfolk Southern Railway Company ("Norfolk"), a Virginia corporation, in Missouri for personal injuries that occurred in Indiana. *Id*. The Missouri Supreme Court held that Missouri courts lacked general jurisdiction over Norfolk

---

[2] In *BNSF Railway Co. v. Tyrrell,* the Supreme Court provided additional guidance on the application of the "at home" standard under *Daimler.* The Supreme Court in *BNSF Railway Co. v. Tyrrell* explained that *Perkins v. Benguet Consol. Mining Co.,* was an example of an "exceptional" case where a defendant was found to be "at home" in a state where it was neither incorporated or had its principal place of business. 137 S. Ct. 1549 (2017). In *Perkins v. Benguet Consol. Mining Co.,* the court found that it was such an "exceptional case" where the defendant was found to be "at home" in the forum state because "war had forced the defendant corporation's owner to temporarily relocate the enterprise from the Philippines to Ohio." *Id.* at 1549 (citing *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437 (1952)).

because Norfolk's contacts with Missouri, while "substantial and continuous," were not sufficient to establish that it was "at home" here. *Id.*. Norfolk owned or operated some 400 miles of track in Missouri, generated approximately $232 million in revenue from Missouri, employed some 590 people in Missouri, and had appointed a registered agent in Missouri. *Id.* The court in *Dolan* concluded, however, that when properly viewed in the context of Norfolk's nationwide business activities, the "nature of Norfolk's activities in Missouri are quite distinct from the 'nerve-center' of activities that the Supreme Court has said might be sufficient to make a 'home' state." *Id* at 48.

In this case, *Dolan* precludes general jurisdiction over Bayer Corp. for Plaintiffs' premise liability claim. As Plaintiffs acknowledge, Bayer Corp. is a foreign corporation. *See* Pet. ¶ 4. It is not organized under Missouri law and does not maintain its principal place of business in Missouri. Rather, Bayer Corp. is incorporated under the laws of Indiana and has its principal place of business in New Jersey. Exhibit 1, Abrams Aff., ¶ 3.[3] Plaintiffs have not pled any facts that could demonstrate that this is an "exceptional" case in which Bayer Corp. is nonetheless "at home" in Missouri. And, as *Dolan* explained, "'when a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case'" that could support general jurisdiction. *Id*. Bayer Corp. is therefore not subject to general jurisdiction in Missouri, and Plaintiffs do not appear to contend otherwise.

**B.** <u>**This Court Does Not Have Specific Personal Jurisdiction Over Bayer Corporation**</u>

Plaintiffs cannot rely on specific jurisdiction because the exercise of such jurisdiction in

---

[3] Bayer Corp. attaches the Affidavit filed with its Motion to Dismiss for lack of personal jurisdiction in Rogers County in the State of Oklahoma in *The Estate of Kenneth Synar, et al. v. The Bayer Corporation, et al., Case No.* CJ-2019-215. Bayer Corp. is working to obtain a notarized signature on the affidavit for this case and will file the signed affidavit once received.

this case would violate federal due process and Missouri's long-arm statute. "Specific jurisdiction requires consideration of the 'relationship among the defendant, the forum, and the litigation.'" *Dolan*, 512 S.W.3d at 48 (quoting *Andra v. Left Gate Prop. Holding, Inc.*, 453 S.W.3d 216, 226 (Mo. banc 2015)); *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). Under the requirements of federal due process, specific jurisdiction "encompasses cases in which the suit arises out of or relates to the defendant's contacts with the forum." *Dolan*, 512 S.W.3d at 48 (quoting *Daimler*, 134 S. Ct. at 748-49). "[T]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State,'" and "the defendant's suit-related conduct must create a substantial connection with the forum state." *Walden,* 134 S. Ct. at 1121-1122. Under Missouri's long-arm statute, RSMo. § 506.500, Missouri courts may exercise personal jurisdiction here only if the Plaintiffs' claim "*aris*[*e*] *from*" Bayer Corp.'s enumerated activities in Missouri. Here, Plaintiffs do not and cannot allege any specific facts showing Plaintiffs' claim arose from Bayer Corp.'s activities in Missouri.

Plaintiffs' specific jurisdiction argument here is similar to that made by the plaintiff in *Dolan*. In *Dolan*, the Indiana plaintiff argued that Missouri courts could exercise specific jurisdiction over his claims involving an injury in Indiana because the defendant, Norfolk, "does engage in railroad business in Missouri and the injuries arose out of railroad business conducted by Norfolk in Indiana." 512 S.W.3d 41. The plaintiff argued that his "injuries in Indiana were injuries 'arising from or related to' the same 'type' of activities as Norfolk's Missouri activities." *Id.* The Missouri Supreme Court rejected that argument outright reasoning that conferring jurisdiction on the basis plaintiff asserted "would completely do away with the distinction between general and specific jurisdiction." *Id*.

Similarly, for a nonresident defendant to be subject to specific personal jurisdiction in

7

Missouri, the claims against the defendant must arise out of the activities enumerated in Missouri's long-arm statute.   The relevant portion of Missouri's long-arm statute states:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
>> (1) The transaction of any business within this state;
>> (2) The making of any contract within this state;
>> (3) The commission of a tortious act within this state;
>> (4) The ownership, use, or possession of any real estate situated in this state;
> . . .

RSMo. § 506.500.

Here, Plaintiffs do not specifically allege any action taken by Bayer Corp. in Missouri. The only allegations Plaintiffs allege against Bayer Corp. lump multiple defendants together and fail to identify with any particularity which of the enumerated acts are the specific grounds to establish personal jurisdiction over Bayer Corp. *McIlvoy v. Sharp*, 485 S.W.3d 367, 373 (Mo. App. W.D. 2016)("plaintiff must allege facts supporting any individual defendant's personal involvement or responsibility . . [a]ssertions of bare, conclusory allegations are not sufficient to state a claim."). Plaintiffs make the conclusory assertion that "nonresident Defendants in this action are subject to the jurisdiction of this Court pursuant to RSMo. § 506.500(1) and (3)" because the claim arose "out of their transaction of business in Missouri and out of torts committed in Missouri by the nonresident Defendants." Pet., ¶ 22. However, Plaintiffs allege no facts that show Bayer Corp. transacted any business in Missouri nor that Bayer Corp. took any action in the commission of a tortious act in Missouri that arose to the claim Plaintiffs now assert against Bayer Corp.

Further, Plaintiffs incorrectly allege that "Bayer purchased Monsanto" and that "Bayer is

legally obligated for all tort "legacy liabilities" related to both Old Monsanto's and New Monsanto's activities including injuries related to chemical exposure to benzene and PCBs. Pet., ¶ 48. In fact, Monsanto and Bayer Corp. are, and always have been, separate corporations. Exhibit 1, Abrams Aff., ¶ 4. Although Bayer Corp. and Monsanto have shared the same ultimate parent company, Bayer AG, Bayer Corp. has never had any direct ownership interest in Monsanto and is only an indirect parent of Monsanto. *Id.* at ¶¶ 5-6. Bayer Corp. has never operated Monsanto and at no time has Bayer Corp. assumed any liabilities of Monsanto. *Id.* at ¶ 7.

However, even if Plaintiffs' allegations were true, ownership of a company which conducted business in Missouri does not establish specific personal jurisdiction over Bayer Corp. They do not allege that Bayer Corp. owned or operated the premises on which Mr. Grady worked and where Plaintiffs allege Mr. Grady was exposed to benzene and PCBs which allegedly resulted in his claimed injuries. Nor do Plaintiffs allege that Bayer Corp. researched, designed, tested, developed, manufactured, packaged, marketed, promoted, advertised, distributed, labeled, or sold PCBs or benzene in Missouri.[4]

Plaintiffs' single claim against Bayer Corp. lacks any connection between Bayer Corp. and Missouri. There is absolutely no connection in Plaintiffs' Petition between any alleged activity of Bayer Corp. and the State of Missouri. There are no allegations of activities by Bayer Corp. that are specific to this claim which occurred in the State of Missouri. As the United States Supreme Court stated in *Walden*, "the defendant's suit-related conduct must create a substantial connection with the forum State." 134 S. Ct. at 1122. Plaintiffs have failed to show that Bayer Corp. had any

---

[4] Under Plaintiffs' premises liability claim, Plaintiffs fail to identify which factual allegations specifically relate to Bayer Corp. and merely lump together Monsanto Company, Bayer Corp., Solutia Inc., Pharmacia, and Eastman Chemical Company as having conducted all activities alleged in its claims. This reliance on unclear, conclusory allegations is not sufficient to establish personal jurisdiction against Bayer Corp.

suit-related conduct that occurred in Missouri. Accordingly, this Court should find that it does not have specific personal jurisdiction over Bayer Corp.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request the Court dismiss the single claim against Bayer Corp., a premises liability claim, and dismiss Bayer Corp. with prejudice pursuant to Missouri Rule of Civil Procedure 55.27(a)(2) for lack of personal jurisdiction.

Respectfully submitted,

By:     */s/Adam E. Miller*
Adam E. Miller, #40945
CAPES, SOKOL, GOODMAN AND
SARACHAN, PC
8182 Maryland Avenue, Fifteenth Floor
St. Louis, MO 63105
Phone: 314-754-4810
Email: miller@capessokol.com

**ATTORNEYS FOR BAYER
CORPORATION.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the following attorneys of record via the courts electronic filing system this 29th day of December, 2020:

Christopher W. Dysart
The Dysart Law Firm PC
16020 Swingley Ridge Rd. Ste 340
Chesterfield, MO 63017

*Attorneys for Plaintiffs*

*/s/Adam E. Miller*

# Exhibit 1

## IN THE DISTRICT COURT IN AND FOR ROGERS COUNTY
## STATE OF OKLAHOMA

THE ESTATE OF KENNETH SYNAR, by and
through PAT SYNAR, Special Administrator
and next of kin, and PAT SYNAR, individually,

        Plaintiffs,

    v.

THE BAYER CORPORATION, a subsidiary of
BAYER, A.G., *ex rel.*, BAYER, A.G., THE
MONSANTO COMPANY; and ATWOOD
DISTRIBUTING, L.P., d/b/a/ ATWOODS
RANCH & HOME,

        Defendants.

Case No. CJ-2019-215

## DECLARATION OF KEITH R. ABRAMS
## IN SUPPORT OF DEFENDANT BAYER CORPORATION'S
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Keith R. Abrams hereby declares as follows:

1.    I, Keith R. Abrams, am over the age of 18 and am competent to submit this declaration. I have personal knowledge of the facts set forth below.

2.    I am an Assistant Secretary for Defendant Monsanto Company ("Monsanto") and Vice President, Head of Corporate Law and Assistant Secretary for Defendant Bayer Corporation ("Bayer Corp.").[1] I submit this declaration in support of Bayer Corp.'s Motion to Dismiss for Lack of Personal Jurisdiction.

3.    Bayer Corp. is incorporated under the laws of the State of Indiana, and its principal place of business is in New Jersey. Since January 1, 2003, Bayer Corp. has been a non-operating holding company and has not operated the companies it holds.

---

[1] The correct name for this company is "Bayer Corporation," not "The Bayer Corporation."

4.  Monsanto and Bayer Corp. are (and always have been) separate corporations. Monsanto is incorporated under the laws of the State of Delaware, and its principal place of business is in Missouri.

5.  Bayer Corp. and Monsanto currently have the same ultimate parent company, Bayer AG (a German company), as a result of a 2018 merger of an indirect subsidiary of Bayer AG with and into Monsanto.  Upon merging, the corporate existence of that indirect subsidiary ceased.  Monsanto survived that merger, and Monsanto's separate corporate existence continued. Before that merger, Monsanto was a publicly traded company, and ownership of Monsanto was transferred from the public shareholders by virtue of the merger.  As a result of the 2018 merger discussed above (and related transfer of ownership), Monsanto became and remains an indirect, wholly-owned subsidiary of Bayer AG.

6.  Although Bayer Corp. and Monsanto have shared the same ultimate parent company since the 2018 merger discussed above, Bayer Corp. never has had any direct ownership interest in Monsanto and is only an indirect parent of Monsanto.

7.  At no time has Bayer Corp. operated Monsanto.

8.  At no time has Bayer Corp. researched, designed, tested, developed, manufactured, packaged, marketed, promoted, advertised, distributed, labeled, or sold Roundup®-branded herbicides.

9.  At no time has Bayer Corp. provided Roundup®-branded herbicides for sale by stores in Oklahoma – or anywhere else.

10. At no time has Bayer Corp. assumed any liabilities of Monsanto for claims arising out of alleged exposure to Roundup®-branded herbicides.

I declare under penalty of perjury that the facts stated above are true and correct.

Executed on August __13__ , 2020

Keith R. Abrams

3

Electronically Filed - City of St. Louis - January 11, 2021 - 05:21 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT

| | | |
|---|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No: 2022-CC09797 |
| vs. | ) | |
| | ) | Division 1 |
| MONSANTO COMPANY, | ) | |
| | ) | |
| SAFETY-KLEEN SYSTEMS, INC., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

## *DEFENDANT SAFETY-KLEEN SYSTEMS, INC'S MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES*

COMES NOW Defendant Safety-Kleen Systems, Inc. ("Safety-Kleen"), by and through counsel, pursuant to Rule 55.27 of the Missouri Rules of Civil Procedure and § 510.261 of the Revised Statutes of Missouri, and for its Motion to Strike Plaintiffs' Claim for Punitive Damages from their initial Petition ("Petition"), states as follows.

1.      Plaintiffs' Petition seeks punitive damages against Safety-Kleen Systems, Inc. and numerous other Defendants in direct contravention of § 510.261 R.S.Mo. *See* Petition, Counts VI, VII, VIII, IX & X.

2.      Section 510.261 R.S.Mo. flatly prohibits the assertion of a claim for punitive damages in an initial pleading. In relevant part, 510.261 R.S.Mo. provides as follows:

> 5. **No initial pleading in a civil action shall contain a claim for a punitive damage award.** Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court. A trial court may grant leave to file such a pleading only on written motion by the claimant, filed no later than one hundred twenty days prior to the final pretrial conference in the case or, if

Electronically Filed - City of St. Louis - January 11, 2021 - 05:21 PM

there is no scheduled pretrial conference, one hundred twenty days prior to the date set for trial, that is supported by affidavits, exhibits, or discovery materials establishing a reasonable basis for recovery of punitive damages. Section 510.261(5) R.S.Mo. (emphasis added).

3.    This prohibition "shall apply to causes of action filed on or after August 28, 2020."

Section 510.262 R.S.Mo; Section 510.261 R.S.Mo.

4.    Plaintiffs filed their initial and only pleading to date in this Court on September 11, 2020

and asserted claims for punitive damages therein.  *See* Petition, Counts VI, VII, VIII, IX

& X.

5.    Under § 510.261 R.S.Mo., Plaintiffs were not permitted to assert claims for punitive

damages in their Petition.

WHEREFORE, Defendant Safety-Kleen Systems, Inc. prays this Court strike Plaintiffs'

claims for punitive damages from Plaintiffs' Petition and for such other and further relief as is

just and proper.

Gary E. Snodgrass   #27037
J. Phillip Bryant    #46154
PITZER SNODGRASS, P.C.
Attorney for Defendant
Safety-Kleen Systems, Inc.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: snodgrass@pspclaw.com
Email: bryant@pspclaw.com

2

I, the undersigned, certify that a copy of the foregoing has been electronically served on all counsel of record via the Missouri eFiling System, or U.S. mail for parties not registered for the Missouri eFiling System, on this 11th day of January, 2021.

*Susanne J Rembold*

Electronically Filed - City of St. Louis - January 11, 2021 - 05:21 PM

Electronically Filed - City of St. Louis - January 13, 2021 - 03:43 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| MICHAEL GRADY and KATHLEEN GRADY ) | |
| ) | Cause No.: 2022-CC09797 |
| Plaintiffs, ) | |
| ) | Div. No.: 12 |
| v. ) | |
| ) | |
| MONSANTO COMPANY; SAFETY-KLEEN ) | |
| SYSTEMS INC.; MALLINCKRODT, LLC; ) | |
| MI HOLDINGS, INC.; SOLUTIA INC.; ) | |
| EASTMAN CHEMICAL COMPANY, ) | |
| Individually and as a successor to Solutia Inc.; ) | |
| PHARMACIA & UPJOHN COMPANY LLC; ) | |
| EXXONMOBIL OIL CORPORATION, as ) | |
| successor to Mobil Oil Corporation ) | |
| (D/B/A/ Mobil Oil); ANHEUSER-BUSCH ) | |
| INBEV WORLDWIDE INC.; PROCTER & ) | |
| GAMBLE MANUFACTURING CO.; SHELL ) | |
| OIL COMPANY, Individually and as successor ) | |
| to Shell Oil Company, Incorporated, Shell ) | |
| Chemical LP (f/ka Shell Chemical Company), ) | |
| and Shell Oil Products Company; ) | |
| BAYER CORP. a/k/a BAYER HEALTHCARE ) | |
| PHARMACEUTICALS; RADIATOR ) | |
| SPECIALTY COMPANY; UNITED STATES ) | |
| STEEL CORPORATION; MISTIC METAL ) | |
| MOVER, INC.; TURTLE WAX, INC.; and ) | |
| ST. LOUIS TESTING LABORATORIES, INC. ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

Defendant Pharmacia LLC, by and through its undersigned counsel, hereby certifies that a copy of Defendant Pharmacia LLC's First Set of Requests for Production of Documents and First Set of Interrogatories to Plaintiff Michael Grady was served to the following counsel of record for Plaintiffs via electronic mail on January 13, 2021.

Christopher W. Dysart
The Dysart Law Firm, P.C.
16020 Swingley Ridge Rd., Ste 340
Chesterfield, Missouri 63017
cdysart@dysart-law.com
*Attorney for Plaintiffs*

1

Electronically Filed - City of St. Louis - January 13, 2021 - 03:43 PM

By:  _/s/Adam E. Miller_____

Adam E. Miller, #40945
CAPES, SOKOL, GOODMAN AND
SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
Email: miller@capessokol.com

**ATTORNEY FOR PHARMACIA LLC**

2

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY | ) | |
| | ) | Cause No.: 2022-CC09797 |
| Plaintiffs, | ) | |
| | ) | Div. No.:  12 |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY; SAFETY-KLEEN | ) | |
| SYSTEMS INC.; MALLINCKRODT, LLC; | ) | |
| MI HOLDINGS, INC.; SOLUTIA INC.; | ) | |
| EASTMAN CHEMICAL COMPANY, | ) | |
| Individually and as a successor to Solutia Inc.; | ) | |
| PHARMACIA & UPJOHN COMPANY LLC; | ) | |
| EXXONMOBIL OIL CORPORATION, as | ) | |
| successor to Mobil Oil Corporation | ) | |
| (D/B/A/ Mobil Oil); ANHEUSER-BUSCH | ) | |
| INBEV WORLDWIDE INC.; PROCTER & | ) | |
| GAMBLE MANUFACTURING CO.; SHELL | ) | |
| OIL COMPANY, Individually and as successor | ) | |
| to Shell Oil Company, Incorporated, Shell | ) | |
| Chemical LP (f/ka Shell Chemical Company), | ) | |
| and Shell Oil Products Company; | ) | |
| BAYER CORP. a/k/a BAYER HEALTHCARE | ) | |
| PHARMACEUTICALS; RADIATOR | ) | |
| SPECIALTY COMPANY; UNITED STATES | ) | |
| STEEL CORPORATION; MISTIC METAL | ) | |
| MOVER, INC.; TURTLE WAX, INC.; and | ) | |
| ST. LOUIS TESTING LABORATORIES, INC. | ) | |
| | ) | |
| Defendants. | | |

## STIPULATION OF VOLUNTARY DISMISSAL

IT IS HEREBY STIPULATED AND AGREED by and between the parties and their respective counsel that the above-captioned action is voluntarily dismissed without prejudice against Bayer Corporation a/k/a Bayer Healthcare Pharmaceuticals pursuant to Rule 67.02 of the Missouri Rules of Civil Procedure. Each party shall bear its own litigation costs and attorneys' fees.

Stipulated and Agreed:

Dated: January 14, 2021

/s/Christopher W. Dysart

Christopher W. Dysart, #37069
THE DYSART LAW FIRM, P.C.
16020 Swingley Ridge Rd., Ste 340
Chesterfield, Missouri 63017
Office: (314) 548-6298
cdysart@dysart-law.com

**ATTORNEY FOR PLAINTIFFS**

/s/ Adam E. Miller

Adam E. Miller, #40945
CAPES, SOKOL, GOODMAN AND
SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
Email: miller@capessokol.com

**ATTORNEY FOR BAYER
CORPORATION**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was sent via electronic mail, this 14th day of January 2021, to all parties of record by filing a copy of the same with the Court's electronic system.

/s/ Adam E. Miller

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No: 2022-CC09797 |
| vs. | ) | |
| | ) | Division 12 |
| MONSANTO COMPANY, | ) | |
| | ) | |
| SAFETY-KLEEN SYSTEMS, INC., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

## *NOTICE OF HEARING*

PLEASE TAKE NOTICE that Defendant Safety-Kleen Systems, Inc. will call up for hearing its Motion to Dismiss, or in the Alternative, Motion for More Definite Statement and Motion to Strike Plaintiffs' Claim for Punitive Damages in Division 12 of the Circuit Court of the City of St. Louis on Thursday, February 11, 2020 at 2:00 p.m. or as soon thereafter as counsel may be heard via the following Webex link.

**https://mocourts.webex.com/meet/michael.mullen/**

**Meeting Number: 963 177 877**

**Video Address: michael.mullen@mocourts.webex.com**

**Audio connection: United States Toll +1-408-418-9388**

**Access code: 963 177 877**

{02372732.DOCX;1}

_/s/ J. Phillip Bryant_
_____

Gary E. Snodgrass   #27037
J. Phillip Bryant   #46154
PITZER SNODGRASS, P.C.
Attorney for Defendant
Safety-Kleen Systems, Inc.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: snodgrass@pspclaw.com
Email: bryant@pspclaw.com

I, the undersigned, certify that a copy of the foregoing has been electronically served on all counsel of record via the Missouri eFiling System, or U.S. mail for parties not registered for the Missouri eFiling System, on this 20th day of January, 2021.

_/s/ J. Phillip Bryant_
_____

2

Electronically Filed - City of St. Louis - January 29, 2021 - 02:55 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No:  2022-CC09797 |
| vs. | ) | |
| | ) | Division 12 |
| MONSANTO COMPANY, | ) | |
| | ) | |
| SAFETY-KLEEN SYSTEMS, INC., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

## *NOTICE OF CANCELLATION OF HEARING*

PLEASE TAKE NOTICE that Defendant Safety-Kleen Systems, Inc.'s hearing on its Motion to Dismiss, or in the Alternative, Motion for More Definite Statement and Motion to Strike Plaintiffs' Claim for Punitive Damages in Division 12 of the Circuit Court of the City of St. Louis on Thursday, February 11, 2020 at 2:00 p.m. has been CANCELLED.

*/s/ J. Phillip Bryant*
Gary E. Snodgrass   #27037
J. Phillip Bryant    #46154
PITZER SNODGRASS, P.C.
Attorney for Defendant
Safety-Kleen Systems, Inc.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: snodgrass@pspclaw.com
Email: bryant@pspclaw.com

Electronically Filed - City of St. Louis - January 29, 2021 - 02:55 PM

I, the undersigned, certify that a copy of the foregoing has been electronically served on all counsel of record via the Missouri eFiling System, or U.S. mail for parties not registered for the Missouri eFiling System, on this 29th day of January, 2021.

_/s/ J. Phillip Bryant_

2

Electronically Filed - City of St. Louis - January 14, 2021 - 02:42 PM



FEB - 1 2021

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY_____ DEPUTY

MICHAEL GRADY and KATHLEEN GRADY )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )
                                    )
MONSANTO COMPANY; SAFETY-KLEEN      )
SYSTEMS INC.; MALLINCKRODT, LLC;    )
MI HOLDINGS, INC.; SOLUTIA INC.;    )
EASTMAN CHEMICAL COMPANY,           )
Individually and as a successor to Solutia Inc.; )
PHARMACIA & UPJOHN COMPANY LLC;     )
EXXONMOBIL OIL CORPORATION, as      )
successor to Mobil Oil Corporation  )
(D/B/A/ Mobil Oil); ANHEUSER-BUSCH  )
INBEV WORLDWIDE INC.; PROCTER &     )
GAMBLE MANUFACTURING CO.; SHELL     )
OIL COMPANY, Individually and as successor )
to Shell Oil Company, Incorporated, Shell )
Chemical LP (f/ka Shell Chemical Company), )
and Shell Oil Products Company;     )
BAYER CORP. a/k/a BAYER HEALTHCARE  )
PHARMACEUTICALS; RADIATOR           )
SPECIALTY COMPANY; UNITED STATES    )
STEEL CORPORATION; MISTIC METAL     )
MOVER, INC.; TURTLE WAX, INC.; and  )
ST. LOUIS TESTING LABORATORIES, INC. )
                                    )
            Defendants.             )

Cause No.: 2022-CC09797

Div. No.: 12



## STIPULATION OF VOLUNTARY DISMISSAL

IT IS HEREBY STIPULATED AND AGREED by and between the parties and their

respective counsel that the above-captioned action is voluntarily dismissed without prejudice

against Bayer Corporation a/k/a Bayer Healthcare Pharmaceuticals pursuant to Rule 67.02 of the

Missouri Rules of Civil Procedure. Each party shall bear its own litigation costs and attorneys'

fees.

Stipulated and Agreed:

ENTERED
FEB - 1 2021

Electronically Filed - City of St. Louis - January 14, 2021 - 02:42 PM

Dated: January 14, 2021

*/s/Christopher W. Dysart*

Christopher W. Dysart, #37069
THE DYSART LAW FIRM, P.C.
16020 Swingley Ridge Rd., Ste 340
Chesterfield, Missouri 63017
Office: (314) 548-6298
cdysart@dysart-law.com

**ATTORNEY FOR PLAINTIFFS**

*/s/ Adam E. Miller*

Adam E. Miller, #40945
CAPES, SOKOL, GOODMAN AND
SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
Email: miller@capessokol.com

**ATTORNEY FOR BAYER
CORPORATION**

Electronically Filed - City of St. Louis - January 14, 2021 - 02:42 PM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was sent via electronic mail, this 14th day of January 2021, to all parties of record by filing a copy of the same with the Court's electronic system.

*/s/ Adam E. Miller*

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2022-CC09797 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MONSANTO COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ORDER</u>

The Court being fully advised, hereby GRANTS Plaintiff leave to file a First Amended Petition.

First Amended Complaint is hereby filed instanter.

ENTERED: _____

JUDGE: _____

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

MICHAEL GRADY and                      )
KATHLEEN GRADY,                        )
                                       )
                    Plaintiffs,        )      Case No.: 2022-CC09797
                                       )
v.                                     )
                                       )      JURY TRIAL DEMANDED
MONSANTO COMPANY, et al.               )
                                       )
                    Defendants.        )
                                       )

**FIRST AMENDED PETITION**

   COME NOW Michael Grady (hereinafter, "Mr. Grady") and Kathleen Grady (hereinafter, "Mrs. Grady") (collectively, hereinafter, "Plaintiffs"), by and through undersigned counsel, and for their Petition and cause of action against Defendants, state as follows:

**JURISDICTION AND VENUE**

1. Mr. Grady is now, and at all relevant times herein, a resident and citizen of the State of Missouri.

2. At all times relevant herein, Mr. Grady and Mrs. Grady have been validly married to each other.

3. Defendant MONSANTO COMPANY (hereinafter, "Monsanto") is foreign corporation, incorporated in the State of Delaware, and with its principal place of business within the State of Missouri.

4. Defendant SAFETY-KLEEN, (hereinafter, "Safety-Kleen") is a foreign corporation, incorporated in the State of Delaware, and doing business in the State of Missouri.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

5. Defendant MALLINCKRODT, LLC, (hereinafter, "Mallinckrodt") is a Delaware corporation with its principal place of business in Mansfield, Massachusetts, doing business in the State of Missouri.

6. Defendant MI HOLDINGS, INC., (hereinafter, "MI HOLDINGS") is a Missouri corporation, doing business in the State of Missouri and is a successor to the businesses formerly known as Mallinckrodt Missouri.

7. Defendant EXXONMOBIL OIL CORPORATION, as successor to Mobil Oil Corporation (d/b/a Mobil Oil) (hereinafter, "ExxonMobil"), is a foreign corporation doing business within State of Missouri.

8. Defendant SOLUTIA INC., Individually and as successor to Monsanto Company (hereinafter, "Solutia"), is foreign corporation with its United States headquarters located within the State of Missouri.

9. Defendant EASTMAN CHEMCIAL COMPANY, Individually and as successor to Solutia Inc. (hereinafter, "Eastman Chemical"), is foreign corporation doing business within the State of Missouri.

10. Defendant PHARMACIA & UPJOHN COMPANY, LLC (hereinafter, "Pharmacia"), is a foreign corporation doing business within the State of Missouri.

11. Defendant ANHEUSER-BUSCH INBEV WORLDWIDE, INC. (hereinafter "InBev") is a foreign corporation with its United States headquarters located in St. Louis, Missouri.

12. Defendant PROCTER & GAMBLE MANUFACTURING COMPANY, (hereinafter, "Procter & Gamble") is foreign corporation doing business within the State of Missouri.

13. Defendant, SHELL OIL COMPANY a/k/a Shell Oil Products US, Shell Chemical LP, f/k/a Shell Chemical Company (hereinafter "Shell") is a Delaware Corporation, in good standing and doing business in the State of Missouri.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

14. Defendant MISTIC METAL MOVERS, INC., (hereinafter, "Mistic Metal Movers"), is a foreign corporation doing business in the State of Missouri.

15. Defendant RADIATOR SPECIALTY COMPANY, (hereinafter, "Radiator Specialty"), is a foreign corporation doing business in the State of Missouri.

16. Defendant UNITED STATES STEEL CORPORATION, (hereinafter "United States Steel"), is a foreign corporation doing business in the State of Missouri.

17. Defendant, TURTLE WAX, INC., is a foreign corporation doing business in the State of Missouri.

18. Defendant, ST. LOUIS TESTING LABORATORIES, INC., is incorporated in the State of Missouri, with its headquarters located in the City of St. Louis, Missouri.

19. The forgoing individual Defendants, set forth in Paragraphs 3 through 18, will be collectively referred to as "Defendants" throughout Plaintiff's Petition.

20. All Defendants are entities that may have caused, or contributed to cause, Mr. Grady's Multiple Myeloma from benzene exposure through their products, facilities or operations within the State of Missouri and elsewhere or are parent companies, affiliates, subsidiaries, successors in interest, employees, contractors, sub-contractors or other agents of the named Defendants, or their respective predecessors in interest.

21. The nonresident Defendants in this action are subject to the jurisdiction of this Court pursuant to RSMo. § 506.500 (1) and (3) because the causes of action stated in this Petition arose out of their transaction of business in Missouri and out of torts committed in Missouri by the nonresident Defendants.

22. Venue is proper in the City of St. Louis, Missouri because Mr. Grady was first injured by the wrongful acts and/or negligent conduct alleged in this action in the City of St. Louis. Accordingly, venue is proper pursuant to RSMo. § 508.010.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

23. THIS CAUSE IS NOT REMOVABLE. There is no diversity of citizenship among the parties because Defendants Solutia, Inc., Anheuser-Busch InBev Worldwide Inc., and St. Louis Testing Laboratories, Inc., are citizens of the State of Missouri for purposes of federal diversity jurisdiction and removal statutes. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..."); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) ("an LLC's citizenship for purposes of diversity jurisdiction is the citizenship of its members"). Moreover, because at least one Defendant is a resident of Missouri, where this action is filed, Defendants could not, in any event, remove this action on the basis of diversity. 28 U.S.C. § 1441(b). Plaintiffs affirmatively disclaim any damages or action arising under the constitution, treaties, or laws of the United States (including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. The damages that are sought by the Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

### I. Plaintiff Michael Grady's Exposure Routes

24. Mr. Grady was born on March 8, 1958 and lives within the State of Missouri.

25. From in and around 1958 through 1972, Mr. Grady's father worked at the Monsanto Plant in Sauget, Illinois and he would come home with chemicals on his car and on his cloths.  Mr. Grady was first exposed to these chemicals when he washed his father's car at his home and was in close proximity to his father at Mr. Grady's home located at 5353 S. Broadway, St. Louis, Missouri 63111, within the City of St. Louis, Missouri

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

26. Mr. Grady was also exposed to products containing benzene and other toxic chemicals, including gasoline, motor oils, and cleaning fluids and solvents, when he worked at the Motor Gas Station located in and around 4500 S. Broadway, within the City of St, Louis, Missouri where he pumped gas, cleaned cars and engines and engine parts in and around when he was in Secondary School. At this location and during this time, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands.

27. From approximately 1977 through 1984, Mr. Grady was employed by I55 Mobile Station, located within the City of St. Louis.  While employed there, including as a mechanic, Mr. Grady pumped gas, cleaned cars and engines and engine parts. At this location and during this time, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands. From approximately 1977 through 1984, while employed by I55 Mobile Station, Mr. Grady was exposed to benzene containing chemicals and fumes, including but not limited to, gasoline and other products supplied by Defendant ExxonMobil and Defendant Safety-Kleen.

28. During the times when Mr. Grady was working at the Motor Gas Station and the I55 Mobile Station:

   a. the nozzles on the gas pumps were not equipped with vapor recovery systems; and

   b. the gas pumps, storage tanks, gasoline delivery trucks, and other gasoline storage and delivery devices contained no warnings indicating that working in and around gasoline, including using gasoline as a cleaning agent, or breathing gasoline vapors, was in any way hazardous to an individual's health, including potentially causing cancer.

   c. The Safety Kleen parts washers and the Safety-Kleen Recycled 105 Solvent contained no warnings that it contained benzene, was in any way hazardous to an individual's health, including potentially causing cancer.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

29. From 1979 to 2018 Mr. Grady worked as a union pipefitter and mechanical contractor at various job sites located within the State of Missouri and the State of Illinois. While so employed, Mr. Grady worked at the Defendants' work sites described herein, among other locations, as a contractor, and not as an employee, of any of the Defendants named in this Petition. As a result, Mr. Grady is not subject to the Jurisdiction of the Division of Workers Compensation for any of the injuries described in this Petition.

30. Between 1979 and 2018 Mr. Grady was assigned to various Monsanto plants located within both the City of St. Louis, Missouri and Sauget, Illinois, including but not limited to the Queeny Plant, the Krummrich Plant and the Carondelet Plant. While employed at the various Monsanto plants, Mr. Grady was assigned to various locations including benzene departments, around benzene tanks, and where he had to remove old piping that carried benzene and other chemicals throughout the plants and installed new piping in and around soil contaminated with benzene, PCBs and other toxic chemicals. Additionally, Mr. Grady had to remove old piping and install new piping in and around railyards at Monsanto facilities. Upon information and belief, this piping was used to transport benzene and other chemicals around the plant after it had arrived on railcars from Defendant Shell Oil Company. While working at Monsanto facilities, Mr. Grady was exposed to benzene and PCB fumes and had dermal contact with benzene and PCBs, including his work gloves regularly being soaked in benzene. None of these locations had any warnings posted that benzene, PCBs, or pipes, soil, or products that contained benzene or PCBs, may be harmful to your health including causing cancer.

31. PCBs are a class of 209 discrete chemical compounds, called congeners, in which one to ten chlorine atoms are attached to biphenyl. From 1929, when Monsanto's predecessor Swann Chemical Co. (which merged into Monsanto in 1935) first began producing PCBs, until

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

1977, when Congress banned the manufacture of PCBs, Monsanto produced and sold more than 99 percent of all the PCBs that were ever sold in the United States. Throughout the decades during which Monsanto produced PCBs, the company was aware that exposure to PCBs carried significant health risks.

32. While employed at the various Monsanto properties, plants and facilities, Mr. Grady was, exposed to benzene that was, upon information and belief, manufactured, sold, and shipped to Monsanto from Defendant Shell Oil Company.

33. At times material to this Petition Mr. Grady worked at the Mallinckrodt Plant in St. Louis, Missouri performing general installation work, including the removal of old piping and the installation of new piping.  During the removal of old piping and the installation of new piping Mr. Grady was exposed to benzene, benzene containing chemicals and other toxic chemicals.  No warnings were posted that the pipes, or areas around the pipes, may contain potentially cancer-causing chemicals.

34. In and around 1991 and 1992, Plaintiff worked at Defendant Procter & Gamble's plant off East Grand and I-70 within the City of St. Louis, Missouri. During this work, Plaintiff worked on removing and installing piping where he encountered toxic, potentially cancer-causing chemicals.

35. At various time periods material to this Petition, Plaintiff worked as a contractor at Defendant Anheuser-Busch InBev's Brewery (herein referred to as "the Brewery"), located within the City of St. Louis, Missouri. While on the Brewery premises, Plaintiff was involved in demolition and renovation of various parts of the facilities where he encountered toxic, potentially cancer-causing chemicals.

36. Between 1979 and 2018, Mr. Grady would work with and around work performed by Defendant St. Louis Testing Laboratories, Inc. (hereinafter "St. Louis Testing").  While working with, and around, work performed by St. Louis Testing, Mr. Grady was, on

information and belief, exposed to x-rays from the testing performed by St. Louis Testing on various welding joint repairs.

37. From approximately the 1970s through approximately the 2010s, Plaintiff, Michael Grady, worked with and around certain solvents, degreasers, penetrants and cleaning agents including Mistic Metal Movers, Turtle Wax liquid cleaning polish, Safety-Kleen Solvents, including Safety-Kleen Recycled 105 Solvent and Safety-Kleen parts washers, and Liquid Wrench, which he used to clean machines, tools, equipment and other materials at various locations within the State of Missouri and Illinois, including the locations where he is described as working in this Petition.

38. During relevant time periods to this Petition, Mistic Metal Movers contained various chemicals including Trichloroethylene, which has been classified as a known human carcinogen.

39. During relevant time periods to this Petition, Liquid Wrench contained various chemicals including benzene. Benzene is a known human carcinogen. Liquid Wrench was produced, manufactured, distributed, and/or sold by Defendants Radiator Specialty and which was produced and/or manufactured with benzene containing raffinate supplied by United States Steel.

40. During relevant time periods to this Petition, Turtle Wax cleaning polish contained various chemicals including benzene. Benzene is a known human carcinogen.

41. Plaintiff, Michael Grady, used cleaning and degreasing solvents such as Mistic Metal Movers, Turtle Wax liquid cleaning polish, Liquid Wrench and Safety-Kleen to clean pipes, tools and equipment.

42. On or about May 5, 2017, Mr. Grady was diagnosed with Multiple Myeloma.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

## FACTS CONCERNING MONSANTO

43. From 1901 to 1997 the original Monsanto Co., also known as Monsanto Chemical Co., operated as a Missouri corporation manufacturing a variety of chemicals and agricultural products. This original corporate Monsanto entity, which is now sometimes referred to as "Old Monsanto," ceased to exist in 1997 as the result of a series of corporate spin-offs and acquisitions. At that time, Old Monsanto's chemical division was split off and reformed into a newly independent corporation, which was renamed "Solutia, Inc." one of the Defendants in this action. As part of this 1997 spin-off, Solutia assumed certain of Old Monsanto's debts and liabilities, including all liabilities related to Old Monsanto's chemical exposures including benzene and PCBs. Solutia subsequently was reorganized pursuant to Chapter 11 of the federal bankruptcy laws and it emerged from bankruptcy in February 2008. As part of Solutia's federal bankruptcy plan of reorganization, "New Monsanto," discussed below, agreed to indemnify Solutia for all tort "legacy liabilities" related to Old Monsanto's activities, including injuries related to chemical exposure.

44. In 2000, the remaining portion of Old Monsanto, comprised of Old Monsanto's Life Sciences division, merged with Pharmacia/Upjohn Corp., which meant that Old Monsanto no longer existed as a separate corporate entity. Defendant Pharmacia then incorporated a new company in Delaware, also called "Monsanto Co.," which was then referred to as "New Monsanto," one of the other Defendant in this case. In 2002, Defendant Pharmacia spun off its interest in New Monsanto, and New Monsanto then operated as an independent corporate entity with its corporate headquarters and principal place of business in St. Louis, Missouri.

45. In 2003, Defendant Pharmacia (what remained of "Old Monsanto") was acquired by Pfizer, Inc.

46. In 2012, Pharmacia merged with another Pfizer subsidiary, called Pfizer Convention III, LLC. The surviving corporation was renamed as Pharmacia LLC.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

47. Defendants Pharmacia, Solutia and Monsanto collectively have legal responsibility for Old Monsanto's conduct in causing, or contributing to cause, Plaintiff's Multiple Myeloma.

48. At relevant times herein located at 500 Monsanto Avenue, Sauget, Illinois 62201, there existed a large commercial facility that have historically and continue to operate (hereinafter, "Monsanto Plant".

49. Constructed in 1907 at the behest of Commercial Acid Company, the Monsanto Plant was erected for the purpose of manufacturing chemicals, beginning with sulfuric acid, muriatic acid, nitric acid, and zinc chloride and then, quickly expanding to producing phenol, salt cake, nitric cake, and chlorosulphonic.

50. In or around 1917, Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia) acquired the Commercial Chemical Company, including the Sauget Monsanto Plant.

51. By 1930, Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia) had vastly expanded the production capabilities of the Sauget Monsanto Plant, and by the 1950s was producing over 100 chemicals there at, including chlorine, chlorobenzene, chlorophenol, benzyl chloride, phosphoric acid, alkylbenzene, ortho-dichlorobenzene, nitrochlorobenzenes, calcium benzene sulfonate, and polychlorinated biphenyls ("PCBs").

52. Located approximately one (1) mile from the Mississippi River, the Sauget, Illinois Monsanto Plant is strategically located and has historically provided Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia) with easy access to river transportation.  In fact, in or around 1960, Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia) constructed a terminal on the Mississippi River and several associated pipelines, which transferred liquid products such as benzene, toluene, chlorobenzene, and sulfuric acid

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

to and from the terminal on the Mississippi River.  Upon information and belief, benzene was transported to Monsanto from Defendant Shell Oil Companies' Roxana, Illinois Wood River Refinery via barge to the edge of the river and then transported to Monsanto through these pipelines.

53. For decades, the Monsanto Plant was comprised of, in part, a Chlorobenzene Processing Area, Benzene Storage Area, Benzene Pipeline Area, North Tank Farm Area, and Overhead Steamer Tank Area.  Monsanto stored and moved benzene around its Monsanto facilities in Sauget, Illinois, and many of the products that were produced at the Monsanto Plant by Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia), contained benzene that, upon information and belief, it purchased from Defendant Shell Oil Company.

54. Upon information and belief, Defendant Shell Oil Company, supplied Monsanto with benzene for Monsanto's operations in Sauget, Illinois and St. Louis, Missouri as described herein.

### COUNT I
### NEGLIGENCE:  PREMISES LIABILITY
#### (AGAINST DEFENDANTS MONSANTO, SOLUTIA, PHARMACIA, AND EASTMAN CHEMICAL)

COMES NOW Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical (hereinafter "Monsanto") and states:

55. Plaintiffs incorporate by reference all paragraphs of his Petition as if fully set forth herein.

56. Plaintiff was an invitee and was lawfully present as a contractor/worker at the various Monsanto properties, and for the specified time periods, described in this Petition.

57. During the time periods described in this Petition, and while Plaintiff was an invitee and lawfully present as a contractor/worker at the various Monsanto properties and facilities

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

described herein, Monsanto owned, managed, and/or operated the Monsanto properties and facilities.

58. During the time periods described in this Petition, and while Plaintiff was an invitee and lawfully present as a contractor/worker at the various Monsanto properties and facilities described herein, Plaintiff was caused to enter those portions of the Monsanto properties and facilities where he came into contact with benzene-containing products and materials, and other toxic chemicals, including, but not limited to, benzene and PCBs.

59. At all relevant times, Plaintiff was lawfully present at/on the Monsanto properties and facilities at the invitation or direction of Monsanto.

60. While present at Monsanto's facilities and/or on Monsanto's premises, Plaintiff was exposed to benzene and benzene-containing materials, products, processes, and productions, and other toxic chemicals, including PCBs, resulting in Plaintiff's inhalation and dermal contact thereof.

61. Monsanto possessed knowledge superior to Plaintiff concerning where and how Monsanto used benzene, benzene-containing materials and products, and PCBs at or on Monsanto's premises.

62. Plaintiff was unaware and had no reasonable way to know where or how benzene and benzene-containing products, or PCBs were used, located, or stored, at or on Monsanto's premises.

63. Plaintiff was unaware and had no reasonable way to know how inhalation and dermal contact with benzene and benzene-containing products, or PCBs could cause, or contribute to cause him to develop cancer.

64. Monsanto, as a producer and user of these chemicals knew, or should have known that benzene, products containing benzene and PCBs could cause, or contribute to cause workers lawfully on its premises, to contract cancer.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

65. Monsanto had a duty to use reasonable and ordinary care to ensure that its premises at which Plaintiff was lawfully present was in a reasonably safe condition for use by Plaintiff and others.

66. Monsanto breached its duties to Plaintiff, and was negligent in one or more of the following respects:

    a. Performed, allowed, and/or contracted for work involving benzene, benzene-containing products/materials, and PCBs to be performed in the vicinity of Plaintiff;

    b. Purchased, manufactured, and/or provided benzene and/or benzene-containing products/materials and PCBs for use at or on Monsanto's premises;

    c. Failed to warn Plaintiff that he would encounter fumes and dermal contact with benzene and/or benzene containing products/materials, and PCBs on its premises;

    d. Failed to warn Plaintiff that inhalation or dermal contact with benzene and/or benzene containing products/materials, and PCBs on its premises could cause, or contribute to cause cancer;

    e. Failed to require and/or advise Plaintiff and others to use equipment and practices designed to prevent or reduce inhalation or absorption of benzene and PCBs;

    f. Failed to utilize equipment and controls designed to prevent or reduce the levels of benzene and PCBs throughout Monsanto's premises; and

    g. Failed to monitor levels of benzene and PCBs throughout Monsanto's premises, including the areas in which Plaintiff was working, so Monsanto could provide reasonable warnings to Plaintiff to avoid exposure, or wear the proper equipment and clothing to prevent exposure, or use the proper tools and procedures to prevent inhalation and dermal contact with benzene and PCBs.

67. That as a direct and proximate result of the carelessness and negligence of Monsanto, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, PCBs and/or other contaminants, thereby causing, or contributing to cause, Plaintiff to develop Multiple Myeloma.

68. That as a direct and proximate result of the carelessness and negligence of Monsanto, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene,

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

PCBs and/or other contaminants, thereby causing, or contributing to cause, Plaintiff to incur medical bills, pain and suffering and a shortened life expectancy.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants Monsanto, Solutia, Pharmacia and Eastman Chemical individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), costs incurred in prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

### COUNT II
### NEGLIGENCE:  PREMISES LIABILITY
#### (AGAINST DEFENDANTS ANHEUSER-BUSCH INBEV,
#### PROCTER & GAMBLE AND MALLINCKRODT/MI HOLDINGS)

COMES NOW Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Anheuser-Busch InBev, Procter & Gamble and Mallinckrodt/MI Holdings, (In Count II referred to collectively as "Premises Defendants") and states:

69. Plaintiff incorporates by reference all paragraphs of his Petition as if fully set forth herein.

70. Plaintiff was an invitee and was lawfully present as a contractor at the various Premises Defendants facilities for the material time periods described in this Petition.

71. During material time periods described in this Petition, and while Plaintiff was an invitee and lawfully present as a contractor at the various Premises Defendants' properties and facilities described herein, Premises Defendants owned, managed, and/or operated the Premises Defendants' properties and facilities.

72. During the time periods described in this Petition, and while Plaintiff was an invitee and lawfully present as a contractor at the various Premises Defendants' properties and facilities described herein, Plaintiff was caused to enter those portions of the Premises Defendants

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

properties and facilities where he came into contact with toxic, potentially cancer-causing, chemicals.

73. At all relevant times, Plaintiff was lawfully present at/on the Premises Defendants' properties and facilities at the invitation or direction of Premises Defendants.

74. While present at Premises Defendants' facilities, Plaintiff was exposed to toxic, potentially cancer-causing materials, products, processes, and productions resulting in Plaintiff's inhalation and dermal contact thereof.

75. Premises Defendants knew where and how Premises Defendants used and stored toxic, potentially cancer-causing chemicals on Premises Defendants facilities. Moreover, Premises Defendants knew, or should have known, where Plaintiff Michael Grady might come into contact with toxic, potentially cancer causing chemicals on its premises from leaks or spills of these materials.

76. Plaintiff was unaware and had no reasonable way to know where or how toxic, potentially cancer-causing chemicals were used, located, or stored, at or on Premises Defendants facilities.

77. Plaintiff was unaware, and had no reasonable way to know, how inhalation and dermal contact with toxic, potentially cancer-causing chemicals could cause, or contribute to cause, him to develop cancer.

78. Premises Defendants, as a user of these chemicals knew, or should have known, that these toxic, potentially cancer-causing chemicals could cause, or contribute to cause, contractors lawfully on their premises to contract cancer.

79. Premises Defendants had a duty to use reasonable and ordinary care to ensure that its premises at which Plaintiff was lawfully present were in a reasonably safe condition for use by Plaintiff and others.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

80. Premises Defendants breached their duties to Plaintiff, and were negligent in one or more of the following respects:

    a.  Required and contracted for work that required Plaintiff to work in and around toxic, potentially cancer-causing chemicals;

    b. Purchased, manufactured, and/or and allowed the existence of toxic, and potentially cancer-causing chemicals on the Premises Defendants facilities;

    c.  Failed to warn Plaintiff that he would encounter fumes and dermal contact with toxic, potentially cancer-causing chemicals at their facilities;

    d. Failed to warn Plaintiff that inhalation or dermal contact with their toxic, potentially cancer-causing chemicals, on at their facilities could cause, or contribute to cause cancer;

    e.  Failed to require and/or advise Plaintiff and others to use equipment and practices designed to prevent or reduce inhalation or absorption of their toxic, potentially cancer-causing chemicals;

    f. Failed to utilize equipment and controls designed to prevent or reduce the levels of toxic, potentially cancer-causing chemicals throughout Premises Defendants' facilities; and

    g. Failed to monitor levels of toxic, potentially cancer-causing chemicals throughout Premises Defendants' facilities, including the areas in which Plaintiff was working, so Premises Defendants could provide reasonable warnings to Plaintiff to avoid exposure, or wear the proper equipment and clothing to prevent exposure, or use proper tools and procedures to prevent inhalation and dermal contact with toxic, potentially cancer-causing chemicals.

81. That as a direct and proximate result of the carelessness and negligence of Premises Defendants, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed toxic, potentially cancer-causing chemicals, thereby causing, or contributing to cause, Plaintiff to develop Multiple Myeloma.

82. That as a direct and proximate result of the carelessness and negligence of Premises Defendants, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed toxic, potentially cancer-causing chemicals, thereby causing Plaintiff to incur medical bills, pain and suffering and, a shortened life expectancy.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants Anheuser-Busch InBev, Procter & Gamble, Mallinckrodt and MI Holdings individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT III
## NEGLIGENCE:  PREMISES LIABILITY
### (AGAINST DEFENDANT EXXONMOBIL OIL CORPORATION)

COMES NOW Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendant ExxonMobil Oil Corporation (hereinafter "ExxonMobil") and states:

83. Plaintiffs incorporate by reference all paragraphs of his Petition as if fully set forth herein.

84. From approximately 1977 through 1984, Mr. Grady was employed by I55 Mobile Station, located within the City of St. Louis.  While employed there as a mechanic, Mr. Grady pumped gas, cleaned cars and engines and engine parts.

85. During the times when Mr. Grady was working at the I55 Mobile Station:

    a. the nozzles on the gas pumps were not equipped with vapor recovery systems; and

    b. the gas pumps, storage tanks, gasoline delivery trucks, and other gasoline storage and delivery devices contained no warnings indicating that working in and around gasoline, including using gasoline as a cleaning agent, or breathing gasoline vapors, was in any way hazardous to an individual's health, including potentially causing cancer.

    c. The Safety Kleen parts washers and the Safety-Kleen Recycled 105 Solvent contained no warnings that it contained benzene, was in any way hazardous to an individual's health, including potentially causing cancer.

86. Plaintiff was an invitee and was lawfully present as an employee at the I55 Mobile Station for the specified time periods described in this Petition.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

87. During the time periods described in this Petition, and while Plaintiff was an employee and lawfully present on the I55 Mobile Station, Defendant ExxonMobil owned, managed, and/or operated the I55 Mobile Station properties and facilities.

88. During the time periods described in this Petition, and while Plaintiff was an employee of the I55 Mobile Station, Plaintiff was caused to enter those portions of the facilities where he came into contact with benzene-containing products and materials, and other toxic chemicals, including, but not limited to, gasoline, other petroleum products and solvents such as Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands. These products were supplied by Defendant ExxonMobil.

89. While present at the Defendant ExxonMobil facilities and/or on Defendant ExxonMobil premises, Plaintiff was exposed to benzene and benzene-containing materials, products, processes, and productions, and other toxic chemicals resulting in Plaintiff's inhalation and dermal contact thereof.

90. Defendant ExxonMobil possessed knowledge superior to Plaintiff concerning the toxic cancer-causing nature of its products and where and how Defendant ExxonMobil used benzene-containing materials and products at or on Defendant ExxonMobil premises.

91. Plaintiff was unaware and had no reasonable way to know where or how benzene and benzene-containing products and other toxic chemicals were used, located, or stored, at or on Defendant ExxonMobil premises.

92. Plaintiff was unaware and had no reasonable way to know how inhalation and dermal contact with benzene and benzene-containing products and other toxic chemicals could cause or contribute to cause him to develop cancer.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

93.  Defendant ExxonMobil as a producer, manufacturer and user of these products knew, or

should have known, that products containing benzene could cause, or contribute to cause

workers lawfully on its premises, to contract cancer.

94.  Defendant ExxonMobil had a duty to use reasonable and ordinary care to ensure that its

premises at which Plaintiff was lawfully present was in a reasonably safe condition for use

by Plaintiff and others.

95.  Defendant ExxonMobil breached its duties to Plaintiff, and was negligent in one or more of

the following respects:

a.  Required Plaintiff to work in and around toxic, cancer-causing chemicals;

b.  Performed, allowed, and/or contracted for work involving benzene-containing
products/materials and other toxic chemicals to be performed by, and in the vicinity of,
Plaintiff;

c.  Purchased, manufactured, and/or provided benzene and/or benzene-containing
products/materials and other toxic chemicals for use at or on Defendant ExxonMobil
premises;

d.  Failed to warn Plaintiff that he would encounter fumes and dermal contact with
benzene containing products/materials and other toxic chemicals on its premises;

e.  Failed to warn Plaintiff that inhalation or dermal contact with benzene containing
products/materials and other toxic chemicals on its premises could cause, or contribute
to cause cancer;

f.   Failed to require and/or advise Plaintiff and others to use equipment and practices
designed to prevent or reduce inhalation or absorption of benzene and other toxic
chemicals;

g.  Failed to utilize equipment and controls designed to prevent or reduce the levels of
benzene and other toxic chemicals throughout Defendant ExxonMobil premises;

h.  Failed to monitor levels of benzene and other toxic chemicals throughout Defendant
ExxonMobil premises, including the areas in which Plaintiff was working, so
Defendant ExxonMobil could provide reasonable warnings to Plaintiff to avoid
exposure, or wear the proper equipment and clothing to prevent exposure, or use the
proper tools and procedures to prevent inhalation and dermal contact with benzene and
other toxic chemicals;

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

i. Failed to provide vapor recovery systems for their gasoline pumps or other equipment or procedures to protect the employees of the I55 Mobile Station from inhaling or otherwise being exposed to benzene and other toxic chemicals; and

j. Failed to provide warnings indicating that working in and around gasoline, including using gasoline as a cleaning agent, or breathing gasoline vapors, was hazardous to an individual's health, including potentially causing cancer on the gas pumps, storage tanks, gasoline delivery trucks, and other gasoline storage and delivery devices.

96. That as a direct and proximate result of the carelessness and negligence of Defendant ExxonMobil, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, and/or other toxic chemicals, thereby causing, or contributing to cause, Plaintiff to develop Multiple Myeloma.

97. That as a direct and proximate result of the carelessness and negligence of Defendant ExxonMobil, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, and other toxic chemicals, thereby causing, or contributing to cause, Plaintiff to incur medical bills, pain and suffering and a shortened life expectancy.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendant ExxonMobil individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

### COUNT IV
### NEGLIGENCE AS TO PRODUCER,
### MANUFACTURER & DISTRIBUTER OF BENZENE
### (SHELL OIL COMPANY)

COMES NOW the Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C. and for his cause of action against the Defendant Shell Oil Company (hereinafter "Shell"), states as follows:

98. Plaintiffs incorporate by reference all paragraphs of his Petition as if fully set forth herein.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

99. Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical will be collectively referred to in this Count as "Monsanto."

100. At times material to this Petition, Shell manufactured, produced, sold, and distributed benzene, and products containing benzene, to, on information and belief, Monsanto for profit.

101. At all times herein set forth, Defendant Shell's benzene, materials and/or products sold to Monsanto were being employed in the manner and for the purposes for which they were intended.

102. By selling benzene, and products containing benzene, for profit to Monsanto for use on Monsanto's premises and for use in Monsanto's products, Plaintiff's exposure to, and inhalation, ingestion or absorption benzene through inhalation and dermal exposure, as a contractor and worker on the premises of Monsanto, was completely foreseeable and could or should have been anticipated by Shell.

103. Defendant Shell knew, or should have known, that its benzene or products containing benzene, had a toxic, poisonous, highly deleterious effect, including causing or contributing to cause cancer, for persons inhaling, ingesting or touching it or otherwise absorbing it.

104. At all times herein relevant, Defendant Shell had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around its benzene and/or benzene –containing materials and/or products.

105. Defendant Shell failed to exercise ordinary care and caution for the safety of Plaintiff in one or more of the following respects:

    a. Manufactured, sold, and transported benzene to Monsanto, and included benzene in their materials and/or products sold to Monsanto, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around Shell's benzene would inhale, ingest, touch or otherwise absorb benzene;

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

b. Manufactured and sold benzene, and included benzene in their materials and/or products, when Shell knew, or should have known, that said benzene would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting, touching or otherwise absorbing it;

c. Included benzene in their materials and/or products when adequate substitutes were available;

d. Failed to provide any or adequate warnings to persons working with and around their benzene, materials and/or products of the dangers of inhaling, ingesting, touching or otherwise absorbing benzene;

e. Failed to provide any, or adequate, instructions concerning the safe methods of working with and around the benzene, materials and/or products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene;

f. Failed to conduct tests on said benzene, materials and/or products to determine the hazards to which persons such as the Plaintiff might be exposed while working with and around the same; and

g. Covered up and hid the dangers of benzene, including the cancer-causing properties of benzene, including low level benzene exposure, and that benzene could cause or contribute to cause Multiple Myeloma.

106. That as a direct and proximate result of the unreasonably dangerous condition of Defendant's benzene, materials and/or products, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed benzene in sufficient amounts to cause, or contribute to cause disease and/or other harm and to cause, or contribute to cause, his cancer.

107. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Plaintiff developed Multiple Myeloma; Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the physical pain and suffering and physical disability caused by cancer; Plaintiff experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendant Shell Oil Company, to award compensatory damages in excess of

TWENTY FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

**COUNT V**
**NEGLIGENCE AS TO MANUFACTURER & DISTRIBUTER**
**OF PRODUCTS CONTAINING BENZENE**
**(EXXONMOBIL)**

COMES NOW Plaintiffs by their attorneys, The Dysart Law Firm, P.C. and for their cause of action against the Defendant ExxonMobil states as follows:

108. Plaintiffs incorporate by reference all paragraphs of his Petition as if fully set forth herein.

109. At times material to this Petition, Defendant ExxonMobil Shell manufactured, produced, sold, and distributed products containing benzene and other toxic chemicals to the I55 Mobile Station for profit.

110. At all times herein, the products containing benzene and other toxic chemicals sold to and/or distributed to the I55 Mobile Station were being employed in the manner and for the purposes for which they were intended.

111. By selling and/or distributing products containing benzene to the I55 Mobile Station for use on the I55 Mobile Station, Plaintiff's exposure to, and inhalation, ingestion or absorption of benzene and other toxic chemicals through inhalation and dermal exposure, as an employee of the I55 Mobile Station, was completely foreseeable and could or should have been anticipated by Defendant ExxonMobil.

112. Defendant ExxonMobil knew, or should have known, that its products containing benzene and other toxic chemicals had a toxic, poisonous, highly deleterious effect, including causing or contributing to cause cancer, for persons inhaling, ingesting or touching it or otherwise absorbing it.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

113. At all times herein relevant, Defendant ExxonMobil had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around its benzene – containing materials and/or products and other toxic chemicals.

114. Defendant ExxonMobil failed to exercise ordinary care and caution for the safety of Plaintiff in one or more of the following respects:

 a. Manufactured, sold, and transported benzene containing products and other toxic chemicals to the I55 Mobile Station, and included benzene in their materials and/or products sold and/or delivered to the I55 Mobile Station, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around benzene and other toxic chemicals would inhale, ingest, touch or otherwise absorb benzene;

 b. Manufactured and sold and/or included benzene and other toxic chemicals in their materials and/or products, when Defendant ExxonMobil knew, or should have known, that said benzene and other toxic chemicals would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting, touching or otherwise absorbing it;

 c. Included benzene and other toxic chemicals in their materials and/or products when adequate substitutes were available;

 d. Failed to provide any or adequate warnings to persons working with and around their products containing benzene and other toxic chemicals of the dangers of inhaling, ingesting, touching or otherwise absorbing benzene and other toxic chemicals;

 e. Failed to provide any or adequate instructions concerning the safe methods of working with and around the benzene containing products and other toxic chemicals , including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene;

 f. Failed to conduct tests on said benzene containing products and other toxic chemicals to determine the hazards to which persons such as the Plaintiff might be exposed while working with and around the same;

 g. Covered up and hid the dangers of benzene and products containing benzene, including the cancer-causing properties of benzene, including low level benzene exposure, and that benzene could cause or contribute to cause Multiple Myeloma;

 h. Failed to provide vapor recovery systems for their gasoline pumps or other equipment or procedures to protect the employees of the I55 Mobile Station from inhaling or otherwise being exposed to benzene and other toxic chemicals; and

 i. Failed to provide warnings indicating that working in and around gasoline, including using gasoline as a cleaning agent, or breathing gasoline vapors, was hazardous to an

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

individual's health, including potentially causing cancer on the gas pumps, storage tanks, gasoline delivery trucks, and other gasoline storage and delivery devices.

115. That as a direct and proximate result of the unreasonably dangerous condition of Defendant's products containing benzene and other toxic chemical, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed benzene and other toxic chemicals in sufficient amounts to cause, or contribute to cause, disease and/or other harm and to cause, or contribute to cause, cancer.

116. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Plaintiff developed Multiple Myeloma; Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the physical pain and suffering and physical disability caused by cancer; Plaintiff experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption.

WHEREFORE, Plaintiffs pray this Court to enter judgment in their favor and against Defendant Shell Oil Company, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT VI
### NEGLIGENCE AS TO PRODUCER, MANUFACTURER & DISTRIBUTER OF PRODUCTS CONTAINING BENZENE
#### (TURTLE WAX, MISTIC METAL MOVERS, UNITED STATES STEEL, RADIATOR SPECIALTY)

COMES NOW Plaintiffs by their attorneys, The Dysart Law Firm, P.C. and for their cause of action against Defendants Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., (hereinafter in this Count "Benzene Manufacturers") and states as follows:

117. Plaintiffs incorporate by reference all paragraphs of his Petition as if fully set forth herein.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

118. At times material to this Petition, Benzene Manufacturers manufactured, produced, sold, and distributed products containing benzene, including Liquid Wrench, Mistic Metal Movers, and Turtle Wax liquid cleaning polishes, for profit.

119. At all times herein set forth, Benzene Manufacturers products described herein were being employed in the manner and for the purposes for which they were intended.

120. By selling products containing benzene for profit Plaintiff's exposure to, and inhalation, ingestion or absorption of benzene and other toxic chemicals through inhalation and dermal exposure, as worker that would be using the products was completely foreseeable and could or should have been anticipated by Benzene Manufacturers.

121. Benzene Manufacturers knew, or should have known, that their products containing benzene would have a toxic, poisonous, highly deleterious effect, including causing, or contributing to cause cancer, for persons inhaling, ingesting or touching them or otherwise absorbing benzene and other toxic chemicals.

122. At all times herein relevant, Benzene Manufacturers had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around their benzene – containing products.

123. Benzene Manufacturers failed to exercise ordinary care and caution for the safety of Plaintiff in one or more of the following respects:

    a.  Manufactured, sold, and provided benzene containing products for use by Plaintiff and others, and included benzene in their materials and/or products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around their benzene containing products, would inhale, ingest, touch or otherwise absorb benzene and other toxic chemicals;

    b.  Manufactured and sold benzene containing products, and included benzene in their materials and/or products, when they knew, or should have known, that said benzene and other toxic chemicals would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting, touching or otherwise absorbing it;

    c.  Included benzene in their materials and/or products when adequate substitutes were available;

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

    d.  Failed to provide any or adequate warnings to Plaintiff and other persons working with and around their benzene containing products of the dangers of inhaling, ingesting, touching or otherwise absorbing benzene and other toxic chemicals;

    e.  Failed to provide any or adequate instructions concerning the safe methods of working with and around their benzene containing products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene and other toxic chemicals;

    f.  Failed to conduct adequate tests on said benzene containing products to determine the hazards to which persons such as Plaintiff might be exposed while working with and around the same; and

    g.  Covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer.

124. That as a direct and proximate result of the unreasonably dangerous condition of Benzene Manufacturers' benzene containing products, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed benzene and other toxic chemicals in sufficient amounts to cause disease and/or other harm and to cause, or contribute to cause, his cancer.

125. As a direct and proximate result of said benzene and other toxic chemical exposure, inhalation, ingestion and/or absorption, Plaintiff developed Multiple Myeloma; Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the physical pain and suffering and physical disability caused by cancer; Plaintiff experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption.

    WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., to award compensatory damages in excess of

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

TWENTY FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT VII
## STRICT LIABILITY – FAILURE TO WARN
### (AGAINST DEFENDANTS SHELL OIL COMPANY, EXXONMOBIL, TURTLE WAX, MISTIC METAL MOVERS, UNITED STATES STEEL AND RADIATOR SPECIALTY)

COMES NOW Plaintiffs, by their attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., and ("hereinafter in this Count "Benzene Defendants"), and states as follows:

126. Plaintiffs incorporates by reference all paragraphs of this Petition as if fully set forth herein.

127. Benzene Defendants processed, produced, manufactured, sold, distributed, utilized, and/or marketed benzene and benzene-containing products with which Mr. Grady came into contact in the course of his employment as described in this Petition.

128. During the course of Mr. Grady's employment at the locations described in this Petition and elsewhere, and/or in other ways, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene fumes emanating from benzene and certain benzene-containing materials and products Mr. Grady was working with and around, which were processed, produced, manufactured, sold, distributed, marketed by Benzene Defendants.

129. At all times relevant hereto, said benzene and benzene-containing products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Benzene Defendants.

130. Mr. Grady, as an ordinary user of said benzene materials and/or products or was exposed to such products and his work locations, and was not aware of the hazards of benzene.

131. Benzene Defendants failed to provide adequate warnings on the benzene and their benzene-containing products and/or benzene-related materials.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

132. Benzene Defendants covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

133. That as a direct and proximate result of the unreasonably dangerous condition of Benzene Defendants' benzene, materials and/or products, and of the product being sold, and/or utilized without an adequate warning, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene in sufficient amounts to cause disease and/or other harm.

134. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma.  Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the pain, suffering, and physical disability caused by his injury, and a shortened life expectancy; he experienced great physical pain and as a result of said exposure, inhalation, ingestion, and absorption.  Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

## COUNT VIII
## STRICT LIABILITY – DEFECTIVE PRODUCT
### (AGAINST DEFENDANTS SHELL OIL COMPANY, RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC METAL, TURTLE WAX, AND EXXONMOBIL)

COMES NOW Plaintiff, Mr. Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., and ("hereinafter in this Count "Benzene Defendants"), and states as follows:

135. Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth herein.

136. Benzene processed, produced, manufactured, sold, distributed, and/or marketed benzene and/or benzene-containing products with which Mr. Grady came into contact in the course of his employment.

137. At all times relevant herein, Benzene Defendants processed, produced, manufactured, sold, distributed, and marketed benzene and certain benzene-containing products to which Mr. Grady was exposed, said products were in a defective condition and were unreasonably dangerous when put to a reasonably anticipated use in that:

    a.  They contained benzene, a toxin and human carcinogen;

    b.  They contained benzene, a toxin and human carcinogen, although suitable alternatives were available;

    c.  They were not accompanied by any adequate warnings to persons working with and around said benzene, materials and/or products of the dangers of inhaling, ingesting or otherwise absorbing benzene;

    d.  They were not accompanied by any adequate instructions concerning proper methods for working with and around said benzene, materials and/or products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene; and.

    e.  They covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

138. Said benzene and certain benzene-containing products reached the point of Mr. Grady's exposure in substantially the same condition as when processed, produced, manufactured, sold, distributed, and marketed by Benzene Defendants.  In other words, the unreasonably dangerous condition of the materials and products existed when the materials and products left Benzene Defendants' control.

139. At all times relevant herein, said benzene and certain benzene-containing products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Benzene Defendants.

140. That as a direct and proximate result of the unreasonably dangerous condition of Benzene Defendants' benzene and/or products, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene in sufficient amounts to cause disease and/or other harm.

141. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma.  Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the pain, suffering and physical disability caused by his injury and will have a shortened life expectancy; he experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption.  Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and costs incurred

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

<div align="center">

**COUNT IX**
**NEGLIGENCE –FAILURE TO WARN**
**(AGAINST DEFENDANTS SHELL OIL COMPANY,**
**RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC METAL,**
**TURTLE WAX AND EXXONMOBIL)**

</div>

COMES NOW Plaintiff, Mr. Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., and (hereinafter in this Count "Defendants") and states:

142. Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth herein.

143. At all times relevant herein, Defendants had a duty to exercise reasonable care and caution for the safety of Mr. Grady and others working with and around their benzene and/or benzene -containing products.

144. At all times relevant herein, Defendants supplied the benzene, materials and/or products to Mr. Grady or to the worksite where Mr. Grady and others would be potentially exposed to their products.

145. At all times relevant herein, Mr. Grady employed or used the products provided by Defendants in the manner and for the purposes for which they were reasonably expected and in the way that Defendants should expect.

146. The benzene and/or benzene containing products had a particular defect or hazard when put to the reasonably expected use in that the products have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

147. Defendants had no reason to believe that the user would realize the danger posed by the product's defect or hazard and in fact failed to adequately warn users, including Plaintiff, of the danger.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

148. Defendants knew or should have known that the benzene contained in their benzene, materials, and/or products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing it.

149. Defendants breached their duty to Mr. Grady in that they failed to warn him of the dangers of benzene and benzene-containing products.

150. Defendants covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

151. As a direct and proximate result occasioned by Defendants' failure to warn Plaintiff of the dangers of defendants' benzene, materials and/or products, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene in sufficient amounts to cause disease and/or other harm.

152. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma.  Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the pain, suffering, and physical disability caused by his injury; he experienced great physical pain and as a result of said exposure, inhalation, ingestion and absorption.  Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

   WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and costs incurred

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT X
## NEGLIGENCE –DEFECTIVE DESIGN
### (AGAINST A DEFENDANTS SHELL OIL COMPANY, RADIATOR SPECIALTY COMPANY, UNITED STATES STEEL, MISTIC METAL MOVERS, TURTLE WAX, AND EXXONMOBIL)

COMES NOW the Plaintiff, Mr. Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., (hereinafter in this Count "Defendants")  (hereinafter in this Count "Defendants"), and states:

153. Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth herein.

154. At all times relevant herein, Defendants had a duty to exercise reasonable care and caution for the safety of Mr. Grady and others working with and around benzene and/or benzene - containing materials and/or products.

155. At all times relevant herein, Defendants' manufactured the benzene, materials and/or products at issue herein.

156. At all times relevant herein, benzene and benzene-containing products contain a specific hazard in that they are have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing them.

157. At all times herein, Defendants failed to exercise ordinary care and caution for the safety of Mr. Grady in one or more of the following respects:

    a. Included benzene in their materials and/or products, even though it was completely foreseeable and could or should have been anticipated that persons such as Mr. Grady working with or around them would inhale, ingest or otherwise absorb benzene;

    b. Included benzene in their materials and/or products when the defendants knew or should have known that said benzene would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing it;

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

    c.  Included benzene in their materials and/or products when adequate substitutes were available;

    d.  Failed to provide any or adequate warnings to persons working with and around their benzene, materials and/or products of the dangers of inhaling, ingesting or otherwise absorbing benzene;

    e.  Failed to provide any or adequate instructions concerning the safe methods of working with and around the benzene, materials and/or products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene;

    f.  Failed to conduct tests on said benzene, materials and/or products in order to determine the hazards to which persons such as Mr. Grady might be exposed while working with and around the same; and

    g.  Covered up and hid the dangers of the  their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

158. At all times herein, Mr. Grady employed the products provided by Defendants in the manner and for the purposes for which they were reasonably expected and in the way that defendants should expect.

159. The benzene and/or benzene containing products had a particular defect or hazard when put to the reasonably expected use in that Defendants had no reason to believe that the user would realize the danger posed by the product's defect or hazard and in fact failed to adequately warn users, including Plaintiff, of the danger.

160. Defendants knew or should have known that the benzene contained in their benzene, materials, and/or products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing it.

161. As a direct and proximate result, occasion by Defendants' failure to warn Plaintiff of the dangers of defendants' benzene, materials and/or products, Mr. Grady was exposed to and inhaled, ingested, or otherwise absorbed benzene in sufficient amounts to cause disease and/or other harm.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

162. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma.  Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the pain, suffering and physical disability caused by his injury; he experienced great physical pain and as a result of said exposure, inhalation, ingestion and absorption.  Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT XI
## NEGLIGENCE AS TO PRODUCER, MANUFACTURER & DISTRIBUTER OF PRODUCTS CONTAINING BENZENE
### (SAFETY-KLEEN)

COMES NOW Plaintiffs by their attorneys, The Dysart Law Firm, P.C. and for their cause of action against Defendant Safety Kleen Systems (hereinafter in this Count "Safety-Kleen") and states as follows:

163. Plaintiffs incorporate by reference all paragraphs of his Petition as if fully set forth herein.

164. From approximately 1977 through 1984, while Mr. Grady was employed by I55 Mobile Station, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands. From approximately 1977 through 1984, while

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

employed by I55 Mobile Station, Mr. Grady was exposed to benzene containing chemicals and fumes, including but not limited to, gasoline and other products supplied by Defendant ExxonMobil and Defendant Safety-Kleen.

165. Between 1979 and 2018 Mr. Grady was assigned to various Monsanto plants located within both the City of St. Louis, Missouri and Sauget, Illinois, including but not limited to the Queeny Plant, the Krummrich Plant and the Carondelet Plant. While employed at the various Monsanto plants, Mr. Grady used Defendant Safety Kleen's parts washer system to clean tools and parts.

166. Between the years of 1979 and 2018, while plaintiff Michael Grady worked as a pipefitter at various locations, including but not limited to, Anheuser Bush, the Labadie Power Plant, the Meramec Power Plant, the Monsanto Plants at Sauget, Queeny and Carondelet, Rush Island Power Station and the Venice Power Station, he used Defendant Safety-Kleen's part washer system and product to clean tools and parts.

167. At times material to this Petition, Safety-Kleen manufactured, produced, sold, and distributed products containing benzene, including Safety Kleen Recycled 105 Solvent and parts washer for profit.

168. At all times herein set forth, Safety-Kleen products described herein were being employed in the manner and for the purposes for which they were intended.

169. By selling products containing benzene for profit Plaintiff's exposure to, and inhalation, ingestion or absorption of benzene and other toxic chemicals through inhalation and dermal exposure, as worker that would be using the products was completely foreseeable and could or should have been anticipated by Safety-Kleen.

170. Safety-Kleen knew, or should have known, that its products containing benzene would have a toxic, poisonous, highly deleterious effect, including causing, or contributing to cause

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

cancer, for persons inhaling, ingesting or touching them or otherwise absorbing benzene and other toxic chemicals.

171. At all times herein relevant, Safety-Kleen had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around their benzene – containing products.

172. Safety-Kleen failed to exercise ordinary care and caution for the safety of Plaintiff in one or more of the following respects:

h.  Manufactured, sold, and provided benzene containing products for use by Plaintiff and others, and included benzene in their materials and/or products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around their benzene containing products, would inhale, ingest, touch or otherwise absorb benzene and other toxic chemicals;

i.  Manufactured and sold benzene containing products, and included benzene in their materials and/or products, when they knew, or should have known, that said benzene and other toxic chemicals would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting, touching or otherwise absorbing it;

j.  Included benzene in their materials and/or products when adequate substitutes were available;

k.  Failed to provide any or adequate warnings to Plaintiff and other persons working with and around their benzene containing products of the dangers of inhaling, ingesting, touching or otherwise absorbing benzene and other toxic chemicals;

l.  Failed to provide any or adequate instructions concerning the safe methods of working with and around their benzene containing products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene and other toxic chemicals;

m.  Failed to conduct adequate tests on said benzene containing products to determine the hazards to which persons such as Plaintiff might be exposed while working with and around the same; and

n.  Covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer.

173. That as a direct and proximate result of the unreasonably dangerous condition of Safety-Kleen' benzene containing products, Plaintiff was exposed to and inhaled, ingested or

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

otherwise absorbed benzene and other toxic chemicals in sufficient amounts to cause disease and/or other harm and to cause, or contribute to cause, his cancer.

174. As a direct and proximate result of said benzene and other toxic chemical exposure, inhalation, ingestion and/or absorption, Plaintiff developed Multiple Myeloma; Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the physical pain and suffering and physical disability caused by cancer; Plaintiff experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendant Safety Kleen Systems, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

<div align="center">

**COUNT XII**
**STRICT LIABILITY – FAILURE TO WARN**
**(AGAINST DEFENDANT SAFETY-KLEEN)**

</div>

COMES NOW Plaintiffs, by their attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendant Safety Kleen Systems ("hereinafter in this Count "Safety Kleen"), and states as follows:

175. Plaintiffs incorporates by reference all paragraphs of this Petition as if fully set forth herein.

176. Safety Kleen processed, produced, manufactured, sold, distributed, utilized, and/or marketed benzene and benzene-containing products with which Mr. Grady came into contact in the course of his employment as described in this Petition.

177. During the course of Mr. Grady's employment at the locations described in this Petition and elsewhere, and/or in other ways, Mr. Grady was exposed to and inhaled, ingested or

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

otherwise absorbed benzene fumes emanating from benzene and certain benzene-containing materials and products Mr. Grady was working with and around, which were processed, produced, manufactured, sold, distributed, marketed by Safety Kleen.

178. At all times relevant hereto, said benzene and benzene-containing products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Safety Kleen.

179. Mr. Grady, as an ordinary user of said benzene materials and/or products or was exposed to such products and his work locations, and was not aware of the hazards of benzene.

180. Safety Kleen failed to provide adequate warnings on the benzene and their benzene-containing products and/or benzene-related materials.

181. Safety Kleen covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

182. That as a direct and proximate result of the unreasonably dangerous condition of Safety Kleen's benzene, materials and/or products, and of the product being sold, and/or utilized without an adequate warning, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene in sufficient amounts to cause disease and/or other harm.

183. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma.  Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the pain, suffering, and physical disability caused by his injury, and a shortened life expectancy; he experienced great physical pain and as a result of said exposure, inhalation, ingestion, and absorption.  Mr. Grady was also hindered and prevented from pursuing his normal course of

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendant Safety Kleen Systems, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT XIII
## STRICT LIABILITY – DEFECTIVE PRODUCT
### (AGAINST DEFENDANT SAFETY-KLEEN)

COMES NOW Plaintiff, Mr. Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendant Safety Kleen Systems ("hereinafter in this Count "Safety Kleen"), and states as follows:

184. Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth herein.

185. Benzene processed, produced, manufactured, sold, distributed, and/or marketed benzene and/or benzene-containing products with which Mr. Grady came into contact in the course of his employment.

186. At all times relevant herein, Safety Kleen processed, produced, manufactured, sold, distributed, and marketed benzene and certain benzene-containing products to which Mr. Grady was exposed, said products were in a defective condition and were unreasonably dangerous when put to a reasonably anticipated use in that:

    f.   They contained benzene, a toxin and human carcinogen;

    g.   They contained benzene, a toxin and human carcinogen, although suitable alternatives were available;

    h.   They were not accompanied by any adequate warnings to persons working with and around said benzene, materials and/or products of the dangers of inhaling, ingesting or otherwise absorbing benzene;

    i.   They were not accompanied by any adequate instructions concerning proper methods for working with and around said benzene, materials

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

and/or products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene; and.

j.   They covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

187. Said benzene and certain benzene-containing products reached the point of Mr. Grady's exposure in substantially the same condition as when processed, produced, manufactured, sold, distributed, and marketed by Safety Kleen.  In other words, the unreasonably dangerous condition of the materials and products existed when the materials and products left Safety Kleen's control.

188. At all times relevant herein, said benzene and certain benzene-containing products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Safety Kleen.

189. That as a direct and proximate result of the unreasonably dangerous condition of Safety Kleen's benzene and/or products, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene in sufficient amounts to cause disease and/or other harm.

190. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma.  Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the pain, suffering and physical disability caused by his injury and will have a shortened life expectancy; he experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption.  Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendant Safety Kleen Systems, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT XIV
## NEGLIGENCE –FAILURE TO WARN
### (AGAINST DEFENDANT SAFETY-KLEEN)

COMES NOW Plaintiff, Mr. Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendant Safety Kleen Systems (hereinafter in this Count "Safety Kleen") and states:

191. Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth herein.

192. At all times relevant herein, Safety Kleen had a duty to exercise reasonable care and caution for the safety of Mr. Grady and others working with and around their benzene and/or benzene -containing products.

193. At all times relevant herein, Safety Kleen supplied the benzene, materials and/or products to Mr. Grady or to the worksite where Mr. Grady and others would be potentially exposed to their products.

194. At all times relevant herein, Mr. Grady employed or used the products provided by Safety Kleen in the manner and for the purposes for which they were reasonably expected and in the way that Safety Kleen should expect.

195. The benzene and/or benzene containing products had a particular defect or hazard when put to the reasonably expected use in that the products have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

196. Safety Kleen had no reason to believe that the user would realize the danger posed by the product's defect or hazard and in fact failed to adequately warn users, including Plaintiff, of the danger.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

197. Safety Kleen knew or should have known that the benzene contained in their benzene, materials, and/or products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing it.

198. Safety Kleen breached its duty to Mr. Grady in that they failed to warn him of the dangers of benzene and benzene-containing products.

199. Safety Kleen covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

200. As a direct and proximate result occasioned by Safety Kleen's failure to warn Plaintiff of the dangers of defendants' benzene, materials and/or products, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene in sufficient amounts to cause disease and/or other harm.

201. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma. Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the pain, suffering, and physical disability caused by his injury; he experienced great physical pain and as a result of said exposure, inhalation, ingestion and absorption. Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendant Safety Kleen Systems, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

## COUNT XV
## NEGLIGENCE –DEFECTIVE DESIGN
### (AGAINST A DEFENDANT SAFETY-KLEEN)

COMES NOW the Plaintiff, Mr. Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendant Safety Kleen Systems (hereinafter in this Count "Safety Kleen"), and states:

202. Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth herein.

203. At all times relevant herein, Safety Kleen had a duty to exercise reasonable care and caution for the safety of Mr. Grady and others working with and around benzene and/or benzene -containing materials and/or products.

204. At all times relevant herein, Safety Kleen' manufactured the benzene, materials and/or products at issue herein.

205. At all times relevant herein, benzene and benzene-containing products contain a specific hazard in that they are have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing them.

206. At all times herein, Safety Kleen failed to exercise ordinary care and caution for the safety of Mr. Grady in one or more of the following respects:

    h. Included benzene in their materials and/or products, even though it was completely foreseeable and could or should have been anticipated that persons such as Mr. Grady working with or around them would inhale, ingest or otherwise absorb benzene;

    i. Included benzene in their materials and/or products when the defendants knew or should have known that said benzene would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing it;

    j. Included benzene in their materials and/or products when adequate substitutes were available;

    k. Failed to provide any or adequate warnings to persons working with and around their benzene, materials and/or products of the dangers of inhaling, ingesting or otherwise absorbing benzene;

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

l.   Failed to provide any or adequate instructions concerning the safe methods of working with and around the benzene, materials and/or products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene;

m.   Failed to conduct tests on said benzene, materials and/or products in order to determine the hazards to which persons such as Mr. Grady might be exposed while working with and around the same; and

n.   Covered up and hid the dangers of the  their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

207. At all times herein, Mr. Grady employed the products provided by Defendants in the manner and for the purposes for which they were reasonably expected and in the way that defendants should expect.

208. The benzene and/or benzene containing products had a particular defect or hazard when put to the reasonably expected use in that Safety Kleen had no reason to believe that the user would realize the danger posed by the product's defect or hazard and in fact failed to adequately warn users, including Plaintiff, of the danger.

209. Safety Kleen knew or should have known that the benzene contained in their benzene, materials, and/or products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing it.

210. As a direct and proximate result, occasion by Safety Kleen's failure to warn Plaintiff of the dangers of defendants' benzene, materials and/or products, Mr. Grady was exposed to and inhaled, ingested, or otherwise absorbed benzene in sufficient amounts to cause disease and/or other harm.

211. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma.  Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the pain,

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

suffering and physical disability caused by his injury; he experienced great physical pain and as a result of said exposure, inhalation, ingestion and absorption. Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendant Safety Kleen Systems, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

### COUNT XVI
### NEGLIGENCE X-RAY TESTING
#### (ST. LOUIS TESTING)

COMES NOW the Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C. and for his cause of action against the Defendant St. Louis Testing Laboratories, Inc., (hereinafter "St. Louis Testing"), and states as follows:

212. Plaintiffs incorporate by reference all paragraphs of his Petition as if fully set forth herein.

213. At times material to this Petition, St. Louis Testing performed testing of welded joints and repairs, and various other metallurgical testing of work that was performed by Plaintiff, Michael Grady, or individuals working in the vicinity of Plaintiff, Michael Grady with various machines that produced x-rays exposing Plaintiff, Michael Grady to these x-rays and various forms of radioactive particles.

214. St. Louis Testing performed x-ray testing of welds of high pressure piping at various locations where Plaintiff Michael Grady worked, between the years of 1979 and 2018, including but not limited to, Anheuser Bush, the Labadie Power Plant, the Meramec Power Plant, the Monsanto Plants at Sauget, Queeny and Carondelet, Rush Island Power Station and the Venice Power Station.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

215. St. Louis Testing was in the business of testing welding joints and repairs and other forms of metallurgical testing, and knew or should have known that the use of its equipment in and around the location of Plaintiff, Michael Grady, and other would potentially expose them to x-rays and damaging radioactive particles if done in a negligent manner.

216. By exposing Plaintiff, Michael Grady, to x-rays and damaging radioactive particles it was foreseeable to Defendant St. Louis Testing that these x-rays and radioactive particles could cause, or contribute to cause, cancer.

217. At all times herein relevant, Defendant St. Louis Testing had a duty to exercise reasonable care and caution for the safety of the Plaintiff, Michael Grady, and others working with and around its testing equipment.

218. Defendant St. Louis Testing failed to exercise ordinary care and caution for the safety of Plaintiff, Michael Grady, in one or more of the following respects:

   a. Failed to protect and/or shield Plaintiff, Michael Grady, from x-rays and other potentially cancer-causing radioactive particles when working in the vicinity of Plaintiff, Michael Grady.

   b. Failed to properly test and/or update its equipment to prevent x-rays and other potentially, cancer-causing radioactive particles from reaching the areas in and around where Plaintiff, Michael Grady, was working.

   c. Failed to provide any or adequate warnings to persons working with and around their equipment of the dangers of being exposed to x-rays and other potentially cancer-causing particles.

   d. Failed to provide any, or adequate, instructions concerning the safe methods of working with and around their testing and equipment emitting x-rays and other potentially cancer-causing particles.

   e. Failed to conduct tests on said x-ray equipment to determine the hazards to which persons such as the Plaintiff, Michael Grady, might be exposed while working with and around the same.

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

219. That as a direct and proximate result of the Defendant St. Louis Testing's x-ray equipment, or its use of said equipment, Plaintiff was exposed to x-rays and other potentially cancer-causing radioactive particles.

220. As a direct and proximate result of said exposure, Plaintiff developed Multiple Myeloma; Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his disease and conditions and to alleviate the physical pain and suffering and physical disability caused by cancer; Plaintiff experienced great physical pain and suffering as a result of said exposure.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendant St. Louis Testing, to award compensatory damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT XVII
### CONSORTIUM

COMES NOW the Plaintiff, Mrs. Grady, by her attorneys, The Dysart Law Firm, P.C., and for her cause of action against Defendants, states:

221. Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth herein.

222. As a result of the injuries sustained by Plaintiff, Mr. Grady, as described above, Plaintiff Mrs. Grady, has suffered a loss of services, society, consortium, and companionship arising out of their marital relationship.

WHEREFORE, Plaintiffs pray this Court to enter judgment in their favor and against these Defendants, jointly and severally, to award compensatory damages in excess of TWENTY

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

FIVE THOUSAND DOLLARS ($25,000) and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**THE DYSART LAW FIRM, P.C.**


/s/ Christopher W. Dysart
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, Missouri 63017
Phone:  (314) 548-6298
Fax:     (314) 548-6230
cdysart@dysart-law.com
***ATTORNEY FOR PLAINTIFF***


DATED: 02.10.2021

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 10th day of February 2021, to the following counsel of record:

Thomas L. Orris
Matthew E. Pelikan
Ross S. Titzer
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
314-735-2560
tom.orris@cs-law.com
matthew.pelikan@cs-law.com
ross.titzer@cs-law.com
citymail@cs-law.com
***Attorneys for Anheuser-Busch Inbev Worldwide Inc.***

Adam E. Miller
CAPES, SOKOL, GOODMAN AND SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
miller@capessokol.com
***Attorney for Pharmacia & Upjohn Company LLC***

Adam E. Miller
CAPES, SOKOL, GOODMAN AND SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
miller@capessokol.com
***Attorney for Eastman Chemical Company***,

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
***Attorneys for Procter & Gamble Manufacturing Co.***

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com
***Attorneys for Exxonmobil Oil Corporation***

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
618.307.7290
618.692.6099 - fax
***Attorneys For Radiator Specialty Company***

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
***Attorneys for Mallinckrodt, LLC***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys for Safety-Kleen Systems Inc.***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
***Attorneys for MI Holdings, Inc.***

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney for Shell Oil Company***

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
***Attorneys for Mistic Metal Mover, Inc.***

Adam E. Miller
CAPES, SOKOL, GOODMAN AND
SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
miller@capessokol.com
***Attorney for Solutia Inc.***

Adam E. Miller
CAPES, SOKOL, GOODMAN AND
SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
miller@capessokol.com
***Attorneyf For Monsanto Company***

James C. Morris
Christopher C. Enger
GORDON REES SCULLY MANSUKHANI, LLP
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
cenger@grsm.com
***Attorneys for St. Louis Testing Laboratories, Inc.***

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332 gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys for Turtle Wax, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
***Attorneys for United States Steel Corporation***

*/s/ Rita Speichinger* _____

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

MICHAEL GRADY and         )
KATHLEEN GRADY,             )
                            )
               Plaintiffs,    )   Case No.: 2022-CC09797
                            )
v.                             )
                            )   JURY TRIAL DEMANDED
MONSANTO COMPANY, et al.     )
                            )
             Defendants.    )
                            )

**PLAINTIFFS' MOTION FOR LEAVE TO FILE**
**FIRST AMENDED PETITION**

COMES NOW Michael Grady (hereinafter, "Mr. Grady") and Kathleen Grady (hereinafter, "Mrs. Grady") (collectively, hereinafter, "Plaintiffs"), by and through counsel, Christopher W. Dysart, for their Motion For Leave to File First Amended Petition for the following reasons:

1. Plaintiff seeks leave to file his First Amended Petition in order to allege more specific allegations as to Defendant St. Louis Testing Labs and to separately state the causes of action against Defendant Safety Kleen, in response to those Defendants' Motions.

2. Pursuant to Missouri Rule 55.33, this Court should grant leave for the Plaintiffs to amend their First Amended Petition in order to accurately reflect the damages sought in this case.

3. Rule 55.33 of the Missouri Rules of Civil Procedure provides that leave to amend a petition "shall be freely given when justice requires." Rule 55.33 is to be liberally applied. *Kingsley v. McDonald*, 432 S.W.3d 266, 270 (Mo. App. W.D. 2014). The purpose for liberally permitting amendments is to permit matters to be pleaded, which were overlooked or unknown

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

when the action was originally filed.  *Rhodus v. Wheeler*, 927 S.W.2d 433, 436 (Mo. App. W.D. 1996).

4.   The factors to be considered in determining whether to grant a request to amend are (1) hardship to the moving party if leave to amend is denied; (2) the reasons for the moving party's failure to include the matter in the original pleadings; and (3) the injustice of the nonmoving party should leave to amend be granted.  *Williams v. Jacobs*, 972 S.W.2d 334, 345 (Mo. App. W.D. 1998).

5.   The attached First Amended Petition will not prejudice any of the defendants as the allegations of the First Amended Petition only clarify allegations made in the original Petition.

WHEREFORE, Plaintiffs Michael Grady and Kathleen Grady respectfully request leave to file their First Amended Petition; and for such other and further Orders as this Court deems just and proper in the premises.

Respectfully Submitted,

By:  /s/ Christopher W. Dysart
**THE DYSART LAW FIRM, P.C.**
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Suite 340
St. Louis, MO  63017
Telephone:  314-548-6298
cdysart@dysart-law.com
**ATTORNEY FOR PLAINTIFF**

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 10th day of February 2021, to the following counsel of record:

Thomas L. Orris
Matthew E. Pelikan
Ross S. Titzer
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
314-735-2560
tom.orris@cs-law.com
matthew.pelikan@cs-law.com
ross.titzer@cs-law.com
citymail@cs-law.com
*Attorneys for Anheuser-Busch Inbev Worldwide Inc.*

Adam E. Miller
CAPES, SOKOL, GOODMAN AND SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
miller@capessokol.com
*Attorney for Pharmacia & Upjohn Company LLC*

Adam E. Miller
CAPES, SOKOL, GOODMAN AND SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
miller@capessokol.com
*Attorney for Eastman Chemical Company*,

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
*Attorneys for Procter & Gamble Manufacturing Co.*

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com
**Attorneys for Exxonmobil Oil Corporation**

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
618.307.7290
618.692.6099 - fax
**Attorneys For Radiator Specialty Company**

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
**Attorneys for Mallinckrodt, LLC**

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
**Attorneys for Safety-Kleen Systems Inc.**

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
**Attorneys for MI Holdings, Inc.**

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
**Attorney for Shell Oil Company**

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
**Attorneys for Mistic Metal Mover, Inc.**

Adam E. Miller
CAPES, SOKOL, GOODMAN AND
SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
miller@capessokol.com
**AttorneyfFor Monsanto Company**

Adam E. Miller
CAPES, SOKOL, GOODMAN AND
SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
miller@capessokol.com
**Attorney for Solutia Inc.**

James C. Morris
Christopher C. Enger
GORDON REES SCULLY MANSUKHANI, LLP
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
cenger@grsm.com
**Attorneys for St. Louis Testing Laboratories, Inc.**

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332 gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
**Attorneys for Turtle Wax, Inc.**

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
**Attorneys for United States Steel Corporation**

/s/ Rita Speichinger

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

MICHAEL GRADY and )
KATHLEEN GRADY, )
                                    )
                    Plaintiffs,     )    Case No.: 2022-CC09797
                                    )
v.                                  )
                                    )    JURY TRIAL DEMANDED
MONSANTO COMPANY, et al.            )
                                    )
                    Defendants.     )
                                    )

## <u>ORDER</u>

The Court being fully advised, hereby GRANTS Plaintiff leave to file a First Amended

Petition.

First Amended Complaint is hereby filed instanter.


ENTERED:  _____


JUDGE: _____

Electronically Filed - City of St. Louis - February 18, 2021 - 02:41 PM



FILED
MAR - 1 2021
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY_____ DEPUTY

**IN THE CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
CITY OF ST. LOUIS MISSOURI**

| | |
|---|---|
| MICHAEL GRADY and<br>KATHLEEN GRADY, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No.: 2022-CC09797<br>) |
| v. | )<br>) JURY TRIAL DEMANDED |
| MONSANTO COMPANY, et al. | )<br>) |
| Defendants. | )<br>) |

## ORDER

The Court being fully advised, hereby GRANTS Plaintiff leave to file a First Amended

Petition.

First Amended Complaint is hereby filed instanter.

ENTERED: ___7) 1 | L1_____

JUDGE: _____

ENTERED
MAR - 2 2021
LK

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 2022-CC09797 |
| MONSANTO COMPANY, et al., | ) ) | JURY TRIAL DEMANDED ON ALL CLAIMS AND DEFENSES |
| Defendants. | ) | |

**DEFENDANT SHELL OIL COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' FIRST AMENDED PETITION**

Defendant, Shell Oil Company (hereinafter "Defendant"), by its attorneys, Fox Smith, LLC, submits the following as its Answer and Affirmative Defenses to Plaintiffs' First Amended Petition:

**Jurisdiction and Venue**

1.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 1.

2.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 2.

3.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 3.

4.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 4.

5.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 5.

6.      Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 6.

7.      Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 7.

8.      Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 8.

9.      Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 9.

10.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 10.

11.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 11.

12.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 12.

13.     Defendant admits Shell Oil Company is a Delaware corporation, in good standing with its principal place of business in Houston, Texas. Defendant denies the remaining allegations in paragraph 13.

14.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 14.

15.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 15.

16.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 16.

17.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 17.

18.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 18.

19.     The allegation in paragraph 19 is for definitional purposes only and, therefore, no response is required.

20.     Defendant denies the allegations in paragraph 20.

21.     Defendant denies the allegation in paragraph 21.

22.     The allegations in paragraph 22 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies it engaged in any wrongful acts and/or negligent conduct in the City of St. Louis and further denies that any act or omission on Defendant's part caused or contributed to cause Plaintiffs' injuries and/or damages.

23.     The allegations in paragraph 23 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 24.

**Allegations Common To All Counts**

**1.  Plaintiff Michael Grady's Exposure Routes**

24.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 24.

25.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 25.

26.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 26.

27.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 27.

28.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 28.

29.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 29.

30.    Defendant denies that Plaintiff Michael Grady worked with or around or was otherwise exposed to products manufactured, supplied, transported, or delivered by Defendant Shell Oil Company, including but not limited to benzene. Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 30.

31.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 31.

32.    Defendant denies that Plaintiff Michael Grady worked with or around or was otherwise exposed to products manufactured, supplied, transported, or delivered by Defendant Shell Oil Company, including but not limited to benzene. Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 32.

33.    Defendant denies that Plaintiff Michael Grady worked with or around or was otherwise exposed to products manufactured, supplied, transported, or delivered by Defendant Shell Oil Company, including but not limited to benzene. Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 33.

34.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 34.

35.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 35.

36.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 36.

37.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 37.

38.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 38.

39.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 39.

40.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 40.

41.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 41.

42.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 42.

**Facts Concerning Monsanto**

43.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 43.

44.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 44.

45.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 45.

46.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 46.

47.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 47.

48.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 48.

49.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 49.

50.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 50.

51.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 51.

52.     Defendant denies that Plaintiff Michael Grady worked with or around or was otherwise exposed to products manufactured, supplied, transported, or delivered by Defendant Shell Oil Company, including but not limited to benzene. Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 52.

53.     Defendant denies that Plaintiff Michael Grady worked with or around or was otherwise exposed to products manufactured, supplied, transported, or delivered by Defendant Shell Oil Company, including but not limited to benzene. Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 53.

54.     Defendant denies that Plaintiff Michael Grady worked with or around or was otherwise exposed to products manufactured, supplied, transported, or delivered by Defendant Shell Oil Company, including but not limited to benzene. Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 54.

**Count I**
**Negligence: Premises Liability**
**(Against Defendants Monsanto, Bayer, Solutia, Pharmacia, and Eastman Chemical)**

The allegations in Count I are not directed at Defendant Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count I.

**Count II**
**Negligence: Premises Liability**
**(Against Defendants Anheuser-Busch InBev,**
**Procter & Gamble, and Mallinckrodt/MI Holdings )**

The allegations in Count II are not directed at Defendant Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count II.

**Count III**
**Negligence: Premises Liability**
**(Against Defendant ExxonMobil Oil Corporation)**

The allegations in Count III are not directed at Defendant Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count III.

**Count IV**
**Negligence As To Producer, Manufacturer, and Distributer of Benzene**
**(Shell Oil Company)**

98.    Defendant incorporates by reference its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

99.    The allegations in paragraph 99 are for definitional purposes only and, therefore, no response is required.

100.    Defendant denies the allegations in paragraph 100.

101.    Defendant denies the allegations in paragraph 101.

102.    Defendant denies the allegations in paragraph 102.

103.    Defendant denies the allegations in paragraph 103.

104.    Defendant denies the allegations in paragraph 104.

105.    Defendant denies the allegations in paragraph 105, including but not limited to the allegations in subparagraphs (a) through (g), inclusive.

106.    Defendant denies the allegations in paragraph 106.

107.    Defendant denies the allegations in paragraph 107.

WHEREFORE, Defendant Shell Oil Company, by its attorneys, denies it is liable to Plaintiff Michael Grady under Count IV of Plaintiffs' First Amended Petition or under any Count or theory whatsoever, and prays that this Honorable Court enter judgment in favor of Defendant Shell Oil Company and award Defendant its costs and any other relief warranted under the circumstances.

### Count V
### Negligence As To Producer, Manufacturer, and Distributer of Benzene
### (ExxonMobil)

The allegations in Count V are not directed at Defendant Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count V.

### Count VI
### Negligence As To Producer, Manufacturer, and Distributer of Benzene
### (Turtle Wax, Mistic Metal Movers, United States Steel, Radiator Specialty)

The allegations in Count VI are not directed at Defendant Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count VI.

**Count VII**
**Strict Liability – Failure to Warn**
**(Shell Oil Company, ExxonMobil, Turtle Wax, Mistic**
**Metal Movers, United States Steel, and Radiator Specialty)**

126.    Defendant incorporates by reference its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

127.    Defendant denies the allegations in paragraph 127.

128.    Defendant denies the allegations in paragraph 128.

129.    Defendant denies the allegations in paragraph 129.

130.    Defendant denies the allegations in paragraph 130.

131.    Defendant denies the allegations in paragraph 131.

132.    Defendant denies the allegations in paragraph 132.

133.    Defendant denies the allegations in paragraph 133.

134.    Defendant denies the allegations in paragraph 134.

WHEREFORE, Defendant Shell Oil Company, by its attorneys, denies it is liable to Plaintiff Michael Grady and Plaintiff Kathleen Grady under Count VII of Plaintiffs' First Amended Petition or under any Count or theory whatsoever, and prays that this Honorable Court enter judgment in favor of Defendant Shell Oil Company and award Defendant its costs and any other relief warranted under the circumstances.

**Count VIII**
**Strict Liability – Defective Product**
**(Shell Oil Company, ExxonMobil, Turtle Wax, Mistic**
**Metal Movers, United States Steel, and Radiator Specialty)**

135.    Defendant incorporates by reference its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

136.    Defendant denies the allegations in paragraph 136.

137.    Defendant denies the allegation in paragraph 137, including but not limited to the allegations in subparagraphs (a) through (e), inclusive.

138.    Defendant denies the allegations in paragraph 138.

139.    Defendant denies the allegations in paragraph 139.

140.    Defendant denies the allegations in paragraph 140.

141.    Defendant denies the allegations in paragraph 141.

WHEREFORE, Defendant Shell Oil Company, by its attorneys, denies it is liable to Plaintiff Michael Grady under Count VIII of Plaintiffs' First Amended Petition or under any Count or theory whatsoever, and prays that this Honorable Court enter judgment in favor of Defendant Shell Oil Company and award Defendant its costs and any other relief warranted under the circumstances.

**Count IX**
**Negligence – Failure to Warn**
**(Shell Oil Company, ExxonMobil, Turtle Wax, Mistic**
**Metal Movers, United States Steel, and Radiator Specialty)**

142.    Defendant incorporates by reference its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

143.    Defendant denies the allegations in paragraph 143.

144.    Defendant denies the allegations in paragraph 144.

145.    Defendant denies the allegations in paragraph 145.

146.    Defendant denies the allegations in paragraph 146.

147.    Defendant denies the allegations in paragraph 147.

148.    Defendant denies the allegations in paragraph 148.

149.    Defendant denies the allegations in paragraph 149.

150.    Defendant denies the allegations in paragraph 150.

151.    Defendant denies the allegations in paragraph 151.

152.    Defendant denies the allegations in paragraph 152.

WHEREFORE, Defendant Shell Oil Company, by its attorneys, denies it is liable to Plaintiff Michael Grady under Count IX of Plaintiffs' First Amended Petition or under any Count or theory whatsoever, and prays that this Honorable Court enter judgment in favor of Defendant Shell Oil Company and award Defendant its costs and any other relief warranted under the circumstances.

**Count X**
**Negligence – Defective Design**
**(Shell Oil Company, ExxonMobil, Turtle Wax, Mistic**
**Metal Movers, United States Steel, and Radiator Specialty)**

153.    Defendant incorporates by reference its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

154.    Defendant denies the allegations in paragraph 154.

155.    Defendant denies the allegations in paragraph 155.

156.    Defendant denies the allegations in paragraph 156.

157.    Defendant denies the allegations in paragraph 157, including but not limited to the allegations in subparagraphs (a) through (g), inclusive.

158.    Defendant denies the allegations in paragraph 158.

159.    Defendant denies the allegations in paragraph 159.

160.    Defendant denies the allegations in paragraph 160.

161.    Defendant denies the allegations in paragraph 161.

162.    Defendant denies the allegations in paragraph 162.

WHEREFORE, Defendant Shell Oil Company, by its attorneys, denies it is liable to Plaintiff Michael Grady under Count X of Plaintiffs' First Amended Petition or under any Count or theory whatsoever, and prays that this Honorable Court enter judgment in favor of Defendant

Shell Oil Company and award Defendant its costs and any other relief warranted under the circumstances.

**Count XI**
**<u>Negligence As To Producer, Manufacturer, and Distributer of Benzene</u>**
**(Safety-Kleen)**

The allegations in Count XI are not directed at Defendant Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count XI.

**Count XII**
**<u>Strict Liability – Failure to Warn</u>**
**(Safety-Kleen)**

The allegations in Count XII are not directed at Defendant Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count XII.

**Count XIII**
**<u>Strict Liability – Defective Product</u>**
**(Safety-Kleen)**

The allegations in Count XIII are not directed at Defendant Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count XII.

**Count XIV**
**<u>Negligence – Failure to Warn</u>**
**(Safety-Kleen)**

The allegations in Count XIV are not directed at Defendant Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count XIV.

**Count XV**
**<u>Negligence – Defective Design</u>**
**(Safety-Kleen)**

The allegations in Count XV are not directed at Defendant Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count XV.

**Count XVI**
**<u>Negligence – X-ray Testing</u>**
**(St. Louis Testing)**

The allegations in Count XVI are not directed at Defendant Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count XVI.

**Count XVII**
**<u>Consortium</u>**
**(All Defendants)**

221.    Defendant incorporates by reference its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

222.    Defendant denies the allegations in paragraph 222.

WHEREFORE, Defendant Shell Oil Company, by its attorneys, denies it is liable to Plaintiff Kathleen Grady under Count XVII of Plaintiffs' First Amended Petition or under any Count or theory whatsoever, and prays that this Honorable Court enter judgment in favor of Defendant Shell Oil Company and award Defendant its costs and any other relief warranted under the circumstances.

Case No. 2022-CC09797

**AFFIRMATIVE DEFENSES TO ALL COUNTS**

Defendant, Shell Oil Company ("Defendant" or "Shell Oil Company"), by its attorneys, submits the following as its Affirmative Defenses to Plaintiffs' First Amended Petition:

1.    FAILURE TO STATE A CLAIM

Plaintiffs' First Amended Petition and all purported causes of action stated therein fail to state a claim or a cause of action against this Defendant upon which relief can be granted.

2.    LACK OF SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction over the incidents and persons joined in this matter.

3.    IMPROPER VENUE

Venue is improper, so Plaintiffs' First Amended Petition should be dismissed.

4.    *FORUM NON CONVENIENS*

Plaintiffs' action should be dismissed pursuant to the doctrine of *forum non conveniens.*

5.    FAILURE TO JOIN NECESSARY AND/OR INDISPENSABLE PARTIES

Plaintiffs' First Amended Petition fails to join necessary and/or indispensable parties. Thus, Plaintiffs' claims are barred.

6.    DE MINIMIS EXPOSURE

If Plaintiff Michael Grady was exposed to any products of this Defendant, which is specifically denied, then such exposure was inconsequential or de minimis, thus barring any recovery by Plaintiffs.

14

7.    STATUTE OF LIMITATIONS OR REPOSE

Plaintiffs' claims are barred by the applicable statutes of limitations or repose, including, but not limited to, Mo. Rev. Stat. §§ 516.120 and 537.080. In addition, to the extent Illinois law governs this matter, Plaintiffs' claims are barred by 735 ILCS 5/13-202 (statute of limitations) and/or 735 ILCS 5/13-213 (statute of repose).

8.    LACHES, ESTOPPEL AND WAIVER

Plaintiffs unreasonably delayed in bringing this action against this Defendant in a way which prejudiced its rights. Therefore, Plaintiffs' causes of action are barred by the doctrines of laches, estoppel, and/or waiver.

9.    RELEASE

Plaintiffs' claims have been released or assigned to others. Alternatively, Plaintiffs' claims are barred by res judicata, release, settlement, merger and bar, accord and satisfaction, and/or collateral estoppel.

10.    ASSUMPTION OF THE RISKS

Plaintiff Michael Grady knew, understood, and appreciated the risks and hazards involved in the products and any such risks were open, obvious, and apparent to him. Therefore, Plaintiffs' causes of action against this Defendant are barred by Plaintiff Michael Grady's assumption of the risks.

11.    COMPARATIVE FAULT

If Plaintiffs sustained any injury or damages, which this Defendant denies, such injuries or damages were directly and proximately caused or contributed to, in whole or in part, by Plaintiff Michael Grady's own culpable conduct, negligence, and/or fault. Therefore, said fault would bar or reduce recovery in proportion to the culpable conduct and negligence of Plaintiff Michael Grady.

12.    IMPROPER USE

Plaintiff Michael Grady neither used this Defendant's products as reasonably anticipated by this Defendant, nor for the purposes intended by this Defendant. Therefore, if Plaintiffs sustained any injury or damages, which this Defendant denies, such injuries or damages were directly and proximately caused by Plaintiff Michael Grady's misuse or improper use of this Defendant's products.

13.    FAILURE TO USE ORDINARY CARE

Plaintiff Michael Grady unreasonably failed to appreciate the dangers involved in the use of the products alleged in Plaintiffs' First Amended Petition or the consequences thereof. Thus, Plaintiff Michael Grady unreasonably exposed himself to the dangers that a reasonably careful user would reasonable appreciate under the same or similar circumstances.

14.    SOLE CAUSE

Defendant Shell Oil Company did not design, manufacture, distribute, market, sell, install, remove, or service the products to which Plaintiffs allege Plaintiff Michael Grady was exposed, and Defendant Shell Oil Company did not own, operate, manage, supervise, or otherwise control any of the premises where Plaintiffs allege Plaintiff Michael Grady was exposed. Other parties, non-parties, persons, or entities, and not Shell Oil Company, are solely liable for all products, premises, services, conduct, actions, or inactions relating to Plaintiff Michael Grady's alleged exposures for which Shell Oil Company has been sued. Shell Oil Company is not a successor-in-interest to, nor has it assumed by any other means or in any other manner, the debts, duties, liabilities, or obligations of any such parties, non-parties, persons, or entities.  Plaintiffs' claims against Shell Oil Company are barred by, among other things, the successor corporate non-liability doctrine and all other applicable laws, statutes, regulations, and doctrines.

15.   <u>INTERVENING CAUSE</u>

The culpable conduct and/or negligence of third-parties, not under the control of this Defendant was a direct and proximate cause of the alleged injuries of Plaintiff Michael Grady and/or Plaintiffs. Such conduct or negligence was an intervening or superseding cause, which prohibits the imposition of liability on this Defendant.

16.   <u>CONTROL</u>

Shell Oil Company avers that it is not liable if it did not control the premises or work at issue to the extent necessary to make Shell Oil Company liable as alleged by Plaintiffs.

17.   <u>NO LEGAL DUTY OWED OR BREACHED</u>

Plaintiffs are barred from recovery for some or all of the claims asserted against Shell Oil Company because Shell Oil Company did not owe any legal duty to Plaintiffs or, if Shell Oil Company owed a legal duty, Shell Oil Company did not breach that duty.

18.   <u>NO INDIFFERENCE OR CONSCIOUS DISREGARD</u>

Plaintiffs failed to allege facts from which it can be reasonably inferred to the level of clear and convincing proof that Shell Oil Company acted with complete indifference to or conscious disregard for the safety of others.

19.   <u>NO DUTY TO WARN</u>

Shell Oil Company would further show that if the products used by or around Plaintiff Michael Grady were manufactured, distributed, or sold by Shell Oil Company or present, used, or installed on Shell Oil Company's premises, which is denied, then they were distributed and sold for use in a limited market by a limited class of workers who have held themselves out as having special knowledge and experience in the handling of this material. Upon information and belief, Plaintiff Michael Grady was an experienced member of that limited class of skilled individuals upon whose special knowledge and expertise concerning the danger of the product, if

any, Shell Oil Company was entitled to rely. Shell Oil Company contends that it had no duty to warn of danger which Plaintiff Michael Grady knew, or should have known, as a result of Plaintiff Michael Grady's special knowledge or expertise in the handling of these products or on these premises.

If, in the alternative, Plaintiff Michael Grady was not a member of the limited class of workers who have held themselves out as having special knowledge and experience in the handling of these products, the scope of any duty to warn on the part of Defendant did not extend to Plaintiff Michael Grady as a non-user of any of the products.

20.    ALL REQUIRED WARNINGS WERE GIVEN

If a duty to warn is found to have existed, then Shell Oil Company asserts that it provided all required warnings regarding its products to people to whom Shell Oil Company sold its products and to people who used their products, and if Plaintiff Michael Grady did not receive these warnings, then it was because the products were supplied in bulk and the people to whom Shell Oil Company sold its products did not pass the product warnings along to Plaintiff Michael Grady, without fault of Shell Oil Company.

21.    NO FORESEEABLE RISK OF HARM

Defendant did not have a duty to warn Plaintiff Michael Grady, as its products did not represent a foreseeable risk of harm to Plaintiff Michael Grady.

22.    FAILURE TO MITIGATE

Plaintiffs, individually or collectively, failed to mitigate their damages, which bars or reduces their recovery.

23.    CONSTITUTIONAL DEFENSES AGAINST PUNITIVE DAMAGES

Plaintiffs' First Amended Petition fails to state a cause of action upon which either punitive or exemplary damages can be awarded because it violates the United States, Illinois, and/or Missouri Constitutions, including, but not limited to, the following particulars:

(a)    Plaintiffs' claim for punitive damages is barred by the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, the Illinois Constitution, and the Missouri Constitution;

(b)    Plaintiffs' claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment;

(c)    Plaintiffs' claim for punitive damages violates Defendant's right to equal protection under the law provided in the Fifth and Fourteenth Amendments of the United States Constitution and is otherwise unconstitutional under the United States Constitution, the Illinois Constitution, and the Missouri Constitution;

(d)    Plaintiffs' claim for punitive damages violates Defendant's right to substantive due process and provided in the Fifth and Fourteenth Amendments of the United States Constitution, the Illinois Constitution, and the Missouri Constitution;

(e)    Plaintiffs' claim for punitive damages violates the Contract Clause of the United States Constitution;

(f)    Plaintiffs' claim for punitive damages violates the Fourth and Sixth Amendments to the United States Constitution;

(g)    Plaintiffs' claims for punitive damages are barred by the Commerce Clause of the United States Constitution, Article I, § 8, cl. 3, because the transactions alleged in Plaintiffs' First Amended Petition took place in interstate commerce, and the imposition of punitive damages on a defendant for transactions in interstate commerce unduly burdens that commerce. In addition, Shell Oil Company maintains its principal place of business outside this State, and imposition of punitive damages on an out-of-state defendant would unreasonably discriminate against interstate commerce; and

(h)    Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by principles of federalism embodied in the Constitution, to the extent that claim is based on any conduct by Shell Oil Company that occurred outside this State. No legitimate interest of this State can be served by the imposition of punitive damages based on conduct that occurred outside this State, and therefore Due Process prohibits the award of punitive damages based on such conduct.

The claim for punitive damages violates the United States Constitution, the Illinois Constitution, and Missouri Constitution for, but not limited to, the following reasons:

(aa)    The jury is given unfettered discretion to award punitive damages on vague grounds with no objective standards;

(bb)    A presumption of innocence is not applied;

(cc)    Specific intent is not required;

(dd)    A unanimous jury verdict is not required;

(ee)    The purpose is the punishment of Defendant and is tantamount to the imposition of a criminal fine based upon conduct which is not defined with sufficient precision to give Defendant advanced notice of that conduct;

(ff)    Although indistinguishable from a criminal penalty, a letter standard of proof and procedural safeguards is required than in criminal cases;

(gg)    Multiple awards of punitive damages can be made for the same acts or omissions;

(hh)    The imposition of punitive damages would constitute an excessive fine;

(ii)    Missouri and/or Illinois law fails to require that any award of punitive damages bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature;

(jj)    Such punishment is retrospective in operation, constituting an uncertain remedy and impairing Defendant's access to the courts;

(kk)    The law of Missouri and/or Illinois governing punitive damages provides inadequate procedural protections against arbitrary or erroneous awards of such damages and Missouri and/or Illinois may constitutionally award punitive damages only if the law of Missouri and/or Illinois provides significant and effective procedural protections to Shell Oil Company, which the law of Missouri and/or Illinois does not;

(ll)    Shell Oil Company lacked adequate notice either of the type of conduct that could warrant an award of punitive damages under the law of

Missouri and/or Illinois, or of the amount of such damages that could be awarded;

(mm)   Joint and several judgments against multiple defendants for different alleged acts of wrongdoing may result;

(nn)   Joint and several liability imposes on an alleged tortfeasor a liability in excess of the responsibility of that alleged tortfeasor as found by the Jury and such excess is effectively a fine, bearing no relation to the conduct or state of mind of the alleged tortfeasor;

(oo)   The imposition of different penalties for the same or similar acts may be the result of an imposition of punitive damages, constituting an irrational, arbitrary and capricious punishment;

(pp)   Punitive damages, as awarded in Missouri and/or Illinois, impermissibly discriminate against corporate defendants, including the defendant in this case, that are organized under the laws of other states and that maintain their principal places of business in other states;

(qq)   Punitive damages, as awarded in Missouri and/or Illinois, impermissibly discriminate on the basis of wealth because the law of these states permits the introduction of evidence of Shell Oil Company's financial condition or 'net worth' with respect to the quantum of punitive damages.

In the alternative, Shell Oil Company pleads and invokes any and all standards for recovery and limitations on the amount of recovery for punitive or exemplary damages to the full extent provided by Missouri law, Illinois law, or any other applicable law.

24.    PUNITIVE DAMAGES BARRED FOR OUT-OF-STATE CONDUCT

Shell Oil Company states that Plaintiffs' claims for punitive damages are barred in that a jury cannot constitutionally impose punitive damages for out-of-state conduct.

25.    DUPLICATIVE PUNITIVE DAMAGES

Plaintiffs' claims for punitive damages are barred if those claims are duplicative of claims for punitive damages on the basis of similar allegations in other cases. In the alternative, any punitive damages awarded to Plaintiffs should be offset by the amount of damages assessed against Shell Oil Company in other similar actions, if any.

26.    WORKERS' COMPENSATION

To the extent that Plaintiff Michael Grady's exposure to benzene or benzene-containing products, for which Plaintiffs seek recovery against this Defendant, occurred while Plaintiff Michael Grady was employed by Shell Oil Company, he should be considered a statutory employee under the Missouri Worker's Compensation Act, RSMo. § 287.040.1, and under which the Labor and Industrial Relations Commission is the proper entity to hear Plaintiffs' claims.  If another State's worker's compensation act applies, including but not limited to Illinois, that act would determine the proper entity for Plaintiffs' claims.

27.    IMPROPER IMPOSITION OF RETROACTIVE LIABILITY

Plaintiffs' claims are barred to the extent they seek to impose liability retroactively for conduct that was not actionable at the time it occurred. If it is determined that products allegedly manufactured, distributed, or sold by Shell Oil Company were used in accordance with the designs and specifications of the United States of America, any state or political subdivision of any state, the claims against Shell Oil Company are barred.

28.    <u>IMMUNITY</u>

If it is determined that Plaintiff Michael Grady was exposed to any products allegedly manufactured, distributed, or sold by Shell Oil Company, which products or components of those products were acquired from or sold by or used on behalf of the United States of America, any state or any political subdivision of any state, then Shell Oil Company is entitled to any sovereign or governmental immunity available to the United States, any state or any political subdivision of the state.

29.    <u>PREEMPTION</u>

Some or all of the claims of Plaintiffs are preempted by federal legislation.

30.    <u>STATE OF THE ART</u>

Shell Oil Company states that it is not now, nor has it ever been, engaged in the manufacture or distribution of any product which has caused, or which was capable of causing, the injuries alleged to have been sustained by Plaintiffs and/or Plaintiff Michael Grady. If it is determined that Shell Oil Company did design, manufacture or market any such products, then, under applicable law, Shell Oil Company denies any defects in its products by way of product, design or manufacturing defect and avers that, at all pertinent times, its products were reasonably fit and suited for the purpose for which they were manufactured and intended, and were delivered with such advice as was consistent with the state of the existing medical and industrial art.

The state of the medical and scientific knowledge, the published literature and other materials reflecting said state of the art at all relevant times was such that this Defendant neither knew, nor could have known that its products presented a foreseeable risk of harm, if any, to the Plaintiff Michael Grady in the normal and expected use of these products, according to the law in full force and effect at the time of the transactions complained of. Thus, said products were

neither defective, nor unreasonably dangerous. The methods, standards and techniques of selling, distributing or installing any asbestos-containing products by this Defendant were performed in conformity with the generally recognized state of the art existing at the time such products were sold, distributed or installed by this Defendant and placed in the stream of commerce.

Shell Oil Company avers that it did not know, and in light of the existing reasonably available scientific and technological knowledge, could not have known, of (1) the product characteristics, if any, that allegedly caused or contributed to the injuries and damages complained of herein or the alleged danger of such characteristics, or (2) any alternative design or product available. Shell Oil Company further avers that any alternative design or product was not feasible or available, either scientifically or technologically, or economically practical. The state of the medical, scientific and industrial knowledge, art and practice was at all times such that Shell Oil Company neither breached any alleged duty owed to Plaintiffs or Plaintiff Michael Grady, nor knew, nor could have known, that any products allegedly attributable to Shell Oil Company presented a foreseeable risk of harm to Plaintiffs or Plaintiff Michael Grady in connection with the normal and expected use of such products.

31.    UNAVOIDABLY UNSAFE PRODUCT

While denying at all times that any products allegedly manufactured, distributed, or sold by Shell Oil Company caused or contributed to the injuries and damages alleged in the Plaintiffs' First Amended Petition, Shell Oil Company avers that Plaintiff Michael Grady was warned or otherwise was aware of the alleged dangers of benzene and benzene-containing products and further, that any such dangers, if they existed, were not beyond that which would have been contemplated by an ordinary industrial user of benzene and benzene-containing products. Plaintiffs, therefore, are barred from any recovery against Shell Oil Company on the claims asserted due to the fact that there was no known adequate substitute for the benzene or benzene-

containing products. Said products constituted unavoidably unsafe products, the benefits of which outweighed any alleged damages or injuries caused by the same.

      32.    <u>CHANGE IN PRODUCT</u>

All or some products to which Plaintiff Michael Grady was allegedly exposed may have been in a substantially changed condition or may have been altered or mishandled since the time said products left the control of this Defendant. Such abuse or misuse may constitute the sole proximate cause, or an intervening or superseding cause of Plaintiffs' and/or Plaintiff Michael Grady's alleged injuries or damages.

      33.    <u>VALID BUSINESS PURPOSE</u>

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of Shell Oil Company was undertaken in good faith for a valid business purpose.

      34.    <u>UNRELATED CAUSES</u>

Shell Oil Company would show that Plaintiff Michael Grady's diseases or medical problems or disabilities, if any, are in no way related to any alleged exposure to products allegedly manufactured, distributed, or sold by Shell Oil Company. Shell Oil Company would further show that Plaintiffs' and/or Plaintiff Michael Grady's damages were caused or aggravated by other exposures or other causes or instrumentalities, and not related to any exposure to products manufactured, distributed, or sold by Shell Oil Company.

      35.    <u>ALLOCATION OF FAULT</u>

Defendant alleges that one or more of the parties to this action and/or other persons whose identities are not presently known were negligent or legally responsible or otherwise at fault for the damages alleged in Plaintiffs' First Amended Petition. Therefore, Defendant requests that in the event of any award against it, whether by settlement or judgment, an apportionment of fault be made by the Court or jury as to all parties pursuant to R.S. Mo.

26

§537.067. Defendant further requests a judgment or declaration of indemnification and contribution against all those parties or persons in accordance with the apportionment of fault.

36.    RIGHT TO SETOFF OR CREDIT

Pursuant to R.S. Mo. §537.060, this Defendant is entitled to a setoff and/or credit equal to the total amount for which Plaintiffs have agreed to settle with any third-party and/or defendant named in Plaintiffs' First Amended Petition, or the total amount of consideration paid by such third-parties and/or defendants, whichever is greater. Said credit includes all settlements with defendants dismissed from this action, pre-trial settlements, and post-trial settlements.

37.    BAR BY §402A OF THE RESTATEMENT (SECOND) OF TORTS, COMMENT i

Plaintiffs' claims are barred, in whole or in part, by § 402A of the Restatement (Second) of Torts, comment i.

38.    ADDITIONAL DEFENSES

Defendant will assert any and all additional defenses which become available or appear during discovery proceedings in this action. Defendant specifically reserves the right to amend its Answer for the purpose of asserting such additional affirmative defenses.

39.    ADOPTION OF OTHER DEFENDANTS' DEFENSES

Defendant adopts and asserts any affirmative defenses raised or asserted by other defendants to this action that are also applicable to this Defendant.

**Defendant reserves its right to assert Affirmative Defenses based on the law of any other State where Plaintiffs claim Plaintiff Michael Grady was allegedly exposed to benzene and/or benzene-containing products. The foregoing includes but is not limited to the State of Illinois.**

WHEREFORE, Shell Oil Company, by its attorneys, having answered Plaintiffs' First Amended Petition in its entirety, denies it is liable to Plaintiffs under any theory whatsoever and denies that Plaintiffs are entitled to a judgment against it for any amount whatsoever and requests this Court enter an Order dismissing Shell Oil Company with prejudice, with costs taxed to Plaintiffs and for any other relief the Court deems appropriate under the circumstances.

**DEFENDANT SHELL OIL COMPANY DEMANDS TRIAL BY JURY ON ALL COUNTS AND ALL AFFIRMATIVE DEFENSES.**

FOX SMITH, LLC

By:    /s/ Richard B. Korn
       Richard B. Korn, #54570
       rkorn@foxsmithlaw.com
       One S. Memorial Drive, 12th Floor
       St. Louis, MO 63102
       (314) 588-7000
       (314) 588-1965 (Fax)

       ATTORNEYS FOR DEFENDANT
       SHELL OIL COMPANY

Case No. 2022-CC09797

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2021 I electronically filed the foregoing with the Missouri Courts E-Filing System pursuant to Missouri Rule of Civil Procedure 103.08 which will send notification of such filing(s) to the following:

Mr. Christopher W. Dysart
Dysart Law Firm, P.C.
16020 Swingley Ridge Rd., Suite 340
Chesterfield, MO 63017
Phone:  636-590-7110
E-mail:  cdysart@dysart-law.com;
rspeichinger@dysart-law.com;
mduffy@dysart-law.com

ATTRONEYS FOR PLAINTIFFS

Mr. Thomas L. Orris
Mr. Matthew E. Pelikan
Mr. Ross S. Titzer
Cosmich Simmons & Brown, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
Phone:  (314) 735-2560
E-mail:  Tom.Orris@cs-law.com
E-mail:  matthew.pelikan@cs-law.com
E-mail:  ross.titzer@cs-law.com
E-mail:  citymail@cs-law.com

ATTORNEYS FOR ANHEUSER-BUSCH, LLC

Mr. James C. Morris
Mr. Christopher C. Enger
Gordon Rees Scully Mansukhani, LLP
211 N. Broadway, Suite 2150
St. Louis, MO 63102
Phone:  314-961-6686
E-mail:  jmorris@grsm.com
E-mail:  cenger@grsm.com

ATTORNEYS FOR ST. LOUIS TESTING LABORATORIES, INC.

Mr. Gary L. Smith
Ms. M. Ann Hatch
Sandberg Phoenix & von Gontard P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101-1313
Phone:  314-231-6700
E-mail:  gsmith@sandbergphoenix.com
E-mail:  ahatch@sandbergphoenix.com

ATTORNEYS FOR TURTLE WAX, INC.

Mr. Bryan Timothy Pratt
Mr. Mathew Lee Larsen
Mr. Christopher Michael Sorenson
Shook Hardy & Bacon
2555 Grand Blvd.
Kansas City, MO 64108
Phone:  816-474-6550
E-mail:  bpratt@shb.com
E-mail:  mlarsen@shb.com
E-mail:  csorenson@shb.com

ATTORNEYS FOR MALLINCKRODT Llc AND MI HOLDINGS, INC.

Mr. Richard A. Brown
Mr. Jerome S. Warchol, Jr.
Cosmich Simmons & Brown, PLLC
One Eastover Center
100 Vision Drive, Suite 200
Jackson, MS 39211
Phone:  601-863-2100
E-mail:  rich@cs-law.com
E-mail:  jerry.warchol@cs-law.com
E-mail:  citymail@cs-law.com

ATTORNEYS FOR THE PROCTER & GAMBLE MANUFACTURING COMPANY

Mr. Gary E. Snodgrass
Mr. J. Phillip Bryant
Pitzer Snodgrass, P.C.
100 South Fourth Street, Suite 400
St. Louis, MO 63102-1821
Phone:  314-421-5545
E-mail:  snodgrass@pspclaw.com;
meriage@pspclaw.com
E-mail:  bryant@pspclaw.com

ATTORNEYS FOR SAFETY-KLEEN
SYSTEMS, INC.

Mr. Jeffrey Bash
Lewis Brisbois Bisgaard & Smith
Mark Twain Plaza II
103 West Vandalia, Suite 300
Edwardsville, IL 62025
Phone:  618-307-7290
E-mail:  jeff.bash@lewisbrisbois.com
Assistant:  bcox@lbbslaw.com
E-mail: justin.zimmerman@lewisbrisbois.com

ATTORNEYS FOR RADIATOR
SPECIALTY COMPANY

Mr. Steven T. Walsh
Mr. Caleb D. Hawkins
Sandberg Phoenix & von Gontard P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101-1313
Phone:  314-231-3332
E-mail:  swalsh@sandbergphoenix.com
E-mail:  chawkins@sandbergphoenix.com

ATTORNEYS FOR MISTIC METAL
MOVER, INC.

Mr. Larry J. Chilton
Chilton Yambert Porter LLP
303 W. Madison Street, Suite 2300
Chicago, IL 60606
Phone:  312-634-1261
E-mail:  lchilton@cyp-law.com
E-mail:  jschmalfeld@cyp-law.com

ATTORNEYS FOR EXXON MOBIL
CORPORATION

Mr. Bryan Hopkins
Mr. Brandon Black
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105-3441
Phone:  314-480-1954
E-mail:  bryan.hopkins@huschblackwell.com
E-mail:  brandon.black@huschblackwell.com

ATTORNEYS FOR UNITED STATES
STEEL CORPORATION

Mr. Larry J. Chilton
Chilton Yambert Porter LLP
303 W. Madison Street, Suite 2300
Chicago, IL 60606
Phone:  312-634-1261
E-mail:  lchilton@cyp-law.com

Mr. Jonathan E. Schmalfeld
Chilton Yambert Porter LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
E-mail:  jschmalfeld@cyp-law.com

ATTORNEYS FOR EXXON MOBIL
CORPORATION

Case No. 2022-CC09797

Mr. Adam E. Miller
Capes, Sokol, Goodman & Sarachan, P.C.
8182 Maryland Avenue, Fifteenth Floor
St. Louis, MO 63105
Phone:  314-721-7701
E-mail:  miller@capessokol.com

ATTORNEYS FOR MONSANTO
COMPANY, SOLUTIA, INC., PHARMACIA,
LLC, UPJOHN COMPANY AND EASTMAN
CHEMICAL COMPANY

/s/ Richard B. Korn

IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS
STATE OF MISSOURI
TWENTY SECOND JUDICIAL CIRCUIT

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY, | ) | Case No. 2022-CC09797 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANT DEMANDS TRIAL** |
| MONSANTO COMPANY, et al., | ) | **BY JURY OF 12** |
| | ) | |
| Defendants. | ) | |

**NOTICE OF ADOPTION OF PLEADINGS PREVIOUSLY FILED**

Defendant Mistic Metal Mover, Inc. (hereinafter "Defendant"), by its attorneys, Sandberg Phoenix & von Gontard P.C., hereby notifies the Court and all Parties that it adopts its Motion to Dismiss Plaintiffs' Petition filed on October 23, 2020, as its responsive pleading in response to Plaintiffs' First Amended Petition.

SANDBERG PHOENIX & von GONTARD P.C.

By: /s/ *Caleb D. Hawkins*
Steven T. Walsh, #59546
Caleb D. Hawkins, #60374
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com

Attorneys for Defendant Mistic Metal Mover, Inc.

13731771

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 9, 2021, the above and foregoing pleading was filed electronically with the City of St. Louis Circuit Clerk's office by using the Missouri Electronic Document Management System which will send a notice of electronic filing to all counsel of record.

<u>/s/    *Caleb D. Hawkins*</u>
Attorneys for Defendant

13731771

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

MICHAEL GRADY and )
KATHLEEN GRADY, )
         ) Case No. 2022-CC09797
        Plaintiffs, )
         )
        vs. )
         )
MONSANTO COMPANY, *et al*., ) JURY TRIAL DEMANDED
         ) ON ALL COUNTS
        Defendants. )

## UNITED STATES STEEL CORPORATION'S ANSWER
## AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
## FIRST AMENDED PETITION

Defendant United States Steel Corporation ("U.S. Steel"), by its counsel, Husch Blackwell LLP, and for its Answer and Affirmative Defenses to Plaintiffs' First Amended Petition, states:

## JURISDICTION AND VENUE

1.    U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 1 of Plaintiffs' First Amended Petition.

2.    U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 2 of Plaintiffs' First Amended Petition.

3.    U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 3 of Plaintiffs' First Amended Petition.

4.    U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 4 of Plaintiffs' First Amended Petition.

5.    U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 5 of Plaintiffs' First Amended Petition.

6.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 6 of Plaintiffs' First Amended Petition.

7.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 7 of Plaintiffs' First Amended Petition.

8.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 8 of Plaintiffs' First Amended Petition.

9.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 9 of Plaintiffs' First Amended Petition.

10.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 10 of Plaintiffs' First Amended Petition.

11.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 11 of Plaintiffs' First Amended Petition.

12.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 12 of Plaintiffs' First Amended Petition.

13.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 13 of Plaintiffs' First Amended Petition.

14.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 14 of Plaintiffs' First Amended Petition.

15.      U.S. Steel admits Radiator Specialty Company is a foreign corporation. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the remaining allegations contained in Paragraph 15 of Plaintiffs' First Amended Petition.

16.    U.S. Steel admits it is a corporation foreign to Missouri and is registered to do business in the State of Missouri. U.S. Steel denies any remaining allegations in Paragraph 16 of Plaintiffs' First Amended Petition.

17.    U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 17 of Plaintiffs' First Amended Petition.

18.    U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 18 of Plaintiffs' First Amended Petition.

19.    The allegations contained in Paragraph 19 of Plaintiffs' First Amended Petition requires no response. To the extent that the allegations in Paragraph 19 are deemed factual allegations against U.S. Steel, U.S. Steel denies such allegations.

20.    U.S. Steel denies that Plaintiff Michael Grady's alleged disease, multiple myeloma, was caused by "benzene exposure." U.S. Steel further denies that it caused, or contributed to cause, Plaintiff Michael Grady's alleged disease. U.S. Steel denies all remaining allegations in Paragraph 20 of Plaintiffs' First Amended Petition.

21.    The allegations contained in Paragraph 21 of Plaintiffs' First Amended Petition state a legal conclusion to which no response is required. To the extent that the allegations in Paragraph 21 of Plaintiffs' First Amended Petition are deemed factual allegations against U.S. Steel, U.S. Steel denies such allegations.

22.    The allegations contained in Paragraph 22 of Plaintiffs' First Amended Petition state a legal conclusion to which no response is required. To the extent that the allegations in Paragraph 22 of Plaintiffs' First Amended Petition are deemed factual allegations against U.S. Steel, U.S. Steel denies such allegations.

23.     The allegations contained in Paragraph 23 of Plaintiffs' First Amended Petition state a legal conclusion to which no response is required.  To the extent that the allegations in Paragraph 23 of Plaintiffs' First Amended Petition are deemed factual allegations against U.S. Steel, U.S. Steel denies such allegations.

## ALLEGATIONS COMMON TO ALL COUNTS

### I. Plaintiff Michael Grady's Exposure Routes

24.     U.S. Steel denies the allegations contained in Paragraph 24 of Plaintiffs' First Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 24 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

25.     U.S. Steel denies the allegations contained in Paragraph 25 of Plaintiffs' First Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 25 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

26.     U.S. Steel denies the allegations contained in Paragraph 26 of Plaintiffs' First Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 26 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

27.     U.S. Steel denies the allegations contained in Paragraph 27 of Plaintiffs' First Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 27 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

28.     U.S. Steel denies the allegations contained in Paragraph 28 of Plaintiffs' First Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 28 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

29.     U.S. Steel denies the allegations contained in Paragraph 29 of Plaintiffs' First Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 29 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

30.     U.S. Steel denies the allegations contained in Paragraph 30 of Plaintiffs' First Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 30 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

31.     U.S. Steel denies the allegations contained in Paragraph 31 of Plaintiffs' First Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 31 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

32.     U.S. Steel denies the allegations contained in Paragraph 32 of Plaintiffs' First Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 32 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

33.     U.S. Steel denies the allegations contained in Paragraph 33 of Plaintiffs' First Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a

belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 33 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

34.     U.S. Steel denies the allegations contained in Paragraph 34 of Plaintiffs' First Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 34 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

35.     U.S. Steel denies the allegations contained in Paragraph 35 of Plaintiffs' First Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 35 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

36.     U.S. Steel denies the allegations contained in Paragraph 36 of Plaintiffs' First Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 36 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

37.     U.S. Steel denies the allegations contained in Paragraph 37 of Plaintiffs' First Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 37 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

38.     U.S. Steel denies the allegations contained in Paragraph 38 of Plaintiffs' First Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 38 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

39.    U.S. Steel admits that it sold raffinate from 1960 to early-1978 to Radiator Specialty Company for use as an ingredient in one version of Radiator Specialty Company's Liquid Wrench product for a limited time period.  U.S. Steel denies the remaining allegations in Paragraph 39 of Plaintiffs' First Amended Petition as stated.

40.    U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations regarding the composition of Turtle Wax cleaning polish.  U.S. Steel denies the remaining allegations in Paragraph 40 of Plaintiffs' First Amended Petition as stated.

41.    U.S. Steel denies the allegations contained in Paragraph 41 of Plaintiffs' First Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 41 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

42.    U.S. Steel is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 42 of Plaintiffs' First Amended Petition regarding the disease Plaintiff Michael Grady allegedly has and the date he was allegedly diagnosed, and, therefore denies same.  U.S. Steel denies the remaining allegations contained in Paragraph 42 of Plaintiffs' First Amended Petition.

## FACTS CONCERNING MONSANTO

43.-54. The allegations in Paragraphs 43 through 54 of Plaintiffs' First Amended Petition are not addressed or directed to U.S. Steel.  To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

**COUNT I**
**NEGLIGENCE: PREMISES LIABILITY**
**(AGAINST DEFENDANTS MONSANTO, SOLUTIA,**
**PHARMACIA, AND EASTMAN CHEMICAL)**

55.-68. The allegations in Paragraphs 55 through 68, including each subparagraph, of Count I of Plaintiffs' First Amended Petition are not addressed or directed to U.S. Steel. To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 68 of Count I of Plaintiffs' First Amended Petition.

**COUNT II**
**NEGLIGENCE: PREMISES LIABILITY**
**(AGAINST DEFENDANTS ANHEUSER-BUSCH INBEV,**
**PROCTOR & GAMBLE AND MALLINCKRODT/MI HOLDINGS)**

69.-82. The allegations in Paragraphs 69 through 82, including each subparagraph, of Count II of Plaintiffs' First Amended Petition are not addressed or directed to U.S. Steel. To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 82 of Count II of Plaintiffs' First Amended Petition.

**COUNT III**
**NEGLIGENCE: PREMISES LIABILITY**
**(AGAINST DEFENDANT EXXONMOBIL OIL CORPORATION)**

83.-97. The allegations in Paragraphs 83 through 97, including each subparagraph, of Count III of Plaintiffs' First Amended Petition are not addressed or directed to U.S. Steel. To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 97 of Count III of Plaintiffs' First Amended Petition.

**COUNT IV**
**NEGLIGENCE AS TO PRODUCER,**
**MANUFACTURER & DISTRIBUTOR OF BENZENE**
**(SHELL OIL COMPANY)**

98.-107.  The allegations in Paragraphs 98 through 107, including each subparagraph, of Count IV of Plaintiffs' First Amended Petition are not addressed or directed to U.S. Steel.  To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 107 of Count IV of Plaintiffs' First Amended Petition.

**COUNT V**
**NEGLIGENCE AS TO MANUFACTURER & DISTRIBUTER**
**OF PRODUCTS CONTAINING BENZENE**
**(EXXONMOBIL)**

108.-116.  The allegations in Paragraphs 108 through 116, including each subparagraph, of Count V of Plaintiffs' First Amended Petition are not addressed or directed to U.S. Steel.  To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 116 of Count V of Plaintiffs' First Amended Petition.

**COUNT VI**
**NEGLIGENCE AS TO PRODUCER, MANUFACTURER & DISTRIBUTOR**
**OF PRODUCTS CONTAINING BENZENE**
**(TURTLE WAX, MISTIC METAL MOVERS, UNITED STATES STEEL, RADIATOR SPECIALTY)**

117.  To the extent that Plaintiffs incorporate by reference all paragraphs of Plaintiffs' First Amended Petition as and for Paragraph 117 of Count VI of Plaintiffs' First Amended Petition, U.S. Steel incorporates by reference its responses to all paragraphs of Plaintiffs' First

Amended Petition as and for its response to Paragraph 117 of Count VI of Plaintiffs' First Amended Petition.

118.    U.S. Steel denies that it sold any of the products identified in Paragraph 118 of Plaintiffs' First Amended Petition. U.S. Steel admits that it sold raffinate from 1960 to early-1978 to Radiator Specialty Company for use as an ingredient in one version of Radiator Specialty Company's Liquid Wrench product for a limited time period.  U.S. Steel denies the remaining allegations contained in Paragraph 118 of Plaintiffs' First Amended Petition as they relate to U.S. Steel.  U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 118 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

119.    U.S. Steel denies the allegations contained in Paragraph 119 of Plaintiffs' First Amended Petition.

120.    U.S. Steel denies the allegations contained in Paragraph 120 of Plaintiffs' First Amended Petition.

121.    U.S. Steel denies the allegations contained in Paragraph 121 of Plaintiffs' First Amended Petition.

122.    U.S. Steel denies the allegations contained in Paragraph 122 of Plaintiffs' First Amended Petition.

123.    U.S. Steel denies the allegations contained in Paragraph 123, including each subparagraph, of Plaintiffs' First Amended Petition.

124.    U.S. Steel denies the allegations contained in Paragraph 124 of Plaintiffs' First Amended Petition.

125.    U.S. Steel denies Plaintiff Michael Grady's alleged disease, multiple myeloma, was caused by exposure to "benzene and other toxic chemical exposure." U.S. Steel denies the remaining allegations contained in Paragraph 125 of Plaintiffs' First Amended Petition.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 125 of Count VI of Plaintiffs' First Amended Petition.

<div align="center">

**COUNT VII**
**STRICT LIABILITY – FAILURE TO WARN**
**(AGAINST DEFENDANTS SHELL OIL COMPANY, EXXONMOBIL, TURTLE WAX, MISTIC METAL MOVERS, UNITED STATES STEEL AND RADIATOR SPECIALTY)**

</div>

126.    To the extent that Plaintiffs incorporate by reference all paragraphs of Plaintiffs' First Amended Petition as and for Paragraph 126 of Count VII of Plaintiffs' First Amended Petition, U.S. Steel incorporates by reference its responses to all paragraphs of Plaintiffs' First Amended Petition as and for its response to Paragraph 126 of Count VII of Plaintiffs' First Amended Petition.

127.    U.S. Steel denies the allegations contained in Paragraph 127 of Plaintiffs' First Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 127 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

128.    U.S. Steel denies the allegations contained in Paragraph 128 of Plaintiffs' First Amended Petition.

129.    U.S. Steel denies the allegations contained in Paragraph 129 of Plaintiffs' First Amended Petition.

130.    U.S. Steel denies the allegations contained in Paragraph 130 of Plaintiffs' First Amended Petition.

131.    U.S. Steel denies the allegations contained in Paragraph 131 of Plaintiffs' First Amended Petition.

132.    U.S. Steel denies the allegations contained in Paragraph 132 of Plaintiffs' First Amended Petition.

133.    U.S. Steel denies the allegations contained in Paragraph 133 of Plaintiffs' First Amended Petition.

134.    U.S. Steel denies the allegations contained in Paragraph 134 of Plaintiffs' First Amended Petition.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 134 of Count VII of Plaintiffs' First Amended Petition.

## COUNT VIII
## STRICT LIABILITY – DEFECTIVE PRODUCT
**(AGAINST DEFENDANTS SHELL OIL COMPANY, RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC METAL, TURTLE WAX, AND EXXONMOBIL)**

135.    To the extent that Plaintiffs incorporate by reference all paragraphs of Plaintiffs' First Amended Petition as and for Paragraph 135 of Count VIII of Plaintiffs' First Amended Petition, U.S. Steel incorporates by reference its responses to all paragraphs of Plaintiffs' First Amended Petition as and for its response to Paragraph 135 of Count VIII of Plaintiffs' First Amended Petition.

136.    U.S. Steel denies the allegations contained in Paragraph 136 of Plaintiffs' First Amended Petition as they relate to U.S. Steel.  U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 136 of Plaintiffs' First Amended Petition as they pertain to other Defendants.

137.    U.S. Steel denies the allegations contained in Paragraph 137, including each subparagraph, of Plaintiffs' First Amended Petition.

138.    U.S. Steel denies the allegations contained in Paragraph 138 of Plaintiffs' First Amended Petition.

139.    U.S. Steel denies the allegations contained in Paragraph 139 of Plaintiffs' First Amended Petition.

140.    U.S. Steel denies the allegations contained in Paragraph 140 of Plaintiffs' First Amended Petition.

141.    U.S. Steel denies the allegations contained in Paragraph 141 of Plaintiffs' First Amended Petition.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 141 of Count VIII of Plaintiffs' First Amended Petition.

## COUNT IX
## NEGLIGENCE – FAILURE TO WARN
### (AGAINST DEFENDANTS SHELL OIL COMPANY, RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC METAL, TURTLE WAX AND EXXONMOBIL)

142.    To the extent that Plaintiffs incorporate by reference all paragraphs of Plaintiffs' First Amended Petition as and for Paragraph 142 of Count IX of Plaintiffs' First Amended Petition, U.S. Steel incorporates by reference its responses to all paragraphs of Plaintiffs' First Amended Petition as and for its response to Paragraph 142 of Count IX of Plaintiffs' First Amended Petition.

143.    The allegations contained in Paragraph 143 of Plaintiffs' First Amended Petition state a legal conclusion to which no response is required.  To the extent that any allegation

contained in Paragraph 143 of Plaintiffs' First Amended Petition is deemed a factual allegation against U.S. Steel, U.S. Steel denies such allegations.

144.    U.S. Steel denies the allegations contained in Paragraph 144 of Plaintiffs' First Amended Petition.

145.    U.S. Steel denies the allegations contained in Paragraph 145 of Plaintiffs' First Amended Petition.

146.    U.S. Steel denies the allegations contained in Paragraph 146 of Plaintiffs' First Amended Petition.

147.    U.S. Steel denies the allegations contained in Paragraph 147 of Plaintiffs' First Amended Petition.

148.    U.S. Steel denies the allegations contained in Paragraph 148 of Plaintiffs' First Amended Petition.

149.    U.S. Steel denies the allegations contained in Paragraph 149 of Plaintiffs' First Amended Petition.

150.    U.S. Steel denies the allegations contained in Paragraph 150 of Plaintiffs' First Amended Petition.

151.    U.S. Steel denies the allegations contained in Paragraph 151 of Plaintiffs' First Amended Petition.

152.    U.S. Steel denies the allegations contained in Paragraph 152 of Plaintiffs' First Amended Petition.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 152 of Count IX of Plaintiffs' First Amended Petition.

## COUNT X
## NEGLIGENCE – DEFECTIVE DESIGN
**(AGAINST DEFENDANTS SHELL OIL COMPANY,
RADIATOR SPECIALTY COMPANY, UNITED STATES STEEL,
MISTIC METAL MOVERS, TURTLE WAX, AND EXXONMOBIL)**

153.    To the extent that Plaintiffs incorporate by reference all paragraphs of Plaintiffs' First Amended Petition as and for Paragraph 153 of Count X of Plaintiffs' First Amended Petition, U.S. Steel incorporates by reference its responses to all paragraphs of Plaintiffs' First Amended Petition as and for its response to Paragraph 153 of Count X of Plaintiffs' First Amended Petition.

154.    The allegations contained in Paragraph 154 of Plaintiffs' First Amended Petition state a legal conclusion to which no response is required.  To the extent that any allegation contained in Paragraph 154 of Plaintiffs' First Amended Petition is deemed a factual allegation against U.S. Steel, U.S. Steel denies such allegations.

155.    U.S. Steel denies the allegations contained in Paragraph 155 of Plaintiffs' First Amended Petition.

156.    U.S. Steel denies the allegations contained in Paragraph 156 of Plaintiffs' First Amended Petition.

157.    U.S. Steel denies the allegations contained in Paragraph 157, including each subparagraph, of Plaintiffs' First Amended Petition.

158.    U.S. Steel denies the allegations contained in Paragraph 158 of Plaintiffs' First Amended Petition.

159.    U.S. Steel denies the allegations contained in Paragraph 159 of Plaintiffs' First Amended Petition.

160.    U.S. Steel denies the allegations contained in Paragraph 160 of Plaintiffs' First Amended Petition.

161.     U.S. Steel denies the allegations contained in Paragraph 161 of Plaintiffs' First Amended Petition.

162.     U.S. Steel denies the allegations contained in Paragraph 162 of Plaintiffs' First Amended Petition.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 162 of Count X of Plaintiffs' First Amended Petition.

<div align="center">

**COUNT XI**
**NEGLIGENCE TO PRODUCER, MANUFACTURER & DISTRIBUTER**
**OF PRODUCTS CONTAING BENZENE**
**(SAFETY-KLEEN)**

</div>

163.-174. The allegations in Paragraphs 163 through 174, including each subparagraph, of Count XI of Plaintiffs' First Amended Petition are not addressed or directed to U.S. Steel.  To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 174 of Count XI of Plaintiffs' First Amended Petition.

<div align="center">

**COUNT XII**
**STRICT LIABILITY – FAILURE TO WARN**
**(AGAINST DEFENDANT SAFETY-KLEEN)**

</div>

175.-183. The allegations in Paragraphs 175 through 183 of Count XII of Plaintiffs' First Amended Petition are not addressed or directed to U.S. Steel.  To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 183 of Count XII of Plaintiffs' First Amended Petition.

**COUNT XIII**
**STRICT LIABILITY – DEFECTIVE PRODUCT**
**(AGAINST DEFENDANT SAFETY-KLEEN)**

184.-190. The allegations in Paragraphs 184 through 190, including each subparagraph, of Count XIII of Plaintiffs' First Amended Petition are not addressed or directed to U.S. Steel.  To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 190 of Count XIII of Plaintiffs' First Amended Petition.

**COUNT XIV**
**NEGLIGENCE – FAILURE TO WARN**
**(AGAINST DEFENDANT SAFETY-KLEEN)**

191.-201. The allegations in Paragraphs 191 through 201 of Count XIV of Plaintiffs' First Amended Petition are not addressed or directed to U.S. Steel.  To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 201 of Count XIV of Plaintiffs' First Amended Petition.

**COUNT XV**
**NEGLIGENCE – DEFECTIVE DESIGN**
**(AGAINST DEFENDANT SAFETY-KLEEN)**

202.-211. The allegations in Paragraphs 202 through 211, including each subparagraph, of Count XV of Plaintiffs' First Amended Petition are not addressed or directed to U.S. Steel.  To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 211 of Count XV of Plaintiffs' First Amended Petition.

### COUNT XVI
### NEGLIGENCE X-RAY TESTING
#### (ST LOUIS TESTING)

212.-220. The allegations in Paragraphs 212 through 220, including each subparagraph, of Count XVI of Plaintiffs' First Amended Petition are not addressed or directed to U.S. Steel. To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 220 of Count XVI of Plaintiffs' First Amended Petition.

### COUNT XVII
### CONSORTIUM

221. To the extent that Plaintiffs incorporate by reference all paragraphs of Plaintiffs' First Amended Petition as and for Paragraph 221 of Count XVII of Plaintiffs' First Amended Petition, U.S. Steel incorporates by reference its responses to all paragraphs of Plaintiffs' First Amended Petition as and for its response to Paragraph 221 of Count XVII of Plaintiffs' First Amended Petition.

222. U.S. Steel denies the allegations contained in Paragraph 222 of Count XVII of Plaintiffs' First Amended Petition.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 222 of Count XVII of Plaintiffs' First Amended Petition.

### General Denial

U.S. Steel denies generally each and every allegation contained in Plaintiffs' First Amended Petition not specifically admitted herein.

## **Additional and Affirmative Defenses**

1.     Plaintiffs' First Amended Petition, and each and every Count therein, fails to state a claim upon which relief can be granted.

2.     Plaintiffs' claims against U.S. Steel are barred either in whole or in part pursuant to the Uniform Comparative Fault Act, as well as any other similar state statutes based upon the location of the negligence, acts and/or omissions because on all occasions in question, Plaintiff Michael Grady committed negligence or other acts or omissions that were a proximate or producing cause, or the sole proximate cause or the sole producing cause, of any alleged injuries or damages to Plaintiffs, if any.  Plaintiffs' claims are therefore barred or liability should be reduced in accordance with Plaintiff Michael Grady's fault.  *See Gustafson v. Benda*, 661 S.W.2d 11, 16 (Mo. 1983) (en banc).

3.     Plaintiffs' alleged injuries and/or damages, if any, were not caused by the negligence of U.S. Steel, but rather were proximately caused by the unforeseeable and/or unintended use(s) and/or misuse(s) of the products in question.

4.     Plaintiffs' alleged injuries and/or damages, if any, were not caused by the negligence of any party, but rather were the result of an unavoidable accident for which U.S. Steel is not responsible.

5.     Plaintiffs' alleged injuries and/or damages, if any, are the result of negligent acts or omissions of other persons, firms, corporations or entities over whom U.S. Steel is not legally responsible, which jointly or singularly were the sole proximate, producing, superseding, intervening or other cause of all or part of the alleged injuries and damages for which Plaintiffs seek recovery.

6.    Plaintiffs alleged injuries and damages were the result of preexisting or subsequent conditions which are unrelated to any product designed, manufactured, sold, processed, produced, distributed, marketed, used, supplied by and/or found on the premises of U.S. Steel.

7.    The products at issue were altered, modified or otherwise rendered to a form not substantially similar to their form when they left the custody or control of U.S. Steel, by others over whom U.S. Steel had no control, and over whose conduct U.S. Steel had no control.

8.    Plaintiffs' claims are barred in whole or in part because Plaintiff Michael Grady failed to take reasonable efforts to mitigate any alleged damages.

9.    U.S. Steel discharged any duty to warn by providing warnings to the anticipated user that were adequate in light of the anticipated user's knowledge of the products used therein.

10.    U.S. Steel states that the products at issue were not defective in any manner, and that at all pertinent times, the products at issue were reasonably fit and suited for the purpose for which they were manufactured and intended, and were delivered with such advice and warnings as were consistent with the state of the existing scientific, medical, technological and industrial art.

11.    Plaintiffs' claims against U.S. Steel are barred by virtue of fact that U.S. Steel was, at most, a bulk supplier of a product to defendant Radiator Specialty Company.

12.    U.S. Steel pleads the applicable provisions of the "Noerr-Pennington Doctrine."

13.    Based upon the state of scientific, medical, technological and industrial knowledge at the time the products at issue were distributed, supplied by and/or found on the premises of U.S. Steel, the products were reasonably safe for their normal and foreseeable use at all relevant times, or in light of existing reasonably available scientific, technological and

industrial knowledge, U.S. Steel could not have known: (a) the design characteristics, if any, that allegedly caused the damages complained of herein or the danger of such characteristics; or (b) any alternative design.

14.    Plaintiffs' claims are barred in whole or in part by the lack of defect, as any products allegedly manufactured by U.S. Steel were properly manufactured in accordance with the applicable standard of care and in compliance with all applicable federal and state statutes and regulations, if any, existing at the time of design and/or manufacture that prescribed standards for design, inspection, testing, manufacture, labeling, warning or instructions for use of the product or products allegedly designed, manufactured and/or sold by U.S. Steel.

15.    Any conditions or risks, if any, were known to Plaintiff, were open, obvious and apparent to Plaintiff Michael Grady, and Plaintiff Michael Gray assumed the risk of any alleged injuries or damages arising out of the acts or occurrences alleged in Plaintiffs' First Amended Petition.

16.    Plaintiffs' causes of action are barred because a reasonable user would have been aware of the alleged risks of the products at issue or because Plaintiff Michael Grady knew of the alleged risks of the product or products at issue.

17.    If Plaintiff Michael Grady was exposed to harmful products, which U.S. Steel specifically denies, such exposure was only brief and not substantial, any exposure to such products was *de minimis* in nature, and Plaintiffs' injuries or damages, if any, were not caused or contributed to by contact with U.S. Steel's products or premises, but on the contrary, such conditions and illnesses would have occurred just as they did had Plaintiff Michael Grady had no contact with U.S. Steel's products and/or premises.

18.    If Plaintiffs receive full or partial satisfaction of any claim through settlement or judgment in any lawsuit or otherwise, then while continuing to deny liability, U.S. Steel is entitled to liability protection to the full extent permitted by Mo. Rev. Stat. § 537.060, or any other applicable state's statutory or common law.

19.    If U.S. Steel is found liable, which liability U.S. Steel specifically denies, U.S. Steel is entitled to indemnity, contribution, and/or set-off from those persons or entities whose fault caused or contributed to the damages for which recovery is sought and are further entitled to liability protection to the full extent permitted under Missouri law, or any other applicable state's statutory or common law.

20.    All or part of Plaintiffs' claims against U.S. Steel are barred in whole or in part by the applicable statutes of limitation or repose, including but not limited to Mo. Rev. Stat. § 516.120(4), or any other applicable state's statutory or common law.

21.    All or part of Plaintiffs' claims against U.S. Steel are barred in whole or in part by the doctrines of estoppel, waiver, laches, unclean hands, and/or other equitable doctrines.

22.    All or a portion of Plaintiffs' claims are preempted by applicable federal and/or state statutes, rules, standards or regulations, specifically including, but not limited to, the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. § 1261, *et seq.*, and its predecessor, the Federal Hazardous Substances Labeling Act, the Hazardous Materials Transportation Act ("HMTA"), 49 U.S.C. § 5101, *et seq.* and its successor the Hazardous Materials Transportation Uniform Safety Act ("HMTUSA") and their accompanying rules and regulations, including but not limited to 49 C.F.R. §§ 171-180 *et seq.*, and the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136, *et seq.*

23.      U.S. Steel denies that it is liable for any damages in this case.  U.S. Steel contends, however, that Plaintiffs' claims against U.S. Steel are several and not joint in nature pursuant to Mo. Rev. Stat. § 537.067, or any other applicable state's statutory or common law.

24.      U.S. Steel denies that it is liable for any damages in this case.  U.S. Steel contends, however, that any damage award that utilizes Missouri's joint and several liability scheme would be unconstitutional, as this scheme violates U.S. Steel's due process and equal protection guarantees under the United States and Missouri Constitutions in that it imposes on an alleged tortfeasor a liability in excess of the responsibility of that alleged tortfeasor as found by the jury.  This excess is effectively a fine, bearing no relation to the conduct or state of mind of the alleged tortfeasor.  Instead, Missouri law unconstitutionally bases the imposition of that excess liability only upon the ability of that alleged tortfeasor to pay the judgment.

25.      U.S. Steel denies that it is liable for any damages in this case.  U.S. Steel contends, however, that any damage award that utilizes Missouri's joint and several liability scheme would be unconstitutional, as this scheme violates U.S. Steel's due process and equal protection guarantees under the United States and Missouri Constitutions.  The Missouri joint and several liability scheme violates U.S. Steel's due process guarantees because no legitimate state interest supports Missouri's scheme, and no rational relationship exists between a legitimate state interest and the promotion of Missouri's joint and several liability scheme.  Additionally, the Missouri system of assessing joint and several liability violates U.S. Steel's equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law.  The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Missouri Constitutions.

26.      Plaintiff Michael Grady was not a foreseeable user of the products at issue.

27.     Any damages claimed by Plaintiffs against U.S. Steel were caused by intervening acts and/or omissions of third parties.

28.     U.S. Steel did not design or manufacture any of the end products at issue, but rather manufactured a component ingredient for which, as a naturally occurring chemical by-product, there was no safer, alternative design; therefore, U.S. Steel cannot be held liable for the end product.

29.     Plaintiffs' claims against U.S. Steel are barred by virtue of the fact that U.S. Steel was, at most, a bulk supplier of products to defendant Radiator Specialty Company.

30.     Plaintiffs' claims against U.S. Steel are barred by virtue of the fact that defendant Radiator Specialty Company is a sophisticated user of Raffinate.

31.     If a duty to warn is found to have existed, then U.S. Steel asserts that it provided all required warnings regarding their products to people to whom U.S. Steel sold its products and to people who used its products and if Plaintiff Michael Grady did not receive these warnings it was because the products were supplied in bulk and/or the persons and/or entities to whom U.S. Steel sold its products or the persons who or entities which used their products did not, through their acts or omissions, pass the product warnings along to Plaintiff, without fault of U.S. Steel.

32.     If a duty to warn is found to have existed, then U.S. Steel asserts that it provided all required warnings regarding their products and premises to Plaintiff Michael Grady's employers, and if Plaintiff Michael Grady did not receive these warnings it was because Plaintiff Michael Grady's employers did not, through their acts or omissions, pass the warnings along to Plaintiff Michael Grady, without fault of U.S. Steel.

33.     The products at issue distributed, sold and/or supplied by U.S. Steel were for use in a limited market by a limited class of workers who have held themselves out as having special

knowledge and experience in the handling of this material.  Upon information and belief, Plaintiff Michael Grady and/or his employer(s) were experienced members of that limited class of skilled individuals upon whose special knowledge and expertise concerning the danger of the products, if any, U.S. Steel was entitled to rely.  U.S. Steel had no duty to warn of dangers which Plaintiff Michael Grady and/or his employer(s) knew, or should have known, as a result of his special knowledge or expertise in the handling of these products.

34.    Plaintiff Michael Grady and/or his employer(s) were at all times relevant herein learned intermediaries and/or sophisticated users of the product or products.

35.    Any product, if proven to have been sold by U.S. Steel, was not defective at the time it left its custody and control.

36.    The product and/or products supplied by U.S. Steel at issue were altered, modified or otherwise rendered to a form not substantially similar to the form when it left the custody or control of U.S. Steel, by others over whom U.S. Steel had no control, and over whose conduct U.S. Steel had no control.

37.    There is no privity between U.S. Steel and Plaintiffs, and such lack of privity bars the action of the Plaintiffs.

38.    Plaintiffs' claim for punitive damages must be stricken pursuant to R.S.Mo. § 510.261, *et seq*.

39.    To the extent that Plaintiffs make claims for exemplary and punitive damages, such claims are prohibited under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and/or applicable state constitutions.

40.    To the extent that Plaintiffs demand punitive damages, US Steel specifically incorporates by reference all standards of limitations regarding the determination and

enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 116 U.S. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

    41.    Plaintiffs are not entitled to any recovery of punitive or exemplary damages against U.S. Steel because:

    a)    Plaintiffs' claims for punitive damages are barred because an award of punitive damages would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the due process clause of the Missouri Constitution, in that:

    i.    The jury will be allowed to consider evidence of U.S. Steel's wealth in assessing punitive damages.

    ii.    There are no definite standards whereby the judiciary may determine the submissibility of punitive damages or the amount of any such award.

    iii.    There are no effective procedures whereby the judiciary can review either the submissibility or the magnitude of punitive damages.

    iv.    The guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.

    v.    The vague and inconsistent legal standards for the imposition of punitive damages deprive U.S. Steel of sufficient notice of the type of conduct and mental state upon which an award of punitive damages could be based.

vi.    No objective limitations or standards have been established concerning the amount or severity of any punitive damages award.

vii.    U.S. Steel is not provided with fair and adequate notice of the punishment, through punitive damages, including the severity of the penalty.

viii.    The procedures allowed permit the award of punitive damages upon satisfaction of a reduced standard of proof inconsistent with the decisional authority of the United States Supreme Court.

ix.    The procedures allowed fail to provide clear, consistent, appellate standards of review of an award of punitive damages.

x.    It is a denial of due process of law and of equal protection of the laws under the Constitutions of the United States and Missouri to permit a corporation to be vicariously liable for punitive and exemplary damages which are awarded on the basis of acts or omissions of employees, agents, or representatives of the corporation on the doctrine of respondeat superior or any other vicarious liability doctrine of the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Missouri.

b)    Plaintiffs' claims for punitive damages are barred because they are essentially criminal in nature and a form of punishment, and they seek to deny defendant rights guaranteed to defendants in criminal proceedings under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution and the Constitution of Missouri.  Such rights include, among other things:

i.      A requirement that the basis for the imposition of punitive damages be proven by Plaintiffs;

ii.     The right to a unanimous twelve-person jury verdict in jury trials; and

iii.    The right to a separate hearing for the determination of the amount of punitive damages under applicable provisions of state law.

c)     Plaintiffs' claims for punitive damages are barred because they seek to impose punishment that is excessive and grossly disproportionate to the misconduct alleged, in violation of the Constitution of the State of Missouri.

d)     Plaintiffs' claims for punitive damages are barred to the extent they seek the admission of evidence of U.S. Steel's net worth or wealth in determining whether punitive damages are to be awarded and/or in what amount, because punitive damages are a form of punishment, and punishment that is grounded in U.S. Steel's status, rather than in specific misconduct, has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Missouri.

e)     Plaintiffs' claims for punitive damages are barred because punitive damages are a form of punishment and any such award under the laws of the State of Missouri would violate U.S. Steel's procedural and substantive Due Process rights, and Equal Protection rights, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the Constitution of the State of Missouri where a jury: (i) is not provided with standards of sufficient

clarity, objectivity and uniformity for determining the appropriateness of awarding, or the appropriate size of any punitive damages; (ii) is not instructed on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (iii) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (iv) is permitted to award punitive damages under standards for determining liability for, and amount of, punitive damages that are vague and arbitrary and do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (v) is not subject to judicial review on the basis of objective and uniform standards.

f)      Plaintiffs' claims for punitive damages are barred because an award of punitive damages in this action would be an unconstitutional burden on interstate commerce in violation of the Commerce Clause of Article I, Section 9 of the United States Constitution.

g)      Plaintiffs' claims for punitive damages in this lawsuit are a request to impose economic sanctions in violation of the sovereignty of other states.

h)      Further, any such recovery would violate U.S. Steel's rights under Article I, Section 9, United States Constitution, because such is an ex post facto law.

i)      Further, an award of punitive damages is a violation of the Contract Clause of the Constitution of the United States of America.

j)      Further, an award of punitive damages is a violation of the Double Jeopardy Clause of the Constitution of the United States of America.

k)      Missouri's scheme for punitive damages, including but not limited to R.S.Mo. §§ 510.263 and 537.675, and the Missouri Approved Jury Instructions for punitive damages, violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and Article 1, §§ 10 and 22(a) of the Missouri Constitution, for the reasons set forth above in this section.

l)      The contracts clause of Article 1 § 10 of the United States Constitution and similar provisions of the Missouri Constitution prohibit the award of punitive damages because any party's claim of punitive damages is an attempt to impose punitive damages through retrospective application of new, judge-made substantive rules.  Due process requires fair notice of the type of conduct that will subject a person or entity to monetary punishment and fair notice of range or any monetary punishment that may be imposed for deviation from the standard.  Due process prohibits punishment for violation of unsettled standards and standards not judicially established until the conduct complained of has taken place.  Due process and the contracts cause of Article 1 § 10 of the United States Constitution and the similar provision of the Missouri Constitution are, therefore, also pled as a defense to all of Plaintiffs' liability theories which were not in existence at the time that U.S. Steel allegedly engaged in the conduct at issue in this action.

42.     Plaintiffs fail to state any proper claim upon which punitive damages may be awarded.

43.     Plaintiffs' claims for punitive damages are barred if they are duplicative of claims for punitive damages on the basis of similar allegations in other cases.  In the alternative, any

punitive damages awarded to Plaintiffs should be offset by the amount of damages assessed against U.S. Steel in other similar actions, if any.

44.    Plaintiffs have failed to allege facts from which it can be reasonably inferred to the level of clear and convincing proof that U.S. Steel acted with complete indifference to or conscious disregard for the safety of others.

45.    U.S. Steel states that Plaintiffs' claims for punitive damages are barred in that a jury cannot constitutionally impose punitive damages for out-of-state conduct.

46.    Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because the law of this State governing punitive damages provides inadequate procedural protections against arbitrary or erroneous awards of such damages.  A State may constitutionally award punitive damages only if the law of that State provides significant and effective procedural protections to defendant, which the law of this State does not.

47.    Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because defendant lacked adequate notice either of the type of conduct that could warrant an award of punitive damages under the law of this State, or of the amount of such damages that could be awarded.  The lack of fair notice bars any award of punitive damages.

48.    Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because the law of this State fails to require that any award of punitive

damages bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature.

49.    Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because punitive damages, as awarded in this State, impermissibly discriminate against corporate defendants, including the defendant in this case, that are organized under the laws of other States and that maintain their principal places of business in other States.

50.    Plaintiffs' claims for punitive damages are barred by the Commerce Clause of the United States Constitution, Article I, § 8, cl. 3, because the transactions alleged in Plaintiffs' First Amended Petition took place in interstate commerce, and the imposition of punitive damages on a defendant for transactions in interstate commerce unduly burdens that commerce. In addition, defendant maintains its principal place of business outside this State, and imposition of punitive damages on an out-of-state defendant would unreasonably discriminate against interstate commerce.

51.    Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by principles of federalism embodied in the Constitution, to the extent that claim is based on any conduct by defendant that occurred outside this State.  No legitimate interest of this State can be served by the imposition of punitive damages based on conduct that occurred outside this State, and therefore Due Process prohibits the award of punitive damages based on such conduct.

52.    Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because the law of this State permits the introduction of evidence of

defendant's financial condition or 'net worth' with respect to the quantum of punitive damages. The introduction of such evidence violates Due Process by inviting the jury to award an arbitrary amount of punitive damages based on defendant's status as an industrial enterprise.

53.     In the alternative, U.S. Steel pleads and invokes any and all standards for recovery and limitations on the amount of recovery for punitive or exemplary damages to the full extent provided by Missouri law or any other applicable law.

54.     Punitive damages are not recoverable in this action and Plaintiffs fail to state a claim upon which punitive damages may be granted.

55.     U.S. Steel hereby gives notice that it intends to rely upon such other defenses as may become available or appear during the course of discovery or other proceedings in this case and hereby reserves the right to amend this answer to assert such defenses.

56.     U.S. Steel adopts and incorporates by reference each and every applicable defense pleaded by any other defendant in this case as if stated fully herein.

57.     Plaintiffs' claims are barred by the doctrine of release.

58.     The Court lacks venue to consider this action.

59.     U.S. Steel reserves the right to assert any and all affirmative defenses which discovery proceedings may hereafter reveal to be appropriate.

WHEREFORE, United States Steel Corporation respectfully requests that this Court dismiss Plaintiffs' claims in their entirety, award United States Steel Corporation all costs and expenses incurred on its behalf, and for such other and further relief, at law or in equity, as this Court deems just and proper.

**UNITED STATES STEEL CORPORATION DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

Respectfully submitted,

HUSCH BLACKWELL LLP

BY:    */s/ Bryan Hopkins*
        Bryan Hopkins, #45896
        Brandon Black, #70880
        190 Carondelet Plaza, Suite 600
        St. Louis, Missouri 63105
        314-480-1500
        314-480-1505 Facsimile
        Bryan.Hopkins@huschblackwell.com
        Brandon.black@huschblackwell.com

**ATTORNEYS FOR DEFENDANT
UNITED STATES STEEL CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 9th, 2021, the foregoing was electronically filed with the Clerk of the Court of St. Louis City, Missouri using Missouri Case.Net which sent notification of such filing to all persons listed in the Court's electronic notification system.


    /s/ *Bryan Hopkins*    

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

MICHAEL GRADY and KATHLEEN )
GRADY, )
)
      Plaintiffs, )
) Case No.:  2022-CC09797
v. )
) JURY TRIAL DEMANDED ON ALL
MONSANTO COMPANY, et al, ) CLAIMS AND DEFENSES
)
      Defendants. )

**DEFENDANT ST. LOUIS TESTING LABORATORIES, INC.'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED PETITION**

COMES NOW Defendant St. Louis Testing Laboratories, Inc., by and through counsel, and submits the following as its Answer and Affirmative Defenses to Plaintiffs' First Amended Petition:

**JURISDICTION AND VENUE**

1.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 1, and therefore denies same.

2.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 2, and therefore denies same.

3.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 3, and therefore denies same.

4.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 4, and therefore denies same.

5.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 5, and therefore denies same.

6.      Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 6, and therefore denies same.

7.      Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 7, and therefore denies same.

8.      Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 8, and therefore denies same.

9.      Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 9, and therefore denies same.

10.      Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 10, and therefore denies same.

11.      Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 11, and therefore denies same.

12.      Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 12, and therefore denies same.

13.      Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 13, and therefore denies same.

14.      Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 14, and therefore denies same.

15.      Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 15, and therefore denies same.

16.      Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 16, and therefore denies same.

17.      Defendant lacks sufficient information from which to either admit or deny the

allegations contained in paragraph 17, and therefore denies same.

18.     Defendant admits the allegations contained in paragraph 18.

19.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 19, and therefore denies same.

20.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 20, and therefore denies same.

21.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 21, and therefore denies same.

22.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 22, and therefore denies same.

23.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 23, and therefore denies same.

## ALLEGATIONS COMMON TO ALL COUNTS

### I. Plaintiff Michael Grady's Exposure Routes

24.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 24, and therefore denies same.

25.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 25, and therefore denies same.

26.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 26, and therefore denies same.

27.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 27, and therefore denies same.

28.     Defendant lacks sufficient information from which to either admit or deny the

allegations contained in paragraph 28, and therefore denies same.

29.    Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 29, and therefore denies same.

30.    Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 30, and therefore denies same.

31.    Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 31, and therefore denies same.

32.    Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 32, and therefore denies same.

33.    Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 33, and therefore denies same.

34.    Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 34, and therefore denies same.

35.    Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 35, and therefore denies same.

36.    Defendant denies the allegations contained in paragraph 36.

37.    Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 37, and therefore denies same.

38.    Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 38, and therefore denies same.

39.    Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 39, and therefore denies same.

40.    Defendant lacks sufficient information from which to either admit or deny the

allegations contained in paragraph 40, and therefore denies same.

41.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 41, and therefore denies same.

42.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 42, and therefore denies same.

## FACTS CONCERNING MONSANTO

43.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 43, and therefore denies same.

44.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 44, and therefore denies same.

45.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 45, and therefore denies same.

46.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 46, and therefore denies same.

47.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 47, and therefore denies same.

48.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 48, and therefore denies same.

49.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 49, and therefore denies same.

50.     Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 50, and therefore denies same.

51.     Defendant lacks sufficient information from which to either admit or deny the

allegations contained in paragraph 51, and therefore denies same.

52.    Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 52, and therefore denies same.

53.    Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 53, and therefore denies same.

54.    Defendant lacks sufficient information from which to either admit or deny the allegations contained in paragraph 54, and therefore denies same.

**COUNT I**
**NEGLIGENCE: PREMISES LIABILITY**
**(Against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical)**

The allegations in Count I are not directed at Defendant St. Louis Testing Laboratories, Inc. and, therefore, no response is required. To the extent that a response is required, Defendant St. Louis Testing Laboratories, Inc. denies each and every allegation in Count I.

**COUNT II**
**NEGLIGENCE: PREMISES LIABILITY**
**(Against Defendants Anheuser-Busch InBev, Proctor & Gamble, and Mallinckrodt/MI Holdings)**

The allegations in Count II are not directed at Defendant St. Louis Testing Laboratories, Inc. and, therefore, no response is required. To the extent that a response is required, Defendant St. Louis Testing Laboratories, Inc. denies each and every allegation in Count II.

**COUNT III**
**NEGLIGENCE: PREMISES LIABILITY**
**(Against Defendant ExxonMobil Oil Corporation)**

The allegations in Count III are not directed at Defendant St. Louis Testing Laboratories, Inc. and, therefore, no response is required. To the extent that a response is required, Defendant St. Louis Testing Laboratories, Inc. denies each and every allegation in Count III.

**COUNT IV**

**NEGLIGENCE AS TO PRODUCER,
MANUFACTURER & DISTRIBUTOR OF BENZENE
(Shell Oil Company)**

The allegations in Count IV are not directed at Defendant St. Louis Testing Laboratories, Inc. and, therefore, no response is required. To the extent that a response is required, Defendant St. Louis Testing Laboratories, Inc. denies each and every allegation in Count IV.

**COUNT V
NEGLIGENCE AS TO MANUFACTURER & DISTRIBUTOR
OF PRODUCTS CONTAINING BENZENE
(ExxonMobil)**

The allegations in Count V are not directed at Defendant St. Louis Testing Laboratories, Inc. and, therefore, no response is required. To the extent that a response is required, Defendant St. Louis Testing Laboratories, Inc. denies each and every allegation in Count V.

**COUNT VI
NEGLIGENCE AS TO PRODUCER, MANUFACTURER & DISTRIBUTOR
OF PRODUCTS CONTAINING BENZENE
(Turtle Wax, Mistic Metal Movers, United States Steel, Radiator Specialty)**

The allegations in Count VI are not directed at Defendant St. Louis Testing Laboratories, Inc. and, therefore, no response is required. To the extent that a response is required, Defendant St. Louis Testing Laboratories, Inc. denies each and every allegation in Count VI.

**COUNT VII
STRICT LIABILITY – FAILURE TO WARN
(Against Defendants Shell Oil Company, ExxonMobil, Turtle Wax,
Mistic Metal Movers, United States Steel, and Radiator Specialty)**

The allegations in Count VII are not directed at Defendant St. Louis Testing Laboratories, Inc. and, therefore, no response is required. To the extent that a response is required, Defendant St. Louis Testing Laboratories, Inc. denies each and every allegation in Count VII.

**COUNT VIII
STRICT LIABILITY – DEFECTIVE PRODUCT
(Against Defendants Shell Oil Company, Radiator Specialty, United**

States Steel, Mistic Metal Movers, Turtle Wax, and ExxonMobil)

The allegations in Count VIII are not directed at Defendant St. Louis Testing Laboratories, Inc. and, therefore, no response is required. To the extent that a response is required, Defendant St. Louis Testing Laboratories, Inc. denies each and every allegation in Count VIII.

## COUNT IX
### NEGLIGENCE – FAILURE TO WARN
**(Against Defendants Shell Oil Company, Radiator Specialty, United States Steel, Mistic Metal Movers, Turtle Wax, and ExxonMobil)**

The allegations in Count IX are not directed at Defendant St. Louis Testing Laboratories, Inc. and, therefore, no response is required. To the extent that a response is required, Defendant St. Louis Testing Laboratories, Inc. denies each and every allegation in Count IX.

## COUNT X
### NEGLIGENCE – DEFECTIVE DESIGN
**(Against Defendants Shell Oil Company, Radiator Specialty, United States Steel, Mistic Metal Movers, Turtle Wax, and ExxonMobil)**

The allegations in Count X are not directed at Defendant St. Louis Testing Laboratories, Inc. and, therefore, no response is required. To the extent that a response is required, Defendant St. Louis Testing Laboratories, Inc. denies each and every allegation in Count X.

## COUNT XI
### NEGLIGENCE AS TO PRODUCER, MANUFACTURER & DISTRIBUTOR OF PRODUCTS CONTAINING BENZENE
**(Against Defendant Safety-Kleen)**

The allegations in Count XI are not directed at Defendant St. Louis Testing Laboratories, Inc. and, therefore, no response is required. To the extent that a response is required, Defendant St. Louis Testing Laboratories, Inc. denies each and every allegation in Count XI.

## COUNT XII
### STRICT LIABILITY – FAILURE TO WARN
**(Against Defendant Safety-Kleen)**

The allegations in Count XII are not directed at Defendant St. Louis Testing Laboratories,

Inc. and, therefore, no response is required. To the extent that a response is required, Defendant

St. Louis Testing Laboratories, Inc. denies each and every allegation in Count XII.

## COUNT XIII
## STRICT LIABILITY – DEFECTIVE PRODUCT
### (Against Defendant Safety-Kleen)

The allegations in Count XIII are not directed at Defendant St. Louis Testing Laboratories,

Inc. and, therefore, no response is required. To the extent that a response is required, Defendant

St. Louis Testing Laboratories, Inc. denies each and every allegation in Count XIII.

## COUNT XIV
## NEGLIGENCE – FAILURE TO WARN
### (Against Defendant Safety-Kleen)

The allegations in Count XIV are not directed at Defendant St. Louis Testing Laboratories,

Inc. and, therefore, no response is required. To the extent that a response is required, Defendant

St. Louis Testing Laboratories, Inc. denies each and every allegation in Count XIV.

## COUNT XV
## NEGLIGENCE – DEFECTIVE DESIGN
### (Against Defendant Safety-Kleen)

The allegations in Count XV are not directed at Defendant St. Louis Testing Laboratories,

Inc. and, therefore, no response is required. To the extent that a response is required, Defendant

St. Louis Testing Laboratories, Inc. denies each and every allegation in Count XV.

## COUNT XVI
## NEGLIGENCE X-RAY TESTING
### (St. Louis Testing)

212.    Defendant incorporates by reference its answers to all paragraphs of Plaintiffs' First

Amended Petition as if fully set forth herein.

213.    Defendant denies the allegations in paragraph 213.

214.    Defendant denies the allegations in paragraph 214.

215.    Defendant denies the allegations in paragraph 215.

216.    Defendant denies the allegations in paragraph 216.

217.    Defendant denies the allegations in paragraph 217.

218.    Defendant denies the allegations in paragraph 218, including but not limited to the
allegations in subparagraphs (a) through (e).

219.    Defendant denies the allegations in paragraph 219.

220.    Defendant denies the allegations in paragraph 220.

WHEREFORE, Defendant St. Louis Testing Laboratories, Inc., by its attorneys, denies
that it is liable to Plaintiffs under Count XVI of Plaintiffs' First Amended Petition or under any
Count or theory whatsoever, and prays that this Honorable Court enter judgment in favor of
Defendant St. Louis Testing Laboratories, Inc. and award Defendant its costs and any other relief
warranted under the circumstances.

## COUNT XVII
## CONSORTIUM

221.    Defendant incorporates by reference its answers to all paragraphs of Plaintiffs' First
Amended Petition as if fully set forth herein.

222.    Defendant denies the allegations in paragraph 222.

WHEREFORE, Defendant St. Louis Testing Laboratories, Inc., by its attorneys, denies
that it is liable to Plaintiffs under Count XVII of Plaintiffs' First Amended Petition or under any
Count or theory whatsoever, and prays that this Honorable Court enter judgment in favor of
Defendant St. Louis Testing Laboratories, Inc. and award Defendant its costs and any other relief
warranted under the circumstances.

## AFFIRMATIVE DEFENSES TO ALL COUNTS

Defendant St. Louis Testing Laboratories, Inc., by its attorneys, submits the following as its Affirmative Defenses to Plaintiffs' First Amended Petition:

### FIRST AFFIRMATIVE DEFENSE

In the event that liability is established against Defendant, the potential liability of this defendant will be limited to that proportion which its fault bears to the aggregate amount of fault of all other tortfeasors, pursuant to 537.067 R.S.Mo.

### SECOND AFFIRMATIVE DEFENSE

If the allegations contained in the Plaintiffs' First Amended Petition are true, the alleged injuries and damages were caused by the conduct of some party or entity other than Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to violation of the applicable statute of repose and statute of limitations, including but not limited to Sections 516.120 and 537.100 R.S.Mo.

### FOURTH AFFIRMATIVE DEFENSE

Defendant states that during the relevant time period the medical and scientific knowledge as well as literature and other information setting forth the state of the art relating to the products complained of was such that this defendant did not and could not have known that any of the products complained of presented a foreseeable risk of harm to Mr. Grady in the normal and expected use of those products in accordance with the law in force and effect at the times alleged in Plaintiffs' First Amended Petition.

### FIFTH AFFIRMATIVE DEFENSE

At all times, Mr. Grady appreciated and understood any risks associated with the alleged use of x-ray and related products and continued to use and misuse those products in such a manner

as to continue to expose herself to those risks.  As a result of Mr. Grady's own assumption of the risk and misuse, Plaintiffs' recovery, if any, should be limited or barred.

## SIXTH AFFIRMATIVE DEFENSE

At the times alleged in the First Amended Petition, Mr. Grady had a duty to exercise reasonable care to maintain his physical safety and health. Mr. Grady's failure to exercise reasonable care was a proximate cause of the disease for which the Petition seeks recovery.  As a result, Defendant prays that judgment be entered in its favor and against Plaintiffs, or alternatively, that any damages assessed against it in this action be reduced in an amount proportional to Mr. Grady's comparative negligence.

## SEVENTH AFFIRMATIVE DEFENSE

Mr. Grady's alleged injuries, losses, or damages, if any, were aggravated by his failure to use reasonable diligence to mitigate them.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Petition fails to state a cause of action against Defendant upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

Mr. Grady's injuries were the result of superseding and intervening causes or conduct of third persons over which Defendant had no control.

## TENTH AFFIRMATIVE DEFENSE

Defendant is not jointly and severally liable in that its fault, if any, was less than 50% of the total fault attributable to all parties, pursuant to 537.067 R.S.Mo.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join necessary and indispensable defendants; those persons or

corporations in whose absence complete relief cannot be afforded to those already partied.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to provide Defendant with timely notice of the alleged injuries and/or illnesses and that failure has caused Defendant substantial prejudice in its ability to defend itself.

## THIRTEENTH AFFIRMATIVE DEFENSE

Mr. Grady's alleged injuries and/or illnesses, if any, pre-existed or were suffered after the alleged relationship between Defendant and Mr. Grady existed and said injuries or illnesses were neither caused nor exacerbated by said relationship.

## FOURTEENTH AFFIRMATIVE DEFENSE

Mr. Grady acknowledged, ratified, consented to, or acquiesced in the alleged acts or omissions, if any, of Defendant thus barring Plaintiffs from any relief.

## FIFTEENTH AFFIRMATIVE DEFENSE

Mr. Grady's injuries and/or damages sustained, if any, were not reasonably foreseeable by Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable Worker's Compensation and/or Occupational Diseases statutes.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and each of them, in this action are preempted by federal statutes and regulations governing workplace exposure, including but not limited to the OSHA Hazard Communication Standard, and therefore, are barred by the Supremacy Clause of the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend this Answer to include additional defenses after completion of discovery.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant hereby adopts each and every affirmative defense of every other Defendant herein to the extent that any such defense is not inconsistent with those defenses set forth herein.

## TWENTIETH AFFIRMATIVE DEFENSE

Mr. Grady failed to exercise ordinary care on his own behalf and that failure was the sole, intervening and superseding cause of any injury alleged in the First Amended Petition.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The alleged injuries, losses, damages and expenses are the sole, direct and proximate result of pre-existing conditions or idiosyncratic reactions of Mr. Grady for which this Defendant is not liable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

No act or omission by Defendant proximately caused or contributed to any of the damages alleged in the First Amended Petition.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because this Defendant's activities were in accordance with the applicable standards of care under all applicable federal and state laws and regulations, and activities by this Defendant in accordance with such standards of care were reasonable as a matter of law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time that it occurred.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The causes of action asserted by Plaintiffs fail to state a claim upon which relief can be granted in that, *inter alia*, Plaintiff has asserted claims for relief, which, if granted, will impose an improper, retroactive penalty and impermissible intrusion on interstate commerce and federal laws and regulations and would thereby violate the United States Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Mr. Grady was a sophisticated user of the products alleged in the First Amended Petition and an experienced member of a limited class of skilled individuals upon whose special knowledge and expertise concerning their work upon which this Defendant was entitled to rely.  Therefore, this Defendant owed no duty to Mr. Grady.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off of any and all sums received by Plaintiff from whatever source as a consequence of their alleged injuries or damages.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiff seeks damages for some injuries, the cause of which are purely speculative and uncertain.  Plaintiff is not entitled to recover for said injuries.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because any exposure of products/premises for which this Defendant is alleged to be responsible was insufficient in duration and dose to cause

or contribute to Mr. Grady's injuries and damages of which Plaintiffs complain.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges, on information and belief, that Plaintiffs' First Amended Petition and each cause of action therein are barred by the doctrine of estoppel.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Learned Intermediary Doctrine.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant alleges that insofar as Plaintiffs claim exposure to Defendant's products/premises at a government or government-contracted premises or at any other location run pursuant to government specification, all such products/premises of Defendant were supplied in accordance with mandatory governmental specifications, and Defendant is immune from liability on that account.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

If Plaintiff suffered damages as a result of the allegations set forth in the First Amended Petition, then those damages were not proximately caused by any act or omission of this Defendant, or any product associated with this Defendant, but were instead solely and proximately caused by the acts or omissions of third persons or products associated with those third person, for whom this Defendant is not responsible.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege facts from which it can be reasonably inferred to the level of clear and convincing proof that this Defendant acted with complete indifference to or conscious disregard for the safety of Mr. Grady.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendant asserts that venue is improper and/or that the court lacks personal jurisdiction over this Defendant.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are barred or limited by the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution and Article 1 Section 10 of the Constitution of the State of Missouri, by the double jeopardy clause of the Fifth Amendment or by the applicable state Constitution.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the laws of another state, including but not limited to the statute of limitations and/or statute of repose, made applicable via 516.190 R.S.Mo.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By:  */s/ James C. Morris*
James C. Morris, #53074
Christopher C. Enger,  68048
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
cenger@grsm.com

*Counsel for Defendant*
*St. Louis Testing Laboratories, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Clerk of the Court on this <u>10th</u> day of March, 2021 affecting service upon all counsel of record via the Court's electronic filing system, including, but not limited to the following:

Christopher W. Dysart
The Dysart Law Firm, P.C.
16020 Swingley Ridge Rd.
Suite #340
Chesterfield, MO 63017
PH:  (314) 548-6298
*cdysart@dysart-law.com*

*Attorney for Plaintiffs*
*Michael & Kathleen Grady*

/s/ *James C. Morris*

IN THE CIRCUIT COURT OF SAINT LOUIS CITY
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2022-CC09797 |
| | ) | |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY, et al. | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |
| | ) | |

## DEFENDANT EXXON MOBIL CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED PETITION

COMES NOW Defendant EXXON MOBIL CORPORATION incorrectly named herein as ExxonMobil Oil Corporation, as successor to Mobil Oil Corporation (D/B/A Mobil Oil) ("Exxon Mobil") and for its Answer and Affirmative Defenses to Plaintiffs' First Amended Petition states as follows:

## JURISDICTION AND VENUE

1.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 1 of the Petition and, therefore, such allegations are denied.

2.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 2 of the Petition and, therefore, such allegations are denied.

3.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 3 of the Petition and, therefore, such allegations are denied.

4.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 4 of the Petition and, therefore, such allegations are denied.

5.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 5 of the Petition and, therefore, such allegations are denied.

6.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 6 of the Petition and, therefore, such allegations are denied.

7.      Exxon Mobil admits that it is a foreign corporation which has done business within the State of Missouri. Except where otherwise expressly admitted, Exxon Mobil denies all remaining allegations contained in paragraph 7 of the Petition.

8.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 8 of the Petition and, therefore, such allegations are denied

9.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 9 of the Petition and, therefore, such allegations are denied.

10.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 10 of the Petition and, therefore, such allegations are denied.

11.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 11 of the Petition and, therefore, such allegations are denied.

12.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 12 of the Petition and, therefore, such allegations are denied.

13.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 13 of the Petition and, therefore, such allegations are denied.

14.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 14 of the Petition and, therefore, such allegations are denied.

15.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 15 of the Petition and, therefore, such allegations are denied.

16.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 16 of the Petition and, therefore, such allegations are denied.

17.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 17 of the Petition and, therefore, such allegations are denied.

18.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 18 of the Petition and, therefore, such allegations are denied.

19.     Admitted.

20.     Denied.

21.     Paragraph 21 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 21 of the Petition, the allegations contained therein are denied.

22.     Paragraph 22 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 22 of the Petition, the allegations contained therein are denied.

23.     Paragraph 23 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 23 of the Petition, the allegations contained therein are denied.

## ALLEGATIONS COMMON TO ALL COUNTS

### I. Plaintiff Michael Grady's Exposure Routes

24.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 24 of the Petition and, therefore, such allegations are denied.

25.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 25 of the Petition and, therefore, such allegations are denied.

26.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 26 of the Petition and, therefore, such allegations are denied.

27.    Plaintiffs have failed to supply sufficient information as to which "I55 Mobile [*sic*] Station, located within the City of St. Louis" Plaintiffs reference in paragraph 27 of their Petition. As such, without clarification as to what specific business address or location Plaintiffs reference in paragraph 27 of their Petition or as to who specifically employed him at that location, Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 27 of the Petition and, therefore, such allegations are denied.

28.    Exxon Mobil incorporates by reference its response to paragraph 27 of Plaintiffs' Petition as its response to paragraph 28 of Plaintiffs' Petition.

29.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 29 of the Petition and, therefore, such allegations are denied.

30.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 30 of the Petition and, therefore, such allegations are denied.

31.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 31 of the Petition and, therefore, such allegations are denied.

32.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 32 of the Petition and, therefore, such allegations are denied.

33.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 33 of the Petition and, therefore, such allegations are denied.

34.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 34 of the Petition and, therefore, such allegations are denied.

35.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 35 of the Petition and, therefore, such allegations are denied.

36.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 36 of the Petition and, therefore, such allegations are denied.

37.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 37 of the Petition and, therefore, such allegations are denied.

38.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 38 of the Petition and, therefore, such allegations are denied.

39.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 39 of the Petition and, therefore, such allegations are denied.

40.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 40 of the Petition and, therefore, such allegations are denied.

41.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 41 of the Petition and, therefore, such allegations are denied.

42.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 42 of the Petition and, therefore, such allegations are denied.

## FACTS CONCERNING MONSANTO

43.    The averments contained in paragraph 43 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 43 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

44.    The averments contained in paragraph 44 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment

contained in paragraph 44 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

45.      The averments contained in paragraph 45 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 45 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

46.      The averments contained in paragraph 46 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 46 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

47.      The averments contained in paragraph 47 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 47 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

48.      The averments contained in paragraph 48 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 48 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

49.      The averments contained in paragraph 49 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 49 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

50.     The averments contained in paragraph 50 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 50 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

51.     The averments contained in paragraph 51 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 51 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

52.     The averments contained in paragraph 52 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 52 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

53.     The averments contained in paragraph 53 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 53 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

54.     The averments contained in paragraph 54 are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in paragraph 54 is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

**Count I**
**Negligence: Premises Liability**
**(Against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical)**

55-68.   The averments contained in Count I, paragraphs 55 through 68, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in Count I, Paragraphs 55 through 68, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

**Count II**
**Negligence: Premises Liability**
**(Against Defendants Anheuser-Busch InBev, Procter & Gamble, and Mallinckrodt/MI Holdings)**

69-82.   The averments contained in Count II, paragraphs 69 through 82, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in Count II, Paragraphs 69 through 82, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

**Count III**
**Negligence: Premises Liability**
**(Against Defendant ExxonMobil Oil Corporation)**

83.     Exxon Mobil repeats and realleges its responses to paragraphs 1 through 82 of Plaintiffs' Petition as if more fully set forth herein.

84.    Plaintiffs have failed to supply sufficient information as to which "I55 Mobile [*sic*] Station located within the City of St. Louis" Plaintiffs reference in paragraph 84 of their Petition. As such, without clarification as to what specific business address or location Plaintiffs reference in paragraph 84 of their Petition or as to who specifically employed him at that location, Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 84 of the Petition and, therefore, such allegations are denied.

85.    Exxon Mobil incorporates by reference its response to paragraph 84 of Plaintiffs' Petition as its response to paragraph 85 of Plaintiffs' Petition.

86.    Paragraph 86 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 86 of the Petition, the allegations contained therein are denied.

87.    Exxon Mobil incorporates by reference its response to paragraph 84 of Plaintiffs' Petition as its response to paragraph 87 of Plaintiffs' Petition.

88.    Exxon Mobil incorporates by reference its response to paragraph 84 of Plaintiffs' Petition as its response to paragraph 88 of Plaintiffs' Petition.

89.    It is unclear what "ExxonMobil facilities and/or … ExxonMobil premises" are being referenced in paragraph 89 of Plaintiffs' Petition. As such, without clarification as to what specific business address or location which Plaintiffs reference in paragraph 89 of their Petition, Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 89 of the Petition and, therefore, such allegations are denied.

90.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 90 of the Petition and, therefore, such allegations are denied.

91.    It is unclear what "ExxonMobil premises" are being referenced in paragraph 91 of Plaintiffs' Petition. As such, without clarification as to what specific business address or location which Plaintiffs reference in paragraph 91 of their Petition, Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 91 of the Petition and, therefore, such allegations are denied.

92.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 92 of the Petition and, therefore, such allegations are denied.

93.    Denied.

94.    Paragraph 94 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 94 of the Petition, the allegations contained therein are denied.

95.    Exxon Mobil denies the allegations in paragraph 95, including but not limited to the allegations in subparagraphs (a) through (j).

96.    Denied.

97.    Denied.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

**Count IV**
**Negligence as to Producer, Manufacturer & Distributor of Benzene**
**(Shell Oil Company)**

98-107. The averments contained in Count IV, paragraphs 98 through 107, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent

that any averment contained in Count IV, Paragraphs 98 through 107, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

### Count V
### Negligence as to Manufacturer & Distributor of Products Containing Benzene
### (ExxonMobil)

108.    Exxon Mobil repeats and realleges its responses to paragraphs 1 through 107 of Plaintiffs' Petition as if more fully set forth herein.

109.    It is unclear if "Defendant ExxonMobil Shell", as stated in paragraph 109 of Plaintiffs' Petition, is intended to identify Exxon Mobil, Shell, or some other combination entity. Additionally, Plaintiffs have failed to supply sufficient information as to which "I55 Mobile [*sic*] Station" Plaintiffs reference in paragraph 109 of their Petition. As such, without clarification as to what specific business address or location which Plaintiffs reference in paragraph 109 of their Petition, Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 109 of the Petition and, therefore, such allegations are denied.

110.    Plaintiffs have failed to supply sufficient information as to which "I55 Mobile [sic] Station" Plaintiffs reference in paragraph 110 of their Petition. As such, without clarification as to what specific business address or location Plaintiffs reference in paragraph 110 of their Petition, Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 110 of the Petition and, therefore, such allegations are denied.

111.    Paragraph 111 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 111 of the Petition, the allegations contained

therein are denied. Further responding, Exxon Mobil incorporates by reference its response to paragraph 110 of Plaintiffs' Petition.

112.    Denied.

113.    Paragraph 113 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 113 of the Petition, the allegations contained therein are denied.

114.    Exxon Mobil denies the allegations in paragraph 114, including but not limited to the allegations in subparagraphs (a) through (i).

115.    Denied.

116.    Denied.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

## Count VI
### Negligence as to Producer, Manufacturer & Distributor of Products Containing Benzene
### (Turtle Wax, Mistic Metal Movers, United States Steel, and Radiator Specialty)

117-125.    The averments contained in Count VI, paragraphs 117 through 125, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in Count VI, Paragraphs 117 through 125, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

**Count VII**
**<u>Strict Liability: Failure to Warn</u>**
**(Against Defendants Shell Oil Company, ExxonMobil, Turtle Wax, Mistic Metal Movers, United States Steel, and Radiator Specialty)**

126.    Exxon Mobil repeats and realleges its responses to paragraphs 1 through 125 of Plaintiffs' Petition as if more fully set forth herein.

127.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 127 of the Petition and, therefore, such allegations are denied.

128.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 128 of the Petition and, therefore, such allegations are denied.

129.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 129 of the Petition and, therefore, such allegations are denied.

130.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 130 of the Petition and, therefore, such allegations are denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

## Count VIII
## <u>Strict Liability: Defective Product</u>
**(Against Defendants Shell Oil Company, ExxonMobil, Turtle Wax, Mistic Metal Movers, United States Steel, and Radiator Specialty)**

135.    Exxon Mobil repeats and realleges its responses to paragraphs 1 through 134 of Plaintiffs' Petition as if more fully set forth herein.

136.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 135 of the Petition and, therefore, such allegations are denied.

137.    Denied, including but not limited to the allegations in subparagraphs (a) through (e).

138.    Denied.

139.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 139 of the Petition and, therefore, such allegations are denied.

140.    Denied.

141.    Denied.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

## Count IX
## <u>Negligence: Failure to Warn</u>
**(Against Defendants Shell Oil Company, ExxonMobil, Turtle Wax, Mistic Metal Movers, United States Steel, and Radiator Specialty)**

142.    Exxon Mobil repeats and realleges its responses to paragraphs 1 through 141 of Plaintiffs' Petition as if more fully set forth herein.

143.    Paragraph 143 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 143 of the Petition, the allegations contained therein are denied.

144.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 144 of the Petition and, therefore, such allegations are denied.

145.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 145 of the Petition and, therefore, such allegations are denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

**Count X**
**Negligence: Defective Design**
**(Against Defendants Shell Oil Company, ExxonMobil, Turtle Wax, Mistic Metal Movers, United States Steel, and Radiator Specialty)**

153.    Exxon Mobil repeats and realleges its responses to paragraphs 1 through 152 of Plaintiffs' Petition as if more fully set forth herein.

154.     Paragraph 154 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 164 of the Petition, the allegations contained therein are denied.

155.     Denied.

156.     Denied.

157.     Denied, including but not limited to the allegations in subparagraphs (a) through (g).

158.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 158 of the Petition and, therefore, such allegations are denied.

159.     Denied.

160.     Denied.

161.     Denied.

162.     Denied.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

### Count XI
### Negligence as to Producer, Manufacturer & Distributor of Products Containing Benzine
### (Safety-Kleen)

163-174.     The averments contained in Count XI, paragraphs 163 through 174, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in Count XI, Paragraphs 163 through 174, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

<div align="center">

**Count XII**
**Strict Liability- Failure to Warn**
**(Safety-Kleen)**

</div>

175-183. The averments contained in Count XII, paragraphs 175 through 183, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in Count XII, Paragraphs 175 through 183, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

<div align="center">

**Count XIII**
**Strict Liability- Defective Product**
**(Safety-Kleen)**

</div>

184-190. The averments contained in Count XIII, paragraphs 184 through 190, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto.  However, to the extent that any averment contained in Count XIII, Paragraphs 184 through 190, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

**Count XIV**
**Negligence: Failure to Warn**
**(Safety-Kleen)**

191-201. The averments contained in Count XIV, paragraphs 191 through 201, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto. However, to the extent that any averment contained in Count XIV, Paragraphs 191 through 201, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

**Count XV**
**Negligence: Defective Design**
**(Safety-Kleen)**

202-211. The averments contained in Count XV, paragraphs 202 through 211, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto. However, to the extent that any averment contained in Count XV, Paragraphs 202 through 211, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

**Count XVI**
**Negligence: X-Ray Testing**
**(St. Louis Testing)**

212-220. The averments contained in Count XVI, paragraphs 212 through 220, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto. However, to

the extent that any averment contained in Count XVI, Paragraphs 212 through 220, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

## Count XVII
## Consortium

221.    Exxon Mobil repeats and realleges its responses to paragraphs 1 through 220 of Plaintiffs' Petition as if more fully set forth herein.

222.    Denied.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

## DEFENDANT DEMANDS TRIAL BY JURY

## AFFIRMATIVE AND OTHER DEFENSES

1.    As further answer and defense, and without waiving in any manner its denial of liability, Exxon Mobil states that Plaintiffs' Petition must be dismissed for failure to state a claim upon which relief can be granted.

2.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations or repose.

3.    As further answer and defense, Exxon Mobil states that Plaintiffs unreasonably delayed in bringing this action against this Defendant in a way which prejudiced its rights. Therefore, Plaintiffs' causes of action are barred by the doctrines of laches, estoppel, and/or waiver

4.    As further answer and defense, and without waiving in any manner its denial of liability, Exxon Mobil states that Michael Grady assumed the risk of injury, if any, through his own comparative fault and contributory negligence, in that, inter alia:

    a.    Michael Grady failed to read and follow available product instructions and warnings;

    b.    Michael Grady failed to heed and follow his employer's directions and instructions;

    c.    Michael Grady failed to mitigate his damages;

    d.    Michael Grady misused this Defendant's products, in ways that were not foreseeable to Exxon Mobil;

    e.    Michael Grady failed to use ordinary and reasonable care; and

    f.    Michael Grady knowingly and voluntarily assumed the risk of injury and damages.

5.    As further answer and defense, Exxon Mobil states that Michael Grady's injuries and/or damages, if any, were not caused by the negligence of this Defendant, but rather were proximately caused by the abnormal, unforeseeable, and/or unintended use and/or misuse of the products in questions

6.    As further answer and defense, Exxon Mobil states that Plaintiffs' alleged injuries and damages, if any, resulted from the negligent acts or omissions of other persons, firms,

corporations, or entities over whom this Defendant is not legally responsible, and which jointly or singularly were the sole proximate, producing, superseding, intervening or other cause of Michael Grady's injuries.

7.     As further answer and defense, Exxon Mobil states that the products at issue, which Plaintiffs allege were designed, manufactured, sold, or supplied by this Defendant, which allegation Defendant specifically denies, were altered, modified, or otherwise rendered to a form not substantially similar to their form when they left the custody or control of Exxon Mobil, which was done by others over whom this Defendant had no control.

8.     As further answer and defense, Exxon Mobil states that to the extent Plaintiffs allege the products at issue were designed, manufactured, sold, or supplied by this Defendant which allegation Defendant specifically denies, then Exxon Mobil discharged any duty to warn by providing warnings to product users and/or to decedent and/or to his employer, that were adequate in light of the anticipated user's knowledge of the products used therein.

9.     As further answer and defense, Exxon Mobil states that to the extent Plaintiffs allege the products at issue were designed, manufactured, sold, or supplied by this Defendant, which allegation this Defendant specifically denies, the products at issue were not defective in any manner and at all pertinent times, were reasonably fit and suited for the purpose for which they were manufactured and intended, and were delivered with such warnings as were consistent with the state of the existing scientific, technological and industrial art.

10.     As further answer and defense, Exxon Mobil states that to the extent Plaintiffs allege the products at issue were designed, manufactured, sold, or supplied by this Defendant, which allegation Defendant specifically denies, the products at issue were distributed, sold, and supplied by Exxon Mobil for use in a limited market by a limited class of workers who have held

themselves out as having special knowledge and experience in the handling of this material. Based on present information and belief, Michael Grady was an experienced member of that limited class of skilled individuals, upon whose special knowledge and expertise concerning the danger of the products, if any, Exxon Mobil was entitled to rely. Defendant had no duty to warn of dangers of which Michael Grady knew or should have known, as a result of his special knowledge and expertise in the handling of these products.

11.    As further answer and defense, Exxon Mobil states that Plaintiffs' causes of action are barred because a reasonable user would have been aware of the alleged risks of the products at issue and because Michael Grady knew of the alleged risks of the products at issue.

12.    As further answer and defense, Exxon Mobil states that if it is found liable, which liability this Defendant specifically denies, then it is entitled to indemnity, contribution and/or setoff from those persons or entities whose fault caused or contributed to the damages for which recovery is sought, and is further entitled to liability protection to the full extent permitted under Missouri law or any other applicable law.

13.    As further answer and defense, Exxon Mobil states that all or part of Plaintiffs' claims are preempted by the applicable federal and/or state statutes, rules, standards or regulations, specifically including but not limited to the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. §1261 *et seq*. with its predecessor, the Federal Hazardous Substances Labeling Act.

14.    As further answer and defense, Exxon Mobil states that it is entitled to a determination of the percentage of responsibility of Plaintiffs, each defendant, each person, and each responsible party, even if such person or entity has not been joined in this action, for each such persons causing or contributing to cause in any way the harm for which recovery of

damages are sought by Plaintiffs, whether by negligent act or omission, by any defective or unreasonably dangerous product, or by other conduct or activity that violates an applicable legal standard, or by any combination thereof, and, if Exxon Mobil is found liable, which liability this Defendant continues to deny, then it is entitled to a reduction of its liability to the extent of determined percentages of responsibility pursuant to and consistent with the operation of comparative fault in Missouri.

15.     As further answer and defense, Exxon Mobil states that any claim here for punitive damages is in violation of the Commerce Clause of Article I, Section 9, of the United States Constitution and this Defendant's constitutional rights under the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments of the United States Constitution and the due process clause of the Missouri Constitution in that said damages are penal in nature and tantamount to the imposition of a criminal fine; further, that the guidelines, standards and/or instructions for the imposition of punitive damages are vague, indefinite and uncertain and set no limit on the damages which can be awarded and amount to excessive fines and furthermore, do not apprise this Defendant of the conduct that will subject it to criminal penalties, expose it to multiple punishment and fines for the same act, and discriminates against this Defendant on the basis of wealth in that different amounts can be awarded against different defendants for the same conduct who differ only in material wealth; further, any award of punitive damages should be subject to de novo review pursuant to the due process clauses of the United States Constitution and the Missouri Constitution.

16.     The imposition of punitive damages in this case based on the out of state conduct, profits, and aggregate financial status of Defendant would violate the Commerce Clause, the

Equal Protection Clause, and the Privileges and Immunities Clause of the United States Constitution.

17.     As further answer and defense, Exxon Mobil states that to the extent Plaintiffs have released, settled and entered into an accord and satisfaction or otherwise compromised their claims herein with any other responsible party, then Plaintiffs have accepted compensation as partial settlement of those claims, for which this Defendant is entitled to a setoff.

18.     Exxon Mobil reserves its right to challenge the propriety and convenience of the forum in which Plaintiffs have filed suit.  Based upon Plaintiffs' vague allegations, this Defendant cannot at this time discern whether the public and private interest factors enunciated by the Missouri Supreme Court would favor transfer to another, more convenient forum.

19.     Exxon Mobil reserves the right to challenge the propriety of the venue in which Plaintiffs have filed suit. Based upon Plaintiffs' vague allegations, this Defendant cannot at this time discern whether venue is proper.

20.     The harm which Plaintiffs claim caused the injuries alleged herein was not known to Exxon Mobil nor did this Defendant have reason to know of the risk of said harm at the time of Michael Grady's alleged exposure.  Therefore, any risk of harm was not reasonably foreseeable by this Defendant and this Defendant should not be held liable for the injuries and damages claimed by Plaintiffs.

21.     Exxon Mobil relies upon the state-of-the-art defense in that the status of medical and scientific knowledge was such that Defendant was not legally chargeable with knowledge of any hazards or dangers of its products caused by the components therein at times material to Plaintiffs' causes of action

22.     Exxon Mobil specifically denies that Michael Grady was exposed to any benzene or benzene-containing product that was in any way attributable to Exxon Mobil.

23.     As further answer and defense, Exxon Mobil states that the Petition fails to join necessary and/or indispensable parties. Thus, Plaintiffs' claims are barred.

24.     As further answer and defense, Exxon Mobil states that if Plaintiff Michael Grady was exposed to any products of this Defendant, which is specifically denied, then such exposure was inconsequential or *de minimis*, thus barring any recovery by Plaintiffs.

25.     As further answer and defense, Exxon Mobil states that to the extent that Plaintiff Michael Grady's exposure to benzene or benzene-containing products, for which Plaintiffs seek recovery against this Defendant, occurred while Plaintiff Michael Grady was employed by Exxon Mobil, he should be considered a statutory employee under the Missouri Worker's Compensation Act, RSMo. § 287.040.1, and under which the Labor and Industrial Relations Commission is the proper entity to hear Plaintiffs' claims. If another State's worker's compensation act applies, that act would determine the proper entity for Plaintiffs' claims.

26.     As further answer and defense, Exxon Mobil states that, while denying at all times that any products allegedly manufactured, distributed, or sold by Exxon Mobil caused or contributed to the injuries and damages alleged in the Plaintiffs' Petition, Exxon Mobil avers that Plaintiff Michael Grady was warned or otherwise was aware of the alleged dangers of benzene and benzene-containing products and further, that any such dangers, if they existed, were not beyond that which would have been contemplated by an ordinary industrial user of benzene and benzene-containing products. Plaintiffs, therefore, are barred from any recovery against Exxon Mobil for the claims asserted due to the fact that there was no known adequate substitute for the

benzene or benzene-containing products. Said products constituted unavoidably unsafe products, the benefits of which outweighed any alleged damages or injuries caused by the same.

27.    Exxon Mobil will assert any and all additional defenses which become available or appear during discovery proceedings in this action. Exxon Mobil specifically reserves the right to amend its Answer for the purpose of asserting such additional affirmative defenses.

28.    Exxon Mobil adopts and asserts any affirmative defenses raised or asserted by other defendants to this action that are also applicable to Exxon Mobil. Exxon Mobil specifically reserves its right to assert additional affirmative defenses based on the law of any other state where Plaintiffs claim Plaintiff Michael Grady was allegedly exposes to benzene and/or benzene containing products.

WHEREFORE, Defendant Exxon Mobil corporation prays that this Court dismiss Plaintiffs' Petition with prejudice, for its costs incurred herein, and for such other and further relief as this Court determines to be just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY.**

Respectfully submitted,

CHILTON YAMBERT PORTER LLP

*s/Jonathan E. Schmalfeld*
Jonathan E. Schmalfeld #68374
3823 Connecticut
St. Louis, MO  63116
(314) 249-3869
jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
Chilton Yambert Porter LLP
303 W. Madison, Suite 2300
Chicago, IL  60606
(312) 634-1261
lchilton@cyp-law.com
*Attorneys for Defendant Exxon Mobil Corporation*

## **CERTIFICATE OF SERVICE**

I, Jonathan E. Schmalfeld, Attorney for Defendant Exxon Mobil Corporation, do hereby certify I electronically filed the foregoing on March 11, 2021 with the Missouri Courts E-Filing System pursuant to Missouri Rule of Civil Procedure 103.08 which will send notification of such filing(s) to all attorneys of record.

*s/Jonathan E. Schmalfeld*
Jonathan E. Schmalfeld

*Attorneys for Plaintiffs*
Christopher Dysart
Dysart Law Firm, P.C.
16020 Swingley Ridge Road, Ste. 340
Chesterfield, MO 63017
cdysart@dysart-law.com
rspeichinger@dysart-law.com
mduffy@dysart-law.com

*Attorneys for Turtle Wax*
Gary L. Smith
M. Ann Hatch
Sandberg Phoenix & von Gontard P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101-1313
Phone: 314-231-6700
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com

*Attorneys for Mallinckrodt, MI Holdings, Inc.*
Bryan Timothy Pratt
Mathew Lee Larsen
Christopher Michael Sorenson
Shook Hardy & Bacon
2555 Grand Blvd. Kansas City, MO 64108
Phone: 816-474-6550
bpratt@shb.com
mlarsen@shb.com
csorenson@shb.com

*Attorneys for Shell and Equilon Enterprises*
Richard Korn
Peter Cosgrove
Madison Johnston
Fox Smith
One Memorial Drive, 12th Floor
St. Louis, MO 63102
rkorn@foxsmithlaw.com

*Attorneys for Anheuser-Busch*
Thomas L. Orris
Matthew E. Pelikan
Ross S. Titzer
Cosmich Simmons & Brown, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
Phone: (314) 735-2560
Tom.Orris@cs-law.com
matthew.pelikan@cs-law.com
ross.titzer@cs-law.com
citymail@cs-law.com

*Attorneys for St. Louis Testing Laboratories*
Joshua M. Schindler
Brian P. Doty
The Schindler Law Firm
141 N. Meramec, Suite 201
St. Louis, MO 63105
Phone: 314-862-1411
josh@schindlerlawfirm.com

*Attorneys for Procter & Gamble*
Richard A. Brown
Jerome S. Warchol, Jr.
Cosmich Simmons & Brown, PLLC
One Eastover Center
100 Vision Drive, Suite 200
Jackson, MS 39211
Phone: 601-863-2100
rich@cs-law.com
jerry.warchol@cs-law.com
citymail@cs-law.com

*Attorneys for Radiator Specialty*
Jeffrey Bash
Lewis Brisbois Bisgaard & Smith
Mark Twain Plaza II
103 West Vandalia, Suite 300
Edwardsville, IL 62025
Phone: 618-307-7290
jeff.bash@lewisbrisbois.com
Assistant: bcox@lbbslaw.com
justin.zimmerman@lewisbrisbois.com

*Attorneys for Pharmacia, Upjohn Company, Eastman Chemical Co., Solutia Inc., Monsanto Co.*
Adam E. Miller
CAPES, SOKOL, GOODMAN AND SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
miller@capessokol.com

*Attorneys for Safety-Kleen*
Gary E. Snodgrass
J. Phillip Bryant
Pitzer Snodgrass, P.C.
100 South Fourth Street, Suite 400
St. Louis, MO 63102-1821
Phone: 314-421-5545
snodgrass@pspclaw.com
meriage@pspclaw.com
bryant@pspclaw.com

*Attorneys for US Steel*
Bryan Hopkins
Brandon Black
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105-3441
Phone: 314-480-1954
bryan.hopkins@huschblackwell.com
brandon.black@huschblackwell.com

*Attorney for Mistic Metal Mover, Inc.*
Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

MICHAEL GRADY and )
KATHLEEN GRADY, )
                          )
          Plaintiffs, )
                          )
         v. )          Case No. 2022-CC09797
                          )
MONSANTO COMPANY, *et al.*, )
                          )
          Defendants. )

## DEFENDANT MI HOLDINGS, INC.'S MOTION TO DISMISS
## PLAINTIFFS' FIRST AMENDED PETITION OR, IN THE ALTERNATIVE,
## <u>MOTION FOR A MORE DEFINITE STATEMENT</u>

Defendant MI Holdings, Inc. ("MI Holdings") by and through counsel, and pursuant to Rule 55.27(a) of the Missouri Rules of Civil Procedure, moves to dismiss Plaintiffs' First Amended Petition. In support of its motion, MI Holdings states as follows:

1.     Plaintiffs have sued numerous Defendants, including MI Holdings, seeking damages for Michael Grady's alleged benzene-related injuries. Plaintiffs attempt to state a cause of action against MI Holdings based upon a theory of negligence. Plaintiffs also seek damages for loss of consortium.

2.     Plaintiffs' First Amended Petition should be dismissed on numerous grounds as described in more detail below. By way of this motion, MI Holdings does not waive any arguments, defenses or rights, including, but not limited to, arguments based upon lack of personal jurisdiction, failure to plead a cause of action, improper venue, federal preemption, statutes of limitation, and/or statutes of repose.

3.     Plaintiffs' First Amended Petition should be dismissed. It is well settled that Missouri is a fact-pleading state. *State ex rel. Harvey v. Wells,* 955 S.W.2d 546, 547 (Mo. banc

1997); *Luethans v. Washington Univ.,* 894 S.W.2d 169, 171 (Mo. banc 1995); *ITT Commercial Finance v. Mid-Am. Marine*, 854 S.W.2d 371, 377 (Mo. banc 1995). The purpose of fact-pleading is the quick, efficient, and fair resolution of disputes. Fact-pleading identifies, narrows, and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *Luethans,* 894 S.W.2d at 171.

4.      In this case, Plaintiffs have violated both the substance and spirit of that law as the First Amended Petition is wholly devoid of basic factual information. Plaintiffs bring this action against many Defendants. Large groups of the Defendants have been lumped together in almost every Count. Plaintiffs do not sufficiently identify any Defendant as having manufactured or sold any specific "potentially cancer-causing chemicals" to which Michael Grady was allegedly exposed to at MI Holdings' alleged premises. First Amended Petition at ¶ 34. Plaintiffs do not identify with sufficient particularity the time period in which Michael Grady was allegedly exposed to any particular "potentially cancer-causing chemicals." *Id.* In fact, nowhere in Plaintiffs' First Amended Petition does it allege Mr. Grady actually came into contact with a cancer-causing chemical. Instead, Plaintiffs merely set forth bare conclusions and vague assertions in place of properly pleaded facts.

5.      As Plaintiffs' allegations currently stand, it is impossible for MI Holdings to know when Mr. Grady was allegedly injured, or how he was allegedly injured. This information is crucial to MI Holdings' ability to isolate what legal and factual issues are involved in the case, what discovery is necessary, and what evidence is relevant. Notably, these very same issues plagued Plaintiffs' original Petition, which was the subject of a similar motions to dismiss filed by MI Holdings and other Defendants in this action. Nevertheless, Plaintiffs have again failed to cure these pleading deficiencies despite having the opportunity to do so by way of their Amended

Petition. As set forth above, Plaintiffs have a duty under Missouri law to plead sufficient facts so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *Luethans*, 894 S.W.2d at 171. Plaintiffs have not done so, and their First Amended Petition should therefore be dismissed.

6.      Count II of Plaintiffs' First Amended Petition is titled "Negligence: Premises Liability." In order to plead a cause of action for negligence, Plaintiffs must establish that Defendants owed a duty to Mr. Grady to protect him from injury, that Defendants failed to perform under that duty, and that such failure caused his injuries. *Meekins v. St. John's Reg. Health Ctr.,* 149 S.W.3d 525, 532 (Mo. App. S.D. 2004). In this case, however, Plaintiffs do not allege facts that demonstrate that any Defendant owed any legal duty of care to Mr. Grady and/or that that any Defendant breached any such duty. Without such facts, Plaintiffs have failed to state a claim against MI Holdings for negligence. Count II should therefore be dismissed.

7.      To the extent Plaintiffs claim Mr. Grady was a business invitee of MI Holdings, Plaintiffs have still not stated a claim of negligence against MI Holdings. First, Plaintiffs have not alleged sufficient facts to establish Mr. Grady was an invitee on MI Holdings' premises. Second, Plaintiffs have not alleged sufficient facts demonstrating that MI Holdings breached any duty owed to Mr. Grady even if he was an invitee. Missouri law provides that the possessor of land owes invitees the duty to exercise reasonable care to protect the invitee against both known dangers and those that would be revealed by inspection. *Adams v. Badgett*, 114 S.W.3d 432, 438 (Mo. App. E.D. 2003. The duty does not include insuring an invitee's safety. *See Medows v. Brockmeier,* 863 S.W.2d 675, 676 (Mo. App. E.D. 1993). Plaintiffs have not alleged any facts with sufficient particularity to establish that MI Holdings breached any duty owed to Mr. Grady as an alleged

3

invitee. As such, any claims against MI Holdings that are based on an alleged duty owed to business invitees should be dismissed.

8.      Furthermore, to the extent Mr. Grady was present on MI Holdings' premises as an invitee while a third-party contractor was in control of construction work on the premises, MI Holdings cannot be held liable for Mr. Grady's injuries.  Under Missouri law, when a landowner relinquishes possession and control of the premises to an independent contractor during a period of construction, the independent contractor, not the landowner, is seen as the possessor of the land. The duty to use reasonable care to protect invitees shifts from the landowner to the independent contractor.  *Noble v. Martin*, 908 S.W.2d 390, 391 (Mo. App. E.D. 1995).  As such, any claims against MI Holdings which are based upon alleged exposures that occurred while an unrelated third party was in control of the premises should be dismissed.

9.      Likewise, to the extent Plaintiffs are alleging Mr. Grady was an employee or statutory employee[1] of MI Holdings, Plaintiffs' claims against MI Holdings are barred and subject to dismissal because this Court lacks statutory authority to grant relief in this case.  The Missouri Workers' Compensation Law vests authority to decide claims related to employee injuries exclusively in the Missouri Labor and Industrial Relations Commission.  Alternatively, and to the extent Mr. Grady was not an employee or statutory employee of MI Holdings, Plaintiffs have still failed to state a claim against MI Holdings. MI Holdings had no duty to provide a safe workplace

---

[1] The Missouri Workers' Compensation Law states, in relevant part, "Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business." §287.040.1, RSMo (2005).

to Mr. Grady as a non-employee. In either instance, any claims against MI Holdings that are based upon an alleged duty to provide a safe workplace to Mr. Grady should be dismissed.

10.    In Count XVII, Plaintiffs allege loss of consortium. Count XVII fails to state a cause of action against MI Holdings in that it is predicated on Count II.  As set forth above, this count does not state a cause of action against MI Holdings.  A loss of consortium action derives from an injured spouse's action for injury and is dependent upon the establishment of defendant's liability for damages to the injured spouse.  *Lear v. Norfolk and Western Railway Co.,* 815 S.W.2d 12, 14-15 (Mo. App. W.D. 1991); *Pease v. Ace Hardware Home Center of Round Lake,* 147 Ill. App. 3d 546 (1986).  Therefore, Count XVII should be dismissed.

11.    Plaintiffs' First Amended Petition does not set forth any specific facts establishing that the City of St. Louis is the proper venue or forum for this case; therefore, it should be dismissed. §508.010.4, RSMo. (2014).

12.    Plaintiffs' claims are barred by the applicable statutes of limitations.

13.    Some or all of Plaintiffs' claims are barred by the applicable statutes of repose.

14.    MI Holdings incorporates and adopts herein the motions and arguments made in response to Plaintiffs' First Amended Petition by the co-defendants in this cause of action, to the extent that they do not contradict the arguments raised in this motion.

15.    In the alternative, MI Holdings moves, pursuant to Rule 55.27(d) of the Missouri Rules of Civil Procedure, for an order requiring Plaintiffs to make their pleading more definite and particular to enable MI Holdings to prepare a responsive pleading or otherwise prepare for trial.

## REQUEST FOR JURY TRIAL

MI Holdings seeks a trial by jury on all issues so triable.

5

WHEREFORE, MI Holdings respectfully requests that this Court enter an Order dismissing Plaintiffs' First Amended Petition with prejudice or enter judgment that Plaintiffs take nothing, assess costs against Plaintiffs, or in the alternative, enter an Order directing Plaintiffs to plead their claims more definitely, and award all other relief, in law and in equity, to which MI Holdings is entitled.

Dated: March 11, 2021                                        Respectfully submitted,


                                                            SHOOK, HARDY & BACON L.L.P.

                                                            By:____ */s/ Bryan T. Pratt*_____
                                                                    Bryan T. Pratt #48798
                                                                    Mathew L. Larsen #60168
                                                                    Christopher M. Sorenson #68412
                                                                    2555 Grand Blvd.
                                                                    Kansas City, MO 64108
                                                                    Telephone: (816) 474-6550
                                                                    bpratt@shb.com
                                                                    mlarsen@shb.com
                                                                    csorenson@shb.com

                                                            **ATTORNEYS FOR DEFENDANT
                                                            MI HOLDINGS, INC.**

6

4821-4889-1359 v2

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2021, the above and foregoing pleading was filed electronically with the City of St. Louis Circuit Clerk's office by using the Missouri Electronic Document Management System which will send a notice of electronic filing to all counsel of record.

By:  */s/ Bryan T. Pratt*
　　　Bryan T. Pratt

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY | ) | |
| | ) | Cause No.: 2022-CC09797 |
| Plaintiffs, | ) | |
| | ) | Div. No.: 12 |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY; SAFETY-KLEEN | ) | JURY TRIAL DEMANDED |
| SYSTEMS INC.; MALLINCKRODT, LLC; | ) | |
| MI HOLDINGS, INC.; SOLUTIA INC.; | ) | |
| EASTMAN CHEMICAL COMPANY, | ) | |
| Individually and as a successor to Solutia Inc.; | ) | |
| PHARMACIA & UPJOHN COMPANY LLC; | ) | |
| EXXONMOBIL OIL CORPORATION, as | ) | |
| successor to Mobil Oil Corporation | ) | |
| (D/B/A/ Mobil Oil); ANHEUSER-BUSCH | ) | |
| INBEV WORLDWIDE INC.; PROCTER & | ) | |
| GAMBLE MANUFACTURING CO.; SHELL | ) | |
| OIL COMPANY, Individually and as successor | ) | |
| to Shell Oil Company, Incorporated, Shell | ) | |
| Chemical LP (f/ka Shell Chemical Company), | ) | |
| and Shell Oil Products Company; | ) | |
| RADIATOR SPECIALTY COMPANY; | ) | |
| UNITED STATES STEEL CORPORATION; | ) | |
| MISTIC METAL MOVER, INC.; | ) | |
| TURTLE WAX, INC.; and | ) | |
| ST. LOUIS TESTING LABORATORIES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS MONSANTO COMPANY, SOLUTIA, INC., EASTMAN
CHEMICAL COMPANY, AND PHARMACIA LLC'S (INCORRECTLY NAMED AS
PHARMACIA & UPJOHN COMPANY LLC) ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' FIRST AMENDED PETITION**

COME NOW Defendants Monsanto Company, Solutia Inc., Pharmacia LLC (incorrectly

name as Pharmacia & Upjohn Company LLC), and Eastman Chemical Company (collectively

1

"Answering Defendants[1]"), by and through their undersigned counsel, and respond to Plaintiffs'
First Amended Petition as follows:

## JURISDICTION AND VENUE

1.    Answering Defendants lack sufficient information to admit or deny the allegations
in Paragraph 1 and thus deny on that basis.

2.    Answering Defendants lack sufficient information to admit or deny the allegations
in Paragraph 2 and thus deny on that basis.

3.    Answering Defendants admit that Monsanto Company is a corporation
incorporated in the state of Delaware with its principle place of business in the State of Missouri.

4.    Answering Defendants lack sufficient information to admit or deny the allegations
in Paragraph 4 and thus deny on that basis.

5.    Answering Defendants lack sufficient information to admit or deny the allegations
in Paragraph 5 and thus deny on that basis.

6.    Answering Defendants lack sufficient information to admit or deny the allegations
in Paragraph 6 and thus deny on that basis.

7.    Answering Defendants lack sufficient information to admit or deny the allegations
in Paragraph 7 and thus deny on that basis.

8.    Answering Defendants admit that Solutia Inc. ("Solutia") is a Delaware corporation
with its principal place of business in St. Louis County, Missouri, and is a wholly-owned

---

[1] "Old Monsanto" is the former Monsanto Company (n/k/a Pharmacia LLC) that manufactured and sold PCBs from 1935 to 1977. The PCB business was "spun-off" to Solutia in 1997. The current Monsanto Company (sometimes referred to as "New Monsanto") first came into existence in 2000. Solutia Inc., Eastman Chemical Company and the current Monsanto Company have never manufactured or sold PCBs.

subsidiary of Eastman Chemical Company.  Except as otherwise admitted, Answering Defendants deny the remaining allegations in Paragraph 8.

9.    Answering Defendants admit that Eastman Chemical Company is a Delaware corporation with its principal place of business in Kingsport, Tennessee.  Except as otherwise admitted, Answering Defendants deny the remaining allegations in Paragraph 9.

10.    Defendants admit that Pharmacia LLC ("Pharmacia") is a citizen of the states of New York and Delaware. Defendants admit that Pharmacia is an indirect, wholly-owned subsidiary of Pfizer, but state that Pfizer and Pharmacia are and have remained separate and distinct entities.  Except as otherwise admitted, Answering Defendants deny the remaining allegations in Paragraph 10.

11.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 11 and thus deny on that basis.

12.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 12 and thus deny on that basis.

13.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 13 and thus deny on that basis.

14.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 14 and thus deny on that basis.

15.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 15 and thus deny on that basis.

16.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 16 and thus deny on that basis.

17.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 17 and thus deny on that basis.

18.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 18 and thus deny on that basis.

19.     The allegations in Paragraph 19 constitute Plaintiffs' characterization of terms used in their own Petition to which no response is required.  To the extent a response is required, Answering Defendants deny each and every allegation contained therein.

20.     Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants deny the remaining allegations in Paragraph 20.

21.     To the extent the allegations in Paragraph 21 are directed toward Answering Defendants, Answering Defendants deny the allegations in Paragraph 21.

22.     Paragraph 22 states a legal conclusion to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation contained therein.

23.     Paragraph 23 states a legal conclusion to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation contained therein.

## ALLEGATIONS COMMON TO ALL COUNTS

### I. Plaintiff Michael Grady's Exposure Routes

24.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 24 and thus deny on that basis.

25.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 25 and thus deny on that basis.

26.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 26 and thus deny on that basis. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs and benzene, has no meaning without context as to the duration of exposure and dose.

27.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 27 and thus deny on that basis.

28.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 28 and its subsections and thus deny on that basis.

29.    Paragraph 29 states a legal conclusion to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation contained therein.

30.    Answering Defendants deny the allegations contained in Paragraph 30.

31.    Answering Defendants admit that PCBs are a class of chlorinated organic chemical compounds, comprising the potential for 209 different chemical compounds separately identified by number (e.g., PCB 180, PCB 118, PCB 153, etc.).  Each individual unique PCB compound is known as a different "congener." Answering Defendants further admit that Old Monsanto commenced manufacturing PCBs in the 1930s after acquisition of the Swann Chemical Company. Answering Defendants admit that Old Monsanto sold PCBs and PCB products to a variety of industrial customers for a variety of industrial applications. In 1970, Old Monsanto began a program of voluntarily terminating sales of PCBs for uses other than in electrical equipment applications. By 1972, the sole remaining applications for which Old Monsanto sold PCBs were for use in closed electrical applications. Old Monsanto ceased all manufacturing and sale of PCBs in 1977 after

electrical industry identified suitable replacements. Answering Defendants deny the remaining allegations in Paragraph 31.

32.    Answering Defendants deny the allegations contained in Paragraph 32.

33.    The allegations in Paragraph 33 are not directed to Answering Defendants. Thus, no response is required.  To the extent a response is required, Answering Defendants deny the remaining allegations in Paragraph 33.

34.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 34 and thus deny on that basis.

35.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 35 and thus deny on that basis.

36.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 36 and thus deny on that basis.

37.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 37 and thus deny on that basis.

38.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 38 and thus deny on that basis.

39.    Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants further state that any reference to the "toxicity" of a chemical, including PCBs and benzene, has no meaning without context to the nature and extent of exposure and dose.  Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 39 and thus deny on that basis.

40.    Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans.

Answering Defendants further state that any reference to the "toxicity" of a chemical, including PCBs and benzene, has no meaning without context to the nature and extent of exposure and dose. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 40 and thus deny on that basis.

41.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 41 and thus deny on that basis.

42.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 42 and thus deny on that basis.

## FACTS CONCERNING MONSANTO

43.     Answering Defendants admit that Old Monsanto was founded in 1901. Answering Defendants admit that Old Monsanto is the original Monsanto Company (n/k/a Pharmacia LLC) and once operated agricultural, chemical, and pharmaceutical businesses; that the chemicals business was "spun-off" to Solutia in 1997; that since 2000 the present/current Monsanto Company has operated the agricultural business; and that Pharmacia retained the pharmaceutical business. Answering Defendants further admit that certain assets and liabilities relating to Pharmacia's commercial chemical business were transferred to Solutia in 1997 and that the rights and responsibilities of the parties related to that transfer are detailed in various corporate transactional and legal documents, the terms of which speak for themselves. Answering Defendants admit that Solutia filed a bankruptcy petition in 2003 and ultimately emerged from bankruptcy in 2008. Answering Defendants deny all remaining allegations of Paragraph 43.

44.     Answering Defendants admit that the original Monsanto Company, "Old Monsanto," (n/k/a Pharmacia) once operated agricultural, chemical, and pharmaceutical businesses, that the chemicals business was "spun-off" to Solutia in 1997, that since 2000 the

7

present/current Monsanto Company has operated the agricultural business, and that Pharmacia retained the pharmaceutical business. Answering Defendants deny all remaining allegations of Paragraph 44.

45.    Answering Defendants deny the allegations of Paragraph 45.

46.    Answering Defendants deny the allegations of Paragraph 46.

47.    The rights and responsibilities of the parties to the transaction are detailed in various, corporate transactional and legal documents, the terms of which speak for themselves. Answering Defendants deny all remaining allegations of Paragraph 47.

48.    Answering Defendants admit that a facility known as the W. G. Krummrich Plant was located at 500 Monsanto Avenue, Village of Sauget, Illinois 62201.

49.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 49 and thus deny on that basis.

50.    Answering Defendants admit that the company formally known as Monsanto Company acquired the Krummrich Plant in or around 1917 from Commercial Acid Company. Answering Defendants deny the remaining allegations in Paragraph 50.

51.    Answering Defendants admit that various chemicals were produced at the Sauget facility, including chlorobenzene, chlorophenols, o-dichlorobenzene, nitrochlorobenzene, polychlorinated biphenyls (PCBs). Answering Defendants deny the remaining allegations in Paragraph 51.

52.    Answering Defendants admit that the W. G. Krummrich Plant is located in the Village of Sauget a portion of which abuts the Mississippi River. Answering Defendants also admit that in or around 1957, construction began on a river barge terminal on the Krummrich Plant

property at the Mississippi River front.  Answering Defendants deny the remaining allegations in Paragraph 52.

53.    Answering Defendants admit that the W. G. Krummrich Plant contained a number of areas including the chlorobenzene processing area, the benzene storage area, and the benzene pipeline area.    Answering Defendants further admit that the facility used benzene and manufactured PCBs, chlorobenzene, and other products at the W.G. Krummrich Plant in the Village of Sauget.  Answering Defendants deny the remaining allegations in Paragraph 53.

54.    Answering Defendants admit that from time to time, Shell Chemical Company supplied the W. G. Krummrich plant Nitration Grade Benzene.  Answering Defendants deny the remaining allegations in Paragraph 54.

<div align="center">

**COUNT I**
**NEGLIGENCE: PREMISES LIABILITY**
**(AGAINST DEFENDANTS MONSANTO, SOLUTIA,**
**PHARMACIA, AND EASTMAN CHEMICAL)**

</div>

55.     Answering Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 54 as though fully set forth herein.

56.    Answering Defendants state that said allegation calls for a legal conclusion to which no response is required.  To the extent a response is necessary, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 56 and thus deny on that basis.

57.    Answering Defendants state that said allegation calls for a legal conclusion to which no response is required.  To the extent a response is necessary, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 57 and thus deny on that basis.

58.    Answering Defendants deny the allegations contained in Paragraph 58.

9

59.     Answering Defendants state that said allegation calls for a legal conclusion to which no response is required.  To the extent a response is necessary, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 59 and thus deny on that basis.

60.     Answering Defendants deny the allegations contained in Paragraph 60.

61.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 61 and thus deny on that basis.

62.     Answering Defendants deny the allegations in Paragraph 62.

63.     Answering Defendants deny the allegations in Paragraph 63.

64.     Answering Defendants deny the allegations in Paragraph 64.

65.     Paragraph 65 contains legal conclusions to which no answer is required.  To the extent an answer is required, Answering Defendants deny that it breached any duties allegedly owed to Plaintiff, deny that Plaintiffs were damaged or injured as alleged, and deny each and every remaining allegation in Paragraph 65.

66.     Answering Defendants deny each and every allegation of fact contained in Paragraph 66 and subsections (a) – (g) and further deny that they owed or breached any duty(ies) allegedly owed to Plaintiff.

67.     Answering Defendants deny the allegations in Paragraph 67.

68.     Answering Defendants deny the allegations in Paragraph 68.

**COUNT II**
**NEGLIGENCE: PREMISES LIABILITY**
**(AGAINST DEFENDANTS ANHEUSER-BUSCH INBEV, PROCTOR & GAMBLE AND MALLINCKRODT/MI HOLDINGS)**

69.     The allegations in Paragraph 69 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants

10

lack sufficient information to admit or deny the allegations in Paragraph 69 and thus deny on that basis.

69. The allegations in Paragraph 70 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 70 and thus deny on that basis.

71. The allegations in Paragraph 71 are not directed to Defendants Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 71 and thus deny on that basis.

72. The allegations in Paragraph 72 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 72 and thus deny on that basis.

73. The allegations in Paragraph 73 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 73 and thus deny on that basis.

74. The allegations in Paragraph 74 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 74 and thus deny on that basis.

75.     The allegations in Paragraph 75 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 75 and thus deny on that basis.

76.     The allegations in Paragraph 76 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 76 and thus deny on that basis.

77.     The allegations in Paragraph 77 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 77 and thus deny on that basis.

78.     The allegations in Paragraph 78 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 78 and thus deny on that basis.

79.     The allegations in Paragraph 79 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 79 and thus deny on that basis.

80.     The allegations in Paragraph 80 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required.  To the extent a response is required,

Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 80 and thus deny on that basis.

81.     The allegations in Paragraph 81 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required.  The allegations in Paragraph 81 are not directed to.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 81 and thus deny on that basis.

82.     The allegations in Paragraph 82 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 82 and thus deny on that basis.

### COUNT III
### <u>NEGLIGENCE: PREMISES LIABILITY</u>
### (AGAINST DEFENDANT EXXONNMOBIL OIL CORPORATION)

83.     The allegations in Paragraph 83 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 83 and thus deny on that basis.

84.     The allegations in Paragraph 84 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 84 and thus deny on that basis.

85.     The allegations in Paragraph 85 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants

lack sufficient information to admit or deny the remaining allegations in Paragraph 85 and thus deny on that basis.

86.     The allegations in Paragraph 86 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 86 and thus deny on that basis.

87.     The allegations in Paragraph 88 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 88 and thus deny on that basis.

88.     The allegations in Paragraph 88 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 88 and thus deny on that basis.

89.     The allegations in Paragraph 89 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 89 and thus deny on that basis.

90.     The allegations in Paragraph 90 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 90 and thus deny on that basis.

91.    The allegations in Paragraph 91 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 91 and thus deny on that basis.

92.    The allegations in Paragraph 92 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 92 and thus deny on that basis.

93.    The allegations in Paragraph 93 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 93 and thus deny on that basis.

94.    The allegations in Paragraph 94 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 94 and thus deny on that basis.

95.    The allegations in Paragraph 95 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 95 and thus deny on that basis.

96.    The allegations in Paragraph 96 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding

benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 96 and thus deny on that basis.

97.    The allegations in Paragraph 97 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 97 and thus deny on that basis.

**COUNT IV**
**NEGLIGENCE AS TO PRODUCER**
**(AGAINST DEFENDANT SHELL OIL COMPANY)**

98.    The allegations in Paragraph 98 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 98 and thus deny on that basis.

99.    The allegations in Paragraph 99 constitute Plaintiffs' characterization of terms used in their own Complaint, to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation contained therein..

100.    The allegations in Paragraph 100 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants admit that from time to time, Shell Chemical Company supplied the W. G. Krummrich plant Nitration Grade Benzene. Answering Defendants deny the remaining allegations in Paragraph 100.

101.    The allegations in Paragraph 101 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants

admit that from time to time, Shell Chemical Company supplied the W. G. Krummrich plant Nitration Grade Benzene. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

102.    The allegations in Paragraph 102 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants admit that from time to time, Shell Chemical Company supplied the W. G. Krummrich plant Nitration Grade Benzene. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

103.    The allegations in Paragraph 103 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.  Defendant lacks sufficient information as to what Shell Chemical Company knew or should have known and thus deny on that basis.

104.    The allegations in Paragraph 104 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

105.    The allegations in Paragraph 105 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that from time to time, Shell Chemical Company supplied the W. G. Krummrich plant Nitration Grade Benzene. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

106.    The allegations in Paragraph 106 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

107.    The allegations in Paragraph 107 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants deny that they have caused or contributed to Michael Grady's alleged

18

damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

**COUNT V**
**NEGLIGENCE AS TO MANUFACTURER & DISTRIBUTOR**
**OF PRODUCTS CONTAINING BENZENE**
**(AGAINST DEFENDANT EXXONNMOBIL)**

108.    The allegations in Paragraph 108 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 108 and thus deny on that basis.

109.    The allegations in Paragraph 109 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 109 and thus deny on that basis.

110.    The allegations in Paragraph 110 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 110 and thus deny on that basis.

111.    The allegations in Paragraph 111 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 111 and thus deny on that basis.

112.    The allegations in Paragraph 112 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants

19

admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 112 and thus deny on that basis.

113.    The allegations in Paragraph 113 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 113 and thus deny on that basis.

114.    The allegations in Paragraph 114 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 114 and thus deny on that basis.

115.    The allegations in Paragraph 115 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 115 and thus deny on that basis.

116.    The allegations in Paragraph 116 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding

20

benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 116 and thus deny on that basis.

**COUNT VI**
**NEGLIGENCE AS TO PRODUCER, MANUFACTURER & DISTRIBUTOR**
**OF PRODUCTS CONTAINING BENZENE**
**(AGAINST DEFENDANTS TURTLE WAX, MISTIC METAL MOVERS, UNITED STATES STEEL, RADIATOR SPECIALTY)**

117.    The allegations in Paragraph 117 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 117 and thus deny on that basis.

118.    The allegations in Paragraph 118 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 118 and thus deny on that basis.

119.    The allegations in Paragraph 119 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 119 and thus deny on that basis.

120.    The allegations in Paragraph 120 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 120 and thus deny on that basis.

121.    The allegations in Paragraph 121 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 121 and thus deny on that basis.

122.    The allegations in Paragraph 122 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 122 and thus deny on that basis.

123.    The allegations in Paragraph 123 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 123 and thus deny on that basis.

124.    The allegations in Paragraph 124 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 124 and thus deny on that basis.

125.    The allegations in Paragraph 125 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 125 and thus deny on that basis.

**COUNT VII**
**STRICT LIABILITY – FAILURE TO WARN**
**(AGAINST DEFENDANTS SHELL OIL COMPANY, EXXONMOBIL, TURTLE WAX, MISTIC METAL MOVERS, UNITED STATES STEEL, RADIATOR SPECIALTY)**

126.    The allegations in Paragraph 126 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 126 and thus deny on that basis.

127.    The allegations in Paragraph 127 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 127 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

128.    The allegations in Paragraph 128 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in

23

Paragraph 128 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

129.    The allegations in Paragraph 129 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 129 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

130.    The allegations in Paragraph 130 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 130 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

131.    The allegations in Paragraph 131 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the

24

extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 131 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

132.    The allegations in Paragraph 132 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 132 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

133.    The allegations in Paragraph 133 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 133 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at

any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

134.    The allegations in Paragraph 134 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 134 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

<p style="text-align:center"><strong>COUNT VIII<br>
<u>STRICT LIABILITY – DEFECTIVE PRODUCT</u><br>
(AGAINST DEFENDANTS SHELL OIL COMPANY,<br>
RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC<br>
METAL MOVERS, TURTLE WAX, EXXONMOBIL)</strong></p>

135.    The allegations in Paragraph 135 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 135 and thus deny on that basis.

136.    The allegations in Paragraph 136 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 136 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering

Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

137.    The allegations in Paragraph 137 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 137 and thus deny on that basis.

138.    The allegations in Paragraph 138 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 138 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

139.    The allegations in Paragraph 139 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 139 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at

any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

140.    The allegations in Paragraph 140 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 140 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

141.    The allegations in Paragraph 141 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 141 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

**COUNT IX**
**NEGLIGENCE – FAILURE TO WARN**
**(AGAINST DEFENDANTS SHELL OIL COMPANY,**
**RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC**
**METAL MOVERS, TURTLE WAX, EXXONMOBIL)**

142.    The allegations in Paragraph 142 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is

28

required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 142 and thus deny on that basis.

143.    The allegations in Paragraph 143 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 143 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

144.    The allegations in Paragraph 144 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 144 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

145.    The allegations in Paragraph 145 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 145 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants

29

further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

146.    The allegations in Paragraph 146 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 146 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

147.    The allegations in Paragraph 147 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 147 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

148.    The allegations in Paragraph 148 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 148 and thus deny on that basis. Answering Defendants deny that

they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

149.    The allegations in Paragraph 149 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 149 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

150.    The allegations in Paragraph 150 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 150 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

151.    The allegations in Paragraph 151 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 151 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

152.    The allegations in Paragraph 152 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 152 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

**COUNT X**
**NEGLIGENCE – DEFECTIVE DESIGN**
**(AGAINST DEFENDANTS SHELL OIL COMPANY,**
**RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC**
**METAL MOVERS, TURTLE WAX, EXXONMOBIL)**

153.    The allegations in Paragraph 153 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 153 and thus deny on that basis.

154.    The allegations in Paragraph 154 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 154 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

155.    The allegations in Paragraph 155 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 155 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

156.    The allegations in Paragraph 156 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 156 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering

Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

157.    The allegations in Paragraph 157 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 157 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

158.    The allegations in Paragraph 158 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 158 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

159.    The allegations in Paragraph 159 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny

the allegations in Paragraph 159 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

160.    The allegations in Paragraph 160 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 160 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

161.    The allegations in Paragraph 161 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 161 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

162.    The allegations in Paragraph 162 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the

extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 162 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

<div align="center">

**COUNT XI**
**NEGLIGENCE AS TO PRODUCER, MANUFACTURER & DISTRIBUTER**
**OF PRODUCTS CONTAINING BENZENE**
**(AGAINST DEFENDANT SAFETY-KLEEN)**

</div>

163.    The allegations in Paragraph 163 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 163 and thus deny on that basis.

164.    The allegations in Paragraph 164 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 164 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

165.    The allegations in Paragraph 165 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in

Paragraph 165 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

166.    The allegations in Paragraph 166 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 166 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

167.    The allegations in Paragraph 167 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 167 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

168.    The allegations in Paragraph 168 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the

37

extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 168 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

169.    The allegations in Paragraph 169 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 169 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

170.    The allegations in Paragraph 170 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 170 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or

premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

171.    The allegations in Paragraph 171 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 171 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

172.    The allegations in Paragraph 172 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 172 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

173.    The allegations in Paragraph 173 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding

benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 173 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

174.    The allegations in Paragraph 174 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 174 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

## COUNT XII
## STRICT LIABILTY – FAILURE TO WARN
### (AGAINST DEFENDANT SAFETY-KLEEN)

175.    The allegations in Paragraph 175 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 175 and thus deny on that basis.

176.    The allegations in Paragraph 176 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 176 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

177.    The allegations in Paragraph 177 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 177 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

178.    The allegations in Paragraph 178 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 178 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at

any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

179.    The allegations in Paragraph 179 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 179 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

180.    The allegations in Paragraph 180 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 180 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

181.    The allegations in Paragraph 181 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 181 and thus

42

deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

182.    The allegations in Paragraph 182 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 182 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

183.    The allegations in Paragraph 183 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 183 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

**COUNT XIII**
**STRICT LIABILITY – DEFECTIVE PRODUCT**
**(AGAINST DEFENDANT SAFETY-KLEEN)**

184.    The allegations in Paragraph 184 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 184 and thus deny on that basis.

185.    The allegations in Paragraph 185 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 185 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

186.    The allegations in Paragraph 186 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 186 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities

44

or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

187.    The allegations in Paragraph 187 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 187 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

188.    The allegations in Paragraph 188 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 188 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

189.    The allegations in Paragraph 189 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 189 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants

further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

190.    The allegations in Paragraph 190 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 190 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

**COUNT XIV**
**NEGLIGENCE – FAILURE TO WARN**
**(AGAINST DEFENDANT SAFETY-KLEEN)**

191.    The allegations in Paragraph 191 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 191 and thus deny on that basis.

192.    The allegations in Paragraph 192 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 192 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at

46

any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

193.    The allegations in Paragraph 193 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 193 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

194.    The allegations in Paragraph 194 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 194 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

195.    The allegations in Paragraph 195 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 195 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants

further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

196.    The allegations in Paragraph 196 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 196 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

197.    The allegations in Paragraph 197 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 197 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

198.    The allegations in Paragraph 198 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 198 and thus deny on that basis. Answering Defendants deny that

they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

199.    The allegations in Paragraph 199 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 199 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

200.    The allegations in Paragraph 200 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 200 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

201.    The allegations in Paragraph 201 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 201 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

**COUNTY XV**
**NEGLIGENCE – DEFECTIVE DESIGN**
**(AGAINST DEFENDANT SAFETY-KLEEN)**

202.    The allegations in Paragraph 202 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 202 and thus deny on that basis.

203.    The allegations in Paragraph 203 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 203 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

204.     The allegations in Paragraph 204 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 204 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

205.     The allegations in Paragraph 205 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 205 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

206.     The allegations in Paragraph 206 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 206 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed,

inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

207.    The allegations in Paragraph 207 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 207 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

208.    The allegations in Paragraph 208 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 208 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

209.    The allegations in Paragraph 209 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 209 and thus deny on that basis. Answering Defendants deny that

52

they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

210.    The allegations in Paragraph 210 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 210 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

211.    The allegations in Paragraph 211 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 211 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

## COUNT XVI
## NEGLIGENCEX-RAY TESTING
### (ST. LOUIS TESTING)

212.    The allegations in Paragraph 212 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 212 and thus deny on that basis.

213.    The allegations in Paragraph 213 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 213 and thus deny on that basis.

214.    The allegations in Paragraph 214 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 214 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed to x-rays at any of Answering Defendants' facilities or premises and that any exposure caused or contributed to his alleged injuries.

215.    The allegations in Paragraph 215 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 215 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that

Plaintiff was exposed to x-rays at any of Answering Defendants' facilities or premises and that any exposure caused or contributed to his alleged injuries.

216.    The allegations in Paragraph 216 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 216 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed to x-rays at any of Answering Defendants' facilities or premises and that any exposure caused or contributed to his alleged injuries.

217.    The allegations in Paragraph 217 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 217 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed to x-rays at any of Answering Defendants' facilities or premises and that any exposure caused or contributed to his alleged injuries.

218.    The allegations in Paragraph 218 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 218 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed to x-rays at any of Answering Defendants' facilities or premises and that any exposure caused or contributed to his alleged injuries.

219.    The allegations in Paragraph 219 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 219 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed to x-rays at any of Answering Defendants' facilities or premises and that any exposure caused or contributed to his alleged injuries.

220.    The allegations in Paragraph 220 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 220 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed to x-rays at any of Answering Defendants' facilities or premises and that any exposure caused or contributed to his alleged injuries.

**COUNT XVII**
**CONSORTIUM**

221.    Answering Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 220 as though fully set forth herein.

222.    Answering Defendants deny the allegations in Paragraph 222.

## AFFIRMATIVE AND OTHER DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Answering Defendants in this matter. Answering Defendants, therefore, assert said defenses in order to preserve the right to assert them.  By asserting the matters set forth below, Answering Defendants do not allege or admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.  Upon completion of discovery, and if the facts warrant, Answering Defendants may withdraw any of these defenses as may be appropriate. Further, Answering Defendants reserve the right to amend their Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, Answering Defendants state the following:

### STATUTE OF LIMITATIONS

1.      Each and every claim asserted or raised in the First Amended Petition is barred by the applicable statute of limitations and/or by the doctrine of laches and/or by the statute of repose, including but not limited to  Mo. Rev. Statute § 516.120.

### FAILURE TO STATE A CLAIM

2.      Plaintiffs' alleged claims, and each of them, fail to state a claim upon which relief may be granted.

### LACK OF PERSONAL JURISDICTION

3.      This Court lacks personal jurisdiction over Eastman Chemical Company or Pharmacia & Upjohn Company LLC, as neither company is incorporated in Missouri nor has its principal place of business in Missouri and neither Eastman Chemical Company or Pharmacia & Upjohn Company LLC have contacts with Missouri related to or arising out of the claims in the First Amended Petition.

## NOT A SUBSTANTIAL FACTOR

4.      Any alleged acts or omissions by any Answering Defendants were not a substantial factor in bringing about the alleged injuries and damages for which Plaintiffs seeks recovery.

## REMOTE AND SPECULATIVE DAMAGES

5.      The damages alleged are impermissibly remote and speculative and, therefore, Plaintiffs are barred from the recovery of any such alleged damages.

## EQUITABLE DOCTRINES

6.      Plaintiffs' alleged claims are barred, in whole or in part, by the equitable doctrines of unclean hands laches, collateral estoppel, res judicata, consent, or discharge.

## FAILURE TO MITIGATE

7.      Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate and/or use reasonable care to minimize or mitigate damages.

## INTERVENING AND SUPERSEDING CAUSES

8.      On information and belief, any injuries allegedly sustained by Plaintiffs were directly and proximately caused, if at all, by the intervening or superseding cause and/or comparative fault of third parties (including, without limitation, non-parties to this action), for whom Answering Defendants bear no responsibility and for which Answering Defendants are not liable.  Moreover, the acts and omissions of Plaintiffs or of other parties or non-parties, and not Answering Defendants, constitute a new and independent cause of any alleged damages to Plaintiffs sufficient to prevent a finding a proximate cause against Answering Defendants.

## THIRD-PARTY LIABILITY

9.     Plaintiffs' claims are barred because Plaintiffs' alleged injuries and damages, if any, were caused solely, partially, or proximately by the actions, omissions, representations, misrepresentations, negligence, or breach of duty of other persons, firms, or corporations that Answering Defendants did not and do not control and for whom Answering Defendants are not responsible or liable.

## PLAINTIFFS' COMPARATIVE FAULT

10.     Plaintiffs' claims and alleged damages are barred in whole or in part and/or reduced pursuant to the Uniform Comparative Fault Act, based on Plaintiffs' own contributory or comparative negligence, contributory fault, comparative fault and/or assumption of the risk (either primary and/or secondary). Defendant denies liability, but if liability is assessed to Answering Defendants, then Answering Defendants pray for a determination and apportionment of fault among Plaintiffs, Defendants, and other persons or entities who may or may not be parties at the time this cause is submitted to a jury or trier of fact and who caused or contributed to cause any alleged injuries claimed by Plaintiffs herein.

11.     If Answering Defendants are liable to Plaintiffs under the allegations set forth in the First Amended Petition, which Answering Defendants deny, then Answering Defendants are entitled  to an apportionment of fault be made to be determined by the Court or jury as to all parties pursuant to Mo. Rev. Stat. §537.067, for any settlement or judgment. Defendant further requests a judgment or declaration of indemnification and contribution against all those parties or persons in accordance with the apportionment of fault.

## STATE OF THE ART

12.     Answering Defendants' operations were at all relevant times conducted in accordance with the then-existing state of the art in conformity with the generally recognized state of technological and scientific knowledge existing at the time of the operations at issue.  Answering Defendants' conduct and activities were reasonable, prudent and common in the industry and met the standards set by the appropriate governmental agencies.

## DEFENDANTS ACTED IN ACCORDANCE WITH LAW

13.     Old Monsanto obtained all permits and licenses required by law and acted with due care and in accordance with federal, state and local laws and regulations in effect at the time of any alleged acts or omissions.  Retroactive application of statutes, regulations and/or case law to any alleged acts or omissions by Answering Defendants is barred and/or violates the United States Constitution, and all applicable State Constitution(s).

## BENEFITS OUTWEIGHED ANY RISK

14.     Plaintiffs' claims and purported causes of action are barred in whole or in part by the risk/utility doctrine.  If it is determined that there was a risk inherent in the use of PCBs or any other chemical or material manufactured or stored by Answering Defendants, then such risk was outweighed by the benefits of PCBs or any other product allegedly at issue.

## ALTERED PRODUCT

15.     Old Monsanto's PCB products at issue, if any, were independently and materially changed, altered and modified by others, over whom Answering Defendants had no control.

## SOPHISTICATED USERS

16.     Plaintiffs' claims are barred by the "sophisticated user," "raw material supplier," "bulk supplier" and/or "learned intermediary" defenses.  PCB products of Old Monsanto, if any,

at issue in the First Amended Petition, were sold in bulk to knowledgeable, learned and sophisticated intermediaries, who were at least as knowledgeable as Old Monsanto regarding the risks and hazards, if any, associated with the use and disposal of the product and were in the best position to convey appropriate use, handling, and precautionary information and other warnings. Plaintiffs have failed to join necessary and indispensable parties to this action.

<div align="center">DUE PROCESS AND EQUAL PROTECTION</div>

17.    Plaintiffs' alleged claims are barred by the United States Constitution to the extent they would deprive Answering Defendants of due process or the equal protection of the laws.

<div align="center">DEFENSES AGAINST PUNITIVE DAMAGES</div>

18.    Plaintiffs' claims for punitive damages are barred from being asserted in Plaintiffs' initial pleading pursuant to Mo. Rev. Stat. § 510.261.

19.    Plaintiffs' claims for punitive damages, if granted, would be grossly excessive and would violate the United States Constitution and the Missouri Constitutions (including, but not limited to, the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article I, Sections 2, 10, 18, 19, 21 and 28 of the Missouri Constitution), and decisional law from the United States and Missouri Courts. Answering Defendants have not received fair notice that they could be subject to substantial punitive damages for the conduct alleged.  And Answering Defendants' conduct was not malicious, wanton or deliberate.  The punitive damages sought by Plaintiffs would be greatly disproportionate to alleged actual damages and far exceed any civil or criminal sanctions that could be imposed for similar alleged misconduct.

20.    Plaintiffs' claims for punitive damages, if granted, would violate the United States Constitution and the Missouri Constitutions (including, but not limited to, the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article I, Sections 2, 10, 18, 19, 21 and

<div align="center">61</div>

28 of the Missouri Constitution), and decisional law from the United States and Missouri Courts, because Plaintiffs would seek to impose an excessive fine upon the Answering Defendants, punitive damages are penal in nature, not permitted by federal or state law, and Plaintiffs would seek to punish the Answering Defendants upon unconstitutionally vague standards.

21.    The conduct and/or acts of Answering Defendants as alleged in the First Amended Petition were not and are not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of Plaintiffs and/or the safety of the public. Nor do any of the conduct and/or acts of Answering Defendants as alleged in the First Amended Petition demonstrate that Answering Defendants acted with a high degree of moral culpability. In fact, Answering Defendants exercised reasonable care at all times alleged in the First Amended Petition and Plaintiffs have failed to clearly establish any entitlement to punitive damages based on these allegations.

22.    The United States and Missouri Constitutions (including, but not limited to, the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article I, Sections 2, 10, 18, 19, 21 and 28 of the Missouri Constitution), and decisional law from the United States and Missouri Courts, prohibit an award of punitive damages in this case, where Plaintiffs impermissibly seek to hold an entity incorporated in 1997 (and discharged in bankruptcy in 2008) or its parent company, and an entity incorporated in 2000 liable for the alleged tortious acts and omissions of Old Monsanto between 1935 and 1977.

<u>RIGHT TO CREDIT</u>

23.    If Answering Defendants are liable to Plaintiffs under the allegations set forth in the First Amended Petition, which Answering Defendants deny, then Answering Defendants'

liability is limited to Answering Defendants' fair, equitable, and proportionate share of the costs incurred by Plaintiffs.

## OFFSET FOR OTHER SOURCES OF RECOVERY

24.     Answering Defendants are entitled to an offset, pursuant to Mo. Rev. Stat. § 537.060, against any liability for monies that Plaintiffs have recovered and/or will recover in the future from other sources.

## RELEASE OR SETTLEMENT

25.     Plaintiffs' alleged claims are barred, in whole or in part to the extent Plaintiffs already released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised their claims relating to, the alleged damages.

## WORKERS' COMPENSATION

26.     To the extent Plaintiffs' alleged damages occurred while he was an employee of Answering Defendants, Plaintiffs' claims are barred under the Missouri Worker's Compensation Act.

## APPROPRIATE AND ADEQUATE WARNINGS

27.     To the extent there were any risks associated with the use of the product which is the subject matter of this action which the Answering Defendants knew or should have known and which gave rise to a duty to warn, the Answering Defendants at all times discharged such duty through appropriate and adequate warnings.

## CONTROL OF PREMISES

28.      Answering Defendants did not control the premises or work at issue to the extent necessary to make Answering Defendants liable as alleged by Plaintiffs.

## OPEN AND OBVIOUS

29.     Plaintiffs' claims are barred, in whole or in part, because any alleged risks that the Plaintiffs encountered were open and obvious, and because Plaintiffs knowingly and voluntarily assumed any and all risks associated with the matters alleged in the First Amended Petition.

## NO LEGAL DUTY OWED TO PLAINTIFF

30.     Answering Defendants owed no legal duty to Plaintiffs or, if Answering Defendants owed a legal duty, Answering Defendants did not breach that duty.

## IMMUNITY

31.     Plaintiffs' claims, in whole or in part, are barred by principles of federal contractor defense or pursuant to 50 U.S.C. App. § 2157.

32.     Plaintiffs' claims, in whole or in part, where Answering Defendants' actions were taken under color of a federal officer or are barred by federal immunity.

## CO-DEFENDANTS' DEFENSES ADOPTED

33.     Answering Defendants adopt and incorporate herein by reference each and every applicable defense pleaded by any other Defendant in this case as if stated fully herein.  Answering Defendants give notice that they intend to rely upon any other defenses that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend this Answer to assert any such defenses.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

34.     The First Amended Petition does not describe its claims or events with sufficient particularity to permit Answering Defendants to ascertain what other defenses may exist, and Answering Defendants presently have insufficient knowledge or information to form a belief as to whether it has additional, as yet unstated, defenses available to it. Answering Defendants

therefore reserve the right to assert all defenses which may pertain to the First Amended Petition once the precise nature of the claims is ascertained and in the event, discovery indicates that such claims would be appropriate.

## DEMAND FOR JURY TRIAL

Answering Defendants hereby demand trial by jury of any and all claims and issues triable of right by jury.

WHEREFORE, having fully answered Plaintiffs' First Amended Petition, Answering Defendants pray that Plaintiffs' First Amended Petition be dismissed with prejudice, for allocation of fault between all entities, if any, found to be at fault in this case, for its costs, attorneys' fees to the fullest extent possible, and for such other and further relief as the Court may deem just.

Respectfully submitted,

By:    */s/Adam E. Miller*

Adam E. Miller, #40945
CAPES, SOKOL, GOODMAN AND
SARACHAN, PC
7701 Forsyth Blvd., Twelfth Floor
St. Louis, MO 63105
Phone: 314-754-4810
Email: miller@capessokol.com

**ATTORNEYS FOR MONSANTO
COMPANY, SOLUTIA, INC.,
PHARMACIA & UPJOHN COMPANY
LLC, and EASTMAN CHEMICAL
COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the following attorney of record via the courts electronic filing system this 11th day of March, 2021:

Christopher W. Dysart
The Dysart Law Firm, P.C.
16020 Swingley Ridge Rd., Ste 340
Chesterfield, Missouri 63017

***Attorney for Plaintiffs***

*/s/Adam E. Miller*

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No:  2022-CC09797 |
| vs. | ) | |
| | ) | Division 12 |
| MONSANTO COMPANY, | ) | |
| | ) | **DEFENDANT DEMANDS TRIAL BY** |
| SAFETY-KLEEN SYSTEMS, INC., ET AL. | ) | **JURY OF TWELVE** |
| | ) | |
| Defendants. | ) | |

## *DEFENDANT SAFETY-KLEEN SYSTEMS, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED PETITION*

COMES NOW Defendant Safety-Kleen Systems, Inc. ("Safety-Kleen"), by and through counsel, and for its Answer and Affirmative Defenses to Plaintiffs' First Amended Petition, states as follows.

1.      Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

2.      Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

3.      Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

4.      Denied in part; admitted in part. Safety-Kleen admits only that it conducts business in the State of Missouri. All other factual allegations in Paragraph 4 are denied.

5.      Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

{02382395.DOCX;1}

6.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

7.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

8.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

9.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

10.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

11.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

12.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

13.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

14.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

15.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

16.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

17.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

18.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

19.    The allegations set forth within this paragraph are not statements of fact and the same are therefore denied.

20.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

21.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

22.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

23.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

24.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

25.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

26.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response,

3

Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

27. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied. In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

28. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied, including all subparagraphs. In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

29. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

30. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

31. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

32. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

33. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

34.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

35.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

36.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

37.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

38.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

39.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

40.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

41.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

42.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.

43.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

44.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

45.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

46.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

47.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

48.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

49.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

50.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

51.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

52.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

53.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

54.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

## *COUNT I*

55.   Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

56.   The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

57.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

58.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

59.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

60.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

61.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

62.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

63.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

{02382395.DOCX;1}

64.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

65.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

66.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

67.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

68.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count I, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### *COUNT II*

69.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

70.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

71.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

8

72.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

73.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

74.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

75.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

76.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

77.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

78.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

79.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

80.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

81.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

82.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count II, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

## COUNT III

83.   Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

84.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

85.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied, including all subparagraphs.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

86.   The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

87.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

10

88.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

89.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

90.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

91.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

92.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

93.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

94.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

95.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

96.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

97.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count III, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

## *COUNT IV*

98.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

99.    The allegations set forth within this paragraph are not statements of fact and the same are therefore denied.

100.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

{02382395.DOCX;1}

101.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

102.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

103.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

104.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

105.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

106.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

107.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count IV, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### *COUNT V*

108.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

13

109.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

110.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

111.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

112.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

113.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

114.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparagraphs.

115.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

116.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count V, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

*COUNT VI*

117.   Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

118.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

119.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

120.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

121.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

122.   The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

123.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

124.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

125.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count VI, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-

15

Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### *COUNT VII*

126.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

127.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

128.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

129.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

130.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

131.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

132.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

133.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

134.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count VII, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the

16

same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

## *COUNT VIII*

135. Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

136. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

137. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

138. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

139. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

140. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

141. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count VIII, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

{02382395.DOCX;1}

## *COUNT IX*

142. Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

143. The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

144. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

145. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

146. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

147. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

148. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

149. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

150. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

151. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

152. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count IX, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### COUNT X

153.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

154.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

155.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

156.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

157.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

158.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

159.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

160.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

19

161.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

162.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count X, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

## *COUNT XI*

163.   Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

164.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

165.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

166.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied. In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

167.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

168.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

169.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

170.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

171.    Safety-Kleen denies each and every allegation set forth in this paragraph and all its subparts and demands strict proof thereof.

172.    Safety-Kleen denies each and every allegation set forth in this paragraph and all its subparts and demands strict proof thereof.

173.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

174.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

WHEREFORE, having fully answered the allegations of Count XI, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the

same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

## *COUNT XII*

175.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

176.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

177.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

178.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

179.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

180.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

181.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

182.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

{02382395.DOCX;1}

183.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

WHEREFORE, having fully answered the allegations of Count XII, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### COUNT XIII

184.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

185.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

186.    Safety-Kleen denies each and every allegation set forth in this paragraph and all its subparts and demands strict proof thereof.

187.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

188.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

189.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

190.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

WHEREFORE, having fully answered the allegations of Count XIII, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

## COUNT XIV

191.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

192.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

193.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

194.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

195.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

196.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

197.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

198.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

{02382395.DOCX;1}

199.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

200.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

201.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

WHEREFORE, having fully answered the allegations of Count XIV, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### COUNT XV

202.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

203.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

204.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

205.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

206.    Safety-Kleen denies each and every allegation set forth in this paragraph and all its subparts and demands strict proof thereof.

207.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

208.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

209.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

210.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

211.    Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

WHEREFORE, having fully answered the allegations of Count XV, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### *COUNT XVI*

212.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

213.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

214.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

{02382395.DOCX;1}

215.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

216.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

217.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

218.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

219.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

220.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count XVI, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### COUNT XVII

221.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' First Amended Petition as if fully set forth herein.

222.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the

allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

WHEREFORE, having fully answered the allegations of Count XVII, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### *AFFIRMATIVE DEFENSES*

1.     For further answer and affirmative defense, Safety-Kleen states that Plaintiffs fail to state a claim or cause of action against Safety-Kleen upon which relief can be granted.

2.     For further answer and affirmative defense, Safety-Kleen states that this court lacks personal jurisdiction.

3.     For further answer and affirmative defense, Safety-Kleen states that Plaintiffs' causes of action against Safety-Kleen are barred by the applicable Statute of Limitations.

4.     For further answer and affirmative defense, Safety-Kleen states that Plaintiffs' causes of action against Safety-Kleen are barred by the applicable Statute of Repose.

5.     For further answer and affirmative defense, Safety-Kleen states that Plaintiff Michael Grady knew and understood the risks and hazards involved in the "products" described in the Plaintiffs' Petition, and therefore, any causes of action against Safety-Kleen are barred due to the Plaintiff Michael Grady's assumption of the risk.

6.     For further answer and affirmative defense, Safety-Kleen states that that if Plaintiffs suffered any injuries or damages, which Safety-Kleen denies, such injuries or damages were caused solely by, or were the direct and proximate result of, the negligence of

Plaintiff Michael Grady's employers, co-workers, and/or others.  Said negligence constitutes a superseding and intervening cause of the injuries and damages to the Plaintiffs.

7.    For further answer and affirmative defense, Safety-Kleen states that negligent acts or omissions by Plaintiff Michael Grady are the sole proximate cause, or a contributing proximate cause to Plaintiffs' alleged injuries and damages in that Plaintiff Michael Grady failed to use Safety-Kleen's products as intended, failed to follow instructions and warnings, and failed to properly use personal protective equipment and thus and thereby, any verdict for Plaintiffs should be reduced in proportion to the fault of Plaintiff Michael Grady.

8.    For further answer and affirmative defense, Safety-Kleen states that if, at the time of trial, it is shown that Plaintiff Michael Grady used products manufactured, supplied, distributed, or sold by Safety-Kleen and said products or a portion thereof were supplied to, or on behalf of, the United States Government, then Safety-Kleen raises any immunity from suit or from liability as conferred by the United States Government and specifically pleads the government contractor defense.

9.    For further answer and affirmative defense, Safety-Kleen states that if Plaintiff Michael Grady was exposed to any product of Safety-Kleen, which Safety-Kleen denies, said exposure was so minimal that it could not constitute a proximate cause of Plaintiffs' alleged injuries and damages. The amount of any such exposure was and is *de minimis*; therefore, this Court should give no cognizance thereto and should deny any recovery against Safety-Kleen.

29

10. For further answer and affirmative defense, Safety-Kleen states that although Safety-Kleen denies that any of its products were involved in bringing about the injuries and damages alleged by Plaintiffs, in the event that such products are found to have been in contact with Plaintiff Michael Grady, Safety-Kleen affirmatively states that such products were substantially altered, abused, misused, modified, contaminated, or otherwise changed from the time said products left Safety-Kleen's possession.

11. For further answer and affirmative defense, Safety-Kleen states that Safety-Kleen's products were at all times of good and merchantable quality and fit for the ordinary purposes for which such products were used.

12. For further answer and affirmative defense, Safety-Kleen states that if Plaintiff Michael Grady was exposed to any of Safety-Kleen's products, which Safety-Kleen denies, said products were manufactured in conformity with applicable federal and state regulations, standards, specifications, and laws; consequently, recovery by Plaintiffs is herein barred.

13. For further answer and affirmative defense, Safety-Kleen states that the injuries and damages allegedly sustained by the Plaintiffs occurred in connection with acts other than the handling and/or use of Safety-Kleen's products and, therefore, said injuries and damages were not proximately caused by the acts and/or omissions of Safety-Kleen and Safety-Kleen had no duty to provide warnings to Plaintiff Michael Grady.

14. For further answer and affirmative defense, Safety-Kleen states that Safety-Kleen neither knew nor should have known that any products shown to have been sold by it, and to which Plaintiff Michael Grady alleges he was exposed, constituted a reasonably foreseeable risk of harm by virtue of the state of the medical, scientific, or industrial

knowledge available to Safety-Kleen at the time said products were fabricated or supplied.

15. For further answer and affirmative defense, Safety-Kleen states that at all relevant times, Safety-Kleen's products conformed to the then current state of the art, and any relevant act or omission of Safety-Kleen was in conformance with the recognized state of the art at the time of the act or omission.

16. For further answer and affirmative defense, Safety-Kleen states that the designs or formulations of its products were adequate and appropriate at all times, and at all times, Safety-Kleen acted reasonably in designing and formulating the subject product.

17. For further answer and affirmative defense, Safety-Kleen states that the injuries and damages alleged by Plaintiffs were caused, in whole or in part, by parties other than Safety-Kleen, including but not limited to, parties who are Defendants in the instant cause of action, and including but not by way of limitation, the conduct of Plaintiff and his employers who were sophisticated purchasers and users of the products. Consequently, any damages awarded must be apportioned among these parties, persons, and/or entities in accordance with the proportionate share of fault of each.

18. For further answer and affirmative defense, Safety-Kleen states that to the extent Plaintiff Michael Grady continued to smoke tobacco products despite being aware of the health hazards of smoking tobacco cigarettes, if any damages are awarded, then those damages should be reduced in whole or in part by the damage caused by cigarette smoking.

19. For further answer and affirmative defense, Safety-Kleen states that to the extent Plaintiff Michael Grady continued to smoke tobacco products despite being aware of the health

31

hazards associated with smoking and the warning of his/her doctors, recovery should be barred to the extent Plaintiff Michael Grady failed to mitigate these damages.

20.     For further answer and affirmative defense, Safety-Kleen states that to the extent smoking caused or contributed to cause Plaintiff Michael Grady's diseases, then Plaintiffs' claims should be reduced in whole or in part by the damages caused by cigarette smoking.

21.     For further answer and affirmative defense, Safety-Kleen states Plaintiffs have failed, neglected, and/or refused to mitigate their damages, if any, and, therefore, are barred from recovery of those damages which could have been avoided by the exercise of due diligence.

22.     For further answer and affirmative defense, Safety-Kleen states that Missouri's rules of joint and several liability apply.

23.     For further answer and affirmative defense, Safety-Kleen states that Plaintiffs' cause of action is barred or subject to a reduction of damages by the applicable workers' compensation laws.

24.     For further answer and affirmative defense, Safety-Kleen states that in the event a verdict finding Safety-Kleen at fault to any degree, then pursuant to §537.060 R.S.Mo., Safety-Kleen is entitled to have the damages found by the verdict reduced by the greater of the stipulated amount of, or the actual compensation paid to or on behalf of the plaintiff(s) in, settlement of the claimed liability in tort of any other party.

25.     For further answer and affirmative defense, Safety-Kleen states that Plaintiffs' claims based upon improper warnings, labels, or disclosure fail as a matter of law because Safety-Kleen, at all relevant times, complied with applicable OSHA standards regarding

32

labels and warnings for products which contain trace amounts of benzene, and these standards preempt any state law claims.

26.  For further answer and affirmative defense, Safety-Kleen states that Plaintiffs' claims based on workplace exposure, warnings, labels, training, and/or protective equipment fail as a matter of law because they impermissibly seek to shift the burden of providing a safe workplace, which OSHA imposes upon the employer, to Safety-Kleen, a violation of the statutes which preempt the state law claims.

27.  For further answer and affirmative defense, Safety-Kleen states that on December 24, 2003, an Order of the United States Bankruptcy Court for the District of Delaware discharged Safety-Kleen Corp.'s liabilities, enjoined future claims against Safety-Kleen Corp., and dissolved Safety-Kleen Corp. Accordingly, Safety-Kleen is not liable.

28.  Safety-Kleen asserts all of its rights of indemnification for any damages.

29.  Safety-Kleen incorporates the defenses of other defendants, as they may be applicable to Safety-Kleen.

30.  Safety-Kleen reserves the right to allege additional facts and circumstances in support of its defenses as these facts may become available.

WHEREFORE, having fully answered the allegations of Plaintiffs' First Amended Petition, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this defendant's costs, and for such other and further relief as is just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY OF TWELVE**

33

{02382395.DOCX;1}

_Phillip Bryant._

Gary E. Snodgrass  #27037
J. Phillip Bryant  #46154
PITZER SNODGRASS, P.C.
Attorney for Defendant
Safety-Kleen Systems, Inc.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: snodgrass@pspclaw.com
Email: bryant@pspclaw.com

## **CERTIFICAT OF SERVICE**

I, the undersigned, certify that a copy of the foregoing has been electronically served on all counsel of record via the Missouri eFiling System, or U.S. mail for parties not registered for the Missouri eFiling System, on this 11th day of March, 2021.

_Phillip Bryant._

34

2022-CC09797

Electronically Filed - City of St. Louis - March 22, 2021 - 02:27 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | |
|---|---|
| MICHAEL GRADY and | ) |
| KATHLEEN GRADY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Cause No.  2022-CC09797 |
| v. | ) |
| | ) |
| RADIATOR SPECIALTY COMPANY, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT RADIATOR SPECIALTY COMPANY'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED PETITION**

NOW COMES the Defendant, RADIATOR SPECIALTY COMPANY ("Radiator), by and through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP and hereby moves this Court for an Order dismissing Plaintiffs' First Amended Petition and, in support thereof, state as follows:

**INTRODUCTION**

1.      Plaintiffs filed this lawsuit against Radiator Specialty Company and other defendants alleging strict liability and negligence.  Plaintiffs are seeking damages allegedly resulting from Michael Grady's claimed exposures to benzene and benzene containing products including Liquid Wrench (Petition ¶39).  Plaintiffs allege that Michael Grady was exposed to benzene while working in Illinois and Missouri.  Michael Grady allegedly was diagnosed with Multiple Myeloma on May 5, 2017. (Petition ¶42).

2022-CC09797

Electronically Filed - City of St. Louis - March 22, 2021 - 02:27 PM

## ARGUMENT

2.      Pursuant to Missouri Supreme Court Rule 55.27(1)(2), Defendant objects to the court's jurisdiction over it on the grounds that Defendant is not amenable to process of this court because Plaintiffs' First Amended Petition fails to set forth sufficient facts that Defendant has the requisite contacts with the State of Missouri to have submitted themselves to this Court's jurisdiction, pursuant to V.A.M.S. § 506.500.  Plaintiffs have not plead any connection between this Defendant and Missouri.  This court lacks jurisdiction over this Defendant pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), *Walden v. Fiore*, 134 S. Ct. 1115 (2014), *BNSF v. Tyrell*, 137 S. Ct. 1549 (2017), *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), and *State ex. rel. Norfolk Southern Railway Co. v. Dolan*, No. SC95514 (Mo. 2017).

3.      Plaintiffs' claims are preempted by the Federal Hazardous Substances Act and thus should be dismissed.  The Federal Hazardous Substances Act (the "FHSA") expressly preempts state laws that impose labeling requirements for hazardous materials that are inconsistent with the requirements imposed by the Act.  15 U.S.C. § 1261, note (b)(a)(A).  As the Eastern District of the Missouri District Court has held, the banning of a product "under the guise of a common law tort action is impliedly preempted by the CPSA."  *See Mwesigwa v. DAP, Inc.*, 2010 U.S. Dist. LEXIS 23233, *16 (E.D. Mo. Mar. 12, 2010) (finding that the <u>"[t]he FHSA preempts any state cause of action that would impose a labeling requirement different from the requirements in the FHSA or the regulations promulgated thereunder.</u>")  *Id*. at *5.  Because Plaintiffs' claims are predicated on allegations that various defendants, including Radiator Specialty, failed to include adequate warnings on their products, these claims seek to impose

Electronically Filed - City of St. Louis - March 22, 2021 - 02:27 PM

cautionary labeling requirements on Radiator Specialty that differ from those imposed by the FHSA, and they are therefore preempted and must be dismissed.

4.      The First Amended Petition fails to plead sufficient facts to state a cause of action. "Missouri is a fact-pleading state." *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. 1997). Accordingly, Missouri Supreme Court Rule 55.05 requires that a petition contain "a short and plain statement of the facts showing that the pleader is entitled to relief." Mo. R.C.P. 55.05 (2005).  This requirement is not without purpose.  Rather, fact-pleading is necessary to present, limit, define and isolate "the contested issues for the trial court and the parties in order to expedite a trial on the merits." Gibson, 952 S.W.2d at 245.  In order to state a cause of action against Defendant, Plaintiff must plead that a specific product attributable to Defendant was a substantial factor in causing the alleged harm. *ITT Commercial Financial Corp. v. Mid-America Marine Supply Co.*, 854 S.W.2d 371,379 (Mo. 1993).  The First Amended Petition as written fails to plead how Defendant's products or activities were a substantial factor in causing the Plaintiffs' alleged exposure to asbestos.  As such, Plaintiffs' First Amended Petition should be dismissed.

5.      The First Amended Petition cites no specific factual statements and relies on mere unsupported legal conclusions as to strict liability, negligence, and willful and wanton conduct. *See Ingle v. Case*, 777 S.W.2d 301, 305 (Mo. Ct. App. 1989) (stating that merely asserting legal conclusions without supporting facts is not sufficient).

6.      Plaintiffs' First Amended Petition fails to allege sufficient facts which support that forum is proper in St. Louis, Missouri.  Plaintiffs allege they are residents of the State of Missouri (Petition ¶1).   Plaintiffs' Petition does not allege where Plaintiff worked with or around Defendant's product at issue.  As Plaintiffs' Petition fails to allege an appropriate connection to

Electronically Filed - City of St. Louis - March 22, 2021 - 02:27 PM

32947-                                                                        2022-CC09797

the Judicial Circuit on behalf of Plaintiff, the case should be dismissed on the basis of *forum non conveniens* pursuant to Missouri Law. *See Vercimak v. Vercimak*, 762 S.W.2d 529, 531 (Mo.App.1988) (finding that trial courts have an obligation to dismiss cases that have no tangible relationship to Missouri).

7.      Plaintiffs' claims should be dismissed as Plaintiff has not used the product at issue in its intended use or has altered said product. *See generally Williams v. Deere & Co.*, 598 S.W.2d 609 (Mo. App. 1980); *Glass v. Allis-Chalmers Corp.*, 789 F.2d 612 (8th Cir. 1986).

8.      That the case should be transferred for improper venue pursuant to R.S.Mo. §508.010.

9.      Plaintiffs' First Amended Petition is barred by the statute of repose inasmuch as §516.097 RSMo. and/or any other applicable state's law provides for a statute of repose involving the design, planning or construction of an improvement to real property. This action is barred because it was brought more than ten (10) years after the improvement to real property which is alleged defective or unsafe was completed. Because this action was untimely brought, it should be dismissed accordingly.

10.     To the extent that Plaintiffs have previously recovered any of Plaintiffs' damages by way of settlement or judgment, this Defendant is entitled to a set-off against any judgment taken against it in this cause for all sums paid in settlement or judgment to the Plaintiffs by another defendant or third-party defendant or any other party or person herein pursuant to RSMo. §537.060 and all other applicable state's statutes and Supreme Court Rules.

Electronically Filed - City of St. Louis - March 22, 2021 - 02:27 PM

32947-

2022-CC09797

## <u>CONCLUSION</u>

WHEREFORE, Defendant, RADIATOR SPECIALTY COMPANY respectfully requests that this Court dismiss Plaintiffs' First Amended Petition in its entirety with prejudice.

RADIATOR SPECIALTY COMPANY, Defendant.

By: _____/s/ Justin S. Zimmerman_____
LEWIS BRISBOIS BISGAARD & SMITH
Jeffrey T. Bash, #56389
Justin S. Zimmerman, #66352

LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Telephone      618.307.7290
Facsimile      618.692.6099

32947-                                                                      2022-CC09797

Electronically Filed - City of St. Louis - March 22, 2021 - 02:27 PM

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this **<u>March 22, 2021</u>**, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Plaintiffs' counsel and all parties who have entered an appearance.


By: _____*/s/ Justin S. Zimmerman*_____
LEWIS BRISBOIS BISGAARD & SMITH

4848-8141-2834.1                            Page **6** of 6

Electronically Filed - City of St. Louis - April 21, 2021 - 03:54 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) ) ) |
| Plaintiff, | ) ) Cause No:  2022-CC09797 |
| vs. | ) ) Division 12 |
| MONSANTO COMPANY, | ) ) **DEFENDANT DEMANDS TRIAL BY** |
| SAFETY-KLEEN SYSTEMS, INC., ET AL. | ) **JURY OF TWELVE** |
| Defendants. | ) ) |

## *CERTIFICATE OF SERVICE*

COMES NOW Defendant Safety-Kleen Systems, Inc., by and through counsel, and hereby certifies that the following were served via electronic mail in pdf and Microsoft Word formats on all counsel of record on this 21st day of April, 2021:

1. Defendant Safety-Kleen Systems, Inc.'s First Interrogatories to Plaintiff Michael Grady;

2. Defendant Safety-Kleen Systems, Inc.'s First Interrogatories to Plaintiff Kathleen Grady; and

3. Defendant Safety-Kleen Systems, Inc.'s First Requests for Production of Documents to Plaintiffs.

Electronically Filed - City of St. Louis - April 21, 2021 - 03:54 PM

_____

Gary E. Snodgrass  #27037
J. Phillip Bryant  #46154
PITZER SNODGRASS, P.C.
Attorney for Defendant
Safety-Kleen Systems, Inc.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: snodgrass@pspclaw.com
Email: bryant@pspclaw.com

## CERTIFICAT OF SERVICE

I, the undersigned, certify that a copy of the foregoing has been electronically served on all counsel of record via the Missouri eFiling System, or U.S. mail for parties not registered for the Missouri eFiling System, on this 21st day of April, 2021.

_____

{02382657.DOCX;1}

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT**

MICHAEL GRADY and KATHLEEN GRADY,

               Plaintiffs,

vs.

MONSANTO COMPANY, et al.,

               Defendants.

)
)
)
)
)
)
)
)
)
)

Case No. 2022-CC09797

**DEFENDANT DEMANDS
TRIAL BY JURY OF 12**

**DEFENDANT MISTIC METAL MOVER, INC.'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED PETITION**

COMES NOW Defendant Mistic Metal Mover, Inc,.by its attorneys, Sandberg Phoenix & von Gontard, and in response to Plaintiffs' First Amended Petition, adopts and re-alleges its Motion to Dismiss Plaintiff's Petition as if fully set forth herein.

           SANDBERG PHOENIX & von GONTARD, P.C.

           By: */s/ Caleb D. Hawkins*
              Steven T. Walsh, #59546
              Caleb D. Hawkins, #60374
              600 Washington Avenue, 15th Floor
              St. Louis, MO 63101
              (314) 231-3332
              swalsh@sandbergphoenix.com
              chawkins@sandbergphoenix.com

              Attorneys for Defendant
              Mistic Metal Mover, Inc.

14125399.v1

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2021, the above and foregoing pleading was filed electronically with the City of St. Louis Circuit Clerk's office by using the Missouri Electronic Document Management System which will send a notice of electronic filing to all counsel of record.

*/s/ Caleb D. Hawkins*
Attorneys for Defendant

**Attorney for Plaintiffs:**
Christopher W. Dysart, #37069
The Dysart Law Firm PC
16020 Swingley Ridge Rd. Ste 340
Chesterfield, MO 63017
(314) 548-6298
cdysart@dysart-law.com

14125399.v1

Electronically Filed - City of St. Louis - April 22, 2021 - 11:41 AM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY | ) ) | |
| Plaintiffs, | ) ) | No: 2022-CC09797 |
| vs. | ) ) | **DEFENDANT DEMANDS TRIAL BY JURY** |
| MONSANTO COMPANY et al. | ) ) | |
| Defendants | ) | |

## DEFENDANT TURTLE WAX, INC'S
## MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED PETITION

COMES NOW Defendant Turtle Wax, Inc., Sandberg Phoenix & von Gontard, and in response to Plaintiffs' First Amended Petition, adopts and re-alleges its Motion to Dismiss Plaintiffs' Petition as if fully set forth herein.

SANDBERG PHOENIX & VON GONTARD LLP

By: */s/ Gary L. Smith*
M. Ann Hatch, #42494
Gary L. Smith, #39068
Tracy Beckham Phipps, #53794
600 Washington Ave. 15th floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com

Attorneys for Defendant Turtle Wax, Inc.

Electronically Filed - City of St. Louis - April 22, 2021 - 11:41 AM

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2021, the above and foregoing pleading was filed electronically with the City of St. Louis Circuit Clerk's office by using the Missouri Electronic Document Management System which will send a notice of electronic filing to all counsel of record.


_/s/  Gary L. Smith_____


**Attorney for Plaintiffs**
Christopher W. Dysart, #37069
The Dysart Law Firm PC
16020 Swingley Ridge Rd. Ste 340
Chesterfield, MO 63017
(314) 548-6298
cdysart@dysart-law.com

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 2022-CC09797 |
| | ) | Division No. 1 |
| MONSANTO COMPANY, *et al.*, | ) | |
| | ) | JURY TRIAL DEMANDED |
|     Defendants. | ) | |

**DEFENDANT THE PROCTER & GAMBLE MANUFACTURING COMPANY'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED PETITION
OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

COMES NOW Defendant The Procter & Gamble Manufacturing Company ("P&GM"), by and through counsel, and, pursuant to Rule 55.27(a) of the Missouri Rules of Civil Procedure, moves to dismiss Plaintiffs' First Amended Petition ("Petition"). In support of its Motion, P&GM states as follows:

1.    Plaintiffs have sued numerous defendants, including P&GM, seeking damages for his alleged benzene-related multiple myeloma cancer. Plaintiffs allege generally that Michael Grady worked as a union pipefitter and mechanical contractor at various jobsites in Missouri and Illinois.

2.    As to P&GM, Plaintiffs allege that "In and around 1991 and 1992, Plaintiff worked at Defendant Procter & Gamble's plant off East Grand and I-70 within the City of St. Louis, Missouri.   During this work Plaintiff worked on removing and installing piping where he encountered toxic, potentially cancer-causing chemicals."  *See* Plaintiffs' Petition at ¶35, attached hereto as Exhibit A.  This is the extent of the allegation against P&GM.

3.      Plaintiff attempts to state a cause of action against P&GM as a premises owner based upon theories of negligence (Count II). Michael Grady's wife, Kathleen Grady attempts to state of cause of action based on her loss of consortium  (Count XVII).

4.      Plaintiffs' Petition should be dismissed on numerous grounds as described in more detail below. By way of this motion, P&GM does not waive any arguments, defenses or rights including but not limited to arguments based upon lack of personal jurisdiction, failure to plead a cause of action, improper venue, federal preemption, statutes of limitation, and/or statutes of repose.

5.      Plaintiffs' Petition should be dismissed. It is well settled that Missouri is a fact-pleading state. State ex rel. Harvey v. Wells, 955 S.W.2d 546, 547 (Mo. banc 1997); Luethans v. Washington Univ., 894 S.W.2d 169, 171 (Mo. banc 1995); ITT Commercial Finance v. Mid-Am. Marine, 854 S.W.2d 371, 377 (Mo. banc 1995). The purpose of fact-pleading is the quick, efficient, and fair resolution of disputes. Fact-pleading identifies, narrows, and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. Luethans, 894 S.W.2d at 171.

6.      Here, the Petition is wholly devoid of basic factual information. Plaintiffs bring this action against approximately 17 Defendants. A group of the Defendants was lumped together in Count II.  Plaintiffs do not sufficiently identify the type of alleged benzene-containing product(s) to which he was allegedly exposed at the P&GM facility. Plaintiffs do not sufficiently identify P&GM as having any specific benzene-containing product(s) at its facility to which Michael Grady was allegedly exposed.  Plaintiffs do not sufficiently allege the type of activity or job duty that Michael Grady was performing which allegedly exposed him to a benzene-containing product while he was present at P&GM's premises. Instead, Plaintiffs merely set forth bare conclusions.

7.     As Plaintiffs' allegations currently stand, it is impossible for P&GM to know which product at its facility allegedly caused Michael Grady's injuries, when he was allegedly injured, or how he was allegedly injured. This information is crucial to Defendant's ability to isolate what legal and factual issues are involved in the case, what discovery is necessary, and what evidence is relevant. Plaintiffs have not pleaded facts establishing the elements of any of his claims. As set forth above, Plaintiffs have a duty under Missouri law to plead these facts. Plaintiffs have not done so, and their Petition should be dismissed.

8.     Count II of Plaintiffs' Petition is titled "Negligence: Premises Liability." Under Missouri premises liability law, the duty of care owed by the landowner depends upon the status of the entrant. Adams v. Badgett, 114 S.W.3d 432, 436 (Mo. App. E.D. 2003). In Count II, Plaintiffs do not allege facts to establish Michael Grady's "status" while he was allegedly present on P&GM premises. Since Plaintiffs have not sufficiently pleaded facts to establish that P&GM owed Michael Grady a duty of care, Count II should be dismissed.

9.     To the extent Plaintiffs are alleging Michael Grady was a business invitee of P&GM, Plaintiffs have still not stated a claim of negligence against P&GM. First, Plaintiffs have not alleged sufficient facts to establish he was an invitee on P&GM premises. Second, Plaintiffs have not alleged sufficient facts demonstrating that P&GM breached any duty owed to Michael Grady even if he was an invitee. Missouri law provides that the possessor of land owes invitees the duty to exercise reasonable care to protect the invitee against both known dangers and those that would be revealed by inspection. Adams, 114 S.W.3d at 438. The duty does not include insuring an invitee's safety. See Medows v. Brockmeier, 863 S.W.2d 675, 676 (Mo. App. E.D. 1993). Plaintiffs have not alleged any facts with sufficient particularity to establish that P&GM breached any duty owed to Michael Grady as an alleged invitee. As such, any claims against

P&GM that are based on an alleged duty owed to business invitees should be dismissed.

10.     Furthermore, to the extent Plaintiff Michael Grady was present on a P&GM premises as an invitee while employed by a third-party contractor and said third-party contractor was in control of construction work on the premises, P&GM cannot be held liable for his injuries. Under Missouri law, when a landowner relinquishes possession and control of the premises to an independent contractor during a period of construction, the independent contractor, not the landowner, is seen as the possessor of the land. The duty to use reasonable care to protect invitees shifts from the landowner to the independent contractor. Noble v. Martin, 908 S.W.2d 390, 391 (Mo.App. E.D. 1995). As such, any of Plaintiffs' claims against P&GM that are based upon alleged exposures that occurred while a third-party independent contractor was in control of the premises should be dismissed.

11.     Likewise, to the extent Plaintiffs are alleging Michael Grady was an employee or statutory employee1 of P&GM, Plaintiffs' claims against P&GM are barred and subject to dismissal because this Court lacks statutory authority to grant relief in this case. The Missouri Workers' Compensation Law vests authority to decide claims related to employee injuries exclusively in the Missouri Labor and Industrial Relations Commission. Alternatively, and to the extent Michael Grady was not an employee or statutory employee of P&GM, Plaintiffs have still failed to state a claim against P&GM. P&GM had no duty to provide a safe workplace to Michael Grady as a non-employee. In either instance, any claims against P&GM that are based upon an alleged duty to provide a safe workplace to Michael Grady should be dismissed.

12.     In Count XVII, Plaintiffs allege loss of consortium. Count XVII fails to state a cause of action against P&GM in that it is predicated on Count II. As set forth above, Count II does not state a cause of action against P&GM. A loss of consortium action derives from an injured

spouse's action for injury and is dependent upon the establishment of defendant's liability for damages to the injured spouse. <u>Lear v. Norfolk and Western Railway Co.,</u> 815 S.W.2d 12, 14-15 (Mo. App. W.D. 1991); <u>Pease v. Ace Hardware Home Center of Round Lake</u>, 147 Ill. App. 3d 546 (1986). Count XVII should be dismissed.

13.     Plaintiffs' Petition does not set forth any specific facts establishing that the City of St. Louis is the proper venue or forum for this case; therefore, it should be dismissed.  §508.010.4, RSMo. (2014).

14.     Plaintiffs' claims are barred by the applicable statutes of limitations.

15.     Some or all of Plaintiffs' claims are barred by the applicable statutes of repose.

16.     P&GM incorporates and adopts herein the motions and arguments made in response to Plaintiffs' Petition by the co-defendants in this cause of action, to the extent that they do not contradict the arguments raised in this Motion.

17.     In the alternative, P&GM moves, pursuant to Rule 55.27(d) of the Missouri Rules of Civil Procedure, for an order requiring Plaintiffs to make their pleading more definite and particular to enable P&GM to prepare a responsive pleading or otherwise prepare for trial.

WHEREFORE, Defendant The Procter & Gamble Manufacturing Company prays for this Court's Order dismissing Plaintiffs' First Amended Petition against it or, alternatively, for an order directing Plaintiffs to plead his claims more definitely, and for such other and further relief as is proper under the circumstances.

Respectfully submitted,

COSMICH, SIMMONS & BROWN, LLC

By      /s/ Jerome S. Warchol, Jr.
        Richard A. Brown          #65304
        Jerome S. Warchol, Jr.        #57123
        10 South Broadway, Suite 1100
        St. Louis, MO 63102
        314-735-2560
        314-552-7019 (Facsimile)
        jerry.warchol@cs-law.com
        citymail@cs-law.com

        *Attorneys for Defendant The Procter & Gamble Manufacturing Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of April, 2021, I electronically filed the foregoing with the Clerk of the Court using the Missouri eFiling System, which sent notification of such filing to all counsel of record.  I further certify that I signed, or caused my electronic signature to be placed upon the original of the foregoing document.

/s/ Jerome S. Warchol, Jr.

**IN THE  22ND JUDICIAL CIRCUIT  COURT, ____CITY OF ST LOUIS____, MISSOURI**

Michael Grady Et Al,

        Plaintiff,

                    vs.

Monsanto Company Et Al,

        Defendant.

Case Number:  2022-CC09797

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Mi Holdings Inc, Defendant, in the above-styled cause.

/s/ Brice Nengsu Kenfack
Brice Nengsu Kenfack
Mo Bar Number: 69508
Attorney for Defendant
2555 Grand Blvd
Kansas City, MO 64108-2613
Phone Number: (816) 474-6550
bkenfack@shb.com

### Certificate of Service

I hereby certify that on _____April 30th, 2021_____, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ Brice Nengsu Kenfack
Brice Nengsu Kenfack

Electronically Filed - City of St. Louis - June 03, 2021 - 06:54 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**STATE OF MISSOURI**

| | |
|---|---|
| MICHAEL GRADY and KATHLEEN GRADY ) | |
| ) | Cause No.: 2022-CC09797 |
| Plaintiffs, ) | |
| ) | Div. No.:  12 |
| v. ) | |
| ) | |
| MONSANTO COMPANY; SAFETY-KLEEN ) | |
| SYSTEMS INC.; MALLINCKRODT, LLC; ) | |
| MI HOLDINGS, INC.; SOLUTIA INC.; ) | |
| EASTMAN CHEMICAL COMPANY, ) | |
| Individually and as a successor to Solutia Inc.; ) | |
| PHARMACIA & UPJOHN COMPANY LLC; ) | |
| EXXONMOBIL OIL CORPORATION, as ) | |
| successor to Mobil Oil Corporation ) | |
| (D/B/A/ Mobil Oil); ANHEUSER-BUSCH ) | |
| INBEV WORLDWIDE INC.; PROCTER & ) | |
| GAMBLE MANUFACTURING CO.; SHELL ) | |
| OIL COMPANY, Individually and as successor ) | |
| to Shell Oil Company, Incorporated, Shell ) | |
| Chemical LP (f/ka Shell Chemical Company), ) | |
| and Shell Oil Products Company; RADIATOR ) | |
| SPECIALTY COMPANY; UNITED STATES ) | |
| STEEL CORPORATION; MISTIC METAL ) | |
| MOVER, INC.; TURTLE WAX, INC.; and ) | |
| ST. LOUIS TESTING LABORATORIES, INC. ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF CHANGE OF FIRM AFFILIATION AND CHANGE OF ADDRESS FOR ADAM E. MILLER**

Please take notice that Adam E. Miller, formerly of Capes Sokol Goodman & Sarachan, is now affiliated with Shook, Hardy & Bacon LLP, and that effective immediately Shook, Hardy & Bacon LLP shall represent Defendants Monsanto Company, Solutia Inc., and Pharmacia LLC, f/k/a Monsanto Company in this matter. Please update your respective service lists and direct all further pleadings, discovery and communications intended for such defendants and their counsel in this matter to the address listed below:

1

Shook, Hardy, & Bacon LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Main Number: (314) 690-0200
Fax Number:  (314)690-0249


Respectfully submitted,

By:  ___/s/Adam E. Miller_____
Adam E. Miller, #40945
SHOOK, HARDY & BACON L.L.P.
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
Email: amiller@shb.com

**ATTORNEYS FOR MONSANTO COMPANY, SOLUTIA, INC., PHARMACIA & UPJOHN COMPANY LLC, and EASTMAN CHEMICAL COMPANY**

Electronically Filed - City of St. Louis - June 03, 2021 - 06:54 PM

Electronically Filed - City of St. Louis - June 03, 2021 - 06:54 PM

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that a true and correct copy of the foregoing document was filed with the Clerk of the Court using the Missouri eFiling System, which sent notification of such filing to all counsel of record this 3rd day of June, 2021.

                                            */s/Adam E. Miller*

Electronically Filed - City of St. Louis - July 19, 2021 - 03:21 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No:  2022-CC09797 |
| vs. | ) | |
| | ) | Division |
| MONSANTO COMPANY, | ) | |
| | ) | |
| SAFETY-KLEEN SYSTEMS, INC., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of Plaintiff Michael Grady's Answers and Objections to Defendant Safety-Kleen Systems Inc.'s First Interrogatories Directed to Plaintiff Michael Grady, Plaintiff Kathleen Grady's Answers and Objections to Defendant Safety-Kleen Systems Inc.'s First Interrogatories Directed to Plaintiff Kathleen Grady, Plaintiffs' Responses and Objections to Defendant Safety-Kleen Systems Inc.'s First Request for Production of Documents Directed to Plaintiffs, and a true copy of this Certificate of Service, were sent this 19th day of July, 2021, via electronic mail to:

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

1

Electronically Filed - City of St. Louis - July 19, 2021 - 03:21 PM

Respectfully submitted,

**THE DYSART LAW FIRM, P.C.**

/s/ Christopher W. Dysart
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, Missouri 63017
Office: (314) 548-6298
Fax:     (314) 548-6230
cdysart@dysart-law.com
*Attorney for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 19th day of July 2021, to the following counsel of record:

Thomas L. Orris
Matthew E. Pelikan
Ross S. Titzer
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
314-735-2560
tom.orris@cs-law.com
matthew.pelikan@cs-law.com
ross.titzer@cs-law.com
citymail@cs-law.com
*Attorneys for Anheuser-Busch Inbev Worldwide Inc.*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Pharmacia & Upjohn Company LLC*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Eastman Chemical Company*,

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
*Attorneys for Procter & Gamble Manufacturing Co.*

2

Electronically Filed - City of St. Louis - July 19, 2021 - 03:21 PM

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
 jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com
**Attorneys for Exxonmobil Oil Corporation**

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
**Attorneys For Radiator Specialty Company**

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
**Attorneys For Mallinckrodt, LLC**

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
**Attorneys For Safety-Kleen Systems Inc.**

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
**Attorneys For MI Holdings, Inc.**

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
**Attorney For Shell Oil Company**

Electronically Filed - City of St. Louis - July 19, 2021 - 03:21 PM

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
***Attorneys For Mistic Metal Mover, Inc.***

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
***Attorney For Monsanto Company***

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
***Attorney For Solutia Inc.***

James C. Morris
Christopher C. Enger
GORDON REES SCULLY MANSUKHANI, LLP
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
cenger@grsm.com
***Attorneys for St. Louis Testing Laboratories, Inc.***

4

Electronically Filed - City of St. Louis - July 19, 2021 - 03:21 PM

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys For Turtle Wax, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
***Attorneys For United States Steel Corporation***

*/s/ Megan Duffy*

5

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | No. 2022-CC09797 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY, *et al.,* | ) | |
| | ) | **JURY TRIAL** |
| Defendants. | ) | **DEMANDED** |
| | ) | |

**DEFENDANT ANHEUSER-BUSCH, LLC'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED PETITION OR, IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT**

COMES NOW Defendant Anheuser-Busch, LLC (incorrectly named "Anheuser-Busch INBEV Worldwide Inc.," and hereinafter "A-B"), by and through counsel, and, pursuant to Rule 55.27(a) of the Missouri Rules of Civil Procedure, moves to dismiss Plaintiffs' First Amended Petition ("Petition.") In support of its Motion, A-B states as follows:

1.    Plaintiffs have sued numerous defendants, including A-B, seeking damages for Michael Grady's alleged benzene-related injuries.    Plaintiffs attempt to state a cause of action against A-B based upon a theory of negligence.  Plaintiffs also seek damages for loss of consortium.

2.     Plaintiffs' Petition should be dismissed on numerous grounds as described in more detail below. By way of this motion, A-B does not waive any arguments, defenses or rights, including, but not limited to, arguments based upon lack of personal jurisdiction, failure to plead a cause of action, improper venue, federal preemption, statutes of limitation, and/or statutes of repose.

3.    Plaintiffs' Petition should be dismissed. It is well settled that Missouri is a fact-pleading state. *State ex rel. Harvey v. Wells,* 955 S.W.2d 546, 547 (Mo. banc 1997); *Luethans v. Washington Univ.,* 894 S.W.2d 169, 171 (Mo. banc 1995); *ITT Commercial Finance v. Mid-Am. Marine*, 854 S.W.2d 371, 377 (Mo. banc 1995). The purpose of fact-pleading is the quick, efficient, and fair resolution of disputes. Fact-pleading identifies, narrows, and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *Luethans,* 894 S.W.2d at 171.

4.    In this case, Plaintiffs have violated both the substance and spirit of that law; the Petition is wholly devoid of basic factual information. Plaintiffs bring this action against many Defendants. Large groups of the Defendants have been lumped together in almost every Count. Plaintiffs do not sufficiently identify the type of alleged "potentially cancer-causing chemical(s)" to which Michael Grady was allegedly exposed to at A-B's locations. Plaintiffs do not sufficiently identify any Defendant as having manufactured or sold any specific "potentially cancer-causing chemical(s)" to which Michael Grady was allegedly exposed to at A-B's location. Plaintiffs do not identify with sufficient particularity the time period in which Michael Grady was allegedly exposed to any particular "potentially cancer-causing chemical(s)" at A-B's location. Plaintiffs do not sufficiently allege the type of activity or job duty that Michael Grady was performing which allegedly exposed him to "potentially cancer-causing chemical(s)" while he was present at any particular premises, including A-B. In fact, nowhere in Plaintiff's Petition does it allege Plaintiff did come in contact with a cancer-causing chemical.  Instead, Plaintiffs merely set forth bare conclusions and vague assertions in place of properly pleaded facts.

5.    As Plaintiffs' allegations currently stand, it is impossible for A-B to know which chemical allegedly caused Michael Grady's injuries, when he was allegedly injured, or how he

was allegedly injured. This information is crucial to A-B' ability to isolate what legal and factual issues are involved in the case, what discovery is necessary, and what evidence is relevant. As set forth above, Plaintiffs have a duty under Missouri law to plead these facts. Plaintiffs have not done so, and their Petition should be dismissed.

6.      Counts II of Plaintiffs' Petition is titled "Negligence: Premises Liability." In order to plead a cause of action for negligence, Plaintiffs must establish that Defendants owed a duty to Michael Grady to protect him from injury, that Defendants failed to perform under that duty, and that such failure caused his injuries. *Meekins v. St. John's Reg. Health Ctr.,* 149 S.W.3d 525, 532 (Mo. App. S.D. 2004). In this case, however, Plaintiffs do not allege facts that demonstrate that any Defendant owed any legal duty of care to Michael Grady and/or that that any Defendant breached any such duty. Without such facts, Plaintiffs have failed to state a claim against A-B for negligence. Counts II should be dismissed.

9.      To the extent Plaintiffs claim Michael Grady was a business invitee of A-B, Plaintiffs have still not stated a claim of negligence against A-B. First, Plaintiffs have not alleged sufficient facts to establish Michael Grady was an invitee on A-B premises. Second, Plaintiffs have not alleged sufficient facts demonstrating that A-B breached any duty owed to Michael Grady even if he was an invitee. Missouri law provides that the possessor of land owes invitees the duty to exercise reasonable care to protect the invitee against both known dangers and those that would be revealed by inspection. *Adams v. Badgett*, 114 S.W.3d 432, 438 (Mo. App. E.D. 2003. The duty does not include insuring an invitee's safety. *See Medows v. Brockmeier,* 863 S.W.2d 675, 676 (Mo. App. E.D. 1993). Plaintiffs have not alleged any facts with sufficient particularity to establish that A-B breached any duty owed to Michael Grady as an alleged

invitee. As such, any claims against A-B that are based on an alleged duty owed to business invitees should be dismissed.

10.    Furthermore, to the extent Michael Grady was present on A-B premises as an invitee while a third-party contractor was in control of construction work on the premises, A-B cannot be held liable for Michael Grady's injuries. Under Missouri law, when a landowner relinquishes possession and control of the premises to an independent contractor during a period of construction, the independent contractor, not the landowner, is seen as the possessor of the land. The duty to use reasonable care to protect invitees shifts from the landowner to the independent contractor. *Noble v. Martin*, 908 S.W.2d 390, 391 (Mo. App. E.D. 1995). As such, any claims against A-B which are based upon alleged exposures that occurred while an unrelated third party was in control of the premises should be dismissed.

11.    Likewise, to the extent Plaintiffs are alleging Michael Grady was an employee or statutory employee[1] of A-B, Plaintiffs' claims against A-B are barred and subject to dismissal because this Court lacks statutory authority to grant relief in this case. The Missouri Workers' Compensation Law vests authority to decide claims related to employee injuries exclusively in the Missouri Labor and Industrial Relations Commission. Alternatively, and to the extent Michael Grady was not an employee or statutory employee of A-B, Plaintiffs have still failed to state a claim against A-B. A-B had no duty to provide a safe workplace to Michael Grady as a non-employee. In either instance, any claims against A-B that are based upon an alleged duty to provide a safe workplace to Michael Grady should be dismissed.

---

[1] The Missouri Workers' Compensation Law states, in relevant part, "Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business." §287.040.1, RSMo (2005).

16.     In Count XVII, Plaintiffs allege loss of consortium. Count XVII fails to state a cause of action against A-B in that it is predicated on Count II. As set forth above, this count does not state a cause of action against A-B. A loss of consortium action derives from an injured spouse's action for injury and is dependent upon the establishment of defendant's liability for damages to the injured spouse. *Lear v. Norfolk and Western Railway Co.,* 815 S.W.2d 12, 14-15 (Mo. App. W.D. 1991); *Pease v. Ace Hardware Home Center of Round Lake,* 147 Ill. App. 3d 546 (1986). Count XVII should be dismissed.

17.     Plaintiffs also pray for punitive damages in several counts. Punitive damages are appropriate, however, only where a defendant's conduct is outrageous because of an evil motive or reckless indifference to the rights of others. *Jacobs v. Bonser,* 46 S.W.3d 41, 45 (Mo.App. E.D. 2001). Here, Plaintiffs do not allege any specific action or inaction by A-B warranting a claim for punitive damages. As the facts alleged in the Petition do not constitute the outrageous conduct required for punitive damages, Plaintiffs' prayer for punitive damages should be stricken.

19.     Plaintiffs' Petition does not set forth any specific facts establishing that the City of St. Louis is the proper venue or forum for this case; therefore, it should be dismissed. §508.010.4, RSMo. (2014).

20.     Plaintiffs' claims are barred by the applicable statutes of limitations.

21.     Some or all of Plaintiffs' claims are barred by the applicable statutes of repose.

22.     A-B incorporates and adopts herein the motions and arguments made in response to Plaintiffs' Petition by the co-defendants in this cause of action, to the extent that they do not contradict the arguments raised in this Motion.

23.     In the alternative, A-B moves, pursuant to Rule 55.27(d) of the Missouri Rules of

Civil Procedure, for an order requiring Plaintiffs to make their pleading more definite and particular to enable A-B to prepare a responsive pleading or otherwise prepare for trial.

WHEREFORE, Defendant Anheuser-Busch, LLC, prays for this Court's Order dismissing Plaintiffs' Petition against it or, alternatively, for an order directing Plaintiffs to plead their claims more definitely, and for such other and further relief as is proper under the circumstances.

**DEFENDANT ANHEUSER-BUSCH, LLC DEMANDS TRIAL BY JURY.**

Respectfully submitted,

PELIKAN & ORRIS LLC

By :   /s/ Ross Titzer
        Thomas L. Orris        #37416
        Matthew E. Pelikan    #57820
        Ross S. Titzer         #59581
        10 South Broadway, Suite 1100
        St. Louis, MO 63102
        314-735-2560
        314-552-7019 (Facsimile)
        tom.orris@pelikanorris.com
        matthew.pelikan@pelikanorris.com
        ross.titzer@pelikanorris.com
        citymail@pelikanorris.com

*Attorneys for Defendant Anheuser-Busch, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the Missouri eFiling System, which sent notification of such filing to all counsel of record. I further certify that I signed or caused my electronic signature to be placed upon the original of the foregoing document.

/s/ Ross Titzer

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI
## TWENTY-SECOND JUDICIAL CIRCUIT

| | | |
|---|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.:  2022-CC09797 |
| MONSANTO COMPANY, | ) ) ) | |
| ST. LOUIS TESTING LABORATORIES, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel of record hereby certifies that a true and correct copy of *Defendant St. Louis Testing Laboratories, Inc.'s First Set of Interrogatories directed to Plaintiff Michael Grady* was served upon all counsel of record via electronic mail in both Microsoft Word® and PDF format pursuant to Mo. R. Civ. P. 57.01(d) and 58.01(d) on this <u>13th</u> day of August, 2021 and further certifies that a true and correct copy of the foregoing instrument was filed electronically with the Clerk of the Court to be served upon all counsel of record by operation of the Court's electronic filing system.

Respectfully  submitted,

**GORDON REES SCULLY**
**MANSUKHANI, LLP**

By:    _/s/ Chris Enger_
       James C. Morris, #53074
       Christopher  C. Enger, 68048
       211 North Broadway, Suite 2150
       St. Louis, Missouri 63102
       Tel: (314) 961-6686
       Fax: (314) 338-3076
       jmorris@grsm.com
       cenger@grsm.com

       *Counsel for Defendant*
       *St. Louis Testing Laboratories, Inc.*

Electronically Filed - City of St. Louis - September 09, 2021 - 04:05 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No: 2022-CC09797 |
| vs. | ) | |
| | ) | Division |
| MONSANTO COMPANY, | ) | |
| | ) | |
| SAFETY-KLEEN SYSTEMS, INC., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of Plaintiff Michael Grady's Answers and Objections to Defendant Shell Oil Company's First Interrogatories Directed to Plaintiff Michael Grady, Plaintiff Michael Grady's Responses and Objections to Defendant Shell Oil Company's First Request for Production of Documents Directed to Plaintiff Michael Grady, and a true copy of this Certificate of Service, were sent this 9th day of September 2021, via electronic mail to:

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
*Attorney For Shell Oil Company*

1

Electronically Filed - City of St. Louis - September 09, 2021 - 04:05 PM

Respectfully submitted,

**THE DYSART LAW FIRM, P.C.**

/s/ Christopher W. Dysart
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, Missouri 63017
Office: (314) 548-6298
Fax:    (314) 548-6230
cdysart@dysart-law.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 9th day of September 2021, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, MO 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
*Attorneys for Anheuser-Busch Inbev Worldwide Inc.*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Pharmacia & Upjohn Company LLC*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Eastman Chemical Company*,

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
*Attorneys for Procter & Gamble Manufacturing Co.*

2

Electronically Filed - City of St. Louis - September 09, 2021 - 04:05 PM

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com
**Attorneys for Exxonmobil Oil Corporation**

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
**Attorneys For Radiator Specialty Company**

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
**Attorneys For Mallinckrodt, LLC**

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
**Attorneys For Safety-Kleen Systems Inc.**

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
**Attorneys For MI Holdings, Inc.**

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
**Attorney For Shell Oil Company**

3

Electronically Filed - City of St. Louis - September 09, 2021 - 04:05 PM

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
*Attorneys For Mistic Metal Mover, Inc.*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Monsanto Company*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Solutia Inc.*

James C. Morris
Christopher C. Enger
GORDON REES SCULLY MANSUKHANI, LLP
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
cenger@grsm.com
*Attorneys for St. Louis Testing Laboratories, Inc.*

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
*Attorneys For Turtle Wax, Inc.*

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
*Attorneys For United States Steel Corporation*

*/s/ Rita Speichinger*

4

Electronically Filed - City of St. Louis - September 09, 2021 - 03:36 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Cause No: 2022-CC09797 |
| MONSANTO COMPANY, | ) ) | Division |
| SAFETY-KLEEN SYSTEMS, INC., ET AL. | ) ) | |
| Defendants. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true copy of Plaintiff Michael Grady's Answers and Objections to Defendant Pharmacia LLC's First Interrogatories Directed to Plaintiff Michael Grady, Plaintiff Michael Grady's Responses and Objections to Defendant Pharmacia LLC's First Request for Production of Documents Directed to Plaintiff Michael Grady, and a true copy of this Certificate of Service, were sent this 9th day of September 2021, via electronic mail to:

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
amiller@shb.com
*Attorney For Pharmacia & Upjohn Company LLC*

1

Electronically Filed - City of St. Louis - September 09, 2021 - 03:36 PM

Respectfully submitted,

**THE DYSART LAW FIRM, P.C.**

/s/ Christopher W. Dysart
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, Missouri 63017
Office: (314) 548-6298
Fax:    (314) 548-6230
cdysart@dysart-law.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 9th day of September 2021, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, MO 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
*Attorneys for Anheuser-Busch Inbev Worldwide Inc.*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Pharmacia & Upjohn Company LLC*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Eastman Chemical Company*,

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
*Attorneys for Procter & Gamble Manufacturing Co.*

2

Electronically Filed - City of St. Louis - September 09, 2021 - 03:36 PM

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
 jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com
***Attorneys for Exxonmobil Oil Corporation***

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
***Attorneys For Radiator Specialty Company***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
***Attorneys For Mallinckrodt, LLC***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
***Attorneys For MI Holdings, Inc.***

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney For Shell Oil Company***

3

Electronically Filed - City of St. Louis - September 09, 2021 - 03:36 PM

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
*Attorneys For Mistic Metal Mover, Inc.*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Monsanto Company*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Solutia Inc.*

James C. Morris
Christopher C. Enger
GORDON REES SCULLY MANSUKHANI, LLP
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
cenger@grsm.com
*Attorneys for St. Louis Testing Laboratories, Inc.*

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
*Attorneys For Turtle Wax, Inc.*

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
*Attorneys For United States Steel Corporation*

/s/ Rita Speichinger

4

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No:  2022-CC09797 |
| vs. | ) | |
| | ) | Division |
| MONSANTO COMPANY, | ) | |
| | ) | |
| SAFETY-KLEEN SYSTEMS, INC., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true copy of Plaintiff Michael Grady's Answers and Objections to Defendant Pharmacia LLC's First Interrogatories Directed to Plaintiff Michael Grady, Plaintiff Michael Grady's Responses and Objections to Defendant Pharmacia LLC's First Request for Production of Documents Directed to Plaintiff Michael Grady, and a true copy of this Certificate of Service, were sent this 9th day of September 2021, via electronic mail to:

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
amiller@shb.com
*Attorney For Pharmacia & Upjohn Company LLC*

1

Respectfully submitted,

**THE DYSART LAW FIRM, P.C.**

/s/ Christopher W. Dysart
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, Missouri 63017
Office: (314) 548-6298
Fax:    (314) 548-6230
cdysart@dysart-law.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 9th day of September 2021, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, MO 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
*Attorneys for Anheuser-Busch Inbev Worldwide Inc.*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Pharmacia & Upjohn Company LLC*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Eastman Chemical Company*,

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
*Attorneys for Procter & Gamble Manufacturing Co.*

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
 jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com
***Attorneys for Exxonmobil Oil Corporation***

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
***Attorneys For Radiator Specialty Company***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
***Attorneys For Mallinckrodt, LLC***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
***Attorneys For MI Holdings, Inc.***

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney For Shell Oil Company***

3

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
***Attorneys For Mistic Metal Mover, Inc.***

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
***Attorney For Monsanto Company***

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
***Attorney For Solutia Inc.***

James C. Morris
Christopher C. Enger
GORDON REES SCULLY MANSUKHANI, LLP
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
cenger@grsm.com
***Attorneys for St. Louis Testing Laboratories, Inc.***

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys For Turtle Wax, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
***Attorneys For United States Steel Corporation***

*/s/ Rita Speichinger*

4

Electronically Filed - City of St. Louis - November 18, 2021 - 03:37 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

MICHAEL GRADY AND KATHLEEN GRADY,      )

           )

        Plaintiffs,      )

           )  Cause No: 2022-CC09797

vs.           )

           )  Division

MONSANTO COMPANY,      )

           )

SAFETY-KLEEN SYSTEMS, INC., ET AL.  )

           )

        Defendants.      )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of Plaintiff Michael Grady's 1st Supplemental Answers and Objections to Defendant Safety-Kleen Systems Inc.'s First Interrogatories Directed to Plaintiff Michael Grady, Plaintiffs' 1st Supplemental Responses and Objections to Defendant Safety-Kleen Systems Inc.'s First Request for Production of Documents Directed to Plaintiffs, and a true copy of this Certificate of Service, were sent this 18th day of November, 2021, via electronic mail to:

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
*Attorneys For Safety-Kleen Systems Inc.*

1

Electronically Filed - City of St. Louis - November 18, 2021 - 03:37 PM

Respectfully submitted,

**THE DYSART LAW FIRM, P.C.**

/s/ Christopher W. Dysart
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, Missouri 63017
Office: (314) 548-6298
Fax:     (314) 548-6230
cdysart@dysart-law.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by Electronic Mail this 18th day of November 2021, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, MO 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
*Attorneys for Anheuser-Busch Inbev Worldwide Inc.*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Pharmacia & Upjohn Company LLC*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Eastman Chemical Company*,

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
*Attorneys for Procter & Gamble Manufacturing Co.*

2

Electronically Filed - City of St. Louis - November 18, 2021 - 03:37 PM

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
 jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com
**Attorneys for Exxonmobil Oil Corporation**

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
**Attorneys For Radiator Specialty Company**

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
**Attorneys For Mallinckrodt, LLC**

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
**Attorneys For Safety-Kleen Systems Inc.**

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
**Attorneys For MI Holdings, Inc.**

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
**Attorney For Shell Oil Company**

Electronically Filed - City of St. Louis - November 18, 2021 - 03:37 PM

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
**_Attorneys For Mistic Metal Mover, Inc._**

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
**_Attorney For Monsanto Company_**

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
**_Attorney For Solutia Inc._**

James C. Morris
Christopher C. Enger
GORDON REES SCULLY MANSUKHANI, LLP
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
cenger@grsm.com
**_Attorneys for St. Louis Testing Laboratories, Inc._**

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
**_Attorneys For Turtle Wax, Inc._**

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
**_Attorneys For United States Steel Corporation_**

_/s/ Megan Duffy_

4

Electronically Filed - City of St. Louis - November 18, 2021 - 03:56 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No:  2022-CC09797 |
| vs. | ) | |
| | ) | Division |
| MONSANTO COMPANY, | ) | |
| | ) | |
| SAFETY-KLEEN SYSTEMS, INC., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true copy of Plaintiff Michael Grady's Answers and Objections to Defendant St. Louis Testing Laboratories, Inc.'s First Interrogatories Directed to Plaintiff Michael Grady and a true copy of this Certificate of Service, were sent this 18th day of November, 2021, via electronic mail to:

James C. Morris
Christopher C. Enger
Gordon Rees Scully Mansukhani, LLP
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
cenger@grsm.com
***Counsel for Defendant St. Louis Testing Laboratories, Inc.***

Respectfully submitted,

**THE DYSART LAW FIRM, P.C.**

/s/ Christopher W. Dysart
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, Missouri 63017

1

Office: (314) 548-6298
Fax:    (314) 548-6230
cdysart@dysart-law.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by Electronic Mail this 18th day of November 2021, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, MO 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
*Attorneys for Anheuser-Busch Inbev Worldwide Inc.*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Pharmacia & Upjohn Company LLC*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Eastman Chemical Company*,

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
*Attorneys for Procter & Gamble Manufacturing Co.*

Electronically Filed - City of St. Louis - November 18, 2021 - 03:56 PM

2

Electronically Filed - City of St. Louis - November 18, 2021 - 03:56 PM

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com
***Attorneys for Exxonmobil Oil Corporation***

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
***Attorneys For Radiator Specialty Company***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
***Attorneys For Mallinckrodt, LLC***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
***Attorneys For MI Holdings, Inc.***

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney For Shell Oil Company***

3

Electronically Filed - City of St. Louis - November 18, 2021 - 03:56 PM

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
*Attorneys For Mistic Metal Mover, Inc.*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Monsanto Company*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Solutia Inc.*

James C. Morris
Christopher C. Enger
GORDON REES SCULLY MANSUKHANI, LLP
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
cenger@grsm.com
*Attorneys for St. Louis Testing Laboratories, Inc.*

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
*Attorneys For Turtle Wax, Inc.*

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
*Attorneys For United States Steel Corporation*

/s/ Megan Duffy

4

Electronically Filed - City of St. Louis - January 14, 2022 - 03:09 PM

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS, MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY, | ) ) ) | |
| Plaintiffs, | ) ) | Cause No. 2022-CC09797 |
| v. | ) ) | Div. No: 12 |
| MONSANTO COMPANY, et al., | ) ) | |
| Defendants. | ) ) | |

## <u>CERTIFICATE OF SERVICE</u>

Defendant MI Holdings, Inc., by and through its undersigned counsel, hereby certifies that a copy of Defendant MI Holdings, Inc.'s First Interrogatories to Plaintiff Michael Grady; First Requests for Production of Documents to Plaintiffs Michael Grady and Kathleen Grady; and MI Holdings, Inc.'s Loss of Consortium Interrogatories to Plaintiff Kathleen Grady was served to the following counsel of record for Plaintiffs via electronic mail on January 14, 2022 and copies to all counsel of record via Email only.

Dated: January 14, 2022

By:     */s/ Bryan T. Pratt*
        Bryan T. Pratt #48798
        Mathew L. Larsen #60168
        Christopher M. Sorenson #68412
        Brice Nengsu Kenfack #69508
        2555 Grand Blvd.
        Kansas City, MO 64108
        Telephone: (816) 474-6550
        bpratt@shb.com
        mlarsen@shb.com
        csorenson@shb.com
        bkenfack@shb.com

        **ATTORNEYS FOR MALLINCKRODT,**
        **LLC AND MI HOLDINGS, INC.**

Electronically Filed - City of St. Louis - January 14, 2022 - 03:09 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 14, 2022, the foregoing was filed with the Missouri Courts E-Filing System pursuant to Missouri Rule of Civil Procedure 103.08 which will send notification of such filing(s) to the following:

Christopher W. Dysart
THE DYSART LAW FIRM
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, MO 63017
cdysart@dysart-law.com
*Attorney for Plaintiffs*

Richard B. Korn
Fox Smith, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
rkorn@foxsmithlaw.com
*Attorney for Defendant Shell Oil Company*

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX &
von GONTARD P.C.
600 Washington Ave., 15th Floor
St. Louis, MO 63101
gsmith@sandbergphoenix.com
*Attorneys for Defendant Turtle Wax, Inc.*

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 S. 4th St., Suite 400
St. Louis, MO 63102
snodgrass@pspclaw.com
bryant@pspclaw.com
*Attorneys for Defendant Safety-Kleen Systems, Inc.*

Thomas L. Orris
Matthew E. Pelikan
Ross S. Titzer
COSMICH, SIMMONS & BROWN LLC
10 S. Broadway, Suite 1100
St. Louis, MO 63102
Tom.orris@cs-law.com
Matthew.pelikan@cs-law.com
Ross.titzer@cs-law.com
citymail@cs-law.com
*Attorneys for Defendant Anheuser-Busch, LLC*

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia St.
Edwardsville, IL 62025
Jeff.bash@lawisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
*Attorneys for Defendant Radiator Specialty Company*

Adam E. Miller
CAPES, SOKOL, GOODMAN AND
SARACHAN, P.C.
7701 Forsyth Blvd., Twelfth Fl.
St. Louis, MO 63105
miller@capessokol.com
*Attorneys for Defendants Monsanto Company, Solutia Inc., Pharmacia & Upjohn Company, LLC and Eastman Chemical Company*

4886-3214-0041

Electronically Filed - City of St. Louis - January 14, 2022 - 03:09 PM

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
jschmalfeld@cyp-law.com
***Attorneys for Defendant Exxon
Mobil Corporation***

Joshua M. Schindler
Bryan P. Doty
THE SCHINDLER LAW FIRM
141 N. Meramec, Suit 201
St. Louis, MO 63105
josh@schindlerlawfirm.com
***Attorneys for Defendant St. Louis
Testing Laboratories, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Bryan.hopkins@huschblackwell.com
Brandon.black@huschblackwell.com
***Attorneys for Defendant United States
Steel Corporation***

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH SIMMONS & BROWN, PLLC
One Eastover Center
100 Vision Dr., Suite 200
Jackson, MS 39211
rich@cs-law.com
jerry.warchol@cs-law.com
citymail@cs-law.com
***Attorneys for Defendant Proctor &
Gamble Manufacturing Company***

*/s/ Bryan T. Pratt*
Bryan T. Pratt

Electronically Filed - City of St. Louis - January 26, 2022 - 02:34 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**STATE OF MISSOURI**

| | |
|---|---|
| MICHAEL GRADY and KATHLEEN GRADY ) | |
| ) | Cause No.: 2022-CC09797 |
| Plaintiffs, ) | |
| ) | Div. No.:  12 |
| v. ) | |
| ) | |
| MONSANTO COMPANY; SAFETY-KLEEN ) | |
| SYSTEMS INC., ET AL. ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF CHANGE OF ADDRESS FOR ADAM E. MILLER**

Please take notice that Adam E. Miller, with the law firm Shook, Hardy & Bacon LLP,

counsel for Defendants Monsanto Company, Solutia Inc., and Pharmacia LLC, f/k/a Monsanto

Company, has relocated to a new address.  Please update your respective service lists and direct

all further pleadings, discovery and communications intended for such defendants and their

counsel in this matter to the address listed below:

Shook, Hardy, & Bacon LLP
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
Phone: (314)690-0200
Fax: (314)690-0249

1

Electronically Filed - City of St. Louis - January 26, 2022 - 02:34 PM

Respectfully submitted,

By:      /s/Adam E. Miller
       Adam E. Miller, #40945
       SHOOK, HARDY & BACON L.L.P.
       190 Carondelet Plaza, Suite 1350
       St. Louis, MO 63105
       Phone: 314-690-0200
       Email: amiller@shb.com

**ATTORNEY FOR MONSANTO COMPANY, SOLUTIA, INC., PHARMACIA & UPJOHN COMPANY LLC, and EASTMAN CHEMICAL COMPANY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed with the Clerk of the Court using the Missouri eFiling System, which sent notification of such filing to all counsel of record this 26th day of January, 2022.


       /s/Adam E. Miller

2

Electronically Filed - City of St. Louis - February 04, 2022 - 12:05 PM

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2022-CC09797 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MONSANTO COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ORDER REGARDING</u>
## <u>PLAINTIFF'S MOTION FOR PROTECTIVE ORDER</u>

This matter comes before the Court on the Plaintiff's Motion for a Protective Order, and the Court having considered said motion, it is hereby ORDERED that Plaintiff's said motion is granted as follows:

1. Defendants, collectively, shall propound up to thirty (30) Interrogatories and thirty (30) Requests for Production to be answered by Plaintiff;

2. Upon receipt of Plaintiff's answers and responses thereto, each Defendant will be afforded an additional and subsequent fifteen (15) Interrogatories and twenty (20) Requests for Production to be answered by Plaintiff;

3. No further Interrogatories or Requests for Production directed to Plaintiff shall be permitted by Defendants without further Order of this Court or agreement of the parties.

Dated: _____          Enter: _____
                                                        Circuit Judge

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

MICHAEL GRADY and          )
KATHLEEN GRADY,            )
                           )
              Plaintiffs,  )    Case No.: 2022-CC09797
                           )
v.                         )
                           )    JURY TRIAL DEMANDED
MONSANTO COMPANY, et al.   )
                           )
              Defendants.  )
                           )

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND**
**MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW Michael Grady (hereinafter "Plaintiff"), by and through undersigned

counsel of record, and pursuant to Rule 56.01(c) of the Missouri Rules of Civil Procedure moves

this Court for the entry of a protective order and as his Memorandum of Law in Support Thereof,

states the following.

**BACKGROUND**

Plaintiffs' Petition is filed against multiple Defendants and alleges Defendants'

negligence caused him to contract Multiple Myeloma. Plaintiffs anticipate receiving multiple,

duplicative interrogatories and requests for production of documents from Defendants.  Plaintiff,

therefore, moves the Court to enter a Protective Order consolidating the written discovery from

Defendants to avoid the burden and expense of duplicate interrogatories and requests for

production asking Plaintiff for the same information and documents.

Plaintiffs' proposed protective order has been agreed to by fifteen (15) of the sixteen (16)

Defendants in this case.  The only Defendant objecting to Plaintiffs' proposed protective order is

Safety-Kleen Systems Inc. Plaintiffs have already responded to Defendant Safety-Kleen's First

Interrogatories, provided supplemental responses to Defendant Safety-Kleen's First

Interrogatories and have responded to Defendant Safety-Kleen's First Request for Production of

Documents. (See Exhibit 1, Attached) Plaintiff's proposed protective order will not impact the

discovery responses already provided to Safety-Kleen. Plaintiffs' responses to Defendant Safety-

Kleen's previous written discovery, as well as any other previous responses to written discovery

for any other Defendant, are considered by Plaintiffs as outside the proposed protective order.

   Plaintiff proposes that Defendants, cooperatively and collectively, propound thirty (30)

Interrogatories and thirty (30) Requests for Production to be answered by Plaintiff.  Upon receipt

of Plaintiff's answers and responses thereto, each Defendant will be afforded an additional and

subsequent fifteen (15) Interrogatories and twenty (20) Requests for Production to be answered

by Plaintiff.  Plaintiff also agrees to execute the following authorizations, providing Defendants

the capability to acquire relevant information:

(a) medical authorization(s) regarding Plaintiff's injuries as set forth in his
    Petition;
(b) authorizations for releases of Plaintiff's employment records;
(c) authorizations for releases of Plaintiff's Social Security disability records;
(d) authorization for release of military records;
(e) authorizations for examination and copy of Plaintiff's last five (5)
    individually/or jointly filed federal and state tax returns; Internal Revenue
    Service authorization, granting access to Plaintiff last five (5) federal tax
    returns;
(f) authorizations for releases of Plaintiff's worker's compensation records; and
(g) authorizations for releases of Plaintiff's school records.

## DISCUSSION

### A. Law Governing Protective Orders

Pursuant to Missouri Supreme Court Rule 56.01(c):

> Upon motion by a party or by the person from whom discovery is sought, including e-discovery, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …

A trial court is vested with broad discretion in administering the rules of discovery. *State ex rel. LaBarge v. Clifford*, 979 S.W.2d 206, 208 (Mo.App. E.D. 1998); citing *State v. Ryan*, 777 S.W.2d 247, 251 (Mo.App.E.D.1989). Moreover, "even though the information sought is properly discoverable, upon objection the trial court should consider whether the information can be adequately furnished in a manner less intrusive, less burdensome or less expensive than that designated by the requesting party." *State ex rel. Anheuser v. Nolan*, 692 S.W.2d 325, 328 (Mo.App. E.D. 1985); citing *See State ex rel. Albert v. Adams,* 540 S.W.2d 26, 30–31 (Mo. banc 1976). "A protective order should issue if annoyance, oppression, and undue burden and expense outweigh the need for discovery." Mo.R.Civ.P. 56.01(c).

### B. A Protective Order is Required to Avoid Duplication of Discovery

In the present case, a protective order is required to avoid the needless duplication of written discovery from Defendants. Plaintiff anticipates that Defendants will submit duplicative, or substantially similar, written discovery asking for the identification of Plaintiff's medical providers, the identity of Plaintiff's employer's, the identification of Plaintiff's fact witnesses, the identification of Plaintiff's expert witnesses and documents and releases related to these and other similar issues.

The Missouri Rules of Civil Procedure, including Rule 56.01(b) provides that unnecessarily duplicative and burdensome discovery should be avoided. Rule 56.01(b)(2)(A)

states that a trial court "upon motion of any party…must limit the frequency or extent of discovery if it determines that …the discovery sought is cumulative or duplicative…"

### a. Consolidating Written Discovery Avoids Duplication, But Provides Defendants With The Same Information They Would Otherwise Request

Plaintiff seeks not to limit Defendants' ability to obtain discovery from Plaintiff, but merely seeks to consolidate or streamline discovery where possible in order to avoid the burden and expense of duplicative discovery, *see* Mo. R. Civ. P. Rule 56.01(b)(2)(A). Therefore, to avoid the burden and expense of duplicative discovery, and to expedite litigation, Plaintiff requests that this Court enter a Protective Order consolidating Defendants' written discovery as noted herein.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff prays this Court enter a Protective Order to consolidate Defendants' written discovery and for any further relief this Court deems appropriate.

Respectfully Submitted,

THE DYSART LAW FIRM, P.C.

BY:   /s/ Christopher W. Dysart
Christopher W. Dysart, #37069
16020 Swingley Ridge Road, Suite 340
Chesterfield, MO 63017
Phone : (314) 548-6298
Fax :   (314) 548-6230
Email: cdysart@dysart-law.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 4th day of February 2022, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, MO 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
***Attorneys for Anheuser-Busch Inbev Worldwide Inc.***

Adam E. Miller
SHOOK, HARDY & BACON LLP
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
***Attorney For Pharmacia & Upjohn Company LLC***

Adam E. Miller
SHOOK, HARDY & BACON LLP
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
***Attorney For Eastman Chemical Company***,

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
***Attorneys for Procter & Gamble Manufacturing Co.***

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
 jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com
***Attorneys for Exxonmobil Oil Corporation***

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
***Attorneys For Radiator Specialty Company***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
***Attorneys For Mallinckrodt, LLC***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
***Attorneys For MI Holdings, Inc.***

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney For Shell Oil Company***

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
***Attorneys For Mistic Metal Mover, Inc.***

Adam E. Miller
SHOOK, HARDY & BACON LLP
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
***Attorney For Monsanto Company***

Adam E. Miller
SHOOK, HARDY & BACON LLP
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
***Attorney For Solutia Inc.***

James C. Morris
Christopher C. Enger
GORDON REES SCULLY MANSUKHANI, LLP
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
cenger@grsm.com
***Attorneys for St. Louis Testing Laboratories, Inc.***

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys For Turtle Wax, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
***Attorneys For United States Steel Corporation***

Electronically Filed - City of St. Louis - July 19, 2021 - 03:21 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) ) ) | **EXHIBIT 1** |
|       Plaintiffs, | ) ) | |
| vs. | ) ) | Cause No: 2022-CC09797 |
| MONSANTO COMPANY, | ) ) | Division |
| SAFETY-KLEEN SYSTEMS, INC., ET AL. | ) ) | |
|       Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of Plaintiff Michael Grady's Answers and Objections to Defendant Safety-Kleen Systems Inc.'s First Interrogatories Directed to Plaintiff Michael Grady, Plaintiff Kathleen Grady's Answers and Objections to Defendant Safety-Kleen Systems Inc.'s First Interrogatories Directed to Plaintiff Kathleen Grady, Plaintiffs' Responses and Objections to Defendant Safety-Kleen Systems Inc.'s First Request for Production of Documents Directed to Plaintiffs, and a true copy of this Certificate of Service, were sent this 19th day of July, 2021, via electronic mail to:

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

Electronically Filed - City of St. Louis - July 19, 2021 - 03:21 PM

Respectfully submitted,

**THE DYSART LAW FIRM, P.C.**

/s/ Christopher W. Dysart
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, Missouri 63017
Office: (314) 548-6298
Fax:     (314) 548-6230
cdysart@dysart-law.com
***Attorney for Plaintiffs***

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 19th day of July 2021, to the following counsel of record:

Thomas L. Orris
Matthew E. Pelikan
Ross S. Titzer
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
314-735-2560
tom.orris@cs-law.com
matthew.pelikan@cs-law.com
ross.titzer@cs-law.com
citymail@cs-law.com
***Attorneys for Anheuser-Busch Inbev Worldwide Inc.***

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
***Attorney For Pharmacia & Upjohn Company LLC***

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
***Attorney For Eastman Chemical Company***,

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
***Attorneys for Procter & Gamble Manufacturing Co.***

2

Electronically Filed - City of St. Louis - July 19, 2021 - 03:21 PM

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
 jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com
***Attorneys for Exxonmobil Oil Corporation***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
***Attorneys For Mallinckrodt, LLC***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
***Attorneys For MI Holdings, Inc.***

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
***Attorneys For Radiator Specialty Company***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney For Shell Oil Company***

3

Electronically Filed - City of St. Louis - July 19, 2021 - 03:21 PM

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
***Attorneys For Mistic Metal Mover, Inc.***

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
***Attorney For Monsanto Company***

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
***Attorney For Solutia Inc.***

James C. Morris
Christopher C. Enger
GORDON REES SCULLY MANSUKHANI, LLP
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
cenger@grsm.com
***Attorneys for St. Louis Testing Laboratories, Inc.***

Electronically Filed - City of St. Louis - July 19, 2021 - 03:21 PM

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys For Turtle Wax, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
***Attorneys For United States Steel Corporation***


*/s/ Megan Duffy*

5

Electronically Filed - City of St. Louis - November 18, 2021 - 03:37 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No: 2022-CC09797 |
| vs. | ) | |
| | ) | Division |
| MONSANTO COMPANY, | ) | |
| | ) | |
| SAFETY-KLEEN SYSTEMS, INC., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true copy of Plaintiff Michael Grady's 1st

Supplemental Answers and Objections to Defendant Safety-Kleen Systems Inc.'s First

Interrogatories Directed to Plaintiff Michael Grady, Plaintiffs' 1st Supplemental Responses and

Objections to Defendant Safety-Kleen Systems Inc.'s First Request for Production of Documents

Directed to Plaintiffs, and a true copy of this Certificate of Service, were sent this 18th day of

November, 2021, via electronic mail to:

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

1

Electronically Filed - City of St. Louis - November 18, 2021 - 03:37 PM

Respectfully submitted,

**THE DYSART LAW FIRM, P.C.**

/s/ Christopher W. Dysart
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, Missouri 63017
Office: (314) 548-6298
Fax:    (314) 548-6230
cdysart@dysart-law.com
*Attorney for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that a copy of the foregoing was served by Electronic Mail this 18th day of November 2021, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, MO 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
*Attorneys for Anheuser-Busch Inbev Worldwide Inc.*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Eastman Chemical Company*,

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Pharmacia & Upjohn Company LLC*

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
*Attorneys for Procter & Gamble Manufacturing Co.*

2

Electronically Filed - City of St. Louis - November 18, 2021 - 03:37 PM

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
 jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com
***Attorneys for Exxonmobil Oil Corporation***

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
***Attorneys For Radiator Specialty Company***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
***Attorneys For Mallinckrodt, LLC***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
***Attorneys For MI Holdings, Inc.***

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney For Shell Oil Company***

3

Electronically Filed - City of St. Louis - November 18, 2021 - 03:37 PM

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
*Attorneys For Mistic Metal Mover, Inc.*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Monsanto Company*

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Solutia Inc.*

James C. Morris
Christopher C. Enger
GORDON REES SCULLY MANSUKHANI, LLP
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
cenger@grsm.com
*Attorneys for St. Louis Testing Laboratories, Inc.*

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
*Attorneys For Turtle Wax, Inc.*

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
*Attorneys For United States Steel Corporation*

*/s/ Megan Duffy*

4

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2022-CC09797 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MONSANTO COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER REGARDING
## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

      This matter comes before the Court on the Plaintiff's Motion for a Protective Order, and the Court having considered said motion, it is hereby ORDERED that Plaintiff's said motion is granted as follows:

1. Defendants, collectively, shall propound up to thirty (30) Interrogatories and thirty (30) Requests for Production to be answered by Plaintiff;

2. Upon receipt of Plaintiff's answers and responses thereto, each Defendant will be afforded an additional and subsequent fifteen (15) Interrogatories and twenty (20) Requests for Production to be answered by Plaintiff;

3. No further Interrogatories or Requests for Production directed to Plaintiff shall be permitted by Defendants without further Order of this Court or agreement of the parties.

Dated: _____          Enter: _____
                                                                     Circuit Judge

Electronically Filed - City of St. Louis - March 14, 2022 - 09:33 AM

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

MICHAEL GRADY and )
KATHLEEN GRADY, )
)
     Plaintiffs, ) Case No.: 2022-CC09797
)
v. )
) JURY TRIAL DEMANDED
MONSANTO COMPANY, et al. )
)
     Defendants. )
)

## NOTICE OF HEARING

PLEASE TAKE NOTICE, Plaintiffs, Michael and Kathleen Grady, through counsel, will call up for hearing via Webex on Wednesday**, May 18, 2022 at 10:30 A.M.,** or as soon thereafter as counsel may be heard, in Division 20, of the St. Louis City Circuit Court, *Plaintiff's Motion To Consolidate Discovery*.

URL: **https://mocourts.webex.com/meet/joan.moriarty/**

Meeting Number: 960 213 407

Video Address: **joan.moriarty@mocourts.webex.com**

Audio connection: United States Toll +1-408-418-9388

Access code: 960 213 407

Electronically Filed - City of St. Louis - March 14, 2022 - 09:33 AM

Respectfully Submitted,

THE DYSART LAW FIRM, P.C.

BY:  ___/s/ Christopher W. Dysart_____
Christopher W. Dysart, #37069
16020 Swingley Ridge Road, Suite 340
Chesterfield, MO 63017
Phone : (314) 548-6298
Fax :   (314) 548-6230
Email: cdysart@dysart-law.com

Dated 03/14/2022

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 14th day of March 2022, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, MO 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
***Attorneys for Anheuser-Busch Inbev Worldwide Inc.***

Adam E. Miller
SHOOK, HARDY & BACON LLP
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
***Attorney For Pharmacia & Upjohn Company LLC***

Adam E. Miller
SHOOK, HARDY & BACON LLP
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
***Attorney For Eastman Chemical Company***,

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
***Attorneys for Procter & Gamble Manufacturing Co.***

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com
***Attorneys for Exxonmobil Oil Corporation***

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
***Attorneys For Radiator Specialty Company***

Electronically Filed - City of St. Louis - March 14, 2022 - 09:33 AM

Electronically Filed - City of St. Louis - March 14, 2022 - 09:33 AM

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
*Attorneys For Mallinckrodt, LLC*

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
*Attorneys For MI Holdings, Inc.*

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
*Attorneys For Mistic Metal Mover, Inc.*

Adam E. Miller
SHOOK, HARDY & BACON LLP
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Monsanto Company*

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
*Attorneys For Safety-Kleen Systems Inc.*

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
*Attorney For Shell Oil Company*

Adam E. Miller
SHOOK, HARDY & BACON LLP
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Solutia Inc.*

James C. Morris
Christopher C. Enger
GORDON REES SCULLY MANSUKHANI, LLP
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
cenger@grsm.com
*Attorneys for St. Louis Testing Laboratories, Inc.*

Electronically Filed - City of St. Louis - March 14, 2022 - 09:33 AM

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys For Turtle Wax, Inc.***

*/s/ Rita Speichinger*

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 2022-CC09797 |
| v. | ) ) | JURY TRIAL DEMANDED |
| MONSANTO COMPANY, et al. | ) ) | |
| Defendants. | ) ) | |

## ORDER REGARDING
## PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on the Plaintiffs' Motion for a Protective Order, and the Court having considered said motion, it is hereby ORDERED that Plaintiffs' said motion is granted as follows:

1. Defendants, collectively, shall propound up to thirty (30) Interrogatories and thirty (30) Requests for Production to be answered by Plaintiffs;

2. Upon receipt of Plaintiffs' answers and responses thereto, each Defendant will be afforded an additional and subsequent fifteen (15) Interrogatories and twenty (20) Requests for Production to be answered by Plaintiffs;

3. No further Interrogatories or Requests for Production directed to Plaintiffs shall be permitted by Defendants without further Order of this Court or agreement of the parties.

4. Plaintiff Michael Grady ("Plaintiff") will execute and provide to Defendants mutually agreeable authorizations as follows:

    a. Medical authorization(s) for all of Plaintiff's health information from date of Plaintiff's first alleged exposure to present, including his entire medical/pharmacy record, all billing records/balance ledger, all diagnostic materials, all disability records, and all insurance records;

{02443876.DOCX;1}

b.  Authorizations for releases of Plaintiff's employment records from all former and present employers, unions, Social Security Disability Determination Services, including personnel files, employee health records, attendance records (including vacation time and leave of absence), applications, job descriptions, payroll/wage records, union membership records, dues paid and job assignment records, and disability/determination records;

c.  authorizations for releases of Plaintiff's Social Security disability records;

d.  authorization for release of military records;

e.  authorizations for examination and copy of Plaintiff's last five (5) individually/or jointly filed federal and state tax returns; Internal Revenue Service authorization, granting access to Plaintiff last five (5) federal tax returns;

f.  authorizations for releases of Plaintiff's worker's compensation records; and

g.  authorizations for releases of Plaintiff's school records.

Dated: _____        Enter: _____
                                              Circuit Judge

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No:  2022-CC09797 |
| vs. | ) | |
| | ) | Division 12 |
| MONSANTO COMPANY, ET AL. | ) | |
| | ) | **DEFENDANT DEMANDS TRIAL BY** |
| | ) | **JURY OF TWELVE** |
| | ) | |
| Defendants. | ) | |

## *DEFENDANT SAFETY-KLEEN SYSTEMS, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER*

COMES NOW Defendant Safety-Kleen Systems, Inc., by and through counsel, pursuant to Rule 56.01(c), Mo. R. Civ. Pro., and for its Response to Plaintiffs' Motion for Protective Order (the "Motion"), states as follows.

Safety-Kleen agrees, in principle, to the entry of a Protective Order for the purpose of avoiding duplicative discovery.  However, because Plaintiffs' Motion for Protective Order purports to address the scope of authorizations that Plaintiffs will provide, Safety-Kleen submits the following.

Plaintiffs allege that Plaintiff Michael Grady ("Mr. Grady") was diagnosed with Multiple Myeloma in 2017 which was caused by his alleged occupational and non-occupational exposure to Defendants' products from 1958 to 2017.  The medical and employment authorizations provided in this action should be tailored to the allegations in Plaintiffs' pleadings.  Since Plaintiffs have alleged exposure to chemicals over a 60-year period and allege damages

including shortened life expectancy and loss of employment, Defendants are entitled to medical and employment records that encompass the period from 1958 to the present.

### FACTS

In their First Amended Petition, Plaintiffs allege that Mr. Grady was diagnosed with Multiple Myeloma in 2017 resulting from occupational and non-occupational exposure to Defendants' products from 1958 to 2017. Specifically, from 1958 to 1972, Mr. Grady was allegedly exposed to chemicals on his father's clothing when he came home from work. (See Petition, paragraph 25.) From approximately 1977 to 2018, Mr. Grady was allegedly exposed to chemicals and radiation at various job sites. (See Petition, paragraphs 26-37.)

### ARGUMENT

### MEDICAL AUTHORIZATIONS

Plaintiffs propose that they provide "medical authorization(s) regarding Plaintiff's injuries as set forth in his Petition." (Motion at p. 2.) In light of the broad alleged exposure period, covering the years from 1958 to 2017, Safety-Kleen requests medical authorization(s) for all of Plaintiff Mr. Grady's health information from 1958, the date of Mr. Grady's first alleged exposure, to the present, including his medical/pharmacy records, billing records/balance ledgers, diagnostic materials, disability records, and insurance records.

Medical authorizations must be tailored to the pleadings, and this can only be achieved on a case-by-case basis. *State ex rel. Jones v. Syler*, 936 S.W.2d 805, 807 (Mo. banc 1997) citing *State ex rel. McNutt v Keet,* 432 S.W.2d 597, 601 (Mo. banc 1968). If a plaintiff alleges an injury, the defendant is entitled to "those medical records that relate to the physical conditions at issue under the pleadings." *Jones* at 807 citing *McNutt* at 601. "Unless special circumstances can be shown, the language of defendants' requested authorization should track plaintiffs'

allegation of injury in the petition.  As with other discovery, the narrowness or breadth of the medical authorization required is directly controlled by the narrowness or breadth of the allegations in plaintiffs' petition.  *Jones* at 807.  The *Jones* Court added that time limits and designations of health care providers tie the authorizations to the particular case and the injuries pleaded.  *Jones* at 808.

Here, Plaintiffs allege a 60-year exposure period, beginning in 1958, resulting in a 2017 multiple myeloma diagnosis. (See Petition, paragraph 42.)  Plaintiffs further allege that as a result of his alleged chemical exposure and medical diagnosis, Mr. Grady has a shortened life expectancy.  (See Petition, paragraph 183.) Under *Jones*, Defendants are entitled to medical authorizations tailored to Plaintiffs' allegations. Plaintiffs allege that Mr. Grady's exposures to his father's clothing and at each employer and job site all contributed to his 2017 diagnosis. Therefore, authorizations that track these allegations are tailored to the pleadings.  Plaintiffs should provide medical authorizations for Mr. Grady's health information from the date of first alleged exposure to the present, including his medical/pharmacy record, billing records/balance ledger, diagnostic materials, disability records, and insurance records.  Such authorizations are critical to the defense of this case as they may include information about Mr. Grady's alleged exposures, his treatment, possible alternative causes and other occupational exposures.

### *EMPLOYMENT AUTHORIZATIONS*

Plaintiffs propose that Mr. Grady execute "authorizations for releases of Plaintiff's employment records."  Safety-Kleen proposes that the authorizations to be provided by Plaintiff Mr. Grady should permit the releases of Plaintiff's employment records from all former and present employers, unions, Social Security Disability Determination Services, including personnel files, employee health records, attendance records (including vacation time and leave

3

of absence), applications, job descriptions, payroll/wage records, union membership records, dues paid and job assignment records, and disability/determination records.

As with the scope of the medical records authorizations, the scope of employment-related authorizations is warranted in this particular case because, in their First Amended Petition, the plaintiffs allege that Mr. Grady was exposed to the chemicals that are the subject of this lawsuit throughout his employment history, which allegedly includes the following employers.

1. Motor Gas Station, located around 4500 South Broadway, St. Louis, Missouri during unspecified dates (Petition, paragraph 26);

2. I-55 Mobile Station, St. Louis, Missouri from 1977 through 1984 (Petition, paragraph 27);

3. Union Pipe Fitter and Mechanical Contractor at various job sites located within the States of Missouri and Illinois between 1979 and 2018 (Petition, paragraph 29);

4. Assigned to various Monsanto plants located within St. Louis, Missouri and Sauget, Illinois between 1979 and 2018 (Petition, paragraph 30);

Among his claimed damages, the Plaintiffs allege that Mr. Grady was, "hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him." (See Petition, paragraph 183.)

Because the Plaintiffs assert that Mr. Grady was exposed to damaging chemicals at each location at which he worked and that those alleged exposures caused harm to Mr. Grady, including preventing him from pursuing employment, the scope of employment-related authorizations proposed by Safety-Kleen is appropriate. Safety-Kleen's request is therefore tailored to Plaintiffs' allegations pertaining to liability, damages, and dates of employment per the pleadings, as required by *Jones*. See *State ex rel. Jones v. Syler*, 936 S.W.2d 805, 806-07 (Mo. banc 1997).

4

***AGREEMENT REGARDING OTHER IDENTIFIED AUTHORIZATIONS***

Safety-Kleen agrees with Plaintiffs' suggestions that they provide:

1. Authorizations for the releases of Michael Grady's military records, if any;

2. Authorizations for the examinations and copying of Plaintiffs' last five (5) individual/or jointly filed federal and state tax returns; Internal Revenue Service authorization, granting access to Plaintiffs' last five (f) federal tax returns;

3. Authorizations for the releases of Michael Grady's worker's compensation records; and

4. Authorizations for the releases of Michael Grady's school records.

WHEREFORE, having responded to Plaintiffs' Motion for Protective Order, Defendant Safety-Kleen Systems, Inc. prays this Honorable Court grant said Motion and further Order that Plaintiffs produce authorizations as set forth above, and for such other and further relief as is just and proper.

A proposed Order is submitted herewith.

5

/s/ J. Phillip Bryant
Gary E. Snodgrass   #27037
J. Phillip Bryant    #46154
PITZER SNODGRASS, P.C.
Attorney for Defendant
Safety-Kleen Systems, Inc.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: snodgrass@pspclaw.com
Email: bryant@pspclaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that a copy of the foregoing has been electronically served on all counsel of record via the Missouri eFiling System, or U.S. mail for parties not registered for the Missouri eFiling System, on this 10th day of May, 2022.

/s/ J. Phillip Bryant

6

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

MICHAEL GRADY and ) 
KATHLEEN GRADY, ) 
 ) 
                Plaintiffs, )   Case No.: 2022-CC09797 
 ) 
v. ) 
 )   JURY TRIAL DEMANDED 
MONSANTO COMPANY, et al. ) 
 ) 
                Defendants. ) 
 ) 

**PLAINTIFFS' REPLY TO SAFETY-KLEEN'S RESPONSE TO**
**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

COMES NOW Michael Grady and Kathleen Grady (hereinafter "Plaintiffs"), by and through undersigned counsel of record, and for their Reply to Defendant Safety-Kleen's Response to Plaintiffs' Motion for Protective Order state as follows:

**BACKGROUND**

Plaintiffs' have moved the Court for the entry of a Protective Order seeking to avoid the burden and expense of duplicate discovery from multiple defendants. Plaintiffs proposed protective order has been agreed to by fifteen (15) of the sixteen (16) Defendants in this case. The only Defendant objecting to Plaintiffs proposed protective order is Safety-Kleen Systems Inc. (hereinafter "Safety-Kleen").

In its Response to Plaintiffs' motion for a protective order, Safety-Kleen seeks to add overly broad authorizations for medical records which go beyond the waiver of Plaintiff Michael Grady's physician-patient privilege.  Plaintiffs' Petition alleges that as result of chemical

exposure, including exposure to benzene and products containing benzene, Plaintiff suffered the following injuries:

1.  Multiple Myeloma: First Amended Petition at ¶¶ 42, 67, 81, 96, 106, 115, 124, 132, 140, 150, 161, 173, 182, 190, 199, 211, 220.

2.  Pain and suffering, disability and a shortened life expectancy: First Amended Petition at ¶¶ 68, 82, 97, 107, 116, 125, 141, 152, 162, 174, 183, 190, 201, 211, 220.

The medical authorizations proposed by Safety-Kleen seek "all of Plaintiff Michael Grady's health information" from 1958 through the present "including his entire medical/pharmacy record, all billing records/balance ledger, all diagnostic materials, all disability records, and all insurance records." (Safety-Kleen's Proposed Order).  Safety-Kleen's proposed Order does not limit the medical records sought to those that pertain the injuries alleged by Plaintiff, namely Multiple Myeloma and the related pain and suffering, disability and a shortened life expectancy caused by  multiple myeloma.

As opposed to Safety-Kleen's request for "all of Plaintiff Michael Grady's health information…," Plaintiff proposes that Defendants, including Safety-Kleen, be allowed access to medical records that pertain to "Plaintiff's relevant medical history as set forth in Plaintiff's First Amended Petition."

Medical records are subject to the physician-patient privilege codified under section 491.060(5), RSMo 1994. *State ex rel. Jones v. Syler,* 936 S.W.2d 805, 807 (Mo. banc 1997). "Any information a physician acquires from a patient while attending the patient and which is necessary to enable the physician to provide treatment is privileged." *Id.*  A party, however, waives this privilege by placing his physical condition in issue under the pleadings, but this "patient-litigant" waiver only extends to medical records bearing on that the issues raised in the

petition. *State ex rel. Crowden v. Dandurand*, 970 S.W.2d 340, 342 (Mo. 1998); S*tate ex rel.*

*McNutt v. Keet,* 432 S.W.2d 597, 601 (Mo. banc 1968).  As stated by the Missouri Supreme

Court:

> [D]efendants are not entitled to any and all medical records, but *only those medical records that relate to the physical conditions at issue under the pleadings.* It follows that medical authorizations must be tailored to the pleadings, and this can only be achieved on a case-by-case basis.
>
> *Syler,* 936 S.W.2d at 807.

Plaintiffs propose the following releases instead of the overly broad authorizations

proposed by Safety-Kleen:

> Plaintiff Michael Grady agrees to execute the following authorizations, providing Defendants the capability to acquire relevant information:
> (a)  medical authorization(s) allowing Defendants to request medical and/or billing records regarding Decedent's injuries and relevant medical history as set forth in Plaintiff's First Amended Petition;
> (b)  authorizations for releases of Plaintiff Michael Grady's employment records;
> (c)  authorizations for releases of Plaintiff Michael Grady's Social Security disability records;
> (d)  authorization for release of Plaintiff Michael Grady's Social Security earnings records;
> (e)  authorizations for examination and copying of Michael Grady's last five (5) individually/or jointly filed federal and state tax returns; Internal Revenue Service authorization, granting access to Michael Grady's last five (5) federal tax returns;
> (f)  authorizations for releases of Plaintiff Michael Grady's worker's compensation records; and
> (g)  authorizations for releases of Plaintiff Michael Grady's school records.

## **CONCLUSION**

For the foregoing reasons, Plaintiff prays this Court enter a Protective Order that is limited to the authorizations proposed by Plaintiffs, and for any further relief this Court deems necessary and proper.

Respectfully Submitted,

THE DYSART LAW FIRM, P.C.

BY:    /s/ Christopher W. Dysart
Christopher W. Dysart, #37069
16020 Swingley Ridge Road, Suite 340
Chesterfield, MO 63017
Phone : (314) 548-6298
Fax :    (314) 548-6230
Email: cdysart@dysart-law.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 17th day of May 2022, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, MO 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
*Attorneys for Anheuser-Busch Inbev Worldwide Inc.*

Adam E. Miller
SHOOK, HARDY & BACON LLP
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Pharmacia & Upjohn Company LLC*

Adam E. Miller
SHOOK, HARDY & BACON LLP
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
*Attorney For Eastman Chemical Company*,

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
*Attorneys for Procter & Gamble Manufacturing Co.*

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
 jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com
***Attorneys for Exxonmobil Oil Corporation***

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
***Attorneys For Radiator Specialty Company***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
***Attorneys For Mallinckrodt, LLC***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
***Attorneys For MI Holdings, Inc.***

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney For Shell Oil Company***

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
***Attorneys For Mistic Metal Mover, Inc.***

Adam E. Miller
SHOOK, HARDY & BACON LLP
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
***Attorney For Monsanto Company***

Adam E. Miller
SHOOK, HARDY & BACON LLP
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
***Attorney For Solutia Inc.***

James C. Morris
Christopher C. Enger
GORDON REES SCULLY MANSUKHANI, LLP
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
cenger@grsm.com
***Attorneys for St. Louis Testing Laboratories, Inc.***

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys For Turtle Wax, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
***Attorneys For United States Steel Corporation***

Electronically Filed - City of St. Louis - May 18, 2022 - 09:56 AM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY and<br>KATHLEEN GRADY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2022-CC09797 |
| MONSANTO COMPANY, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## NOTICE OF DEFENDANT MI HOLDINGS, INC.'S
## JOINDER IN DEFENDANT SAFE-KLEEN SYSTEMS, INC.'S RESPONSE TO
## PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

COMES NOW, Defendant MI Holdings, Inc. ("MI Holdings"), hereby joins Defendant Safe-Kleen Systems, Inc. ("Safe-Kleen")'s Response to Plaintiffs' Motion for a Protective Order (the "Response").

Although MI Holdings does not oppose Plaintiffs' Motion for a Protective Order, it is MI Holdings' position that the Motion does clearly outline the scope of authorizations Plaintiffs will provide to defendants.  On May 10, 2022, Safe-Kleen filed the Response to address the scope of such authorizations. Because MI Holdings agrees with the scope of authorizations set forth in the Response, MI Holdings joins the Response.   Accordingly, MI Holdings references and incorporates all arguments contained in the Response as fully stated herein.

Dated: May 18, 2022

Respectfully submitted,

By: */s/ Brice Nengsu Kenfack*
Bryan T. Pratt #48798
Mathew L. Larsen #60168
Christopher M. Sorenson #68412
Brice Nengsu Kenfack #69508
SHOOK, HARDY & BACON L.L.P.

4874-9867-1648

Electronically Filed - City of St. Louis - May 18, 2022 - 09:56 AM

2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
bpratt@shb.com
mlarsen@shb.com
csorenson@shb.com
bkenfack@shb.com

**ATTORNEYS FOR MALLINCKRODT, LLC AND MI HOLDINGS, INC.**

Electronically Filed - City of St. Louis - May 18, 2022 - 09:56 AM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 18, 2022, the foregoing was filed with the Missouri Courts E-Filing System pursuant to Missouri Rule of Civil Procedure 103.08 which will send notification of such filing(s) to the following:

Christopher W. Dysart
THE DYSART LAW FIRM
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, MO 63017
cdysart@dysart-law.com
*Attorney for Plaintiffs*

Richard B. Korn
Fox Smith, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
rkorn@foxsmithlaw.com
*Attorney for Defendant Shell Oil Company*

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX &
von GONTARD P.C.
600 Washington Ave., 15th Floor
St. Louis, MO 63101
gsmith@sandbergphoenix.com
*Attorneys for Defendant Turtle Wax, Inc.*

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 S. 4th St., Suite 400
St. Louis, MO 63102
snodgrass@pspclaw.com
bryant@pspclaw.com
*Attorneys for Defendant Safety-Kleen Systems, Inc.*

Thomas L. Orris
Matthew E. Pelikan
Ross S. Titzer
COSMICH, SIMMONS & BROWN LLC
10 S. Broadway, Suite 1100
St. Louis, MO 63102
Tom.orris@cs-law.com
Matthew.pelikan@cs-law.com
Ross.titzer@cs-law.com
citymail@cs-law.com
*Attorneys for Defendant Anheuser-Busch, LLC*

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia St.
Edwardsville, IL 62025
Jeff.bash@lawisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
*Attorneys for Defendant Radiator Specialty Company*

Adam E. Miller
CAPES, SOKOL, GOODMAN AND SARACHAN, P.C.
7701 Forsyth Blvd., Twelfth Fl.
St. Louis, MO 63105
miller@capessokol.com
*Attorneys for Defendants Monsanto Company, Solutia Inc., Pharmacia & Upjohn Company, LLC and Eastman Chemical Company*

Electronically Filed - City of St. Louis - May 18, 2022 - 09:56 AM

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
jschmalfeld@cyp-law.com
***Attorneys for Defendant Exxon
Mobil Corporation***

Joshua M. Schindler
Bryan P. Doty
THE SCHINDLER LAW FIRM
141 N. Meramec, Suit 201
St. Louis, MO 63105
josh@schindlerlawfirm.com
***Attorneys for Defendant St. Louis
Testing Laboratories, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Bryan.hopkins@huschblackwell.com
Brandon.black@huschblackwell.com
***Attorneys for Defendant United States
Steel Corporation***

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH SIMMONS & BROWN, PLLC
One Eastover Center
100 Vision Dr., Suite 200
Jackson, MS 39211
rich@cs-law.com
jerry.warchol@cs-law.com
citymail@cs-law.com
***Attorneys for Defendant Proctor &
Gamble Manufacturing Company***

*/s/ Brice Nengsu Kenfack*
Brice Nengsu Kenfack

4874-9867-1648

Electronically Filed - City of St. Louis - May 19, 2022 - 04:20 PM

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2022-CC09797 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MONSANTO COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>MEMO REGARDING</u>
## <u>PLAINTIFF'S MOTION FOR PROTECTIVE ORDER</u>

This matter comes before the Court on Plaintiffs' Motion for a Protective Order, and by consent of the Parties, it is hereby ORDERED that Plaintiffs' said motion is granted as follows:

1. Defendants, collectively, shall propound up to thirty (30) Interrogatories and thirty (30) Requests for Production to be answered by Plaintiff;

2. Upon receipt of Plaintiff's answers and responses thereto, each Defendant will be afforded an additional and subsequent fifteen (15) Interrogatories and twenty (20) Requests for Production to be answered by Plaintiff; and

3. No further Interrogatories or Requests for Production directed to Plaintiff shall be permitted by Defendants without further Order of this Court or agreement of the parties.

Concerning the scope of authorizations to be executed by Plaintiff Michael Grady, also noted in Plaintiffs' Motion for Protective Order, the scope being contested by Safety-Kleen Systems, Inc. and MI Holdings, Inc., the Court takes the matter under advisement.

Dated: _____          Enter: _____

                                          Circuit Judge

STATE OF MISSOURI )
                  ) SS
CITY OF ST. LOUIS )



**FILED**

**MAY 2 6 2022**

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

MICHAEL GRADY and              )
KATHLEEN GRADY,                )
                               )
        Plaintiffs,            )
                               )    No. 2022-CC09797
vs.                            )
                               )    Division No. 20
MONSANTO COMPANY, *et al.*,    )
                               )
        Defendants.            )

ORDER

The Court has before it Plaintiffs' Motion for a Protective Order. This matter was heard on May 18, 2022, all parties present appeared by video via Cisco WebEx. Plaintiffs appeared by and through counsel, Christopher W. Dysart. Defendant Safety-Kleen Systems, Inc., appeared by and through counsel, J. Phillip Bryant. Defendant MI Holdings, Inc., appeared by and through counsel, Brice Nengsu Kenfack. Defendants Proctor & Gamble Manufacturing Company, Radiator Specialty Company, United States Steel Corporation, Monsanto Company, Solutia, Inc., Pharmacia & Upjohn Company, LLC, and Eastman Chemical Company also appeared by and through counsel.

At the hearing, all parties indicated consent to a portion of Plaintiff's Motion for Protective Order. On May 19, 2022,

**ENTERED**

**MAY 2 6 2022**

**S P B**

Plaintiffs filed a memo with this Court identifying the items sought in Plaintiffs' Motion for a Protective Order that can be granted by consent. The parties did not consent as to the scope of authorizations to be executed by Plaintiff Michael Grady. In particular, Defendants Safety-Kleen Systems, Inc. and MI Holdings, Inc., argue that the scope of authorizations that Plaintiffs will provide under the protective order should be broader than those proposed by Plaintiffs, in particular medical and employment authorizations. This Court took the matter under advisement as to the scope of the authorizations. The Court now rules as follows.

On September 11, 2020, Plaintiffs filed this personal injury case arising from Plaintiff Michael Grady's diagnosis of Multiple Myeloma. On March 1, 2021, Plaintiffs were granted leave to file their First Amended Petition. Plaintiffs' First Amended Petition consists of twenty-seven counts seeking recovery under several negligence and strict products liability theories. In addition, Plaintiff Kathleen Grady brings a loss of consortium claim. Defendants are entities that may have caused, or contributed to cause, Plaintiff Michael Grady's Multiple Myeloma from benzene exposure through their products, facilities or operations.

Plaintiffs move for entry of a protective order under Rule 56.01(c) consolidating Defendants' written discovery to avoid the burden and expense of duplicate interrogatories and requests for production seeking the same information and documents. Plaintiffs motion includes an agreement to execute a number of authorizations, including medical and employment records authorizations.

Rule 56.01(c), which authorizes protective orders, states:

> Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the discovery not be had;
>
> (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place;
>
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>
> (4) that certain matters not be inquired into, or that the scope of discovery be limited to certain matters; …

"A protective order should issue if annoyance, oppression, and undue burden and expense outweigh the need for discovery." State ex rel. Ford Motor Co. v. Messina, 71 S.W.3d 602, 607 (Mo.

3

banc 2002); See also Edwards v. State Bd. of Chiropractic Examiners, 85 S.W.3d 10, 22 (Mo. App. W.D. 2002).

Following a review of the record the Court finds that Plaintiffs have shown good cause for the entry of a protective order herein. Most of the provisions of this Order can be entered with the consent of all parties. The only disagreement regards the scope of medical and employment authorizations to be provided by Plaintiffs under the protective order.

First, Defendants Safety-Kleen Systems, Inc., and MI Holdings, Inc., argue that Plaintiff Michael Grady should provide medical authorizations for all of Plaintiff Mr. Grady's health information from 1958, the date of Mr. Grady's first alleged exposure, to the present, including his medical/pharmacy records, billing records/balance ledgers, diagnostic materials, disability records, and insurance records. Plaintiffs argue that such an authorization would be vastly overbroad.

"[O]nce plaintiffs put the matter of their physical condition in issue under the pleadings, they waive the physician-patient privilege insofar as information from doctors or medical and hospital records bears on that issue." State ex rel. Stecher v. Dowd, 912 S.W.2d 462, 464 (Mo. banc 1995). "It must be emphasized that under this rule, defendants are not

entitled to any and all medical records, but only those medical records that relate to the physical conditions at issue under the pleadings." Id. "It follows that medical authorizations must be tailored to the pleadings, and this can only be achieved on a case-by-case basis." Id. "[B]road allegations of injuries do not automatically entitle defendants to an essentially unlimited medical authorization." Id.

In this case, Plaintiffs allege that Plaintiff Michael Grady's first exposure occurred "when he washed his father's car at his home" in St. Louis, Missouri. The exact date this occurred is not alleged except that it occurred sometime between 1958 and 1972. Plaintiffs claims are premised on his diagnosis of Multiple Myeloma as a result of benzene exposure and the related pain and suffering, disability and a shortened life expectancy caused by multiple myeloma.

The Court finds that it cannot order Plaintiff Michael Grady to sign a medical authorization as to all of his health information, but rather only as to the physical conditions at issue in the pleadings. The record does not support a finding that authorization as to medical records related to obesity would be appropriate here. The Court will Order Plaintiff Michael Grady to execute authorizations that provide access to

5

medical records that pertain to Plaintiff Michael Grady's relevant medical history as set forth in Plaintiff's First Amended Petition from the date of first exposure.

Next, Defendants Safety-Kleen Systems, Inc., and MI Holdings, Inc., argue that Plaintiff Michael Grady should provide authorizations permitting the release of Plaintiff Michael Grady's employment personnel records.

"Missouri recognizes a right of privacy in personnel records that should not be lightly disregarded or dismissed." State ex rel. Delmar Gardens N. Operating, LLC v. Gaertner, 239 S.W.3d 608, 611 (Mo. banc 2007). "Any discovery that is permitted of confidential personnel records must be 'limited to information that relates to matters put at issue in the pleadings, especially in relation to sensitive personal information.'" Id. at 612.

Defendants contend that they need to know what training Plaintiff had for chemical exposure and his compliance with that training. The Court finds that an authorization limited to these matters would be appropriate here, but that a broad authorization requiring the production of all personnel records would not be appropriate.

6

Accordingly, the Court finds that it should enter a
protective order herein addressing the scope of the
authorizations provided by Plaintiffs as guided by controlling
precedent. This order includes the matters that were consented
to by the parties.

THEREFORE, the Court Orders that Plaintiffs' Motion for a
Protective Order is hereby GRANTED IN PART as follows:

1. Defendants, collectively, shall propound up to thirty
(30) Interrogatories and thirty (30) Requests for Production to
be answered by Plaintiffs;

2. Upon receipt of Plaintiffs' answers and responses
thereto, each Defendant will be afforded an additional and
subsequent fifteen (15) Interrogatories and twenty (20)
Requests for Production to be answered by Plaintiffs; and

3. No further Interrogatories or Requests for Production
directed to Plaintiffs shall be permitted by Defendants without
further Order of this Court or agreement of the parties.

4. Plaintiff Michael Grady ("Plaintiff") will execute and
provide to Defendants the following authorizations:

> (a) medical authorization(s) allowing Defendants to
> request medical and/or billing records regarding
> Plaintiff's injuries and relevant medical history as

set forth in Plaintiff's First Amended Petition from the date of Plaintiff's first exposure to benzene;

(b) authorizations for releases of Plaintiff Michael Grady's employment records including personnel records related to chemical exposure training and Plaintiff's adherence to that training;

(c) authorizations for releases of Plaintiff Michael Grady's Social Security disability records;

(d) authorization for release of Plaintiff Michael Grady's Social Security earnings records;

(e) authorizations for examination and copying of Michael Grady's last five (5) individually or jointly filed federal and state tax returns; Internal Revenue Service authorization, granting access to Michael Grady's last five (5) federal tax returns;

(f) authorizations for releases of Plaintiff Michael Grady's worker's compensation records; and

(g) authorizations for releases of Plaintiff Michael Grady's school records.


SO ORDERED:


_____
JOAN L. MORIARTY, Judge


Dated: _May 24, 2022_

8

Electronically Filed - City of St. Louis - June 24, 2022 - 01:52 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI**

| | |
|---|---|
| MICHAEL GRADY and KATHLEEN GRADY ) | |
| ) | Cause No.: 2022-CC09797 |
| Plaintiffs, ) | |
| ) | Div. No.:  12 |
| v. ) | |
| ) | |
| MONSANTO COMPANY., ET AL. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |
| ) | |

**ENTRY OF APPEARANCE**

COMES NOW Rachel P. Berland and hereby enters her appearance on behalf of Defendants Monsanto Company, Solutia Inc., and Pharmacia & Upjohn Company, LLC and Eastman Chemical Company.

Respectfully submitted,

By: _/s/Rachel P. Berland_____
        Rachel P. Berland, #65781
        SHOOK, HARDY & BACON, LLP
        190 Carondelet Plaza, Suite 1350
        St. Louis, MO 63105
        Phone: 314-690-0200
        Email: rberland@shb.com

*ATTORNEY FOR MONSANTO COMPANY,*
*SOLUTIA, INC., PHARMACIA & UPJOHN*
*COMPANY LLC, and EASTMAN*
*CHEMICAL COMPANY*

1

Electronically Filed - City of St. Louis - June 24, 2022 - 01:52 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed with the Clerk of the Court using the Missouri eFiling System, which sent notification of such filing to all counsel of record this 24th day of June 2022.

*/s/Rachel P. Berland*

Electronically Filed - City of St. Louis - June 24, 2022 - 01:39 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**STATE OF MISSOURI**

| | |
|---|---|
| MICHAEL GRADY and KATHLEEN GRADY ) | |
| ) | Cause No.: 2022-CC09797 |
| Plaintiffs, ) | |
| ) | Div. No.:  12 |
| v. ) | |
| ) | |
| MONSANTO COMPANY., ET AL. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |
| ) | |

**ENTRY OF APPEARANCE**

COMES NOW Katherine D. Landfried and hereby enters her appearance on behalf of Defendants Monsanto Company, Solutia Inc., and Pharmacia & Upjohn Company, LLC and Eastman Chemical Company.

Respectfully submitted,

By: _/s/Katherine D. Landfried_
      Katherine D. Landfried, #70181
      SHOOK, HARDY & BACON, LLP
      190 Carondelet Plaza, Suite 1350
      St. Louis, MO 63105
      Phone: 314-690-0200
      Email: klandfried@shb.com

      ***ATTORNEY FOR MONSANTO COMPANY,***
      ***SOLUTIA, INC., PHARMACIA & UPJOHN***
      ***COMPANY LLC, and EASTMAN***
      ***CHEMICAL COMPANY***

1

Electronically Filed - City of St. Louis - June 24, 2022 - 01:39 PM

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed with the Clerk of the Court using the Missouri eFiling System, which sent notification of such filing to all counsel of record this 24th day of June 2022.

*/s/Katherine D. Landfried*

# IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

MICHAEL GRADY and KATHLEEN GRADY )
                                      )      Cause No.: 2022-CC09797
        Plaintiffs,          )
                                      )      Div. No.:  12
    v.                               )
                                      )
MONSANTO COMPANY., ET AL.      )
                                      )
        Defendants.        )
                                      )
                                      )
                                      )

## ENTRY OF APPEARANCE

COMES NOW Katherine D. Landfried and hereby enters her appearance on behalf of Defendants Monsanto Company, Solutia Inc., and Pharmacia & Upjohn Company, LLC and Eastman Chemical Company.

Respectfully submitted,

By: /s/Katherine D. Landfried
      Katherine D. Landfried, #70181
      SHOOK, HARDY & BACON, LLP
      190 Carondelet Plaza, Suite 1350
      St. Louis, MO 63105
      Phone: 314-690-0200
      Email: klandfried@shb.com

      ***ATTORNEY FOR MONSANTO COMPANY, SOLUTIA, INC., PHARMACIA & UPJOHN COMPANY LLC, and EASTMAN CHEMICAL COMPANY***

1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed with the Clerk of the Court using the Missouri eFiling System, which sent notification of such filing to all counsel of record this 24th day of June 2022.

*/s/Katherine D. Landfried*

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY | ) | |
| | ) | Cause No.: 2022-CC09797 |
| Plaintiffs, | ) | |
| | ) | Div. No.:  12 |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**ENTRY OF APPEARANCE**

COMES NOW Rachel P. Berland and hereby enters her appearance on behalf of Defendants Monsanto Company, Solutia Inc., and Pharmacia & Upjohn Company, LLC and Eastman Chemical Company.

Respectfully submitted,

By: _/s/Rachel P. Berland_
    Rachel P. Berland, #65781
    SHOOK, HARDY & BACON, LLP
    190 Carondelet Plaza, Suite 1350
    St. Louis, MO 63105
    Phone: 314-690-0200
    Email: rberland@shb.com

    ***ATTORNEY FOR MONSANTO COMPANY,***
    ***SOLUTIA, INC., PHARMACIA & UPJOHN***
    ***COMPANY LLC, and EASTMAN***
    ***CHEMICAL COMPANY***

1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed with the Clerk of the Court using the Missouri eFiling System, which sent notification of such filing to all counsel of record this 24th day of June 2022.

*/s/Rachel P. Berland*

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

MICHAEL GRADY and ) 
KATHLEEN GRADY, ) 
) 
) Cause No. 2022-CC09797
Petitioners, ) 
) 
) 
MONSANTO COMPANY et al., ) 
) 
Defendants. ) 

## STIPULATION FOR DISMISSAL

It is STIPULATED on this 6th day of September, 2022, by and between Plaintiffs Michael Grady and Kathleen Grady and Defendant St. Louis Testing Laboratories, Inc., through their counsel, that St. Louis Testing Laboratories, Inc. should be dismissed, with prejudice, from the above-titled action, with each party to bear their own costs.

Respectfully submitted,

By: /s/ Chris Enger                    By /s/Christopher W. Dysart
Christopher C. Enger, #68048              Christopher W. Dysart, #37069
Gordon Rees Scully Mansukhani LLP          The Dysart Law Firm, P.C.
211 North Broadway, Suite 2150            16020 Swingley Ridge Rd., Ste. 340
St. Louis, Missouri 63102                 Chesterfield, Missouri 63017
(314) 961-6686                            (314) 548-6298
(314) 338-3076 – Facsimile                (314) 548-6230 (Fax)
cenger@grsm.com                           cdysart@dysart-law.com

Case No. 2022-CC09797

Electronically Filed - City of St. Louis - September 06, 2022 - 11:46 AM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)



FILED

SEP 16 2022

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

| | |
|---|---|
| MICHAEL GRADY and<br>KATHLEEN GRADY, | ) |
| | ) |
| | ) |
| | ) Cause No. 2022-CC09797 |
| Petitioners, | ) |
| | ) |
| | ) |
| MONSANTO COMPANY et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Upon stipulation of Plaintiffs Michael Grady and Kathleen Grady, it is hereby ordered that the Defendant, St. Louis Testing Laboratories, Inc., is hereby dismissed from this case with prejudice with each party to bear their own costs. This order does not affect Plaintiffs' case against any other defendants.

Dated: _____, 2022

_____
JUDGE

ENTERED

SEP 16 2022

LK

Case No. 2022-CC09797

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2022-CC09797 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MONSANTO COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF MICHAEL GRADY'S NOTICE OF DEPOSITION

TO:                          Counsel of Record

DATE AND TIME:               October 27, 2022, at 10:00 am CST

WITNESS TO BE DEPOSED:       Michael Grady

MANNER OF RECORDING:         Video and Stenograph
                             360 Litigation Services
                             314.394.2206

LOCATION:                    Dysart Law Firm, P.C.
                             16020 Swingley Ridge Road,
                             3rd Floor Conference Room
                             St. Louis, MO 63017

PLEASE TAKE NOTICE that at the above date, hour, and place, we shall cause the deposition of the above person to be taken upon oral examination and pursuant to the Missouri Rules of Civil Procedure before a shorthand reporter and suitable notary public. The deposition will be recorded via videotape. Any party or their attorney may appear and participate.

Respectfully submitted,

THE DYSART LAW FIRM, P.C.

By: _/s/ Christopher W. Dysart
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Ste. 340
St. Louis, Missouri  63017
Office:  636-590-7110
Facsimile:  314-548-6230
cdysart@dysart-law.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 19th day of October 2022, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, MO 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
***Attorneys for Anheuser-Busch Inbev Worldwide Inc.***

Adam E. Miller
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, MO 63105
Phone: 314-690-0200
amiller@shb.com
***Attorney For Eastman Chemical Company,***
***Monsanto Company***
***Pharmacia & Upjohn Company LLC***
***Solutia Inc.***

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
 jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com
***Attorneys for Exxonmobil Oil Corporation***

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
***Attorneys for Procter & Gamble***
***Manufacturing Co.***

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
***Attorneys For Radiator Specialty Company***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

3

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
***Attorneys For Mallinckrodt, LLC***
 ***MI Holdings, Inc.***

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney For Shell Oil Company***

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
***Attorneys For Mistic Metal Mover, Inc.***

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys For Turtle Wax, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
***Attorneys For United States Steel Corporation***

:/s/ Rita Speichinger

4

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

MICHAEL GRADY and )
KATHLEEN GRADY, )
                              ) Case No. 2022-CC09797
          Plaintiffs, )
                              )
      vs. )
                              )
MONSANTO COMPANY, *et al*., ) JURY TRIAL DEMANDED
                              )
          Defendants. )

## ENTRY OF APPEARANCE

        The law firm of Husch Blackwell LLP, Bryan Hopkins, and Lazaro Aguiar hereby enter their appearance on behalf of Defendant Exxon Mobil Corporation, incorrectly named as "ExxonMobil Oil Corporation, as successor to Mobil Oil Corporation (D/B/A Mobil Oil)" in the above cause of action.

                          Respectfully submitted,

                          **HUSCH BLACKWELL LLP**

                          By: */s/ Bryan Hopkins*
                              Bryan Hopkins, #45896
                              Lazaro Aguiar, #73602
                              190 Carondelet Plaza, Suite 600
                              St. Louis, Missouri 63105
                              314-480-1500
                              314-480-1505 Facsimile

                              ATTORNEYS FOR DEFENDANT
                              Exxon Mobil Corporation, incorrectly named as
                              "ExxonMobil Oil Corporation, as successor to
                              Mobil Oil Corporation (D/B/A Mobil Oil)"

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 26, 2022, the foregoing was electronically filed with the Clerk of the Court for the City of St. Louis, Missouri using Missouri Case.Net which sent notification of such filing to all persons listed in the Court's electronic notification system.

<u>/s/ Bryan Hopkins</u>

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

MICHAEL GRADY and                    )
KATHLEEN GRADY,                      )
                                     )
               Plaintiffs,              )      Case No.: 2022-CC09797
                                     )
v.                                   )
                                     )      JURY TRIAL DEMANDED
MONSANTO COMPANY, et al.             )
                                     )
               Defendants.              )
                                     )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of Plaintiffs' First Interrogatories to Defendant Anheuser-Busch InBev Worldwide, Inc, Plaintiffs' First Request for Production to Defendant Anheuser-Busch InBev Worldwide, Inc Requests for Production, and a true copy of this Certificate of Service, were sent this 25th day of January 2023, via electronic mail to:

Respectfully Submitted,

By: */s/ Christopher W. Dysart*
**THE DYSART LAW FIRM, P.C.**
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Suite 340
St. Louis, MO  63017
Telephone:  314-548-6298
cdysart@dysart-law.com
**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 25th day of January 2023, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, Missouri 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
***Attorneys for Anheuser-Busch Inbev Worldwide Inc.***

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, Missouri 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
***Attorneys for Procter & Gamble Manufacturing Co.***

Adam E. Miller
Rachel P. Berland
Katherine Landfried
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, Missouri 63105
Phone: 314-690-0200
amiller@shb.com
rberland@shb.com
klandfried@shb.com
***Attorneys For Eastman Chemical Company***,
***Monsanto Company***
***Pharmacia & Upjohn Company LLC***
***Solutia Inc.***

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
***Attorneys For Radiator Specialty Company***

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com

Bryan Hopkins
Lazaro Aguiar
HUSCH BLACKWELL, LLP
190 Carondelet Plaza, suite 600
St. Louis, MO 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
lazaro.aguiar@huschblackwell.com
***Attorneys for ExxonMobil Oil Corporation***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
***Attorneys For Mallinckrodt, LLC
MI Holdings, Inc.***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney For Shell Oil Company***

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
***Attorneys For Mistic Metal Mover, Inc.***

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys For Turtle Wax, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
***Attorneys For United States Steel Corporation***

*/s/ Rita Speichinger*

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2022-CC09797 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MONSANTO COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of Plaintiffs' First Interrogatories to Defendant ExxonMobil, Plaintiffs' First Request for Production to Defendant ExxonMobil Requests for Production, and a true copy of this Certificate of Service, were sent this 25th day of January 2023, via electronic mail to:

Respectfully Submitted,

By: */s/ Christopher W. Dysart*
**THE DYSART LAW FIRM, P.C.**
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Suite 340
St. Louis, MO  63017
Telephone:  314-548-6298
cdysart@dysart-law.com
**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 25th day of January 2023, to the following counsel of record:

<table>
<tr>
<td>
Matthew E. Pelikan<br>
Ross S. Titzer<br>
PELIKAN & ORRIS, LLC<br>
10 South Broadway, Suite 110<br>
St. Louis, Missouri 63102<br>
314.735.2560<br>
Matthew.Pelikan@pelikanorris.com<br>
Ross.Titzer@pelikanorris.com<br>
<b><i>Attorneys for Anheuser-Busch Inbev Worldwide Inc.</i></b>
</td>
<td>
Richard A. Brown<br>
Jerome S. Warchol, Jr.<br>
COSMICH, SIMMONS & BROWN, LLC<br>
10 South Broadway, Suite 1100<br>
St. Louis, Missouri 63102<br>
314-735-2560<br>
jerry.warchol@cs-law.com<br>
citymail@cs-law.com<br>
<b><i>Attorneys for Procter & Gamble Manufacturing Co.</i></b>
</td>
</tr>
<tr>
<td>
Adam E. Miller<br>
Rachel P. Berland<br>
Katherine Landfried<br>
SHOOK, HARDY & BACON LLP<br>
7777 Bonhomme Avenue, Suite 1800<br>
St. Louis, Missouri 63105<br>
Phone: 314-690-0200<br>
amiller@shb.com<br>
rberland@shb.com<br>
klandfried@shb.com<br>
<b><i>Attorneys For Eastman Chemical Company, Monsanto Company<br>
Pharmacia & Upjohn Company LLC<br>
Solutia Inc.</i></b>
</td>
<td>
Jeffrey T. Bash<br>
Justin S. Zimmerman<br>
LEWIS BRISBOIS BISGAARD & SMITH LLP<br>
Mark Twain Plaza II – Suite 300<br>
103 W. Vandalia Street<br>
Edwardsville, Illinois 62025<br>
Jeff.Bash@lewisbrisbois.com<br>
Justin.zimmerman@lewisbrisbois.com<br>
618.307.7290<br>
618.692.6099 - fax<br>
<b><i>Attorneys For Radiator Specialty Company</i></b>
</td>
</tr>
</table>

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com

Bryan Hopkins
Lazaro Aguiar
HUSCH BLACKWELL, LLP
190 Carondelet Plaza, suite 600
St. Louis, MO 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
lazaro.aguiar@huschblackwell.com
**Attorneys for ExxonMobil Oil Corporation**

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
**Attorneys For Mallinckrodt, LLC**
**MI Holdings, Inc.**

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
**Attorneys For Safety-Kleen Systems Inc.**

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
**Attorney For Shell Oil Company**

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
***Attorneys For Mistic Metal Mover, Inc.***

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys For Turtle Wax, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
***Attorneys For United States Steel Corporation***

*/s/ Rita Speichinger*

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2022-CC09797 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MONSANTO COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of Plaintiffs' First Interrogatories to Defendants Mallinckrodt, LLC and MI Holding, Inc., Plaintiffs' First Request for Production to Defendants Mallinckrodt, LLC and MI Holding, Inc. Requests for Production, and a true copy of this Certificate of Service, were sent this 25th day of January 2023, via electronic mail to:

Respectfully Submitted,

By: */s/ Christopher W. Dysart*
**THE DYSART LAW FIRM, P.C.**
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Suite 340
St. Louis, MO  63017
Telephone:  314-548-6298
cdysart@dysart-law.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 25th day of January 2023, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, Missouri 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
***Attorneys for Anheuser-Busch Inbev Worldwide Inc.***

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, Missouri 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
***Attorneys for Procter & Gamble Manufacturing Co.***

Adam E. Miller
Rachel P. Berland
Katherine Landfried
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, Missouri 63105
Phone: 314-690-0200
amiller@shb.com
rberland@shb.com
klandfried@shb.com
***Attorneys For Eastman Chemical Company*,
*Monsanto Company*
*Pharmacia & Upjohn Company LLC*
*Solutia Inc.***

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
***Attorneys For Radiator Specialty Company***

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com

Bryan Hopkins
Lazaro Aguiar
HUSCH BLACKWELL, LLP
190 Carondelet Plaza, suite 600
St. Louis, MO 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
lazaro.aguiar@huschblackwell.com
***Attorneys for ExxonMobil Oil Corporation***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
***Attorneys For Mallinckrodt, LLC***
***MI Holdings, Inc.***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney For Shell Oil Company***

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
***Attorneys For Mistic Metal Mover, Inc.***

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys For Turtle Wax, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
***Attorneys For United States Steel Corporation***

*/s/ Rita Speichinger*

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

MICHAEL GRADY and )
KATHLEEN GRADY, )
                                                )
                          Plaintiffs,           )        Case No.: 2022-CC09797
                                                )
v.                                              )
                                                )        JURY TRIAL DEMANDED
MONSANTO COMPANY, et al.                        )
                                                )
                          Defendants.           )
                                                )


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of Plaintiffs' First Interrogatories to

Defendant Mistic Metal Mover, Inc., Plaintiffs' First Request for Production to Defendant Mistic

Metal Mover, Inc. Requests for Production, and a true copy of this Certificate of Service, were

sent this 25th day of January 2023, via electronic mail to:


Respectfully Submitted,

By: */s/ Christopher W. Dysart*
**THE DYSART LAW FIRM, P.C.**
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Suite 340
St. Louis, MO  63017
Telephone:  314-548-6298
cdysart@dysart-law.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 25th day of January 2023, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, Missouri 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
***Attorneys for Anheuser-Busch Inbev Worldwide Inc.***

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, Missouri 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
***Attorneys for Procter & Gamble Manufacturing Co.***

Adam E. Miller
Rachel P. Berland
Katherine Landfried
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, Missouri 63105
Phone: 314-690-0200
amiller@shb.com
rberland@shb.com
klandfried@shb.com
***Attorneys For Eastman Chemical Company, Monsanto Company Pharmacia & Upjohn Company LLC Solutia Inc.***

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
***Attorneys For Radiator Specialty Company***

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com

Bryan Hopkins
Lazaro Aguiar
HUSCH BLACKWELL, LLP
190 Carondelet Plaza, suite 600
St. Louis, MO 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
lazaro.aguiar@huschblackwell.com
***Attorneys for ExxonMobil Oil Corporation***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
***Attorneys For Mallinckrodt, LLC
MI Holdings, Inc.***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney For Shell Oil Company***

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
***Attorneys For Mistic Metal Mover, Inc.***

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys For Turtle Wax, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
***Attorneys For United States Steel Corporation***

*/s/ Rita Speichinger*

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2022-CC09797 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MONSANTO COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of Plaintiffs' First Interrogatories to Defendants Monsanto Company, Solutia Inc., Eastman Chemical Company, and Pharmacia LLC, Plaintiffs' First Request for Production to Defendants Monsanto Company, Solutia Inc., Eastman Chemical Company, and Pharmacia LLC Requests for Production, and a true copy of this Certificate of Service, were sent this 25th day of January 2023, via electronic mail to:

Respectfully Submitted,

By: */s/ Christopher W. Dysart*
**THE DYSART LAW FIRM, P.C.**
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Suite 340
St. Louis, MO  63017
Telephone:  314-548-6298
cdysart@dysart-law.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 25th day of January 2023, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, Missouri 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
*Attorneys for Anheuser-Busch Inbev Worldwide Inc.*

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, Missouri 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
*Attorneys for Procter & Gamble Manufacturing Co.*

Adam E. Miller
Rachel P. Berland
Katherine Landfried
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, Missouri 63105
Phone: 314-690-0200
amiller@shb.com
rberland@shb.com
klandfried@shb.com
*Attorneys For Eastman Chemical Company, Monsanto Company*
*Pharmacia & Upjohn Company LLC*
*Solutia Inc.*

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
*Attorneys For Radiator Specialty Company*

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com

Bryan Hopkins
Lazaro Aguiar
HUSCH BLACKWELL, LLP
190 Carondelet Plaza, suite 600
St. Louis, MO 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
lazaro.aguiar@huschblackwell.com
*Attorneys for ExxonMobil Oil Corporation*

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
*Attorneys For Mallinckrodt, LLC*
*MI Holdings, Inc.*

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
*Attorneys For Safety-Kleen Systems Inc.*

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
*Attorney For Shell Oil Company*

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
***Attorneys For Mistic Metal Mover, Inc.***

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys For Turtle Wax, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
***Attorneys For United States Steel Corporation***

*/s/ Rita Speichinger*

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

MICHAEL GRADY and )
KATHLEEN GRADY, )
)
           Plaintiffs, )   Case No.: 2022-CC09797
)
v. )
)   JURY TRIAL DEMANDED
MONSANTO COMPANY, et al. )
)
           Defendants. )
)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of Plaintiffs' First Interrogatories to Defendant Procter & Gamble Manufacturing Co., Plaintiffs' First Request for Production to Defendant Procter & Gamble Manufacturing Co. Requests for Production, and a true copy of this Certificate of Service, were sent this 25th day of January 2023, via electronic mail to:

Respectfully Submitted,

By: */s/ Christopher W. Dysart*
**THE DYSART LAW FIRM, P.C.**
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Suite 340
St. Louis, MO  63017
Telephone:  314-548-6298
cdysart@dysart-law.com
**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 25th day of January 2023, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, Missouri 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
*Attorneys for Anheuser-Busch Inbev Worldwide Inc.*

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, Missouri 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
*Attorneys for Procter & Gamble Manufacturing Co.*

Adam E. Miller
Rachel P. Berland
Katherine Landfried
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, Missouri 63105
Phone: 314-690-0200
amiller@shb.com
rberland@shb.com
klandfried@shb.com
*Attorneys For Eastman Chemical Company, Monsanto Company Pharmacia & Upjohn Company LLC Solutia Inc.*

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
*Attorneys For Radiator Specialty Company*

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com

Bryan Hopkins
Lazaro Aguiar
HUSCH BLACKWELL, LLP
190 Carondelet Plaza, suite 600
St. Louis, MO 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
lazaro.aguiar@huschblackwell.com
***Attorneys for ExxonMobil Oil Corporation***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
***Attorneys For Mallinckrodt, LLC***
***MI Holdings, Inc.***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney For Shell Oil Company***

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
*Attorneys For Mistic Metal Mover, Inc.*

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
*Attorneys For Turtle Wax, Inc.*

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
*Attorneys For United States Steel Corporation*

*/s/ Rita Speichinger*

Page 4 of 4

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

| | |
|---|---|
| MICHAEL GRADY and<br>KATHLEEN GRADY, )<br> )<br>                 Plaintiffs, )<br> )<br>v. )<br> )<br>MONSANTO COMPANY, et al. )<br> )<br>                 Defendants. )<br> ) | Case No.: 2022-CC09797<br><br>JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of Plaintiffs' First Interrogatories to Defendant Safety-Kleen Systems Inc., Plaintiffs' First Request for Production to Defendant Safety-Kleen Systems Inc. Requests for Production, and a true copy of this Certificate of Service, were sent this 25th day of January 2023, via electronic mail to:

Respectfully Submitted,

By: */s/ Christopher W. Dysart*
**THE DYSART LAW FIRM, P.C.**
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Suite 340
St. Louis, MO  63017
Telephone:  314-548-6298
cdysart@dysart-law.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 25th day of January 2023, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, Missouri 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
*Attorneys for Anheuser-Busch Inbev Worldwide Inc.*

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, Missouri 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
*Attorneys for Procter & Gamble Manufacturing Co.*

Adam E. Miller
Rachel P. Berland
Katherine Landfried
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, Missouri 63105
Phone: 314-690-0200
amiller@shb.com
rberland@shb.com
klandfried@shb.com
*Attorneys For Eastman Chemical Company, Monsanto Company Pharmacia & Upjohn Company LLC Solutia Inc.*

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
*Attorneys For Radiator Specialty Company*

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
 jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com

Bryan Hopkins
Lazaro Aguiar
HUSCH BLACKWELL, LLP
190 Carondelet Plaza, suite 600
St. Louis, MO 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
lazaro.aguiar@huschblackwell.com
***Attorneys for ExxonMobil Oil Corporation***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
***Attorneys For Mallinckrodt, LLC***
 ***MI Holdings, Inc.***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney For Shell Oil Company***

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
***Attorneys For Mistic Metal Mover, Inc.***

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys For Turtle Wax, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
***Attorneys For United States Steel Corporation***

*/s/ Rita Speichinger*

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2022-CC09797 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MONSANTO COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of Plaintiffs' First Interrogatories to Defendant Turtle Wax, Inc., Plaintiffs' First Request for Production to Defendant Turtle Wax, Inc.  Requests for Production, and a true copy of this Certificate of Service, were sent this 25th day of January 2023, via electronic mail to:

Respectfully Submitted,

By: */s/ Christopher W. Dysart*
**THE DYSART LAW FIRM, P.C.**
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Suite 340
St. Louis, MO  63017
Telephone:  314-548-6298
cdysart@dysart-law.com
**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 25th day of January 2023, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, Missouri 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
***Attorneys for Anheuser-Busch Inbev Worldwide Inc.***

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, Missouri 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
***Attorneys for Procter & Gamble Manufacturing Co.***

Adam E. Miller
Rachel P. Berland
Katherine Landfried
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, Missouri 63105
Phone: 314-690-0200
amiller@shb.com
rberland@shb.com
klandfried@shb.com
***Attorneys For Eastman Chemical Company*, *Monsanto Company* *Pharmacia & Upjohn Company LLC* *Solutia Inc.***

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
***Attorneys For Radiator Specialty Company***

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
 jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com

Bryan Hopkins
Lazaro Aguiar
HUSCH BLACKWELL, LLP
190 Carondelet Plaza, suite 600
St. Louis, MO 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
lazaro.aguiar@huschblackwell.com
***Attorneys for ExxonMobil Oil Corporation***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
***Attorneys For Mallinckrodt, LLC
 MI Holdings, Inc.***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney For Shell Oil Company***

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
***Attorneys For Mistic Metal Mover, Inc.***

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys For Turtle Wax, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
***Attorneys For United States Steel Corporation***


*/s/ Rita Speichinger*

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

MICHAEL GRADY and )
KATHLEEN GRADY, )
  )
              Plaintiffs, )   Case No.: 2022-CC09797
  )
v. )
  )   JURY TRIAL DEMANDED
MONSANTO COMPANY, et al. )
  )
              Defendants. )
  )

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true copy of Plaintiffs' First Interrogatories to Defendant United States Steel Corporation, Plaintiffs' First Request for Production to Defendant United States Steel Corporation, Requests for Production, and a true copy of this Certificate of Service, were sent this 25th day of January 2023, via electronic mail to:

Respectfully Submitted,

By: *_/s/ Christopher W. Dysart_*
**THE DYSART LAW FIRM, P.C.**
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Suite 340
St. Louis, MO 63017
Telephone: 314-548-6298
cdysart@dysart-law.com
**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 25th day of January 2023, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, Missouri 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
***Attorneys for Anheuser-Busch Inbev Worldwide Inc.***

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, Missouri 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
***Attorneys for Procter & Gamble Manufacturing Co.***

Adam E. Miller
Rachel P. Berland
Katherine Landfried
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, Missouri 63105
Phone: 314-690-0200
amiller@shb.com
rberland@shb.com
klandfried@shb.com
***Attorneys For Eastman Chemical Company,***
***Monsanto Company***
***Pharmacia & Upjohn Company LLC***
***Solutia Inc.***

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
***Attorneys For Radiator Specialty Company***

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com


Bryan Hopkins
Lazaro Aguiar
HUSCH BLACKWELL, LLP
190 Carondelet Plaza, suite 600
St. Louis, MO 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
lazaro.aguiar@huschblackwell.com
***Attorneys for ExxonMobil Oil Corporation***


Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
***Attorneys For Mallinckrodt, LLC***
***MI Holdings, Inc.***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***


Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney For Shell Oil Company***

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
***Attorneys For Mistic Metal Mover, Inc.***

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys For Turtle Wax, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
***Attorneys For United States Steel Corporation***

*/s/ Rita Speichinger*

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

| | |
|---|---|
| MICHAEL GRADY and KATHLEEN GRADY, | ) ) ) |
| Plaintiffs, | ) Case No.: 2022-CC09797 ) |
| v. | ) ) JURY TRIAL DEMANDED |
| MONSANTO COMPANY, et al. | ) ) |
| Defendants. | ) ) |

## SECOND AMENDED PETITION

COME NOW Michael Grady (hereinafter, "Mr. Grady") and Kathleen Grady (hereinafter, "Mrs. Grady") (collectively, hereinafter, "Plaintiffs"), by and through undersigned counsel, and for their Petition and cause of action against Defendants, state as follows:

## JURISDICTION AND VENUE

1. Mr. Grady is now, and at all relevant times herein, a resident and citizen of the State of Missouri.

2. At all times relevant herein, Mr. Grady and Mrs. Grady have been validly married to each other.

3. Defendant MONSANTO COMPANY (hereinafter, "Monsanto") is a foreign corporation, incorporated in the State of Delaware, and with its principal place of business within the State of Missouri.

4. Defendant SAFETY-KLEEN, (hereinafter, "Safety-Kleen") is a foreign corporation, incorporated in the State of Delaware, and doing business in the State of Missouri.

5. Defendant MALLINCKRODT, LLC, (hereinafter, "Mallinckrodt") is a Delaware corporation with its principal place of business in Mansfield, Massachusetts, doing business in the State of Missouri.

6. Defendant MI HOLDINGS, INC., (hereinafter, "MI HOLDINGS") is a Missouri corporation, doing business in the State of Missouri and is a successor to the business formerly known as Mallinckrodt Missouri.

7. Defendant EXXONMOBIL OIL CORPORATION, as successor to Mobil Oil Corporation (d/b/a Mobil Oil) (hereinafter, "ExxonMobil"), is a foreign corporation doing business within State of Missouri.

8. Defendant SOLUTIA INC., Individually and as successor to Monsanto Company (hereinafter, "Solutia"), is foreign corporation with its United States headquarters located within the State of Missouri.

9. Defendant EASTMAN CHEMCIAL COMPANY, Individually and as successor to Solutia Inc. (hereinafter, "Eastman Chemical"), is a foreign corporation doing business within the State of Missouri.

10. Defendant PHARMACIA LLC (hereinafter, "Pharmacia") is a Delaware limited liability corporation that is a subsidiary of Pfizer, Inc., and is headquartered in, and its principal place of business is in, Peapack, New Jersey doing business within the State of Missouri.

11. Defendant ANHEUSER-BUSCH INBEV WORLDWIDE, INC. (hereinafter "ANHEUSER-BUSCH INBEV," or "ANHEUSER-BUSCH" or "InBev") is a foreign corporation with its United States headquarters located in St. Louis, Missouri.

12. Defendant PROCTER & GAMBLE MANUFACTURING COMPANY, (hereinafter, "Procter & Gamble") is a foreign corporation doing business within the State of Missouri.

13. Defendant, SHELL OIL COMPANY a/k/a Shell Oil Products US, Shell Chemical LP, f/k/a Shell Chemical Company (hereinafter "Shell") is a Delaware Corporation, in good standing and doing business in the State of Missouri.

14. Defendant MISTIC METAL MOVERS, INC., (hereinafter, "Mistic Metal Movers"), is a foreign corporation doing business in the State of Missouri.

15. Defendant RADIATOR SPECIALTY COMPANY, (hereinafter, "Radiator Specialty"), is a foreign corporation doing business in the State of Missouri.

16. Defendant UNITED STATES STEEL CORPORATION, (hereinafter "United States Steel"), is a foreign corporation doing business in the State of Missouri.

17. Defendant, TURTLE WAX, INC., is a foreign corporation doing business in the State of Missouri.

18. Defendants MONSANTO COMPANY, SOLUTIA INC., PHARMACIA LLC, and EASTMAN CHEMCIAL COMPANY will be referred to collectively as the "Monsanto Defendants."

19. The forgoing individual Defendants, set forth in Paragraphs 3 through 18, will be collectively referred to as "Defendants" throughout Plaintiff's Petition.

20. The Monsanto Defendants are entities that may have caused, or contributed to cause, Mr. Grady's Multiple Myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease and hypertension from polychlorinated biphenyls ("PCBs") and benzene exposure through their products, facilities or operations within the State of Missouri and elsewhere or are parent companies, affiliates, subsidiaries, successors in interest, employees, contractors, sub-contractors or other agents of the named Defendants, or their respective predecessors in interest.

21. All Defendants are entities that may have caused, or contributed to cause, Mr. Grady's Multiple Myeloma from benzene exposure through their products, facilities, or operations within the State of Missouri and elsewhere or are parent companies, affiliates, subsidiaries, successors in interest, employees, contractors, sub-contractors or other agents of the named Defendants, or their respective predecessors in interest.

22. The nonresident Defendants in this action are subject to the jurisdiction of this Court pursuant to RSMo. § 506.500 (1) and (3) because the causes of action stated in this Petition arose out of their transaction of business in Missouri and out of torts committed in Missouri by the nonresident Defendants.

23. Venue is proper in the City of St. Louis, Missouri because Mr. Grady was first injured by the wrongful acts and/or negligent conduct alleged in this action in the City of St. Louis. Accordingly, venue is proper pursuant to RSMo. § 508.010.

24. THIS CAUSE IS NOT REMOVABLE. There is no diversity of citizenship among the parties because Defendants Solutia, Inc., Anheuser-Busch InBev Worldwide Inc., and St. Louis Testing Laboratories, Inc., are citizens of the State of Missouri for purposes of federal diversity jurisdiction and removal statutes. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..."); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) ("an LLC's citizenship for purposes of diversity jurisdiction is the citizenship of its members"). Moreover, because at least one Defendant is a resident of Missouri, where this action is filed, Defendants could not, in any event, remove this action on the basis of diversity. 28 U.S.C. § 1441(b). Plaintiffs affirmatively disclaim any damages or action arising under the constitution, treaties, or laws

of the United States (including any claim arising from an act or omission on a federal

enclave, or of any officer of the U.S. or any agency or person acting under him occurring

under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no

foreign state or agency. The damages that are sought by the Plaintiffs, exclusive of interest

and costs, exceed the minimum jurisdictional limits of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

### I. An Overview of Plaintiff Michael Grady's Exposure Routes

25. Mr. Grady was born on March 8, 1958, and lives within the State of Missouri.

26. From in and around 1958 through the mid-1970s Mr. Grady's father worked at the W. G.

Krummrich Plant in Sauget, Illinois and he would come home with chemicals, including

PCBs, on his car and on his clothes.  Mr. Grady was first exposed to these chemicals when he

washed his father's car at his home and was in close proximity to his father at Mr. Grady's

home located at 5353 S. Broadway, St. Louis, Missouri 63111, within the City of St. Louis,

Missouri. Mr. Grady's father also took him to the W. G. Krummrich Plant in Sauget, Illinois

on several occasions between the mid-1960s and the mid-1970s.

27. Mr. Grady was also exposed to products containing benzene and other toxic chemicals,

including gasoline, motor oils, and cleaning fluids and solvents, when he worked at the

Motor Gas Station located in and around 4500 S. Broadway, within the City of St, Louis,

Missouri where he pumped gas, cleaned cars and engines and engine parts in and around

when he was in Secondary School. At this location and during this time, Mr. Grady used

Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety

Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and

wash his hands.

28. From approximately 1977 through 1984, Mr. Grady was employed by I55 Mobile Station, located within the City of St. Louis. While employed there, including as a mechanic, Mr. Grady pumped gas, cleaned cars and engines and engine parts. At this location and during this time, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands. From approximately 1977 through 1984, while employed by I55 Mobile Station, Mr. Grady was exposed to benzene containing chemicals and fumes, including but not limited to, gasoline and other products supplied by Defendant ExxonMobil and Defendant Safety-Kleen.

29. During the times when Mr. Grady was working at the Motor Gas Station and the I55 Mobile Station:

    a. the nozzles on the gas pumps were not equipped with vapor recovery systems; and

    b. the gas pumps, storage tanks, gasoline delivery trucks, and other gasoline storage and delivery devices contained no warnings indicating that working in and around gasoline, including using gasoline as a cleaning agent, or breathing gasoline vapors, was in any way hazardous to an individual's health, including potentially causing cancer.

    c. The Safety Kleen parts washers and the Safety-Kleen Recycled 105 Solvent contained no warnings that it contained benzene, was in any way hazardous to an individual's health, including potentially causing cancer.

30. From 1979 to 2018 Mr. Grady worked as a union pipefitter and mechanical contractor at various job sites located within the State of Missouri and the State of Illinois. While so employed, Mr. Grady worked at the Defendants' work sites described herein, among other locations, as a contractor, and not as an employee, of any of the Defendants named in this Petition. As a result, Mr. Grady is not subject to the Jurisdiction of the Division of Workers Compensation for any of the injuries described in this Petition.

31.  Between 1979 and 2018 Mr. Grady was assigned to various Monsanto plants located within both the City of St. Louis, Missouri and Sauget, Illinois, including but not limited to the Monsanto W. G. Krummrich Plant in Sauget, Illinois and the Monsanto John F. Queeny Plant located in the City of St. Louis, Missouri and the Monsanto Carondelet Plant located within the City of St. Louis, Missouri. While employed at the various Monsanto plants, Mr. Grady was assigned to various locations including benzene departments, around benzene tanks, and where he had to remove old piping that carried benzene and other chemicals throughout the plants and installed new piping in and around soil and air contaminated with benzene, PCBs, and other toxic chemicals. Additionally, Mr. Grady had to remove old piping and install new piping in and around railyards at Monsanto facilities.  Upon information and belief, this piping was used to transport benzene and other chemicals around the plant.  Some of the benzene was provided by Defendant Shell Oil Company. While working at, entering upon, moving through, and leaving the Monsanto facilities, Mr. Grady was exposed to benzene and PCBs in the air, soil, and in the pipelines, and he had dermal contact with benzene and PCBs. At times Mr. Grady also had his work gloves soaked in benzene. The Monsanto Defendants and Defendant Shell Oil Company, failed to provide any, or sufficient warnings, that their products which contaminated the facilities could cause or contribute to cause cancer. The Monsanto Defendants also negligently allowed their products, including benzene and PCBs to permeate the soil, pipelines, buildings, and air at their Krummrich and Queeny facilities.

32. PCBs are a class of 209 discrete chemical compounds, called congeners, in which one to ten chlorine atoms are attached to biphenyl. From 1929, when Monsanto's predecessor Swann Chemical Co. (which merged into Monsanto in 1935) first began producing PCBs, until 1977, when Congress banned the manufacture of PCBs, Monsanto manufactured and

produced and sold more than 99 percent of all the PCBs that were ever sold in the United

States. A significant partition of these PCBS were manufactured at Monsanto's W. G.

Krummrich Plant in Sauget, Illinois. Monsanto also produced extensive lines of other organic

chemical products at its W.G. Krummrich facility, including pesticides and other chlorinated

organic chemicals that are known or suspected precursors for formation of dioxins/furans

during the manufacturing process. Re-suspension of contaminated particulate matter (dust

and/or vapor) from sediments are recognized as a significant source of PCBs and

dioxins/furans in and around the W.G. Krummrich facility.

33. Throughout the decades during which Monsanto produced PCBs, the company was aware

that exposure to PCBs carried significant health risks. Over those six decades, Monsanto

manufactured PCBS at its Krummrich Monsanto Plant in Sauget, Illinois and sold those

PCBs as liquid mixtures, under the trade name "Aroclor," to a variety of industrial

customers, for a wide variety of industrial uses. Each of Monsanto's Aroclor products

contained a combination of different PCB congeners.

34. Investigations by the U.S. EPA and various other interested parties have shown that

Monsanto's PCBs contaminated the entire W. G. Krummrich Plant in Sauget, Illinois, and

spread into the surrounding area. Decachlorobiphenyl (also known as PCB 209) is a fully

chlorinated PCB homologue containing ten chlorine atoms. Decachlorobiphenyl has been

reportedly associated with only one Arochlor mixture (Arochlor 1268). Elevated

concentrations of decachlorobiphenyl in the environment are believed to be associated with

historical manufacturing or use of Arochlor 1268. The distribution of PCBs and presence of

elevated concentrations of decachlorobiphenyl were noted by Stratton and Sosebee in 1976

following a 1975 U.S. EPA soil survey around the W. G. Krummrich Plant to suggest

airborne transport of the PCBs from the manufacturing facility with deposition onto the surrounding landscape.

35. PCBs can be transported in the atmosphere as vapors and/or as particulate matter.  During the period of active manufacturing at the Monsanto facility, direct releases of PCBs to the atmosphere occurred as emissions of both vapors and particulates.  PCBs have different vapor pressures depending on the degree of chlorination; therefore, volatilization of PCBs depends on the types of PCBs present in emissions, wastes and environmental media. Cycling of PCBs through the environment involves volatilization into the atmosphere, with subsequent removal from the atmosphere by wet or dry deposition, then revolatilization. PCBs and dioxins/furans are typically entrained as contaminants in soils and sediments, which can be resuspended by winds and transported as particulate matter.  PCBs and dioxins/furans can be redistributed in the environment as vapors and/or particulates when erosion, wind or ground-breaking activities exposes contaminated materials.

36. Like other chlorinated organic compounds, such as dioxins, which are collectively known as "organochlorines," PCBs are considered "persistent organic pollutants," because they do not readily degrade in the environment, and they are not easily metabolized or broken down by humans or animals after absorption.

37. Throughout the decades during which Monsanto produced PCBs, the company was aware that exposure to PCBs carried significant health risks. Despite this knowledge, and despite the availability of substitute products, Monsanto continued to produce and market PCBs while hiding from the public, its customers, and applicable governmental authorities the true health risks associated with PCBs.

38. Plaintiff was unaware and had no reasonable way to know how inhalation and dermal contact PCBs or dioxin could cause, or contribute to cause, him to develop cancer, Multiple Myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease and/or hypertension.

39. Monsanto, as a manufacturer, producer, seller, and user of these chemicals knew, or should have known that PCBs and/or dioxin could cause, or contribute to cause, individuals that came into contact with these materials, including the family members of workers employed at its W. G. Krummrich Plant in Sauget, Illinois, like Plaintiff to contract disease or injury.

40. While employed at the various Monsanto properties, plants and facilities, Mr. Grady was, exposed to benzene and products that contained benzene that was, in large part, had been manufactured, sold, and shipped to Monsanto by and from Defendant Shell Oil Company.

41. At times material to this Petition, Mr. Grady worked at the Mallinckrodt Plant in St. Louis, Missouri performing general installation work, including the removal of old piping and the installation of new piping.  During the removal of old piping and the installation of new piping Mr. Grady was exposed to toxic chemicals. No warnings were posted that the pipes, or areas around the pipes, may contain potentially cancer-causing chemicals.

42. In and around the 1980s and/or 1990s Plaintiff worked at Defendant Procter & Gamble's plant off East Grand and I-70 within the City of St. Louis, Missouri. During this work, Plaintiff worked on removing and installing piping where he encountered toxic, potentially cancer-causing chemicals.

43. At various time periods material to this Petition, Plaintiff worked as a contractor at Defendant Anheuser-Busch InBev's Brewery (herein referred to as "the Brewery"), located within the City of St. Louis, Missouri. While on the Brewery premises, Plaintiff was involved

in demolition and renovation of various parts of the facilities where he encountered toxic, potentially cancer-causing chemicals.

44. From approximately the 1970s through approximately the 2010s, Plaintiff, Michael Grady, worked with and around certain solvents, degreasers, penetrants and cleaning agents including Mistic Metal Movers, Turtle Wax liquid cleaning polish, Safety-Kleen Solvents, including Safety-Kleen Recycled 105 Solvent, and Safety-Kleen parts washers, and  Liquid Wrench, which he used to clean machines, tools, equipment and other materials at various locations within the State of Missouri and Illinois, including the locations where he is described as working in this Petition.

45. During relevant time periods to this Petition, Mistic Metal Movers contained various chemicals including Trichloroethylene, which has been classified as a known human carcinogen. Trichloroethylene, also known as TCE, is a colorless, volatile liquid. One of its primary uses has been as a solvent to remove grease from metal parts.  Workers involved in industrialized degreasing activities are mainly exposed by inhaling vapors or by dermal, or skin exposure to the vapors or liquids.

46. During relevant time periods to this Petition, Liquid Wrench contained various chemicals including benzene. Benzene is a known human carcinogen. Liquid Wrench was produced, manufactured, distributed, and/or sold by Defendants Radiator Specialty and which was produced and/or manufactured with benzene containing Raffinate supplied by United States Steel.

47. During relevant time periods to this Petition, Turtle Wax cleaning polish contained various chemicals including benzene. Benzene is a known human carcinogen.

48. Plaintiff, Michael Grady, used cleaning and degreasing solvents such as Mistic Metal Movers, Turtle Wax liquid cleaning polish, Liquid Wrench and Safety-Kleen to clean pipes, tools, and equipment.

49. On or about May 5, 2017, Mr. Grady was diagnosed with Multiple Myeloma. Mr. Grady has also been diagnosed with pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

## FACTS CONCERNING MONSANTO

50. From 1901 to 1997 the original Monsanto Co., also known as Monsanto Chemical Co., operated as a Missouri corporation manufacturing a variety of chemicals and agricultural products. This original corporate Monsanto entity, which is now sometimes referred to as "Old Monsanto," ceased to exist in 1997 as the result of a series of corporate spin-offs and acquisitions. At that time, Old Monsanto's chemical division was split off and reformed into a newly independent corporation, which was renamed "Solutia, Inc." one of the Defendants in this action. As part of this 1997 spin-off, Solutia assumed certain of Old Monsanto's debts and liabilities, including all liabilities related to Old Monsanto's chemical exposures including benzene and PCBs. Solutia subsequently was reorganized pursuant to Chapter 11 of the federal bankruptcy laws, and it emerged from bankruptcy in February 2008. As part of Solutia's federal bankruptcy plan of reorganization, "New Monsanto," discussed below, agreed to indemnify Solutia for all tort "legacy liabilities" related to Old Monsanto's activities, including injuries related to chemical exposure.

51. In 2000, the remaining portion of Old Monsanto, comprised of Old Monsanto's Life Sciences division, merged with Pharmacia/Upjohn Corp., which meant that Old Monsanto no longer existed as a separate corporate entity. Defendant Pharmacia then incorporated a new

company in Delaware, also called "Monsanto Co.," which was then referred to as "New Monsanto," one of the other Defendant in this case. In 2002, Defendant Pharmacia spun off its interest in New Monsanto, and New Monsanto then operated as an independent corporate entity with its corporate headquarters and principal place of business in St. Louis, Missouri.

52. In 2003, Defendant Pharmacia (what remained of "Old Monsanto") was acquired by Pfizer, Inc.

53. In 2012, Pharmacia merged with another Pfizer subsidiary, called Pfizer Convention III, LLC. The surviving corporation was renamed as Pharmacia LLC.

54. Defendants Pharmacia, Solutia and Monsanto collectively have legal responsibility for Old Monsanto's conduct in causing, or contributing to cause, Plaintiff's Multiple Myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

55. At relevant times herein located at 500 Monsanto Avenue, Sauget, Illinois 62201, there existed a large commercial facility that have historically and continue to operate.

56. Constructed in 1907 at the behest of Commercial Acid Company, the Monsanto Plant was erected for the purpose of manufacturing chemicals, beginning with sulfuric acid, muriatic acid, nitric acid, and zinc chloride, and then, quickly expanding to producing phenol, salt cake, nitric cake, and chlorosulphonic.

57. In or around 1917, Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia) acquired the Commercial Chemical Company, including the Sauget Monsanto Krummrich Plant.

58. By 1930, Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia) had vastly expanded the production capabilities of

the Sauget Monsanto Krummrich Plant, and by the 1950s was producing over 100 chemicals there at, including chlorine, chlorobenzene, chlorophenol, benzyl chloride, phosphoric acid, alkylbenzene, ortho-dichlorobenzene, nitrochlorobenzenes, calcium benzene sulfonate, and polychlorinated biphenyls ("PCBs").

59. Located approximately one (1) mile from the Mississippi River, the Sauget, Illinois Monsanto Plant is strategically located and has historically provided Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia) with easy access to river transportation.  In fact, in or around 1960, Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia) constructed a terminal on the Mississippi River and several associated pipelines, which transferred liquid products such as benzene, toluene, chlorobenzene, and sulfuric acid to and from the terminal on the Mississippi River.  Upon information and belief, benzene was at times transported to Monsanto from Defendant Shell Oil Companies' Roxana, Illinois Wood River Refinery via barge to the edge of the river and then transported to Monsanto through these pipelines.

60. For decades, the Monsanto W. G. Krummrich Plant in Sauget, Illinois was comprised of, in part, a Chlorobenzene Processing Area, PCB manufacturing area, Benzene Storage Area, Benzene Pipeline Area, North Tank Farm Area, and Overhead Steamer Tank Area. Monsanto stored and moved benzene around its Monsanto facilities in Sauget, Illinois, and many of the products that were produced at the Monsanto Krummrich Plant by Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia), contained benzene that, upon information and belief, it purchased from Defendant Shell Oil Company.

61. Defendant Shell Oil Company supplied Monsanto with benzene for Monsanto's operations in Sauget, Illinois and St. Louis, Missouri as described herein.

## COUNT I
## NEGLIGENCE--PCBs
### (AGAINST DEFENDANTS MONSANTO, SOLUTIA, PHARMACIA, AND EASTMAN CHEMICAL)

COMES NOW Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical (hereinafter "Monsanto") and states:

62. Plaintiffs incorporate by reference paragraphs 1-3, 8-10, 18-26, 30-40, and 49 through 61 of this Petition as if fully set forth herein.

63. Plaintiff was a pipefitter employed by various contracting companies that worked at the W.G. Krummrich Plant in Sauget, Illinois, the J.F. Queeny Plant located in the City of St. Louis, Missouri during the 1970s, 1980s and 1990s (hereinafter collectively referred to as the "Monsanto Facilities")

64. During the time periods described in this Petition, and while Plaintiff worked as a pipefitter and/or laborer for various contracting companies at the Monsanto Facilities described herein, Monsanto owned, managed, and/or operated the Monsanto Facilities.

65. During the 1970s, 1980s and 1990s while working as a pipefitter and/or laborer for various contracting companies Plaintiff went onto the W.G. Krummrich Plant, and the J.F. Queeny Plant where he was exposed to PCBs and PCB containing products which Monsanto had manufactured, stored, transported, leaked, and spilled throughout these facilities from the 1930s through the 1980s or longer. Monsanto's PCBS contaminated and permeated the entire W.G. Krummrich and J.F. Queeny Plants and facilities leading to Plaintiff being exposed to these toxic substances when he neared, entered, worked, and traveled within these plants and

facilities and when he performed his jobs as a pipefitter and or laborer for various private contracting companies.

66. While present at Monsanto's Krummrich and J.F. Queeny facilities, Plaintiff was exposed to PCBs through inhalation and dermal contact.

67. Plaintiffs job as a pipefitter and/or laborer did not require him to clean up or remove PCBs.

68. When Plaintiff worked as a pipefitter and/or laborer at the Krummrich Plant and the J.F. Queeny plant, Monsanto had the duty, and was required, to flush the pipelines and sewers he worked on or around of any toxic chemicals before he worked with, or around, these pipeline lines and sewer lines.

69. When Plaintiff worked as a pipefitter and/or laborer, Monsanto had the duty, and was required to ensure that the work site, including the soil, ground, and air around the pipelines and sewer lines where Plaintiff worked were kept in a safe condition, including keeping them free from the presence of any toxic chemicals, including PCBs.

70. When Plaintiff entered the W.G. Krummrich Plant and the J.F. Queeny plant, Monsanto had the duty to prevent its manufacturing, storage, transportation, leaking, and/or spilling of PCBs, or products containing PCBs, from contaminating the soil and air with PCBs and from PCBS coming into contact with Plaintiff through the air, soil, ground, pipelines, sewer lines, and buildings.

71. Plaintiff was unaware and had no reasonable way to know where or how PCBs were manufactured, stored, located, transported, leaked, spilled, or present in the air, ground and soil, buildings, pipelines, and/or sewer lines or in and around the Monsanto Facilities.

72. Plaintiff was unaware and had no reasonable way to know how inhalation and dermal contact with PCBs or products containing PCBS could cause, or contribute to cause, him to develop

cancer, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

73. Monsanto, as a manufacturer, producer, seller, and user of these chemicals knew, or should have known that PCBs, and products containing PCBs could cause, or contribute to cause, Plaintiff to contract cancer, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

74. Monsanto breached its duties to Plaintiff, and was negligent in one or more of the following respects:

   a. Manufactured, stored, transported, leaked, and spilled, PCBs and products containing PCBs in the vicinity of Plaintiff or into the areas where Plaintiff worked, traveled, ate, or stayed at its W. G. Krummrich and J.F. Queeny plants;

   b. Failed to flush the pipelines and sewer lines at its W.G. Krummrich and J.F. Queeny plants and facilities of PCBs and products containing PCBs prior to Plaintiff working in and around them;

   c. Failed to warn Plaintiff that he would encounter fumes and come into dermal contact with PCBs and products containing PCBs at its W.G. Krummrich and J.F. Queeny plants;

   d. Failed to warn Plaintiff that inhalation or dermal contact with PCBs or products containing PCBs cause, or contribute to disease including cancer, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension;

   e. Failed to require and/or advise Plaintiff to use personal protective equipment, or other measures and practices designed to prevent or reduce inhalation or absorption of PCBs when working, traveling at, entering, or eating at its W.G. Krummrich and J.F. Queeny facilities;

   f. Failed to clean up PCBs that it had manufactured, stored, transported, leaked, spilled, and emitted at its W.G. Krummrich and J.F. Queeny facilities even though Monsanto knew that these toxic chemicals were dangerous and could cause, or contribute to cause, disease including cancer, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension; and

   g. Failed to monitor levels of PCBs, throughout its W.G. Krummrich and J.F. Queeny plants, including the areas in which Plaintiff worked, ate, traveled, parked, or was

otherwise present, so Monsanto could provide reasonable warnings to Plaintiff to
avoid exposure, or wear the proper personal protective equipment and clothing to
prevent exposure, or use the proper tools and procedures to prevent inhalation and
dermal contact with PCBs.

75. That as a direct and proximate result of the carelessness and negligence of Monsanto,

Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed PCBs

and/or other contaminants, thereby causing, or contributing to cause, Plaintiff to develop

Multiple Myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic

obstructive pulmonary disease, and hypertension.

76. That as a direct and proximate result of the carelessness and negligence of Monsanto,

Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed PCBs

and/or other contaminants, thereby causing, or contributing to cause, Plaintiff to incur past

and future medical bills, pain and suffering, lost wages and a shortened life expectancy.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his
favor and against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical
individually and jointly and severally with any other Defendant, to award compensatory
damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), costs incurred in
prosecuting this matter, and to grant such other and further relief as this Court deems just
and proper.

## COUNT II
## NEGLIGENCE—BENZENE
### (AGAINST DEFENDANTS MONSANTO, SOLUTIA,
### PHARMACIA, AND EASTMAN CHEMICAL)

COMES NOW Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C.,
and for his cause of action against Defendants Monsanto, Solutia, Pharmacia, and Eastman
Chemical (hereinafter "Monsanto") and states:

77. Plaintiffs incorporate by reference paragraphs 1-3, 8-10, 18-26, 30-40, and 49 through 61 of this Petition as if fully set forth herein.

78. Plaintiff was a pipefitter and/or laborer employed by various contracting companies that worked at the W.G. Krummrich Plant in Sauget, Illinois, the J.F. Queeny Plant located in the City of St. Louis, Missouri during the 1970s, 1980s and 1990s (hereinafter collectively referred to as the "Monsanto Facilities")

79. During the time periods described in this Petition, and while Plaintiff worked as a pipefitter and/or laborer for various contracting companies at the Monsanto Facilities, Monsanto owned, managed, and/or operated the Monsanto properties and facilities.

80. During the 1970s, 1980s and 1990s while working as a pipefitter and/or laborer for various contracting companies Plaintiff went onto the W.G. Krummrich Plant, and the J.F. Queeny Plant where he was exposed to benzene and benzene-containing products which Monsanto had manufactured, stored, transported, leaked, and spilled throughout these facilities from the 1930s through the 1980s or longer. Monsanto's benzene and benzene containing products contaminated and permeated the entire W.G. Krummrich and J.F. Queeny Plants and facilities leading to Plaintiff being exposed to these toxic substances when he neared, entered, worked, and traveled within these plants and facilities and when he performed his jobs as a pipefitter and/or laborer for various private contracting companies. Monsanto also transported benzene and benzene containing products through its pipelines and sewer lines.

81. While present and working at Monsanto's Krummrich and J.F. Queeny facilities, Plaintiff was exposed to benzene and benzene-containing materials through inhalation and dermal contact when he worked on various pipelines and sewer lines, both from benzene and benzene containing products that were in the pipelines and sewer lines, and from benzene

and benzene containing products that had been spilled and leaked onto the ground and into the ground and soil, and from various storage tanks and buildings that contained benzene and benzene containing products.

82. Plaintiff's job as a pipefitter and/or laborer did not require him to clean up or remove benzene or benzene containing products. Instead, Plaintiff's job as a pipefitter and/or laborer required him to repair, replace, and work on and around pipelines and/or sewer lines and also in the soil.

83. When Plaintiff worked as a pipefitter and/or laborer at the Krummrich Plant and the J.F. Queeny plant, Monsanto had the duty, and was required, to flush the pipelines and sewer lines he worked on of any toxic chemicals including benzene and benzene containing products before Plaintiff worked with, or around, these pipelines and sewer lines.

84. When Plaintiff worked as a pipefitter and/or laborer, Monsanto had the duty, and was required to ensure that the work site, including the soil, ground, and air around the pipes where Plaintiff worked, was kept in a safe condition, including keeping it free from the presence of any toxic chemicals, including benzene and benzene containing products.

85. When Plaintiff entered the W.G. Krummrich Plant and the J.F. Queeny plant, Monsanto had the duty to prevent its manufacturing, storage, transportation, leaking, and/or spilling of benzene and products containing benzene from coming into contact with Plaintiff through the air, soil, ground, pipes, and buildings.

86. Plaintiff was unaware and had no reasonable way to know where or how benzene and benzene-containing products were manufactured, stored, located, transported, leaked, spilled, or present in air, ground and soil, buildings, pipelines, or sewer lines in and around the Monsanto's Facilities.

87. Plaintiff was unaware and had no reasonable way to know how inhalation and dermal contact with benzene and benzene-containing products could cause, or contribute to cause, him to develop cancer, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

88. Monsanto, as a manufacturer, producer, seller, and user of these chemicals knew, or should have known that benzene and products containing benzene could cause, or contribute to cause, Plaintiff to contract cancer, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

89. Monsanto breached its duties to Plaintiff, and was negligent in one or more of the following respects:

a. Manufactured, stored, transported, leaked, and spilled, benzene and benzene-containing products/materials, in the vicinity of Plaintiff or into the areas where Plaintiff worked, traveled, ate, or stayed at its W. G. Krummrich and J.F. Queeny plants;

b. Failed to flush the pipelines and sewers at its W.G. Krummrich and J.F. Queeny plants and facilities of harmful chemicals, including benzene and containing products, prior to Plaintiff working on and around them;

c. Failed to warn Plaintiff that he would encounter fumes and come into dermal contact with benzene and/or benzene containing products/materials, at its W.G. Krummrich and J.F. Queeny plants;

d. Failed to warn Plaintiff that inhalation or dermal contact with benzene and/or benzene containing products/materials could cause, or contribute to cause, cancer, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension;

e. Failed to require and/or advise Plaintiff to use personal protective equipment, or other measures and practices designed to prevent or reduce inhalation or absorption of benzene or benzene containing materials;

f. Failed to clean up benzene and/or products containing benzene, that it had manufactured, stored, transported, leaked, spilled, and emitted at its W.G. Krummrich and J.F. Queeny facilities even though Monsanto knew that these toxic chemicals were dangerous and could cause, or contribute to cause, cancer; and

g. Failed to monitor levels of benzene throughout its W.G. Krummrich and J.F. Queeny plants, including the areas in which Plaintiff worked, ate, traveled, parked, or was otherwise present, so Monsanto could provide reasonable warnings to Plaintiff to avoid exposure, or wear the proper personal protective equipment and clothing to prevent exposure, or use the proper tools and procedures to prevent inhalation and dermal contact with benzene and/or products containing benzene.

90. That as a direct and proximate result of the carelessness and negligence of Monsanto, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, and/or products containing benzene, thereby causing, or contributing to cause, Plaintiff to develop Multiple Myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

91. That as a direct and proximate result of the carelessness and negligence of Monsanto, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, and/or products containing benzene, thereby causing, or contributing to cause, Plaintiff to incur medical bills, loss of income, pain and suffering and a shortened life expectancy.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), costs incurred in prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

**COUNT III**
**NEGLIGENCE**
**(AGAINST DEFENDANTS MONSANTO, SOLUTIA, PHARMACIA, AND EASTMAN CHEMICAL)**

COMES NOW Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical (hereinafter "Monsanto") and states:

92. Plaintiffs incorporates by reference paragraphs 1-3, 8-10, 18-26, 30-40, and 49 through 61 of his Petition as if fully set forth herein.

93. From in and around 1958 through 1972, Mr. Grady's father worked for private contractors at the Monsanto Krummrich Plant in Sauget, Illinois.

94. PCBs are a class of 209 discrete chemical compounds, called congeners, in which one to ten chlorine atoms are attached to biphenyl. From 1929, when Monsanto's predecessor Swann Chemical Co. (which merged into Monsanto in 1935) first began producing PCBs, until 1977, when Congress banned the manufacture of PCBs, Monsanto manufactured and produced and sold more than 99 percent of all the PCBs that were ever sold in the United States. A significant partition of these PCBS were manufactured at Monsanto's W. G. Krummrich Plant.

95.  Monsanto also produced extensive lines of other organic chemical products at its W.G. Krummrich facility, including pesticides and other chlorinated organic chemicals that are known or suspected precursors for formation of dioxins/furans during the manufacturing process. Re-suspension of contaminated particulate matter (dust) from sediments are recognized as a significant source of PCBs and dioxins/furans in and around the W.G. Krummrich facility.

96. Throughout the decades during which Monsanto produced PCBs, the company was aware that exposure to PCBs carried significant health risks. Over those six decades, Monsanto manufactured PCBS at its Krummrich Monsanto Plant in Sauget, Illinois and sold those

PCBs as liquid mixtures, under the trade name "Aroclor," to a variety of industrial customers, for a wide variety of industrial uses. Each of Monsanto's Aroclor products contained a combination of different PCB congeners.

97. Investigations by the U.S. EPA and various other interested parties have shown that Monsanto's PCBs contaminated the entire W. G. Krummrich Plant in Sauget, Illinois, and spread into the surrounding area. Decachlorobiphenyl (also known as PCB 209) is a fully chlorinated PCB homologue containing ten chlorine atoms. Decachlorobiphenyl has been reportedly associated with only one Arochlor mixture (Arochlor 1268). Elevated concentrations of decachlorobiphenyl in the environment are believed to be associated with historical manufacturing or use of Arochlor 1268. The distribution of PCBs and presence of elevated concentrations of decachlorobiphenyl were noted by Stratton and Sosebee in 1976 following a 1975 U.S. EPA soil survey around the Krummerich plant to suggest airborne transport of the PCBs from the manufacturing facility with deposition onto the surrounding landscape.

98. PCBs can be transported in the atmosphere as vapors and/or as particulate matter. During the period of active manufacturing at the Monsanto facility, direct releases of PCBs to the atmosphere occurred as emissions of both vapors and particulates. PCBs have different vapor pressures depending on the degree of chlorination; therefore, volatilization of PCBs depends on the types of PCBs present in emissions, wastes and environmental media. Cycling of PCBs through the environment involves volatilization into the atmosphere, with subsequent removal from the atmosphere by wet or dry deposition, then revolatilization. PCBs and dioxins/furans are typically entrained as contaminants in soils and sediments, which can be resuspended by winds and transported as particulate matter. PCBs and

dioxins/furans can be redistributed in the environment as vapors and/or particulates when erosion or ground-breaking activities exposes contaminated materials.

99. Like other chlorinated organic compounds, such as dioxins, which are collectively known as "organochlorines," PCBs are considered "persistent organic pollutants," because they do not readily degrade in the environment, and they are not easily metabolized or broken down by humans or animals after absorption.

100. Throughout the decades during which Monsanto produced PCBs, the company was aware that exposure to PCBs carried significant health risks. Despite this knowledge, and despite the availability of substitute products, Monsanto continued to produce and market PCBs while hiding from the public, its customers, and applicable governmental authorities the true health risks associated with PCBs.

101. While Mr. Grady's father worked for private contractors at the Monsanto's Krummrich facilities he would come home with chemicals, including, upon information and belief, PCBs and dioxin, on his car and on his cloths. Mr. Grady was first exposed to these chemicals when he washed his father's car at his home and was in close proximity to his father at Mr. Grady's home located at 5353 S. Broadway, St. Louis, Missouri 63111, within the City of St. Louis, Missouri.

102. Plaintiff was unaware and had no reasonable way to know how inhalation and dermal contact PCBs or dioxin could cause, or contribute to cause, him to develop cancer.

103. Monsanto, as a manufacturer, producer, seller, and user of these chemicals knew, or should have known that PCBs and/or dioxin could cause, or contribute to cause, individuals that came into contact with these materials, including the family members of workers employed at it Krummrich facility in Sauget, Illinois, like Plaintiff to contract cancer.

104. Monsanto breached its duties to Plaintiff, and was negligent in one or more of the following

respects:

a. Manufactured, stored, transported, leaked, and spilled, PCBs and dioxin in at its Krummrich facilities in Sauget, Illinois, so that it was likely that workers at or near this facility would be exposed to these materials and these materials would be deposited on their clothing and/or vehicles and thus present the risk of exposing the workers families to these materials;

b. Failed to warn workers at its Krummrich facilities that they would or could encounter fumes, dust, and materials containing PCBs and dioxin and that these materials could be deposited on their cloths and vehicles potentially exposing the workers family members to PCBS and/or dioxin;

c. Failed to require and/or advise workers at its Krummrich facility to use personal protective equipment, or other measures and practices designed to prevent or reduce the deposition of PCBs and/or dioxin onto their cloths and/or vehicles;

d. Failed to prevent the release, emissions or spills of PCBs and dioxin that it had manufactured, stored, and transported at its Krummrich facilities even though Monsanto knew that these toxic chemicals were dangerous and could cause, or contribute to cause;

e. Failed to clean up releases, emissions or spills of PCBs and dioxin that it had manufactured, stored, and transported at its Krummrich facilities even though Monsanto knew that these toxic chemicals were dangerous and could cause, or contribute to cause, cancer; and

f. Failed to monitor levels of PCBs and dioxin throughout its Krummrich facilities so Monsanto could provide reasonable warnings to workers to avoid exposure or wear the proper personal protective equipment and clothing to prevent exposure, or use the proper tools and procedures to prevent the deposition of PCBs and/or dioxin onto their clothing and/or vehicles.

105. That as a direct and proximate result of the carelessness and negligence of Monsanto,

Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed PCBs,

dioxin and/or other contaminants, thereby causing, or contributing to cause, Plaintiff to

develop Multiple Myeloma, and pulmonary hypertension, cardiomyopathy, atrial fibrillation,

chronic obstructive pulmonary disease, and hypertension.

106. That as a direct and proximate result of the carelessness and negligence of Monsanto, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed PCBs, dioxin and/or other contaminants, thereby causing, or contributing to cause, Plaintiff to incur medical bills, pain and suffering, loss of earnings and a shortened life expectancy.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants Monsanto, Solutia, Pharmacia and Eastman Chemical individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), costs incurred in prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

### COUNT IV
### STRICT LIABILITY – DEFECTIVE PRODUCT
#### (AGAINST DEFENDANTS MONSANTO, SOLUTIA, PHARMACIA, AND EASTMAN CHEMICAL)

COMES NOW Plaintiff, Mr. Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendant Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical (hereinafter "Monsanto") and states:

107. Plaintiff incorporates by reference paragraphs 1-3, 8-10, 18-26, 30-40, and 49 through 61 of this Petition as if fully set forth herein.

108. During his employment as a pipefitter and/or laborer at the Krummrich Plant in Sauget, Illinois, at the Queeny Plant in the City of St. Louis, Missouri and elsewhere Plaintiff was exposed to, inhaled ingested and otherwise absorbed PCBs manufactured, sold, and distributed by Monsanto.

109. From in and around 1958 through the mid-1970s Mr. Grady's father worked at the W. G. Krummrich Plant in Sauget, Illinois and he would come home with chemicals, including

PCBs, on his car and on his clothes. Mr. Grady was first exposed to these chemicals when he washed his father's car at his home and was in close proximity to his father at Mr. Grady's home located at 5353 S. Broadway, St. Louis, Missouri 63111, within the City of St. Louis, Missouri. Mr. Grady's father also took Plaintiff to the W. G. Krummrich Plant in Sauget, Illinois on several occasions between the mid-1960s and the mid-1970s where Plaintiff was also exposed to PCBs and products containing PCBs.

110. Plaintiff's exposure to, and inhalation, ingestion and absorption of PCBs was foreseeable and should have been anticipated by Monsanto.

111. Monsanto knew or should have known that the PCBs it manufactured and distributed had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing them.

112. From 1929, when Monsanto's predecessor Swann Chemical Co. (which merged into Monsanto in 1935) first began producing PCBs, until 1977, when Congress banned the manufacture of PCBs, Monsanto manufactured and produced and sold more than 99 percent of all the PCBs that were ever sold in the United States. A significant partition of these PCBS were manufactured at Monsanto's Krummrich Plant in Sauget, Illinois.

113. Throughout the decades during which Monsanto produced PCBs, the company was aware that exposure to PCBs carried significant health risks. Over those six decades, Monsanto manufactured PCBS at its Krummrich Monsanto Plant in Sauget, Illinois and sold those PCBs as liquid mixtures, under the trade name "Aroclor," to a variety of industrial customers, for a wide variety of industrial uses. Each of Monsanto's Aroclor products contained a combination of different PCB congeners.

114. Monsanto's various PCB products were unreasonably dangerous, and those unreasonably dangerous products were a proximate and producing cause, and a substantial factor in the development of Plaintiff's multiple myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

115. At all times relevant herein, Monsanto processed, produced, manufactured, sold, distributed, and marketed PCBs and PCB containing products for profit to which Mr. Grady was exposed, said products were in a defective condition and were unreasonably dangerous when put to a reasonably anticipated use in that:

   a.  PCBs, and products containing PCBs, are toxic, causing various diseases, including cancer, Multiple Myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease and hypertension;

   b.  There were safer alternatives for similar applications than PCBs during the time when Monsanto manufactured, marketed, and sold PCBs and products containing PCBs;

   c.  They were not accompanied by any adequate warnings to persons working with and around said PCBs, materials and/or products of the dangers of inhaling, ingesting or otherwise absorbing PCBs;

   d.  They were not accompanied by any adequate instructions concerning proper methods for working with and around said PCBs, materials and/or products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing PCBs; and.

   e.  Monsanto covered up and hid the dangers of their PCBs and PCB containing products, including the cancer-causing properties of the PCBs.

116. Said PCBs certain PCB-containing products reached the point of Mr. Grady's exposure in substantially the same condition as when processed, produced, manufactured, sold, distributed, and marketed by Monsanto.  In other words, the unreasonably dangerous condition of the materials and products existed when the materials were in and when they left Monsanto's control.

117. At all times relevant herein, said PCB and certain PCB-containing products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Monsanto.

118. That as a direct and proximate result of the unreasonably dangerous condition of Monsanto's PCBS and/or products, Mr. Grady was exposed to and inhaled, ingested, or otherwise absorbed PCBs in sufficient amounts to cause disease and/or other harm.

119. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma, and pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

120. Plaintiff, Michael Grady, was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his PCB related diseases and conditions both in the past and in will be in the future and to alleviate the pain, suffering and physical disability caused by his injury and will have a shortened life expectancy; he experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption. Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), costs incurred in prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

**COUNT V**
**NEGLIGENCE:  PREMISES LIABILITY**
(AGAINST DEFENDANTS MONSANTO, SOLUTIA,
PHARMACIA, AND EASTMAN CHEMICAL)

COMES NOW Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical (hereinafter "Monsanto") and states:

121. Plaintiffs incorporate by reference paragraphs 1-3, 8-10, 18-26, 30-40, and 49 through 61 of his Petition as if fully set forth herein.

122. From in and around 1958 through the mid-1970s Mr. Grady's father worked at Monsanto's W. G. Krummrich Plant in Sauget, Illinois as an independent contractor and invitee on the premises.  Mr. Grady's father took Plaintiff to the W. G. Krummrich Plant in Sauget, Illinois over 20 times between 1966 and 1973.  During these visits, Plaintiff's father took Plaintiff all over the W.G. Krummrich Plant, in a golf cart type vehicle several times, and many times in his father's company vehicle. Plaintiff was between eight (8) years old and fifteen (15) years old at the time.

123. Plaintiff was an invitee and was lawfully present at Monsanto's W.G. Krummrich Plant on each of the visits to the plant during the visits described in this Count.

124. During the time periods described in this Count, and while Plaintiff was an invitee and lawfully present at Monsanto's W.G. Krummrich Plant, Monsanto owned, managed, and/or operated the Plant.

125. For decades, the Monsanto W. G. Krummrich Plant in Sauget, Illinois was comprised of, in part, a Chlorobenzene Processing Area, PCB manufacturing area, Benzene Storage Area, Benzene Pipeline Area, North Tank Farm Area, and Overhead Steamer Tank Area. Monsanto stored and moved benzene around its Monsanto facilities in Sauget, Illinois, and

many of the products that were produced at the Monsanto Krummrich Plant by Defendant

Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant

Pharmacia), contained benzene that, upon information and belief, it purchased from

Defendant Shell Oil Company.

126. During the operations of the W. G. Krummrich Plant in Sauget, Illinois, Monsanto

manufactured, stored, transported, leaked, and spilled benzene and benzene containing

products at the Plant both before and during the time period when Plaintiff was lawfully on

the premises.

127. During the operations of the W. G. Krummrich Plant in Sauget, Illinois, from the 1930s

through the 1970s Monsanto manufactured, stored, transported, leaked, and spilled PCBs,

and PCB containing products throughout the Plant.

128. PCBs can be transported in the atmosphere as vapors and/or as particulate matter.  During

the period of active manufacturing at the Monsanto facility, direct releases of PCBs to the

atmosphere occurred as emissions of both vapors and particulates.  PCBs have different

vapor pressures depending on the degree of chlorination; therefore, volatilization of PCBs

depends on the types of PCBs present in emissions, wastes and environmental media.

Cycling of PCBs through the environment involves volatilization into the atmosphere, with

subsequent removal from the atmosphere by wet or dry deposition, then revolatilization.

PCBs and dioxins/furans are typically entrained as contaminants in soils and sediments,

which can be resuspended by winds and transported as particulate matter.  PCBs and

dioxins/furans can be redistributed in the environment as vapors and/or particulates when

erosion or ground-breaking activities exposes contaminated materials.

129. Like other chlorinated organic compounds, such as dioxins, which are collectively known as "organochlorines," PCBs are considered "persistent organic pollutants," because they do not readily degrade in the environment, and they are not easily metabolized or broken down by humans or animals after absorption.

130. Throughout the decades during which Monsanto produced PCBs, the company was aware that exposure to PCBs carried significant health risks. Despite this knowledge, and despite the availability of substitute products, Monsanto continued to produce and market PCBs while hiding from the public, its customers, and applicable governmental authorities the true health risks associated with PCBs.

131. During the time periods described in this Count, and while Plaintiff was an invitee and lawfully present at Monsanto's W.G. Krummrich Plant, Plaintiff entered portions of the Monsanto properties and facilities where he was exposed to vapors, dust and debris containing PCBs, and products containing PCBs, through inhalation and dermal contact thereof.

132. During the time periods described in this Count, and while Plaintiff was an invitee and lawfully present at Monsanto's W.G. Krummrich Plant, Plaintiff entered portions of the Monsanto properties and facilities where he was exposed to vapors, dust and debris containing benzene, and products containing benzene, through inhalation and dermal contact thereof.

133. At all relevant times, Plaintiff was lawfully present at/on the Monsanto properties and facilities at the invitation or direction of Monsanto.

134. Monsanto possessed knowledge superior to Plaintiff concerning where and how Monsanto manufactured, disposed of, transported, and used PCBs in and around Monsanto's premises,

and where and how PCBs were present in the air and soil at the W.G. Krummrich Plant from the ongoing manufacturing, disposal, and transportation of PCBs, and PCB containing products, and from the historic manufacturing, disposal, and transportation of PCBs at the W.G. Krummrich Plant. These ongoing and historic PCB operations had contaminated the entire Plant, and the areas surrounding the Plant, including toxic dump sites and creeks located in and around the Plant.

135. Monsanto possessed knowledge superior to Plaintiff concerning where and how Monsanto manufactured, disposed of, transported, and used benzene in and around Monsanto's premises, and where and how benzene was present in the air and soil at the W.G. Krummrich Plant from the ongoing manufacturing, disposal, and transportation of benzene, and benzene containing products, and from the historic manufacturing, disposal, and transportation of benzene at the W.G. Krummrich Plant. These ongoing and historic benzene operations had contaminated the entire Plant, and the areas surrounding the Plant, including toxic dump sites and creeks located in and around the Plant.

136. Plaintiff was unaware and had no reasonable way to know where or how PCBs, and PCB containing products, were manufactured, present, or stored, in and around Monsanto's premises, or whether there were PCB particles, vapors and/or dust in the air, soil, Plant facilities, water, creeks and dump sites in and around the W.G. Krummrich Plant.

137. Plaintiff was unaware and had no reasonable way to know where or how benzene, and benzene containing products, were manufactured, present, or stored, in and around Monsanto's premises, or whether there were benzene vapors and/or dust in the air, soil, Plant facilities, water, creeks and dump sites in and around the W.G. Krummrich Plant.

138. Plaintiff was unaware and had no reasonable way to know how inhalation and dermal contact with PCBs could cause, or contribute to cause him to develop cancer, including Multiple Myeloma, and pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

139. Plaintiff was unaware and had no reasonable way to know how inhalation of, and dermal contact with, benzene could cause, or contribute to cause him to develop cancer, including Multiple Myeloma, and pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

140.  Monsanto, as a producer and user of these chemicals knew, or should have known that benzene, products containing benzene, and PCBs, and products containing PCBs, could cause, or contribute to cause individuals lawfully on its premises, to contract cancer, including Multiple Myeloma, and pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

141. Monsanto had a duty to use reasonable and ordinary care to ensure that its premises at which Plaintiff was lawfully present was in a reasonably safe condition for use by Plaintiff and others.

142. Monsanto breached its duties to Plaintiff, and was negligent in one or more of the following respects:

    a. Manufactured, disposed of PCBs, and products containing PCBs, and emitted vapors, particles, and dust, containing PCBs, in a manner where they came into contact with Plaintiff;

    b. Purchased, manufactured, and/or stored benzene and/or benzene-containing products/materials at or in and around its Monsanto's premises in a manner where they came into contact with Plaintiff;

     c. Failed to warn Plaintiff that he would encounter fumes and come into dermal contact with benzene and/or benzene containing products/materials, and/or PCBs, and PCB containing products, on its premises;

     d. Failed to warn Plaintiff that inhalation or dermal contact with benzene and/or benzene containing products/materials, and PCBs, and PCB containing products, on its premises could cause, or contribute to cause cancer, including Multiple Myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension;

     e. Failed to require and/or advise Plaintiff to use equipment and practices designed to prevent or reduce inhalation or absorption of benzene and PCBs;

     f. Failed to utilize equipment and controls designed to prevent or reduce the levels of benzene and PCBs throughout Monsanto's premises; and

     g. Failed to monitor levels of benzene and PCBs throughout Monsanto's premises, including the areas in which Plaintiff was present, so Monsanto could provide reasonable warnings to Plaintiff to avoid exposure, or wear the proper equipment and clothing to prevent exposure, or use proper procedures to prevent inhalation and dermal contact with benzene and PCBs.

143. That as a direct and proximate result of the carelessness and negligence of Monsanto, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, PCBs and/or other contaminants, thereby causing, or contributing to cause, Plaintiff to develop Multiple Myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

144. That as a direct and proximate result of the carelessness and negligence of Monsanto, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, PCBs and/or other contaminants, thereby causing, or contributing to cause, Plaintiff to incur past and future medical bills, pain and suffering, a shortened life expectancy, loss of income, and lost enjoyment of life.

     WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical

individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), costs incurred in prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT VI
## NEGLIGENCE
### (AGAINST DEFENDANTS ANHEUSER-BUSCH INBEV, PROCTER & GAMBLE AND MALLINCKRODT/MI HOLDINGS)

COMES NOW Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Anheuser-Busch InBev, Procter & Gamble and Mallinckrodt/MI Holdings, (In Count IV referred to collectively as "Defendants") and states:

145. Plaintiffs incorporate by reference paragraphs 1-2, 5-6, 11-12, 190, 21-24, 25, 30, and 41 through 49 of his Petition as if fully set forth herein.

146. Plaintiff was a pipefitter employed by various contracting companies that worked at Defendants facilities located within the City of St. Louis, Missouri (hereinafter facilities) during the 1980s and 1990s.

147. While working at Defendant's facilities, Plaintiff was exposed to toxic, potentially cancer-causing materials, products, processes, and productions resulting in Plaintiff's inhalation and dermal contact thereof.

148. Defendants used and stored toxic, potentially cancer-causing chemicals at their facilities and knew, or should have known, where Plaintiff Michael Grady might come into contact with toxic, potentially cancer-causing chemicals from the negligent handling, storage and/or clean-up of these materials from the facilities, hallways, pipes, and ground where Plaintiff worked, or traveled to and from his work sites, at Defendants' facilities.

149. Plaintiff was unaware and had no reasonable way to know where or how toxic, potentially cancer-causing chemicals were used, located, or stored, at or on Defendants facilities.

150. Plaintiff was unaware, and had no reasonable way to know, how inhalation and dermal contact with toxic, potentially cancer-causing chemicals could cause, or contribute to cause, him to develop cancer.

151. Defendants, as manufacturers, producers, distributors and users of these chemicals knew, or should have known, that these toxic, potentially cancer-causing chemicals could cause, or contribute to cause, workers at its facilities to contract cancer.

152. When Plaintiff worked as a pipefitter at Defendants' facilities, Defendants had the duty, and were required, to flush the pipes and/or sewer lines he worked on of any toxic chemicals before he worked with, or around, these pipes.

153. When Plaintiff worked as a pipefitter, Defendants had the duty, and were required to ensure that the work site, including the soil, ground, and air around the pipes where Plaintiff worked was kept in a safe condition, including keeping it free from the presence of any toxic chemicals.

154. When Plaintiff entered, traveled within and worked within Defendants' facilities, Defendant had the duty to prevent its manufacturing, storage, transportation, or leaking and spilling of toxic chemicals, from coming into contact with Plaintiff through the air, soil, ground, pipelines and buildings.

155. Plaintiff was unaware and had no reasonable way to know where or how toxic chemicals were manufactured, stored, located, transported, leaked, or spilled at Defendants' facilities.

156. Plaintiff was unaware and had no reasonable way to know how inhalation and dermal contact with Defendants toxic chemicals could cause, or contribute to cause, him to develop cancer.

157. Defendants, as the manufacturers, producers, sellers, and users of these chemicals knew, or should have known that these toxic chemicals could cause, or contribute to cause, Plaintiff to contract cancer.

158. Defendants breached their duties to Plaintiff, and were negligent in one or more of the following respects:

   a. Manufactured, stored, transported, leaked, and spilled, toxic chemicals in the vicinity of Plaintiff or into the areas where Plaintiff worked, traveled, or stayed at their facilities;

   b. Failed to flush the pipes and/or sewer lines at their facilities of harmful chemicals prior to Plaintiff working on and around them;

   c. Failed to warn Plaintiff that he would encounter fumes and dermal contact with toxic chemicals;

   d. Failed to warn Plaintiff that inhalation or dermal contact with their toxic chemicals could cause, or contribute to cause cancer;

   e. Failed to require and/or advise Plaintiff to use personal protective equipment, or other measures and practices designed to prevent or reduce inhalation or absorption of toxic chemicals;

   f. Failed to clean up spills of toxic chemicals they had manufactured, stored, and transported at their facilities even though Defendants knew that these toxic chemicals were dangerous and could cause, or contribute to cause, cancer; and

   g. Failed to monitor levels of toxic chemicals throughout their facilities, including the areas in which Plaintiff worked, ate, traveled, parked, or was otherwise present, so Defendants could provide reasonable warnings to Plaintiff to avoid exposure, or wear the proper personal protective equipment and clothing to prevent exposure, or use the proper tools and procedures to prevent inhalation and dermal contact toxic chemicals.

159. That as a direct and proximate result of the carelessness and negligence of Defendants, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed toxic chemicals, thereby causing, or contributing to cause, Plaintiff to develop Multiple Myeloma.

160. That as a direct and proximate result of the carelessness and negligence of Defendants, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise toxic chemicals, thereby causing, or contributing to cause, Plaintiff to incur medical bills, pain and suffering and a shortened life expectancy.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants Anheuser-Busch InBev, Procter & Gamble, Mallinckrodt, and MI Holdings individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT VII
## NEGLIGENCE
### (AGAINST DEFENDANT EXXONMOBIL OIL CORPORATION)

COMES NOW Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendant ExxonMobil Oil Corporation (hereinafter "ExxonMobil") and states:

161. Plaintiffs incorporate by reference paragraphs 1-2, 19, 21-25, 28-29, and 44 through 49 of his Petition as if fully set forth herein.

162. From approximately 1977 through 1984, Mr. Grady was employed by I55 Mobile Station, located within the City of St. Louis. While employed there as a mechanic, Mr. Grady pumped gas, cleaned cars and engines and engine parts. During these time periods

ExxonMobil manufactured, produced, sold, and distributed gasoline, oil and other products that contained benzene.

163. During the times when Mr. Grady was working at the I55 Mobile Station:

    a. the nozzles on the gas pumps were not equipped with vapor recovery systems; and

    b. the gas pumps, storage tanks, gasoline delivery trucks, and other gasoline storage and delivery devices contained no warnings indicating that working in and around gasoline, including using gasoline as a cleaning agent, or breathing gasoline vapors, was in any way hazardous to an individual's health, including potentially causing cancer.

    c. The Safety Kleen parts washers and the Safety-Kleen Recycled 105 Solvent supplied by ExxonMobil contained no warnings that it contained benzene or was in any way hazardous to an individual's health, including potentially causing cancer.

164. During the time periods described in this Petition, and while Plaintiff was an employee and lawfully present on the I55 Mobile Station, Defendant ExxonMobil owned, managed, and/or operated the I55 Mobile Station properties and facilities.

165. During the time periods described in this Petition, and while Plaintiff was an employee of the I55 Mobile Station, Plaintiff came into contact with benzene-containing products and materials, and other toxic chemicals, including, but not limited to, gasoline, other petroleum products and solvents such as Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands. These products were supplied to Plaintiff by Defendant ExxonMobil.

166. While working at the ExxonMobil facilities, Plaintiff was exposed to benzene and benzene-containing materials, products, processes, and productions, and other toxic chemicals resulting in Plaintiff's inhalation and dermal contact thereof.

167. Defendant ExxonMobil possessed knowledge superior to Plaintiff concerning the toxic cancer-causing nature of its products and the products it supplied for Plaintiff's use.

168. Plaintiff was unaware and had no reasonable way to know these products contained benzene, or how inhalation and dermal contact with benzene and benzene-containing products and other toxic chemicals could cause or contribute to cause him to develop cancer.

169. Defendant ExxonMobil as a producer, manufacturer and user of these products knew, or should have known, that products containing benzene could cause, or contribute to cause Plaintiff to contract cancer.

170. Defendant ExxonMobil had a duty to use reasonable and ordinary care to ensure that the products it supplied for Plaintiff's use were in a reasonably safe condition for use by Plaintiff.

171. Defendant ExxonMobil breached its duties to Plaintiff, and was negligent in one or more of the following respects:

a. Required Plaintiff to work in and around toxic, cancer-causing chemicals;

b. Performed, allowed, and/or contracted for work involving benzene-containing products/materials and other toxic chemicals to be performed by, and in the vicinity of, Plaintiff;

c. Purchased, manufactured, and/or provided benzene and/or benzene-containing products/materials and other toxic chemicals for use at or on Defendant ExxonMobil premises;

d. Failed to warn Plaintiff that he would encounter fumes and dermal contact with benzene containing products/materials and other toxic chemicals on its premises;

e. Failed to warn Plaintiff that inhalation or dermal contact with benzene containing products/materials and other toxic chemicals on its premises could cause, or contribute to cause cancer;

f. Failed to require and/or advise Plaintiff to use equipment and practices designed to prevent or reduce inhalation or absorption of benzene and other toxic chemicals;

g. Failed to utilize equipment and controls designed to prevent or reduce the levels of benzene and other toxic chemicals Plaintiffs would be exposed to while working at Defendant ExxonMobil's facilities;

h. Failed to monitor levels of benzene and other toxic chemicals throughout Defendant ExxonMobil premises, including the areas in which Plaintiff was working, so Defendant ExxonMobil could provide reasonable warnings to Plaintiff to avoid exposure, or wear the proper equipment and clothing to prevent exposure, or use the proper tools and procedures to prevent inhalation and dermal contact with benzene and other toxic chemicals;

i. Failed to provide vapor recovery systems for their gasoline pumps or other equipment or procedures to protect the employees of the I55 Mobile Station, including Plaintiff, from inhaling or otherwise being exposed to benzene and other toxic chemicals;

j. Failed to provide warnings indicating that working in and around gasoline, including using gasoline as a cleaning agent, or breathing gasoline vapors, was hazardous to an individual's health, including potentially causing cancer on the gas pumps, storage tanks, gasoline delivery trucks, and other gasoline storage and delivery devices; and

k. Failed to warn Plaintiff that working with and around the Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety Kleen Recycled 105 Solvent, could cause, or contribute to cause, cancer.

172. That as a direct and proximate result of the carelessness and negligence of Defendant ExxonMobil, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, and/or other toxic chemicals, thereby causing, or contributing to cause, Plaintiff to develop Multiple Myeloma.

173. That as a direct and proximate result of the carelessness and negligence of Defendant ExxonMobil, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, and other toxic chemicals, thereby causing, or contributing to cause, Plaintiff to incur medical bills, pain and suffering and a shortened life expectancy.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendant ExxonMobil individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY-FIVE THOUSAND

DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT VIII
## NEGLIGENCE AS TO PRODUCER,
## <u>MANUFACTURER & DISTRIBUTER OF BENZENE</u>
### (SHELL OIL COMPANY)

COMES NOW the Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C. and for his cause of action against the Defendant Shell Oil Company (hereinafter "Shell"), states as follows:

174. Plaintiffs incorporate by reference paragraphs 1-2, 13, and 21-25 of his Petition as if fully set forth herein.

175. Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical will be collectively referred to in this Count as "Monsanto."

176. At times material to this Petition, Shell manufactured, produced, sold, and distributed benzene, and products containing benzene, to, on information and belief, Monsanto for profit.

177. At all times herein set forth, Defendant Shell's benzene, materials and/or products sold to Monsanto were being employed in the manner and for the purposes for which they were intended.

178. By selling benzene, and products containing benzene, for profit to Monsanto for use in Monsanto's products, Plaintiff's exposure to, and inhalation, ingestion or absorption benzene through inhalation and dermal exposure, as a contractor and worker at Monsanto's facilities, was completely foreseeable and could or should have been anticipated by Shell.

179. Defendant Shell knew, or should have known, that its benzene or products containing benzene, had a toxic, poisonous, highly deleterious effect, including causing or contributing to cause cancer, for persons inhaling, ingesting, or touching it or otherwise absorbing it.

180. At all times herein relevant, Defendant Shell had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around its benzene and/or benzene –containing materials and/or products.

181. Defendant Shell failed to exercise ordinary care and caution for the safety of Plaintiff in one or more of the following respects:

    a.  Manufactured, sold, and transported benzene to Monsanto, and included benzene in their materials and/or products sold to Monsanto, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around Shell's benzene would inhale, ingest, touch, or otherwise absorb benzene;

    b.  Manufactured and sold benzene, and included benzene in their materials and/or products, when Shell knew, or should have known, that said benzene would have a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, touching or otherwise absorbing it;

    c.  Included benzene in their materials and/or products when adequate substitutes were available;

    d.  Failed to provide any or adequate warnings to persons working with and around their benzene, materials and/or products of the dangers of inhaling, ingesting, touching or otherwise absorbing benzene;

    e.  Failed to provide any, or adequate, instructions concerning the safe methods of working with and around the benzene, materials and/or products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene;

    f.  Failed to conduct tests on said benzene, materials and/or products to determine the hazards to which persons such as the Plaintiff might be exposed while working with and around the same; and

    g.  Covered up and hid the dangers of benzene, including the cancer-causing properties of benzene, including low level benzene exposure, and that benzene could cause or contribute to cause Multiple Myeloma.

182. That as a direct and proximate result of the unreasonably dangerous condition of Defendant's benzene, materials and/or products, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed benzene in sufficient amounts to cause, or contribute to cause disease and/or other harm and to cause, or contribute to cause, his cancer.

183. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Plaintiff developed Multiple Myeloma; Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the physical pain and suffering and physical disability caused by cancer; Plaintiff experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendant Shell Oil Company, to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

### COUNT IX
### NEGLIGENCE AS TO MANUFACTURER & DISTRIBUTER OF PRODUCTS CONTAINING BENZENE
### (EXXONMOBIL)

COMES NOW Plaintiffs by their attorneys, The Dysart Law Firm, P.C. and for their cause of action against the Defendant ExxonMobil states as follows:

184. Plaintiffs incorporate by reference paragraphs 1-2, 7, 19, 21-25, 28-29, and 44 through 49 of his Petition as if fully set forth herein.

185. At times material to this Petition, Defendant ExxonMobil manufactured, produced, sold, and distributed products containing benzene and other toxic chemicals to the I55 Mobile Station for profit.

186. At all times herein, the products containing benzene and other toxic chemicals sold to and/or distributed to the I55 Mobile Station were being employed in the manner and for the purposes for which they were intended.

187. By selling and/or distributing products containing benzene to the I55 Mobile Station for use on the I55 Mobile Station, Plaintiff's exposure to, and inhalation, ingestion or absorption of benzene and other toxic chemicals through inhalation and dermal exposure, as an employee of the I55 Mobile Station, was completely foreseeable and could or should have been anticipated by Defendant ExxonMobil.

188. Defendant ExxonMobil knew, or should have known, that its products containing benzene and other toxic chemicals had a toxic, poisonous, highly deleterious effect, including causing or contributing to cause cancer, for persons inhaling, ingesting, or touching it or otherwise absorbing it.

189. At all times herein relevant, Defendant ExxonMobil had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around its benzene – containing materials and/or products and other toxic chemicals.

190. Defendant ExxonMobil failed to exercise ordinary care and caution for the safety of Plaintiff in one or more of the following respects:

    a. Manufactured, sold, and transported benzene containing products and other toxic chemicals to the I55 Mobile Station, and included benzene in their materials and/or products sold and/or delivered to the I55 Mobile Station, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around benzene and other toxic chemicals would inhale, ingest, touch, or otherwise absorb benzene;

    b. Manufactured and sold and/or included benzene and other toxic chemicals in their materials and/or products, when Defendant ExxonMobil knew, or should have known, that said benzene and other toxic chemicals would have a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, touching or otherwise absorbing it;

c. Included benzene and other toxic chemicals in their materials and/or products when adequate substitutes were available;

d. Failed to provide any or adequate warnings to persons working with and around their products containing benzene and other toxic chemicals of the dangers of inhaling, ingesting, touching or otherwise absorbing benzene and other toxic chemicals;

e. Failed to provide any or adequate instructions concerning the safe methods of working with and around the benzene containing products and other toxic chemicals, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene;

f. Failed to conduct tests on said benzene containing products and other toxic chemicals to determine the hazards to which persons such as the Plaintiff might be exposed while working with and around the same;

g. Covered up and hid the dangers of benzene and products containing benzene, including the cancer-causing properties of benzene, including low level benzene exposure, and that benzene could cause or contribute to cause Multiple Myeloma;

h. Failed to provide vapor recovery systems for their gasoline pumps or other equipment or procedures to protect the employees of the I55 Mobile Station from inhaling or otherwise being exposed to benzene and other toxic chemicals; and

i. Failed to provide warnings indicating that working in and around gasoline, including using gasoline as a cleaning agent, or breathing gasoline vapors, was hazardous to an individual's health, including potentially causing cancer on the gas pumps, storage tanks, gasoline delivery trucks, and other gasoline storage and delivery devices.

191. That as a direct and proximate result of the unreasonably dangerous condition of Defendant's products containing benzene and other toxic chemical, Plaintiff was exposed to and inhaled, ingested, or otherwise absorbed benzene and other toxic chemicals in sufficient amounts to cause, or contribute to cause, disease and/or other harm and to cause, or contribute to cause, cancer.

192. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Plaintiff developed Multiple Myeloma; Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for

the treatment of his benzene related disease and conditions and to alleviate the physical pain

and suffering and physical disability caused by cancer; Plaintiff lost wages and the ability to

work; Plaintiff experienced great physical pain and suffering as a result of said exposure,

Multiple Myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic

obstructive pulmonary disease and hypertension inhalation, ingestion and absorption.

WHEREFORE, Plaintiffs pray this Court to enter judgment in their favor and against

Defendant Shell Oil Company, to award compensatory damages in excess of TWENTY-FIVE

THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant

such other and further relief as this Court deems just and proper.

### COUNT X
### NEGLIGENCE AS TO PRODUCER, MANUFACTURER & DISTRIBUTER OF PRODUCTS CONTAINING BENZENE
#### (TURTLE WAX, UNITED STATES STEEL, RADIATOR SPECIALTY)

COMES NOW Plaintiffs by their attorneys, The Dysart Law Firm, P.C. and for their

cause of action against Defendants Radiator Specialty Company, United States Steel

Corporation, and Turtle Wax, Inc., (hereinafter in this Count "Benzene Manufacturers") and

states as follows:

193. Plaintiffs incorporate by reference paragraphs 1-2, 15-17, 21-25, 28-30, and 47 through 49
of his Petition as if fully set forth herein.

194. At times material to this Petition, Benzene Manufacturers manufactured, produced, sold,
and distributed products containing benzene, including Raffinate, Liquid Wrench, and Turtle
Wax liquid cleaning polishes, for profit.

195. At all times herein set forth, Benzene Manufacturers products described herein were being
employed in the manner and for the purposes for which they were intended.

196. By selling products containing benzene for profit Plaintiff's exposure to, and inhalation, ingestion or absorption of benzene and other toxic chemicals through inhalation and dermal exposure, as worker that would be using the products was completely foreseeable and could or should have been anticipated by Benzene Manufacturers.

197. Benzene Manufacturers knew, or should have known, that their products containing benzene would have a toxic, poisonous, highly deleterious effect, including causing, or contributing to cause cancer, for persons inhaling, ingesting, or touching them or otherwise absorbing benzene and other toxic chemicals.

198. At all times herein relevant, Benzene Manufacturers had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around their benzene – containing products.

199. Benzene Manufacturers failed to exercise ordinary care and caution for the safety of Plaintiff in one or more of the following respects:

    a.  Manufactured, sold, and provided benzene containing products for use by Plaintiff and others, and included benzene in their materials and/or products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around their benzene containing products, would inhale, ingest, touch or otherwise absorb benzene and other toxic chemicals;

    b.  Manufactured and sold benzene containing products, and included benzene in their materials and/or products, when they knew, or should have known, that said benzene and other toxic chemicals would have a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, touching or otherwise absorbing it;

    c.  Included benzene in their materials and/or products when adequate substitutes were available;

    d.  Failed to provide any or adequate warnings to Plaintiff and other persons working with and around their benzene containing products of the dangers of inhaling, ingesting, touching or otherwise absorbing benzene and other toxic chemicals;

    e.  Failed to provide any or adequate instructions concerning the safe methods of working with and around their benzene containing products, including specific instructions on

how to avoid inhaling, ingesting or otherwise absorbing benzene and other toxic chemicals;

f.  Failed to conduct adequate tests on said benzene containing products to determine the hazards to which persons such as Plaintiff might be exposed while working with and around the same; and

g.  Covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer.

200. That as a direct and proximate result of the unreasonably dangerous condition of Benzene Manufacturers' benzene containing products, Plaintiff was exposed to and inhaled, ingested, or otherwise absorbed benzene and other toxic chemicals in sufficient amounts to cause disease and/or other harm and to cause, or contribute to cause, his cancer.

201. As a direct and proximate result of said benzene and other toxic chemical exposure, inhalation, ingestion and/or absorption, Plaintiff developed Multiple Myeloma; Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the physical pain and suffering and physical disability caused by cancer; Plaintiff experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants Radiator Specialty Company, United States Steel Corporation, and Turtle Wax, Inc., to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

**COUNT XI**
**NEGLIGENCE**
**(AGAINST MISTIC METAL MOVERS, INC.)**

COMES NOW Plaintiffs, by their attorneys, The Dysart Law Firm, P.C., and for their cause of action against Defendant Mistic Metal Movers, Inc. (hereinafter "Mistic Metal", and states:

202. Plaintiff incorporates by reference paragraphs 1-2, 14, 19, 21-25, 28-30, 45, and 48 through 49 of this Petition as if fully set forth herein.

203. At all times relevant herein, Defendant Mistic Metal had a duty to exercise reasonable care and caution for the safety of Plaintiff and others working with and around their trichloroethylene -containing materials and/or products, namely, Mistic Metal Mover.

204. At all times relevant herein, Defendant Mistic Metal manufactured, used, and/or distributed the trichloroethylene containing, materials, and/or products at issue herein.

205. At all times relevant herein, trichloroethylene -containing products contain a specific hazard in that they have a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing them.

206. At all times herein, these Defendant Mistic Metal failed to exercise ordinary care and caution for the safety of Plaintiff in one or more of the following respects:

a. Included trichloroethylene in its materials and/or products Included trichloroethylene in its materials and/or products, even though it was completely foreseeable and could or should have been anticipated that persons such as Plaintiff working with or around them would inhale, ingest or otherwise absorb trichloroethylene;

b. Included trichloroethylene in its materials and/or products when Defendant Mistic Metal Mover knew or should have known that said trichloroethylene would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing it;

c. Included trichloroethylene in its materials and/or products when adequate substitutes were available;

d. Failed to provide any or adequate instructions concerning the safe methods of working with and around the trichloroethylene, materials and/or products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing trichloroethylene;

e. Failed to conduct tests on said trichloroethylene, materials and/or products in order to determine the hazards to which persons such as Plaintiff might be exposed while working with and around the same;

f. Failed to provide any or adequate warnings to persons working with and around their trichloroethylene, materials, and/or products of the dangers of inhaling, ingesting, or otherwise absorbing trichloroethylene; and

g. Failed to provide Plaintiff with its acquired knowledge concerning the hazards of trichloroethylene or actively suppressed knowledge and information concerning the hazards of trichloroethylene.

207. At all times herein, Plaintiff employed the products provided by these Defendant Mistic Metal in the manner and for the purposes for which they were reasonably expected and in the way that, Defendant Mistic Metal should have expected.

208. The trichloroethylene and/or trichloroethylene containing products had a particular defect or hazard when put to the reasonably expected use and/or disposal thereof, in that Defendant Mistic Metal had no reason to believe that the user would realize the danger posed by the product's defect or hazard and in fact failed to adequately warn users, including Plaintiff, of the danger.

209. Defendant Mistic Metal knew or should have known that the trichloroethylene contained in its materials, and/or products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing it.

210. That as a direct and proximate result of the unreasonably dangerous condition of Defendant Mistic Metal's trichloroethylene, materials, and/or products, Plaintiff was exposed to and

inhaled, ingested, or otherwise absorbed trichloroethylene in sufficient amounts to cause, or contribute to cause, disease and/or other injury.

211. As a direct and proximate result of the unreasonably dangerous condition of the Defendant Mistic Metal's trichloroethylene, materials, and/or products, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed trichloroethylene, thereby causing or contributing to cause Plaintiff to develop cancer.

212. As a direct and proximate result of the unreasonably dangerous condition of the Defendant Mistic Metal's trichloroethylene, materials, and/or products, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed trichloroethylene, thereby causing Plaintiff to incur medical bills, pain and suffering, a shortened life expectancy, and mental anguish.

213. As a direct and proximate result of the unreasonably dangerous condition of the Defendant Mistic Metal's trichloroethylene, materials, and/or products, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed trichloroethylene, thereby causing Plaintiff to miss work, and his career and ability to make a living has been severely and permanently damaged.

214. As a direct and proximate result of the unreasonably dangerous condition of the Defendant Mistic Metal's trichloroethylene, materials, and/or products, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed trichloroethylene, thereby ensuring Plaintiff will incur future medical bills, life-long medication and medical treatment, pain and suffering, a shortened life expectancy, and mental anguish.

WHEREFORE, Plaintiff prays this Court to enter judgment in his favor and against Defendant Mistic Metal Movers, Inc., to award compensatory damages, costs incurred

prosecuting this matter, plus interest in a fair and reasonable amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000) and to grant such other and further relief as this Court deems appropriate.

## COUNT XII
## STRICT LIABILITY – FAILURE TO WARN
### (AGAINST DEFENDANTS SHELL OIL COMPANY, EXXONMOBIL, TURTLE WAX, UNITED STATES STEEL AND RADIATOR SPECIALTY)

COMES NOW Plaintiffs, by their attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, and Turtle Wax, Inc., and ("hereinafter in this Count "Benzene Defendants"), and states as follows:

215. Plaintiffs incorporates by reference paragraphs 1-2, 7, 14-17, 21-25, 28-30, 45-46, and 48 through 49 of this Petition as if fully set forth herein.

216. Benzene Defendants processed, produced, manufactured, sold, distributed, utilized, and/or marketed benzene and benzene-containing products with which Mr. Grady came into contact in the course of his employment as described in this Petition.

217. During the course of Mr. Grady's employment at the locations described in this Petition and elsewhere, and/or in other ways, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene fumes emanating from benzene and certain benzene-containing materials and products Mr. Grady was working with and around, which were processed, produced, manufactured, sold, distributed, marketed by Benzene Defendants.

218. At all times relevant hereto, said benzene and benzene-containing products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Benzene Defendants.

219. Mr. Grady, as an ordinary user of said benzene materials and/or products or was exposed to such products and his work locations and was not aware of the hazards of benzene.

220. Benzene Defendants failed to provide adequate warnings on the benzene and their benzene-containing products and/or benzene-related materials.

221. Benzene Defendants covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

222. That as a direct and proximate result of the unreasonably dangerous condition of Benzene Defendants' benzene, materials and/or products, and of the product being sold, and/or utilized without an adequate warning, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene in sufficient amounts to cause disease and/or other harm.

223. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma.  Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the pain, suffering, and physical disability caused by his injury, and a shortened life expectancy; he experienced great physical pain and as a result of said exposure, inhalation, ingestion, and absorption.  Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel

Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT XIII
## STRICT LIABILITY – DEFECTIVE PRODUCT
**(AGAINST DEFENDANTS SHELL OIL COMPANY,
RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC METAL,
TURTLE WAX, AND EXXONMOBIL)**

COMES NOW Plaintiff, Mr. Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., and ("hereinafter in this Count "Defendants"), and states as follows:

224. Plaintiff incorporates by reference paragraphs 1-2, 7, 14-17, 21-25, 28-30, 45-46, and 48 through 49 of this Petition as if fully set forth herein.

225. Plaintiff worked with and around Defendants' products as described in this Petition that contained Benzene or Trichloroethylene processed, produced, manufactured, sold, distributed, and/or marketed with which Plaintiff Mr. Grady came into contact in the course of his employment.

226. At all times relevant herein, Defendants processed, produced, manufactured, sold, distributed, and marketed benzene or Trichloroethylene and certain benzene or Trichloroethylene containing products to which Mr. Grady was exposed, said products were in a defective condition and were unreasonably dangerous when put to a reasonably anticipated use in that:

   a. They contained benzene or Trichloroethylene, both substances being toxic and carcinogenic;

b. They contained benzene or Trichloroethylene, although suitable alternatives were available;

c. They were not accompanied by any adequate warnings to persons working with and around said benzene or Trichloroethylene, materials and/or products of the dangers of inhaling, ingesting or otherwise absorbing benzene or Trichloroethylene;

d. They were not accompanied by any adequate instructions concerning proper methods for working with and around said toxic substances benzene, materials and/or products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene; and

e. They covered up and hid the dangers of their benzene or Trichloroethylene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene and Trichloroethylene exposure, and that their benzene or Trichloroethylene containing products could cause or contribute to cause cancer, including Multiple Myeloma.

227. Said benzene or Trichloroethylene and certain benzene or Trichloroethylene containing products reached the point of Mr. Grady's exposure in substantially the same condition as when processed, produced, manufactured, sold, distributed, and marketed by Defendants.  In other words, the unreasonably dangerous condition of the materials and products existed when the materials and products left Defendants' control.

228. At all times relevant herein, said benzene or Trichloroethylene containing products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Defendants.

229. That as a direct and proximate result of the unreasonably dangerous condition of Defendants' benzene or benzene or Trichloroethylene containing products, Plaintiff Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed these toxic substances in sufficient amounts to cause disease and/or other harm.

230. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma.  Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his disease and conditions and to alleviate the pain, suffering and physical disability caused by his injury and will have a shortened life expectancy; he experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption.  Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT XIV
## NEGLIGENCE –FAILURE TO WARN
### (AGAINST DEFENDANTS SHELL OIL COMPANY, RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC METAL, TURTLE WAX AND EXXONMOBIL)

COMES NOW Plaintiff, Mr. Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., and (hereinafter in this Count "Defendants") and states:

231. Plaintiff incorporates by reference paragraphs1-2, 7, 14-17, 21-25, 28-30, 45-46, and 48 through 49 of this Petition as if fully set forth herein.

232. At all times relevant herein, Defendants supplied the benzene, or products containing benzene or Trichloroethylene, to Plaintiff Mr. Grady or to the worksite where Plaintiff Mr. Grady and others would be potentially exposed to their products.

233. At all times relevant herein, Mr. Grady employed or used the products provided by Defendants in the manner and for the purposes for which they were reasonably expected and in the way that Defendants should expect.

234. The benzene and benzene or Trichloroethylene containing products had a particular defect or hazard when put to the reasonably expected use in that the products have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

235. Defendants had no reason to believe that the user would realize the danger posed by the product's defect or hazard and in fact failed to adequately warn users, including Plaintiff, of the danger.

236. Defendants knew or should have known that the benzene or Trichloroethylene contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing it.

237. Defendants breached their duty to Mr. Grady in that they failed to warn him of the dangers of benzene or benzene-containing or Trichloroethylene-containing products.

238. Defendants covered up and hid the dangers of their benzene or Trichloroethylene containing products, including the cancer-causing properties of the benzene or Trichloroethylene in their products, including low level benzene or Trichloroethylene exposure, and that their benzene

or Trichloroethylene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

239. As a direct and proximate result occasioned by Defendants' failure to warn Plaintiff of the dangers of their products, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene or Trichloroethylene in sufficient amounts to cause, or contribute to cause, disease and/or other harm.

240. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption of these chemicals, Mr. Grady developed Multiple Myeloma.  Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene and Trichloroethylene related disease and conditions and to alleviate the pain, suffering, and physical disability caused by his injury; he experienced great physical pain and as a result of said exposure, inhalation, ingestion and absorption.  Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT XV
## NEGLIGENCE AS TO PRODUCER, MANUFACTURER & DISTRIBUTER OF PRODUCTS CONTAINING BENZENE
### (SAFETY-KLEEN)

COMES NOW Plaintiffs by their attorneys, The Dysart Law Firm, P.C. and for their cause of action against Defendant Safety-Kleen Systems (hereinafter in this Count "Safety-Kleen") and states as follows:

241. Plaintiffs incorporate by reference paragraphs 1-2, 4, 19, 21-25, 28-30, 44, and paragraphs 48 through 49 of his Petition as if fully set forth herein.

242. From approximately 1974 through 1976 Mr. Grady worked at the Motor Gas Station located in and around 4500 S. Broadway, within the City of St, Louis, Missouri where he pumped gas, cleaned cars and engines and engine parts.  At this location and during this time, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety-Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands.

243. From approximately 1977 through 1984, while Mr. Grady was employed by I55 Mobile Station, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety-Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands. From approximately 1977 through 1984, while employed by I55 Mobile Station, Mr. Grady was exposed to benzene containing chemicals and fumes, including but not limited to, gasoline and other products supplied by Defendant Safety-Kleen.

244. Between 1979 and 2018 Mr. Grady was assigned to various Monsanto plants located within both the City of St. Louis, Missouri and Sauget, Illinois, including but not limited to the Queeny Plant, the Krummrich Plant, and the Carondelet Plant. While employed at the

various Monsanto plants, Mr. Grady used Defendant Safety Kleen's parts washer system and solvents to clean tools and parts.

245. Between the years of 1979 and 2018, while plaintiff Michael Grady worked as a pipefitter at various locations, including but not limited to, Anheuser Bush, the Labadie Power Plant, the Meramec Power Plant, the Monsanto Plants at Sauget, Queeny and Carondelet, Rush Island Power Station, and the Venice Power Station, he used Defendant Safety-Kleen's part washer system and solvents to clean tools and parts.

246. At times material to this Petition, Safety-Kleen manufactured, produced, sold, and distributed products containing benzene, including Safety-Kleen Recycled 105 Solvent and parts washers for profit.

247. At all times herein set forth, Safety-Kleen products described herein were being employed in the manner and for the purposes for which they were intended.

248. By selling products containing benzene for profit Plaintiff's exposure to, and inhalation, ingestion or absorption of benzene and other toxic chemicals through inhalation and dermal exposure, as worker that would be using the products was completely foreseeable and could or should have been anticipated by Safety-Kleen.

249. Safety-Kleen knew, or should have known, that its products containing benzene would have a toxic, poisonous, highly deleterious effect, including causing, or contributing to cause cancer, for persons inhaling, ingesting, or touching them or otherwise absorbing benzene and other toxic chemicals.

250. At all times herein relevant, Safety-Kleen had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around their benzene – containing products.

251. Safety-Kleen failed to exercise ordinary care and caution for the safety of Plaintiff in one or more of the following respects:

    a. Manufactured, sold, and provided benzene containing products for use by Plaintiff and others, and included benzene in their materials and/or products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around their benzene containing products, would inhale, ingest, touch, or otherwise absorb benzene and other toxic chemicals;

    b. Manufactured and sold benzene containing products, and included benzene in their materials and/or products, when they knew, or should have known, that said benzene and other toxic chemicals would have a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, touching or otherwise absorbing it;

    c. Included benzene in their materials and/or products when adequate substitutes were available;

    d. Failed to provide any or adequate warnings to Plaintiff and other persons working with and around their benzene containing products of the dangers of inhaling, ingesting, touching or otherwise absorbing benzene and other toxic chemicals;

    e. Failed to provide any or adequate instructions concerning the safe methods of working with and around their benzene containing products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene and other toxic chemicals;

    f. Failed to conduct adequate tests on said benzene containing products to determine the hazards to which persons such as Plaintiff might be exposed while working with and around the same; and

    g. Covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer.

252. That as a direct and proximate result of the unreasonably dangerous condition of Safety-Kleen' benzene containing products, Plaintiff was exposed to and inhaled, ingested, or otherwise absorbed benzene and other toxic chemicals in sufficient amounts to cause disease and/or other harm and to cause, or contribute to cause, his cancer.

253. As a direct and proximate result of said benzene and other toxic chemical exposure, inhalation, ingestion and/or absorption, Plaintiff developed Multiple Myeloma; Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the physical pain and suffering and physical disability caused by cancer; Plaintiff experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendant Safety-Kleen Systems, to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

### COUNT XVI
### STRICT LIABILITY – FAILURE TO WARN
#### (AGAINST DEFENDANT SAFETY-KLEEN)

COMES NOW Plaintiffs, by their attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendant Safety-Kleen Systems ("hereinafter in this Count "Safety-Kleen"), and states as follows:

254. Plaintiffs incorporates by reference paragraphs 1-2, 4, 19, 21-25, 28-30, 44, and 48 through 49 of this Petition as if fully set forth herein.

255. From approximately 1974 through 1976 Mr. Grady worked at the Motor Gas Station located in and around 4500 S. Broadway, within the City of St, Louis, Missouri where he pumped gas, cleaned cars and engines and engine parts.  At this location and during this time, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents,

including Safety-Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands.

256. From approximately 1977 through 1984, while Mr. Grady was employed by I55 Mobile Station, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety-Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands. From approximately 1977 through 1984, while employed by I55 Mobile Station, Mr. Grady was exposed to benzene containing chemicals and fumes, including but not limited to, gasoline and other products supplied by Defendant Safety-Kleen.

257. Between 1979 and 2018 Mr. Grady was assigned to various Monsanto plants located within both the City of St. Louis, Missouri and Sauget, Illinois, including but not limited to the Queeny Plant, the Krummrich Plant, and the Carondelet Plant. While employed at the various Monsanto plants, Mr. Grady used Defendant Safety Kleen's parts washer system and solvents to clean tools and parts.

258. Between the years of 1979 and 2018, while plaintiff Michael Grady worked as a pipefitter at various locations, including but not limited to, Anheuser Bush, the Labadie Power Plant, the Meramec Power Plant, the Monsanto Plants at Sauget, Queeny and Carondelet, Rush Island Power Station, and the Venice Power Station, he used Defendant Safety-Kleen's part washer system and solvents to clean tools and parts.

259. Safety-Kleen processed, produced, manufactured, sold, distributed, utilized, and/or marketed benzene and benzene-containing products with which Mr. Grady came into contact in the course of his employment as described in this Petition.

260. During the course of Mr. Grady's employment at the locations described in this Petition and elsewhere, and/or in other ways, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene fumes emanating from benzene and certain benzene-containing materials and products Mr. Grady was working with and around, which were processed, produced, manufactured, sold, distributed, marketed by Safety-Kleen.

261. At all times relevant hereto, said benzene and benzene-containing products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Safety-Kleen.

262. Mr. Grady, as an ordinary user of said benzene materials and/or products or was exposed to such products and his work locations and was not aware of the hazards of benzene.

263. Safety-Kleen failed to provide adequate warnings on the benzene and their benzene-containing products and/or benzene-related materials.

264. Safety-Kleen covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

265. That as a direct and proximate result of the unreasonably dangerous condition of Safety-Kleen's benzene, materials and/or products, and of the product being sold, and/or utilized without an adequate warning, Mr. Grady was exposed to and inhaled, ingested, or otherwise absorbed benzene in sufficient amounts to cause disease and/or other harm.

266. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma.  Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary

for the treatment of his benzene related disease and conditions and to alleviate the pain, suffering, and physical disability caused by his injury, and a shortened life expectancy; he experienced great physical pain and as a result of said exposure, inhalation, ingestion, and absorption. Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendant Safety-Kleen Systems, to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT XVII
## STRICT LIABILITY – DEFECTIVE PRODUCT
### (AGAINST DEFENDANT SAFETY-KLEEN)

COMES NOW Plaintiff, Mr. Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendant Safety Kleen Systems ("hereinafter in this Count "Safety-Kleen"), and states as follows:

267. Plaintiff incorporates by reference paragraphs 1-2, 4, 19, 21-25, 28-30, and paragraphs 48 through 49 of this Petition as if fully set forth herein.

268. From approximately 1974 through 1976 Mr. Grady worked at the Motor Gas Station located in and around 4500 S. Broadway, within the City of St, Louis, Missouri where he pumped gas, cleaned cars and engines and engine parts. At this location and during this time, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety-Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands.

269. From approximately 1977 through 1984, while Mr. Grady was employed by I55 Mobile Station, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety-Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands. From approximately 1977 through 1984, while employed by I55 Mobile Station, Mr. Grady was exposed to benzene containing chemicals and fumes, including but not limited to, gasoline and other products supplied by Defendant Safety-Kleen.

270. Between 1979 and 2018 Mr. Grady was assigned to various Monsanto plants located within both the City of St. Louis, Missouri and Sauget, Illinois, including but not limited to the Queeny Plant, the Krummrich Plant, and the Carondelet Plant. While employed at the various Monsanto plants, Mr. Grady used Defendant Safety Kleen's parts washer system and solvents to clean tools and parts.

271. Between the years of 1979 and 2018, while plaintiff Michael Grady worked as a pipefitter at various locations, including but not limited to, Anheuser Bush, the Labadie Power Plant, the Meramec Power Plant, the Monsanto Plants at Sauget, Queeny and Carondelet, Rush Island Power Station, and the Venice Power Station, he used Defendant Safety-Kleen's part washer system and solvents to clean tools and parts.

272. At all times relevant herein, Safety-Kleen processed, produced, manufactured, sold, distributed, and marketed benzene and certain benzene-containing products to which Mr. Grady was exposed, said products were in a defective condition and were unreasonably dangerous when put to a reasonably anticipated use in that:

    a. They contained benzene, a toxin and human carcinogen;

    b. They contained benzene, a toxin and human carcinogen, although suitable alternatives were available;

    c.    They were not accompanied by any adequate warnings to persons working with and around said benzene, materials and/or products of the dangers of inhaling, ingesting or otherwise absorbing benzene;

    d.    They were not accompanied by any adequate instructions concerning proper methods for working with and around said benzene, materials and/or products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene; and.

    e.    They covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

273. Said benzene and certain benzene-containing products reached the point of Mr. Grady's exposure in substantially the same condition as when processed, produced, manufactured, sold, distributed, and marketed by Safety-Kleen. In other words, the unreasonably dangerous condition of the materials and products existed when the materials and products left Safety-Kleen's control.

274. At all times relevant herein, said benzene and certain benzene-containing products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Safety-Kleen.

275. That as a direct and proximate result of the unreasonably dangerous condition of Safety-Kleen's benzene and/or products, Mr. Grady was exposed to and inhaled, ingested, or otherwise absorbed benzene in sufficient amounts to cause disease and/or other harm.

276. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma. Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the pain,

suffering and physical disability caused by his injury and will have a shortened life expectancy; he experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption.  Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendant Safety-Kleen Systems, to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT XVIII
## LOSS OF CONSORTIUM

COMES NOW the Plaintiff, Mrs. Grady, by her attorneys, The Dysart Law Firm, P.C., and for her cause of action against Defendants, states:

277. Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth herein.

278. As a result of the injuries sustained by Plaintiff, Mr. Grady, as described above, Plaintiff Mrs. Grady, has suffered a loss of services, society, consortium, and companionship arising out of their marital relationship.

WHEREFORE, Plaintiffs pray this Court to enter judgment in their favor and against these Defendants, jointly and severally, to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000) and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**THE DYSART LAW FIRM, P.C.**

*/s/ Christopher W. Dysart*
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, Missouri 63017
Phone:  (314) 548-6298
Fax:     (314) 548-6230
cdysart@dysart-law.com
***ATTORNEY FOR PLAINTIFF***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 25th day of January 2023, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, Missouri 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
***Attorneys for Anheuser-Busch Inbev Worldwide Inc.***

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, Missouri 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
***Attorneys for Procter & Gamble Manufacturing Co.***

Adam E. Miller
Rachel P. Berland
Katherine Landfried
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, Missouri 63105
Phone: 314-690-0200
amiller@shb.com
rberland@shb.com
klandfried@shb.com
***Attorneys For Eastman Chemical Company, Monsanto Company Pharmacia & Upjohn Company LLC Solutia Inc.***

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
***Attorneys For Radiator Specialty Company***

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
 jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com

Bryan Hopkins
Lazaro Aguiar
HUSCH BLACKWELL, LLP
190 Carondelet Plaza, suite 600
St. Louis, MO 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
lazaro.aguiar@huschblackwell.com
***Attorneys for ExxonMobil Oil Corporation***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
***Attorneys For Mallinckrodt, LLC***
***MI Holdings, Inc.***

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney For Shell Oil Company***

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
***Attorneys For Mistic Metal Mover, Inc.***

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys For Turtle Wax, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
***Attorneys For United States Steel Corporation***

*/s/ Rita Speichinger*

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2022-CC09797 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MONSANTO COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE
## SECOND AMENDED PETITION

COMES NOW Michael Grady (hereinafter, "Mr. Grady") and Kathleen Grady (hereinafter, "Mrs. Grady") (collectively, hereinafter, "Plaintiffs"), by and through counsel, Christopher W. Dysart, for their Motion For Leave to File Second Amended Petition for the following reasons:

1. Plaintiff seeks leave to file his Second Amended Petition to allege more specific allegations as to Defendants Monsanto Company, Solutia Inc., Eastman Chemical Company, and Pharmacia LLC (hereinafter "Monsanto Defendants").

2. Pursuant to Missouri Rule 55.33, this Court should grant leave for the Plaintiffs to file their Second Amended Petition to reflect Plaintiffs' allegations more accurately against the Monsanto Defendants.

3. Rule 55.33 of the Missouri Rules of Civil Procedure provides that leave to amend a petition "shall be freely given when justice requires." Rule 55.33 is to be liberally applied. *Kingsley v. McDonald*, 432 S.W.3d 266, 270 (Mo. App. W.D. 2014). The purpose for liberally

permitting amendments is to permit matters to be pleaded, which were overlooked or unknown when the action was originally filed. *Rhodus v. Wheeler*, 927 S.W.2d 433, 436 (Mo. App. W.D. 1996).

   4. The factors to be considered in determining whether to grant a request to amend are (1) hardship to the moving party if leave to amend is denied; (2) the reasons for the moving party's failure to include the matter in the original pleadings; and (3) the injustice of the nonmoving party should leave to amend be granted. *Williams v. Jacobs*, 972 S.W.2d 334, 345 (Mo. App. W.D. 1998).

   5. The attached Second Amended Petition will not prejudice any of the Defendants as the allegations of the Second Amended Petition only clarify allegations made in the original Petition.

   WHEREFORE, Plaintiffs Michael Grady and Kathleen Grady respectfully request leave to file their Second Amended Petition; and for such other and further Orders as this Court deems just and proper in the premises.

             Respectfully Submitted,

             By: */s/ Christopher W. Dysart*
             **THE DYSART LAW FIRM, P.C.**
             Christopher W. Dysart, #37069
             16020 Swingley Ridge Rd., Suite 340
             St. Louis, MO  63017
             Telephone:  314-548-6298
             cdysart@dysart-law.com
             **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 25th day of January 2023, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, Missouri 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
***Attorneys for Anheuser-Busch Inbev Worldwide Inc.***

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, Missouri 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
***Attorneys for Procter & Gamble Manufacturing Co.***

Adam E. Miller
Rachel P. Berland
Katherine Landfried
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, Missouri 63105
Phone: 314-690-0200
amiller@shb.com
rberland@shb.com
klandfried@shb.com
***Attorneys For Eastman Chemical Company, Monsanto Company Pharmacia & Upjohn Company LLC Solutia Inc.***

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
***Attorneys For Radiator Specialty Company***

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
 jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com

Bryan Hopkins
Lazaro Aguiar
HUSCH BLACKWELL, LLP
190 Carondelet Plaza, suite 600
St. Louis, MO 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
lazaro.aguiar@huschblackwell.com
***Attorneys for ExxonMobil Oil Corporation***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
***Attorneys For Mallinckrodt, LLC***
 ***MI Holdings, Inc.***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney For Shell Oil Company***

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
***Attorneys For Mistic Metal Mover, Inc.***

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys For Turtle Wax, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
***Attorneys For United States Steel Corporation***

*/s/ Rita Speichinger*

Electronically Filed - City of St. Louis - January 25, 2023 - 02:10 PM

**FILED**

JAN 27 2023

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

## IN THE CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
## CITY OF ST. LOUIS MISSOURI

MICHAEL GRADY and                    )
KATHLEEN GRADY,                      )
                                     )
                    Plaintiffs,      )    Case No.: 2022-CC09797
                                     )
v.                                   )
                                     )    **JURY TRIAL DEMANDED**
MONSANTO COMPANY, et al.             )
                                     )
                    Defendants.      )
                                     )

## PLAINTIFFS' MOTION FOR LEAVE TO FILE
## SECOND AMENDED PETITION

COMES NOW Michael Grady (hereinafter, "Mr. Grady") and Kathleen Grady (hereinafter, "Mrs. Grady") (collectively, hereinafter, "Plaintiffs"), by and through counsel, Christopher W. Dysart, for their Motion For Leave to File Second Amended Petition for the following reasons:

1.  Plaintiff seeks leave to file his Second Amended Petition to allege more specific allegations as to Defendants Monsanto Company, Solutia Inc., Eastman Chemical Company, and Pharmacia LLC (hereinafter "Monsanto Defendants").

2.  Pursuant to Missouri Rule 55.33, this Court should grant leave for the Plaintiffs to file their Second Amended Petition to reflect Plaintiffs' allegations more accurately against the Monsanto Defendants.

3.  Rule 55.33 of the Missouri Rules of Civil Procedure provides that leave to amend a petition "shall be freely given when justice requires." Rule 55.33 is to be liberally applied. *Kingsley v. McDonald*, 432 S.W.3d 266, 270 (Mo. App. W.D. 2014). The purpose for liberally

**ENTERED**

JAN 27 2023

LK

Electronically Filed - City Of St. Louis - January 25, 2023 - 02:10 PM

permitting amendments is to permit matters to be pleaded, which were overlooked or unknown when the action was originally filed. *Rhodus v. Wheeler*, 927 S.W.2d 433, 436 (Mo. App. W.D. 1996).

4. The factors to be considered in determining whether to grant a request to amend are (1) hardship to the moving party if leave to amend is denied; (2) the reasons for the moving party's failure to include the matter in the original pleadings; and (3) the injustice of the nonmoving party should leave to amend be granted. *Williams v. Jacobs*, 972 S.W.2d 334, 345 (Mo. App. W.D. 1998).

5. The attached Second Amended Petition will not prejudice any of the Defendants as the allegations of the Second Amended Petition only clarify allegations made in the original Petition.

WHEREFORE, Plaintiffs Michael Grady and Kathleen Grady respectfully request leave to file their Second Amended Petition; and for such other and further Orders as this Court deems just and proper in the premises.

Respectfully Submitted,

By: */s/ Christopher W. Dysart*
**THE DYSART LAW FIRM, P.C.**
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Suite 340
St. Louis, MO 63017
Telephone: 314-548-6298
cdysart@dysart-law.com
**ATTORNEY FOR PLAINTIFF**

Electronically Filed - City of St. Louis - January 25, 2023 - 02:10 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 25th day of January 2023, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, Missouri 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
*Attorneys for Anheuser-Busch Inbev Worldwide Inc.*

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, Missouri 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
*Attorneys for Procter & Gamble Manufacturing Co.*

Adam E. Miller
Rachel P. Berland
Katherine Landfried
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, Missouri 63105
Phone: 314-690-0200
amiller@shb.com
rberland@shb.com
klandfried@shb.com
*Attorneys For Eastman Chemical Company, Monsanto Company Pharmacia & Upjohn Company LLC Solutia Inc.*

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
*Attorneys For Radiator Specialty Company*

Electronically Filed - City of St. Louis - January 25, 2023 - 02:10 PM

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com

Bryan Hopkins
Lazaro Aguiar
HUSCH BLACKWELL, LLP
190 Carondelet Plaza, suite 600
St. Louis, MO 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
lazaro.aguiar@huschblackwell.com
*Attorneys for ExxonMobil Oil Corporation*

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
*Attorneys For Mallinckrodt, LLC*
*MI Holdings, Inc.*

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
*Attorneys For Safety-Kleen Systems Inc.*

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
*Attorney For Shell Oil Company*

Electronically Filed - City of St. Louis - January 25, 2023 - 02:10 PM

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
*Attorneys For Mistic Metal Mover, Inc.*

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
*Attorneys For Turtle Wax, Inc.*

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
*Attorneys For United States Steel Corporation*

/s/ Rita Speichinger

Electronically Filed - City of St. Louis - January 31, 2023 - 02:07 PM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | No. 2022-CC09797 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY, *et al.,* | ) | |
| | ) | **JURY TRIAL** |
| Defendants. | ) | **DEMANDED** |
| | ) | |

**DEFENDANT ANHEUSER-BUSCH, LLC'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED PETITION OR, IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT**

COMES NOW Defendant Anheuser-Busch, LLC (incorrectly named "Anheuser-Busch INBEV Worldwide Inc.," and hereinafter "A-B"), by and through counsel, and, pursuant to Rule 55.27(a) of the Missouri Rules of Civil Procedure, moves to dismiss Plaintiffs' Second Amended Petition ("Petition.") In support of its Motion, A-B states as follows:

1.      Plaintiffs have sued numerous defendants, including A-B, seeking damages for Michael Grady's alleged benzene-related injuries.     Plaintiffs attempt to state a cause of action against A-B based upon a theory of negligence.  Plaintiffs also seek damages for loss of consortium.

2.       Plaintiffs' Petition should be dismissed on numerous grounds as described in more detail below. By way of this motion, A-B does not waive any arguments, defenses or rights, including, but not limited to, arguments based upon lack of personal jurisdiction, failure to plead a cause of action, improper venue, federal preemption, statutes of limitation, and/or statutes of repose.

3.    Plaintiffs' Petition should be dismissed. It is well settled that Missouri is a fact-pleading state. *State ex rel. Harvey v. Wells,* 955 S.W.2d 546, 547 (Mo. banc 1997); *Luethans v. Washington Univ.,* 894 S.W.2d 169, 171 (Mo. banc 1995); *ITT Commercial Finance v. Mid-Am. Marine*, 854 S.W.2d 371, 377 (Mo. banc 1995). The purpose of fact-pleading is the quick, efficient, and fair resolution of disputes. Fact-pleading identifies, narrows, and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *Luethans,* 894 S.W.2d at 171.

4.    In this case, Plaintiffs have violated both the substance and spirit of that law; the Petition is wholly devoid of basic factual information. Plaintiffs bring this action against many Defendants. Large groups of the Defendants have been lumped together in almost every Count. Plaintiffs do not sufficiently identify the type of alleged "potentially cancer-causing chemical(s)" to which Michael Grady was allegedly exposed to at A-B's locations. Plaintiffs do not sufficiently identify any Defendant as having manufactured or sold any specific "potentially cancer-causing chemical(s)" to which Michael Grady was allegedly exposed to at A-B's location. Plaintiffs do not identify with sufficient particularity the time period in which Michael Grady was allegedly exposed to any particular "potentially cancer-causing chemical(s)" at A-B's location. Plaintiffs do not sufficiently allege the type of activity or job duty that Michael Grady was performing which allegedly exposed him to "potentially cancer-causing chemical(s)" while he was present at any particular premises, including A-B. In fact, nowhere in Plaintiff's Petition does it allege Plaintiff did come in contact with a cancer-causing chemical.  Instead, Plaintiffs merely set forth bare conclusions and vague assertions in place of properly pleaded facts.

5.    As Plaintiffs' allegations currently stand, it is impossible for A-B to know which chemical allegedly caused Michael Grady's injuries, when he was allegedly injured, or how he

Electronically Filed - City of St. Louis - January 31, 2023 - 02:07 PM

was allegedly injured. This information is crucial to A-B' ability to isolate what legal and factual issues are involved in the case, what discovery is necessary, and what evidence is relevant. As set forth above, Plaintiffs have a duty under Missouri law to plead these facts. Plaintiffs have not done so, and their Petition should be dismissed.

6.     Count VI of Plaintiffs' Petition is titled "Negligence." In order to plead a cause of action for negligence, Plaintiffs must establish that Defendants owed a duty to Michael Grady to protect him from injury, that Defendants failed to perform under that duty, and that such failure caused his injuries. *Meekins v. St. John's Reg. Health Ctr.,* 149 S.W.3d 525, 532 (Mo. App. S.D. 2004). In this case, however, Plaintiffs do not allege facts that demonstrate that any Defendant owed any legal duty of care to Michael Grady and/or that that any Defendant breached any such duty. Without such facts, Plaintiffs have failed to state a claim against A-B for negligence. Counts VI should be dismissed.

9.     To the extent Plaintiffs claim Michael Grady was a business invitee of A-B, Plaintiffs have still not stated a claim of negligence against A-B. First, Plaintiffs have not alleged sufficient facts to establish Michael Grady was an invitee on A-B premises. Second, Plaintiffs have not alleged sufficient facts demonstrating that A-B breached any duty owed to Michael Grady even if he was an invitee. Missouri law provides that the possessor of land owes invitees the duty to exercise reasonable care to protect the invitee against both known dangers and those that would be revealed by inspection. *Adams v. Badgett*, 114 S.W.3d 432, 438 (Mo. App. E.D. 2003. The duty does not include insuring an invitee's safety. *See Medows v. Brockmeier,* 863 S.W.2d 675, 676 (Mo. App. E.D. 1993). Plaintiffs have not alleged any facts with sufficient particularity to establish that A-B breached any duty owed to Michael Grady as an alleged

Electronically Filed - City of St. Louis - January 31, 2023 - 02:07 PM

invitee. As such, any claims against A-B that are based on an alleged duty owed to business invitees should be dismissed.

10.     Furthermore, to the extent Michael Grady was present on A-B premises as an invitee while a third-party contractor was in control of construction work on the premises, A-B cannot be held liable for Michael Grady's injuries. Under Missouri law, when a landowner relinquishes possession and control of the premises to an independent contractor during a period of construction, the independent contractor, not the landowner, is seen as the possessor of the land. The duty to use reasonable care to protect invitees shifts from the landowner to the independent contractor. *Noble v. Martin*, 908 S.W.2d 390, 391 (Mo. App. E.D. 1995). As such, any claims against A-B which are based upon alleged exposures that occurred while an unrelated third party was in control of the premises should be dismissed.

11.     Likewise, to the extent Plaintiffs are alleging Michael Grady was an employee or statutory employee[1] of A-B, Plaintiffs' claims against A-B are barred and subject to dismissal because this Court lacks statutory authority to grant relief in this case. The Missouri Workers' Compensation Law vests authority to decide claims related to employee injuries exclusively in the Missouri Labor and Industrial Relations Commission. Alternatively, and to the extent Michael Grady was not an employee or statutory employee of A-B, Plaintiffs have still failed to state a claim against A-B. A-B had no duty to provide a safe workplace to Michael Grady as a non-employee. In either instance, any claims against A-B that are based upon an alleged duty to provide a safe workplace to Michael Grady should be dismissed.

---

[1] The Missouri Workers' Compensation Law states, in relevant part, "Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business." §287.040.1, RSMo (2005).

Electronically Filed - City of St. Louis - January 31, 2023 - 02:07 PM

16.    In Count XVIII, Plaintiffs allege loss of consortium. Count XVIII fails to state a cause of action against A-B in that it is predicated on Count VI. As set forth above, this count does not state a cause of action against A-B. A loss of consortium action derives from an injured spouse's action for injury and is dependent upon the establishment of defendant's liability for damages to the injured spouse. *Lear v. Norfolk and Western Railway Co.,* 815 S.W.2d 12, 14-15 (Mo. App. W.D. 1991); *Pease v. Ace Hardware Home Center of Round Lake,* 147 Ill. App. 3d 546 (1986). Count XVIII should be dismissed.

17.    To the extent a claim for punitive damages is being made, punitive damages are appropriate only where a defendant's conduct is outrageous because of an evil motive or reckless indifference to the rights of others. *Jacobs v. Bonser,* 46 S.W.3d 41, 45 (Mo.App. E.D. 2001). Here, Plaintiffs do not allege any specific action or inaction by A-B warranting a claim for punitive damages. As the facts alleged in the Petition do not constitute the outrageous conduct required for punitive damages, Plaintiffs' prayer for punitive damages should be stricken.

19.    Plaintiffs' Petition does not set forth any specific facts establishing that the City of St. Louis is the proper venue or forum for this case; therefore, it should be dismissed. §508.010.4, RSMo. (2014).

20.    Plaintiffs' claims are barred by the applicable statutes of limitations.

21.    Some or all of Plaintiffs' claims are barred by the applicable statutes of repose.

22.    A-B incorporates and adopts herein the motions and arguments made in response to Plaintiffs' Petition by the co-defendants in this cause of action, to the extent that they do not contradict the arguments raised in this Motion.

23.    In the alternative, A-B moves, pursuant to Rule 55.27(d) of the Missouri Rules of Civil Procedure, for an order requiring Plaintiffs to make their pleading more definite and

Electronically Filed - City of St. Louis - January 31, 2023 - 02:07 PM

particular to enable A-B to prepare a responsive pleading or otherwise prepare for trial.

WHEREFORE, Defendant Anheuser-Busch, LLC, prays for this Court's Order dismissing Plaintiffs' Petition against it or, alternatively, for an order directing Plaintiffs to plead their claims more definitely, and for such other and further relief as is proper under the circumstances.

**DEFENDANT ANHEUSER-BUSCH, LLC DEMANDS TRIAL BY JURY.**

Respectfully submitted,

PELIKAN & ORRIS LLC

By :    /s/ Matthew Pelikan
        Thomas L. Orris        #37416
        Matthew E. Pelikan     #57820
        Ross S. Titzer         #59581
        10 South Broadway, Suite 1100
        St. Louis, MO 63102
        314-735-2560
        314-552-7019 (Facsimile)
        tom.orris@pelikanorris.com
        matthew.pelikan@pelikanorris.com
        ross.titzer@pelikanorris.com
        citymail@pelikanorris.com

*Attorneys for Defendant Anheuser-Busch, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 31st day of January, 2023, I electronically filed the foregoing with the Clerk of the Court using the Missouri eFiling System, which sent notification of such filing to all counsel of record. I further certify that I signed or caused my electronic signature to be placed upon the original of the foregoing document.

/s/ Matthew Pelikan

**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS MISSOURI**

| | |
|---|---|
| MICHAEL GRADY and<br>KATHLEEN GRADY,<br><br>               Plaintiffs,<br><br>v.<br><br>MONSANTO COMPANY, et al.<br><br>               Defendants. | )<br>)<br>)<br>)  Case No.: 2022-CC09797<br>)<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |

## SECOND AMENDED PETITION

COME NOW Michael Grady (hereinafter, "Mr. Grady") and Kathleen Grady (hereinafter, "Mrs. Grady") (collectively, hereinafter, "Plaintiffs"), by and through undersigned counsel, and for their Petition and cause of action against Defendants, state as follows:

## JURISDICTION AND VENUE

1. Mr. Grady is now, and at all relevant times herein, a resident and citizen of the State of Missouri.

2. At all times relevant herein, Mr. Grady and Mrs. Grady have been validly married to each other.

3. Defendant MONSANTO COMPANY (hereinafter, "Monsanto") is a foreign corporation, incorporated in the State of Delaware, and with its principal place of business within the State of Missouri.

4. Defendant SAFETY-KLEEN, (hereinafter, "Safety-Kleen") is a foreign corporation, incorporated in the State of Delaware, and doing business in the State of Missouri.

5. Defendant MALLINCKRODT, LLC, (hereinafter, "Mallinckrodt") is a Delaware corporation with its principal place of business in Mansfield, Massachusetts, doing business in the State of Missouri.

6. Defendant MI HOLDINGS, INC., (hereinafter, "MI HOLDINGS") is a Missouri corporation, doing business in the State of Missouri and is a successor to the business formerly known as Mallinckrodt Missouri.

7. Defendant EXXONMOBIL OIL CORPORATION, as successor to Mobil Oil Corporation (d/b/a Mobil Oil) (hereinafter, "ExxonMobil"), is a foreign corporation doing business within State of Missouri.

8. Defendant SOLUTIA INC., Individually and as successor to Monsanto Company (hereinafter, "Solutia"), is foreign corporation with its United States headquarters located within the State of Missouri.

9. Defendant EASTMAN CHEMCIAL COMPANY, Individually and as successor to Solutia Inc. (hereinafter, "Eastman Chemical"), is a foreign corporation doing business within the State of Missouri.

10. Defendant PHARMACIA LLC (hereinafter, "Pharmacia") is a Delaware limited liability corporation that is a subsidiary of Pfizer, Inc., and is headquartered in, and its principal place of business is in, Peapack, New Jersey doing business within the State of Missouri.

11. Defendant ANHEUSER-BUSCH INBEV WORLDWIDE, INC. (hereinafter "ANHEUSER-BUSCH INBEV," or "ANHEUSER-BUSCH" or "InBev") is a foreign corporation with its United States headquarters located in St. Louis, Missouri.

12. Defendant PROCTER & GAMBLE MANUFACTURING COMPANY, (hereinafter, "Procter & Gamble") is a foreign corporation doing business within the State of Missouri.

13. Defendant, SHELL OIL COMPANY a/k/a Shell Oil Products US, Shell Chemical LP, f/k/a Shell Chemical Company (hereinafter "Shell") is a Delaware Corporation, in good standing and doing business in the State of Missouri.

14. Defendant MISTIC METAL MOVERS, INC., (hereinafter, "Mistic Metal Movers"), is a foreign corporation doing business in the State of Missouri.

15. Defendant RADIATOR SPECIALTY COMPANY, (hereinafter, "Radiator Specialty"), is a foreign corporation doing business in the State of Missouri.

16. Defendant UNITED STATES STEEL CORPORATION, (hereinafter "United States Steel"), is a foreign corporation doing business in the State of Missouri.

17. Defendant, TURTLE WAX, INC., is a foreign corporation doing business in the State of Missouri.

18. Defendants MONSANTO COMPANY, SOLUTIA INC., PHARMACIA LLC, and EASTMAN CHEMCIAL COMPANY will be referred to collectively as the "Monsanto Defendants."

19. The forgoing individual Defendants, set forth in Paragraphs 3 through 18, will be collectively referred to as "Defendants" throughout Plaintiff's Petition.

20. The Monsanto Defendants are entities that may have caused, or contributed to cause, Mr. Grady's Multiple Myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease and hypertension from polychlorinated biphenyls ("PCBs") and benzene exposure through their products, facilities or operations within the State of Missouri and elsewhere or are parent companies, affiliates, subsidiaries, successors in interest, employees, contractors, sub-contractors or other agents of the named Defendants, or their respective predecessors in interest.

21. All Defendants are entities that may have caused, or contributed to cause, Mr. Grady's Multiple Myeloma from benzene exposure through their products, facilities, or operations within the State of Missouri and elsewhere or are parent companies, affiliates, subsidiaries, successors in interest, employees, contractors, sub-contractors or other agents of the named Defendants, or their respective predecessors in interest.

22. The nonresident Defendants in this action are subject to the jurisdiction of this Court pursuant to RSMo. § 506.500 (1) and (3) because the causes of action stated in this Petition arose out of their transaction of business in Missouri and out of torts committed in Missouri by the nonresident Defendants.

23. Venue is proper in the City of St. Louis, Missouri because Mr. Grady was first injured by the wrongful acts and/or negligent conduct alleged in this action in the City of St. Louis. Accordingly, venue is proper pursuant to RSMo. § 508.010.

24. THIS CAUSE IS NOT REMOVABLE. There is no diversity of citizenship among the parties because Defendants Solutia, Inc., Anheuser-Busch InBev Worldwide Inc., and St. Louis Testing Laboratories, Inc., are citizens of the State of Missouri for purposes of federal diversity jurisdiction and removal statutes. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..."); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) ("an LLC's citizenship for purposes of diversity jurisdiction is the citizenship of its members"). Moreover, because at least one Defendant is a resident of Missouri, where this action is filed, Defendants could not, in any event, remove this action on the basis of diversity. 28 U.S.C. § 1441(b). Plaintiffs affirmatively disclaim any damages or action arising under the constitution, treaties, or laws

of the United States (including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. The damages that are sought by the Plaintiffs, exclusive of interest and costs, exceed the minimum jurisdictional limits of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

### I. An Overview of Plaintiff Michael Grady's Exposure Routes

25. Mr. Grady was born on March 8, 1958, and lives within the State of Missouri.

26. From in and around 1958 through the mid-1970s Mr. Grady's father worked at the W. G. Krummrich Plant in Sauget, Illinois and he would come home with chemicals, including PCBs, on his car and on his clothes.  Mr. Grady was first exposed to these chemicals when he washed his father's car at his home and was in close proximity to his father at Mr. Grady's home located at 5353 S. Broadway, St. Louis, Missouri 63111, within the City of St. Louis, Missouri. Mr. Grady's father also took him to the W. G. Krummrich Plant in Sauget, Illinois on several occasions between the mid-1960s and the mid-1970s.

27. Mr. Grady was also exposed to products containing benzene and other toxic chemicals, including gasoline, motor oils, and cleaning fluids and solvents, when he worked at the Motor Gas Station located in and around 4500 S. Broadway, within the City of St, Louis, Missouri where he pumped gas, cleaned cars and engines and engine parts in and around when he was in Secondary School. At this location and during this time, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands.

28. From approximately 1977 through 1984, Mr. Grady was employed by I55 Mobile Station, located within the City of St. Louis.  While employed there, including as a mechanic, Mr. Grady pumped gas, cleaned cars and engines and engine parts. At this location and during this time, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands. From approximately 1977 through 1984, while employed by I55 Mobile Station, Mr. Grady was exposed to benzene containing chemicals and fumes, including but not limited to, gasoline and other products supplied by Defendant ExxonMobil and Defendant Safety-Kleen.

29. During the times when Mr. Grady was working at the Motor Gas Station and the I55 Mobile Station:

   a. the nozzles on the gas pumps were not equipped with vapor recovery systems; and

   b. the gas pumps, storage tanks, gasoline delivery trucks, and other gasoline storage and delivery devices contained no warnings indicating that working in and around gasoline, including using gasoline as a cleaning agent, or breathing gasoline vapors, was in any way hazardous to an individual's health, including potentially causing cancer.

   c. The Safety Kleen parts washers and the Safety-Kleen Recycled 105 Solvent contained no warnings that it contained benzene, was in any way hazardous to an individual's health, including potentially causing cancer.

30. From 1979 to 2018 Mr. Grady worked as a union pipefitter and mechanical contractor at various job sites located within the State of Missouri and the State of Illinois.  While so employed, Mr. Grady worked at the Defendants' work sites described herein, among other locations, as a contractor, and not as an employee, of any of the Defendants named in this Petition.  As a result, Mr. Grady is not subject to the Jurisdiction of the Division of Workers Compensation for any of the injuries described in this Petition.

31.  Between 1979 and 2018 Mr. Grady was assigned to various Monsanto plants located within both the City of St. Louis, Missouri and Sauget, Illinois, including but not limited to the Monsanto W. G. Krummrich Plant in Sauget, Illinois and the Monsanto John F. Queeny Plant located in the City of St. Louis, Missouri and the Monsanto Carondelet Plant located within the City of St. Louis, Missouri. While employed at the various Monsanto plants, Mr. Grady was assigned to various locations including benzene departments, around benzene tanks, and where he had to remove old piping that carried benzene and other chemicals throughout the plants and installed new piping in and around soil and air contaminated with benzene, PCBs, and other toxic chemicals. Additionally, Mr. Grady had to remove old piping and install new piping in and around railyards at Monsanto facilities.  Upon information and belief, this piping was used to transport benzene and other chemicals around the plant.  Some of the benzene was provided by Defendant Shell Oil Company. While working at, entering upon, moving through, and leaving the Monsanto facilities, Mr. Grady was exposed to benzene and PCBs in the air, soil, and in the pipelines, and he had dermal contact with benzene and PCBs. At times Mr. Grady also had his work gloves soaked in benzene. The Monsanto Defendants and Defendant Shell Oil Company, failed to provide any, or sufficient warnings, that their products which contaminated the facilities could cause or contribute to cause cancer. The Monsanto Defendants also negligently allowed their products, including benzene and PCBs to permeate the soil, pipelines, buildings, and air at their Krummrich and Queeny facilities.

32. PCBs are a class of 209 discrete chemical compounds, called congeners, in which one to ten chlorine atoms are attached to biphenyl. From 1929, when Monsanto's predecessor Swann Chemical Co. (which merged into Monsanto in 1935) first began producing PCBs, until 1977, when Congress banned the manufacture of PCBs, Monsanto manufactured and

produced and sold more than 99 percent of all the PCBs that were ever sold in the United States. A significant partition of these PCBS were manufactured at Monsanto's W. G. Krummrich Plant in Sauget, Illinois. Monsanto also produced extensive lines of other organic chemical products at its W.G. Krummrich facility, including pesticides and other chlorinated organic chemicals that are known or suspected precursors for formation of dioxins/furans during the manufacturing process. Re-suspension of contaminated particulate matter (dust and/or vapor) from sediments are recognized as a significant source of PCBs and dioxins/furans in and around the W.G. Krummrich facility.

33. Throughout the decades during which Monsanto produced PCBs, the company was aware that exposure to PCBs carried significant health risks. Over those six decades, Monsanto manufactured PCBS at its Krummrich Monsanto Plant in Sauget, Illinois and sold those PCBs as liquid mixtures, under the trade name "Aroclor," to a variety of industrial customers, for a wide variety of industrial uses. Each of Monsanto's Aroclor products contained a combination of different PCB congeners.

34. Investigations by the U.S. EPA and various other interested parties have shown that Monsanto's PCBs contaminated the entire W. G. Krummrich Plant in Sauget, Illinois, and spread into the surrounding area. Decachlorobiphenyl (also known as PCB 209) is a fully chlorinated PCB homologue containing ten chlorine atoms. Decachlorobiphenyl has been reportedly associated with only one Arochlor mixture (Arochlor 1268). Elevated concentrations of decachlorobiphenyl in the environment are believed to be associated with historical manufacturing or use of Arochlor 1268. The distribution of PCBs and presence of elevated concentrations of decachlorobiphenyl were noted by Stratton and Sosebee in 1976 following a 1975 U.S. EPA soil survey around the W. G. Krummrich Plant to suggest

airborne transport of the PCBs from the manufacturing facility with deposition onto the surrounding landscape.

35. PCBs can be transported in the atmosphere as vapors and/or as particulate matter. During the period of active manufacturing at the Monsanto facility, direct releases of PCBs to the atmosphere occurred as emissions of both vapors and particulates. PCBs have different vapor pressures depending on the degree of chlorination; therefore, volatilization of PCBs depends on the types of PCBs present in emissions, wastes and environmental media. Cycling of PCBs through the environment involves volatilization into the atmosphere, with subsequent removal from the atmosphere by wet or dry deposition, then revolatilization. PCBs and dioxins/furans are typically entrained as contaminants in soils and sediments, which can be resuspended by winds and transported as particulate matter. PCBs and dioxins/furans can be redistributed in the environment as vapors and/or particulates when erosion, wind or ground-breaking activities exposes contaminated materials.

36. Like other chlorinated organic compounds, such as dioxins, which are collectively known as "organochlorines," PCBs are considered "persistent organic pollutants," because they do not readily degrade in the environment, and they are not easily metabolized or broken down by humans or animals after absorption.

37. Throughout the decades during which Monsanto produced PCBs, the company was aware that exposure to PCBs carried significant health risks. Despite this knowledge, and despite the availability of substitute products, Monsanto continued to produce and market PCBs while hiding from the public, its customers, and applicable governmental authorities the true health risks associated with PCBs.

38. Plaintiff was unaware and had no reasonable way to know how inhalation and dermal contact PCBs or dioxin could cause, or contribute to cause, him to develop cancer, Multiple Myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease and/or hypertension.

39. Monsanto, as a manufacturer, producer, seller, and user of these chemicals knew, or should have known that PCBs and/or dioxin could cause, or contribute to cause, individuals that came into contact with these materials, including the family members of workers employed at its W. G. Krummrich Plant in Sauget, Illinois, like Plaintiff to contract disease or injury.

40. While employed at the various Monsanto properties, plants and facilities, Mr. Grady was, exposed to benzene and products that contained benzene that was, in large part, had been manufactured, sold, and shipped to Monsanto by and from Defendant Shell Oil Company.

41. At times material to this Petition, Mr. Grady worked at the Mallinckrodt Plant in St. Louis, Missouri performing general installation work, including the removal of old piping and the installation of new piping.  During the removal of old piping and the installation of new piping Mr. Grady was exposed to toxic chemicals. No warnings were posted that the pipes, or areas around the pipes, may contain potentially cancer-causing chemicals.

42. In and around the 1980s and/or 1990s Plaintiff worked at Defendant Procter & Gamble's plant off East Grand and I-70 within the City of St. Louis, Missouri. During this work, Plaintiff worked on removing and installing piping where he encountered toxic, potentially cancer-causing chemicals.

43. At various time periods material to this Petition, Plaintiff worked as a contractor at Defendant Anheuser-Busch InBev's Brewery (herein referred to as "the Brewery"), located within the City of St. Louis, Missouri. While on the Brewery premises, Plaintiff was involved

in demolition and renovation of various parts of the facilities where he encountered toxic, potentially cancer-causing chemicals.

44. From approximately the 1970s through approximately the 2010s, Plaintiff, Michael Grady, worked with and around certain solvents, degreasers, penetrants and cleaning agents including Mistic Metal Movers, Turtle Wax liquid cleaning polish, Safety-Kleen Solvents, including Safety-Kleen Recycled 105 Solvent, and Safety-Kleen parts washers, and Liquid Wrench, which he used to clean machines, tools, equipment and other materials at various locations within the State of Missouri and Illinois, including the locations where he is described as working in this Petition.

45. During relevant time periods to this Petition, Mistic Metal Movers contained various chemicals including Trichloroethylene, which has been classified as a known human carcinogen. Trichloroethylene, also known as TCE, is a colorless, volatile liquid. One of its primary uses has been as a solvent to remove grease from metal parts. Workers involved in industrialized degreasing activities are mainly exposed by inhaling vapors or by dermal, or skin exposure to the vapors or liquids.

46. During relevant time periods to this Petition, Liquid Wrench contained various chemicals including benzene. Benzene is a known human carcinogen. Liquid Wrench was produced, manufactured, distributed, and/or sold by Defendants Radiator Specialty and which was produced and/or manufactured with benzene containing Raffinate supplied by United States Steel.

47. During relevant time periods to this Petition, Turtle Wax cleaning polish contained various chemicals including benzene. Benzene is a known human carcinogen.

48. Plaintiff, Michael Grady, used cleaning and degreasing solvents such as Mistic Metal Movers, Turtle Wax liquid cleaning polish, Liquid Wrench and Safety-Kleen to clean pipes, tools, and equipment.

49. On or about May 5, 2017, Mr. Grady was diagnosed with Multiple Myeloma. Mr. Grady has also been diagnosed with pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

## FACTS CONCERNING MONSANTO

50. From 1901 to 1997 the original Monsanto Co., also known as Monsanto Chemical Co., operated as a Missouri corporation manufacturing a variety of chemicals and agricultural products. This original corporate Monsanto entity, which is now sometimes referred to as "Old Monsanto," ceased to exist in 1997 as the result of a series of corporate spin-offs and acquisitions. At that time, Old Monsanto's chemical division was split off and reformed into a newly independent corporation, which was renamed "Solutia, Inc." one of the Defendants in this action. As part of this 1997 spin-off, Solutia assumed certain of Old Monsanto's debts and liabilities, including all liabilities related to Old Monsanto's chemical exposures including benzene and PCBs. Solutia subsequently was reorganized pursuant to Chapter 11 of the federal bankruptcy laws, and it emerged from bankruptcy in February 2008. As part of Solutia's federal bankruptcy plan of reorganization, "New Monsanto," discussed below, agreed to indemnify Solutia for all tort "legacy liabilities" related to Old Monsanto's activities, including injuries related to chemical exposure.

51. In 2000, the remaining portion of Old Monsanto, comprised of Old Monsanto's Life Sciences division, merged with Pharmacia/Upjohn Corp., which meant that Old Monsanto no longer existed as a separate corporate entity. Defendant Pharmacia then incorporated a new

company in Delaware, also called "Monsanto Co.," which was then referred to as "New Monsanto," one of the other Defendant in this case. In 2002, Defendant Pharmacia spun off its interest in New Monsanto, and New Monsanto then operated as an independent corporate entity with its corporate headquarters and principal place of business in St. Louis, Missouri.

52. In 2003, Defendant Pharmacia (what remained of "Old Monsanto") was acquired by Pfizer, Inc.

53. In 2012, Pharmacia merged with another Pfizer subsidiary, called Pfizer Convention III, LLC. The surviving corporation was renamed as Pharmacia LLC.

54. Defendants Pharmacia, Solutia and Monsanto collectively have legal responsibility for Old Monsanto's conduct in causing, or contributing to cause, Plaintiff's Multiple Myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

55. At relevant times herein located at 500 Monsanto Avenue, Sauget, Illinois 62201, there existed a large commercial facility that have historically and continue to operate.

56. Constructed in 1907 at the behest of Commercial Acid Company, the Monsanto Plant was erected for the purpose of manufacturing chemicals, beginning with sulfuric acid, muriatic acid, nitric acid, and zinc chloride, and then, quickly expanding to producing phenol, salt cake, nitric cake, and chlorosulphonic.

57. In or around 1917, Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia) acquired the Commercial Chemical Company, including the Sauget Monsanto Krummrich Plant.

58. By 1930, Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia) had vastly expanded the production capabilities of

the Sauget Monsanto Krummrich Plant, and by the 1950s was producing over 100 chemicals there at, including chlorine, chlorobenzene, chlorophenol, benzyl chloride, phosphoric acid, alkylbenzene, ortho-dichlorobenzene, nitrochlorobenzenes, calcium benzene sulfonate, and polychlorinated biphenyls ("PCBs").

59. Located approximately one (1) mile from the Mississippi River, the Sauget, Illinois Monsanto Plant is strategically located and has historically provided Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia) with easy access to river transportation. In fact, in or around 1960, Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia) constructed a terminal on the Mississippi River and several associated pipelines, which transferred liquid products such as benzene, toluene, chlorobenzene, and sulfuric acid to and from the terminal on the Mississippi River. Upon information and belief, benzene was at times transported to Monsanto from Defendant Shell Oil Companies' Roxana, Illinois Wood River Refinery via barge to the edge of the river and then transported to Monsanto through these pipelines.

60. For decades, the Monsanto W. G. Krummrich Plant in Sauget, Illinois was comprised of, in part, a Chlorobenzene Processing Area, PCB manufacturing area, Benzene Storage Area, Benzene Pipeline Area, North Tank Farm Area, and Overhead Steamer Tank Area. Monsanto stored and moved benzene around its Monsanto facilities in Sauget, Illinois, and many of the products that were produced at the Monsanto Krummrich Plant by Defendant Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant Pharmacia), contained benzene that, upon information and belief, it purchased from Defendant Shell Oil Company.

61. Defendant Shell Oil Company supplied Monsanto with benzene for Monsanto's operations in Sauget, Illinois and St. Louis, Missouri as described herein.

**COUNT I**
**NEGLIGENCE--PCBs**
**(AGAINST DEFENDANTS MONSANTO, SOLUTIA, PHARMACIA, AND EASTMAN CHEMICAL)**

COMES NOW Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical (hereinafter "Monsanto") and states:

62. Plaintiffs incorporate by reference paragraphs 1-3, 8-10, 18-26, 30-40, and 49 through 61 of this Petition as if fully set forth herein.

63. Plaintiff was a pipefitter employed by various contracting companies that worked at the W.G. Krummrich Plant in Sauget, Illinois, the J.F. Queeny Plant located in the City of St. Louis, Missouri during the 1970s, 1980s and 1990s (hereinafter collectively referred to as the "Monsanto Facilities")

64. During the time periods described in this Petition, and while Plaintiff worked as a pipefitter and/or laborer for various contracting companies at the Monsanto Facilities described herein, Monsanto owned, managed, and/or operated the Monsanto Facilities.

65. During the 1970s, 1980s and 1990s while working as a pipefitter and/or laborer for various contracting companies Plaintiff went onto the W.G. Krummrich Plant, and the J.F. Queeny Plant where he was exposed to PCBs and PCB containing products which Monsanto had manufactured, stored, transported, leaked, and spilled throughout these facilities from the 1930s through the 1980s or longer. Monsanto's PCBS contaminated and permeated the entire W.G. Krummrich and J.F. Queeny Plants and facilities leading to Plaintiff being exposed to these toxic substances when he neared, entered, worked, and traveled within these plants and

facilities and when he performed his jobs as a pipefitter and or laborer for various private contracting companies.

66. While present at Monsanto's Krummrich and J.F. Queeny facilities, Plaintiff was exposed to PCBs through inhalation and dermal contact.

67. Plaintiffs job as a pipefitter and/or laborer did not require him to clean up or remove PCBs.

68. When Plaintiff worked as a pipefitter and/or laborer at the Krummrich Plant and the J.F. Queeny plant, Monsanto had the duty, and was required, to flush the pipelines and sewers he worked on or around of any toxic chemicals before he worked with, or around, these pipeline lines and sewer lines.

69. When Plaintiff worked as a pipefitter and/or laborer, Monsanto had the duty, and was required to ensure that the work site, including the soil, ground, and air around the pipelines and sewer lines where Plaintiff worked were kept in a safe condition, including keeping them free from the presence of any toxic chemicals, including PCBs.

70. When Plaintiff entered the W.G. Krummrich Plant and the J.F. Queeny plant, Monsanto had the duty to prevent its manufacturing, storage, transportation, leaking, and/or spilling of PCBs, or products containing PCBs, from contaminating the soil and air with PCBs and from PCBS coming into contact with Plaintiff through the air, soil, ground, pipelines, sewer lines, and buildings.

71. Plaintiff was unaware and had no reasonable way to know where or how PCBs were manufactured, stored, located, transported, leaked, spilled, or present in the air, ground and soil, buildings, pipelines, and/or sewer lines or in and around the Monsanto Facilities.

72. Plaintiff was unaware and had no reasonable way to know how inhalation and dermal contact with PCBs or products containing PCBS could cause, or contribute to cause, him to develop

cancer, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

73. Monsanto, as a manufacturer, producer, seller, and user of these chemicals knew, or should have known that PCBs, and products containing PCBs could cause, or contribute to cause, Plaintiff to contract cancer, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

74. Monsanto breached its duties to Plaintiff, and was negligent in one or more of the following respects:

    a. Manufactured, stored, transported, leaked, and spilled, PCBs and products containing PCBs in the vicinity of Plaintiff or into the areas where Plaintiff worked, traveled, ate, or stayed at its W. G. Krummrich and J.F. Queeny plants;

    b. Failed to flush the pipelines and sewer lines at its W.G. Krummrich and J.F. Queeny plants and facilities of PCBs and products containing PCBs prior to Plaintiff working in and around them;

    c. Failed to warn Plaintiff that he would encounter fumes and come into dermal contact with PCBs and products containing PCBs at its W.G. Krummrich and J.F. Queeny plants;

    d. Failed to warn Plaintiff that inhalation or dermal contact with PCBs or products containing PCBs cause, or contribute to disease including cancer, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension;

    e. Failed to require and/or advise Plaintiff to use personal protective equipment, or other measures and practices designed to prevent or reduce inhalation or absorption of PCBs when working, traveling at, entering, or eating at its W.G. Krummrich and J.F. Queeny facilities;

    f. Failed to clean up PCBs that it had manufactured, stored, transported, leaked, spilled, and emitted at its W.G. Krummrich and J.F. Queeny facilities even though Monsanto knew that these toxic chemicals were dangerous and could cause, or contribute to cause, disease including cancer, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension; and

    g. Failed to monitor levels of PCBs, throughout its W.G. Krummrich and J.F. Queeny plants, including the areas in which Plaintiff worked, ate, traveled, parked, or was

otherwise present, so Monsanto could provide reasonable warnings to Plaintiff to avoid exposure, or wear the proper personal protective equipment and clothing to prevent exposure, or use the proper tools and procedures to prevent inhalation and dermal contact with PCBs.

75. That as a direct and proximate result of the carelessness and negligence of Monsanto, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed PCBs and/or other contaminants, thereby causing, or contributing to cause, Plaintiff to develop Multiple Myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

76. That as a direct and proximate result of the carelessness and negligence of Monsanto, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed PCBs and/or other contaminants, thereby causing, or contributing to cause, Plaintiff to incur past and future medical bills, pain and suffering, lost wages and a shortened life expectancy.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), costs incurred in prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT II
## NEGLIGENCE—BENZENE
### (AGAINST DEFENDANTS MONSANTO, SOLUTIA, PHARMACIA, AND EASTMAN CHEMICAL)

COMES NOW Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical (hereinafter "Monsanto") and states:

77. Plaintiffs incorporate by reference paragraphs 1-3, 8-10, 18-26, 30-40, and 49 through 61 of
    this Petition as if fully set forth herein.

78. Plaintiff was a pipefitter and/or laborer employed by various contracting companies that
    worked at the W.G. Krummrich Plant in Sauget, Illinois, the J.F. Queeny Plant located in the
    City of St. Louis, Missouri during the 1970s, 1980s and 1990s (hereinafter collectively
    referred to as the "Monsanto Facilities")

79. During the time periods described in this Petition, and while Plaintiff worked as a pipefitter
    and/or laborer for various contracting companies at the Monsanto Facilities, Monsanto
    owned, managed, and/or operated the Monsanto properties and facilities.

80. During the 1970s, 1980s and 1990s while working as a pipefitter and/or laborer for various
    contracting companies Plaintiff went onto the W.G. Krummrich Plant, and the J.F. Queeny
    Plant where he was exposed to benzene and benzene-containing products which Monsanto
    had manufactured, stored, transported, leaked, and spilled throughout these facilities from the
    1930s through the 1980s or longer. Monsanto's benzene and benzene containing products
    contaminated and permeated the entire W.G. Krummrich and J.F. Queeny Plants and
    facilities leading to Plaintiff being exposed to these toxic substances when he neared,
    entered, worked, and traveled within these plants and facilities and when he performed his
    jobs as a pipefitter and/or laborer for various private contracting companies. Monsanto also
    transported benzene and benzene containing products through its pipelines and sewer lines.

81. While present and working at Monsanto's Krummrich and J.F. Queeny facilities, Plaintiff
    was exposed to benzene and benzene-containing materials through inhalation and dermal
    contact when he worked on various pipelines and sewer lines, both from benzene and
    benzene containing products that were in the pipelines and sewer lines, and from benzene

and benzene containing products that had been spilled and leaked onto the ground and into the ground and soil, and from various storage tanks and buildings that contained benzene and benzene containing products.

82. Plaintiff's job as a pipefitter and/or laborer did not require him to clean up or remove benzene or benzene containing products. Instead, Plaintiff's job as a pipefitter and/or laborer required him to repair, replace, and work on and around pipelines and/or sewer lines and also in the soil.

83. When Plaintiff worked as a pipefitter and/or laborer at the Krummrich Plant and the J.F. Queeny plant, Monsanto had the duty, and was required, to flush the pipelines and sewer lines he worked on of any toxic chemicals including benzene and benzene containing products before Plaintiff worked with, or around, these pipelines and sewer lines.

84. When Plaintiff worked as a pipefitter and/or laborer, Monsanto had the duty, and was required to ensure that the work site, including the soil, ground, and air around the pipes where Plaintiff worked, was kept in a safe condition, including keeping it free from the presence of any toxic chemicals, including benzene and benzene containing products.

85. When Plaintiff entered the W.G. Krummrich Plant and the J.F. Queeny plant, Monsanto had the duty to prevent its manufacturing, storage, transportation, leaking, and/or spilling of benzene and products containing benzene from coming into contact with Plaintiff through the air, soil, ground, pipes, and buildings.

86. Plaintiff was unaware and had no reasonable way to know where or how benzene and benzene-containing products were manufactured, stored, located, transported, leaked, spilled, or present in air, ground and soil, buildings, pipelines, or sewer lines in and around the Monsanto's Facilities.

87. Plaintiff was unaware and had no reasonable way to know how inhalation and dermal contact with benzene and benzene-containing products could cause, or contribute to cause, him to develop cancer, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

88. Monsanto, as a manufacturer, producer, seller, and user of these chemicals knew, or should have known that benzene and products containing benzene could cause, or contribute to cause, Plaintiff to contract cancer, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

89. Monsanto breached its duties to Plaintiff, and was negligent in one or more of the following respects:

    a. Manufactured, stored, transported, leaked, and spilled, benzene and benzene-containing products/materials, in the vicinity of Plaintiff or into the areas where Plaintiff worked, traveled, ate, or stayed at its W. G. Krummrich and J.F. Queeny plants;

    b. Failed to flush the pipelines and sewers at its W.G. Krummrich and J.F. Queeny plants and facilities of harmful chemicals, including benzene and containing products, prior to Plaintiff working on and around them;

    c. Failed to warn Plaintiff that he would encounter fumes and come into dermal contact with benzene and/or benzene containing products/materials, at its W.G. Krummrich and J.F. Queeny plants;

    d. Failed to warn Plaintiff that inhalation or dermal contact with benzene and/or benzene containing products/materials could cause, or contribute to cause, cancer, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension;

    e. Failed to require and/or advise Plaintiff to use personal protective equipment, or other measures and practices designed to prevent or reduce inhalation or absorption of benzene or benzene containing materials;

    f. Failed to clean up benzene and/or products containing benzene, that it had manufactured, stored, transported, leaked, spilled, and emitted at its W.G. Krummrich and J.F. Queeny facilities even though Monsanto knew that these toxic chemicals were dangerous and could cause, or contribute to cause, cancer; and

g. Failed to monitor levels of benzene throughout its W.G. Krummrich and J.F. Queeny plants, including the areas in which Plaintiff worked, ate, traveled, parked, or was otherwise present, so Monsanto could provide reasonable warnings to Plaintiff to avoid exposure, or wear the proper personal protective equipment and clothing to prevent exposure, or use the proper tools and procedures to prevent inhalation and dermal contact with benzene and/or products containing benzene.

90. That as a direct and proximate result of the carelessness and negligence of Monsanto, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, and/or products containing benzene, thereby causing, or contributing to cause, Plaintiff to develop Multiple Myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

91. That as a direct and proximate result of the carelessness and negligence of Monsanto, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, and/or products containing benzene, thereby causing, or contributing to cause, Plaintiff to incur medical bills, loss of income, pain and suffering and a shortened life expectancy.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), costs incurred in prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

**COUNT III**
**NEGLIGENCE**
**(AGAINST DEFENDANTS MONSANTO, SOLUTIA, PHARMACIA, AND EASTMAN CHEMICAL)**

COMES NOW Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical (hereinafter "Monsanto") and states:

92. Plaintiffs incorporates by reference paragraphs 1-3, 8-10, 18-26, 30-40, and 49 through 61 of his Petition as if fully set forth herein.

93. From in and around 1958 through 1972, Mr. Grady's father worked for private contractors at the Monsanto Krummrich Plant in Sauget, Illinois.

94. PCBs are a class of 209 discrete chemical compounds, called congeners, in which one to ten chlorine atoms are attached to biphenyl. From 1929, when Monsanto's predecessor Swann Chemical Co. (which merged into Monsanto in 1935) first began producing PCBs, until 1977, when Congress banned the manufacture of PCBs, Monsanto manufactured and produced and sold more than 99 percent of all the PCBs that were ever sold in the United States. A significant partition of these PCBS were manufactured at Monsanto's W. G. Krummrich Plant.

95.  Monsanto also produced extensive lines of other organic chemical products at its W.G. Krummrich facility, including pesticides and other chlorinated  organic chemicals that are known or suspected precursors for formation of dioxins/furans during the manufacturing process. Re-suspension of contaminated particulate matter (dust) from sediments are recognized as a significant source of PCBs and dioxins/furans in and around the W.G. Krummrich facility.

96. Throughout the decades during which Monsanto produced PCBs, the company was aware that exposure to PCBs carried significant health risks. Over those six decades, Monsanto manufactured PCBS at its Krummrich Monsanto Plant in Sauget, Illinois and sold those

PCBs as liquid mixtures, under the trade name "Aroclor," to a variety of industrial customers, for a wide variety of industrial uses. Each of Monsanto's Aroclor products contained a combination of different PCB congeners.

97. Investigations by the U.S. EPA and various other interested parties have shown that Monsanto's PCBs contaminated the entire W. G. Krummrich Plant in Sauget, Illinois, and spread into the surrounding area. Decachlorobiphenyl (also known as PCB 209) is a fully chlorinated PCB homologue containing ten chlorine atoms. Decachlorobiphenyl has been reportedly associated with only one Arochlor mixture (Arochlor 1268). Elevated concentrations of decachlorobiphenyl in the environment are believed to be associated with historical manufacturing or use of Arochlor 1268. The distribution of PCBs and presence of elevated concentrations of decachlorobiphenyl were noted by Stratton and Sosebee in 1976 following a 1975 U.S. EPA soil survey around the Krummerich plant to suggest airborne transport of the PCBs from the manufacturing facility with deposition onto the surrounding landscape.

98. PCBs can be transported in the atmosphere as vapors and/or as particulate matter. During the period of active manufacturing at the Monsanto facility, direct releases of PCBs to the atmosphere occurred as emissions of both vapors and particulates. PCBs have different vapor pressures depending on the degree of chlorination; therefore, volatilization of PCBs depends on the types of PCBs present in emissions, wastes and environmental media. Cycling of PCBs through the environment involves volatilization into the atmosphere, with subsequent removal from the atmosphere by wet or dry deposition, then revolatilization. PCBs and dioxins/furans are typically entrained as contaminants in soils and sediments, which can be resuspended by winds and transported as particulate matter. PCBs and

dioxins/furans can be redistributed in the environment as vapors and/or particulates when erosion or ground-breaking activities exposes contaminated materials.

99. Like other chlorinated organic compounds, such as dioxins, which are collectively known as "organochlorines," PCBs are considered "persistent organic pollutants," because they do not readily degrade in the environment, and they are not easily metabolized or broken down by humans or animals after absorption.

100. Throughout the decades during which Monsanto produced PCBs, the company was aware that exposure to PCBs carried significant health risks. Despite this knowledge, and despite the availability of substitute products, Monsanto continued to produce and market PCBs while hiding from the public, its customers, and applicable governmental authorities the true health risks associated with PCBs.

101. While Mr. Grady's father worked for private contractors at the Monsanto's Krummrich facilities he would come home with chemicals, including, upon information and belief, PCBs and dioxin, on his car and on his cloths.  Mr. Grady was first exposed to these chemicals when he washed his father's car at his home and was in close proximity to his father at Mr. Grady's home located at 5353 S. Broadway, St. Louis, Missouri 63111, within the City of St. Louis, Missouri.

102. Plaintiff was unaware and had no reasonable way to know how inhalation and dermal contact PCBs or dioxin could cause, or contribute to cause, him to develop cancer.

103. Monsanto, as a manufacturer, producer, seller, and user of these chemicals knew, or should have known that PCBs and/or dioxin could cause, or contribute to cause, individuals that came into contact with these materials, including the family members of workers employed at it Krummrich facility in Sauget, Illinois, like Plaintiff to contract cancer.

104. Monsanto breached its duties to Plaintiff, and was negligent in one or more of the following

respects:

a. Manufactured, stored, transported, leaked, and spilled, PCBs and dioxin in at its Krummrich facilities in Sauget, Illinois, so that it was likely that workers at or near this facility would be exposed to these materials and these materials would be deposited on their clothing and/or vehicles and thus present the risk of exposing the workers families to these materials;

b. Failed to warn workers at its Krummrich facilities that they would or could encounter fumes, dust, and materials containing PCBs and dioxin and that these materials could be deposited on their cloths and vehicles potentially exposing the workers family members to PCBS and/or dioxin;

c. Failed to require and/or advise workers at its Krummrich facility to use personal protective equipment, or other measures and practices designed to prevent or reduce the deposition of PCBs and/or dioxin onto their cloths and/or vehicles;

d. Failed to prevent the release, emissions or spills of PCBs and dioxin that it had manufactured, stored, and transported at its Krummrich facilities even though Monsanto knew that these toxic chemicals were dangerous and could cause, or contribute to cause;

e. Failed to clean up releases, emissions or spills of PCBs and dioxin that it had manufactured, stored, and transported at its Krummrich facilities even though Monsanto knew that these toxic chemicals were dangerous and could cause, or contribute to cause, cancer; and

f. Failed to monitor levels of PCBs and dioxin throughout its Krummrich facilities so Monsanto could provide reasonable warnings to workers to avoid exposure or wear the proper personal protective equipment and clothing to prevent exposure, or use the proper tools and procedures to prevent the deposition of PCBs and/or dioxin onto their clothing and/or vehicles.

105. That as a direct and proximate result of the carelessness and negligence of Monsanto,

Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed PCBs,

dioxin and/or other contaminants, thereby causing, or contributing to cause, Plaintiff to

develop Multiple Myeloma, and pulmonary hypertension, cardiomyopathy, atrial fibrillation,

chronic obstructive pulmonary disease, and hypertension.

106. That as a direct and proximate result of the carelessness and negligence of Monsanto, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed PCBs, dioxin and/or other contaminants, thereby causing, or contributing to cause, Plaintiff to incur medical bills, pain and suffering, loss of earnings and a shortened life expectancy.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants Monsanto, Solutia, Pharmacia and Eastman Chemical individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), costs incurred in prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT IV
## STRICT LIABILITY – DEFECTIVE PRODUCT
### (AGAINST DEFENDANTS MONSANTO, SOLUTIA, PHARMACIA, AND EASTMAN CHEMICAL)

COMES NOW Plaintiff, Mr. Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendant Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical (hereinafter "Monsanto") and states:

107. Plaintiff incorporates by reference paragraphs 1-3, 8-10, 18-26, 30-40, and 49 through 61 of this Petition as if fully set forth herein.

108. During his employment as a pipefitter and/or laborer at the Krummrich Plant in Sauget, Illinois, at the Queeny Plant in the City of St. Louis, Missouri and elsewhere Plaintiff was exposed to, inhaled ingested and otherwise absorbed PCBs manufactured, sold, and distributed by Monsanto.

109. From in and around 1958 through the mid-1970s Mr. Grady's father worked at the W. G. Krummrich Plant in Sauget, Illinois and he would come home with chemicals, including

PCBs, on his car and on his clothes. Mr. Grady was first exposed to these chemicals when he washed his father's car at his home and was in close proximity to his father at Mr. Grady's home located at 5353 S. Broadway, St. Louis, Missouri 63111, within the City of St. Louis, Missouri. Mr. Grady's father also took Plaintiff to the W. G. Krummrich Plant in Sauget, Illinois on several occasions between the mid-1960s and the mid-1970s where Plaintiff was also exposed to PCBs and products containing PCBs.

110. Plaintiff's exposure to, and inhalation, ingestion and absorption of PCBs was foreseeable and should have been anticipated by Monsanto.

111. Monsanto knew or should have known that the PCBs it manufactured and distributed had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing them.

112. From 1929, when Monsanto's predecessor Swann Chemical Co. (which merged into Monsanto in 1935) first began producing PCBs, until 1977, when Congress banned the manufacture of PCBs, Monsanto manufactured and produced and sold more than 99 percent of all the PCBs that were ever sold in the United States. A significant partition of these PCBS were manufactured at Monsanto's Krummrich Plant in Sauget, Illinois.

113. Throughout the decades during which Monsanto produced PCBs, the company was aware that exposure to PCBs carried significant health risks. Over those six decades, Monsanto manufactured PCBS at its Krummrich Monsanto Plant in Sauget, Illinois and sold those PCBs as liquid mixtures, under the trade name "Aroclor," to a variety of industrial customers, for a wide variety of industrial uses. Each of Monsanto's Aroclor products contained a combination of different PCB congeners.

114. Monsanto's various PCB products were unreasonably dangerous, and those unreasonably dangerous products were a proximate and producing cause, and a substantial factor in the development of Plaintiff's multiple myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

115. At all times relevant herein, Monsanto processed, produced, manufactured, sold, distributed, and marketed PCBs and PCB containing products for profit to which Mr. Grady was exposed, said products were in a defective condition and were unreasonably dangerous when put to a reasonably anticipated use in that:

   a. PCBs, and products containing PCBs, are toxic, causing various diseases, including cancer, Multiple Myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease and hypertension;

   b. There were safer alternatives for similar applications than PCBs during the time when Monsanto manufactured, marketed, and sold PCBs and products containing PCBs;

   c. They were not accompanied by any adequate warnings to persons working with and around said PCBs, materials and/or products of the dangers of inhaling, ingesting or otherwise absorbing PCBs;

   d. They were not accompanied by any adequate instructions concerning proper methods for working with and around said PCBs, materials and/or products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing PCBs; and.

   e. Monsanto covered up and hid the dangers of their PCBs and PCB containing products, including the cancer-causing properties of the PCBs.

116. Said PCBs certain PCB-containing products reached the point of Mr. Grady's exposure in substantially the same condition as when processed, produced, manufactured, sold, distributed, and marketed by Monsanto.  In other words, the unreasonably dangerous condition of the materials and products existed when the materials were in and when they left Monsanto's control.

117. At all times relevant herein, said PCB and certain PCB-containing products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Monsanto.

118. That as a direct and proximate result of the unreasonably dangerous condition of Monsanto's PCBS and/or products, Mr. Grady was exposed to and inhaled, ingested, or otherwise absorbed PCBs in sufficient amounts to cause disease and/or other harm.

119. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma, and pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

120. Plaintiff, Michael Grady, was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his PCB related diseases and conditions both in the past and in will be in the future and to alleviate the pain, suffering and physical disability caused by his injury and will have a shortened life expectancy; he experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption. Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), costs incurred in prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

**COUNT V**
**NEGLIGENCE:  PREMISES LIABILITY**
**(AGAINST DEFENDANTS MONSANTO, SOLUTIA,**
**PHARMACIA, AND EASTMAN CHEMICAL)**

COMES NOW Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical (hereinafter "Monsanto") and states:

121. Plaintiffs incorporate by reference paragraphs 1-3, 8-10, 18-26, 30-40, and 49 through 61 of his Petition as if fully set forth herein.

122. From in and around 1958 through the mid-1970s Mr. Grady's father worked at Monsanto's W. G. Krummrich Plant in Sauget, Illinois as an independent contractor and invitee on the premises.  Mr. Grady's father took Plaintiff to the W. G. Krummrich Plant in Sauget, Illinois over 20 times between 1966 and 1973.  During these visits, Plaintiff's father took Plaintiff all over the W.G. Krummrich Plant, in a golf cart type vehicle several times, and many times in his father's company vehicle. Plaintiff was between eight (8) years old and fifteen (15) years old at the time.

123. Plaintiff was an invitee and was lawfully present at Monsanto's W.G. Krummrich Plant on each of the visits to the plant during the visits described in this Count.

124. During the time periods described in this Count, and while Plaintiff was an invitee and lawfully present at Monsanto's W.G. Krummrich Plant, Monsanto owned, managed, and/or operated the Plant.

125. For decades, the Monsanto W. G. Krummrich Plant in Sauget, Illinois was comprised of, in part, a Chlorobenzene Processing Area, PCB manufacturing area, Benzene Storage Area, Benzene Pipeline Area, North Tank Farm Area, and Overhead Steamer Tank Area. Monsanto stored and moved benzene around its Monsanto facilities in Sauget, Illinois, and

many of the products that were produced at the Monsanto Krummrich Plant by Defendant

Monsanto (and/or Defendant Solutia, and/or Defendant Eastman Chemical, and/or Defendant

Pharmacia), contained benzene that, upon information and belief, it purchased from

Defendant Shell Oil Company.

126. During the operations of the W. G. Krummrich Plant in Sauget, Illinois, Monsanto

manufactured, stored, transported, leaked, and spilled benzene and benzene containing

products at the Plant both before and during the time period when Plaintiff was lawfully on

the premises.

127. During the operations of the W. G. Krummrich Plant in Sauget, Illinois, from the 1930s

through the 1970s Monsanto manufactured, stored, transported, leaked, and spilled PCBs,

and PCB containing products throughout the Plant.

128. PCBs can be transported in the atmosphere as vapors and/or as particulate matter.  During

the period of active manufacturing at the Monsanto facility, direct releases of PCBs to the

atmosphere occurred as emissions of both vapors and particulates.  PCBs have different

vapor pressures depending on the degree of chlorination; therefore, volatilization of PCBs

depends on the types of PCBs present in emissions, wastes and environmental media.

Cycling of PCBs through the environment involves volatilization into the atmosphere, with

subsequent removal from the atmosphere by wet or dry deposition, then revolatilization.

PCBs and dioxins/furans are typically entrained as contaminants in soils and sediments,

which can be resuspended by winds and transported as particulate matter.  PCBs and

dioxins/furans can be redistributed in the environment as vapors and/or particulates when

erosion or ground-breaking activities exposes contaminated materials.

129. Like other chlorinated organic compounds, such as dioxins, which are collectively known as "organochlorines," PCBs are considered "persistent organic pollutants," because they do not readily degrade in the environment, and they are not easily metabolized or broken down by humans or animals after absorption.

130. Throughout the decades during which Monsanto produced PCBs, the company was aware that exposure to PCBs carried significant health risks. Despite this knowledge, and despite the availability of substitute products, Monsanto continued to produce and market PCBs while hiding from the public, its customers, and applicable governmental authorities the true health risks associated with PCBs.

131. During the time periods described in this Count, and while Plaintiff was an invitee and lawfully present at Monsanto's W.G. Krummrich Plant, Plaintiff entered portions of the Monsanto properties and facilities where he was exposed to vapors, dust and debris containing PCBs, and products containing PCBs, through inhalation and dermal contact thereof.

132. During the time periods described in this Count, and while Plaintiff was an invitee and lawfully present at Monsanto's W.G. Krummrich Plant, Plaintiff entered portions of the Monsanto properties and facilities where he was exposed to vapors, dust and debris containing benzene, and products containing benzene, through inhalation and dermal contact thereof.

133. At all relevant times, Plaintiff was lawfully present at/on the Monsanto properties and facilities at the invitation or direction of Monsanto.

134. Monsanto possessed knowledge superior to Plaintiff concerning where and how Monsanto manufactured, disposed of, transported, and used PCBs in and around Monsanto's premises,

and where and how PCBs were present in the air and soil at the W.G. Krummrich Plant from the ongoing manufacturing, disposal, and transportation of PCBs, and PCB containing products, and from the historic manufacturing, disposal, and transportation of PCBs at the W.G. Krummrich Plant.  These ongoing and historic PCB operations had contaminated the entire Plant, and the areas surrounding the Plant, including toxic dump sites and creeks located in and around the Plant.

135. Monsanto possessed knowledge superior to Plaintiff concerning where and how Monsanto manufactured, disposed of, transported, and used benzene in and around Monsanto's premises, and where and how benzene was present in the air and soil at the W.G. Krummrich Plant from the ongoing manufacturing, disposal, and transportation of benzene, and benzene containing products, and from the historic manufacturing, disposal, and transportation of benzene at the W.G. Krummrich Plant.  These ongoing and historic benzene operations had contaminated the entire Plant, and the areas surrounding the Plant, including toxic dump sites and creeks located in and around the Plant.

136. Plaintiff was unaware and had no reasonable way to know where or how PCBs, and PCB containing products, were manufactured, present, or stored, in and around Monsanto's premises, or whether there were PCB particles, vapors and/or dust in the air, soil, Plant facilities, water, creeks and dump sites in and around the W.G. Krummrich Plant.

137. Plaintiff was unaware and had no reasonable way to know where or how benzene, and benzene containing products, were manufactured, present, or stored, in and around Monsanto's premises, or whether there were benzene vapors and/or dust in the air, soil, Plant facilities, water, creeks and dump sites in and around the W.G. Krummrich Plant.

138. Plaintiff was unaware and had no reasonable way to know how inhalation and dermal contact with PCBs could cause, or contribute to cause him to develop cancer, including Multiple Myeloma, and pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

139. Plaintiff was unaware and had no reasonable way to know how inhalation of, and dermal contact with, benzene could cause, or contribute to cause him to develop cancer, including Multiple Myeloma, and pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

140. Monsanto, as a producer and user of these chemicals knew, or should have known that benzene, products containing benzene, and PCBs, and products containing PCBs, could cause, or contribute to cause individuals lawfully on its premises, to contract cancer, including Multiple Myeloma, and pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

141. Monsanto had a duty to use reasonable and ordinary care to ensure that its premises at which Plaintiff was lawfully present was in a reasonably safe condition for use by Plaintiff and others.

142. Monsanto breached its duties to Plaintiff, and was negligent in one or more of the following respects:

   a. Manufactured, disposed of PCBs, and products containing PCBs, and emitted vapors, particles, and dust, containing PCBs, in a manner where they came into contact with Plaintiff;

   b. Purchased, manufactured, and/or stored benzene and/or benzene-containing products/materials at or in and around its Monsanto's premises in a manner where they came into contact with Plaintiff;

    c. Failed to warn Plaintiff that he would encounter fumes and come into dermal contact with benzene and/or benzene containing products/materials, and/or PCBs, and PCB containing products, on its premises;

    d. Failed to warn Plaintiff that inhalation or dermal contact with benzene and/or benzene containing products/materials, and PCBs, and PCB containing products, on its premises could cause, or contribute to cause cancer, including Multiple Myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension;

    e. Failed to require and/or advise Plaintiff to use equipment and practices designed to prevent or reduce inhalation or absorption of benzene and PCBs;

    f. Failed to utilize equipment and controls designed to prevent or reduce the levels of benzene and PCBs throughout Monsanto's premises; and

    g. Failed to monitor levels of benzene and PCBs throughout Monsanto's premises, including the areas in which Plaintiff was present, so Monsanto could provide reasonable warnings to Plaintiff to avoid exposure, or wear the proper equipment and clothing to prevent exposure, or use proper procedures to prevent inhalation and dermal contact with benzene and PCBs.

143. That as a direct and proximate result of the carelessness and negligence of Monsanto, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, PCBs and/or other contaminants, thereby causing, or contributing to cause, Plaintiff to develop Multiple Myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic obstructive pulmonary disease, and hypertension.

144. That as a direct and proximate result of the carelessness and negligence of Monsanto, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, PCBs and/or other contaminants, thereby causing, or contributing to cause, Plaintiff to incur past and future medical bills, pain and suffering, a shortened life expectancy, loss of income, and lost enjoyment of life.

    WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical

individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), costs incurred in prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT VI
## NEGLIGENCE
### (AGAINST DEFENDANTS ANHEUSER-BUSCH INBEV, PROCTER & GAMBLE AND MALLINCKRODT/MI HOLDINGS)

COMES NOW Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Anheuser-Busch InBev, Procter & Gamble and Mallinckrodt/MI Holdings, (In Count IV referred to collectively as "Defendants") and states:

145. Plaintiffs incorporate by reference paragraphs 1-2, 5-6, 11-12, 190, 21-24, 25, 30, and 41 through 49 of his Petition as if fully set forth herein.

146. Plaintiff was a pipefitter employed by various contracting companies that worked at Defendants facilities located within the City of St. Louis, Missouri (hereinafter facilities) during the 1980s and 1990s.

147. While working at Defendant's facilities, Plaintiff was exposed to toxic, potentially cancer-causing materials, products, processes, and productions resulting in Plaintiff's inhalation and dermal contact thereof.

148. Defendants used and stored toxic, potentially cancer-causing chemicals at their facilities and knew, or should have known, where Plaintiff Michael Grady might come into contact with toxic, potentially cancer-causing chemicals from the negligent handling, storage and/or clean-up of these materials from the facilities, hallways, pipes, and ground where Plaintiff worked, or traveled to and from his work sites, at Defendants' facilities.

149. Plaintiff was unaware and had no reasonable way to know where or how toxic, potentially cancer-causing chemicals were used, located, or stored, at or on Defendants facilities.

150. Plaintiff was unaware, and had no reasonable way to know, how inhalation and dermal contact with toxic, potentially cancer-causing chemicals could cause, or contribute to cause, him to develop cancer.

151. Defendants, as manufacturers, producers, distributors and users of these chemicals knew, or should have known, that these toxic, potentially cancer-causing chemicals could cause, or contribute to cause, workers at its facilities to contract cancer.

152. When Plaintiff worked as a pipefitter at Defendants' facilities, Defendants had the duty, and were required, to flush the pipes and/or sewer lines he worked on of any toxic chemicals before he worked with, or around, these pipes.

153. When Plaintiff worked as a pipefitter, Defendants had the duty, and were required to ensure that the work site, including the soil, ground, and air around the pipes where Plaintiff worked was kept in a safe condition, including keeping it free from the presence of any toxic chemicals.

154. When Plaintiff entered, traveled within and worked within Defendants' facilities, Defendant had the duty to prevent its manufacturing, storage, transportation, or leaking and spilling of toxic chemicals, from coming into contact with Plaintiff through the air, soil, ground, pipelines and buildings.

155. Plaintiff was unaware and had no reasonable way to know where or how toxic chemicals were manufactured, stored, located, transported, leaked, or spilled at Defendants' facilities.

156. Plaintiff was unaware and had no reasonable way to know how inhalation and dermal contact with Defendants toxic chemicals could cause, or contribute to cause, him to develop cancer.

157.  Defendants, as the manufacturers, producers, sellers, and users of these chemicals knew, or should have known that these toxic chemicals could cause, or contribute to cause, Plaintiff to contract cancer.

158. Defendants breached their duties to Plaintiff, and were negligent in one or more of the following respects:

a. Manufactured, stored, transported, leaked, and spilled, toxic chemicals in the vicinity of Plaintiff or into the areas where Plaintiff worked, traveled, or stayed at their facilities;

b. Failed to flush the pipes and/or sewer lines at their facilities of harmful chemicals prior to Plaintiff working on and around them;

c. Failed to warn Plaintiff that he would encounter fumes and dermal contact with toxic chemicals;

d. Failed to warn Plaintiff that inhalation or dermal contact with their toxic chemicals could cause, or contribute to cause cancer;

e. Failed to require and/or advise Plaintiff to use personal protective equipment, or other measures and practices designed to prevent or reduce inhalation or absorption of toxic chemicals;

f. Failed to clean up spills of toxic chemicals they had manufactured, stored, and transported at their facilities even though Defendants knew that these toxic chemicals were dangerous and could cause, or contribute to cause, cancer; and

g. Failed to monitor levels of toxic chemicals throughout their facilities, including the areas in which Plaintiff worked, ate, traveled, parked, or was otherwise present, so Defendants could provide reasonable warnings to Plaintiff to avoid exposure, or wear the proper personal protective equipment and clothing to prevent exposure, or use the proper tools and procedures to prevent inhalation and dermal contact toxic chemicals.

159. That as a direct and proximate result of the carelessness and negligence of Defendants, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed toxic chemicals, thereby causing, or contributing to cause, Plaintiff to develop Multiple Myeloma.

160. That as a direct and proximate result of the carelessness and negligence of Defendants, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise toxic chemicals, thereby causing, or contributing to cause, Plaintiff to incur medical bills, pain and suffering and a shortened life expectancy.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants Anheuser-Busch InBev, Procter & Gamble, Mallinckrodt, and MI Holdings individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT VII
## NEGLIGENCE
### (AGAINST DEFENDANT EXXONMOBIL OIL CORPORATION)

COMES NOW Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendant ExxonMobil Oil Corporation (hereinafter "ExxonMobil") and states:

161. Plaintiffs incorporate by reference paragraphs 1-2, 19, 21-25, 28-29, and 44 through 49 of his Petition as if fully set forth herein.

162. From approximately 1977 through 1984, Mr. Grady was employed by I55 Mobile Station, located within the City of St. Louis. While employed there as a mechanic, Mr. Grady pumped gas, cleaned cars and engines and engine parts. During these time periods

ExxonMobil manufactured, produced, sold, and distributed gasoline, oil and other products that contained benzene.

163. During the times when Mr. Grady was working at the I55 Mobile Station:

    a. the nozzles on the gas pumps were not equipped with vapor recovery systems; and

    b. the gas pumps, storage tanks, gasoline delivery trucks, and other gasoline storage and delivery devices contained no warnings indicating that working in and around gasoline, including using gasoline as a cleaning agent, or breathing gasoline vapors, was in any way hazardous to an individual's health, including potentially causing cancer.

    c. The Safety Kleen parts washers and the Safety-Kleen Recycled 105 Solvent supplied by ExxonMobil contained no warnings that it contained benzene or was in any way hazardous to an individual's health, including potentially causing cancer.

164. During the time periods described in this Petition, and while Plaintiff was an employee and lawfully present on the I55 Mobile Station, Defendant ExxonMobil owned, managed, and/or operated the I55 Mobile Station properties and facilities.

165. During the time periods described in this Petition, and while Plaintiff was an employee of the I55 Mobile Station, Plaintiff came into contact with benzene-containing products and materials, and other toxic chemicals, including, but not limited to, gasoline, other petroleum products and solvents such as Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands. These products were supplied to Plaintiff by Defendant ExxonMobil.

166. While working at the ExxonMobil facilities, Plaintiff was exposed to benzene and benzene-containing materials, products, processes, and productions, and other toxic chemicals resulting in Plaintiff's inhalation and dermal contact thereof.

167. Defendant ExxonMobil possessed knowledge superior to Plaintiff concerning the toxic cancer-causing nature of its products and the products it supplied for Plaintiff's use.

168. Plaintiff was unaware and had no reasonable way to know these products contained benzene, or how inhalation and dermal contact with benzene and benzene-containing products and other toxic chemicals could cause or contribute to cause him to develop cancer.

169. Defendant ExxonMobil as a producer, manufacturer and user of these products knew, or should have known, that products containing benzene could cause, or contribute to cause Plaintiff to contract cancer.

170. Defendant ExxonMobil had a duty to use reasonable and ordinary care to ensure that the products it supplied for Plaintiff's use were in a reasonably safe condition for use by Plaintiff.

171. Defendant ExxonMobil breached its duties to Plaintiff, and was negligent in one or more of the following respects:

    a.  Required Plaintiff to work in and around toxic, cancer-causing chemicals;

    b.  Performed, allowed, and/or contracted for work involving benzene-containing products/materials and other toxic chemicals to be performed by, and in the vicinity of, Plaintiff;

    c.  Purchased, manufactured, and/or provided benzene and/or benzene-containing products/materials and other toxic chemicals for use at or on Defendant ExxonMobil premises;

    d.  Failed to warn Plaintiff that he would encounter fumes and dermal contact with benzene containing products/materials and other toxic chemicals on its premises;

    e.  Failed to warn Plaintiff that inhalation or dermal contact with benzene containing products/materials and other toxic chemicals on its premises could cause, or contribute to cause cancer;

    f.  Failed to require and/or advise Plaintiff to use equipment and practices designed to prevent or reduce inhalation or absorption of benzene and other toxic chemicals;

g. Failed to utilize equipment and controls designed to prevent or reduce the levels of benzene and other toxic chemicals Plaintiffs would be exposed to while working at Defendant ExxonMobil's facilities;

h. Failed to monitor levels of benzene and other toxic chemicals throughout Defendant ExxonMobil premises, including the areas in which Plaintiff was working, so Defendant ExxonMobil could provide reasonable warnings to Plaintiff to avoid exposure, or wear the proper equipment and clothing to prevent exposure, or use the proper tools and procedures to prevent inhalation and dermal contact with benzene and other toxic chemicals;

i. Failed to provide vapor recovery systems for their gasoline pumps or other equipment or procedures to protect the employees of the I55 Mobile Station, including Plaintiff, from inhaling or otherwise being exposed to benzene and other toxic chemicals;

j. Failed to provide warnings indicating that working in and around gasoline, including using gasoline as a cleaning agent, or breathing gasoline vapors, was hazardous to an individual's health, including potentially causing cancer on the gas pumps, storage tanks, gasoline delivery trucks, and other gasoline storage and delivery devices; and

k. Failed to warn Plaintiff that working with and around the Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety Kleen Recycled 105 Solvent, could cause, or contribute to cause, cancer.

172. That as a direct and proximate result of the carelessness and negligence of Defendant ExxonMobil, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, and/or other toxic chemicals, thereby causing, or contributing to cause, Plaintiff to develop Multiple Myeloma.

173. That as a direct and proximate result of the carelessness and negligence of Defendant ExxonMobil, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed benzene, and other toxic chemicals, thereby causing, or contributing to cause, Plaintiff to incur medical bills, pain and suffering and a shortened life expectancy.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendant ExxonMobil individually and jointly and severally with any other Defendant, to award compensatory damages in excess of TWENTY-FIVE THOUSAND

DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

<div align="center">

**COUNT VIII**
**NEGLIGENCE AS TO PRODUCER,**
**MANUFACTURER & DISTRIBUTER OF BENZENE**
**(SHELL OIL COMPANY)**

</div>

COMES NOW the Plaintiff, Michael Grady, by his attorneys, The Dysart Law Firm, P.C. and for his cause of action against the Defendant Shell Oil Company (hereinafter "Shell"), states as follows:

174. Plaintiffs incorporate by reference paragraphs 1-2, 13, and 21-25 of his Petition as if fully set forth herein.

175. Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical will be collectively referred to in this Count as "Monsanto."

176. At times material to this Petition, Shell manufactured, produced, sold, and distributed benzene, and products containing benzene, to, on information and belief, Monsanto for profit.

177. At all times herein set forth, Defendant Shell's benzene, materials and/or products sold to Monsanto were being employed in the manner and for the purposes for which they were intended.

178. By selling benzene, and products containing benzene, for profit to Monsanto for use in Monsanto's products, Plaintiff's exposure to, and inhalation, ingestion or absorption benzene through inhalation and dermal exposure, as a contractor and worker at Monsanto's facilities, was completely foreseeable and could or should have been anticipated by Shell.

179. Defendant Shell knew, or should have known, that its benzene or products containing benzene, had a toxic, poisonous, highly deleterious effect, including causing or contributing to cause cancer, for persons inhaling, ingesting, or touching it or otherwise absorbing it.

180. At all times herein relevant, Defendant Shell had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around its benzene and/or benzene –containing materials and/or products.

181. Defendant Shell failed to exercise ordinary care and caution for the safety of Plaintiff in one or more of the following respects:

   a. Manufactured, sold, and transported benzene to Monsanto, and included benzene in their materials and/or products sold to Monsanto, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around Shell's benzene would inhale, ingest, touch, or otherwise absorb benzene;

   b. Manufactured and sold benzene, and included benzene in their materials and/or products, when Shell knew, or should have known, that said benzene would have a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, touching or otherwise absorbing it;

   c. Included benzene in their materials and/or products when adequate substitutes were available;

   d. Failed to provide any or adequate warnings to persons working with and around their benzene, materials and/or products of the dangers of inhaling, ingesting, touching or otherwise absorbing benzene;

   e. Failed to provide any, or adequate, instructions concerning the safe methods of working with and around the benzene, materials and/or products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene;

   f. Failed to conduct tests on said benzene, materials and/or products to determine the hazards to which persons such as the Plaintiff might be exposed while working with and around the same; and

   g. Covered up and hid the dangers of benzene, including the cancer-causing properties of benzene, including low level benzene exposure, and that benzene could cause or contribute to cause Multiple Myeloma.

182. That as a direct and proximate result of the unreasonably dangerous condition of Defendant's benzene, materials and/or products, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed benzene in sufficient amounts to cause, or contribute to cause disease and/or other harm and to cause, or contribute to cause, his cancer.

183. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Plaintiff developed Multiple Myeloma; Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the physical pain and suffering and physical disability caused by cancer; Plaintiff experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendant Shell Oil Company, to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT IX
## NEGLIGENCE AS TO MANUFACTURER & DISTRIBUTER
## OF PRODUCTS CONTAINING BENZENE
### (EXXONMOBIL)

COMES NOW Plaintiffs by their attorneys, The Dysart Law Firm, P.C. and for their cause of action against the Defendant ExxonMobil states as follows:

184. Plaintiffs incorporate by reference paragraphs 1-2, 7, 19, 21-25, 28-29, and 44 through 49 of his Petition as if fully set forth herein.

185. At times material to this Petition, Defendant ExxonMobil manufactured, produced, sold, and distributed products containing benzene and other toxic chemicals to the I55 Mobile Station for profit.

186. At all times herein, the products containing benzene and other toxic chemicals sold to and/or distributed to the I55 Mobile Station were being employed in the manner and for the purposes for which they were intended.

187. By selling and/or distributing products containing benzene to the I55 Mobile Station for use on the I55 Mobile Station, Plaintiff's exposure to, and inhalation, ingestion or absorption of benzene and other toxic chemicals through inhalation and dermal exposure, as an employee of the I55 Mobile Station, was completely foreseeable and could or should have been anticipated by Defendant ExxonMobil.

188. Defendant ExxonMobil knew, or should have known, that its products containing benzene and other toxic chemicals had a toxic, poisonous, highly deleterious effect, including causing or contributing to cause cancer, for persons inhaling, ingesting, or touching it or otherwise absorbing it.

189. At all times herein relevant, Defendant ExxonMobil had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around its benzene – containing materials and/or products and other toxic chemicals.

190. Defendant ExxonMobil failed to exercise ordinary care and caution for the safety of Plaintiff in one or more of the following respects:

  a. Manufactured, sold, and transported benzene containing products and other toxic chemicals to the I55 Mobile Station, and included benzene in their materials and/or products sold and/or delivered to the I55 Mobile Station, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around benzene and other toxic chemicals would inhale, ingest, touch, or otherwise absorb benzene;

  b. Manufactured and sold and/or included benzene and other toxic chemicals in their materials and/or products, when Defendant ExxonMobil knew, or should have known, that said benzene and other toxic chemicals would have a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, touching or otherwise absorbing it;

    c. Included benzene and other toxic chemicals in their materials and/or products when adequate substitutes were available;

    d. Failed to provide any or adequate warnings to persons working with and around their products containing benzene and other toxic chemicals of the dangers of inhaling, ingesting, touching or otherwise absorbing benzene and other toxic chemicals;

    e. Failed to provide any or adequate instructions concerning the safe methods of working with and around the benzene containing products and other toxic chemicals, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene;

    f. Failed to conduct tests on said benzene containing products and other toxic chemicals to determine the hazards to which persons such as the Plaintiff might be exposed while working with and around the same;

    g. Covered up and hid the dangers of benzene and products containing benzene, including the cancer-causing properties of benzene, including low level benzene exposure, and that benzene could cause or contribute to cause Multiple Myeloma;

    h. Failed to provide vapor recovery systems for their gasoline pumps or other equipment or procedures to protect the employees of the I55 Mobile Station from inhaling or otherwise being exposed to benzene and other toxic chemicals; and

    i. Failed to provide warnings indicating that working in and around gasoline, including using gasoline as a cleaning agent, or breathing gasoline vapors, was hazardous to an individual's health, including potentially causing cancer on the gas pumps, storage tanks, gasoline delivery trucks, and other gasoline storage and delivery devices.

191. That as a direct and proximate result of the unreasonably dangerous condition of Defendant's products containing benzene and other toxic chemical, Plaintiff was exposed to and inhaled, ingested, or otherwise absorbed benzene and other toxic chemicals in sufficient amounts to cause, or contribute to cause, disease and/or other harm and to cause, or contribute to cause, cancer.

192. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Plaintiff developed Multiple Myeloma; Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for

the treatment of his benzene related disease and conditions and to alleviate the physical pain

and suffering and physical disability caused by cancer; Plaintiff lost wages and the ability to

work; Plaintiff experienced great physical pain and suffering as a result of said exposure,

Multiple Myeloma, pulmonary hypertension, cardiomyopathy, atrial fibrillation, chronic

obstructive pulmonary disease and hypertension inhalation, ingestion and absorption.

WHEREFORE, Plaintiffs pray this Court to enter judgment in their favor and against

Defendant Shell Oil Company, to award compensatory damages in excess of TWENTY-FIVE

THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant

such other and further relief as this Court deems just and proper.

## COUNT X
## NEGLIGENCE AS TO PRODUCER, MANUFACTURER & DISTRIBUTER
## OF PRODUCTS CONTAINING BENZENE
### (TURTLE WAX, UNITED STATES STEEL, RADIATOR SPECIALTY)

COMES NOW Plaintiffs by their attorneys, The Dysart Law Firm, P.C. and for their

cause of action against Defendants Radiator Specialty Company, United States Steel

Corporation, and Turtle Wax, Inc., (hereinafter in this Count "Benzene Manufacturers") and

states as follows:

193. Plaintiffs incorporate by reference paragraphs 1-2, 15-17, 21-25, 28-30, and 47 through 49

of his Petition as if fully set forth herein.

194. At times material to this Petition, Benzene Manufacturers manufactured, produced, sold,

and distributed products containing benzene, including Raffinate, Liquid Wrench, and Turtle

Wax liquid cleaning polishes, for profit.

195. At all times herein set forth, Benzene Manufacturers products described herein were being

employed in the manner and for the purposes for which they were intended.

196. By selling products containing benzene for profit Plaintiff's exposure to, and inhalation, ingestion or absorption of benzene and other toxic chemicals through inhalation and dermal exposure, as worker that would be using the products was completely foreseeable and could or should have been anticipated by Benzene Manufacturers.

197. Benzene Manufacturers knew, or should have known, that their products containing benzene would have a toxic, poisonous, highly deleterious effect, including causing, or contributing to cause cancer, for persons inhaling, ingesting, or touching them or otherwise absorbing benzene and other toxic chemicals.

198. At all times herein relevant, Benzene Manufacturers had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around their benzene – containing products.

199. Benzene Manufacturers failed to exercise ordinary care and caution for the safety of Plaintiff in one or more of the following respects:

   a. Manufactured, sold, and provided benzene containing products for use by Plaintiff and others, and included benzene in their materials and/or products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around their benzene containing products, would inhale, ingest, touch or otherwise absorb benzene and other toxic chemicals;

   b. Manufactured and sold benzene containing products, and included benzene in their materials and/or products, when they knew, or should have known, that said benzene and other toxic chemicals would have a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, touching or otherwise absorbing it;

   c. Included benzene in their materials and/or products when adequate substitutes were available;

   d. Failed to provide any or adequate warnings to Plaintiff and other persons working with and around their benzene containing products of the dangers of inhaling, ingesting, touching or otherwise absorbing benzene and other toxic chemicals;

   e. Failed to provide any or adequate instructions concerning the safe methods of working with and around their benzene containing products, including specific instructions on

how to avoid inhaling, ingesting or otherwise absorbing benzene and other toxic chemicals;

f.   Failed to conduct adequate tests on said benzene containing products to determine the hazards to which persons such as Plaintiff might be exposed while working with and around the same; and

g.   Covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer.

200. That as a direct and proximate result of the unreasonably dangerous condition of Benzene Manufacturers' benzene containing products, Plaintiff was exposed to and inhaled, ingested, or otherwise absorbed benzene and other toxic chemicals in sufficient amounts to cause disease and/or other harm and to cause, or contribute to cause, his cancer.

201. As a direct and proximate result of said benzene and other toxic chemical exposure, inhalation, ingestion and/or absorption, Plaintiff developed Multiple Myeloma; Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the physical pain and suffering and physical disability caused by cancer; Plaintiff experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendants Radiator Specialty Company, United States Steel Corporation, and Turtle Wax, Inc., to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT XI
## NEGLIGENCE
### (AGAINST MISTIC METAL MOVERS, INC.)

COMES NOW Plaintiffs, by their attorneys, The Dysart Law Firm, P.C., and for their

cause of action against Defendant Mistic Metal Movers, Inc. (hereinafter "Mistic Metal", and

states:

202. Plaintiff incorporates by reference paragraphs 1-2, 14, 19, 21-25, 28-30, 45, and 48

through 49 of this Petition as if fully set forth herein.

203. At all times relevant herein, Defendant Mistic Metal had a duty to exercise reasonable care

and caution for the safety of Plaintiff and others working with and around their

trichloroethylene -containing materials and/or products, namely, Mistic Metal Mover.

204. At all times relevant herein, Defendant Mistic Metal manufactured, used, and/or distributed

the trichloroethylene containing, materials, and/or products at issue herein.

205. At all times relevant herein, trichloroethylene -containing products contain a specific hazard

in that they have a toxic, poisonous, and highly deleterious effect upon the health of persons

inhaling, ingesting, or otherwise absorbing them.

206. At all times herein, these Defendant Mistic Metal failed to exercise ordinary care and

caution for the safety of Plaintiff in one or more of the following respects:

a. Included trichloroethylene in its materials and/or products Included trichloroethylene
   in its materials and/or products, even though it was completely foreseeable and could
   or should have been anticipated that persons such as Plaintiff working with or around
   them would inhale, ingest or otherwise absorb trichloroethylene;

b. Included trichloroethylene in its materials and/or products when Defendant Mistic
   Metal Mover knew or should have known that said trichloroethylene would have a
   toxic, poisonous and highly deleterious effect upon the health of persons inhaling,
   ingesting or otherwise absorbing it;

c. Included trichloroethylene in its materials and/or products when adequate substitutes
   were available;

    d. Failed to provide any or adequate instructions concerning the safe methods of working with and around the trichloroethylene, materials and/or products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing trichloroethylene;

    e. Failed to conduct tests on said trichloroethylene, materials and/or products in order to determine the hazards to which persons such as Plaintiff might be exposed while working with and around the same;

    f. Failed to provide any or adequate warnings to persons working with and around their trichloroethylene, materials, and/or products of the dangers of inhaling, ingesting, or otherwise absorbing trichloroethylene; and

    g. Failed to provide Plaintiff with its acquired knowledge concerning the hazards of trichloroethylene or actively suppressed knowledge and information concerning the hazards of trichloroethylene.

207. At all times herein, Plaintiff employed the products provided by these Defendant Mistic Metal in the manner and for the purposes for which they were reasonably expected and in the way that, Defendant Mistic Metal should have expected.

208. The trichloroethylene and/or trichloroethylene containing products had a particular defect or hazard when put to the reasonably expected use and/or disposal thereof, in that Defendant Mistic Metal had no reason to believe that the user would realize the danger posed by the product's defect or hazard and in fact failed to adequately warn users, including Plaintiff, of the danger.

209. Defendant Mistic Metal knew or should have known that the trichloroethylene contained in its materials, and/or products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing it.

210. That as a direct and proximate result of the unreasonably dangerous condition of Defendant Mistic Metal's trichloroethylene, materials, and/or products, Plaintiff was exposed to and

inhaled, ingested, or otherwise absorbed trichloroethylene in sufficient amounts to cause, or

contribute to cause, disease and/or other injury.

211. As a direct and proximate result of the unreasonably dangerous condition of the Defendant

Mistic Metal's trichloroethylene, materials, and/or products, Plaintiff was caused to be

exposed to, inhaled, ingested, and/or otherwise absorbed trichloroethylene, thereby causing

or contributing to cause Plaintiff to develop cancer.

212. As a direct and proximate result of the unreasonably dangerous condition of the Defendant

Mistic Metal's trichloroethylene, materials, and/or products, Plaintiff was caused to be

exposed to, inhaled, ingested, and/or otherwise absorbed trichloroethylene, thereby causing

Plaintiff to incur medical bills, pain and suffering, a shortened life expectancy, and mental

anguish.

213. As a direct and proximate result of the unreasonably dangerous condition of the Defendant

Mistic Metal's trichloroethylene, materials, and/or products, Plaintiff was caused to be

exposed to, inhaled, ingested, and/or otherwise absorbed trichloroethylene, thereby causing

Plaintiff to miss work, and his career and ability to make a living has been severely and

permanently damaged.

214. As a direct and proximate result of the unreasonably dangerous condition of the Defendant

Mistic Metal's trichloroethylene, materials, and/or products, Plaintiff was caused to be

exposed to, inhaled, ingested, and/or otherwise absorbed trichloroethylene, thereby ensuring

Plaintiff will incur future medical bills, life-long medication and medical treatment, pain and

suffering, a shortened life expectancy, and mental anguish.

WHEREFORE, Plaintiff prays this Court to enter judgment in his favor and against

Defendant Mistic Metal Movers, Inc., to award compensatory damages, costs incurred

prosecuting this matter, plus interest in a fair and reasonable amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000) and to grant such other and further relief as this Court deems appropriate.

## COUNT XII
## STRICT LIABILITY – FAILURE TO WARN
### (AGAINST DEFENDANTS SHELL OIL COMPANY, EXXONMOBIL, TURTLE WAX, UNITED STATES STEEL AND RADIATOR SPECIALTY)

COMES NOW Plaintiffs, by their attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, and Turtle Wax, Inc., and ("hereinafter in this Count "Benzene Defendants"), and states as follows:

215. Plaintiffs incorporates by reference paragraphs 1-2, 7, 14-17, 21-25, 28-30, 45-46, and 48 through 49 of this Petition as if fully set forth herein.

216. Benzene Defendants processed, produced, manufactured, sold, distributed, utilized, and/or marketed benzene and benzene-containing products with which Mr. Grady came into contact in the course of his employment as described in this Petition.

217. During the course of Mr. Grady's employment at the locations described in this Petition and elsewhere, and/or in other ways, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene fumes emanating from benzene and certain benzene-containing materials and products Mr. Grady was working with and around, which were processed, produced, manufactured, sold, distributed, marketed by Benzene Defendants.

218. At all times relevant hereto, said benzene and benzene-containing products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Benzene Defendants.

219. Mr. Grady, as an ordinary user of said benzene materials and/or products or was exposed to such products and his work locations and was not aware of the hazards of benzene.

220. Benzene Defendants failed to provide adequate warnings on the benzene and their benzene-containing products and/or benzene-related materials.

221. Benzene Defendants covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

222. That as a direct and proximate result of the unreasonably dangerous condition of Benzene Defendants' benzene, materials and/or products, and of the product being sold, and/or utilized without an adequate warning, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene in sufficient amounts to cause disease and/or other harm.

223. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma.  Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the pain, suffering, and physical disability caused by his injury, and a shortened life expectancy; he experienced great physical pain and as a result of said exposure, inhalation, ingestion, and absorption.  Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel

Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

### COUNT XIII
### <u>STRICT LIABILITY – DEFECTIVE PRODUCT</u>
**(AGAINST DEFENDANTS SHELL OIL COMPANY,
RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC METAL,
TURTLE WAX, AND EXXONMOBIL)**

COMES NOW Plaintiff, Mr. Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., and ("hereinafter in this Count "Defendants"), and states as follows:

224. Plaintiff incorporates by reference paragraphs 1-2, 7, 14-17, 21-25, 28-30, 45-46, and 48 through 49 of this Petition as if fully set forth herein.

225. Plaintiff worked with and around Defendants' products as described in this Petition that contained Benzene or Trichloroethylene processed, produced, manufactured, sold, distributed, and/or marketed with which Plaintiff Mr. Grady came into contact in the course of his employment.

226. At all times relevant herein, Defendants processed, produced, manufactured, sold, distributed, and marketed benzene or Trichloroethylene and certain benzene or Trichloroethylene containing products to which Mr. Grady was exposed, said products were in a defective condition and were unreasonably dangerous when put to a reasonably anticipated use in that:

a. They contained benzene or Trichloroethylene, both substances being toxic and carcinogenic;

b. They contained benzene or Trichloroethylene, although suitable alternatives were available;

c. They were not accompanied by any adequate warnings to persons working with and around said benzene or Trichloroethylene, materials and/or products of the dangers of inhaling, ingesting or otherwise absorbing benzene or Trichloroethylene;

d. They were not accompanied by any adequate instructions concerning proper methods for working with and around said toxic substances benzene, materials and/or products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene; and

e. They covered up and hid the dangers of their benzene or Trichloroethylene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene and Trichloroethylene exposure, and that their benzene or Trichloroethylene containing products could cause or contribute to cause cancer, including Multiple Myeloma.

227. Said benzene or Trichloroethylene and certain benzene or Trichloroethylene containing products reached the point of Mr. Grady's exposure in substantially the same condition as when processed, produced, manufactured, sold, distributed, and marketed by Defendants. In other words, the unreasonably dangerous condition of the materials and products existed when the materials and products left Defendants' control.

228. At all times relevant herein, said benzene or Trichloroethylene containing products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Defendants.

229. That as a direct and proximate result of the unreasonably dangerous condition of Defendants' benzene or benzene or Trichloroethylene containing products, Plaintiff Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed these toxic substances in sufficient amounts to cause disease and/or other harm.

230. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma.  Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his disease and conditions and to alleviate the pain, suffering and physical disability caused by his injury and will have a shortened life expectancy; he experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption.  Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT XIV
## NEGLIGENCE –FAILURE TO WARN
### (AGAINST DEFENDANTS SHELL OIL COMPANY, RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC METAL, TURTLE WAX AND EXXONMOBIL)

COMES NOW Plaintiff, Mr. Grady, by his attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., and (hereinafter in this Count "Defendants") and states:

231. Plaintiff incorporates by reference paragraphs1-2, 7, 14-17, 21-25, 28-30, 45-46, and 48 through 49 of this Petition as if fully set forth herein.

232. At all times relevant herein, Defendants supplied the benzene, or products containing benzene or Trichloroethylene, to Plaintiff Mr. Grady or to the worksite where Plaintiff Mr. Grady and others would be potentially exposed to their products.

233. At all times relevant herein, Mr. Grady employed or used the products provided by Defendants in the manner and for the purposes for which they were reasonably expected and in the way that Defendants should expect.

234. The benzene and benzene or Trichloroethylene containing products had a particular defect or hazard when put to the reasonably expected use in that the products have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

235. Defendants had no reason to believe that the user would realize the danger posed by the product's defect or hazard and in fact failed to adequately warn users, including Plaintiff, of the danger.

236. Defendants knew or should have known that the benzene or Trichloroethylene contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing it.

237. Defendants breached their duty to Mr. Grady in that they failed to warn him of the dangers of benzene or benzene-containing or Trichloroethylene-containing products.

238. Defendants covered up and hid the dangers of their benzene or Trichloroethylene containing products, including the cancer-causing properties of the benzene or Trichloroethylene in their products, including low level benzene or Trichloroethylene exposure, and that their benzene

or Trichloroethylene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

239. As a direct and proximate result occasioned by Defendants' failure to warn Plaintiff of the dangers of their products, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene or Trichloroethylene in sufficient amounts to cause, or contribute to cause, disease and/or other harm.

240. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption of these chemicals, Mr. Grady developed Multiple Myeloma. Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene and Trichloroethylene related disease and conditions and to alleviate the pain, suffering, and physical disability caused by his injury; he experienced great physical pain and as a result of said exposure, inhalation, ingestion and absorption. Mr. Grady was also hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against Defendants Shell Oil Company, ExxonMobil, Radiator Specialty Company, United States Steel Corporation, Mistic Metal Movers, Inc., and Turtle Wax, Inc., to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

## COUNT XV
## NEGLIGENCE AS TO PRODUCER, MANUFACTURER & DISTRIBUTER
## OF PRODUCTS CONTAINING BENZENE
### (SAFETY-KLEEN)

COMES NOW Plaintiffs by their attorneys, The Dysart Law Firm, P.C. and for their

cause of action against Defendant Safety-Kleen Systems (hereinafter in this Count "Safety-

Kleen") and states as follows:

241. Plaintiffs incorporate by reference paragraphs 1-2, 4, 19, 21-25, 28-30, 44, and paragraphs

48 through 49 of his Petition as if fully set forth herein.

242. From approximately 1974 through 1976 Mr. Grady worked at the Motor Gas Station

located in and around 4500 S. Broadway, within the City of St, Louis, Missouri where he

pumped gas, cleaned cars and engines and engine parts.  At this location and during this time,

Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents,

including Safety-Kleen Recycled 105 Solvent which contained benzene, to clean his tools,

clean car parts and wash his hands.

243. From approximately 1977 through 1984, while Mr. Grady was employed by I55 Mobile

Station, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning

solvents, including Safety-Kleen Recycled 105 Solvent which contained benzene, to clean

his tools, clean car parts and wash his hands. From approximately 1977 through 1984, while

employed by I55 Mobile Station, Mr. Grady was exposed to benzene containing chemicals

and fumes, including but not limited to, gasoline and other products supplied by Defendant

Safety-Kleen.

244. Between 1979 and 2018 Mr. Grady was assigned to various Monsanto plants located

within both the City of St. Louis, Missouri and Sauget, Illinois, including but not limited to

the Queeny Plant, the Krummrich Plant, and the Carondelet Plant. While employed at the

various Monsanto plants, Mr. Grady used Defendant Safety Kleen's parts washer system and solvents to clean tools and parts.

245. Between the years of 1979 and 2018, while plaintiff Michael Grady worked as a pipefitter at various locations, including but not limited to, Anheuser Bush, the Labadie Power Plant, the Meramec Power Plant, the Monsanto Plants at Sauget, Queeny and Carondelet, Rush Island Power Station, and the Venice Power Station, he used Defendant Safety-Kleen's part washer system and solvents to clean tools and parts.

246. At times material to this Petition, Safety-Kleen manufactured, produced, sold, and distributed products containing benzene, including Safety-Kleen Recycled 105 Solvent and parts washers for profit.

247. At all times herein set forth, Safety-Kleen products described herein were being employed in the manner and for the purposes for which they were intended.

248. By selling products containing benzene for profit Plaintiff's exposure to, and inhalation, ingestion or absorption of benzene and other toxic chemicals through inhalation and dermal exposure, as worker that would be using the products was completely foreseeable and could or should have been anticipated by Safety-Kleen.

249. Safety-Kleen knew, or should have known, that its products containing benzene would have a toxic, poisonous, highly deleterious effect, including causing, or contributing to cause cancer, for persons inhaling, ingesting, or touching them or otherwise absorbing benzene and other toxic chemicals.

250. At all times herein relevant, Safety-Kleen had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around their benzene – containing products.

251. Safety-Kleen failed to exercise ordinary care and caution for the safety of Plaintiff in one

or more of the following respects:

    a.  Manufactured, sold, and provided benzene containing products for use by Plaintiff and others, and included benzene in their materials and/or products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around their benzene containing products, would inhale, ingest, touch, or otherwise absorb benzene and other toxic chemicals;

    b.  Manufactured and sold benzene containing products, and included benzene in their materials and/or products, when they knew, or should have known, that said benzene and other toxic chemicals would have a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, touching or otherwise absorbing it;

    c.  Included benzene in their materials and/or products when adequate substitutes were available;

    d.  Failed to provide any or adequate warnings to Plaintiff and other persons working with and around their benzene containing products of the dangers of inhaling, ingesting, touching or otherwise absorbing benzene and other toxic chemicals;

    e.  Failed to provide any or adequate instructions concerning the safe methods of working with and around their benzene containing products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene and other toxic chemicals;

    f.  Failed to conduct adequate tests on said benzene containing products to determine the hazards to which persons such as Plaintiff might be exposed while working with and around the same; and

    g.  Covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer.

252. That as a direct and proximate result of the unreasonably dangerous condition of Safety-

Kleen' benzene containing products, Plaintiff was exposed to and inhaled, ingested, or

otherwise absorbed benzene and other toxic chemicals in sufficient amounts to cause disease

and/or other harm and to cause, or contribute to cause, his cancer.

253. As a direct and proximate result of said benzene and other toxic chemical exposure, inhalation, ingestion and/or absorption, Plaintiff developed Multiple Myeloma; Plaintiff was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the physical pain and suffering and physical disability caused by cancer; Plaintiff experienced great physical pain and suffering as a result of said exposure, inhalation, ingestion and absorption.

WHEREFORE, Plaintiff, Michael Grady, prays this Court to enter judgment in his favor and against Defendant Safety-Kleen Systems, to award compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems just and proper.

<div align="center">

### COUNT XVI
### STRICT LIABILITY – FAILURE TO WARN
**(AGAINST DEFENDANT SAFETY-KLEEN)**

</div>

COMES NOW Plaintiffs, by their attorneys, The Dysart Law Firm, P.C., and for his cause of action against Defendant Safety-Kleen Systems ("hereinafter in this Count "Safety-Kleen"), and states as follows:

254. Plaintiffs incorporates by reference paragraphs 1-2, 4, 19, 21-25, 28-30, 44, and 48 through 49 of this Petition as if fully set forth herein.

255. From approximately 1974 through 1976 Mr. Grady worked at the Motor Gas Station located in and around 4500 S. Broadway, within the City of St, Louis, Missouri where he pumped gas, cleaned cars and engines and engine parts.  At this location and during this time, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents,

including Safety-Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands.

256. From approximately 1977 through 1984, while Mr. Grady was employed by I55 Mobile Station, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety-Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands. From approximately 1977 through 1984, while employed by I55 Mobile Station, Mr. Grady was exposed to benzene containing chemicals and fumes, including but not limited to, gasoline and other products supplied by Defendant Safety-Kleen.

257. Between 1979 and 2018 Mr. Grady was assigned to various Monsanto plants located within both the City of St. Louis, Missouri and Sauget, Illinois, including but not limited to the Queeny Plant, the Krummrich Plant, and the Carondelet Plant. While employed at the various Monsanto plants, Mr. Grady used Defendant Safety Kleen's parts washer system and solvents to clean tools and parts.

258. Between the years of 1979 and 2018, while plaintiff Michael Grady worked as a pipefitter at various locations, including but not limited to, Anheuser Bush, the Labadie Power Plant, the Meramec Power Plant, the Monsanto Plants at Sauget, Queeny and Carondelet, Rush Island Power Station, and the Venice Power Station, he used Defendant Safety-Kleen's part washer system and solvents to clean tools and parts.

259. Safety-Kleen processed, produced, manufactured, sold, distributed, utilized, and/or marketed benzene and benzene-containing products with which Mr. Grady came into contact in the course of his employment as described in this Petition.

260. During the course of Mr. Grady's employment at the locations described in this Petition and elsewhere, and/or in other ways, Mr. Grady was exposed to and inhaled, ingested or otherwise absorbed benzene fumes emanating from benzene and certain benzene-containing materials and products Mr. Grady was working with and around, which were processed, produced, manufactured, sold, distributed, marketed by Safety-Kleen.

261. At all times relevant hereto, said benzene and benzene-containing products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Safety-Kleen.

262. Mr. Grady, as an ordinary user of said benzene materials and/or products or was exposed to such products and his work locations and was not aware of the hazards of benzene.

263. Safety-Kleen failed to provide adequate warnings on the benzene and their benzene-containing products and/or benzene-related materials.

264. Safety-Kleen covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

265. That as a direct and proximate result of the unreasonably dangerous condition of Safety-Kleen's benzene, materials and/or products, and of the product being sold, and/or utilized without an adequate warning, Mr. Grady was exposed to and inhaled, ingested, or otherwise absorbed benzene in sufficient amounts to cause disease and/or other harm.

266. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma. Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary

for the treatment of his benzene related disease and conditions and to alleviate the pain,

suffering, and physical disability caused by his injury, and a shortened life expectancy; he

experienced great physical pain and as a result of said exposure, inhalation, ingestion, and

absorption.  Mr. Grady was also hindered and prevented from pursuing his normal course of

employment, thereby losing large sums of money which otherwise would have accrued to

him.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against

Defendant Safety-Kleen Systems, to award compensatory damages in excess of TWENTY-FIVE

THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant

such other and further relief as this Court deems just and proper.

## COUNT XVII
## STRICT LIABILITY – DEFECTIVE PRODUCT
### (AGAINST DEFENDANT SAFETY-KLEEN)

COMES NOW Plaintiff, Mr. Grady, by his attorneys, The Dysart Law Firm, P.C., and for

his cause of action against Defendant Safety Kleen Systems ("hereinafter in this Count "Safety-

Kleen"), and states as follows:

267. Plaintiff incorporates by reference paragraphs 1-2, 4, 19, 21-25, 28-30, and paragraphs 48

through 49 of this Petition as if fully set forth herein.

268. From approximately 1974 through 1976 Mr. Grady worked at the Motor Gas Station

located in and around 4500 S. Broadway, within the City of St, Louis, Missouri where he

pumped gas, cleaned cars and engines and engine parts.  At this location and during this time,

Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents,

including Safety-Kleen Recycled 105 Solvent which contained benzene, to clean his tools,

clean car parts and wash his hands.

269. From approximately 1977 through 1984, while Mr. Grady was employed by I55 Mobile Station, Mr. Grady used Defendant Safety-Kleen Parts Washers and Safety-Kleen cleaning solvents, including Safety-Kleen Recycled 105 Solvent which contained benzene, to clean his tools, clean car parts and wash his hands. From approximately 1977 through 1984, while employed by I55 Mobile Station, Mr. Grady was exposed to benzene containing chemicals and fumes, including but not limited to, gasoline and other products supplied by Defendant Safety-Kleen.

270. Between 1979 and 2018 Mr. Grady was assigned to various Monsanto plants located within both the City of St. Louis, Missouri and Sauget, Illinois, including but not limited to the Queeny Plant, the Krummrich Plant, and the Carondelet Plant. While employed at the various Monsanto plants, Mr. Grady used Defendant Safety Kleen's parts washer system and solvents to clean tools and parts.

271. Between the years of 1979 and 2018, while plaintiff Michael Grady worked as a pipefitter at various locations, including but not limited to, Anheuser Bush, the Labadie Power Plant, the Meramec Power Plant, the Monsanto Plants at Sauget, Queeny and Carondelet, Rush Island Power Station, and the Venice Power Station, he used Defendant Safety-Kleen's part washer system and solvents to clean tools and parts.

272. At all times relevant herein, Safety-Kleen processed, produced, manufactured, sold, distributed, and marketed benzene and certain benzene-containing products to which Mr. Grady was exposed, said products were in a defective condition and were unreasonably dangerous when put to a reasonably anticipated use in that:

    a.  They contained benzene, a toxin and human carcinogen;

    b.  They contained benzene, a toxin and human carcinogen, although suitable alternatives were available;

     c.   They were not accompanied by any adequate warnings to persons working with and around said benzene, materials and/or products of the dangers of inhaling, ingesting or otherwise absorbing benzene;

     d.   They were not accompanied by any adequate instructions concerning proper methods for working with and around said benzene, materials and/or products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing benzene; and.

     e.   They covered up and hid the dangers of their benzene containing products, including the cancer-causing properties of the benzene in its products, including low level benzene exposure, and that their benzene containing products could cause or contribute to cause cancer, and/or cause or contribute to cause Multiple Myeloma.

273. Said benzene and certain benzene-containing products reached the point of Mr. Grady's exposure in substantially the same condition as when processed, produced, manufactured, sold, distributed, and marketed by Safety-Kleen.  In other words, the unreasonably dangerous condition of the materials and products existed when the materials and products left Safety-Kleen's control.

274. At all times relevant herein, said benzene and certain benzene-containing products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Safety-Kleen.

275. That as a direct and proximate result of the unreasonably dangerous condition of Safety-Kleen's benzene and/or products, Mr. Grady was exposed to and inhaled, ingested, or otherwise absorbed benzene in sufficient amounts to cause disease and/or other harm.

276. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Mr. Grady developed Multiple Myeloma.  Mr. Grady was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his benzene related disease and conditions and to alleviate the pain,

suffering and physical disability caused by his injury and will have a shortened life

expectancy; he experienced great physical pain and suffering as a result of said exposure,

inhalation, ingestion and absorption. Mr. Grady was also hindered and prevented from

pursuing his normal course of employment, thereby losing large sums of money which

otherwise would have accrued to him.

WHEREFORE, Plaintiffs pray this Court to enter judgment in his favor and against

Defendant Safety-Kleen Systems, to award compensatory damages in excess of TWENTY-FIVE

THOUSAND DOLLARS ($25,000), and costs incurred prosecuting this matter, and to grant

such other and further relief as this Court deems just and proper.

## COUNT XVIII
## LOSS OF CONSORTIUM

COMES NOW the Plaintiff, Mrs. Grady, by her attorneys, The Dysart Law Firm, P.C.,

and for her cause of action against Defendants, states:

277. Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth

herein.

278. As a result of the injuries sustained by Plaintiff, Mr. Grady, as described above, Plaintiff

Mrs. Grady, has suffered a loss of services, society, consortium, and companionship

arising out of their marital relationship.

WHEREFORE, Plaintiffs pray this Court to enter judgment in their favor and against

these Defendants, jointly and severally, to award compensatory damages in excess of TWENTY-

FIVE THOUSAND DOLLARS ($25,000) and costs incurred prosecuting this matter, and to

grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**THE DYSART LAW FIRM, P.C.**

*/s/ Christopher W. Dysart*
Christopher W. Dysart, #37069
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, Missouri 63017
Phone:  (314) 548-6298
Fax:     (314) 548-6230
cdysart@dysart-law.com
***ATTORNEY FOR PLAINTIFF***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing was served by Electronic Mail or US Mail this 25th day of January 2023, to the following counsel of record:

Matthew E. Pelikan
Ross S. Titzer
PELIKAN & ORRIS, LLC
10 South Broadway, Suite 110
St. Louis, Missouri 63102
314.735.2560
Matthew.Pelikan@pelikanorris.com
Ross.Titzer@pelikanorris.com
**Attorneys for Anheuser-Busch Inbev Worldwide Inc.**

Richard A. Brown
Jerome S. Warchol, Jr.
COSMICH, SIMMONS & BROWN, LLC
10 South Broadway, Suite 1100
St. Louis, Missouri 63102
314-735-2560
jerry.warchol@cs-law.com
citymail@cs-law.com
**Attorneys for Procter & Gamble Manufacturing Co.**

Adam E. Miller
Rachel P. Berland
Katherine Landfried
SHOOK, HARDY & BACON LLP
7777 Bonhomme Avenue, Suite 1800
St. Louis, Missouri 63105
Phone: 314-690-0200
amiller@shb.com
rberland@shb.com
klandfried@shb.com
**Attorneys For Eastman Chemical Company,
Monsanto Company
Pharmacia & Upjohn Company LLC
Solutia Inc.**

Jeffrey T. Bash
Justin S. Zimmerman
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Jeff.Bash@lewisbrisbois.com
Justin.zimmerman@lewisbrisbois.com
618.307.7290
618.692.6099 - fax
**Attorneys For Radiator Specialty Company**

Jonathan E. Schmalfeld
CHILTON YAMBERT PORTER LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
 jschmalfeld@cyp-law.com

Larry J. Chilton, *Pro Hac Vice Pending*
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606
(312) 634-1261
lchilton@cyp-law.com

Bryan Hopkins
Lazaro Aguiar
HUSCH BLACKWELL, LLP
190 Carondelet Plaza, suite 600
St. Louis, MO 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
lazaro.aguiar@huschblackwell.com
***Attorneys for ExxonMobil Oil Corporation***

Gary E. Snodgrass
J. Phillip Bryant
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
snodgrass@pspclaw.com
bryant@pspclaw.com
***Attorneys For Safety-Kleen Systems Inc.***

Bryan Timothy Pratt
Christopher M. Sorenson
Mathew Lee Larsen
Brice Nengsu Kenfack
SHOOK HARDY & BACON
2555 Grand Blvd
Kansas City, MO 64108
(816)474.6550
bpratt@shb.com
csorenson@shb.com
mlarsen@shb.com
bkenfack@shb.com
***Attorneys For Mallinckrodt, LLC***
***MI Holdings, Inc.***

Richard B. Korn
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
rkorn@foxsmithlaw.com
***Attorney For Shell Oil Company***

Steven T. Walsh
Caleb D. Hawkins
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com
***Attorneys For Mistic Metal Mover, Inc.***

M. Ann Hatch
Gary L. Smith
Tracy Beckham Phipps
SANDBERG PHOENIX & von GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
gsmith@sandbergphoenix.com
ahatch@sandbergphoenix.com
tphipps@sandbergphoenix.com
***Attorneys For Turtle Wax, Inc.***

Bryan Hopkins
Brandon Black
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500
Bryan.Hopkins@huschblackwell.com
Brandon.Black@huschblackwell.com
***Attorneys For United States Steel Corporation***

*/s/ Rita Speichinger*

Electronically Filed - City of St. Louis - February 09, 2023 - 02:03 PM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY, | ) ) ) | Case No. 2022-CC09797 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| MONSANTO COMPANY, et al., | ) ) | **DEFENDANT DEMANDS TRIAL BY JURY OF 12** |
| Defendants. | ) ) | |

<u>**DEFENDANT MISTIC METAL MOVER, INC.'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED PETITION**</u>

COMES NOW Defendant Mistic Metal Mover, Inc. ("Mistic Metal" or "Defendant"), by and through its attorneys, Sandberg Phoenix & von Gontard P.C., and for its Motion to Dismiss Plaintiffs' Second Amended Petition pursuant to Missouri Supreme Court Rules 55.27 and 55.05 and/or, alternatively for a more definite statement of Plaintiffs' claims, states:

<u>**FACTUAL BACKGROUND**</u>

On September 11, 2020, Plaintiffs filed their Petition against numerous defendants, including Mistic Metal, seeking damages for Plaintiff Michael Grady's diagnosis of multiple myeloma. On February 2, 2023, Plaintiff filed their Second Amended Petition, alleging additional facts against Defendants Monsanto Company, Solutia Inc., Eastman Chemical Company, and Pharmacia, LLC. Plaintiffs have not made any additional specific allegations against Defendant Mistic Metal Mover, Inc.

In Plaintiffs' Second Amended Petition, Plaintiffs allege Michael Grady was secondarily exposed to chemicals from 1958 to 1972 from his father who worked at the Monsanto plant in Sauget, Illinois. Plaintiffs further allege Plaintiff Michael Grady was exposed to products

20959280.v1

Electronically Filed - City of St. Louis - February 09, 2023 - 02:03 PM

containing benzene and other toxic chemicals during his own employment at Motor Gas Station in St. Louis, Missouri, at I55 Mobile station in St. Louis from 1977 through 1984, and while working as a union pipefitter and mechanical contractor at various locations in Missouri and Illinois from 1979 to 2018. Plaintiffs allege Michael Grady's exposure to products containing benzene and other toxic chemicals led him to develop multiple myeloma. Plaintiffs seek relief against Mistic Metal under multiple theories, including negligence and strict liability.

## ARGUMENT

### A.    LACK OF PERSONAL JURISDICTION

There are two types of personal jurisdiction: specific and general. A court has specific jurisdiction over a defendant when the suit arises out of or relates to the defendant's contacts with the forum. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). Under Missouri law, a nonresident defendant is subject to specific personal jurisdiction only where the suit arises out of specific activities enumerated in the Missouri long-arm statute, RSMo. § 506.500, and the principles of due process are satisfied, i.e. where the defendant has "sufficient minimum contacts." *Noble v. Shawnee Gun Shop, Inc*., 316 S.W.3d 364 (Mo. App. W.D. 2010). General jurisdiction exists where a Plaintiffs' cause of action does not arise out of or relate to the defendant's contacts within the forum, but the nonresident defendant's contacts with the forum are "so 'continuous and systematic' as to render [the defendant] essentially at home" in the forum state. *Daimler, 134 S. Ct. at* 761 citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). *See also*, *BNSF Railway Co. v. Kelli Tyrrell, et al.*, ___S. Ct. ___, 2017 WL 2322834, at *10 (May 30, 2017). *Daimler* applies to all state-court assertions of general jurisdiction over nonresident defendants; the Fourteenth Amendment due process constraints discussed in *Daimler* do not vary

Electronically Filed - City of St. Louis - February 09, 2023 - 02:03 PM

with the type of claim or business involved in the lawsuit. *BNSF Railway Co.,* 2017 WL 2322834, at *10.

After a defendant raises an objection to personal jurisdiction, the Plaintiffs bear the burden of showing the court's exercise of jurisdiction is proper. *State ex rel. Specialized Transp., Inc. v. Dowd*, 265 S.W.3d 858, 862 (Mo. App. E.D. 2008). The Plaintiffs cannot rely on mere conclusions and must allege facts to carry its burden. *City of Fenton v. Executive International Inn, Inc.* 740 S.W.2d 338, 339 (Mo. App. E.D. 1987). Here, Plaintiffs have not alleged sufficient facts and have not shown that either specific or general personal jurisdiction exists over Mistic Metal; therefore, Plaintiffs' action should be dismissed.

## I.    Plaintiffs Lacks Specific Jurisdiction Over Mistic Metal.

"[S]pecific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Goodyear*, 131 S. Ct. at 2851; *Bristol-Myers Squibb Co. v. Superior Court of California,* (Supreme Court, No. 16-466, June 19, 2017) slip op., at 5-6. The commission of certain acts "in a State may be sufficient to render a corporation answerable in that State with respect to those acts, though not with respect to matters unrelated to the forum connections. *Id.*, at 2853 *citing Int'l Shoe*, 326 U.S. 310, 318 (1945). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant "focuses on `the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014); *See also*, *Andra v. Left Gate Prop. Holding, Inc.*, 453 S.W.3d 216, 226 (Mo. banc. 2015).

For a nonresident defendant to be subject to specific personal jurisdiction in Missouri, the claims against the defendant must arise out of the activities enumerated in the Missouri long-arm statute and the defendant must have sufficient minimum contacts with Missouri to satisfy the

Electronically Filed - City of St. Louis - February 09, 2023 - 02:03 PM

principles of due process. *Chromalloy American Corp. v. Elyria Foundry Co*., 955 S.W.2d 1, 4 (Mo. banc. 1997); *See also, Noble*, 316 S.W.3d at 370. The relevant portion of Missouri's long-arm statute states:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
> (1) The transaction of any business within this state;
> (2) The making of any contract within this state;
> (3) The commission of a tortious act within this state;
> (4) The ownership, use, or possession of any real estate situated in this state.

RSMo. § 506.500.

Where a claim does not arise out of one of the activities enumerated in the long-arm statute, there is no specific personal jurisdiction over the defendant. "Specific jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070 (8th Cir. 2004) citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 at 415–16 (1984). A defendant must have "'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or related to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Bristol-Myers Squibb Co.,* slip op., at 5.

In *Bristol-Myers Squibb Co. v. Superior Court of California*, the U.S. Supreme Court found that there was no specific personal jurisdiction over nonresidents' claims in California as they did not obtain the drug Plavix through California physicians, nor were they injured by Plavix in California or treated for their injuries in California. *Bristol-Myers Squibb Co.,* slip op., at 2. Plaintiffs attempted to combine the claims of California residents and nonresidents into a lawsuit to procure jurisdiction over the defendant. *Id*., at 1. However, as all the conduct giving rise to the

Electronically Filed - City of St. Louis - February 09, 2023 - 02:03 PM

nonresidents' claims occurred outside of California, the Supreme Court held California courts could not claim specific jurisdiction. *Id.*, at 9. The Court also noted that the requirements of *International Shoe* in establishing specific jurisdiction "must be met as to each defendant over who a state court exercises jurisdiction." *Id.*, at 11.

In *State ex rel. Norfolk Southern Railway Co. v. Dolan*, 2017 WL 770977 (Mo. Feb. 28, 2017), the Missouri Supreme Court found no specific jurisdiction existed where defendant conducted railroad activities in Missouri, but the Plaintiffs were injured in Indiana by his work related to defendant's railroad in Indiana. *Id.* While Plaintiffs argued that the injury arose out of the same "type" of railroad activities that defendant engaged in in Missouri, the Court stated that to "say this same conduct confers specific jurisdiction over suits the facts of which have no relationship to the forum state would be to turn specific jurisdiction on its head. There would never be a need to discuss general jurisdiction." *Id.*

While Plaintiffs does not need to "prove all the elements that form the basis of their claim" they must prove "'the acts contemplated by the statute took place' within the state" *Hollinger v. Sifers*, 122 S.W.3d 112, 116 (Mo. App. W.D. 2003). Additionally, as Missouri is a fact-pleading state, Plaintiffs "must allege ultimate facts" and "cannot rely on mere conclusions" to carry its burden. Rule 55.05; *City of Fenton*, 740 S.W.2d at 339. *See also,* Judge Dierker's Order in *Smith v. Union Carbide Corp. et. al.*, No. 1422-CC00457, dated February 12, 2015.

Here, Plaintiffs have not adequately pled Plaintiffs' allegations of fact as required, and merely states conclusory allegations against all defendants which are insufficient to establish there is specific personal jurisdiction over this Mistic Metal. Plaintiffs merely states that "All Defendants are entities that may have caused, or contributed to cause, Mr. Grady's Multiple Myeloma from benzene exposure through their products, facilities operations within the State of Missouri and

Electronically Filed - City of St. Louis - February 09, 2023 - 02:03 PM

elsewhere or are parent companies, affiliates, subsidiaries, successor in interest, employees, contractors, sub-contractors or other agents of the named Defendants, or their respective predecessor in interest." These conclusory allegations fail to identify any act or transaction by Mistic Metal that occurred within the State of Missouri. Plaintiffs' Second Amended Petition is wholly insufficient to save the complaint from dismissal as the Second Amended Petition has failed to establish any connection between the Plaintiffs and the claims at issue to Mistic Metal and the State of Missouri. [1] Plaintiffs have not shown Plaintiffs' claims arise out of any contacts of Mistic Metal with Missouri and in Missouri.

As Plaintiffs have not carried their burden of showing the claims against Mistic Metal arose out of any contacts of Plaintiffs and Mistic Metal in Missouri or any tortious act committed against Plaintiffs by Mistic Metal in Missouri, Plaintiffs have failed to establish specific personal jurisdiction over Mistic Metal in Missouri. Furthermore, Plaintiffs have not shown what minimum contacts Mistic Metal has with Missouri which this claim arises from, such that the Court may establish specific personal jurisdiction over Mistic Metal without violating due process. Consequently, Plaintiffs have failed to establish that specific personal jurisdiction exists over Mistic Metal.

## II.    There is No General Personal Jurisdiction Over Mistic Metal in Missouri.

While minimum contacts used to be a sufficient basis for general or specific personal jurisdiction in Missouri, recent U.S. Supreme Court rulings have significantly changed the general jurisdiction analysis. *Davis v. Baylor University*, 976 S.W.2d 5, 7 (Mo.App. W.D. 1998). The Supreme Court's rulings in *Daimler* and *Goodyear* have changed how courts interpret what

---

[1] *See generally*, *Hovsepian v. Crane Co*., 2016 WL 2997641 (E.D. Mo. 2016)(A lawsuit filed in St. Louis City was removed to federal court where the judge dismissed the case as the petition used similar conclusory language, and did "not identify any connection between the Plaintiffs and sale of moving defendants' products in Missouri or any tortious act committed against Plaintiffs in this state")

Electronically Filed - City of St. Louis - February 09, 2023 - 02:03 PM

constitutes contacts that are so "substantial and continuous" with the forum state as to satisfy the requirements of due process. Recently, the Missouri Supreme Court has acknowledged that the test for general jurisdiction set out in *Daimler* is the law of Missouri, and the prior test of "continuous and systematic" business is no longer the law. *Norfolk Southern Railway Co.,* 2017 WL 770977.

Under *Daimler* and *Goodyear*, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 134 S.Ct at 760. In the case of a corporation, it is the corporation's place of incorporation and principal place of business that are paradigm forums for general jurisdiction. *Id.,* citing *Goodyear,* 131 S. Ct. at 2853-2854. These two locations "have the virtue of being unique … each ordinarily indicates only one place" and are "easily ascertainable." *Id*.

Additionally, the Supreme Court held that there may be "an exceptional case" where a corporation is subject to general jurisdiction in a forum other than forum of its incorporation or its principal place of business. *Id*., 761 n. 19[2]. A state may have general jurisdiction over a defendant if that "corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id*. However, the "exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business'" would be "unacceptably grasping" *Id*. "A corporation that operates in many places can scarcely be deemed at home in all of them." *Id*., at 762 n. 20; *See also, BNSF Railway Co.*, 2017

---

[2] In *Daimler*, the Supreme Court noted that *Perkins v. Benguet Consol. Mining Co*., 342 U.S. 437 (1952) "remains a textbook case of general jurisdiction" and it would be the type of case that falls into category of being an "exceptional case." *Id*., at 755-756. In *Perkins*, the defendant was a corporation incorporated in the Philippines and it operating mines in the Philippines; however, it ceased operating its mines when Japan occupied the Philippines during World War II. *Id*., citing *Perkins* 342 U.S. at 448. The president of the corporation moved to Ohio and kept an office there where maintained the company's files and oversaw the company's activities. *Id*. The Court held that general jurisdiction was proper in Ohio as "Ohio was the corporation's principal, if temporary, place of business." *Id*.

WL 2322834, at *10. Otherwise, this "at home" test would be synonymous with the "doing business" tests that have framed a specific jurisdiction analysis. *Id*. "Nothing in *International Shoe* and its progeny suggests that 'a particular quantum of local activity' should give a State authority over a 'far larger quantum of . . . activity' having no connection to any in-state activity." *Id*.

    *Daimler* itself concerned a lawsuit by foreign Plaintiffs brought against a foreign defendant, DaimlerChrysler Aktiengensellschaft, in California over events that occurred outside of the United States.  134 S.Ct at 750-751. The Plaintiffs argued that there was general personal jurisdiction over Daimler in California as it had an indirect subsidiary, Mercedes-Benz, USA LLC (MBUSA), that did business in California with multiple California based facilities. *Id*., at 752.  The Court noted that neither Daimler nor MBUSA were incorporated or had a principal place of business in California. *Id*., at 761. Additionally, the Court held that even if it was assumed that a subsidiary's jurisdiction could be imposed upon the parent company, MBUSA's California sales only made up 2.4% of Daimler's worldwide sales. *Id*., at 766-767. Therefore, the Justices held that there was no general jurisdiction in California over Daimler, as these contacts were not sufficient to make Daimler "at home" in California, and if they were "the same global reach would presumably be available in every other State in which MBUSA's sales are sizeable." *Id*., at 761.

    Recently, in *BNSF v. Tyrell*, the Supreme Court affirmed the general personal jurisdiction requirements it described in *Daimler*.  In *BNSF*, the Plaintiffs sued defendant in the State of Montana.  *BNSF Railway Co.*, 2017 WL 2322834, at *3-*4. The defendant was not incorporated in Montana and did not have its principal place of business in Montana. *Id*. Further, though BNSF did conduct business in the State of Montana, the Plaintiffs did not allege any injuries from work done in Montana and never worked for the defendant in Montana. *Id*. at *4. The Court held Montana did not have general jurisdiction over BNSF, because its in-state activity (i.e. conducting

business in the state) alone was not so continuous and systematic to deem the corporation "at home" in Montana. *Id.* at *10[3].

Since the *Daimler* decision, numerous other courts have applied its reasoning and declined to find general personal jurisdiction over non-forum defendants, including the Missouri Supreme Court in *Norfolk Southern Railway Co. v. Dolan*. 2017 WL 770977. The Court reviewed Norfolk Southern's contacts with Missouri and noted it had track in twenty-two states including Missouri, with 2% of its track in Missouri. *Id.* It also generated more revenue from eleven other states and had more employees in thirteen other states. *Id.* The Court held its Missouri contacts were insufficient to establish general jurisdiction under the principles set out in *Daimler*. *Id.*

Other cases applying *Daimler* include*, Mitchell v. Eli Lilly and Co.*, 159 F. Supp.3d 967 (E.D. Mo. 2016)(Plaintiffs sued defendant GlaxoSmithKline (GSX) in Missouri for an injury that occurred in Florida. Court applied *Daimler* and stated that GSX was incorporated in and maintains its principal place of business in Delaware and as Plaintiffs have not argued exceptional circumstances apply, there is no general personal jurisdiction over GSX.); *Beard v. Smithkline Beecham Corp*., 2016 WL 1746113 (E.D. Mo. 2016) (Foreign Plaintiffs brought an action against GSX in Missouri for an injury that occurred in Florida. The court found that GSX's marketing and selling of a product in Missouri did not make GSX's affiliations with the state so "continuous and systematic as to render them essentially at home in the forum state" therefore, there was no general personal jurisdiction over GSX.); *Ricks v. Armstrong Intern., Inc.* 2014 WL 2873189 (E.D. N.C. 2014)(There was no general jurisdiction over an defendant who was incorporated in and had its principal place of business in Massachusetts. Having two work-at-home sales people, participation

---

[3] The Court noted BNSF had 2,061 miles of railroad track in Montana (roughly 6% of its total track), employed 2,100 workers in Montana (less than 5% of its workforce), generated less than 10% of its total revenue in Montana, and maintained only 4% of its automotive facilities in the State. *BNSF Railway Co.*, 2017 WL 2322834, at *4.

Electronically Filed - City of St. Louis - February 09, 2023 - 02:03 PM

Electronically Filed - City of St. Louis - February 09, 2023 - 02:03 PM

at a job fair, and having 9.86% of its sales come from the forum state was not sufficient to be considered so continuous and systematic that the defendant was "at home" in North Carolina.); *Brown v. CBS Corp.*, 19 F. Supp. 390 (D. Conn. 2014)(Court found that defendant Lockheed was a Maryland corporation with a principal place of business in Maryland.  Although defendant's "contacts with Connecticut may appear substantial, when viewed in relation to its operations as a whole Lockheed's Connecticut activities account for a relatively trivial amount of its overall business." Therefore, the court found that it was not "at home" in Connecticut and there was no general jurisdiction.)

Judge Dierker in this Circuit has also dismissed a defendant under a *Daimler* analysis in *Smith v. Union Carbide Corp.*, No. 1422-CC00457, opinion dated February 12, 2015. Plaintiffs brought suit against DuPont alleging exposure to asbestos attributable to DuPont that occurred in Oklahoma. *Id.,* at 1. DuPont was incorporated in and had its principal place of business in Delaware. *Id.,* at 3, 6. The Court found that specific jurisdiction was improper as the claims did not arise out of any of DuPont's contacts with Missouri. *Id.,* at 3. The Court also found general jurisdiction was improper as DuPont was not incorporated in Missouri nor did it have its principal place of business in Missouri. *Id.*, at 6. While DuPont had a subsidiary headquartered in Missouri, the Court found that "two different corporations are two different persons . . . even if one corporation is the sole shareholder of the other." *Id.,* at 6. Additionally, the Court cited to *Daimler* in holding that a subsidiary does not automatically subject a foreign corporation to general personal jurisdiction.  *Id*. The Court held that the Plaintiffs did not present any evidence indicating that this was an "exceptional case" as required under *Daimler* and dismissed DuPont for lack of personal jurisdiction. *Id.*, at 6-7.

20959280.v1

Electronically Filed - City of St. Louis - February 09, 2023 - 02:03 PM

In the case at hand, general personal jurisdiction does not exist over Mistic Metal. Mistic Metal is not incorporated in Missouri, and it does not have its principal place of business in Missouri. Nor does Mistic Metal have sufficient "continuous and systematic" contacts with Missouri to render it "at home" under the reasoning of *Daimler* and *Norfolk Southern*. Moreover, Plaintiffs have not pled or demonstrated that Mistic Metal's contacts with Missouri are sufficient under the due process requirements set by *Daimler*.

**III.    Mistic Metal Has Not Consented to Jurisdiction in Missouri**.

Additionally, Mistic Metal has not consented to jurisdiction in Missouri. Mistic Metal has timely and properly objected to the lack of personal jurisdiction in this case. Furthermore, the Missouri Supreme Court held that under the current business registration statutes of Missouri, having a registered agent in Missouri "does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present." *Norfolk Southern* , 2017 WL 770977. Therefore, Mistic Metal has in no way consented to jurisdiction in Missouri.

**IV.    Plaintiffs Lacks General, Specific, or Consent Personal Jurisdiction Over Mistic Metal.**

Plaintiffs have failed to allege sufficient facts properly establishing that this Court has personal jurisdiction over Mistic Metal. Insufficient facts were alleged for Plaintiffs to carry the burden of establishing that Plaintiffs' injury arose out of some contact of Mistic Metal with Missouri as required under the Missouri long-arm statute. Plaintiffs also failed to show that Mistic Metal's alleged contacts with Missouri satisfy due process concerns to establish specific personal jurisdiction over Mistic Metal. Furthermore, under the principles of *Daimler*, there is no general personal jurisdiction over Mistic Metal in Missouri, as Missouri is not Mistic Metal's place of incorporation or principal place of business, nor does it have sufficient contacts that are so

"continuous and systematic" to consider Mistic Metal "at home" in Missouri. Additionally, Mistic Metal has not consented to personal jurisdiction in Missouri.

**B.    FAILURE TO STATE A CLAIM PURSUANT TO RULES 55.27 AND 55.05**

Missouri is a fact-pleading state. *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. banc 1997); *Luethans v. Washington Univ.*, 894 S.W.2d 169, 171 (Mo. banc 1995), *overruled on other grounds* by *Keveney v. Missouri Military Academy*, 304 S.W.3d 98 (2010); *ITT Comm. Finance Corp. v. Mid-Am. Marine Supply Co.*, 854 S.W.2d 371, 379 (Mo. Banc 1993). Although a petition does not have to plead evidentiary or operative facts showing an entitlement to the relief sought, it must plead ultimate facts demonstrating such an entitlement and cannot rely on mere conclusions. *Westphal v. Lake Lotawana Ass'n, Inc.*, 95 S.W.3d 144, 152 (Mo. App. 2003). Further, "when a Petition contains only conclusions and does not contain the ultimate facts or any allegations from which to infer those facts, a motion to dismiss is properly granted." *Id.* "Fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be presented at trial." *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. 1997). A products liability plaintiff must establish facts sufficient to demonstrate a casual connection between the plaintiff's alleged harm and a particular defendant's products. *Smith v. Toyota Motor Corporation*, 2018 WL 1610226, at *5 (E.D. Mo. April 3, 2018) (stating that under Missouri law, "[a] plaintiff must establish causation in all product liability claims regardless of whether they are premised on strict liability or negligence").

Though Plaintiffs' Second Amended Petition sounds in products liability, Plaintiffs fail to specifically allege exposure to any product, but rather sets forth a laundry list of defendants. Furthermore, Plaintiffs fail to identify the time period, location, or nature of how Plaintiff Michael

Electronically Filed - City of St. Louis - February 09, 2023 - 02:03 PM

Electronically Filed - City of St. Louis - February 09, 2023 - 02:03 PM

Grady was allegedly exposed to any products. Further, Plaintiffs fail to state a separate cause of action against Mistic Metal. Plaintiffs' Second Amended Petition sets forth blanket allegations against Mistic Metal together with six other defendants as an alleged producer, manufacturer, and distributor of products; however, there are no supporting facts indicating which, if any, of the allegations are applicable to Mistic Metal. Mistic Metal is entitled to specific allegations directed to it alone upon which it can separately evaluate the claims being made and to which it can prepare its respective defense.

Here, Plaintiffs' Second Amended Petition fails to meet the fact-pleading requirements set forth in Missouri Rule of Civil Procedure 55.05. Plaintiffs' Second Amended Petition for negligence and strict liability fail to state a claim against Mistic Metal. "Where the pleadings fail to state a cause of action under the law or fail to state facts entitling the party to relief, the trial court may dismiss the lawsuit." *Costa v. Allen*, 2008 WL 34735 (Mo. App. W.D. 2008). Mistic Metal needs to know which of its products is being alleged to have caused which of plaintiffs' damages as well as when, how, and where the alleged injury occurred. Without this information, Mistic Metal will be prejudiced and unable to formulate its defense.

In addition to the failure to plead his claims with the necessary specificity, Plaintiffs have failed to plead facts establishing the specific elements of their five causes of action against Mistic Metal.

## I.       Negligence Claim

Plaintiffs have failed to sufficiently plead a cause of action for negligence under Count XI. To plead a cause of action for negligence, Plaintiffs must assert facts which show that Mistic Metal owed a duty to Plaintiff Michael Grady to protect him from injury, that Mistic Metal failed to perform that duty, and that the failure proximately caused Plaintiffs' injuries. *Meekins v. St. John's*

Electronically Filed - City of St. Louis - February 09, 2023 - 02:03 PM

*Reg. Health Ctr., Inc.*, 149 S.W.3d 525, 532 (Mo.App.S.D. 2004). In this case, Plaintiffs do not allege facts that Mistic Metal owed Plaintiff Michael Grady's a duty, failed to perform that duty, and/or proximately caused Plaintiff Michael Grady's alleged injuries. Without such facts, Plaintiffs have failed to state a claim against Mistic Metal for negligence and Count XI of Plaintiffs' Second Amended Petition should be dismissed for failure to state a claim.

## II.    Failure to Warn Claims

Plaintiffs have failed to sufficiently plead a cause of action for failure to warn under negligence and/or strict liability in Counts XI, and XIII and XIV. The elements for a failure to warn claim based in negligence are: (1) the defendant designed the product at issue: (2) the product did not contain an adequate warning of the alleged defect or hazard; (3) the defendant failed to use ordinary care to warn of the risk of harm from the alleged defect or hazard; and (4) as a direct result of the defendant's failure to adequately warn, the plaintiff sustained damage. *Moore v. Ford Motor Co*., 332 S.W. 3d 749, 764 (Mo. banc 2011). The elements for a failure to warn claim based in strict liability are : (1) the defendant sold the product in question in the course of its business; (2) the product was unreasonably dangerous at the time of sale when used as reasonably anticipated without knowledge of its characteristics; (3) the defendant did not give adequate warning of the danger; (4) the produce was used in reasonably anticipated manner; and (5) the plaintiff was damaged as a direct result of the product being sold without an adequate warning. *Tune v. Synergy Gas Corp.*, 883 S.W. 2d 10, 13 (Mo. Banc 1994). Plaintiffs have failed to plead facts establishing the specific elements for a failure to warn claim sounding in either a negligence or strict liability by not pleading any facts specific to Mistic Metal and only stating conclusory allegations as to multiple defendants. Without such facts, Plaintiffs have failed to state a claim against Mistic Metal

20959280.v1

Electronically Filed - City of St. Louis - February 09, 2023 - 02:03 PM

for failure to warn under negligence and/or strict liability and Counts XI, XIII and XIV of Plaintiffs' Second Amended Petition should be dismissed for failure to state a claim.

### III.    Defective Product/Defective Design Claims

Plaintiffs have failed to sufficiently plead a cause of action for defective product/defective design under strict liability and negligence in Counts XI, XIII and XIV. Under strict liability, a person who sells a product in a defective condition unreasonably dangerous to the user or consumer is liable to the ultimate user or consumer for any harm caused by the use of the product under strict liability if: (1) the seller is engaged in the business of selling such a product; and (2) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold. *Gramex Corp. v. Green Supply, Inc.*, 89 S.W. 3d 432, 439 (Mo. Banc 2002). Under negligence, the reasonableness of the manufacturer's actions in designing and selling the article as he did is considered. *Blevens v. Cushman Motors*, 551 S.W. 2d 602 (Mo. Banc 1977). Plaintiffs have failed to plead facts establishing the specific elements for a defective product claim sounding in strict liability or negligence by not pleading any facts specific to Mistic Metal and only stating conclusory allegations as to multiple defendants. Without such facts, Plaintiffs have failed to state a claim against Mistic Metal for defective product/defective design under negligence and/or strict liability and Counts XI, XIII and XIV of Plaintiffs' Second Amended Petition should be dismissed for failure to state a claim.

### C.    A MORE DEFINITE STATEMENT IS REQUIRED UNDER RULE 55.27

Alternatively, Rule 55.27(d) demands a more definite statement from Plaintiffs as to Mistic Metal. Should the Court allow Plaintiffs' Second Amended Petition to survive, Mistic Metal respectfully requests an order for a more definite statement as to Mistic Metal, including as to each

Electronically Filed - City of St. Louis - February 09, 2023 - 02:03 PM

of the material defects outlined above so that Mistic Metal can properly respond to the allegations, conduct discovery, and prepare for trial.

## **CONCLUSION**

WHEREFORE, Defendant Mistic Metal Mover, Inc.  moves this Honorable Court for an Order dismissing all counts against it and for any other relief the Court deems as just based on the foregoing or an order for a more definite statement from Plaintiffs.

SANDBERG PHOENIX & von GONTARD P.C.

By: /s/ *Steven T. Walsh*
Steven T. Walsh, #59546
Caleb D. Hawkins, #60374
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332
swalsh@sandbergphoenix.com
chawkins@sandbergphoenix.com

Attorneys for Defendant Mistic Metal Mover, Inc.

20959280.v1

Electronically Filed - City of St. Louis - February 09, 2023 - 02:03 PM

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2023, the above and foregoing pleading was filed electronically with the City of St. Louis Circuit Clerk's office by using the Missouri Electronic Document Management System which will send a notice of electronic filing to all counsel of record.

_/s/ Steven T. Walsh_
Attorneys for Defendant

**Attorney for Plaintiffs:**
Christopher W. Dysart
The Dysart Law Firm PC
16020 Swingley Ridge Rd. Ste 340
Chesterfield, MO 63017

20959280.v1

Electronically Filed - City of St. Louis - February 10, 2023 - 10:47 AM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI**

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2022-CC09797 |
| | ) | |
| MONSANTO COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS MI HOLDINGS, INC. AND MALLINCKRODT, LLC'S MOTION TO
DISMISS PLAINTIFFS' SECOND AMENDED PETITION OR, IN THE
ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

Defendants MI Holdings, Inc. and Mallinckrodt, LLC (collectively "MI Holdings Defendants") by and through counsel, and pursuant to Rule 55.27(a) of the Missouri Rules of Civil Procedure, move to dismiss Plaintiffs' Second Amended Petition. In support of its motion, the MI Holdings Defendants state as follows:

1. Plaintiffs have sued numerous Defendants, including the MI Holdings Defendants, seeking damages for Michael Grady's alleged benzene-related injuries. Plaintiffs attempt to state a cause of action against the MI Holdings Defendants based upon a theory of negligence. Plaintiffs also seek damages for loss of consortium.

2. Plaintiffs' Second Amended Petition (the "SAP") should be dismissed for the numerous reasons set forth in more detail below. In filing this motion, the MI Holdings Defendants do not waive any arguments, defenses or rights, including, but not limited to, arguments based upon lack of personal jurisdiction, failure to plead a cause of action, improper venue, federal preemption, statutes of limitation, and/or statutes of repose.

4854-4114-5935

Electronically Filed - City of St. Louis - February 10, 2023 - 10:47 AM

3.      It is well settled that Missouri is a fact-pleading state.  *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. banc 1997); *Luethans v. Washington Univ.,* 894 S.W.2d 169, 171 (Mo. banc 1995); *ITT Commercial Finance v. Mid-Am. Marine*, 854 S.W.2d 371, 377 (Mo. banc 1995). The purpose of fact-pleading is the quick, efficient, and fair resolution of disputes.  Fact-pleading identifies, narrows, and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial.  *Luethans,* 894 S.W.2d at 171.

4.      The SAP should be dismissed because, in violation of Missouri pleading standards, it is wholly devoid of required basic factual information.  Plaintiffs bring this action against sixteen different Defendants, and lumps several and unrelated defendants together in most counts, with the same undistinguishable allegations being made against them. To support their claims against the MI Holdings Defendants, Plaintiffs rely on Counts 21, 30, 41, 145-160, and 190. Not only do these counts group several Defendants together, they fail to identify any of those Defendants as having manufactured or sold any specific "potentially cancer-causing chemicals" to which Michael Grady was allegedly exposed to at the MI Holdings Defendants' alleged premises.  *See* Second Am. Pet., ¶ 21, 30, 41, 145-160, and 190.   Indeed, Plaintiffs do not even identify what chemical Mr. Grady was allegedly exposed to at the MI Holdings Defendants' premises.  Further, the SAP fails to identify when and how long Michael Grady was allegedly exposed to any particular "potentially cancer-causing chemicals" at the MI Holdings Defendants' premises.  *Id.*, ¶ 146. Instead, to support its claim against the MI Holdings Defendants, Plaintiffs merely rely on conclusions and speculations without any factual allegations.

5.      As Plaintiffs' allegations currently stand, it is impossible for the MI Holdings Defendants to know when or how Mr. Grady was allegedly injured, or more importantly, how the

Electronically Filed - City of St. Louis - February 10, 2023 - 10:47 AM

MI Holdings Defendants were involved.  This information is crucial to the MI Holdings Defendants' ability to isolate what legal and factual issues are involved in the case, what discovery is necessary, and what evidence is relevant.  Notably, these very same issues plagued Plaintiffs' two previous petitions, which were the subject of a similar motions to dismiss filed by the MI Holdings Defendants and other defendants in this action.  Yet Plaintiffs have again filed an amended petition that fails to cure these fatal pleading deficiencies despite three opportunities to do so.  Plaintiffs have a duty under Missouri law to plead sufficient facts so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial.  *Luethans*, 894 S.W.2d at 171.  Plaintiffs have not done so; therefore, the SAP should be dismissed.

6.     While Count VI of the SAP is titled "Negligence," Plaintiffs plead no facts to support either element of the claim against the MI Holdings Defendants.  To plead a cause of action for negligence, Plaintiffs must establish that the MI Holdings Defendants owed a duty to Mr. Grady to protect Mr. Grady from injury, that the MI Holdings Defendants failed to perform that duty, and that such failure caused Mr. Grady's alleged injuries.  *Meekins v. St. John's Reg. Health Ctr.,* 149 S.W.3d 525, 532 (Mo. App. S.D. 2004).  Plaintiffs plead no facts to support a duty of care the MI Holdings Defendants allegedly breached to Mr. Grady and such breach resulted in Mr. Grady's alleged injuries.  Without such facts, Plaintiffs have failed to state a claim against the MI Holdings Defendants for negligence.  Count VI should therefore be dismissed.

7.     To the extent Plaintiffs claim Mr. Grady was a business invitee, the SAP is still devoid of any factual allegations to plead a negligence claim against the MI Holdings Defendants based on premises liability.  As a preliminary matter, Plaintiffs allege no facts to establish Mr. Grady was an invitee on the MI Holdings Defendants' premises, and if so, when.  For that reason

Electronically Filed - City of St. Louis - February 10, 2023 - 10:47 AM

alone, dismissal is warranted. Even ignoring that fatal deficiency, the SAP is devoid of sufficient facts to support a premises liability claim against the MI Holdings Defendants.  Missouri law provides that the possessor of land owes invitees the duty to exercise reasonable care to protect the invitee against both ***known dangers*** and ***those that would be revealed by inspection***.  *Adams v. Badgett*, 114 S.W.3d 432, 438 (Mo. App. E.D. 2003).  The duty owed to an invitee does not include insuring the invitee's safety.  *See Medows v. Brockmeier,* 863 S.W.2d 675, 676 (Mo. App. E.D. 1993).  Plaintiffs have not alleged any facts—with sufficient particularity—to establish that the MI Holdings Defendants breached any duty owed to Mr. Grady as an invitee.  As discussed above, the SAP does not identify what chemical Mr. Grady was allegedly exposed to on the Mallinckrodt plant.  As such, the SAP is insufficient to plead the existence of a danger the MI Holdings Defendants knew of or could have discovered with inspection, and therefore, had a duty to protect Mr. Grady from.  Accordingly, any claims against MI Holdings that are based on Mr. Grady's purported status as an invitee should be dismissed.

8.      Furthermore, to the extent Mr. Grady was present on the MI Holdings Defendants' premises as an employees of an independent third-party contractor that had control of Mr. Grady's work and/or the area where such work was performed, the MI Holdings Defendants cannot be held liable for Mr. Grady's alleged injuries.  Under Missouri law, when a landowner relinquishes possession and control of the premises to an independent contractor during the construction period, the independent contractor, not the landowner, is deemed to be the possessor of the land.  Accordingly, the duty to use reasonable care to protect invitees shifts from the landowner to the independent contractor.  *Noble v. Martin*, 908 S.W.2d 390, 391 (Mo. App. E.D. 1995).  Here, Plaintiffs allege that Mr. Grady was on the MI Holdings Defendants' premises to performed work at the direction and under control of an independent third-party contractor.  As such, Plaintiffs'

4

Electronically Filed - City of St. Louis - February 10, 2023 - 10:47 AM

employer, not the MI Holdings Defendants, owed a duty to protect Mr. Grady from alleged exposure related to Mr. Grady's employment.  Therefore, Plaintiffs' claims against the MI Holdings Defendants should be dismissed.

9.      Likewise, to the extent Plaintiffs contend Mr. Grady was an employee or statutory employee[1] of the MI Holdings Defendants, Plaintiffs' claims against the MI Holdings Defendants are barred and subject to dismissal because this Court lacks statutory authority to grant relief in this case.  The Missouri Workers' Compensation Law vests exclusive authority to the Missouri Labor and Industrial Relations Commission to decide claims involving employee's work related injuries.  Alternatively, and if Mr. Grady was not an employee or statutory employee of the MI Holdings Defendants (which is not alleged here), as discussed above, the MI Holdings Defendants had no duty to provide a safe workplace to Mr. Grady, a non-employee. In either instance, any claims against the MI Holdings Defendants based upon an alleged duty to provide a safe workplace to Mr. Grady should be dismissed.

10.      Finally, Count XVIII—labeled loss of consortium—automatically fails to state a cause of action against MI Holdings because it is predicated on Count VI, which as discussed above fails against the MI Holdings Defendants.  A loss of consortium action derives from an injured spouse's action to recover for the spouse's injury, and is dependent upon the success of underlying action by the injured spouse.  *Lear v. Norfolk and Western Railway Co.,* 815 S.W.2d 12, 14-15 (Mo. App. W.D. 1991); *Pease v. Ace Hardware Home Center of Round Lake,* 147 Ill.

---

[1] The Missouri Workers' Compensation Law states, in relevant part, "Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business." §287.040.1, RSMo (2005).

5

Electronically Filed - City of St. Louis - February 10, 2023 - 10:47 AM

App. 3d 546 (1986).  Therefore, because Count VI fails, Count XVII fails as well and should be dismissed.

11.     The SAP should be dismissed for the additional reason that it is devoid of specific facts establishing that the City of St. Louis is the proper venue or forum for this case. §508.010.4, RSMo. (2014).

12.     Plaintiffs' claims are barred by the applicable statutes of limitations.

13.     Some or all of Plaintiffs' claims are barred by the applicable statutes of repose.

14.     The MI Holdings Defendants incorporate and adopt herein motions and arguments made in response to the SAP by any co-defendants, to the extent that they do not contradict the arguments raised in this motion.

15.     In the alternative, pursuant to Missouri Rule of Civil Procedure 55.27(d), the MI Holdings Defendants move, for an order requiring Plaintiffs to make their pleading more definite and particular to enable the MI Holdings Defendants to prepare a responsive pleading or otherwise prepare for trial.

## **REQUEST FOR JURY TRIAL**

The MI Holdings Defendants request a trial by jury on all issues so triable.

WHEREFORE, the MI Holdings Defendants respectfully request that this Court enter an Order dismissing Plaintiffs' Second Amended Petition with prejudice or enter judgment that Plaintiffs take nothing, assess costs against Plaintiffs, or in the alternative, enter an Order directing Plaintiffs to plead their claims more definitely, and award all other relief, in law and in equity, to which the MI Holdings Defendants are entitled.

4854-4114-5935

Electronically Filed - City of St. Louis - February 10, 2023 - 10:47 AM

Dated: February 10, 2023

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:  */s/ Bryan T. Pratt*
      Bryan T. Pratt #48798
      Mathew L. Larsen #60168
      Brice Nengsu Kenfack #69508
      2555 Grand Blvd.
      Kansas City, MO 64108
      Telephone: (816) 474-6550
      bpratt@shb.com
      mlarsen@shb.com
      bkenfack@shb.com

**ATTORNEYS FOR DEFENDANTS
MI HOLDINGS, INC. AND
MALLINCKRODT, LLC**

7

4854-4114-5935

Electronically Filed - City of St. Louis - February 10, 2023 - 10:47 AM

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2023, the above and foregoing pleading was filed electronically with the City of St. Louis Circuit Clerk's office by using the Missouri Electronic Document Management System which will send a notice of electronic filing to all counsel of record.

By:  */s/ Bryan T. Pratt*
        Bryan T. Pratt

4854-4114-5935

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

MICHAEL GRADY and )
KATHLEEN GRADY, )
                           )    Cause No.: 2022-CC09797
         Plaintiffs, )
                           )    Div. No.:  12
         v. )
                           )
MONSANTO COMPANY, et al., )
                           )
         Defendants. )

**DEFENDANTS MONSANTO COMPANY, SOLUTIA, INC., PHARMACIA LLC, AND
EASTMAN CHEMICAL COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' SECOND AMENDED PETITION**

COME NOW Defendants Monsanto Company, Solutia Inc., Pharmacia LLC, and

Eastman Chemical Company (collectively "Answering Defendants[1]"), by and through their

undersigned counsel, and respond to Plaintiffs' First Amended Petition as follows:

**JURISDICTION AND VENUE**

1.      Answering Defendants lack sufficient information to admit or deny the allegations

in Paragraph 1 and thus deny on that basis.

2.      Answering Defendants lack sufficient information to admit or deny the allegations

in Paragraph 2 and thus deny on that basis.

3.      Answering Defendants admit that Monsanto Company is a corporation

incorporated in the state of Delaware with its principle place of business in the State of Missouri.

---

[1] "Old Monsanto" is the former Monsanto Company (n/k/a Pharmacia LLC) that manufactured
and sold PCBs from 1935 to 1977. The PCB business was "spun-off" to Solutia in 1997. The
current Monsanto Company (sometimes referred to as "New Monsanto") first came into
existence in 2000. Solutia Inc., Eastman Chemical Company and the current Monsanto Company
have never manufactured or sold PCBs.

1

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

4.      Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 4 and thus deny on that basis.

5.      Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 5 and thus deny on that basis.

6.      Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 6 and thus deny on that basis.

7.      Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 7 and thus deny on that basis.

8.      Answering Defendants admit that Solutia Inc. ("Solutia") is a Delaware corporation with its principal place of business in St. Louis County, Missouri, and is a wholly-owned subsidiary of Eastman Chemical Company.  Except as otherwise admitted, Answering Defendants deny the remaining allegations in Paragraph 8.

9.      Answering Defendants admit that Eastman Chemical Company is a Delaware corporation with its principal place of business in Kingsport, Tennessee.  Except as otherwise admitted, Answering Defendants deny the remaining allegations in Paragraph 9.

10.     Defendants admit that Pharmacia LLC ("Pharmacia") is a Delaware limited liability company. Defendants admit that the sole member of Pharmacia LLC is Wyeth Holding, LLC, a Maine limited liability company. Defendants admit that Wyeth Holdings, LLC is wholly owned by Anacor Pharmaceuticals, Inc., which is incorporated under the laws of Delaware, with its principal place of business in New York. Defendants admit that Anacor Pharmaceuticals is indirectly wholly owned by Pfizer, Inc. The remaining allegations in Paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 10.

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

11.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 11 and thus deny on that basis.

12.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 12 and thus deny on that basis.

13.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 13 and thus deny on that basis.

14.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 14 and thus deny on that basis.

15.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 15 and thus deny on that basis.

16.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 16 and thus deny on that basis.

17.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 17 and thus deny on that basis.

18.     The allegations in Paragraph 18 constitute Plaintiffs' characterization of terms used in their own Petition to which no response is required.  To the extent a response is required, Answering Defendants deny each and every allegation contained therein.

19.     The allegations in Paragraph 19 constitute Plaintiffs' characterization of terms used in their own Petition to which no response is required.  To the extent a response is required, Answering Defendants deny each and every allegation contained therein.

20.     Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants deny the remaining allegations in Paragraph 20.

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

21.    Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants deny the remaining allegations in Paragraph 21.

22.    To the extent the allegations in Paragraph 22 are directed toward Answering Defendants, Answering Defendants deny the allegations in Paragraph 22.

23.    Paragraph 23 states a legal conclusion to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation contained therein.

24.    Paragraph 24 states a legal conclusion to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation contained therein.

## ALLEGATIONS COMMON TO ALL COUNTS

### I. Plaintiff Michael Grady's Exposure Routes

25.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 25 and thus deny on that basis.

26.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 26 and thus deny on that basis.

27.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 27 and thus deny on that basis. Defendants further state that any reference to the "toxicity" of a chemical, including PCBs and benzene, has no meaning without context as to the duration of exposure and dose.

28.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 28 and thus deny on that basis.

4

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

29.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 29 and its subsections and thus deny on that basis.

30.     Paragraph 30 states a legal conclusion to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation contained therein.

31.     Answering Defendants deny the allegations contained in Paragraph 31.

32.     Answering Defendants admit that PCBs are a class of chlorinated organic chemical compounds, comprising the potential for 209 different chemical compounds separately identified by number (e.g., PCB 180, PCB 118, PCB 153, etc.).  Each individual unique PCB compound is known as a different "congener." Answering Defendants further admit that Old Monsanto commenced manufacturing PCBs in the 1930s after acquisition of the Swann Chemical Company. Answering Defendants admit that Old Monsanto sold PCBs and PCB products to a variety of industrial customers for a variety of industrial applications. In 1970, Old Monsanto began a program of voluntarily terminating sales of PCBs for uses other than in electrical equipment applications. By 1972, the sole remaining applications for which Old Monsanto sold PCBs were for use in closed electrical applications. Old Monsanto ceased all manufacturing and sale of PCBs in 1977 after electrical industry identified suitable replacements. Answering Defendants admit that Monsanto produced lines of other organic chemical products at its W.G. Krummrich facility, including pesticides and other chlorinated organic chemicals. Answering Defendants deny the remaining allegations in Paragraph 32.

33.     Answering Defendants admit that Monsanto manufactured PCBs at its Krummrich Plant in Sauget, Illinois, and sold PCBs and PCB products to a variety of industrial customers for a variety of industrial applications. Answering Defendants further admit that a trade name for certain PCB and non-PCB products was "Aroclor." Answer Defendants admit that certain Aroclors

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

contained various combinations of PCB congeners. Answering Defendants deny all remaining allegations in Paragraph 33.

34.     The allegations in the first sentence of Paragraph 34 are vague, conclusory, and/or comprise attorney characterizations and thus Answering Defendants deny on that basis. Answering Defendants admit that Decachlorobiphenyl (also known as PCB 209) is a fully chlorinated PCB homologue containing ten chlorine atoms. Answering Defendants deny the allegations in sentences 3 and 4 of Paragraph 34. Answering Defendants admit that Stratton and Sosebee discussed possible sources of PCBs in the area around the W.G. Krummrich plant. Answering Defendants deny all remaining allegations in Paragraph 34.

35.     Answering Defendants admit that PCBs can be transported in the atmosphere as vapors and/or as particulate matter. Answering Defendants admit that during the period of active manufacturing at the Monsanto facility, direct releases of PCBs to the atmosphere may have occurred as emissions of vapors. Answering Defendants admit that PCBs have different vapor pressures depending on the degree of chlorination; therefore, volatilization of PCBs depends on the types of PCBs present in emissions, wastes and environmental media. Answering Defendants admit that cycling of PCBs through the environment involves volatilization into the atmosphere, with subsequent removal from the atmosphere by wet or dry deposition, then revolatilization. Answering Defendants admit that PCBs and dioxins/furans may be entrained as contaminants in soils and sediments, which can be resuspended by winds and transported as particulate matter. Answering Defendants admit that PCBs and dioxins/furans can be redistributed in the environment as vapors and/or particulates when erosion, wind or ground-breaking activities expose contaminated materials. Answering Defendants deny all remaining allegations in Paragraph 35.

36.     Answering Defendants admit that PCBs are a class of chlorinated organic chemical compounds, comprising the potential for 209 different chemical compounds, which are separately identified by number (e.g., PCB 180, PCB 118, PCB 153, etc.). Each individual, unique PCB

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

compound is known as a different "congener." Answering Defendants admit that PCBs were developed and marketed because of their relative stability, low water solubility, low vapor pressure and solubility, resistance to biological, UV, and thermal degradation, and thermal stability made them highly desirable for industrial use. These properties in certain PCB congeners contribute to their resistance to environmental degradation. Answering Defendants deny all remaining allegations in Paragraph 36.

37.    Answering Defendants deny the allegations contained in Paragraph 37.

38.    Answering Defendants deny the allegations contained in Paragraph 38.

39.    Answering Defendants deny the allegations contained in Paragraph 39.

40..    Answering Defendants deny the allegations contained in Paragraph 40.

41.    The allegations in Paragraph 41 are not directed to Answering Defendants. Thus, no response is required.  To the extent a response is required, Answering Defendants deny the remaining allegations in Paragraph 41.

42.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 42 and thus deny on that basis.

43.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 43 and thus deny on that basis.

44.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 44 and thus deny on that basis.

45.    The allegations in Paragraph 45 are not directed to Answering Defendants, as Answering Defendants did not produce or utilize trichloroethylene. Thus, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding trichloroethylene, including discussions about possible carcinogenicity in humans. Answering Defendants further state that any reference to the

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

"toxicity" of a chemical, including PCBs and benzene, has no meaning without context to the nature and extent of exposure and dose. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 45 and thus deny on that basis.

46.    Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants further state that any reference to the "toxicity" of a chemical, including PCBs and benzene, has no meaning without context to the nature and extent of exposure and dose.  Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 46 and thus deny on that basis.

47.    Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants further state that any reference to the "toxicity" of a chemical, including PCBs and benzene, has no meaning without context to the nature and extent of exposure and dose.  Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 47 and thus deny on that basis.

48.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 48 and thus deny on that basis.

49.    Based upon information known from Mr. Grady's initial deposition and currently-available medical records, Answering Defendants admit the allegations in Paragraph 49.

### FACTS CONCERNING MONSANTO

50.    Answering Defendants admit that Old Monsanto was founded in 1901. Answering Defendants admit that Old Monsanto is the original Monsanto Company (n/k/a Pharmacia LLC) and once operated agricultural, chemical, and pharmaceutical businesses; that the chemicals

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

business was "spun-off" to Solutia in 1997; that since 2000 the present/current Monsanto

Company has operated the agricultural business; and that Pharmacia retained the pharmaceutical

business. Answering Defendants further admit that certain assets and liabilities relating to

Pharmacia's commercial chemical business were transferred to Solutia in 1997 and that the

rights and responsibilities of the parties related to that transfer are detailed in various corporate

transactional and legal documents, the terms of which speak for themselves. Answering

Defendants admit that Solutia filed a bankruptcy petition in 2003 and ultimately emerged from

bankruptcy in 2008. Answering Defendants deny all remaining allegations of Paragraph 50.

51.     Answering Defendants admit that the original Monsanto Company, "Old

Monsanto," (n/k/a Pharmacia) once operated agricultural, chemical, and pharmaceutical

businesses, that the chemicals business was "spun-off" to Solutia in 1997, that since 2000 the

present/current Monsanto Company has operated the agricultural business, and that Pharmacia

retained the pharmaceutical business. Answering Defendants deny all remaining allegations of

Paragraph 51.

52.     Answering Defendants deny the allegations of Paragraph 52.

53.     Answering Defendants deny the allegations of Paragraph 53.

54.     The rights and responsibilities of the parties to the transaction are detailed in

various, corporate transactional and legal documents, the terms of which speak for themselves.

Answering Defendants deny all remaining allegations of Paragraph 54.

55.     Answering Defendants admit that a facility known as the W. G. Krummrich Plant

was located at 500 Monsanto Avenue, Village of Sauget, Illinois 62201.

56.     Answering Defendants lack sufficient information to admit or deny the allegations

in Paragraph 56 and thus deny on that basis.

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

57.     Answering Defendants admit that the company formally known as Monsanto Company acquired the Krummrich Plant in or around 1917 from Commercial Acid Company. Answering Defendants deny the remaining allegations in Paragraph 57.

58.     Answering Defendants admit that various chemicals were produced at the Sauget facility, including chlorobenzene, chlorophenols, o-dichlorobenzene, nitrochlorobenzene, polychlorinated biphenyls (PCBs).   Answering Defendants deny the remaining allegations in Paragraph 58.

59.     Answering Defendants admit that the W. G. Krummrich Plant is located in the Village of Sauget a portion of which abuts the Mississippi River.  Answering Defendants also admit that in or around 1957, construction began on a river barge terminal on the Krummrich Plant property at the Mississippi River front.  Answering Defendants deny the remaining allegations in Paragraph 59.

60.     Answering Defendants admit that the W. G. Krummrich Plant, at different points in time, contained a number of areas including the chlorobenzene processing area, PCB manufacturing area, the benzene storage area, and the benzene pipeline area.  Answering Defendants further admit that, at different points in time, the facility used benzene and manufactured PCBs, chlorobenzene, and other products at the W.G. Krummrich Plant in the Village of Sauget.  Answering Defendants deny the remaining allegations in Paragraph 60.

61.     Answering Defendants admit that from time to time, Shell Chemical Company supplied the W. G. Krummrich plant Nitration Grade Benzene.  Answering Defendants deny the remaining allegations in Paragraph 61.

**COUNT I**
**NEGLIGENCE--PCBs**
**(AGAINST DEFENDANTS MONSANTO, SOLUTIA,**
**PHARMACIA, AND EASTMAN CHEMICAL)**

10

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

62.    Answering Defendants reallege and incorporate by reference their responses to Paragraphs 1-3, 8-10, 18-26, 30-40, and 49 through 61 as though fully set forth herein.

63.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 63 and thus deny on that basis.

64.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 64 and thus deny on that basis.

65.    Answering Defendants deny the allegations contained in Paragraph 65.

66.    Answering Defendants deny the allegations contained in Paragraph 66.

67.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 67 and thus deny on that basis.

68.    Paragraph 68 contains legal conclusions to which no answer is required. To the extent and answer is required, Answering Defendants admit that it was standard policy at the W.G. Krummrich Plant and J.F. Queeny Plant to flush a pipeline or sewer of any known "toxic" chemicals prior to breaking the pipeline or sewer. Answering Defendants deny that it breached any duties allegedly owed to Plaintiff, deny that Plaintiff was damaged or injured as alleged, and deny each and every remaining allegation in Paragraph 68.

69.    Paragraph 69 contains legal conclusions to which no answer is required. To the extent and answer is required, Answering Defendants deny that it breached any duties allegedly owed to Plaintiff, deny that Plaintiff was damaged or injured as alleged, and deny each and every remaining allegation in Paragraph 69.

70.    Paragraph 70 contains legal conclusions to which no answer is required. To the extent and answer is required, Answering Defendants deny that they breached any duties

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

allegedly owed to Plaintiff, deny that Plaintiff was damaged or injured as alleged, and deny each and every remaining allegation in Paragraph 70.

71.     Answering Defendants deny the allegations in Paragraph 71.

72.     Answering Defendants deny the allegations in Paragraph 72.

73.     Answering Defendants deny the allegations in Paragraph 73.

74.     Answering Defendants deny each and every allegation of fact contained in Paragraph 74 and subsections (a) – (g) and further deny that they owed or breached any duty(ies) allegedly owed to Plaintiff.

75.     Answering Defendants deny the allegations in Paragraph 75.

76.     Answering Defendants deny the allegations in Paragraph 76.

<div align="center">

**COUNT II**
**NEGLIGENCE--BENZENE**
**(AGAINST DEFENDANTS MONSANTO, SOLUTIA,**
**PHARMACIA, AND EASTMAN CHEMICAL)**

</div>

77.      Answering Defendants reallege and incorporate by reference their responses to Paragraphs 1-3, 8-10, 18-26, 30-40, and 49 through 61 as though fully set forth herein.

78.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 78 and thus deny on that basis.

79.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 79 and thus deny on that basis.

80.     Answering Defendants deny the allegations contained in Paragraph 80.

81.     Answering Defendants deny the allegations contained in Paragraph 81.

82.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 82 and thus deny on that basis.

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

83.     Paragraph 83 contains legal conclusions to which no answer is required. To the extent and answer is required, Answering Defendants deny that it breached any duties allegedly owed to Plaintiff, deny that Plaintiff was damaged or injured as alleged, and deny each and every remaining allegation in Paragraph 83.

84.     Paragraph 84 contains legal conclusions to which no answer is required. To the extent and answer is required, Answering Defendants deny that it breached any duties allegedly owed to Plaintiff, deny that Plaintiff was damaged or injured as alleged, and deny each and every remaining allegation in Paragraph 84.

85.     Paragraph 85 contains legal conclusions to which no answer is required. To the extent and answer is required, Answering Defendants deny that they breached any duties allegedly owed to Plaintiff, deny that Plaintiff was damaged or injured as alleged, and deny each and every remaining allegation in Paragraph 85.

86.     Answering Defendants deny the allegations in Paragraph 86.

87.     Answering Defendants deny the allegations in Paragraph 87.

88.     Answering Defendants deny the allegations in Paragraph 88.

89.     Answering Defendants deny each and every allegation of fact contained in Paragraph 89 and subsections (a) – (g) and further deny that they owed or breached any duty(ies) allegedly owed to Plaintiff.

90.     Answering Defendants deny the allegations in Paragraph 90.

91.     Answering Defendants deny the allegations in Paragraph 91.

<div align="center">

**COUNT III**
**<u>NEGLIGENCE</u>**
**(AGAINST DEFENDANTS MONSANTO, SOLUTIA,**
**PHARMACIA, AND EASTMAN CHEMICAL)**

</div>

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

92.     Answering Defendants reallege and incorporate by reference their responses to Paragraphs 1-3, 8-10, 18-26, 30-40, and 49 through 61 as though fully set forth herein.

93.     Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 93 and thus deny on that basis.

94.     Answering Defendants admit that PCBs are a class of chlorinated organic chemical compounds, comprising the potential for 209 different chemical compounds separately identified by number (e.g., PCB 180, PCB 118, PCB 153, etc.).  Each individual unique PCB compound is known as a different "congener." Answering Defendants further admit that Old Monsanto commenced manufacturing PCBs in the 1930s after acquisition of the Swann Chemical Company. Answering Defendants admit that Old Monsanto sold PCBs and PCB products to a variety of industrial customers for a variety of industrial applications. In 1970, Old Monsanto began a program of voluntarily terminating sales of PCBs for uses other than in electrical equipment applications. By 1972, the sole remaining applications for which Old Monsanto sold PCBs were for use in closed electrical applications. Old Monsanto ceased all manufacturing and sale of PCBs in 1977 after electrical industry identified suitable replacements. Answering Defendants deny the remaining allegations in Paragraph 94.

95.     Answering Defendants admit that Monsanto produced lines of other organic chemical products at its W.G. Krummrich facility, including pesticides and other chlorinated organic chemicals. Answering Defendants deny the remaining allegations in Paragraph 95.

96.     Answering Defendants admit that Monsanto manufactured PCBs at its Krummrich Plant in Sauget, Illinois, and sold PCBs and PCB products to a variety of industrial customers for a variety of industrial applications. Answering Defendants further admit that a trade name for certain PCB and non-PCB products was "Aroclor." Answer Defendants admit that certain Aroclors

14

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

contained various combinations of PCB congeners. Answering Defendants deny all remaining allegations in Paragraph 96.

97.    The allegations in the first sentence of Paragraph 97 are vague, conclusory, and/or comprise attorney characterizations and thus Answering Defendants deny on that basis. Answering Defendants admit that Decachlorobiphenyl (also known as PCB 209) is a fully chlorinated PCB homologue containing ten chlorine atoms. Answering Defendants deny the allegations in sentences 3 and 4 of Paragraph 97. Answering Defendants admit that Stratton and Sosebee discussed possible sources of PCBs in the area around the W.G. Krummrich plant. Answering Defendants deny all remaining allegations in Paragraph 97.

98.    Answering Defendants admit that PCBs can be transported in the atmosphere as vapors and/or as particulate matter. Answering Defendants admit that during the period of active manufacturing at the Monsanto facility, direct releases of PCBs to the atmosphere may have occurred as emissions of vapors. Answering Defendants admit that PCBs have different vapor pressures depending on the degree of chlorination; therefore, volatilization of PCBs depends on the types of PCBs present in emissions, wastes and environmental media. Answering Defendants admit that cycling of PCBs through the environment involves volatilization into the atmosphere, with subsequent removal from the atmosphere by wet or dry deposition, then revolatilization. Answering Defendants admit that PCBs and dioxins/furans may be entrained as contaminants in soils and sediments, which can be resuspended by winds and transported as particulate matter. Answering Defendants admit that PCBs and dioxins/furans can be redistributed in the environment as vapors and/or particulates when erosion, wind or ground-breaking activities expose contaminated materials. Answering Defendants deny all remaining allegations in Paragraph 98.

99.    Answering Defendants admit that PCBs are a class of chlorinated organic chemical compounds, comprising the potential for 209 different chemical compounds, which are separately identified by number (e.g., PCB 180, PCB 118, PCB 153, etc.). Each individual, unique PCB

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

compound is known as a different "congener." Answering Defendants admit that PCBs were developed and marketed because of their relative stability, low water solubility, low vapor pressure and solubility, resistance to biological, UV, and thermal degradation, and thermal stability made them highly desirable for industrial use. These properties in certain PCB congeners contribute to their resistance to environmental degradation. Answering Defendants deny all remaining allegations in Paragraph 99.

100.    Answering Defendants deny the allegations contained in Paragraph 100.

101.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 101 and thus deny on that basis.

102.    Answering Defendants deny the allegations in Paragraph 102.

103.    Answering Defendants deny the allegations in Paragraph 103.

104.    Answering Defendants deny each and every allegation of fact contained in Paragraph 104 and subsections (a) – (f) and further deny that they owed or breached any duty(ies) allegedly owed to Plaintiff.

105.    Answering Defendants deny the allegations in Paragraph 105.

106.    Answering Defendants deny the allegations in Paragraph 106.

## COUNT IV
## STRICT LIABILITY – DEFECTIVE PRODUCT
### (AGAINST DEFENDANTS MONSANTO, SOLUTIA, PHARMACIA, AND EASTMAN CHEMICAL)

107.    Answering Defendants reallege and incorporate by reference their responses to Paragraphs 1-3, 8-10, 18-26, 30-40, and 49 through 61 as though fully set forth herein.

108.    Answering Defendants deny the allegations in Paragraph 108.

109.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 109 and thus deny on that basis.

16

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

110.     Answering Defendants deny the allegations in Paragraph 110.

111.     Answering Defendants deny the allegations in Paragraph 111.

112.     Answering Defendants admit that Old Monsanto commenced manufacturing PCBs in the 1930s after acquisition of the Swann Chemical Company. Answering Defendants further admit that Old Monsanto sold PCBs and PCB products to a variety of industrial customers for a variety of industrial applications. In 1970, Old Monsanto began a program of voluntarily terminating sales of PCBs for uses other than in electrical equipment applications. By 1972, the sole remaining applications for which Old Monsanto sold PCBs were for use in closed electrical applications. Old Monsanto ceased all manufacturing and sale of PCBs in 1977 after electrical industry identified suitable replacements. Answering Defendants deny the remaining allegations in Paragraph 112.

113.     Answering Defendants admit that Monsanto manufactured PCBs at its Krummrich Plant in Sauget, Illinois, and sold PCBs and PCB products to a variety of industrial customers for a variety of industrial applications. Answering Defendants further admit that a trade name for certain PCB and non-PCB products was "Aroclor." Answer Defendants admit that certain Aroclors contained various combinations of PCB congeners. Answering Defendants deny all remaining allegations in Paragraph 113.

114.     Answering Defendants deny the allegations in Paragraph 114.

115.     Answering Defendants deny each and every allegation of fact contained in Paragraph 115 and subsections (a) – (e) and further deny that they owed or breached any duty(ies) allegedly owed to Plaintiff.

116.     Answering Defendants deny the allegations in Paragraph 116.

117.     Answering Defendants deny the allegations in Paragraph 117.

118.     Answering Defendants deny the allegations in Paragraph 118.

119.     Answering Defendants deny the allegations in Paragraph 119.

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

120.    Answering Defendants deny the allegations in Paragraph 120.

## COUNT V
## NEGLIGENCE: PREMISES LIABILITY
### (AGAINST DEFENDANTS MONSANTO, SOLUTIA, PHARMACIA, AND EASTMAN CHEMICAL)

121.    Answering Defendants reallege and incorporate by reference their responses to Paragraphs 1-3, 8-10, 18-26, 30-40, and 49 through 61 as though fully set forth herein.

122.    Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 122 and thus deny on that basis.

123.    Answering Defendants state that said allegation calls for a legal conclusion to which no response is required.  To the extent a response is necessary, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 123 and thus deny on that basis.

124.    Answering Defendants state that said allegation calls for a legal conclusion to which no response is required.  To the extent a response is necessary, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 124 and thus deny on that basis.

125.    Answering Defendants admit that the W. G. Krummrich Plant, at different points in time, contained a number of areas including the chlorobenzene processing area, PCB manufacturing area, the benzene storage area, and the benzene pipeline area.  Answering Defendants further admit that, at different points in time, the facility used benzene and manufactured PCBs, chlorobenzene, and other products at the W.G. Krummrich Plant in the Village of Sauget.  Answering Defendants deny the remaining allegations in Paragraph 125.

126.    Answering Defendants deny the allegations in Paragraph 126.

18

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

127.     Answering Defendants admit that during the operations of the W.G. Krummrich Plant in Sauget, Illinois, from the 1930s to the 1970s, Monsanto manufactured, stored, and transported PCB-containing products throughout the Plant. Answering Defendants deny the allegations in Paragraph 127.

128.     Answering Defendants admit that PCBs can be transported in the atmosphere as vapors and/or as particulate matter. Answering Defendants admit that during the period of active manufacturing at the Monsanto facility, direct releases of PCBs to the atmosphere may have occurred as emissions of vapors. Answering Defendants admit that PCBs have different vapor pressures depending on the degree of chlorination; therefore, volatilization of PCBs depends on the types of PCBs present in emissions, wastes and environmental media. Answering Defendants admit that cycling of PCBs through the environment involves volatilization into the atmosphere, with subsequent removal from the atmosphere by wet or dry deposition, then revolatilization. Answering Defendants admit that PCBs and dioxins/furans may be entrained as contaminants in soils and sediments, which can be resuspended by winds and transported as particulate matter. Answering Defendants admit that PCBs and dioxins/furans can be redistributed in the environment as vapors and/or particulates when erosion, wind or ground-breaking activities expose contaminated materials. Answering Defendants deny all remaining allegations in Paragraph 128.

129.     Answering Defendants admit that PCBs are a class of chlorinated organic chemical compounds, comprising the potential for 209 different chemical compounds, which are separately identified by number (e.g., PCB 180, PCB 118, PCB 153, etc.). Each individual, unique PCB compound is known as a different "congener." Answering Defendants admit that PCBs were developed and marketed because of their relative stability, low water solubility, low vapor pressure and solubility, resistance to biological, UV, and thermal degradation, and thermal stability made

19

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

them highly desirable for industrial use. These properties in certain PCB congeners contribute to their resistance to environmental degradation. Answering Defendants deny all remaining allegations in Paragraph 129.

130.    Answering Defendants deny the allegations in Paragraph 130.

131.    Answering Defendants deny the allegations in Paragraph 131.

132.    Answering Defendants deny the allegations in Paragraph 132.

133.    Answering Defendants state that said allegation calls for a legal conclusion to which no response is required.  To the extent a response is necessary, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 133 and thus deny on that basis.

134.    Answering Defendants lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 134 and thus deny on that basis. Answering Defendants deny all remaining allegations of Paragraph 134.

135.    Answering Defendants lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 135 and thus deny on that basis. Answering Defendants deny all remaining allegations of Paragraph 135.

136.    Answering Defendants deny the allegations in Paragraph 136.

137.    Answering Defendants deny the allegations in Paragraph 137.

138.    Answering Defendants deny the allegations in Paragraph 138.

139.    Answering Defendants deny the allegations in Paragraph 139.

140.    Answering Defendants deny the allegations in Paragraph 140.

141.    Paragraph 141 contains legal conclusions to which no answer is required. To the extent and answer is required, Answering Defendants deny that it breached any duties allegedly

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

owed to Plaintiff, deny that Plaintiff was damaged or injured as alleged, and deny each and every remaining allegation in Paragraph 141.

142.    Answering Defendants deny each and every allegation of fact contained in Paragraph 142 and subsections (a) – (g) and further deny that they owed or breached any duty(ies) allegedly owed to Plaintiff.

143.    Answering Defendants deny the allegations in Paragraph 143.

144.    Answering Defendants deny the allegations in Paragraph 144.

**COUNT VI**
**NEGLIGENCE**
**(AGAINST DEFENDANTS ANHEUSER-BUSCH INBEV, PROCTOR &**
**GAMBLE AND MALLINCKRODT/MI HOLDINGS)**

145.    The allegations in Paragraph 145 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 145 and thus deny on that basis.

146.    The allegations in Paragraph 146 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 146 and thus deny on that basis.

147.    The allegations in Paragraph 147 are not directed to Defendants Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 147 and thus deny on that basis.

148.    The allegations in Paragraph 148 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

lack sufficient information to admit or deny the allegations in Paragraph 148 and thus deny on that basis.

149.    The allegations in Paragraph 149 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 149 and thus deny on that basis.

150.    The allegations in Paragraph 150 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 150 and thus deny on that basis.

151.    The allegations in Paragraph 151 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 151 and thus deny on that basis.

152.    The allegations in Paragraph 152 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 152 and thus deny on that basis.

153.    The allegations in Paragraph 153 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 153 and thus deny on that basis.

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

154.    The allegations in Paragraph 154 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 154 and thus deny on that basis.

155.    The allegations in Paragraph 155 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 155 and thus deny on that basis.

156.    The allegations in Paragraph 156 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 156 and thus deny on that basis.

157.    The allegations in Paragraph 157 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 157 and thus deny on that basis.

158.    The allegations in Paragraph 158 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 158 and thus deny on that basis.

159.    The allegations in Paragraph 159 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required.  To the extent a response is required,

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 159 and thus deny on that basis.

160.    The allegations in Paragraph 160 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 160 and thus deny on that basis.

<div align="center">

**COUNT VII**
**<u>NEGLIGENCE</u>**
**(AGAINST DEFENDANT EXXONNMOBIL OIL CORPORATION)**

</div>

161.    The allegations in Paragraph 161 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 161 and thus deny on that basis.

162.    The allegations in Paragraph 162 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 162 and thus deny on that basis.

163.    The allegations in Paragraph 163 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 163 and thus deny on that basis.

164.    The allegations in Paragraph 164 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

lack sufficient information to admit or deny the allegations in Paragraph 164 and thus deny on that basis.

164. The allegations in Paragraph 165 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 165 and thus deny on that basis.

166. The allegations in Paragraph 166 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 166 and thus deny on that basis.

167. The allegations in Paragraph 167 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 167 and thus deny on that basis.

168. The allegations in Paragraph 168 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 168 and thus deny on that basis.

169. The allegations in Paragraph 169 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 169 and thus deny on that basis.

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

170.    The allegations in Paragraph 170 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 170 and thus deny on that basis.

171.    The allegations in Paragraph 171 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 171 and thus deny on that basis.

172.    The allegations in Paragraph 172 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 96 and thus deny on that basis.

173.    The allegations in Paragraph 173 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 173 and thus deny on that basis.

<div style="text-align:center">

**COUNT VII**
**NEGLIGENCE AS TO PRODUCER**
**(AGAINST DEFENDANT SHELL OIL COMPANY)**

</div>

174.    The allegations in Paragraph 174 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

lack sufficient information to admit or deny the allegations in Paragraph 174 and thus deny on that basis.

175.     The allegations in Paragraph 175constitute Plaintiffs' characterization of terms used in their own Complaint, to which no response is required. To the extent a response is required, Answering Defendants deny each and every allegation contained therein.

176.     The allegations in Paragraph 176are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants admit that from time to time, Shell Chemical Company supplied the W. G. Krummrich plant Nitration Grade Benzene. Answering Defendants deny the remaining allegations in Paragraph 176.

177.     The allegations in Paragraph 177 are not directed to Answering Defendants and, therefore, no response is required.  To the extent a response is required, Answering Defendants admit that from time to time, Shell Chemical Company supplied the W. G. Krummrich plant Nitration Grade Benzene. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

178.     The allegations in Paragraph 178 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants admit that from time to time, Shell Chemical Company supplied the W. G. Krummrich plant Nitration Grade Benzene. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was

27

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants'
facilities or premises and that any exposure, inhalation, ingestion or absorption caused or
contributed to his alleged injuries.

179.    The allegations in Paragraph 179 are not directed to Answering Defendants and,
therefore, no response is required. To the extent a response is required, Answering Defendants
deny that they have caused or contributed to Michael Grady's alleged damages. Answering
Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed,
Benzene at any of Answering Defendants' facilities or premises and that any exposure,
inhalation, ingestion or absorption caused or contributed to his alleged injuries.  Defendant lacks
sufficient information as to what Shell Chemical Company knew or should have known and thus
deny on that basis.

180.    The allegations in Paragraph 180 are not directed to Answering Defendants and
are legal conclusions, therefore, no response is required. To the extent a response is required,
Answering Defendants deny that they have caused or contributed to Michael Grady's alleged
damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or
that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that
any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

181.    The allegations in Paragraph 181 are not directed to Answering Defendants and
are legal conclusions, therefore, no response is required. To the extent a response is required,
Answering Defendants admit that from time to time, Shell Chemical Company supplied the W.
G. Krummrich plant Nitration Grade Benzene. Answering Defendants deny that they have
caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny
that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

182.    The allegations in Paragraph 182 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

183.    The allegations in Paragraph 183 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

**COUNT IX**
**NEGLIGENCE AS TO MANUFACTURER & DISTRIBUTOR**
**OF PRODUCTS CONTAINING BENZENE**
**(AGAINST DEFENDANT EXXONNMOBIL)**

184.    The allegations in Paragraph 184 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 184 and thus deny on that basis.

185.    The allegations in Paragraph 185 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 185 and thus deny on that basis.

186.    The allegations in Paragraph 186 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 186 and thus deny on that basis.

187.    The allegations in Paragraph 187 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 187 and thus deny on that basis.

188.    The allegations in Paragraph 188 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 188 and thus deny on that basis.

189.    The allegations in Paragraph 189 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 189 and thus deny on that basis.

190.    The allegations in Paragraph 190 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 190 and thus deny on that basis.

191.    The allegations in Paragraph 191 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 191 and thus deny on that basis.

192.    The allegations in Paragraph 192 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 192 and thus deny on that basis.

### COUNT VI
### <u>NEGLIGENCE AS TO PRODUCER, MANUFACTURER & DISTRIBUTOR</u>
### <u>OF PRODUCTS CONTAINING BENZENE</u>
### (AGAINST DEFENDANTS TURTLE WAX, UNITED STATES STEEL, RADIATOR SPECIALTY)

193.    The allegations in Paragraph 193 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 193 and thus deny on that basis.

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

194.    The allegations in Paragraph 194 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 194 and thus deny on that basis.

195.    The allegations in Paragraph 195 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 195 and thus deny on that basis.

196.    The allegations in Paragraph 196 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 196 and thus deny on that basis.

197.    The allegations in Paragraph 197 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 197 and thus deny on that basis.

198.    The allegations in Paragraph 198 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 198 and thus deny on that basis.

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

199.    The allegations in Paragraph 199 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 199 and thus deny on that basis.

200.    The allegations in Paragraph 200 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 200 and thus deny on that basis.

201.    The allegations in Paragraph 201 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 201 and thus deny on that basis.

**COUNT XI**
**NEGLIGENCE**
**(AGAINST MISTIC METAL MOVERS, INC.)**

202.    The allegations in Paragraph 202 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

lack sufficient information to admit or deny the allegations in Paragraph 202 and thus deny on that basis.

203.    The allegations in Paragraph 203 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 203 and thus deny on that basis.

204.    The allegations in Paragraph 204 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 204 and thus deny on that basis.

205.    The allegations in Paragraph 205 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 205 and thus deny on that basis.

206.    The allegations in Paragraph 206 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 206 and thus deny on that basis.

207.    The allegations in Paragraph 207 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 207 and thus deny on that basis.

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

208.    The allegations in Paragraph 208 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 208 and thus deny on that basis.

209.    The allegations in Paragraph 209 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 209 and thus deny on that basis.

210.    The allegations in Paragraph 210 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 210 and thus deny on that basis.

211.    The allegations in Paragraph 211 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 211 and thus deny on that basis.

212.    The allegations in Paragraph 212 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 212 and thus deny on that basis.

213.    The allegations in Paragraph 213 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required,

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 213 and thus deny on that basis.

214.    The allegations in Paragraph 214 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 214 and thus deny on that basis.

<div align="center">

**COUNT XII**
**<u>STRICT LIABILITY – FAILURE TO WARN</u>**
**(AGAINST DEFENDANTS SHELL OIL COMPANY, EXXONMOBIL, TURTLE WAX, UNITED STATES STEEL, RADIATOR SPECIALTY)**

</div>

215.    The allegations in Paragraph 215 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 215 and thus deny on that basis.

216.    The allegations in Paragraph 216 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 216 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

217.    The allegations in Paragraph 217 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

lack sufficient information to admit or deny the allegations in Paragraph 217 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

218.    The allegations in Paragraph 218 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 218 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

219.    The allegations in Paragraph 219 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 219 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

220.    The allegations in Paragraph 220 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 220 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

221.    The allegations in Paragraph 221 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 221 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

222.    The allegations in Paragraph 222 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 222 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that

38

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering

Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption

caused or contributed to his alleged injuries.

223.    The allegations in Paragraph 223 are not directed to Answering Defendants and

are legal conclusions, therefore, no response is required. To the extent a response is required,

Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph

223 and thus deny on that basis. Answering Defendants deny that they have caused or

contributed to Michael Grady's alleged damages. Answering Defendants further deny that

Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering

Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption

caused or contributed to his alleged injuries.

<div align="center">

**COUNT XIII**
**STRICT LIABILITY – DEFECTIVE PRODUCT**
**(AGAINST DEFENDANTS SHELL OIL COMPANY,**
**RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC**
**METAL MOVERS, TURTLE WAX, EXXONMOBIL)**

</div>

224.    The allegations in Paragraph 224 are not directed to Answering Defendants and,

therefore, no response is required. To the extent a response is required, Answering Defendants

lack sufficient information to admit or deny the allegations in Paragraph 224 and thus deny on

that basis.

225.    The allegations in Paragraph 225 are not directed to Answering Defendants and,

therefore, no response is required. To the extent a response is required, Answering Defendants

lack sufficient information to admit or deny the allegations in Paragraph 225 and thus deny on

that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's

alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled,

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

226.    The allegations in Paragraph 226 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 226 and thus deny on that basis.

227.    The allegations in Paragraph 227 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 227 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

228.    The allegations in Paragraph 228 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 228 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

229.    The allegations in Paragraph 229 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 229 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

230.    The allegations in Paragraph 230 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 230 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

**COUNT XIV**
**NEGLIGENCE – FAILURE TO WARN**
**(AGAINST DEFENDANTS SHELL OIL COMPANY,**
**RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC**
**METAL MOVERS, TURTLE WAX, EXXONMOBIL)**

231.    The allegations in Paragraph 231 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

lack sufficient information to admit or deny the allegations in Paragraph 231 and thus deny on that basis.

232.    The allegations in Paragraph 232 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 232 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

233.    The allegations in Paragraph 233 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 233 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

234.    The allegations in Paragraph 234 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 234 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

235.    The allegations in Paragraph 235 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 235 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

236.    The allegations in Paragraph 236 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 236 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

237.    The allegations in Paragraph 237 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 237 and thus deny on that basis. Answering Defendants deny that they have caused or

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

238.    The allegations in Paragraph 238 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 238 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

239.    The allegations in Paragraph 239 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 239 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

240.    The allegations in Paragraph 240 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 240 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

## COUNT XI
## NEGLIGENCE AS TO PRODUCER, MANUFACTURER & DISTRIBUTOR OF PRODUCTS CONTAINING BENZENE
### (AGAINST DEFENDANT SAFETY-KLEEN)

241.    The allegations in Paragraph 241 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 241 and thus deny on that basis.

242.    The allegations in Paragraph 242 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 242 and thus deny on that basis.

243.    The allegations in Paragraph 243 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 243 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

244.    The allegations in Paragraph 244 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 244 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

245.    The allegations in Paragraph 245 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 245 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

246.    The allegations in Paragraph 246 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 246 and thus deny on

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

247.    The allegations in Paragraph 247 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 247 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

248.    The allegations in Paragraph 248 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 248 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

249.    The allegations in Paragraph 249 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 249 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

250.    The allegations in Paragraph 250 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 250 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

251.    The allegations in Paragraph 251 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 251 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed,

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

252.    The allegations in Paragraph 252 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 252 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

253.    The allegations in Paragraph 253 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 253 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

## COUNT XVI
## <u>STRICT LIABILTY – FAILURE TO WARN</u>
## (AGAINST DEFENDANT SAFETY-KLEEN)

254.    The allegations in Paragraph 254 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 254 and thus deny on that basis.

255.    The allegations in Paragraph 255 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 255 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

256.    The allegations in Paragraph 256 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 256 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

257.    The allegations in Paragraph 257 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 257 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages.

258.    The allegations in Paragraph 258 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 258 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages.

259.    The allegations in Paragraph 259 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 259 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

260.    The allegations in Paragraph 260 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 260 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled,

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

261.    The allegations in Paragraph 261 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 261 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

262.    The allegations in Paragraph 262 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 262 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

263.    The allegations in Paragraph 263 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 263 and thus deny on that basis. Answering Defendants deny that they have caused or

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

264.    The allegations in Paragraph 264 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 264 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

265.    The allegations in Paragraph 265 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 265 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

266.    The allegations in Paragraph 266 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 266 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

<div align="center">

**COUNT XVII**
**STRICT LIABILITY – DEFECTIVE PRODUCT**
**(AGAINST DEFENDANT SAFETY-KLEEN)**

</div>

267.    The allegations in Paragraph 267 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 267 and thus deny on that basis.

268.    The allegations in Paragraph 268 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 268 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

269.    The allegations in Paragraph 269 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 269 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

270.    The allegations in Paragraph 270 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 270 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages.

271.    The allegations in Paragraph 271 are not directed to Answering Defendants and, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 271 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages.

272.    The allegations in Paragraph 272 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants admit that some authors have issued reports and statements regarding benzene, including discussions about possible carcinogenicity in humans. Answering Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 272 and thus

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

273.     The allegations in Paragraph 273 are not directed to Answering Defendants and, therefore, no response is required. Thus, no response is required.  To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 273 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

274.     The allegations in Paragraph 274 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required, Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph 274 and thus deny on that basis. Answering Defendants deny that they have caused or contributed to Michael Grady's alleged damages. Answering Defendants further deny that Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption caused or contributed to his alleged injuries.

275.     The allegations in Paragraph 275 are not directed to Answering Defendants and are legal conclusions, therefore, no response is required. To the extent a response is required,

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph

275 and thus deny on that basis. Answering Defendants deny that they have caused or

contributed to Michael Grady's alleged damages. Answering Defendants further deny that

Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering

Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption

caused or contributed to his alleged injuries.

276.    The allegations in Paragraph 276 are not directed to Answering Defendants and

are legal conclusions, therefore, no response is required. To the extent a response is required,

Answering Defendants lack sufficient information to admit or deny the allegations in Paragraph

276 and thus deny on that basis. Answering Defendants deny that they have caused or

contributed to Michael Grady's alleged damages. Answering Defendants further deny that

Plaintiff was exposed, inhaled, ingested, or that Plaintiff absorbed, Benzene at any of Answering

Defendants' facilities or premises and that any exposure, inhalation, ingestion or absorption

caused or contributed to his alleged injuries.

<div align="center">

**COUNT XVIII**
**LOSS OF CONSORTIUM**

</div>

277.    Answering Defendants reallege and incorporate by reference their responses to

Paragraphs 1 through 276 as though fully set forth herein.

278.    Answering Defendants deny the allegations in Paragraph 278.

<div align="center">

**AFFIRMATIVE AND OTHER DEFENSES**

</div>

Discovery and investigation may reveal that any one or more of the following defenses

should be available to Answering Defendants in this matter. Answering Defendants, therefore,

assert said defenses in order to preserve the right to assert them.  By asserting the matters set forth

below, Answering Defendants do not allege or admit that they have the burden of proof and/or the

<div align="center">57</div>

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

burden of persuasion with respect to any of these matters.  Upon completion of discovery, and if the facts warrant, Answering Defendants may withdraw any of these defenses as may be appropriate.  Further, Answering Defendants reserve the right to amend their Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds.  Further answering and by way of additional defense, Answering Defendants state the following:

<p style="text-align:center;">STATUTE OF LIMITATIONS</p>

1.      Each and every claim asserted or raised in the First Amended Petition is barred by the applicable statute of limitations and/or by the doctrine of laches and/or by the statute of repose, including but not limited to  Mo. Rev. Statute § 516.120.

<p style="text-align:center;">FAILURE TO STATE A CLAIM</p>

2.      Plaintiffs' alleged claims, and each of them, fail to state a claim upon which relief may be granted.

<p style="text-align:center;">LACK OF PERSONAL JURISDICTION</p>

3.      This Court lacks personal jurisdiction over Eastman Chemical Company or Pharmacia & Upjohn Company LLC, as neither company is incorporated in Missouri nor has its principal place of business in Missouri and neither Eastman Chemical Company or Pharmacia & Upjohn Company LLC have contacts with Missouri related to or arising out of the claims in the First Amended Petition.

<p style="text-align:center;">NOT A SUBSTANTIAL FACTOR</p>

4.      Any alleged acts or omissions by any Answering Defendants were not a substantial factor in bringing about the alleged injuries and damages for which Plaintiffs seeks recovery.

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

<u>REMOTE AND SPECULATIVE DAMAGES</u>

5.     The damages alleged are impermissibly remote and speculative and, therefore, Plaintiffs are barred from the recovery of any such alleged damages.

<u>EQUITABLE DOCTRINES</u>

6.     Plaintiffs' alleged claims are barred, in whole or in part, by the equitable doctrines of unclean hands laches, collateral estoppel, res judicata, consent, or discharge.

<u>FAILURE TO MITIGATE</u>

7.     Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate and/or use reasonable care to minimize or mitigate damages.

<u>INTERVENING AND SUPERSEDING CAUSES</u>

8.     On information and belief, any injuries allegedly sustained by Plaintiffs were directly and proximately caused, if at all, by the intervening or superseding cause and/or comparative fault of third parties (including, without limitation, non-parties to this action), for whom Answering Defendants bear no responsibility and for which Answering Defendants are not liable.  Moreover, the acts and omissions of Plaintiffs or of other parties or non-parties, and not Answering Defendants, constitute a new and independent cause of any alleged damages to Plaintiffs sufficient to prevent a finding a proximate cause against Answering Defendants.

<u>THIRD-PARTY LIABILITY</u>

9.     Plaintiffs' claims are barred because Plaintiffs' alleged injuries and damages, if any, were caused solely, partially, or proximately by the actions, omissions, representations, misrepresentations, negligence, or breach of duty of other persons, firms, or corporations that Answering Defendants did not and do not control and for whom Answering Defendants are not responsible or liable.

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

## PLAINTIFFS' COMPARATIVE FAULT

10.    Plaintiffs' claims and alleged damages are barred in whole or in part and/or reduced pursuant to the Uniform Comparative Fault Act, based on Plaintiffs' own contributory or comparative negligence, contributory fault, comparative fault and/or assumption of the risk (either primary and/or secondary). Defendant denies liability, but if liability is assessed to Answering Defendants, then Answering Defendants pray for a determination and apportionment of fault among Plaintiffs, Defendants, and other persons or entities who may or may not be parties at the time this cause is submitted to a jury or trier of fact and who caused or contributed to cause any alleged injuries claimed by Plaintiffs herein.

11.    If Answering Defendants are liable to Plaintiffs under the allegations set forth in the First Amended Petition, which Answering Defendants deny, then Answering Defendants are entitled  to an apportionment of fault be made to be determined by the Court or jury as to all parties pursuant to Mo. Rev. Stat. §537.067, for any settlement or judgment. Defendant further requests a judgment or declaration of indemnification and contribution against all those parties or persons in accordance with the apportionment of fault.

## STATE OF THE ART

12.    Answering Defendants' operations were at all relevant times conducted in accordance with the then-existing state of the art in conformity with the generally recognized state of technological and scientific knowledge existing at the time of the operations at issue.  Answering Defendants' conduct and activities were reasonable, prudent and common in the industry and met the standards set by the appropriate governmental agencies.

## DEFENDANTS ACTED IN ACCORDANCE WITH LAW

60

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

13.     Old Monsanto obtained all permits and licenses required by law and acted with due care and in accordance with federal, state and local laws and regulations in effect at the time of any alleged acts or omissions.  Retroactive application of statutes, regulations and/or case law to any alleged acts or omissions by Answering Defendants is barred and/or violates the United States Constitution, and all applicable State Constitution(s).

## BENEFITS OUTWEIGHED ANY RISK

14.     Plaintiffs' claims and purported causes of action are barred in whole or in part by the risk/utility doctrine.  If it is determined that there was a risk inherent in the use of PCBs or any other chemical or material manufactured or stored by Answering Defendants, then such risk was outweighed by the benefits of PCBs or any other product allegedly at issue.

## ALTERED PRODUCT

15.     Old Monsanto's PCB products at issue, if any, were independently and materially changed, altered and modified by others, over whom Answering Defendants had no control.

## SOPHISTICATED USERS

16.     Plaintiffs' claims are barred by the "sophisticated user," "raw material supplier," "bulk supplier" and/or "learned intermediary" defenses.  PCB products of Old Monsanto, if any, at issue in the First Amended Petition, were sold in bulk to knowledgeable, learned and sophisticated intermediaries, who were at least as knowledgeable as Old Monsanto regarding the risks and hazards, if any, associated with the use and disposal of the product and were in the best position to convey appropriate use, handling, and precautionary information and other warnings. Plaintiffs have failed to join necessary and indispensable parties to this action.

## DUE PROCESS AND EQUAL PROTECTION

17.     Plaintiffs' alleged claims are barred by the United States Constitution to the extent

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

they would deprive Answering Defendants of due process or the equal protection of the laws.

<div align="center">DEFENSES AGAINST PUNITIVE DAMAGES</div>

18.     Plaintiffs' claims for punitive damages are barred from being asserted in Plaintiffs' initial pleading pursuant to Mo. Rev. Stat. § 510.261.

19.     Plaintiffs' claims for punitive damages, if granted, would be grossly excessive and would violate the United States Constitution and the Missouri Constitutions (including, but not limited to, the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article I, Sections 2, 10, 18, 19, 21 and 28 of the Missouri Constitution), and decisional law from the United States and Missouri Courts. Answering Defendants have not received fair notice that they could be subject to substantial punitive damages for the conduct alleged. And Answering Defendants' conduct was not malicious, wanton or deliberate. The punitive damages sought by Plaintiffs would be greatly disproportionate to alleged actual damages and far exceed any civil or criminal sanctions that could be imposed for similar alleged misconduct.

20.     Plaintiffs' claims for punitive damages, if granted, would violate the United States Constitution and the Missouri Constitutions (including, but not limited to, the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article I, Sections 2, 10, 18, 19, 21 and 28 of the Missouri Constitution), and decisional law from the United States and Missouri Courts, because Plaintiffs would seek to impose an excessive fine upon the Answering Defendants, punitive damages are penal in nature, not permitted by federal or state law, and Plaintiffs would seek to punish the Answering Defendants upon unconstitutionally vague standards.

21.     The conduct and/or acts of Answering Defendants as alleged in the First Amended Petition were not and are not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of Plaintiffs and/or the safety of the public. Nor do any

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

of the conduct and/or acts of Answering Defendants as alleged in the First Amended Petition demonstrate that Answering Defendants acted with a high degree of moral culpability. In fact, Answering Defendants exercised reasonable care at all times alleged in the First Amended Petition and Plaintiffs have failed to clearly establish any entitlement to punitive damages based on these allegations.

22.     The United States and Missouri Constitutions (including, but not limited to,  the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article I, Sections 2, 10, 18, 19, 21 and 28 of the Missouri Constitution), and decisional law from the United States and Missouri Courts, prohibit an award of punitive damages in this case, where Plaintiffs impermissibly seek to hold an entity incorporated in 1997 (and discharged in bankruptcy in 2008) or its parent company, and an entity incorporated in 2000 liable for the alleged tortious acts and omissions of Old Monsanto between 1935 and 1977.

<u>RIGHT TO CREDIT</u>

23.     If Answering Defendants are liable to Plaintiffs under the allegations set forth in the First Amended Petition, which Answering Defendants deny, then Answering Defendants' liability is limited to Answering Defendants' fair, equitable, and proportionate share of the costs incurred by Plaintiffs.

<u>OFFSET FOR OTHER SOURCES OF RECOVERY</u>

24.     Answering Defendants are entitled to an offset, pursuant to Mo. Rev. Stat. § 537.060, against any liability for monies that Plaintiffs have recovered and/or will recover in the future from other sources.

<u>RELEASE OR SETTLEMENT</u>

25.     Plaintiffs' alleged claims are barred, in whole or in part to the extent Plaintiffs

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

already released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised their claims relating to, the alleged damages.

## WORKERS' COMPENSATION

26.     To the extent Plaintiffs' alleged damages occurred while he was an employee of Answering Defendants, Plaintiffs' claims are barred under the Missouri Worker's Compensation Act.

## APPROPRIATE AND ADEQUATE WARNINGS

27.     To the extent there were any risks associated with the use of the product which is the subject matter of this action which the Answering Defendants knew or should have known and which gave rise to a duty to warn, the Answering Defendants at all times discharged such duty through appropriate and adequate warnings.

## CONTROL OF PREMISES

28.      Answering Defendants did not control the premises or work at issue to the extent necessary to make Answering Defendants liable as alleged by Plaintiffs.

## OPEN AND OBVIOUS

29.     Plaintiffs' claims are barred, in whole or in part, because any alleged risks that the Plaintiffs encountered were open and obvious, and because Plaintiffs knowingly and voluntarily assumed any and all risks associated with the matters alleged in the First Amended Petition.

## NO LEGAL DUTY OWED TO PLAINTIFF

30.     Answering Defendants owed no legal duty to Plaintiffs or, if Answering Defendants owed a legal duty, Answering Defendants did not breach that duty.

## IMMUNITY

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

31.    Plaintiffs' claims, in whole or in part, are barred by principles of federal contractor defense or pursuant to 50 U.S.C. App. § 2157.

32.    Plaintiffs' claims, in whole or in part, where Answering Defendants' actions were taken under color of a federal officer or are barred by federal immunity. Answering Defendants are not liable for any acts or omissions undertaken by or at the direction of federal, state, or local authority, including without limitation, acts or omissions made in accordance with applicable statutes, regulations, permits, and industry standards to the full extent of its responsibilities.

## CO-DEFENDANTS' DEFENSES ADOPTED

33.    Answering Defendants adopt and incorporate herein by reference each and every applicable defense pleaded by any other Defendant in this case as if stated fully herein.  Answering Defendants give notice that they intend to rely upon any other defenses that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend this Answer to assert any such defenses.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

34.    The First Amended Petition does not describe its claims or events with sufficient particularity to permit Answering Defendants to ascertain what other defenses may exist, and Answering Defendants presently have insufficient knowledge or information to form a belief as to whether it has additional, as yet unstated, defenses available to it. Answering Defendants therefore reserve the right to assert all defenses which may pertain to the First Amended Petition once the precise nature of the claims is ascertained and in the event, discovery indicates that such claims would be appropriate.

## DEMAND FOR JURY TRIAL

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

Answering Defendants hereby demand trial by jury of any and all claims and issues triable of right by jury.

WHEREFORE, having fully answered Plaintiffs' Second Amended Petition, Answering Defendants pray that Plaintiffs' Second Amended Petition be dismissed with prejudice, for allocation of fault between all entities, if any, found to be at fault in this case, for its costs, attorneys' fees to the fullest extent possible, and for such other and further relief as the Court may deem just.

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: /s/*Adam E. Miller*
Adam E. Miller, #40945
Shook, Hardy & Bacon L.L.P.
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
Phone: 314-690-0200
Email: amiller@shb.com

**ATTORNEYS FOR MONSANTO COMPANY, SOLUTIA, INC., PHARMACIA & UPJOHN COMPANY LLC, and EASTMAN CHEMICAL COMPANY**

Electronically Filed - City of St. Louis - February 13, 2023 - 06:54 PM

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all attorneys of record via the courts electronic filing system this 13th day of February, 2023:

<div align="right">

*/s/Adam E. Miller*

</div>

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No:  2022-CC09797 |
| vs. | ) |
| | ) Division |
| MONSANTO COMPANY, | ) |
| | ) |
| SAFETY-KLEEN SYSTEMS, INC., ET AL. | ) |
| | ) |
| Defendants. | ) |

## *DEFENDANT SAFETY-KLEEN SYSTEMS, INC.'S*
## *ANSWER TO PLAINTIFFS' SECOND AMENDED PETITION*

COMES NOW Defendant Safety-Kleen Systems, Inc. ("Safety-Kleen"), by and through counsel, and for its Answer and Affirmative Defenses to Plaintiffs' Second Amended Petition, states as follows.

1.      Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

2.      Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

3.      Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

4.      Denied in part; admitted in part.  Safety-Kleen admits only that it conducts business in the State of Missouri.  All other factual allegations in Paragraph 4 are denied.

5.      Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

6.      Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

7.      Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

8.      Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

9.      Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

10.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

11.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

12.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

13.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

14.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

15.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

16.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

17.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

18.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

19.    The allegations set forth within this paragraph are not statements of fact and the same are therefore denied.

20.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

21.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

22.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

23.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

24.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

25.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

26.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

27.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied. In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

28.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied. In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

29.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied, including all subparagraphs. In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

30.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

31.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

32.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

33.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

34.	Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

35.	Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

36.	Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

37.	Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

38.	Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

39.	Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

40.	Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

41.	Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

42.	Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

43.	Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

44.	Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

45.  Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

46.  Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

47.  Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

48.  Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

49.  Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.

50.  Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

51.  Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

52.  Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

53.  Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

54. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

55. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

56. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

57. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

58. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

59. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

60. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

61. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

*COUNT I*

62. Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' Second Amended Petition as if fully set forth herein.

63. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

64. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

65.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

66.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

67.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

68.     The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

69.     The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

70.     The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

71.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

72.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

73.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

74.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

75.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

76.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count I, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

## COUNT II

77.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' Second Amended Petition as if fully set forth herein.

78.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

79.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

80.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

81.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

82.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

83.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

84.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

85.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

86.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

87.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

88.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

89.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

90.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

91.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count II, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

### *COUNT III*

92.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' Second Amended Petition as if fully set forth herein.

93.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

94.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

95.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

96.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

97.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

98.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

99.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

100.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

101.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

102.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

103. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

104. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

105. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

106. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count III, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

## *COUNT IV*

107. Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' Second Amended Petition as if fully set forth herein.

108. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

109. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

110. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

111. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

112. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

113. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

114. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

115. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

116. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

117. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

118. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

119. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

120. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count IV, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

*COUNT V*

121.     Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' Second Amended Petition as if fully set forth herein.

122.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

123.     The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

124.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

125.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

126.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

127.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

128.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

129.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

130.     Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

131. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

132. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

133. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

134. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

135. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

136. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

137. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

138. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

139. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

140. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

141. The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

142. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

143. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

144. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count V, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### COUNT VI

145. Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' Second Amended Petition as if fully set forth herein.

146. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

147. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

148. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

149. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

150.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

151.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

152.   The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

153.   The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

154.   The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

155.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

156.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

157.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

158.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

159.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

160.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

WHEREFORE, having fully answered the allegations of Count VI, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

## COUNT VII

161. Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' Second Amended Petition as if fully set forth herein.

162. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

163. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied, including all subparts. In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

164. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

165. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

166.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

167.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

168.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

169.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

170.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

171.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

172.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

173.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count VII, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

*Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM*

## *COUNT VIII*

174. Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' Second Amended Petition as if fully set forth herein.

175. The allegations set forth within this paragraph are not statements of fact and the same are therefore denied.

176. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

177. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

178. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

179. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

180. The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

181. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

182. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

183. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count VIII, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### COUNT IX

184.   Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' Second Amended Petition as if fully set forth herein.

185.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

186.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

187.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

188.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

189.   The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

190.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

191.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

192.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

WHEREFORE, having fully answered the allegations of Count IX, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### COUNT X

193.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' Second Amended Petition as if fully set forth herein.

194.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

195.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

196.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

197.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

198.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

199.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

200.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

201.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count X, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### COUNT XI

202.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' Second Amended Petition as if fully set forth herein.

203.    The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.

204.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

205.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

206.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

207.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

208.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

209.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

210.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

211.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

212.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

213.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

214.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count XI, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### *COUNT XII*

215.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' Second Amended Petition as if fully set forth herein.

216.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

217.  Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

218.  Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

219.  Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

220.  Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

221.  Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

222.  Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

223.  Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count XII, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### *COUNT XIII*

224.  Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' Second Amended Petition as if fully set forth herein.

225.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied

226.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied, including all subparts.

227.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

228.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

229.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

230.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count XIII, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### COUNT XIV

231.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' Second Amended Petition as if fully set forth herein.

232.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

233. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

234. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

235. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

236. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

237. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

238. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

239. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

240. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and the same are therefore denied.

WHEREFORE, having fully answered the allegations of Count XIV, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

## *COUNT XV*

241. Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' Second Amended Petition as if fully set forth herein.

242. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied. In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

243. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied. In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

244. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied. In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

245. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied. In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

246.   Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

247.   Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

248.   Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

249.   Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

250.   The allegations set forth within this paragraph make legal conclusions, and the same are therefore denied.  To the extent a response is required, Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

251.   Safety-Kleen denies each and every allegation set forth in this paragraph and all its subparts and demands strict proof thereof.

252.   Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

253.   Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

WHEREFORE, having fully answered the allegations of Count XV, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

*COUNT XVI*

254.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' Second Amended Petition as if fully set forth herein.

255.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

256.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

257.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

258.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

259.   Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

260.   Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

261.   Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

262.   Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

263.   Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

264.   Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

265.   Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

266.   Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

WHEREFORE, having fully answered the allegations of Count XVI, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### *COUNT XVII*

267.    Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' Second Amended Petition as if fully set forth herein.

268.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

269.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

270.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

271.    Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied.  In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

272. Safety-Kleen denies each and every allegation set forth in this paragraph and all its subparts and demands strict proof thereof.

273. Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

274. Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

275. Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

276. Safety-Kleen denies each and every allegation set forth in this paragraph and demands strict proof thereof.

WHEREFORE, having fully answered the allegations of Count XVII, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### COUNT XVIII

277. Safety-Kleen restates and reasserts its answers to all paragraphs of Plaintiffs' Second Amended Petition as if fully set forth herein.

278. Safety-Kleen is without sufficient information or belief to admit or deny the allegations set forth within this paragraph and the same are therefore denied. In further response, Safety-Kleen denies the allegations set forth in this paragraph to the extent any of the

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

allegations are directed against or can be construed against Safety-Kleen and demands strict proof thereof.

WHEREFORE, having fully answered the allegations of Count XVIII, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems, Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this Defendant's costs, and for such other and further relief as is just and proper.

### *AFFIRMATIVE DEFENSES*

1.     For further answer and affirmative defense, Safety-Kleen states that Plaintiffs fail to state a claim or cause of action against Safety-Kleen upon which relief can be granted.

2.     For further answer and affirmative defense, Safety-Kleen states that this Court lacks personal jurisdiction.

3.     For further answer and affirmative defense, Safety-Kleen states that Plaintiffs' causes of action against Safety-Kleen are barred by the applicable Statute of Limitations.

4.     For further answer and affirmative defense, Safety-Kleen states that Plaintiffs' causes of action against Safety-Kleen are barred by the applicable Statute of Repose.

5.     For further answer and affirmative defense, Safety-Kleen states that Plaintiff Michael Grady knew and understood the risks and hazards involved in the "products" described in the Plaintiffs' Petition, and therefore, any causes of action against Safety-Kleen are barred due to the Plaintiff Michael Grady's assumption of the risk.

6.     For further answer and affirmative defense, Safety-Kleen states that if Plaintiffs suffered any injuries or damages, which Safety-Kleen denies, such injuries or damages were caused solely by, or were the direct and proximate result of, the negligence of Plaintiff

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

Michael Grady's employers, co-workers, and/or others.  Said negligence constitutes a superseding and intervening cause of the injuries and damages to the Plaintiffs.

7.     For further answer and affirmative defense, Safety-Kleen states that negligent acts or omissions by Plaintiff Michael Grady are the sole proximate cause, or a contributing proximate cause to Plaintiffs' alleged injuries and damages in that Plaintiff Michael Grady failed to use Safety-Kleen's products as intended, failed to follow instructions and warnings, and failed to properly use personal protective equipment and thus and thereby, any verdict for Plaintiffs should be reduced in proportion to the fault of Plaintiff Michael Grady.

8.     For further answer and affirmative defense, Safety-Kleen states that if, at the time of trial, it is shown that Plaintiff Michael Grady used products manufactured, supplied, distributed, or sold by Safety-Kleen and said products or a portion thereof were supplied to, or on behalf of, the United States Government, then Safety-Kleen raises any immunity from suit or from liability as conferred by the United States Government and specifically pleads the government contractor defense.

9.     For further answer and affirmative defense, Safety-Kleen states that if Plaintiff Michael Grady was exposed to any product of Safety-Kleen, which Safety-Kleen denies, said exposure was so minimal that it could not constitute a proximate cause of Plaintiffs' alleged injuries and damages. The amount of any such exposure was and is *de minimis*; therefore, this Court should give no cognizance thereto and should deny any recovery against Safety-Kleen.

10.    For further answer and affirmative defense, Safety-Kleen states that although Safety-Kleen denies that any of its products were involved in bringing about the injuries and

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

damages alleged by Plaintiffs, in the event that such products are found to have been in contact with the Plaintiff Michael Grady, Safety-Kleen affirmatively states that such products were substantially altered, abused, misused, modified, contaminated, or otherwise changed from the time said products left Safety-Kleen's possession.

11.    For further answer and affirmative defense, Safety-Kleen states that Safety-Kleen's products were at all times of good and merchantable quality and fit for the ordinary purposes for which such products were used.

12.    For further answer and affirmative defense, Safety-Kleen states that if Plaintiff Michael Grady was exposed to any of Safety-Kleen's products, which Safety-Kleen denies, said products were manufactured in conformity with applicable federal and state regulations, standards, specifications, and laws; consequently, recovery by Plaintiffs is herein barred.

13.    For further answer and affirmative defense, Safety-Kleen states that the injuries and damages allegedly sustained by the Plaintiffs occurred in connection with acts other than the handling and/or use of Safety-Kleen's products and, therefore, said injuries and damages were not proximately caused by the acts and/or omissions of Safety-Kleen and Safety-Kleen had no duty to provide warnings to the Plaintiff Michael Grady.

14.    For further answer and affirmative defense, Safety-Kleen states that Safety-Kleen neither knew nor should have known that any products shown to have been sold by it, and to which Plaintiff Michael Grady alleges he was exposed, constituted a reasonably foreseeable risk of harm by virtue of the state of the medical, scientific, or industrial knowledge available to Safety-Kleen at the time said products were fabricated or supplied.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

15.    For further answer and affirmative defense, Safety-Kleen states that at all relevant times, Safety-Kleen's products conformed to the then current state of the art, and any relevant act or omission of Safety-Kleen was in conformance with the recognized state of the art at the time of the act or omission.

16.    For further answer and affirmative defense, Safety-Kleen states that the designs or formulations of its products were adequate and appropriate at all times, and at all times, Safety-Kleen acted reasonably in designing and formulating the subject product.

17.    For further answer and affirmative defense, Safety-Kleen states that the injuries and damages alleged by Plaintiffs were caused, in whole or in part, by parties other than Safety-Kleen, including but not limited to, parties who are Defendants in the instant cause of action, and including but not by way of limitation, the conduct of Plaintiff Michael Grady and his employers who were sophisticated purchasers and users of the products. Consequently, any damages awarded must be apportioned among these parties, persons, and/or entities in accordance with the proportionate share of fault of each.

18.    For further answer and affirmative defense, Safety-Kleen states that to the extent Plaintiff Michael Grady continued to smoke tobacco products despite being aware of the health hazards of smoking tobacco cigarettes, if any damages are awarded, then those damages should be reduced in whole or in part by the damage caused by cigarette smoking.

19.    For further answer and affirmative defense, Safety-Kleen states that to the extent Plaintiff Michael Grady continued to smoke tobacco products despite being aware of the health hazards associated with smoking and the warning of his/her doctors, recovery should be barred to the extent Plaintiff Michael Grady failed to mitigate these damages.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

20.    For further answer and affirmative defense, Safety-Kleen states that to the extent smoking caused or contributed to cause Plaintiff Michael Grady's diseases, then Plaintiffs' claims should be reduced in whole or in part by the damages caused by cigarette smoking.

21.    For further answer and affirmative defense, Safety-Kleen states Plaintiffs have failed, neglected, and/or refused to mitigate their damages, if any, and therefore, are barred from recovery of those damages which could have been avoided by the exercise of due diligence.

22.    For further answer and affirmative defense, Safety-Kleen states that Missouri's rules of joint and several liability apply.

23.    For further answer and affirmative defense, Safety-Kleen states that Plaintiffs' causes of action are barred or subject to a reduction of damages by the applicable workers' compensation laws.

24.    For further answer and affirmative defense, Safety-Kleen states that in the event a verdict finding Safety-Kleen at fault to any degree, then pursuant to §537.060 R.S.Mo., Safety-Kleen is entitled to have the damages found by the verdict reduced by the greater of the stipulated amount of, or the actual compensation paid to or on behalf of the Plaintiffs in, settlement of the claimed liability in tort of any other party.

25.    For further answer and affirmative defense, Safety-Kleen states that Plaintiffs' claims based upon improper warnings, labels, or disclosure fail as a matter of law because Safety-Kleen, at all relevant times, complied with applicable OSHA standards regarding labels and warnings for products which contain trace amounts of benzene, and these standards preempt any state law claims.

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

26.     For further answer and affirmative defense, Safety-Kleen states that Plaintiffs' claims
based on workplace exposure, warnings, labels, training, and/or protective equipment fail
as a matter of law because they impermissibly seek to shift the burden of providing a safe
workplace, which OSHA imposes upon the employer, to Safety-Kleen, a violation of the
statutes which preempt the state law claims.

27.     Safety-Kleen asserts all of its rights of indemnification for any damages.

28.     Safety-Kleen incorporates the defenses of other Defendants, as they may be applicable to
Safety-Kleen.

29.     Safety-Kleen reserves the right to allege additional facts and circumstances in support of
its defenses as these facts may become available.

WHEREFORE, having fully answered the allegations of Plaintiffs' Second Amended
Petition, and the same having failed to state a cause of action, Defendant Safety-Kleen Systems,
Inc. respectfully prays that the same be dismissed with prejudice and that this Court enter its
judgment for Defendant Safety-Kleen Systems, Inc. and against Plaintiffs, together with this
Defendant's costs, and for such other and further relief as is just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY OF TWELVE**

/s/ J. Phillip Bryant
Gary E. Snodgrass   #27037
J. Phillip Bryant   #46154
PITZER SNODGRASS, P.C.
Attorney for Defendant
Safety-Kleen Systems, Inc.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: snodgrass@pspclaw.com
Email: bryant@pspclaw.com

Electronically Filed - City of St. Louis - February 13, 2023 - 11:11 AM

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a copy of the foregoing has been electronically served on all counsel of record via the Missouri eFiling System, or U.S. mail for parties not registered for the Missouri eFiling System, on this 13th day of February, 2023.

/s/ J. Phillip Bryant

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| MICHAEL GRADY and KATHLEEN GRADY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 2022-CC09797 |
| MONSANTO COMPANY, et al., | ) ) | JURY TRIAL DEMANDED ON ALL CLAIMS AND DEFENSES |
| Defendants. | ) | |

**DEFENDANT SHELL USA, INC.'S (F/K/A SHELL OIL COMPANY) ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED PETITION**

Defendant, Shell USA, Inc., f/k/a/ Shell Oil Company (hereinafter "Defendant"), by its attorneys, Fox Smith, LLC, submits the following as its Answer and Affirmative Defenses to Plaintiffs' Second Amended Petition:

**Jurisdiction and Venue**

1.      Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 1.

2.      Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 2.

3.      Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 3.

4.      Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 4.

5.      Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 5.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Case No. 2022-CC09797

6.      Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 6.

7.      Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 7.

8.      Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 8.

9.      Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 9.

10.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 10.

11.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 11.

12.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 12.

13.     Defendant admits Shell USA, Inc., f/k/a Shell Oil Company is a Delaware corporation, in good standing with its principal place of business in Houston, Texas. Defendant denies the remaining allegations in paragraph 13.

14.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 14.

15.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 15.

16.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 16.

2

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

17.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 17.

18.    The allegation in paragraph 18 is for definitional purposes only and, therefore, no response is required.

19.    The allegation in paragraph 19 is for definitional purposes only and, therefore, no response is required.

20.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 20.

21.    Defendant denies the allegation in paragraph 21.

22.    The allegations in paragraph 22 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies it engaged in any wrongful acts and/or negligent conduct in the City of St. Louis and further denies any act or omission on Defendant's part caused or contributed to cause Plaintiffs' injuries and/or damages.

23.    The allegations in paragraph 23 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 23.

24.    The allegations in paragraph 24 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 24.

<u>**Allegations Common To All Counts**</u>

**1.  Plaintiff Michael Grady's Exposure Routes**

25.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 25.

26.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 26.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

27.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 27.

28.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 28.

29.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 29.

30.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 30.

31.     Defendant denies Plaintiff Michael Grady worked with or around or was otherwise exposed to products manufactured, supplied, transported, or delivered by Defendant Shell USA, Inc. (f/k/a Shell Oil Company), including but not limited to benzene. Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 31.

32.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 32.

33.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 33.

34.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 34.

35.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 35.

36.     Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 36.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

37.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 37.

38.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 38.

39.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 39.

40.    Defendant denies Plaintiff Michael Grady worked with or around or was otherwise exposed to products manufactured, supplied, transported, or delivered by Defendant Shell USA, Inc. (f/k/a Shell Oil Company), including but not limited to benzene. Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 40.

41.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 41.

42.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 42.

43.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 43.

44.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 44.

45.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 45.

46.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 46.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Case No. 2022-CC09797

47.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 47.

48.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 48.

49.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 49.

**Facts Concerning Monsanto**

50.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 50.

51.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 51.

52.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 52.

53.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 53.

54.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 54.

55.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 55.

56.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 56.

57.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 57.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

58.    Defendant lacks sufficient information from which either to admit or deny the allegations in paragraph 58.

59.    Defendant denies Plaintiff Michael Grady worked with or around or was otherwise exposed to products manufactured, supplied, transported, or delivered by Defendant Shell USA, Inc. (f/k/a Shell Oil Company), including but not limited to benzene. Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 59.

60.    Defendant denies Plaintiff Michael Grady worked with or around or was otherwise exposed to products manufactured, supplied, transported, or delivered by Defendant Shell USA, Inc. (f/k/a Shell Oil Company), including but not limited to benzene. Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 60.

61.    Defendant denies Plaintiff Michael Grady worked with or around or was otherwise exposed to products manufactured, supplied, transported, or delivered by Defendant Shell USA, Inc. (f/k/a Shell Oil Company), including but not limited to benzene. Defendant lacks sufficient information from which either to admit or deny the remaining allegations in paragraph 61.

**Count I**
**Negligence: PCBs**
**(Against Defendants Monsanto, Bayer, Solutia, Pharmacia, and Eastman Chemical)**

The allegations in Count I are not directed at Defendant Shell USA, Inc., f/k/a Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count I.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Case No. 2022-CC09797

**Count II**
**Negligence: Benzene**
**(Against Defendants Monsanto, Bayer, Solutia, Pharmacia, and Eastman Chemical)**

The allegations in Count II are not directed at Defendant Shell USA, Inc., f/k/a Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count II.

**Count III**
**Negligence**
**(Against Defendants Monsanto, Bayer, Solutia, Pharmacia, and Eastman Chemical)**

The allegations in Count III are not directed at Defendant Shell USA, Inc., f/k/a Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count III.

**Count IV**
**Strict Liability: Defective Product**
**(Against Defendants Monsanto, Bayer, Solutia, Pharmacia, and Eastman Chemical)**

The allegations in Count IV are not directed at Defendant Shell USA, Inc., f/k/a Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count IV.

**Count V**
**Negligence: Premises Liability**
**(Against Defendants Monsanto, Bayer, Solutia, Pharmacia, and Eastman Chemical)**

The allegations in Count V are not directed at Defendant Shell USA, Inc., f/k/a Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count V.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Case No. 2022-CC09797

**Count VI**
**Negligence**
**(Against Defendants Anheuser-Busch InBev,**
**Procter & Gamble, and Mallinckrodt/MI Holdings )**

The allegations in Count VI are not directed at Defendant Shell USA, Inc., f/k/a Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count VI.

**Count VII**
**Negligence**
**(Against Defendant ExxonMobil Oil Corporation)**

The allegations in Count VII are not directed at Defendant Shell USA, Inc., f/k/a Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count VII.

**Count VIII**
**Negligence As To Producer, Manufacturer, and Distributer of Benzene**
**(Shell USA, Inc., f/k/a Shell Oil Company)**

174.    Defendant incorporates by reference its answers to paragraphs 1-2, 13, and 21-25 of Plaintiffs' Second Amended Petition as if fully set forth herein.

175.    The allegations in paragraph 175 are for definitional purposes only and, therefore, no response is required.

176.    Defendant denies the allegations in paragraph 176.

177.    Defendant denies the allegations in paragraph 177.

178.    Defendant denies the allegations in paragraph 178.

179.    Defendant denies the allegations in paragraph 179.

180.    Defendant denies the allegations in paragraph 180.

181.    Defendant denies the allegations in paragraph 181, including but not limited to the allegations in subparagraphs (a) through (g), inclusive.

9

Case No. 2022-CC09797

182. Defendant denies the allegations in paragraph 182.

183. Defendant denies the allegations in paragraph 183.

WHEREFORE, Defendant Shell USA, Inc., f/k/a Shell Oil Company, by its attorneys, denies it is liable to Plaintiff Michael Grady under Count VIII of Plaintiffs' Second Amended Petition or under any Count or theory whatsoever, and prays this Honorable Court enter judgment in favor of Defendant Shell USA, Inc., f/k/a Shell Oil Company and award Defendant its costs and any other relief warranted under the circumstances.

**Count IX**
**Negligence As To Producer, Manufacturer, and Distributer of Benzene**
**(ExxonMobil)**

The allegations in Count IX are not directed at Defendant Shell USA, Inc., f/k/a Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count IX.

**Count X**
**Negligence As To Producer, Manufacturer, and Distributer of Benzene**
**(Turtle Wax, Mistic Metal Movers, United States Steel, Radiator Specialty)**

The allegations in Count X are not directed at Defendant Shell USA, Inc., f/k/a Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count X.

**Count XI**
**Negligence**
**(Against Defendant Mistic Metal Movers, Inc.)**

The allegations in Count XI are not directed at Defendant Shell USA, Inc., f/k/a Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count XI.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

**Count XII**
**Strict Liability – Failure to Warn**
**(Shell USA, Inc., f/k/a Shell Oil Company, ExxonMobil, Turtle Wax, Mistic**
**Metal Movers, United States Steel, and Radiator Specialty)**

215.    Defendant incorporates by reference its answers to paragraphs 1-2, 7, 14-17, 21-25, 28-30,  45-46, 48-49 of Plaintiffs' Second Amended Petition as if fully set forth herein.

216.    Defendant denies the allegations in paragraph 216.

217.    Defendant denies the allegations in paragraph 217.

218.    Defendant denies the allegations in paragraph 218.

219.    Defendant denies the allegations in paragraph 219.

220.    Defendant denies the allegations in paragraph 220.

221.    Defendant denies the allegations in paragraph 221.

222.    Defendant denies the allegations in paragraph 222.

223.    Defendant denies the allegations in paragraph 223.

WHEREFORE, Defendant Shell USA, Inc., f/k/a Shell Oil Company, by its attorneys, denies it is liable to Plaintiff Michael Grady and Plaintiff Kathleen Grady under Count XII of Plaintiffs' Second Amended Petition or under any Count or theory whatsoever, and prays this Honorable Court enter judgment in favor of Defendant Shell USA, Inc., f/k/a Shell Oil Company and award Defendant its costs and any other relief warranted under the circumstances.

**Count XIII**
**Strict Liability – Defective Product**
**(Shell USA, Inc., f/k/a Shell Oil Company, ExxonMobil, Turtle Wax, Mistic**
**Metal Movers, United States Steel, and Radiator Specialty)**

224.    Defendant incorporates by reference its answers to paragraphs 1-2, 7, 14-17, 21-25, 28-30,  45-46, 48-49 of Plaintiffs' Second Amended Petition as if fully set forth herein.

225.    Defendant denies the allegations in paragraph 225.

226.    Defendant denies the allegation in paragraph 226, including but not limited to the allegations in subparagraphs (a) through (e), inclusive.

227.    Defendant denies the allegations in paragraph 227.

228.    Defendant denies the allegations in paragraph 228.

229.    Defendant denies the allegations in paragraph 229.

230.    Defendant denies the allegations in paragraph 230.

WHEREFORE, Defendant Shell USA, Inc., f/k/a Shell Oil Company, by its attorneys, denies it is liable to Plaintiff Michael Grady under Count XIII of Plaintiffs' Second Amended Petition or under any Count or theory whatsoever, and prays this Honorable Court enter judgment in favor of Defendant Shell USA, Inc., f/k/a Shell Oil Company and award Defendant its costs and any other relief warranted under the circumstances.

**Count XIV**
**Negligence – Failure to Warn**
**(Shell USA, Inc., f/k/a Shell Oil Company, ExxonMobil, Turtle Wax, Mistic Metal Movers, United States Steel, and Radiator Specialty)**

231.    Defendant incorporates by reference its answers to paragraphs 1-2, 7, 14-17, 21-25, 28-30,  45-46, 48-49 of Plaintiffs' Second Amended Petition as if fully set forth herein.

231.    Defendant denies the allegations in paragraph 231.

232.    Defendant denies the allegations in paragraph 232.

233.    Defendant denies the allegations in paragraph 233.

234.    Defendant denies the allegations in paragraph 234.

235.    Defendant denies the allegations in paragraph 235.

236.    Defendant denies the allegations in paragraph 236.

237.    Defendant denies the allegations in paragraph 237.

238.    Defendant denies the allegations in paragraph 238.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

239.    Defendant denies the allegations in paragraph 239.

240.    Defendant denies the allegations in paragraph 240.

WHEREFORE, Defendant Shell USA, Inc., f/k/a Shell Oil Company, by its attorneys, denies it is liable to Plaintiff Michael Grady under Count XIV of Plaintiffs' Second Amended Petition or under any Count or theory whatsoever, and prays this Honorable Court enter judgment in favor of Defendant Shell USA, Inc., f/k/a Shell Oil Company and award Defendant its costs and any other relief warranted under the circumstances.

### Count XV
### <u>Negligence As To Producer, Manufacturer, and Distributer of Benzene</u>
### (Safety-Kleen)

The allegations in Count XV are not directed at Defendant Shell USA, Inc., f/k/a Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count XV.

### Count XVI
### <u>Strict Liability – Failure to Warn</u>
### (Safety-Kleen)

The allegations in Count XVI are not directed at Defendant Shell USA, Inc., f/k/a Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count XVI.

### Count XVII
### <u>Strict Liability – Defective Product</u>
### (Safety-Kleen)

The allegations in Count XVII are not directed at Defendant Shell USA, Inc., f/k/a Shell Oil Company and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Count XVII.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

**Count XVIII**
**Loss of Consortium**
**(All Defendants)**

277.    Defendant incorporates by reference its answers to all paragraphs of Plaintiffs'
Second Amended Petition as if fully set forth herein.

278.    Defendant denies the allegations in paragraph 278.

WHEREFORE, Defendant Shell USA, Inc., f/k/a Shell Oil Company, by its attorneys,
denies it is liable to Plaintiff Kathleen Grady under Count XVIII of Plaintiffs' Second Amended
Petition or under any Count or theory whatsoever, and prays this Honorable Court enter
judgment in favor of Defendant Shell USA, Inc., f/k/a Shell Oil Company and award Defendant
its costs and any other relief warranted under the circumstances.

**AFFIRMATIVE DEFENSES TO ALL COUNTS**

Defendant, Shell USA, Inc., f/k/a Shell Oil Company ("Defendant" or "Shell USA,
Inc."), by its attorneys, submits the following as its Affirmative Defenses to Plaintiffs' Second
Amended Petition:

1.      FAILURE TO STATE A CLAIM

Plaintiffs' Second Amended Petition and all purported causes of action stated therein fail
to state a claim or a cause of action against this Defendant upon which relief can be granted.

2.     LACK OF SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction over the incidents and persons joined in this
matter.

3.     IMPROPER VENUE

Venue is improper, so Plaintiffs' Second Amended Petition should be dismissed.

4.     *FORUM NON CONVENIENS*

Plaintiffs' action should be dismissed pursuant to the doctrine of *forum non conveniens.*

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Case No. 2022-CC09797

5.    FAILURE TO JOIN NECESSARY AND/OR INDISPENSABLE PARTIES

Plaintiffs' Second Amended Petition fails to join necessary and/or indispensable parties. Thus, Plaintiffs' claims are barred.

6.    DE MINIMIS EXPOSURE

If Plaintiff Michael Grady was exposed to any products of this Defendant, which is specifically denied, then such exposure was inconsequential or de minimis, thus barring any recovery by Plaintiffs.

7.    STATUTE OF LIMITATIONS OR REPOSE

Plaintiffs' claims are barred by the applicable statutes of limitations or repose, including, but not limited to, Mo. Rev. Stat. §§ 516.120 and 537.080. In addition, to the extent Illinois law governs this matter, Plaintiffs' claims are barred by 735 ILCS 5/13-202 (statute of limitations) and/or 735 ILCS 5/13-213 (statute of repose).

8.    LACHES, ESTOPPEL AND WAIVER

Plaintiffs unreasonably delayed in bringing this action against this Defendant in a way which prejudiced its rights. Therefore, Plaintiffs' causes of action are barred by the doctrines of laches, estoppel, and/or waiver.

9.    RELEASE

Plaintiffs' claims have been released or assigned to others. Alternatively, Plaintiffs' claims are barred by res judicata, release, settlement, merger and bar, accord and satisfaction, and/or collateral estoppel.

10.    ASSUMPTION OF THE RISKS

Plaintiff Michael Grady knew, understood, and appreciated the risks and hazards involved in the products and any such risks were open, obvious, and apparent to him. Therefore,

15

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Case No. 2022-CC09797

Plaintiffs' causes of action against this Defendant are barred by Plaintiff Michael Grady's assumption of the risks.

### 11.   COMPARATIVE FAULT

If Plaintiffs sustained any injury or damages, which this Defendant denies, such injuries or damages were directly and proximately caused or contributed to, in whole or in part, by Plaintiff Michael Grady's own culpable conduct, negligence, and/or fault. Therefore, said fault would bar or reduce recovery in proportion to the culpable conduct and negligence of Plaintiff Michael Grady.

### 12.   IMPROPER USE

Plaintiff Michael Grady neither used this Defendant's products as reasonably anticipated by this Defendant, nor for the purposes intended by this Defendant. Therefore, if Plaintiffs sustained any injury or damages, which this Defendant denies, such injuries or damages were directly and proximately caused by Plaintiff Michael Grady's misuse or improper use of this Defendant's products.

### 13.   FAILURE TO USE ORDINARY CARE

Plaintiff Michael Grady unreasonably failed to appreciate the dangers involved in the use of the products alleged in Plaintiffs' Second Amended Petition or the consequences thereof. Thus, Plaintiff Michael Grady unreasonably exposed himself to the dangers that a reasonably careful user would reasonable appreciate under the same or similar circumstances.

### 14.   SOLE CAUSE

Defendant Shell USA, Inc. did not design, manufacture, distribute, market, sell, install, remove, or service the products to which Plaintiffs allege Plaintiff Michael Grady was exposed, and Defendant Shell USA, Inc. did not own, operate, manage, supervise, or otherwise control any of the premises where Plaintiffs allege Plaintiff Michael Grady was exposed. Other parties,

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Case No. 2022-CC09797

non-parties, persons, or entities, and not Shell USA, Inc., are solely liable for all products, premises, services, conduct, actions, or inactions relating to Plaintiff Michael Grady's alleged exposures for which Shell USA, Inc. has been sued. Shell USA, Inc. is not a successor-in-interest to, nor has it assumed by any other means or in any other manner, the debts, duties, liabilities, or obligations of any such parties, non-parties, persons, or entities. Plaintiffs' claims against Shell USA, Inc. are barred by, among other things, the successor corporate non-liability doctrine and all other applicable laws, statutes, regulations, and doctrines.

15.     INTERVENING CAUSE

The culpable conduct and/or negligence of third-parties, not under the control of this Defendant was a direct and proximate cause of the alleged injuries of Plaintiff Michael Grady and/or Plaintiffs. Such conduct or negligence was an intervening or superseding cause, which prohibits the imposition of liability on this Defendant.

16.     CONTROL

Shell USA, Inc. avers it is not liable if it did not control the premises or work at issue to the extent necessary to make Shell USA, Inc. liable as alleged by Plaintiffs.

17.     NO LEGAL DUTY OWED OR BREACHED

Plaintiffs are barred from recovery for some or all of the claims asserted against Shell USA, Inc. because Shell USA, Inc. did not owe any legal duty to Plaintiffs or, if Shell USA, Inc. owed a legal duty, Shell USA, Inc. did not breach that duty.

18.     NO INDIFFERENCE OR CONSCIOUS DISREGARD

Plaintiffs failed to allege facts from which it can be reasonably inferred to the level of clear and convincing proof that Shell USA, Inc. acted with complete indifference to or conscious disregard for the safety of others.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Case No. 2022-CC09797

19.    <u>NO DUTY TO WARN</u>

Shell USA, Inc. would further show if the products used by or around Plaintiff Michael Grady were manufactured, distributed, or sold by Shell USA, Inc. or present, used, or installed on Shell USA, Inc.'s premises, which is denied, then they were distributed and sold for use in a limited market by a limited class of workers who have held themselves out as having special knowledge and experience in the handling of this material. Upon information and belief, Plaintiff Michael Grady was an experienced member of that limited class of skilled individuals upon whose special knowledge and expertise concerning the danger of the product, if any, Shell USA, Inc. was entitled to rely. Shell USA, Inc. contends it had no duty to warn of danger which Plaintiff Michael Grady knew, or should have known, as a result of Plaintiff Michael Grady's special knowledge or expertise in the handling of these products or on these premises.

If, in the alternative, Plaintiff Michael Grady was not a member of the limited class of workers who have held themselves out as having special knowledge and experience in the handling of these products, the scope of any duty to warn on the part of Defendant did not extend to Plaintiff Michael Grady as a non-user of any of the products.

20.    <u>ALL REQUIRED WARNINGS WERE GIVEN</u>

If a duty to warn is found to have existed, then Shell USA, Inc. asserts it provided all required warnings regarding its products to people to whom Shell USA, Inc. sold its products and to people who used their products, and if Plaintiff Michael Grady did not receive these warnings, then it was because the products were supplied in bulk and the people to whom Shell USA, Inc. sold its products did not pass the product warnings along to Plaintiff Michael Grady, without fault of Shell USA, Inc.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Case No. 2022-CC09797

21.    <u>NO FORESEEABLE RISK OF HARM</u>

Defendant did not have a duty to warn Plaintiff Michael Grady, as its products did not represent a foreseeable risk of harm to Plaintiff Michael Grady.

22.    <u>FAILURE TO MITIGATE</u>

Plaintiffs, individually or collectively, failed to mitigate their damages, which bars or reduces their recovery.

23.    <u>CONSTITUTIONAL DEFENSES AGAINST PUNITIVE DAMAGES</u>

Plaintiffs' Second Amended Petition fails to state a cause of action upon which either punitive or exemplary damages can be awarded because it violates the United States, Illinois, and/or Missouri Constitutions, including, but not limited to, the following particulars:

(a)    Plaintiffs' claim for punitive damages is barred by the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, the Illinois Constitution, and the Missouri Constitution;

(b)    Plaintiffs' claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment;

(c)    Plaintiffs' claim for punitive damages violates Defendant's right to equal protection under the law provided in the Fifth and Fourteenth Amendments of the United States Constitution and is otherwise unconstitutional under the United States Constitution, the Illinois Constitution, and the Missouri Constitution;

(d)    Plaintiffs' claim for punitive damages violates Defendant's right to substantive due process and provided in the Fifth and Fourteenth

19

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Case No. 2022-CC09797

Amendments of the United States Constitution, the Illinois Constitution, and the Missouri Constitution;

(e)     Plaintiffs' claim for punitive damages violates the Contract Clause of the United States Constitution;

(f)     Plaintiffs' claim for punitive damages violates the Fourth and Sixth Amendments to the United States Constitution;

(g)     Plaintiffs' claims for punitive damages are barred by the Commerce Clause of the United States Constitution, Article I, § 8, cl. 3, because the transactions alleged in Plaintiffs' Second Amended Petition took place in interstate commerce, and the imposition of punitive damages on a defendant for transactions in interstate commerce unduly burdens that commerce. In addition, Shell USA, Inc. maintains its principal place of business outside this State, and imposition of punitive damages on an out-of-state defendant would unreasonably discriminate against interstate commerce; and

(h)     Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by principles of federalism embodied in the Constitution, to the extent that claim is based on any conduct by Shell USA, Inc. that occurred outside this State. No legitimate interest of this State can be served by the imposition of punitive damages based on conduct that occurred outside this State, and therefore Due Process prohibits the award of punitive damages based on such conduct.

20

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Case No. 2022-CC09797

The claim for punitive damages violates the United States Constitution, the Illinois Constitution, and Missouri Constitution for, but not limited to, the following reasons:

(aa) The jury is given unfettered discretion to award punitive damages on vague grounds with no objective standards;

(bb) A presumption of innocence is not applied;

(cc) Specific intent is not required;

(dd) A unanimous jury verdict is not required;

(ee) The purpose is the punishment of Defendant and is tantamount to the imposition of a criminal fine based upon conduct which is not defined with sufficient precision to give Defendant advanced notice of that conduct;

(ff) Although indistinguishable from a criminal penalty, a letter standard of proof and procedural safeguards is required than in criminal cases;

(gg) Multiple awards of punitive damages can be made for the same acts or omissions;

(hh) The imposition of punitive damages would constitute an excessive fine;

(ii) Missouri and/or Illinois law fails to require any award of punitive damages bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature;

(jj) Such punishment is retrospective in operation, constituting an uncertain remedy and impairing Defendant's access to the courts;

(kk) The law of Missouri and/or Illinois governing punitive damages provides inadequate procedural protections against arbitrary or erroneous awards of

21

such damages and Missouri and/or Illinois may constitutionally award punitive damages only if the law of Missouri and/or Illinois provides significant and effective procedural protections to Shell USA, Inc., which the law of Missouri and/or Illinois does not;

(ll)   Shell USA, Inc. lacked adequate notice either of the type of conduct that could warrant an award of punitive damages under the law of Missouri and/or Illinois, or of the amount of such damages that could be awarded;

(mm)  Joint and several judgments against multiple defendants for different alleged acts of wrongdoing may result;

(nn)   Joint and several liability imposes on an alleged tortfeasor a liability in excess of the responsibility of that alleged tortfeasor as found by the Jury and such excess is effectively a fine, bearing no relation to the conduct or state of mind of the alleged tortfeasor;

(oo)   The imposition of different penalties for the same or similar acts may be the result of an imposition of punitive damages, constituting an irrational, arbitrary and capricious punishment;

(pp)   Punitive damages, as awarded in Missouri and/or Illinois, impermissibly discriminate against corporate defendants, including the defendant in this case, that are organized under the laws of other states and that maintain their principal places of business in other states;

(qq)   Punitive damages, as awarded in Missouri and/or Illinois, impermissibly discriminate on the basis of wealth because the law of these states permits the introduction of evidence of Shell USA, Inc.'s financial condition or 'net worth' with respect to the quantum of punitive damages.

Case No. 2022-CC09797

In the alternative, Shell USA, Inc. pleads and invokes any and all standards for recovery and limitations on the amount of recovery for punitive or exemplary damages to the full extent provided by Missouri law, Illinois law, or any other applicable law.

24.    <u>PUNITIVE DAMAGES BARRED FOR OUT-OF-STATE CONDUCT</u>

Shell USA, Inc. states Plaintiffs' claims for punitive damages are barred in that a jury cannot constitutionally impose punitive damages for out-of-state conduct.

25.    <u>DUPLICATIVE PUNITIVE DAMAGES</u>

Plaintiffs' claims for punitive damages are barred if those claims are duplicative of claims for punitive damages on the basis of similar allegations in other cases. In the alternative, any punitive damages awarded to Plaintiffs should be offset by the amount of damages assessed against Shell USA, Inc. in other similar actions, if any.

26.    <u>WORKERS' COMPENSATION</u>

To the extent Plaintiff Michael Grady's exposure to benzene or benzene-containing products, for which Plaintiffs seek recovery against this Defendant, occurred while Plaintiff Michael Grady was employed by Shell USA, Inc., he should be considered a statutory employee under the Missouri Worker's Compensation Act, R.S. Mo. § 287.040.1, and under which the Labor and Industrial Relations Commission is the proper entity to hear Plaintiffs' claims. If another State's worker's compensation act applies, including but not limited to Illinois, that act would determine the proper entity for Plaintiffs' claims.

27.    <u>IMPROPER IMPOSITION OF RETROACTIVE LIABILITY</u>

Plaintiffs' claims are barred to the extent they seek to impose liability retroactively for conduct that was not actionable at the time it occurred. If it is determined products allegedly manufactured, distributed, or sold by Shell USA, Inc. were used in accordance with the designs

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Case No. 2022-CC09797

and specifications of the United States of America, any state or political subdivision of any state, the claims against Shell USA, Inc. are barred.

28.    <u>IMMUNITY</u>

If it is determined Plaintiff Michael Grady was exposed to any products allegedly manufactured, distributed, or sold by Shell USA, Inc., which products or components of those products were acquired from or sold by or used on behalf of the United States of America, any state or any political subdivision of any state, then Shell USA, Inc. is entitled to any sovereign or governmental immunity available to the United States, any state or any political subdivision of the state.

29.    <u>PREEMPTION</u>

Some or all of the claims of Plaintiffs are preempted by federal legislation.

30.    <u>STATE OF THE ART</u>

Shell USA, Inc. states it is not now, nor has it ever been, engaged in the manufacture or distribution of any product which has caused, or which was capable of causing, the injuries alleged to have been sustained by Plaintiffs and/or Plaintiff Michael Grady. If it is determined Shell USA, Inc. did design, manufacture or market any such products, then, under applicable law, Shell USA, Inc. denies any defects in its products by way of product, design or manufacturing defect and avers, at all pertinent times, its products were reasonably fit and suited for the purpose for which they were manufactured and intended, and were delivered with such advice as was consistent with the state of the existing medical and industrial art.

The state of the medical and scientific knowledge, the published literature and other materials reflecting said state of the art at all relevant times was such that this Defendant neither knew, nor could have known its products presented a foreseeable risk of harm, if any, to the Plaintiff Michael Grady in the normal and expected use of these products, according to the law in

24

Case No. 2022-CC09797

full force and effect at the time of the transactions complained of. Thus, said products were neither defective, nor unreasonably dangerous. The methods, standards and techniques of selling, distributing or installing any asbestos-containing products by this Defendant were performed in conformity with the generally recognized state of the art existing at the time such products were sold, distributed or installed by this Defendant and placed in the stream of commerce.

Shell USA, Inc. avers it did not know, and in light of the existing reasonably available scientific and technological knowledge, could not have known, of (1) the product characteristics, if any, that allegedly caused or contributed to the injuries and damages complained of herein or the alleged danger of such characteristics, or (2) any alternative design or product available. Shell USA, Inc. further avers any alternative design or product was not feasible or available, either scientifically or technologically, or economically practical. The state of the medical, scientific and industrial knowledge, art and practice was at all times such that Shell USA, Inc. neither breached any alleged duty owed to Plaintiffs or Plaintiff Michael Grady, nor knew, nor could have known, that any products allegedly attributable to Shell USA, Inc. presented a foreseeable risk of harm to Plaintiffs or Plaintiff Michael Grady in connection with the normal and expected use of such products.

31.    UNAVOIDABLY UNSAFE PRODUCT

While denying at all times any products allegedly manufactured, distributed, or sold by Shell USA, Inc. caused or contributed to the injuries and damages alleged in the Plaintiffs' Second Amended Petition, Shell USA, Inc. avers Plaintiff Michael Grady was warned or otherwise was aware of the alleged dangers of benzene and benzene-containing products and further, that any such dangers, if they existed, were not beyond that which would have been contemplated by an ordinary industrial user of benzene and benzene-containing products. Plaintiffs, therefore, are barred from any recovery against Shell USA, Inc. on the claims asserted

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Case No. 2022-CC09797

due to the fact there was no known adequate substitute for the benzene or benzene-containing products. Said products constituted unavoidably unsafe products, the benefits of which outweighed any alleged damages or injuries caused by the same.

32.    CHANGE IN PRODUCT

All or some products to which Plaintiff Michael Grady was allegedly exposed may have been in a substantially changed condition or may have been altered or mishandled since the time said products left the control of this Defendant. Such abuse or misuse may constitute the sole proximate cause, or an intervening or superseding cause of Plaintiffs' and/or Plaintiff Michael Grady's alleged injuries or damages.

33.    VALID BUSINESS PURPOSE

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of Shell USA, Inc. was undertaken in good faith for a valid business purpose.

34.    UNRELATED CAUSES

Shell USA, Inc. would show Plaintiff Michael Grady's diseases or medical problems or disabilities, if any, are in no way related to any alleged exposure to products allegedly manufactured, distributed, or sold by Shell USA, Inc. Shell USA, Inc. would further show Plaintiffs' and/or Plaintiff Michael Grady's damages were caused or aggravated by other exposures or other causes or instrumentalities, and not related to any exposure to products manufactured, distributed, or sold by Shell USA, Inc.

35.    ALLOCATION OF FAULT

Defendant alleges one or more of the parties to this action and/or other persons whose identities are not presently known were negligent or legally responsible or otherwise at fault for the damages alleged in Plaintiffs' Second Amended Petition. Therefore, Defendant requests in the event of any award against it, whether by settlement or judgment, an apportionment of fault

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Case No. 2022-CC09797

be made by the Court or jury as to all parties pursuant to R.S. Mo. §537.067. Defendant further requests a judgment or declaration of indemnification and contribution against all those parties or persons in accordance with the apportionment of fault.

36.    RIGHT TO SETOFF OR CREDIT

Pursuant to R.S. Mo. §537.060, this Defendant is entitled to a setoff and/or credit equal to the total amount for which Plaintiffs have agreed to settle with any third-party and/or defendant named in Plaintiffs' Second Amended Petition, or the total amount of consideration paid by such third-parties and/or defendants, whichever is greater. Said credit includes all settlements with defendants dismissed from this action, pre-trial settlements, and post-trial settlements.

37.    BAR BY §402A OF THE RESTATEMENT (SECOND) OF TORTS, COMMENT i

Plaintiffs' claims are barred, in whole or in part, by § 402A of the Restatement (Second) of Torts, comment i.

38.    ADDITIONAL DEFENSES

Defendant will assert any and all additional defenses which become available or appear during discovery proceedings in this action. Defendant specifically reserves the right to amend its Answer for the purpose of asserting such additional affirmative defenses.

39.    ADOPTION OF OTHER DEFENDANTS' DEFENSES

Defendant adopts and asserts any affirmative defenses raised or asserted by other defendants to this action that are also applicable to this Defendant.

**Defendant reserves its right to assert Affirmative Defenses based on the law of any other State where Plaintiffs claim Plaintiff Michael Grady was allegedly exposed to benzene and/or benzene-containing products. The foregoing includes but is not limited to the State of Illinois.**

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Case No. 2022-CC09797

WHEREFORE, Shell USA, Inc. (f/k/a Shell Oil Company), by its attorneys, having answered Plaintiffs' Second Amended Petition in its entirety, denies it is liable to Plaintiffs under any theory whatsoever and denies Plaintiffs are entitled to a judgment against it for any amount whatsoever and requests this Court enter an Order dismissing Shell USA, Inc. with prejudice, with costs taxed to Plaintiffs and for any other relief the Court deems appropriate under the circumstances.

**DEFENDANT SHELL USA, INC. (F/K/A SHELL OIL COMPANY) DEMANDS TRIAL BY JURY ON ALL COUNTS AND ALL AFFIRMATIVE DEFENSES.**

FOX SMITH, LLC

By:    /s/ Richard B. Korn
       Richard B. Korn, #54570
       rkorn@foxsmithlaw.com
       One S. Memorial Drive, 12th Floor
       St. Louis, MO 63102
       (314) 588-7000
       (314) 588-1965 (Fax)

       ATTORNEYS FOR DEFENDANT
       SHELL USA, INC. (f/k/a SHELL OIL
       COMPANY)

Case No. 2022-CC09797

## CERTIFICATE OF SERVICE

      I hereby certify that on February 13, 2023 I electronically filed the foregoing with the Missouri Courts E-Filing System pursuant to Missouri Rule of Civil Procedure 103.08 which will send notification of such filing(s) to the following:

Mr. Christopher W. Dysart
Dysart Law Firm, P.C.
16020 Swingley Ridge Rd., Suite 340
Chesterfield, MO 63017
Phone: 636-590-7110
E-mail: cdysart@dysart-law.com;
rspeichinger@dysart-law.com;
mduffy@dysart-law.com

ATTRONEYS FOR PLAINTIFFS

Mr. Thomas L. Orris
Mr. Matthew E. Pelikan
Mr. Ross S. Titzer
Cosmich Simmons & Brown, LLC
10 South Broadway, Suite 1100
St. Louis, MO 63102
Phone: (314) 735-2560
E-mail: Tom.Orris@cs-law.com
E-mail: matthew.pelikan@cs-law.com
E-mail: ross.titzer@cs-law.com
E-mail: citymail@cs-law.com

ATTORNEYS FOR ANHEUSER-BUSCH, LLC

Mr. James C. Morris
Mr. Christopher C. Enger
Gordon Rees Scully Mansukhani, LLP
211 N. Broadway, Suite 2150
St. Louis, MO 63102
Phone: 314-961-6686
E-mail: jmorris@grsm.com
E-mail: cenger@grsm.com

ATTORNEYS FOR ST. LOUIS TESTING
LABORATORIES, INC.

Mr. Gary L. Smith
Ms. M. Ann Hatch
Sandberg Phoenix & von Gontard P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101-1313
Phone: 314-231-6700
E-mail: gsmith@sandbergphoenix.com
E-mail: ahatch@sandbergphoenix.com

ATTORNEYS FOR TURTLE WAX, INC.

Mr. Bryan Timothy Pratt
Mr. Mathew Lee Larsen
Mr. Christopher Michael Sorenson
Shook Hardy & Bacon
2555 Grand Blvd.
Kansas City, MO 64108
Phone: 816-474-6550
E-mail: bpratt@shb.com
E-mail: mlarsen@shb.com
E-mail: csorenson@shb.com

ATTORNEYS FOR MALLINCKRODT Llc
AND MI HOLDINGS, INC.

Mr. Richard A. Brown
Mr. Jerome S. Warchol, Jr.
Cosmich Simmons & Brown, PLLC
One Eastover Center
100 Vision Drive, Suite 200
Jackson, MS 39211
Phone: 601-863-2100
E-mail: rich@cs-law.com
E-mail: jerry.warchol@cs-law.com
E-mail: citymail@cs-law.com

ATTORNEYS FOR THE PROCTER &
GAMBLE MANUFACTURING COMPANY

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Case No. 2022-CC09797

Mr. Gary E. Snodgrass
Mr. J. Phillip Bryant
Pitzer Snodgrass, P.C.
100 South Fourth Street, Suite 400
St. Louis, MO 63102-1821
Phone:  314-421-5545
E-mail:  snodgrass@pspclaw.com;
meriage@pspclaw.com
E-mail:  bryant@pspclaw.com

ATTORNEYS FOR SAFETY-KLEEN
SYSTEMS, INC.

Mr. Jeffrey Bash
Lewis Brisbois Bisgaard & Smith
Mark Twain Plaza II
103 West Vandalia, Suite 300
Edwardsville, IL 62025
Phone:  618-307-7290
E-mail:  jeff.bash@lewisbrisbois.com
Assistant:  bcox@lbbslaw.com
E-mail: justin.zimmerman@lewisbrisbois.com

ATTORNEYS FOR RADIATOR
SPECIALTY COMPANY

Mr. Steven T. Walsh
Mr. Caleb D. Hawkins
Sandberg Phoenix & von Gontard P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101-1313
Phone:  314-231-3332
E-mail:  swalsh@sandbergphoenix.com
E-mail:  chawkins@sandbergphoenix.com

ATTORNEYS FOR MISTIC METAL
MOVER, INC.

Mr. Larry J. Chilton
Chilton Yambert Porter LLP
303 W. Madison Street, Suite 2300
Chicago, IL 60606
Phone:  312-634-1261
E-mail:  lchilton@cyp-law.com
E-mail:  jschmalfeld@cyp-law.com

ATTORNEYS FOR EXXON MOBIL
CORPORATION

Mr. Bryan Hopkins
Mr. Brandon Black
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105-3441
Phone:  314-480-1954
E-mail:  bryan.hopkins@huschblackwell.com
E-mail:  brandon.black@huschblackwell.com

ATTORNEYS FOR UNITED STATES
STEEL CORPORATION

Mr. Larry J. Chilton
Chilton Yambert Porter LLP
303 W. Madison Street, Suite 2300
Chicago, IL 60606
Phone:  312-634-1261
E-mail:  lchilton@cyp-law.com

Mr. Jonathan E. Schmalfeld
Chilton Yambert Porter LLP
3823 Connecticut
St. Louis, MO 63116
(314) 249-3869
E-mail:  jschmalfeld@cyp-law.com

ATTORNEYS FOR EXXON MOBIL
CORPORATION

Electronically Filed - City of St. Louis - February 13, 2023 - 02:13 PM

Case No. 2022-CC09797

Mr. Adam E. Miller
Capes, Sokol, Goodman & Sarachan, P.C.
8182 Maryland Avenue, Fifteenth Floor
St. Louis, MO 63105
Phone:  314-721-7701
E-mail:  miller@capessokol.com

ATTORNEYS FOR MONSANTO
COMPANY, SOLUTIA, INC., PHARMACIA,
LLC, UPJOHN COMPANY AND EASTMAN
CHEMICAL COMPANY

/s/ Richard B. Korn

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

### IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
### STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | Case No. 2022-CC09797 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MONSANTO COMPANY, *et al*., | ) | JURY TRIAL DEMANDED |
| | ) | ON ALL COUNTS |
| Defendants. | ) | |

### UNITED STATES STEEL CORPORATION'S ANSWER
### AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
### SECOND AMENDED PETITION

Defendant United States Steel Corporation ("U.S. Steel"), by its counsel, Husch

Blackwell LLP, and for its Answer and Affirmative Defenses to Plaintiffs' Second Amended

Petition, states:

### JURISDICTION AND VENUE

1.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on

that basis, denies the allegations contained in Paragraph 1 of Plaintiffs' Second Amended

Petition.

2.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on

that basis, denies the allegations contained in Paragraph 2 of Plaintiffs' Second Amended

Petition.

3.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on

that basis, denies the allegations contained in Paragraph 3 of Plaintiffs' Second Amended

Petition.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

4.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 4 of Plaintiffs' Second Amended Petition.

5.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 5 of Plaintiffs' Second Amended Petition.

6.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 6 of Plaintiffs' Second Amended Petition.

7.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 7 of Plaintiffs' Second Amended Petition.

8.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 8 of Plaintiffs' Second Amended Petition.

9.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 9 of Plaintiffs' Second Amended Petition.

10.      U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 10 of Plaintiffs' Second Amended Petition.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

11.    U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 11 of Plaintiffs' Second Amended Petition.

12.    U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 12 of Plaintiffs' Second Amended Petition.

13.    U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 13 of Plaintiffs' Second Amended Petition.

14.    U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 14 of Plaintiffs' Second Amended Petition.

15.    U.S. Steel admits Radiator Specialty Company is a foreign corporation. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the remaining allegations contained in Paragraph 15 of Plaintiffs' Second Amended Petition.

16.    U.S. Steel admits it is a corporation foreign to Missouri and is registered to do business in the State of Missouri.  U.S. Steel denies any remaining allegations in Paragraph 16 of Plaintiffs' Second Amended Petition.

17.    U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 17 of Plaintiffs' Second Amended Petition.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

18.     The allegations contained in Paragraph 18 of Plaintiffs' Second Amended Petition require no response.  To the extent that the allegations in Paragraph 18 are deemed factual allegations against U.S. Steel, U.S. Steel denies such allegations.

19.     The allegations contained in Paragraph 19 of Plaintiffs' Second Amended Petition require no response.  To the extent that the allegations in Paragraph 19 are deemed factual allegations against U.S. Steel, U.S. Steel denies such allegations.

20.     The allegations contained in Paragraph 20 of Plaintiffs' Second Amended Petition require no response.  To the extent that the allegations in Paragraph 20 are deemed factual allegations against U.S. Steel, U.S. Steel denies such allegations.

21.     U.S. Steel denies that Plaintiff Michael Grady's alleged disease, multiple myeloma, was caused by "benzene exposure."  U.S. Steel further denies that it caused, or contributed to cause, Plaintiff Michael Grady's alleged disease.  U.S. Steel denies all remaining allegations in Paragraph 21 of Plaintiffs' Second Amended Petition.

22.     The allegations contained in Paragraph 22 of Plaintiffs' Second Amended Petition state a legal conclusion to which no response is required.  To the extent that the allegations in Paragraph 22 of Plaintiffs' Second Amended Petition are deemed factual allegations against U.S. Steel, U.S. Steel denies such allegations.

23.     The allegations contained in Paragraph 23 of Plaintiffs' Second Amended Petition state a legal conclusion to which no response is required.  To the extent that the allegations in Paragraph 23 of Plaintiffs' Second Amended Petition are deemed factual allegations against U.S. Steel, U.S. Steel denies such allegations.

24.     The allegations contained in Paragraph 24 of Plaintiffs' Second Amended Petition state a legal conclusion to which no response is required.  To the extent that the allegations in

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

Paragraph 24 of Plaintiffs' Second Amended Petition are deemed factual allegations against U.S. Steel, U.S. Steel denies such allegations.

## ALLEGATIONS COMMON TO ALL COUNTS

### I. An Overview of Plaintiff Michael Grady's Exposure Routes

25.     U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 25 of Plaintiffs' Second Amended Petition.

26.     U.S. Steel denies the allegations contained in Paragraph 26 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the remaining allegations in Paragraph 26.

27.     U.S. Steel denies the allegations contained in Paragraph 27 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the remaining allegations in Paragraph 27.

28.     U.S. Steel denies the allegations contained in Paragraph 28 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the remaining allegations in Paragraph 28.

29.     U.S. Steel denies the allegations contained in Paragraph 29 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the remaining allegations in Paragraph 29.

30.     U.S. Steel denies the allegations contained in Paragraph 30 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the remaining allegations in Paragraph 30.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

31.    U.S. Steel denies the allegations contained in Paragraph 31 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 31 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

32.    U.S. Steel denies the allegations contained in Paragraph 32 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 32 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

33.    U.S. Steel denies the allegations contained in Paragraph 33 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 33 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

34.    U.S. Steel denies the allegations contained in Paragraph 34 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 34 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

35.    U.S. Steel denies the allegations contained in Paragraph 35 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 35 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

36.    U.S. Steel denies the allegations contained in Paragraph 36 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 36 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

37.     U.S. Steel denies the allegations contained in Paragraph 37 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 37 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

38.     U.S. Steel denies the allegations contained in Paragraph 38 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 38 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

39.     U.S. Steel denies the allegations contained in Paragraph 39 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 39 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

40.     U.S. Steel denies the allegations contained in Paragraph 40 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 40 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

41.     U.S. Steel denies the allegations contained in Paragraph 41 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 41 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

42.     U.S. Steel denies the allegations contained in Paragraph 42 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 42 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

43.     U.S. Steel denies the allegations contained in Paragraph 43 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 43 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

44.     U.S. Steel denies the allegations contained in Paragraph 44 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 44 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

45.     U.S. Steel denies the allegations contained in Paragraph 45 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 45 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

46.     U.S. Steel admits that it sold raffinate from 1960 to early-1978 to Radiator Specialty Company for use as an ingredient in one version of Radiator Specialty Company's Liquid Wrench product for a limited time period.  U.S. Steel denies the remaining allegations in Paragraph 46 of Plaintiffs' Second Amended Petition.

47.     U.S. Steel denies the allegations contained in Paragraph 47 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 47 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

48.     U.S. Steel denies the allegations contained in Paragraph 48 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel. U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 48 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

49.     U.S. Steel is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 49 of Plaintiffs' Second Amended Petition and, therefore, denies same.

**FACTS CONCERNING MONSANTO**

50.-61. The allegations in Paragraphs 50 through 61 of Plaintiffs' Second Amended Petition are not addressed or directed to U.S. Steel.  To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

**COUNT I**
**NEGLIGENCE --PCBs**
**(AGAINST DEFENDANTS MONSANTO, SOLUTIA, PHARMACIA, AND EASTMAN CHEMICAL)**

62.-76. The allegations in Paragraphs 62 through 76, including each subparagraph, of Count I of Plaintiffs' Second Amended Petition are not addressed or directed to U.S. Steel.  To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 76 of Count I of Plaintiffs' Second Amended Petition.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

**COUNT II**
**NEGLIGENCE-BENZENE**
**(AGAINST DEFENDANTS MONSANTO, SOLUTIA,
PHARMACIA, AND EASTMAN CHEMICAL)**

77.-91. The allegations in Paragraphs 77 through 91, including each subparagraph, of Count II of Plaintiffs' Second Amended Petition are not addressed or directed to U.S. Steel.  To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 91 of Count II of Plaintiffs' Second Amended Petition.

**COUNT III**
**NEGLIGENCE**
**(AGAINST DEFENDANTS MONSANTO, SOLUTIA,
PHARMACIA, AND EASTMAN CHEMICAL)**

92.-106. The allegations in Paragraphs 92 through 106, including each subparagraph, of Count III of Plaintiffs' Second Amended Petition are not addressed or directed to U.S. Steel.  To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 106 of Count III of Plaintiffs' Second Amended Petition.

**COUNT IV**
**STRICT LIABILITY – DEFECTIVE PRODUCT**
**(AGAINST DEFENDANTS MONSANTO, SOLUTIA,
PHARMACIA, AND EASTMAN CHEMICAL)**

107.-120. The allegations in Paragraphs 107 through 120, including each subparagraph, of Count IV of Plaintiffs' Second Amended Petition are not addressed or directed to U.S. Steel.  To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 120 of Count IV of Plaintiffs' Second Amended Petition.

**COUNT V**
**NEGLIGENCE: PREMISES LIABILITY**
**(AGAINST DEFENDANTS MONSANTO, SOLUTIA,**
**PHARMACIA, AND EASTMAN CHEMICAL)**

121.-144. The allegations in Paragraphs 121 through 144, including each subparagraph, of Count V of Plaintiffs' Second Amended Petition are not addressed or directed to U.S. Steel. To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 144 of Count V of Plaintiffs' Second Amended Petition.

**COUNT VI**
**NEGLIGENCE-BENZENE**
**(AGAINST DEFENDANTS ANHEUSER-BUSCH INBEV,**
**PROCTOR & GAMBLE AND MALLINCKRODT/MI HOLDINGS)**

145.-160. The allegations in Paragraphs 145 through 160, including each subparagraph, of Count VI of Plaintiffs' Second Amended Petition are not addressed or directed to U.S. Steel. To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 160 of Count VI of Plaintiffs' Second Amended Petition.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

## COUNT VII
## <u>NEGLIGENCE: PREMISES LIABILITY</u>
### (AGAINST DEFENDANT EXXONMOBIL OIL CORPORATION)

161.-173. The allegations in Paragraphs 161 through 173, including each subparagraph, of Count VII of Plaintiffs' Second Amended Petition are not addressed or directed to U.S. Steel. To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 173 of Count VII of Plaintiffs' Second Amended Petition.

## COUNT VIII
## NEGLIGENCE AS TO PRODUCER,
## <u>MANUFACTURER & DISTRIBUTOR OF BENZENE</u>
### (SHELL OIL COMPANY)

174.-183. The allegations in Paragraphs 174 through 183, including each subparagraph, of Count VIII of Plaintiffs' Second Amended Petition are not addressed or directed to U.S. Steel. To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 183 of Count VIII of Plaintiffs' Second Amended Petition.

## COUNT IX
## NEGLIGENCE AS TO MANUFACTURER & DISTRIBUTER
## <u>OF PRODUCTS CONTAINING BENZENE</u>
### (EXXONMOBIL)

184.-192. The allegations in Paragraphs 184 through 192, including each subparagraph, of Count IX of Plaintiffs' Second Amended Petition are not addressed or directed to U.S. Steel. To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 192 of Count IX of Plaintiffs' Second Amended Petition.

<div align="center">

**COUNT X**
**NEGLIGENCE AS TO PRODUCER, MANUFACTURER & DISTRIBUTOR**
<u>**OF PRODUCTS CONTAINING BENZENE**</u>
**(TURTLE WAX, UNITED STATES STEEL, RADIATOR SPECIALTY)**

</div>

193.     To the extent that Plaintiffs incorporate paragraphs by reference in Paragraph 193 of Count X of Plaintiffs' Second Amended Petition, U.S. Steel incorporates by reference its responses to the same paragraphs for its response to Paragraph 193 of Count X of Plaintiffs' Second Amended Petition.

194.     U.S. Steel admits that it sold raffinate from 1960 to early-1978 to Radiator Specialty Company for use as an ingredient in one version of Radiator Specialty Company's Liquid Wrench product for a limited time period.  U.S. Steel denies the remaining allegations contained in Paragraph 194 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel.  U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 194 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

195.     U.S. Steel denies the allegations contained in Paragraph 195 of Plaintiffs' Second Amended Petition.

196.     U.S. Steel denies the allegations contained in Paragraph 196 of Plaintiffs' Second Amended Petition.

197.     U.S. Steel denies the allegations contained in Paragraph 197 of Plaintiffs' Second Amended Petition.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

198.    U.S. Steel denies the allegations contained in Paragraph 198 of Plaintiffs' Second Amended Petition.

199.    U.S. Steel denies the allegations contained in Paragraph 199, including each subparagraph, of Plaintiffs' Second Amended Petition.

200.    U.S. Steel denies the allegations contained in Paragraph 200 of Plaintiffs' Second Amended Petition.

201.    U.S. Steel denies the allegations contained in Paragraph 201 of Plaintiffs' Second Amended Petition.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 201 of Count X of Plaintiffs' Second Amended Petition.

## COUNT XI
### NEGLIGENCE
#### (AGAINST MISTIC METAL MOVERS, INC.)

202.-214. The allegations in Paragraphs 202 through 214, including each subparagraph, of Count XI of Plaintiffs' Second Amended Petition are not addressed or directed to U.S. Steel.  To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 214 of Count XI of Plaintiffs' Second Amended Petition.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

## COUNT XII
## STRICT LIABILITY – FAILURE TO WARN
**(AGAINST DEFENDANTS SHELL OIL COMPANY, EXXONMOBIL, TURTLE WAX,
UNITED STATES STEEL AND RADIATOR SPECIALTY)**

215.    To the extent that Plaintiffs incorporate paragraphs by reference in Paragraph 215 of Count XII of Plaintiffs' Second Amended Petition, U.S. Steel incorporates by reference its responses to the same paragraphs for its response to Paragraph 215 of Count XII of Plaintiffs' Second Amended Petition.

216.    U.S. Steel denies the allegations contained in Paragraph 216 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel.  U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 216 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

217.    U.S. Steel denies the allegations contained in Paragraph 217 of Plaintiffs' Second Amended Petition.

218.    U.S. Steel denies the allegations contained in Paragraph 218 of Plaintiffs' Second Amended Petition.

219.    U.S. Steel denies the allegations contained in Paragraph 219 of Plaintiffs' Second Amended Petition.

220.    U.S. Steel denies the allegations contained in Paragraph 220 of Plaintiffs' Second Amended Petition.

221.    U.S. Steel denies the allegations contained in Paragraph 221 of Plaintiffs' Second Amended Petition.

222.    U.S. Steel denies the allegations contained in Paragraph 222 of Plaintiffs' Second Amended Petition.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

223.    U.S. Steel denies the allegations contained in Paragraph 223 of Plaintiffs' Second Amended Petition.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 223 of Count XII of Plaintiffs' Second Amended Petition.

## COUNT XIII
## STRICT LIABILITY – DEFECTIVE PRODUCT
**(AGAINST DEFENDANTS SHELL OIL COMPANY,
RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC METAL,
TURTLE WAX, AND EXXONMOBIL)**

224.    To the extent that Plaintiffs incorporate paragraphs by reference in Paragraph 224 of Count XIII of Plaintiffs' Second Amended Petition, U.S. Steel incorporates by reference its responses to the same paragraphs for its response to Paragraph 224 of Count XIII of Plaintiffs' Second Amended Petition

225.    U.S. Steel denies the allegations contained in Paragraph 225 of Plaintiffs' Second Amended Petition as they relate to U.S. Steel.  U.S. Steel lacks knowledge sufficient to form a belief as to the truth of and, on that basis, denies the allegations contained in Paragraph 225 of Plaintiffs' Second Amended Petition as they pertain to other Defendants.

226.    U.S. Steel denies the allegations contained in Paragraph 226, including each subparagraph, of Plaintiffs' Second Amended Petition.

227.    U.S. Steel denies the allegations contained in Paragraph 227 of Plaintiffs' Second Amended Petition.

228.    U.S. Steel denies the allegations contained in Paragraph 228 of Plaintiffs' Second Amended Petition.

229.    U.S. Steel denies the allegations contained in Paragraph 229 of Plaintiffs' Second Amended Petition.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

230.    U.S. Steel denies the allegations contained in Paragraph 230 of Plaintiffs' Second Amended Petition.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 230 of Count XIII of Plaintiffs' Second Amended Petition.

<div align="center">

**COUNT XIV**
**NEGLIGENCE – FAILURE TO WARN**
**(AGAINST DEFENDANTS SHELL OIL COMPANY,**
**RADIATOR SPECIALTY, UNITED STATES STEEL, MISTIC METAL,**
**TURTLE WAX AND EXXONMOBIL)**

</div>

231.    To the extent that Plaintiffs incorporate paragraphs by reference in Paragraph 231 of Count XIV of Plaintiffs' Second Amended Petition, U.S. Steel incorporates by reference its responses to the same paragraphs for its response to Paragraph 231 of Count XIV of Plaintiffs' Second Amended Petition

232.    The allegations contained in Paragraph 232 of Plaintiffs' Second Amended Petition state a legal conclusion to which no response is required.  To the extent that any allegation contained in Paragraph 232 of Plaintiffs' Second Amended Petition is deemed a factual allegation against U.S. Steel, U.S. Steel denies such allegations.

233.    U.S. Steel denies the allegations contained in Paragraph 233 of Plaintiffs' Second Amended Petition.

234.    U.S. Steel denies the allegations contained in Paragraph 234 of Plaintiffs' Second Amended Petition.

235.    U.S. Steel denies the allegations contained in Paragraph 235 of Plaintiffs' Second Amended Petition.

236.    U.S. Steel denies the allegations contained in Paragraph 236 of Plaintiffs' Second Amended Petition.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

237.    U.S. Steel denies the allegations contained in Paragraph 237 of Plaintiffs' Second Amended Petition.

238.    U.S. Steel denies the allegations contained in Paragraph 238 of Plaintiffs' Second Amended Petition.

239.    U.S. Steel denies the allegations contained in Paragraph 239 of Plaintiffs' Second Amended Petition.

240.    U.S. Steel denies the allegations contained in Paragraph 240 of Plaintiffs' Second Amended Petition.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 240 of Count XIV of Plaintiffs' Second Amended Petition.

<div align="center">

**COUNT XV**
**NEGLIGENCE TO PRODUCER, MANUFACTURER & DISTRIBUTER**
**OF PRODUCTS CONTAINING BENZENE**
**(SAFETY-KLEEN)**

</div>

241.-253. The allegations in Paragraphs 241 through 253, including each subparagraph, of Count XV of Plaintiffs' Second Amended Petition are not addressed or directed to U.S. Steel. To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 253 of Count XV of Plaintiffs' Second Amended Petition.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

**COUNT XVI**
**STRICT LIABILITY – FAILURE TO WARN**
**(AGAINST DEFENDANT SAFETY-KLEEN)**

254.-266. The allegations in Paragraphs 254 through 266 of Count XVI of Plaintiffs' Second Amended Petition are not addressed or directed to U.S. Steel.  To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 266 of Count XVI of Plaintiffs' Second Amended Petition.

**COUNT XVII**
**STRICT LIABILITY – DEFECTIVE PRODUCT**
**(AGAINST DEFENDANT SAFETY-KLEEN)**

267.-276. The allegations in Paragraphs 267 through 276, including each subparagraph, of Count XVII of Plaintiffs' Second Amended Petition are not addressed or directed to U.S. Steel. To the extent these allegations may be deemed to apply to U.S. Steel, they are denied.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 276 of Count XVII of Plaintiffs' Second Amended Petition.

**COUNT XVIII**
**LOSS OF CONSORTIUM**

277.    To the extent that Plaintiffs incorporate by reference all paragraphs of Plaintiffs' Second Amended Petition as and for Paragraph 277 of Count XVIII of Plaintiffs' Second Amended Petition, U.S. Steel incorporates by reference its responses to all paragraphs of Plaintiffs' Second Amended Petition as and for its response to Paragraph 277 of Count XVIII of Plaintiffs' Second Amended Petition.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

278.    U.S. Steel denies the allegations contained in Paragraph 278 of Count XVIII of Plaintiffs' Second Amended Petition.

U.S. Steel denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 278 of Count XVIII of Plaintiffs' Second Amended Petition.

### General Denial

U.S. Steel denies generally each and every allegation contained in Plaintiffs' Second Amended Petition not specifically admitted herein.

### Additional and Affirmative Defenses

1.    Plaintiffs' Second Amended Petition, and each and every Count therein, fails to state a claim upon which relief can be granted.

2.    Plaintiffs' claims against U.S. Steel are barred either in whole or in part pursuant to the Uniform Comparative Fault Act, as well as any other similar state statutes based upon the location of the negligence, acts and/or omissions because on all occasions in question, Plaintiff Michael Grady committed negligence or other acts or omissions that were a proximate or producing cause, or the sole proximate cause or the sole producing cause, of any alleged injuries or damages to Plaintiffs, if any.  Plaintiffs' claims are therefore barred or liability should be reduced in accordance with Plaintiff Michael Grady's fault.  *See Gustafson v. Benda*, 661 S.W.2d 11, 16 (Mo. 1983) (en banc).

3.    Plaintiffs' alleged injuries and/or damages, if any, were not caused by the negligence of U.S. Steel, but rather were proximately caused by the unforeseeable and/or unintended use(s) and/or misuse(s) of the products in question.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

4.    Plaintiffs' alleged injuries and/or damages, if any, were not caused by the negligence of any party, but rather were the result of an unavoidable accident for which U.S. Steel is not responsible.

5.    Plaintiffs' alleged injuries and/or damages, if any, are the result of negligent acts or omissions of other persons, firms, corporations or entities over whom U.S. Steel is not legally responsible, which jointly or singularly were the sole proximate, producing, superseding, intervening or other cause of all or part of the alleged injuries and damages for which Plaintiffs seek recovery.

6.    Plaintiffs alleged injuries and damages were the result of preexisting or subsequent conditions which are unrelated to any product designed, manufactured, sold, processed, produced, distributed, marketed, used, supplied by and/or found on the premises of U.S. Steel.

7.    The products at issue were altered, modified or otherwise rendered to a form not substantially similar to their form when they left the custody or control of U.S. Steel, by others over whom U.S. Steel had no control, and over whose conduct U.S. Steel had no control.

8.    Plaintiffs' claims are barred in whole or in part because Plaintiff Michael Grady failed to take reasonable efforts to mitigate any alleged damages.

9.    U.S. Steel discharged any duty to warn by providing warnings to the anticipated user that were adequate in light of the anticipated user's knowledge of the products used therein.

10.    U.S. Steel states that the products at issue were not defective in any manner, and that at all pertinent times, the products at issue were reasonably fit and suited for the purpose for which they were manufactured and intended, and were delivered with such advice and warnings

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

as were consistent with the state of the existing scientific, medical, technological and industrial art.

11.    Plaintiffs' claims against U.S. Steel are barred by virtue of fact that U.S. Steel was, at most, a bulk supplier of a product to defendant Radiator Specialty Company.

12.    U.S. Steel pleads the applicable provisions of the "Noerr-Pennington Doctrine."

13.    Based upon the state of scientific, medical, technological and industrial knowledge at the time the products at issue were distributed, supplied by and/or found on the premises of U.S. Steel, the products were reasonably safe for their normal and foreseeable use at all relevant times, or in light of existing reasonably available scientific, technological and industrial knowledge, U.S. Steel could not have known: (a) the design characteristics, if any, that allegedly caused the damages complained of herein or the danger of such characteristics; or (b) any alternative design.

14.    Plaintiffs' claims are barred in whole or in part by the lack of defect, as any products allegedly manufactured by U.S. Steel were properly manufactured in accordance with the applicable standard of care and in compliance with all applicable federal and state statutes and regulations, if any, existing at the time of design and/or manufacture that prescribed standards for design, inspection, testing, manufacture, labeling, warning or instructions for use of the product or products allegedly designed, manufactured and/or sold by U.S. Steel.

15.    Any conditions or risks, if any, were known to Plaintiff, were open, obvious and apparent to Plaintiff Michael Grady, and Plaintiff Michael Gray assumed the risk of any alleged injuries or damages arising out of the acts or occurrences alleged in Plaintiffs' Second Amended Petition.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

16.     Plaintiffs' causes of action are barred because a reasonable user would have been aware of the alleged risks of the products at issue or because Plaintiff Michael Grady knew of the alleged risks of the product or products at issue.

17.     If Plaintiff Michael Grady was exposed to harmful products, which U.S. Steel specifically denies, such exposure was only brief and not substantial, any exposure to such products was *de minimis* in nature, and Plaintiffs' injuries or damages, if any, were not caused or contributed to by contact with U.S. Steel's products or premises, but on the contrary, such conditions and illnesses would have occurred just as they did had Plaintiff Michael Grady had no contact with U.S. Steel's products and/or premises.

18.     If Plaintiffs receive full or partial satisfaction of any claim through settlement or judgment in any lawsuit or otherwise, then while continuing to deny liability, U.S. Steel is entitled to liability protection to the full extent permitted by Mo. Rev. Stat. § 537.060, or any other applicable state's statutory or common law.

19.     If U.S. Steel is found liable, which liability U.S. Steel specifically denies, U.S. Steel is entitled to indemnity, contribution, and/or set-off from those persons or entities whose fault caused or contributed to the damages for which recovery is sought and are further entitled to liability protection to the full extent permitted under Missouri law, or any other applicable state's statutory or common law.

20.     All or part of Plaintiffs' claims against U.S. Steel are barred in whole or in part by the applicable statutes of limitation or repose, including but not limited to Mo. Rev. Stat. § 516.120(4), or any other applicable state's statutory or common law.

21.     All or part of Plaintiffs' claims against U.S. Steel are barred in whole or in part by the doctrines of estoppel, waiver, laches, unclean hands, and/or other equitable doctrines.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

22.    All or a portion of Plaintiffs' claims are preempted by applicable federal and/or state statutes, rules, standards or regulations, specifically including, but not limited to, the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. § 1261, *et seq.*, and its predecessor, the Federal Hazardous Substances Labeling Act, the Hazardous Materials Transportation Act ("HMTA"), 49 U.S.C. § 5101, *et seq.* and its successor the Hazardous Materials Transportation Uniform Safety Act ("HMTUSA") and their accompanying rules and regulations, including but not limited to 49 C.F.R. §§ 171-180 *et seq.*, and the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136, *et seq.*

23.    U.S. Steel denies that it is liable for any damages in this case.  U.S. Steel contends, however, that Plaintiffs' claims against U.S. Steel are several and not joint in nature pursuant to Mo. Rev. Stat. § 537.067, or any other applicable state's statutory or common law.

24.    U.S. Steel denies that it is liable for any damages in this case.  U.S. Steel contends, however, that any damage award that utilizes Missouri's joint and several liability scheme would be unconstitutional, as this scheme violates U.S. Steel's due process and equal protection guarantees under the United States and Missouri Constitutions in that it imposes on an alleged tortfeasor a liability in excess of the responsibility of that alleged tortfeasor as found by the jury.  This excess is effectively a fine, bearing no relation to the conduct or state of mind of the alleged tortfeasor.  Instead, Missouri law unconstitutionally bases the imposition of that excess liability only upon the ability of that alleged tortfeasor to pay the judgment.

25.    U.S. Steel denies that it is liable for any damages in this case.  U.S. Steel contends, however, that any damage award that utilizes Missouri's joint and several liability scheme would be unconstitutional, as this scheme violates U.S. Steel's due process and equal protection guarantees under the United States and Missouri Constitutions.  The Missouri joint

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

and several liability scheme violates U.S. Steel's due process guarantees because no legitimate state interest supports Missouri's scheme, and no rational relationship exists between a legitimate state interest and the promotion of Missouri's joint and several liability scheme.  Additionally, the Missouri system of assessing joint and several liability violates U.S. Steel's equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law.  The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Missouri Constitutions.

26.    Plaintiff Michael Grady was not a foreseeable user of the products at issue.

27.    Any damages claimed by Plaintiffs against U.S. Steel were caused by intervening acts and/or omissions of third parties.

28.    U.S. Steel did not design or manufacture any of the end products at issue, but rather manufactured a component ingredient for which, as a naturally occurring chemical by-product, there was no safer, alternative design; therefore, U.S. Steel cannot be held liable for the end product.

29.    Plaintiffs' claims against U.S. Steel are barred by virtue of the fact that U.S. Steel was, at most, a bulk supplier of products to defendant Radiator Specialty Company.

30.    Plaintiffs' claims against U.S. Steel are barred by virtue of the fact that defendant Radiator Specialty Company is a sophisticated user of Raffinate.

31.    If a duty to warn is found to have existed, then U.S. Steel asserts that it provided all required warnings regarding their products to people to whom U.S. Steel sold its products and to people who used its products and if Plaintiff Michael Grady did not receive these warnings it was because the products were supplied in bulk and/or the persons and/or entities to whom U.S.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

Steel sold its products or the persons who or entities which used their products did not, through their acts or omissions, pass the product warnings along to Plaintiff, without fault of U.S. Steel.

32.    If a duty to warn is found to have existed, then U.S. Steel asserts that it provided all required warnings regarding their products and premises to Plaintiff Michael Grady's employers, and if Plaintiff Michael Grady did not receive these warnings it was because Plaintiff Michael Grady's employers did not, through their acts or omissions, pass the warnings along to Plaintiff Michael Grady, without fault of U.S. Steel.

33.    The products at issue distributed, sold and/or supplied by U.S. Steel were for use in a limited market by a limited class of workers who have held themselves out as having special knowledge and experience in the handling of this material.  Upon information and belief, Plaintiff Michael Grady and/or his employer(s) were experienced members of that limited class of skilled individuals upon whose special knowledge and expertise concerning the danger of the products, if any, U.S. Steel was entitled to rely.  U.S. Steel had no duty to warn of dangers which Plaintiff Michael Grady and/or his employer(s) knew, or should have known, as a result of his special knowledge or expertise in the handling of these products.

34.    Plaintiff Michael Grady and/or his employer(s) were at all times relevant herein learned intermediaries and/or sophisticated users of the product or products.

35.    Any product, if proven to have been sold by U.S. Steel, was not defective at the time it left its custody and control.

36.    The product and/or products supplied by U.S. Steel at issue were altered, modified or otherwise rendered to a form not substantially similar to the form when it left the custody or control of U.S. Steel, by others over whom U.S. Steel had no control, and over whose conduct U.S. Steel had no control.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

37.    There is no privity between U.S. Steel and Plaintiffs, and such lack of privity bars the action of the Plaintiffs.

38.    Plaintiffs' claim for punitive damages must be stricken pursuant to R.S.Mo. § 510.261, *et seq*.

39.    To the extent that Plaintiffs make claims for exemplary and punitive damages, such claims are prohibited under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and/or applicable state constitutions.

40.    To the extent that Plaintiffs demand punitive damages, US Steel specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 116 U.S. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

41.    Plaintiffs are not entitled to any recovery of punitive or exemplary damages against U.S. Steel because:

a)    Plaintiffs' claims for punitive damages are barred because an award of punitive damages would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the due process clause of the Missouri Constitution, in that:

i.    The jury will be allowed to consider evidence of U.S. Steel's wealth in assessing punitive damages.

ii.    There are no definite standards whereby the judiciary may determine the submissibility of punitive damages or the amount of any such award.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

iii.    There are no effective procedures whereby the judiciary can review either the submissibility or the magnitude of punitive damages.

iv.    The guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.

v.    The vague and inconsistent legal standards for the imposition of punitive damages deprive U.S. Steel of sufficient notice of the type of conduct and mental state upon which an award of punitive damages could be based.

vi.    No objective limitations or standards have been established concerning the amount or severity of any punitive damages award.

vii.    U.S. Steel is not provided with fair and adequate notice of the punishment, through punitive damages, including the severity of the penalty.

viii.    The procedures allowed permit the award of punitive damages upon satisfaction of a reduced standard of proof inconsistent with the decisional authority of the United States Supreme Court.

ix.    The procedures allowed fail to provide clear, consistent, appellate standards of review of an award of punitive damages.

x.    It is a denial of due process of law and of equal protection of the laws under the Constitutions of the United States and Missouri to permit a corporation to be vicariously liable for punitive and exemplary damages which are awarded on the basis of acts or omissions of employees, agents,

or representatives of the corporation on the doctrine of respondeat superior or any other vicarious liability doctrine of the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Missouri.

b)    Plaintiffs' claims for punitive damages are barred because they are essentially criminal in nature and a form of punishment, and they seek to deny defendant rights guaranteed to defendants in criminal proceedings under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution and the Constitution of Missouri.  Such rights include, among other things:

i.    A requirement that the basis for the imposition of punitive damages be proven by Plaintiffs;

ii.    The right to a unanimous twelve-person jury verdict in jury trials; and

iii.    The right to a separate hearing for the determination of the amount of punitive damages under applicable provisions of state law.

c)    Plaintiffs' claims for punitive damages are barred because they seek to impose punishment that is excessive and grossly disproportionate to the misconduct alleged, in violation of the Constitution of the State of Missouri.

d)    Plaintiffs' claims for punitive damages are barred to the extent they seek the admission of evidence of U.S. Steel's net worth or wealth in determining whether punitive damages are to be awarded and/or in what amount, because punitive damages are a form of punishment, and punishment that is grounded in U.S. Steel's status, rather than in specific misconduct, has the effect of treating

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

classes of citizens unequally in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Missouri.

e)        Plaintiffs' claims for punitive damages are barred because punitive damages are a form of punishment and any such award under the laws of the State of Missouri would violate U.S. Steel's procedural and substantive Due Process rights, and Equal Protection rights, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the Constitution of the State of Missouri where a jury:  (i) is not provided with standards of sufficient clarity, objectivity and uniformity for determining the appropriateness of awarding, or the appropriate size of any punitive damages; (ii) is not instructed on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (iii) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (iv) is permitted to award punitive damages under standards for determining liability for, and amount of, punitive damages that are vague and arbitrary and do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (v) is not subject to judicial review on the basis of objective and uniform standards.

f)        Plaintiffs' claims for punitive damages are barred because an award of punitive damages in this action would be an unconstitutional burden on interstate

commerce in violation of the Commerce Clause of Article I, Section 9 of the United States Constitution.

g)      Plaintiffs' claims for punitive damages in this lawsuit are a request to impose economic sanctions in violation of the sovereignty of other states.

h)      Further, any such recovery would violate U.S. Steel's rights under Article I, Section 9, United States Constitution, because such is an ex post facto law.

i)      Further, an award of punitive damages is a violation of the Contract Clause of the Constitution of the United States of America.

j)      Further, an award of punitive damages is a violation of the Double Jeopardy Clause of the Constitution of the United States of America.

k)      Missouri's scheme for punitive damages, including but not limited to R.S.Mo. §§ 510.263 and 537.675, and the Missouri Approved Jury Instructions for punitive damages, violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and Article 1, §§ 10 and 22(a) of the Missouri Constitution, for the reasons set forth above in this section.

l)      The contracts clause of Article 1 § 10 of the United States Constitution and similar provisions of the Missouri Constitution prohibit the award of punitive damages because any party's claim of punitive damages is an attempt to impose punitive damages through retrospective application of new, judge-made substantive rules.  Due process requires fair notice of the type of conduct that will subject a person or entity to monetary punishment and fair notice of range or any monetary punishment that may be imposed for deviation from the standard.  Due

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

process prohibits punishment for violation of unsettled standards and standards not judicially established until the conduct complained of has taken place. Due process and the contracts cause of Article 1 § 10 of the United States Constitution and the similar provision of the Missouri Constitution are, therefore, also pled as a defense to all of Plaintiffs' liability theories which were not in existence at the time that U.S. Steel allegedly engaged in the conduct at issue in this action.

42.     Plaintiffs fail to state any proper claim upon which punitive damages may be awarded.

43.     Plaintiffs' claims for punitive damages are barred if they are duplicative of claims for punitive damages on the basis of similar allegations in other cases. In the alternative, any punitive damages awarded to Plaintiffs should be offset by the amount of damages assessed against U.S. Steel in other similar actions, if any.

44.      Plaintiffs have failed to allege facts from which it can be reasonably inferred to the level of clear and convincing proof that U.S. Steel acted with complete indifference to or conscious disregard for the safety of others.

45.     U.S. Steel states that Plaintiffs' claims for punitive damages are barred in that a jury cannot constitutionally impose punitive damages for out-of-state conduct.

46.     Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because the law of this State governing punitive damages provides inadequate procedural protections against arbitrary or erroneous awards of such damages. A State may constitutionally award punitive damages only if the law of that State provides

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

significant and effective procedural protections to defendant, which the law of this State does not.

47.     Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because defendant lacked adequate notice either of the type of conduct that could warrant an award of punitive damages under the law of this State, or of the amount of such damages that could be awarded.  The lack of fair notice bars any award of punitive damages.

48.     Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because the law of this State fails to require that any award of punitive damages bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature.

49.     Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because punitive damages, as awarded in this State, impermissibly discriminate against corporate defendants, including the defendant in this case, that are organized under the laws of other States and that maintain their principal places of business in other States.

50.     Plaintiffs' claims for punitive damages are barred by the Commerce Clause of the United States Constitution, Article I, § 8, cl. 3, because the transactions alleged in Plaintiffs' Second Amended Petition took place in interstate commerce, and the imposition of punitive damages on a defendant for transactions in interstate commerce unduly burdens that commerce. In addition, defendant maintains its principal place of business outside this State, and imposition

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

of punitive damages on an out-of-state defendant would unreasonably discriminate against interstate commerce.

51.     Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by principles of federalism embodied in the Constitution, to the extent that claim is based on any conduct by defendant that occurred outside this State.  No legitimate interest of this State can be served by the imposition of punitive damages based on conduct that occurred outside this State, and therefore Due Process prohibits the award of punitive damages based on such conduct.

52.     Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because the law of this State permits the introduction of evidence of defendant's financial condition or 'net worth' with respect to the quantum of punitive damages. The introduction of such evidence violates Due Process by inviting the jury to award an arbitrary amount of punitive damages based on defendant's status as an industrial enterprise.

53.     In the alternative, U.S. Steel pleads and invokes any and all standards for recovery and limitations on the amount of recovery for punitive or exemplary damages to the full extent provided by Missouri law or any other applicable law.

54.     Punitive damages are not recoverable in this action and Plaintiffs fail to state a claim upon which punitive damages may be granted.

55.     U.S. Steel hereby gives notice that it intends to rely upon such other defenses as may become available or appear during the course of discovery or other proceedings in this case and hereby reserves the right to amend this answer to assert such defenses.

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

56.    U.S. Steel adopts and incorporates by reference each and every applicable defense pleaded by any other defendant in this case as if stated fully herein.

57.    Plaintiffs' claims are barred by the doctrine of release.

58.    The Court lacks venue to consider this action.

59.    U.S. Steel reserves the right to assert any and all affirmative defenses which discovery proceedings may hereafter reveal to be appropriate.

WHEREFORE, United States Steel Corporation respectfully requests that this Court dismiss Plaintiffs' claims in their entirety, award United States Steel Corporation all costs and expenses incurred on its behalf, and for such other and further relief, at law or in equity, as this Court deems just and proper.

**UNITED STATES STEEL CORPORATION DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

Respectfully submitted,

HUSCH BLACKWELL LLP

BY:    */s/ Bryan Hopkins*
        Bryan Hopkins, #45896
        Brandon Black, #70880
        190 Carondelet Plaza, Suite 600
        St. Louis, Missouri 63105
        314-480-1500
        314-480-1505 Facsimile
        Bryan.Hopkins@huschblackwell.com
        Brandon.black@huschblackwell.com

**ATTORNEYS FOR DEFENDANT
UNITED STATES STEEL CORPORATION**

Electronically Filed - City of St. Louis - February 13, 2023 - 09:59 AM

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 13, 2023, the foregoing was electronically filed with the Clerk of the Court of St. Louis City, Missouri using Missouri Case.Net which sent notification of such filing to all persons listed in the Court's electronic notification system.

                                                 /s/ *Bryan Hopkins*

Electronically Filed - City of St. Louis - February 13, 2023 - 11:20 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY AND KATHLEEN GRADY, | ) ) ) | |
|     Plaintiff, | ) ) | Cause No:  2022-CC09797 |
| vs. | ) ) | Division 12 |
| MONSANTO COMPANY, | ) ) | **DEFENDANT DEMANDS TRIAL BY** |
| SAFETY-KLEEN SYSTEMS, INC., ET AL. | ) ) | **JURY OF TWELVE** |
|     Defendants. | ) | |

## *ENTRY OF APPEARANCE*

COME NOW Andrew C. Corkery of Pitzer Snodgrass, P.C., and hereby enters his appearance on behalf of Defendant Safety-Kleen Systems, Inc.

/s/ Andrew C. Corkery
Gary E. Snodgrass   #27037
J. Phillip Bryant    #46154
Andrew C. Corkery   #52278
PITZER SNODGRASS, P.C.
Attorney for Defendant
Safety-Kleen Systems, Inc.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: snodgrass@pspclaw.com
Email: bryant@pspclaw.com
Email: corkery@pspclaw.com

Electronically Filed - City of St. Louis - February 13, 2023 - 11:20 AM

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a copy of the foregoing has been electronically served on all counsel of record via the Missouri eFiling System, or U.S. mail for parties not registered for the Missouri eFiling System, on this 13th day of February, 2023.

/s/ Andrew C. Corkery

2

{02351855.DOCX;1}

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

MICHAEL GRADY and                    )
KATHLEEN GRADY,                      )
                                     )
        Plaintiffs,                  )
                                     )
v.                                   )       Cause No. 2022-CC09797
                                     )       Division No. 12
MONSANTO COMPANY, *et al.*,          )
                                     )       JURY TRIAL DEMANDED
        Defendants.                  )

**DEFENDANT THE PROCTER & GAMBLE MANUFACTURING COMPANY'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED PETITION
OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

COMES NOW Defendant The Procter & Gamble Manufacturing Company ("P&GM"),

by and through counsel, and, pursuant to Rule 55.27(a) of the Missouri Rules of Civil Procedure,

moves to dismiss Plaintiffs' Second Amended Petition ("Petition"). In support of its Motion,

P&GM states as follows:

1.      Plaintiffs have sued numerous defendants, including P&GM, seeking damages for

his alleged benzene-related multiple myeloma cancer. Plaintiffs allege generally that Michael

Grady worked as a union pipefitter and mechanical contractor at various jobsites in Missouri and

Illinois.

2.      As to P&GM, Plaintiffs allege that "In and around the 1980s and/or 1990s, Plaintiff

worked at Defendant Procter & Gamble's plant off East Grand and I-70 within the City of St.

Louis, Missouri.  During this work Plaintiff worked on removing and installing piping where he

encountered toxic, potentially cancer-causing chemicals." *See* Plaintiffs' Petition at ¶42, attached

hereto as Exhibit A.  This is the extent of the allegation against P&GM.

3.      Plaintiff attempts to state a cause of action against P&GM as a premises owner based upon theories of negligence (Count VI). Michael Grady's wife, Kathleen Grady attempts to state of cause of action based on her loss of consortium (Count XVIII).

4.      Plaintiffs' Petition should be dismissed on numerous grounds as described in more detail below. By way of this motion, P&GM does not waive any arguments, defenses or rights including but not limited to arguments based upon lack of personal jurisdiction, failure to plead a cause of action, improper venue, federal preemption, statutes of limitation, and/or statutes of repose.

5.      Plaintiffs' Petition should be dismissed. It is well settled that Missouri is a fact-pleading state. State ex rel. Harvey v. Wells, 955 S.W.2d 546, 547 (Mo. banc 1997); Luethans v. Washington Univ., 894 S.W.2d 169, 171 (Mo. banc 1995); ITT Commercial Finance v. Mid-Am. Marine, 854 S.W.2d 371, 377 (Mo. banc 1995). The purpose of fact-pleading is the quick, efficient, and fair resolution of disputes. Fact-pleading identifies, narrows, and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. Luethans, 894 S.W.2d at 171.

6.      Here, the Petition is wholly devoid of basic factual information. Plaintiffs bring this action against approximately 15 Defendants. A group of the Defendants was lumped together in Count VI.  Plaintiffs do not sufficiently identify the type of alleged benzene-containing product(s) to which he was allegedly exposed at the P&GM facility. Plaintiffs do not sufficiently identify P&GM as having any specific benzene-containing product(s) at its facility to which Michael Grady was allegedly exposed.  Plaintiffs do not sufficiently allege the type of activity or job duty that Michael Grady was performing which allegedly exposed him to a benzene-containing product while he was present at P&GM's premises. Instead, Plaintiffs merely set forth bare conclusions.

7.     As Plaintiffs' allegations currently stand, it is impossible for P&GM to know which product at its facility allegedly caused Michael Grady's injuries, when he was allegedly injured, or how he was allegedly injured. This information is crucial to Defendant's ability to isolate what legal and factual issues are involved in the case, what discovery is necessary, and what evidence is relevant. Plaintiffs have not pleaded facts establishing the elements of any of his claims. As set forth above, Plaintiffs have a duty under Missouri law to plead these facts. Plaintiffs have not done so, and their Petition should be dismissed.

8.     Count VI of Plaintiffs' Petition is titled "Negligence." To the extent Plaintiffs are making premises allegations, under Missouri premises liability law, the duty of care owed by the landowner depends upon the status of the entrant. Adams v. Badgett, 114 S.W.3d 432, 436 (Mo. App. E.D. 2003). In Count VI, Plaintiffs do not allege facts to establish Michael Grady's "status" while he was allegedly present on P&GM premises. Since Plaintiffs have not sufficiently pleaded facts to establish that P&GM owed Michael Grady a duty of care, Count VI should be dismissed.

9.     To the extent Plaintiffs are alleging Michael Grady was a business invitee of P&GM, Plaintiffs have still not stated a claim of negligence against P&GM. First, Plaintiffs have not alleged sufficient facts to establish he was an invitee on P&GM premises. Second, Plaintiffs have not alleged sufficient facts demonstrating that P&GM breached any duty owed to Michael Grady even if he was an invitee. Missouri law provides that the possessor of land owes invitees the duty to exercise reasonable care to protect the invitee against both known dangers and those that would be revealed by inspection. Adams, 114 S.W.3d at 438. The duty does not include insuring an invitee's safety. See Medows v. Brockmeier, 863 S.W.2d 675, 676 (Mo. App. E.D. 1993). Plaintiffs have not alleged any facts with sufficient particularity to establish that P&GM breached any duty owed to Michael Grady as an alleged invitee. As such, any claims against

P&GM that are based on an alleged duty owed to business invitees should be dismissed.

10.     Furthermore, to the extent Plaintiff Michael Grady was present on a P&GM premises as an invitee while employed by a third-party contractor and said third-party contractor was in control of construction work on the premises, P&GM cannot be held liable for his injuries. Under Missouri law, when a landowner relinquishes possession and control of the premises to an independent contractor during a period of construction, the independent contractor, not the landowner, is seen as the possessor of the land. The duty to use reasonable care to protect invitees shifts from the landowner to the independent contractor. Noble v. Martin, 908 S.W.2d 390, 391 (Mo.App. E.D. 1995). As such, any of Plaintiffs' claims against P&GM that are based upon alleged exposures that occurred while a third-party independent contractor was in control of the premises should be dismissed.

11.     In Count XVIII, Plaintiffs allege loss of consortium. Count XVIII fails to state a cause of action against P&GM in that it is predicated on Count VI. As set forth above, Count VI does not state a cause of action against P&GM. A loss of consortium action derives from an injured spouse's action for injury and is dependent upon the establishment of defendant's liability for damages to the injured spouse. Lear v. Norfolk and Western Railway Co., 815 S.W.2d 12, 14-15 (Mo. App. W.D. 1991); Pease v. Ace Hardware Home Center of Round Lake, 147 Ill. App. 3d 546 (1986). Count XVIII should be dismissed.

12.     Plaintiffs' Petition does not set forth any specific facts establishing that the City of St. Louis is the proper venue or forum for this case; therefore, it should be dismissed. §508.010.4, RSMo. (2014).

13.     Plaintiffs' claims are barred by the applicable statutes of limitations.

14.     Some or all of Plaintiffs' claims are barred by the applicable statutes of repose.

15.    P&GM incorporates and adopts herein the motions and arguments made in response to Plaintiffs' Petition by the co-defendants in this cause of action, to the extent that they do not contradict the arguments raised in this Motion.

16.    In the alternative, P&GM moves, pursuant to Rule 55.27(d) of the Missouri Rules of Civil Procedure, for an order requiring Plaintiffs to make their pleading more definite and particular to enable P&GM to prepare a responsive pleading or otherwise prepare for trial.

WHEREFORE, Defendant The Procter & Gamble Manufacturing Company prays for this Court's Order dismissing Plaintiffs' Second Amended Petition against it or, alternatively, for an order directing Plaintiffs to plead his claims more definitely, and for such other and further relief as is proper under the circumstances.

Respectfully submitted,

COSMICH, SIMMONS & BROWN, LLC

By    /s/ Jerome S. Warchol, Jr.
      Richard A. Brown            #65304
      Jerome S. Warchol, Jr.      #57123
      4220 Duncan Ave, Ste 201
      St. Louis, MO 63110
      314-735-2560
      314-552-7019 (Facsimile)
      jerry.warchol@cs-law.com
      citymail@cs-law.com

      *Attorneys for Defendant The Procter & Gamble Manufacturing Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of February, 2023, I electronically filed the foregoing with the Clerk of the Court using the Missouri eFiling System, which sent notification of such filing to all counsel of record. I further certify that I signed, or caused my electronic signature to be placed upon the original of the foregoing document.

/s/ Jerome S. Warchol, Jr.

Electronically Filed - City of St. Louis - February 20, 2023 - 01:41 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | Case No. 2022-CC09797 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MONSANTO COMPANY, *et al*., | ) | JURY TRIAL DEMANDED |
| | ) | ON ALL COUNTS |
| Defendants. | ) | |

## **ORDER**

Before the Court is the Motion for *Pro Hac Vice* Admission of Courtney D. Carter filed on behalf of Defendant Exxon Mobil Corporation, incorrectly named as "ExxonMobil Oil Corporation, as successor to Mobil Oil Corporation (D/B/A Mobil Oil)." Having considered the motion, the Court is of the opinion that the motion should be GRANTED. It is therefore ORDERED that Courtney D. Carter is admitted *pro hac vice* in the above-styled matter.

Signed the _____ day of February 2023.

_____
Judge

4

Electronically Filed - City of St. Louis - February 20, 2023 - 01:41 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | Case No. 2022-CC09797 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MONSANTO COMPANY, *et al.*, | ) | JURY TRIAL DEMANDED |
| | ) | ON ALL COUNTS |
| Defendants. | ) | |

**MOTION FOR *PRO HAC VICE* ADMISSION OF COURTNEY D. CARTER, ESQ.**

Pursuant to Mo. Sup. Ct. R. 9.03, the undersigned respectfully requests that this Court permit Courtney D. Carter, Esq., to practice specially in this Court regarding the instant proceeding as an attorney for Defendant Exxon Mobil Corporation, incorrectly named as "ExxonMobil Oil Corporation, as successor to Mobil Oil Corporation (D/B/A Mobil Oil)" (hereinafter "Exxon") and to participate in the trial, proceedings, and hearings herein. In support of this Motion, Movant states:

1.      Courtney D. Carter is an attorney licensed to practice law and a Partner with the law firm of Chilton Yambert Porter LLP, located at 303 W. Madison St., Suite 2300, Chicago, Illinois 60606, (312) 634-1253. *See* **Exhibit A**, Affidavit of Courtney D. Carter.

2.      Ms. Carter and the law firm of Chilton Yambert Porter LLP have been retained by Exxon to act as counsel in this matter. Ms. Carter desires to be permitted to practice specially in this Court as counsel for Exxon in the above styled case.

3.      Ms. Carter has been admitted to practice law in the State of Illinois since 1997 and to the following Federal courts: Central District of Illinois, Northern District of Illinois, and Northern District of Illinois Trial Bar. Ms. Carter is currently licensed and in good standing to practice law in each jurisdiction to which she is admitted.

Electronically Filed - City of St. Louis - February 20, 2023 - 01:41 PM

4.    Neither Ms. Carter nor any member of the firm of Chilton Yambert Porter LLP, with which Ms. Carter practices, is under suspension or disbarment by any Court to which Ms. Carter is admitted.

5.    Ms. Carter is familiar with the Missouri Supreme Court Rules and will at all times abide by and comply with those rules as counsel herein.

6.    Pursuant to the Missouri Supreme Court Rules, the *Pro Hac Vice* Fee of $410.00 for Ms. Carter was paid to the Clerk of the Court. *See* **Exhibit B**, Receipt from the Clerk of the Court attached herewith.

7.    Bryan Hopkins, of the law firm of Husch Blackwell LLP, 190 Carondelet Plaza, Suite 600, St. Louis, Missouri 63105, has agreed to act as associate counsel herein for Exxon and to sponsor the motion for the *pro hac vice* admission of Courtney D. Carter.

WHEREFORE, Bryan Hopkins, respectfully requests that this Court permit Courtney D. Carter to practice specially in this case as an attorney of record for Exxon Mobil Corporation, incorrectly named as "ExxonMobil Oil Corporation, as successor to Mobil Oil Corporation (D/B/A Mobil Oil)" and to participate in the trial, proceedings, and hearings herein. A proposed order is attached hereto.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: /s/ *Bryan Hopkins*
    Bryan Hopkins, #45896
    Lazaro Aguiar, #73602
    190 Carondelet Plaza, Suite 600
    St. Louis, Missouri 63105
    314-480-1500
    314-480-1505 Facsimile

ATTORNEYS FOR DEFENDANT
Exxon Mobil Corporation, incorrectly named as
"ExxonMobil Oil Corporation, as successor to
Mobil Oil Corporation (D/B/A Mobil Oil)"

Electronically Filed - City of St. Louis - February 20, 2023 - 01:41 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was forwarded electronically via Missouri Courts eFiling to counsel for Plaintiffs and all counsel of record on this 20th day of February 2023.

*/s/ Bryan Hopkins*

Electronically Filed - City of St. Louis - February 20, 2023 - 01:41 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| MICHAEL GRADY and<br>KATHLEEN GRADY, | ) <br> ) <br> )   Case No. 2022-CC09797 |
|     Plaintiffs, | ) <br> ) |
|   vs. | ) <br> ) |
| MONSANTO COMPANY, *et al.*, | )   JURY TRIAL DEMANDED <br> )   ON ALL COUNTS |
|     Defendants. | ) |

**AFFIDAVIT OF COURTNEY D. CARTER TO APPEAR *PRO HAC VICE***

The Movant, Courtney D. Carter, after being duly sworn, states:

1.    My full name is Courtney D. Carter.

2.    I am a Partner in the law-firm of Chilton Yambert Porter LLP, located at 303 W. Madison St., Suite 2300, Chicago, Illinois 60606.

3.    I am seeking to appear *pro hac vice* and participate as co-counsel for Defendant Exxon Mobil Corporation in the above-captioned matter.

4.    I am currently licensed in the State of Illinois, in good standing, and admitted to practice before the highest court of the State of Illinois. I was admitted to practice before the Illinois Bar in 1997 and my Illinois Bar Number 6242645.

5.    I am also admitted to practice before the following courts, in which I was admitted on the following dates and remain in good standing:

    a.    United States District Court for the Central District of Illinois (1989)
    b.    United States District Court for the Northern District of Illinois (2001)
    c.    United States District Court for the Northern District of Illinois Trial Bar (2009)

6.    I am in good standing in all jurisdictions in which I am licensed to practice.

7.    I have not been denied admission *pro hac vice* or ever had my admission *pro hac vice* revoked by any court in any jurisdiction.

EXHIBIT A

Electronically Filed - City of St. Louis - February 20, 2023 - 01:41 PM

8.      I have never been disciplined or sanctioned by the Board of Professional Responsibility of the Supreme Court of Missouri, by any similar lawyer disciplinary agency in any jurisdiction, or by any similar disciplinary authority.

9.      No member of my firm, Chilton Yambert Porter LLP with which I practice with, is under suspension or disbarment by any Court to which I am admitted.

10.     I am familiar with the Missouri Supreme Court Rules and will at all times abide by and comply with those rules as counsel herein.

11.     I agree to comply with the Rules of Professional Conduct as set forth in Rule 4.

12.     I am associated with counsel Bryan Hopkins, Esq. of Husch Blackwell LLP, 190 Carondelet Plaza, Suite 600, St. Louis, Missouri 63105, telephone number (314) 480-1500. Mr. Hopkins is a resident of Missouri, maintains an office for the practice of law in Missouri, and is duly and regularly admitted, in good standing, to practice before the Supreme Court of Missouri. Mr. Hopkins' Missouri Bar Number is 45896.

13.     Contemporaneous with the filing of this affidavit, I have submitted all fees required by Mo. Sup. Ct. R. 6.01(m) in connection with my application for *pro hac vice* admission.

14.     I hereby certify that a copy of this Affidavit, the Motion for Admission *Pro Hac Vice*, and all associated papers have been served upon all counsel of record in this proceeding and upon the Clerk of the Court in the Circuit Court, State of Missouri, Twenty-Second Judicial Circuit.

Courtney D. Carter

Electronically Filed - City of St. Louis - February 20, 2023 - 01:41 PM

STATE OF MISSOURI    )
                        )
CITY OF St. louis    )

       Before me, the undersigned, a Notary Public in and for said County and State, personally appeared Courtney D. Carter who, being first duly sworn upon her oath, acknowledged the execution of the foregoing Affidavit and affirmed, under the penalties of perjury, that the facts set forth therein are true.

       Witness my hand and seal this _____ 16TH _____ day of February 2023.

My Commission Expires:

```
J. FLYNN
Notary Public - Notary Seal
St Louis County - State of Missouri
Commission Number 13431029
My Commission Expires Jan 7, 2024
```

_____
Notary Public

_____
Jessica Flynn
Print Name

Page 3 of 3

Electronically Filed - City of St. Louis - February 20, 2023 - 01:41 PM



**CLERK OF THE SUPREME COURT**
STATE OF MISSOURI
POST OFFICE BOX 150
JEFFERSON CITY, MISSOURI
65102

BETSY AUBUCHON
CLERK

TELEPHONE
(573) 751-4144

2/14/2023

*This will hereby acknowledge receipt of $410.00 as required by Rule 6.01(n) for Courtney Carter,
appearing in Michael Grady and Kathleen Grady v. Monsanto Company, et al., Case No. 2022-CC09797,
before the Circuit Court, Saint Louis City, State of Missouri.*

Betsy AuBuchon, Clerk

**EXHIBIT B**

32947.99114

Electronically Filed - City of St. Louis - February 22, 2023 - 11:41 AM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

MICHAEL GRADY and )
KATHLEEN GRADY, )
       )
           Plaintiffs, )
       ) Cause No.  2022-CC09797
v. )
       )
RADIATOR SPECIALTY COMPANY, et al. )
       )
           Defendants. )

**DEFENDANT RADIATOR SPECIALTY COMPANY'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED PETITION**

NOW COMES the Defendant, RADIATOR SPECIALTY COMPANY ("Radiator), by and through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP and hereby moves this Court for an Order dismissing Plaintiffs' Second Amended Petition and, in support thereof, state as follows:

**INTRODUCTION**

1.      Plaintiffs filed this lawsuit against Radiator Specialty Company and other defendants alleging strict liability and negligence.  Plaintiffs are seeking damages allegedly resulting from Michael Grady's claimed exposures to benzene and benzene containing products including Liquid Wrench (Petition ¶46).  Plaintiffs allege that Michael Grady was exposed to benzene while working in Illinois and Missouri.  Michael Grady allegedly was diagnosed with Multiple Myeloma on May 5, 2017. (Petition ¶49).

32947.99114

## ARGUMENT

2.      Pursuant to Missouri Supreme Court Rule 55.27(1)(2), Defendant objects to the court's jurisdiction over it on the grounds that Defendant is not amenable to process of this court because Plaintiffs' Second Amended Petition fails to set forth sufficient facts that Defendant has the requisite contacts with the State of Missouri to have submitted themselves to this Court's jurisdiction, pursuant to V.A.M.S. § 506.500.  Plaintiffs have not plead any connection between this Defendant and Missouri.  This court lacks jurisdiction over this Defendant pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), *Walden v. Fiore*, 134 S. Ct. 1115 (2014), *BNSF v. Tyrell*, 137 S. Ct. 1549 (2017), *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), and *State ex. rel. Norfolk Southern Railway Co. v. Dolan*, No. SC95514 (Mo. 2017).

3.      Plaintiffs' claims are preempted by the Federal Hazardous Substances Act and thus should be dismissed.  The Federal Hazardous Substances Act (the "FHSA") expressly preempts state laws that impose labeling requirements for hazardous materials that are inconsistent with the requirements imposed by the Act.  15 U.S.C. § 1261, note (b)(a)(A).  As the Eastern District of the Missouri District Court has held, the banning of a product "under the guise of a common law tort action is impliedly preempted by the CPSA."  *See Mwesigwa v. DAP, Inc.*, 2010 U.S. Dist. LEXIS 23233, *16 (E.D. Mo. Mar. 12, 2010) (finding that the <u>"[t]he FHSA preempts any state cause of action that would impose a labeling requirement different from the requirements in the FHSA or the regulations promulgated thereunder.</u>")  *Id.* at *5.  Because Plaintiffs' claims are predicated on allegations that various defendants, including Radiator Specialty, failed to include adequate warnings on their products, these claims seek to impose

Electronically Filed - City of St. Louis - February 22, 2023 - 11:41 AM

32947.99114

cautionary labeling requirements on Radiator Specialty that differ from those imposed by the FHSA, and they are therefore preempted and must be dismissed.

4.    The Second Amended Petition fails to plead sufficient facts to state a cause of action.  "Missouri is a fact-pleading state." *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. 1997). Accordingly, Missouri Supreme Court Rule 55.05 requires that a petition contain "a short and plain statement of the facts showing that the pleader is entitled to relief." Mo. R.C.P. 55.05 (2005).  This requirement is not without purpose.  Rather, fact-pleading is necessary to present, limit, define and isolate "the contested issues for the trial court and the parties in order to expedite a trial on the merits." Gibson, 952 S.W.2d at 245.  In order to state a cause of action against Defendant, Plaintiff must plead that a specific product attributable to Defendant was a substantial factor in causing the alleged harm. *ITT Commercial Financial Corp. v. Mid-America Marine Supply Co.*, 854 S.W.2d 371,379 (Mo. 1993).  The Second Amended Petition as written fails to plead how Defendant's products or activities were a substantial factor in causing the Plaintiffs' alleged exposure to asbestos.  As such, Plaintiffs' Second Amended Petition should be dismissed.

5.    The Second Amended Petition cites no specific factual statements and relies on mere unsupported legal conclusions as to strict liability, negligence, and willful and wanton conduct.  *See Ingle v. Case*, 777 S.W.2d 301, 305 (Mo. Ct. App. 1989) (stating that merely asserting legal conclusions without supporting facts is not sufficient).

6.    Plaintiffs' Second Amended Petition fails to allege sufficient facts which support that forum is proper in St. Louis, Missouri.  Plaintiffs allege they are residents of the State of Missouri (Petition ¶1).  Plaintiffs' Petition does not allege where Plaintiff worked with or around

Electronically Filed - City of St. Louis - February 22, 2023 - 11:41 AM

32947.99114

Defendant's product at issue.  As Plaintiffs' Petition fails to allege an appropriate connection to the Judicial Circuit on behalf of Plaintiff, the case should be dismissed on the basis of *forum non conveniens* pursuant to Missouri Law.    *See Vercimak v. Vercimak*, 762 S.W.2d 529, 531 (Mo.App.1988) (finding that trial courts have an obligation to dismiss cases that have no tangible relationship to Missouri).

7.    Plaintiffs' claims should be dismissed as Plaintiff has not used the product at issue in its intended use or has altered said product.  *See generally Williams v. Deere & Co.*, 598 S.W.2d 609 (Mo. App. 1980); *Glass v. Allis-Chalmers Corp.*, 789 F.2d 612 (8th Cir. 1986).

8.    That the case should be transferred for improper venue pursuant to R.S.Mo. §508.010.

9.    Plaintiffs' Second Amended Petition is barred by the statute of repose inasmuch as §516.097 RSMo. and/or any other applicable state's law provides for a statute of repose involving the design, planning or construction of an improvement to real property. This action is barred because it was brought more than ten (10) years after the improvement to real property which is alleged defective or unsafe was completed. Because this action was untimely brought, it should be dismissed accordingly.

10.    To the extent that Plaintiffs have previously recovered any of Plaintiffs' damages by way of settlement or judgment, this Defendant is entitled to a set-off against any judgment taken against it in this cause for all sums paid in settlement or judgment to the Plaintiffs by another defendant or third-party defendant or any other party or person herein pursuant to RSMo. §537.060 and all other applicable state's statutes and Supreme Court Rules.

Electronically Filed - City of St. Louis - February 22, 2023 - 11:41 AM

32947.99114

## **CONCLUSION**

WHEREFORE, Defendant, RADIATOR SPECIALTY COMPANY respectfully requests that this

Court dismiss Plaintiffs' Second Amended Petition in its entirety with prejudice.

RADIATOR SPECIALTY COMPANY, Defendant.

By: _____ */s/ Aaron G. Reynolds*_____
      LEWIS BRISBOIS BISGAARD & SMITH LLP
      Jeffrey T. Bash, #56389
      Aaron G. Reynolds, #73419

LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Telephone    618.307.7290
Facsimile    618.692.6099

Electronically Filed - City of St. Louis - February 22, 2023 - 11:41 AM

32947.99114

## **CERTIFICATE OF SERVICE**

I hereby certify that on this **February 22, 2023**, the foregoing was filed electronically

with the Clerk of the Court to be served by operation of the Court's electronic filing system upon

Plaintiffs' counsel and all parties who have entered an appearance.

By: _____*/s/ Aaron G. Reynolds*_____
LEWIS BRISBOIS BISGAARD & SMITH LLP

Electronically Filed - City of St. Louis - February 22, 2023 - 11:41 AM

32947.99114

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

MICHAEL GRADY and )
KATHLEEN GRADY, )
 )
    Plaintiffs, )
 ) Cause No.  2022-CC09797
v. )
 )
RADIATOR SPECIALTY COMPANY, et al. )
 )
    Defendants. )

## NOTICE OF SUBSTITUTION OF COUNSEL
## AND ENTRY OF APPEARANCE

    PLEASE TAKE NOTICE that Attorney Aaron G. Reynolds of the law firm LEWIS BRISBOIS

BISGAARD & SMITH LLP will replace Attorney Justin S. Zimmerman as additional counsel of

record for Defendant, Radiator Specialty Company, in the above-captioned matter and enters

his appearance thereto.  Attorney Jeffrey T. Bash will remain as lead counsel for Defendant,

Radiator Specialty Company.


               RADIATOR SPECIALTY COMPANY, Defendant.


         By: _____*/s/ Aaron G. Reynolds*_____
           LEWIS BRISBOIS BISGAARD & SMITH LLP
           Jeffrey T. Bash, #56389
           Aaron G. Reynolds, #73419

LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II – Suite 300
103 W. Vandalia Street
Edwardsville, Illinois 62025
Telephone  618.307.7290
Facsimile  618.692.6099

90612264.1

Electronically Filed - City of St. Louis - February 22, 2023 - 11:41 AM

32947.99114

## CERTIFICATE OF SERVICE

I hereby certify that on this **February 22, 2023**, the foregoing was filed electronically

with the Clerk of the Court to be served by operation of the Court's electronic filing system upon

Plaintiffs' counsel and all parties who have entered an appearance.


By: _____*/s/ Aaron G. Reynolds*_____
      LEWIS BRISBOIS BISGAARD & SMITH LLP

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT

| | | |
|---|---|---|
| MICHAEL GRADY and | ) | |
| KATHLEEN GRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2022-CC09797 |
| | ) | |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY, *et al.*, | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |
| | ) | |

### DEFENDANT EXXON MOBIL CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED PETITION

Defendant EXXON MOBIL CORPORATION, incorrectly named herein as ExxonMobil Oil Corporation, as successor to Mobil Oil Corporation (D/B/A Mobil Oil) ("Exxon Mobil") and for its Answer and Affirmative Defenses to Plaintiffs' Second Amended Petition ("Petition") states:

### JURISDICTION AND VENUE

1.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 1 of the Petition and, therefore, such allegations are denied.

2.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 2 of the Petition and, therefore, such allegations are denied.

3.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 3 of the Petition and, therefore, such allegations are denied.

4.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 4 of the Petition and, therefore, such allegations are denied.

5.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 5 of the Petition and, therefore, such allegations are denied.

6.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 6 of the Petition and, therefore, such allegations are denied.

7.      Exxon Mobil admits that it is a foreign corporation which has done business within the State of Missouri. Except where otherwise expressly admitted, Exxon Mobil denies all remaining allegations contained in paragraph 7 of the Petition.

8.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 8 of the Petition and, therefore, such allegations are denied

9.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 9 of the Petition and, therefore, such allegations are denied.

10.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 10 of the Petition and, therefore, such allegations are denied.

11.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 11 of the Petition and, therefore, such allegations are denied.

12.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 12 of the Petition and, therefore, such allegations are denied.

13.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 13 of the Petition and, therefore, such allegations are denied.

14.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 14 of the Petition and, therefore, such allegations are denied.

15.      Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 15 of the Petition and, therefore, such allegations are denied.

16.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 16 of the Petition and, therefore, such allegations are denied.

17.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 17 of the Petition and, therefore, such allegations are denied.

18.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 18 of the Petition and, therefore, such allegations are denied.

19.     Admitted.

20.     Denied.

21.     Denied.

22.     Paragraph 22 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 22 of the Petition, the allegations contained therein are denied.

23.     Paragraph 23 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 23 of the Petition, the allegations contained therein are denied.

24.     Paragraph 24 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 24 of the Petition, the allegations contained therein are denied.

## ALLEGATIONS COMMON TO ALL COUNTS

### I. Plaintiff Michael Grady's Exposure Routes

25.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 25 of the Petition and, therefore, such allegations are denied.

26.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 26 of the Petition and, therefore, such allegations are denied.

27.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 27 of the Petition and, therefore, such allegations are denied.

28.     Plaintiffs have failed to supply sufficient information as to which "I55 Mobile [*sic*] Station, located within the City of St. Louis" Plaintiffs reference in paragraph 28 of their Petition. As such, without clarification as to what specific business address or location Plaintiffs reference in paragraph 28 of their Petition or as to who specifically employed him at that location, Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 28 of the Petition and, therefore, such allegations are denied.

29.     Exxon Mobil incorporates by reference its response to paragraph 28 of Plaintiffs' Petition as its response to paragraph 29 of Plaintiffs' Petition, including subparts a through c.

30.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 30 of the Petition and, therefore, such allegations are denied.

31.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 31 of the Petition and, therefore, such allegations are denied.

32.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 32 of the Petition and, therefore, such allegations are denied.

33.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 33 of the Petition and, therefore, such allegations are denied.

34.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 34 of the Petition and, therefore, such allegations are denied.

35.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 35 of the Petition and, therefore, such allegations are denied.

36.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 36 of the Petition and, therefore, such allegations are denied.

37.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 37 of the Petition and, therefore, such allegations are denied.

38.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 38 of the Petition and, therefore, such allegations are denied.

39.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 39 of the Petition and, therefore, such allegations are denied.

40.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 40 of the Petition and, therefore, such allegations are denied.

41.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 41 of the Petition and, therefore, such allegations are denied.

42.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 42 of the Petition and, therefore, such allegations are denied.

43.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 43 of the Petition and, therefore, such allegations are denied.

44.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 44 of the Petition and, therefore, such allegations are denied.

45.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 45 of the Petition and, therefore, such allegations are denied.

46.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 46 of the Petition and, therefore, such allegations are denied.

47.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 47 of the Petition and, therefore, such allegations are denied.

48.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 48 of the Petition and, therefore, such allegations are denied.

49.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 49 of the Petition and, therefore, such allegations are denied.

## FACTS CONCERNING MONSANTO

50.-61. The averments contained in Facts Concerning Monsanto, paragraphs 50 through 61, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto. However, to the extent that any averment contained in Facts Concerning Monsanto, paragraphs 50 through 61, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

### Count I
### NEGLIGENCE—PCBs
**(Against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical)**

62.-76. The averments contained in Count I, paragraphs (including each subparagraph) 62 through 76, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto. However, to the extent that any averment contained in Count I, paragraphs (including each subparagraph) 62 through 76, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

**Count II**
**NEGLIGENCE—BENZENE**
**(Against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical)**

77.-91. The averments contained in Count II, paragraphs (including each subparagraph)  77 through 91, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto. However, to the extent that any averment contained in Count II, paragraphs (including each subparagraph) 77 through 91, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

**Count III**
**NEGLIGENCE**
**(Against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical)**

92.-106. The averments contained in Count III, paragraphs (including each subparagraph) 92 through 106, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto. However, to the extent that any averment contained in Count III, paragraphs (including each subparagraph) 92 through 106, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

**Count IV**
**STRICT LIABILITY—DEFECTIVE PRODUCT**
**(Against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical)**

107.-120. The averments contained in Count IV, paragraphs (including each subparagraph) 107 through 120, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto. However, to the extent that any averment contained in Count IV, paragraphs (including each subparagraph) 107 through 120, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

**Count V**
**NEGLIGENCE—PREMISES LIABILITY**
**(Against Defendants Monsanto, Solutia, Pharmacia, and Eastman Chemical)**

121.-144. The averments contained in Count V, paragraphs (including each subparagraph) 121 through 144, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto. However, to the extent that any averment contained in Count V, paragraphs (including each subparagraph) 121 through 144, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

**Count VI**
**NEGLIGENCE**
**(Against Defendants Anheuser-Bush InBev, Procter & Gamble, and Mallinckrodt/MI Holdings)**

145.-160. The averments contained in Count VI, paragraphs (including each subparagraph) 145 through 160, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto. However, to the extent that any averment contained in Count VI, paragraphs (including each subparagraph) 145 through 160, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

<div align="center">

**Count VII**
**<u>NEGLIGENCE</u>**
**(Against Defendant ExxonMobil Oil Corporation)**

</div>

161.    Exxon Mobil repeats and realleges its responses to paragraphs 1-2, 19, 21-25, and 44 through 49 of Plaintiffs' Petition as if more fully set forth herein.

162.    Plaintiffs have failed to supply sufficient information as to which "I55 Mobile [*sic*] Station located within the City of St. Louis" Plaintiffs reference in paragraph 162 of their Petition. As such, without clarification as to what specific business address or location Plaintiffs reference in paragraph 162 of their Petition or as to who specifically employed him at that location, Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 84 of the Petition and, therefore, such allegations are denied.

163.    Exxon Mobil incorporates by reference its response to paragraph 162 of Plaintiffs' Petition as its response to paragraph (including each subparagraph) 163 of Plaintiffs' Petition.

164.    Exxon Mobil incorporates by reference its response to paragraph 162 of Plaintiffs' Petition as its response to paragraph 164 of Plaintiffs' Petition.

165.    Exxon Mobil incorporates by reference its response to paragraph 162 of Plaintiffs' Petition as its response to paragraph 165 of Plaintiffs' Petition.

166.    It is unclear what "ExxonMobil facilities" are being referenced in paragraph 166 of Plaintiffs' Petition. As such, without clarification as to what specific business address or location which Plaintiffs reference in paragraph 166 of their Petition, Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 166 of the Petition and, therefore, such allegations are denied.

167.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 167 of the Petition and, therefore, such allegations are denied.

168.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 168 of the Petition and, therefore, such allegations are denied.

169.    Denied.

170.    Paragraph 170 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 170 of the Petition, the allegations contained therein are denied.

171.    Exxon Mobil denies the allegations in paragraph 171, including but not limited to the allegations in subparagraphs (a) through (k).

172.    Denied.

173.    Denied.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

<div align="center">

**Count VIII**
**NEGLIGENCE AS TO PRODUCER, MANUFACTURER & DISTRIBUTOR OF**
**BENZENE**
**(Shell Oil Company)**

</div>

174.-183.  The averments contained in Count VIII, paragraphs (including each subparagraph) 174 through 183, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto. However, to the extent that any averment contained in Count VIII, Paragraphs (including each subparagraph) 174 through 183, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

<div align="center">

**Count IX**
**NEGLIGENCE AS TO PRODUCER, MANUFACTURER & DISTRIBUTOR OF**
**PRODUCTS CONTAINING BENZENE**
**(ExxonMobil)**

</div>

184.    Exxon Mobil repeats and realleges its responses to paragraphs 1-2, 7, 19, 21-25, 28-29, and 44 through 49 of Plaintiffs' Petition as if more fully set forth herein.

185.    Plaintiffs have failed to supply sufficient information as to which "I55 Mobile [*sic*] Station" Plaintiffs reference in paragraph 185 of their Petition. As such, without clarification as to what specific business address or location Plaintiffs reference in paragraph 185 of their Petition or as to who specifically employed him at that location, Exxon Mobil is without sufficient knowledge

or information to form a belief as to the allegations contained in paragraph 185 of the Petition and, therefore, such allegations are denied.

186.    Exxon Mobil incorporates by reference its response to paragraph 185 of Plaintiffs' Petition as its response to paragraph 186 of Plaintiffs' Petition.

187.    Exxon Mobil incorporates by reference its response to paragraph 185 of Plaintiffs' Petition as its response to paragraph 187 of Plaintiffs' Petition.

188.    Denied.

189.    Paragraph 189 states a legal conclusion for which no response is required. To the extent this Court requires a response to paragraph 189 of the Petition, the allegations contained therein are denied.

190.    Exxon Mobil denies the allegations in paragraph 190, including but not limited to the allegations in subparagraphs (a) through (i).

191.    Denied.

192.    Denied.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

<div align="center">

**Count X**
**NEGLIGENCE AS TO PRODUCER, MANUFACTURER & DISTRIBUTOR OF PRODUCTS CONTAINING BENZENE**
**(Turtle Wax, United States Steel, and Radiator Specialty)**

</div>

193.-201. The averments contained in Count X, paragraphs 193 through 201, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto. However, to the extent that any averment contained in Count X, Paragraphs 193 through 201, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

<div align="center">

**Count XI**
**<u>NEGLIGENCE</u>**
**(Against Mistic Metal Movers, Inc.)**

</div>

202.-214. The averments contained in Count XI, paragraphs 202 through 214, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto. However, to the extent that any averment contained in Count XI, Paragraphs 202 through 214, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

<div align="center">

**Count XII**
**<u>STRICT LIABILITY—FAILURE TO WARN</u>**
**(Against Defendants Shell Oil Company, ExxonMobil, Turtle Wax, United States Steel, and Radiator Specialty)**

</div>

215.     Exxon Mobil repeats and realleges its responses to paragraphs 1-2, 7, 14-17, 21-25, 28-30, 45-46, and 48 through 49 of Plaintiffs' Petition as if more fully set forth herein.

216.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 216 of the Petition and, therefore, such allegations are denied.

217.     Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 217 of the Petition and, therefore, such allegations are denied.

218.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 218 of the Petition and, therefore, such allegations are denied.

219.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 219 of the Petition and, therefore, such allegations are denied.

220.    Denied.

221.    Denied.

222.    Denied.

223.    Denied.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

### Count XIII
### STRICT LIABILITY—DEFECTIVE PRODUCT
**(Against Defendants Shell Oil Company, Radiator Specialty, United States Steel, Mistic Metal, Turtle Wax, and ExxonMobil)**

224.    Exxon Mobil repeats and realleges its responses to paragraphs 1-2, 7, 14-17, 21-25, 28-30, 45-46, and 48 through 49 of Plaintiffs' Petition as if more fully set forth herein.

225.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 225 of the Petition and, therefore, such allegations are denied.

226.    Denied, including but not limited to the allegations in subparagraphs (a) through (e).

227.    Denied.

228.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 228 of the Petition and, therefore, such allegations are denied.

229.    Denied.

230.    Denied.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

<div align="center">

**Count XIV**
**NEGLIGENCE—FAILURE TO WARN**
**(Against Defendants Shell Oil Company, Radiator Specialty, United States Steel, Mistic Metal, Turtle Wax, and ExxonMobil)**

</div>

231.    Exxon Mobil repeats and realleges its responses to paragraphs 1-2, 7, 14-17, 21-25, 28-30, 45-46, and 48 through 49 of Plaintiffs' Petition as if more fully set forth herein.

232.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 232 of the Petition and, therefore, such allegations are denied.

233.    Exxon Mobil is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 233 of the Petition and, therefore, such allegations are denied.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Denied.

240.    Denied.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

### Count XV
### NEGLIGENCE AS TO PRODUCER, MANUFACTURER & DISTRIBUTOR OF PRODUCTS CONTAINING BENZINE
### (Safety-Kleen)

241.-253.    The averments contained in Count XV, paragraphs (including each subparagraph) 241 through 253, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto. However, to the extent that any averment contained in Count XV, paragraphs (including each subparagraph) 241 through 253, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

### Count XVI
### STRICT LIABILITY- FAILURE TO WARN
### (Safety-Kleen)

254.-266. The averments contained in Count XVI, paragraphs 254 through 266, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto. However, to the extent that any averment contained in Count XVI, Paragraphs 254 through 266, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

<div align="center">

**Count XVII**
**<u>STRICT LIABILITY—DEFECTIVE PRODUCT</u>**
**(Safety-Kleen)**

</div>

267.-276.    The averments contained in Count XVII, paragraphs (including each subparagraph) 267 through 276, are not directed against Exxon Mobil, and therefore Exxon Mobil makes no answer thereto. However, to the extent that any averment contained in Count XVII, paragraphs (including each subparagraph) 267 through 276, is construed as to be directed against Exxon Mobil, then Exxon Mobil denies each and every such averment.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

<div align="center">

**Count XVIII**
**<u>LOSS OF CONSORTIUM</u>**

</div>

277.    Exxon Mobil repeats and realleges its responses to paragraphs 1 through 276 of Plaintiffs' Petition as if more fully set forth herein.

278.    Denied.

WHEREFORE Defendant Exxon Mobil Corporation prays this Court dismiss Plaintiffs' Petition with prejudice, for its cost incurred herein, and for any and all further relief as this Court determines to be just and proper.

## DEFENDANT DEMANDS TRIAL BY JURY

## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

1.      As further answer and defense, and without waiving in any manner its denial of liability, Exxon Mobil states that Plaintiffs' Petition must be dismissed for failure to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations or repose.

3.      As further answer and defense, Exxon Mobil states that Plaintiffs unreasonably delayed in bringing this action against this Defendant in a way which prejudiced its rights. Therefore, Plaintiffs' causes of action are barred by the doctrines of laches, estoppel, and/or waiver

4.      As further answer and defense, and without waiving in any manner its denial of liability, Exxon Mobil states that Michael Grady assumed the risk of injury, if any, through his own comparative fault and contributory negligence, in that, inter alia:

   a.      Michael Grady failed to read and follow available product instructions and warnings;

   b.      Michael Grady failed to heed and follow his employer's directions and instructions;

   c.      Michael Grady failed to mitigate his damages;

   d.      Michael Grady misused this Defendant's products, in ways that were not foreseeable to Exxon Mobil;

   e.      Michael Grady failed to use ordinary and reasonable care; and

f.      Michael Grady knowingly and voluntarily assumed the risk of injury and

damages.

5.      As further answer and defense, Exxon Mobil states that Michael Grady's injuries

and/or damages, if any, were not caused by the negligence of this Defendant, but rather were

proximately caused by the abnormal, unforeseeable, and/or unintended use and/or misuse of the

products in questions

6.      As further answer and defense, Exxon Mobil states that Plaintiffs' alleged injuries

and damages, if any, resulted from the negligent acts or omissions of other persons, firms,

corporations, or entities over whom this Defendant is not legally responsible, and which jointly

or singularly were the sole proximate, producing, superseding, intervening or other cause of

Michael Grady's injuries.

7.      As further answer and defense, Exxon Mobil states that the products at issue,

which Plaintiffs allege were designed, manufactured, sold, or supplied by this Defendant, which

allegation Defendant specifically denies, were altered, modified, or otherwise rendered to a form

not substantially similar to their form when they left the custody or control of Exxon Mobil,

which was done by others over whom this Defendant had no control.

8.      As further answer and defense, Exxon Mobil states that to the extent Plaintiffs

allege the products at issue were designed, manufactured, sold, or supplied by this Defendant

which allegation Defendant specifically denies, then Exxon Mobil discharged any duty to warn

by providing warnings to product users and/or to decedent and/or to his employer, that were

adequate in light of the anticipated user's knowledge of the products used therein.

9.      As further answer and defense, Exxon Mobil states that to the extent Plaintiffs

allege the products at issue were designed, manufactured, sold, or supplied by this Defendant,

which allegation this Defendant specifically denies, the products at issue were not defective in any manner and at all pertinent times, were reasonably fit and suited for the purpose for which they were manufactured and intended, and were delivered with such warnings as were consistent with the state of the existing scientific, technological and industrial art.

10.     As further answer and defense, Exxon Mobil states that to the extent Plaintiffs allege the products at issue were designed, manufactured, sold, or supplied by this Defendant, which allegation Defendant specifically denies, the products at issue were distributed, sold, and supplied by Exxon Mobil for use in a limited market by a limited class of workers who have held themselves out as having special knowledge and experience in the handling of this material. Based on present information and belief, Michael Grady was an experienced member of that limited class of skilled individuals, upon whose special knowledge and expertise concerning the danger of the products, if any, Exxon Mobil was entitled to rely. Defendant had no duty to warn of dangers of which Michael Grady knew or should have known, as a result of his special knowledge and expertise in the handling of these products.

11.     As further answer and defense, Exxon Mobil states that Plaintiffs' causes of action are barred because a reasonable user would have been aware of the alleged risks of the products at issue and because Michael Grady knew of the alleged risks of the products at issue.

12.     As further answer and defense, Exxon Mobil states that if it is found liable, which liability this Defendant specifically denies, then it is entitled to indemnity, contribution and/or setoff from those persons or entities whose fault caused or contributed to the damages for which recovery is sought, and is further entitled to liability protection to the full extent permitted under Missouri law or any other applicable law.

13.     As further answer and defense, Exxon Mobil states that all or part of Plaintiffs'
claims are preempted by the applicable federal and/or state statutes, rules, standards or
regulations, specifically including but not limited to the Federal Hazardous Substances Act
("FHSA"), 15 U.S.C. §1261 *et seq*. with its predecessor, the Federal Hazardous Substances
Labeling Act.

14.     As further answer and defense, Exxon Mobil states that it is entitled to a
determination of the percentage of responsibility of Plaintiffs, each defendant, each person, and
each responsible party, even if such person or entity has not been joined in this action, for each
such persons causing or contributing to cause in any way the harm for which recovery of
damages are sought by Plaintiffs, whether by negligent act or omission, by any defective or
unreasonably dangerous product, or by other conduct or activity that violates an applicable legal
standard, or by any combination thereof, and, if Exxon Mobil is found liable, which liability this
Defendant continues to deny, then it is entitled to a reduction of its liability to the extent of
determined percentages of responsibility pursuant to and consistent with the operation of
comparative fault in Missouri.

15.     As further answer and defense, Exxon Mobil states that any claim here for
punitive damages is in violation of the Commerce Clause of Article I, Section 9, of the United
States Constitution and this Defendant's constitutional rights under the Fifth, Sixth, Seventh,
Eighth and Fourteenth Amendments of the United States Constitution and the due process clause
of the Missouri Constitution in that said damages are penal in nature and tantamount to the
imposition of a criminal fine; further, that the guidelines, standards and/or instructions for the
imposition of punitive damages are vague, indefinite and uncertain and set no limit on the
damages which can be awarded and amount to excessive fines and furthermore, do not apprise

this Defendant of the conduct that will subject it to criminal penalties, expose it to multiple

punishment and fines for the same act, and discriminates against this Defendant on the basis of

wealth in that different amounts can be awarded against different defendants for the same

conduct who differ only in material wealth; further, any award of punitive damages should be

subject to de novo review pursuant to the due process clauses of the United States Constitution

and the Missouri Constitution.

16.    The imposition of punitive damages in this case based on the out of state conduct,

profits, and aggregate financial status of Defendant would violate the Commerce Clause, the

Equal Protection Clause, and the Privileges and Immunities Clause of the United States

Constitution.

17.    As further answer and defense, Exxon Mobil states that to the extent Plaintiffs

have released, settled and entered into an accord and satisfaction or otherwise compromised their

claims herein with any other responsible party, then Plaintiffs have accepted compensation as

partial settlement of those claims, for which this Defendant is entitled to a setoff.

18.    Exxon Mobil reserves its right to challenge the propriety and convenience of the

forum in which Plaintiffs have filed suit. Based upon Plaintiffs' vague allegations, this

Defendant cannot at this time discern whether the public and private interest factors enunciated

by the Missouri Supreme Court would favor transfer to another, more convenient forum.

19.    Exxon Mobil reserves the right to challenge the propriety of the venue in which

Plaintiffs have filed suit. Based upon Plaintiffs' vague allegations, this Defendant cannot at this

time discern whether venue is proper.

20.    The harm which Plaintiffs claim caused the injuries alleged herein was not known

to Exxon Mobil nor did this Defendant have reason to know of the risk of said harm at the time

of Michael Grady's alleged exposure. Therefore, any risk of harm was not reasonably foreseeable by this Defendant and this Defendant should not be held liable for the injuries and damages claimed by Plaintiffs.

21.     Exxon Mobil relies upon the state-of-the-art defense in that the status of medical and scientific knowledge was such that Defendant was not legally chargeable with knowledge of any hazards or dangers of its products caused by the components therein at times material to Plaintiffs' causes of action

22.     Exxon Mobil specifically denies that Michael Grady was exposed to any benzene or benzene-containing product that was in any way attributable to Exxon Mobil.

23.     As further answer and defense, Exxon Mobil states that the Petition fails to join necessary and/or indispensable parties. Thus, Plaintiffs' claims are barred.

24.     As further answer and defense, Exxon Mobil states that if Plaintiff Michael Grady was exposed to any products of this Defendant, which is specifically denied, then such exposure was inconsequential or *de minimis*, thus barring any recovery by Plaintiffs.

25.     As further answer and defense, Exxon Mobil states that to the extent that Plaintiff Michael Grady's exposure to benzene or benzene-containing products, for which Plaintiffs seek recovery against this Defendant, occurred while Plaintiff Michael Grady was employed by Exxon Mobil, he should be considered a statutory employee under the Missouri Worker's Compensation Act, R.S.Mo. § 287.040.1, and under which the Labor and Industrial Relations Commission is the proper entity to hear Plaintiffs' claims. If another State's worker's compensation act applies, that act would determine the proper entity for Plaintiffs' claims.

26.     As further answer and defense, Exxon Mobil states that, while denying at all times that any products allegedly manufactured, distributed, or sold by Exxon Mobil caused or

contributed to the injuries and damages alleged in the Plaintiffs' Petition, Exxon Mobil avers that Plaintiff Michael Grady was warned or otherwise was aware of the alleged dangers of benzene and benzene-containing products and further, that any such dangers, if they existed, were not beyond that which would have been contemplated by an ordinary industrial user of benzene and benzene-containing products. Plaintiffs, therefore, are barred from any recovery against Exxon Mobil for the claims asserted due to the fact that there was no known adequate substitute for the benzene or benzene-containing products. Said products constituted unavoidably unsafe products, the benefits of which outweighed any alleged damages or injuries caused by the same.

27.    Exxon Mobil will assert any and all additional defenses which become available or appear during discovery proceedings in this action. Exxon Mobil specifically reserves the right to amend its Answer for the purpose of asserting such additional affirmative defenses.

28.    Exxon Mobil adopts and asserts any affirmative defenses raised or asserted by other defendants to this action that are also applicable to Exxon Mobil. Exxon Mobil specifically reserves its right to assert additional affirmative defenses based on the law of any other state where Plaintiffs claim Plaintiff Michael Grady was allegedly exposes to benzene and/or benzene containing products.

WHEREFORE, Defendant Exxon Mobil Corporation prays that this Court dismiss Plaintiffs' Petition with prejudice, for its costs incurred herein, and for such other and further relief as this Court determines to be just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY.**

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: /s/ *Bryan Hopkins*
     Bryan Hopkins, #45896
     Lazaro Aguiar, #73602
     190 Carondelet Plaza, Suite 600
     St. Louis, Missouri 63105
     314-480-1500
     314-480-1505 Facsimile

     CHILTON YAMBERT PORTER LLP
     Courtney D. Carter, *Pro Hac Vice Pending*
     Chilton Yambert Porter LLP
     303 W. Madison, Suite 2300
     Chicago, IL 60606
     (312) 634-1261
     ccarter@cyp-law.com

*Attorneys for Defendant Exxon Mobil Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 24, 2023, the foregoing was electronically filed with the Clerk of the Court for the City of St. Louis, Missouri using Missouri Case.Net which sent notification of such filing to all persons listed in the Court's electronic notification system.

/s/ *Bryan Hopkins*