**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL GRADY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | Case No. 4:23CV226 JAR |
| ) | |
| MONSANTO COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand to State Court [ECF No. 64]. Defendants filed a response in opposition. The matter is fully briefed and ready for disposition.  For the reasons set forth below, the Court will grant the Plaintiffs' Motion to Remand.

**Background**

On September 11, 2020, Plaintiffs Michael Grady and Kathleen Grady filed this premises liability action in the Circuit Court of the City of St. Louis, Missouri, against Defendants, alleging exposure to polychlorinated biphenyls (PCBs) at Defendants' W.G. Krummrich Plant in Sauget, Illinois, which caused severe injuries to Plaintiff Michael Grady. On February 18, 2021, Plaintiffs filed a First Amended Petition that added information surrounding the alleged exposure to PCBs. On January 25, 2023, Plaintiffs filed a Second Amended Petition alleging, in pertinent part, exposure to "dioxin" in addition to PCBs.

On February 24, 2023, Defendants Monsanto Company, Solutia Inc., Pharmacia LLC, and Eastman Chemical Company (collectively, "Defendants") removed Plaintiffs' Second Amended Petition based on the federal officer statute, 28 U.S.C. § 1442(a)(1), contending the

allegations adding exposure to "dioxin" in Plaintiffs' Second Amended Petition was the first time Defendants were able to ascertain the removability of this action.

On March 13, 2023, Plaintiffs filed the instant motion, alleging that Defendants' removal is untimely pursuant to 28 U.S.C.A. § 1446(b), and they will stipulate that they are not making a claim for dioxin exposure, other than dioxin like PCBs, which will eliminate Defendants' basis for removal.

In their response to the instant motion, Defendants argue their notice of removal was timely filed, and any post-removal filings do not warrant remand because jurisdiction must be determined on the pleadings at the time of removal.

**Legal Standard**

"The district courts of the United States ... are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotations omitted). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). 28 U.S.C. § 1442(a)(1) "grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction." *Johnson v. Showers*, 747 F.2d 1228, 1229 (8th Cir. 1984) (internal quotations and marks omitted). Section 1442 allows removal of any civil or criminal action against the United States, or "any agency thereof or any officer (or person acting under that officer) of the United States or any agency thereof," when sued in an "official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1). When the removing party is not a federal officer or agency, "it may

remove a case only if it shows it was 'acting under' a federal officer or agency in carrying out the acts that underline the plaintiff's complaint." *Buljic v. Tyson Foods, Inc*., 22 F.4th 730, 738 (8th Cir. 2021) (citing *Watson v. Philip Morris Cos*., 551 U.S. 142, 147 (2007)). To properly establish removal under Section 1442(a)(1), a defendant must show the following:

> (1) it is a "person" within the meaning of the statute;
> (2) the plaintiff's claims are based upon the defendant's conduct "acting under" a federal office;
> (3) it raises a colorable federal defense; and
> (4) there is a causal nexus between the claims and the conduct performed under color of a federal office.

28 § U.S.C. 1442(a)(1); *Mesa v. California*, 489 U.S. 121, 129 (1989).

Generally, whether a claim arises under federal law is determined by reference to the "well-pleaded complaint rule," and courts strictly construe removal based on the pleadings at the time of removal under 28 U.S.C. § 1441. *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). Suits against federal officers are exceptional in this regard because under the federal officer removal statute, "suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal question element is met if the defense depends on federal law." *Jefferson County v. Acker,* 527 U.S. 423, 430–32 (1999). Federal officer jurisdiction may be affected by events subsequent to removal. *In re Asbestos Products Liab. Litig. (No. VI),* 770 F. Supp. 2d 736, 741 (E.D. Pa. 2011).

## Discussion

<u>Express Claim Waiver</u>

Following Defendants' notice of removal, Plaintiffs each filed a Notice of Waiver stating, *inter alia,* they are not claiming, and expressly waive the right to claim, "any damages relating to, or arising out of, exposure to, or injuries suffered as a result of, Agent Orange, the type of

3

dioxin associated with the production of Agent Orange, 2, 3, 7, 8-tetracholorodibenzoparadioxin, or any other dioxin other that dioxin like PCBs." [ECF Nos. 85 and 86]. Plaintiffs have also sought leave to file a Third Amended Complaint that removes the word dioxin and disclaims any claims and any damages based on exposure to Agent Orange and its toxic byproduct 2, 3, 7, 8-tetracholorodibenzoparadioxin [ECF No. 87]. Defendants argue that these post-removal filings do not warrant remand because jurisdiction must be determined on the pleadings at the time of removal. However, 28 U.S.C. § 1447(c) makes clear that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." For the reasons set forth below, such a waiver divests this Court of jurisdiction and justifies remand.

Although the Eight Circuit has not addressed an express claim waiver like this,[1] federal courts have consistently granted motions to remand where the plaintiff expressly disclaimed the claims upon which federal officer removal was based. For instance, in *Frawley v. Gen. Elec. Co.*, a husband and wife sought damages from defendants for alleged injuries due to asbestos exposure. 2007 WL 656857, at *1 (S.D.N.Y. Mar. 1, 2007). After learning that there was information about an exposure to asbestos while working as a civilian employee for the Navy, one of the defendants removed the case under the federal officer removal statute. *Id*. Plaintiffs then amended their complaint to delete all allegations relative to the husband's naval exposure and filed a motion to remand. *Id.* at *2. The defendant argued that remand was precluded because its initial removal of the case was proper. *Id.* at *3. The Court granted Plaintiffs' motion to remand and found that "a properly removed case can be remanded to the state court after the

---

[1] The Eight Circuit recently held a "case must return to state court" when the complaint is amended to "eliminate the only federal questions [that] destroys subject-matter jurisdiction." *Wullschleger v. Royal Canin, U.S.A., Inc.,* 2023 WL 4855186, at *1, --- F.4th ---- (8th Cir. 2023).

4

complaint is amended to remove the allegations that made removal proper." *Id*. at *3 (citing *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988)).

Similarly, in *Westbrook v. Asbestos Defendants (BHC),* the case had initially been removed by a defendant asserting the government contractor defense in response to allegations in the complaint that the plaintiff was exposed to asbestos on Navy ships while working at the defendant's facility. 2001 WL 902642, at *1-2 (N.D. Cal. July 31, 2001). The Court granted Plaintiffs' motion to remand explaining:

> ...[P]laintiffs have asserted, in writing in the state court action, that: "Plaintiff's claims against [the removing defendant], exclude plaintiff's asbestos exposure at military and federal government jobsites and aboard U.S. Navy vessels." To the extent this "stipulation" (as plaintiffs call it) is binding, [the defendant's] ground for removal is eviscerated. If plaintiffs' claims arise only from work done on private ships, not under the direction of any federal officers, [the defendant's] military contractor defense is unavailable.
>
> The question then is whether plaintiffs' written waiver is sufficient.... The court sees no reason not to hold plaintiffs in this case to their waiver of claims arising out of work done on federal jobsites and vessels. This waiver, therefore, justifies remand.

*Id.* at *2–3 (citations omitted).

Several other district courts have followed similar lines of reasoning, and this Court finds no reason to depart from the rationale behind those numerous rulings finding such claim disclaimers effective.[2] *See, e.g., O'Shea v. Asbestos Corporation, Ltd*., 2019 WL 12345572, at *4 (D. N.D. Dec. 13, 2019), *report and recommendation adopted* 2020 WL 9848714 (D. N.D. January 8, 2020) (granting remand after plaintiffs filed express claim waivers specific to the factual allegations that one of the defendants asserts gave rise to a government contractor defense); *Kelleher v. A.W. Chesterton Co.,* 2015 WL 7422756, at *2 (S.D. Ill. Nov. 23, 2015)

---

[2] Because the Court finds Plaintiffs' waivers sufficient and will grant their motion to remand, an analysis of Defendants asserted federal officer defense is not necessary.

5

(finding plaintiff's express claim waiver "rendered any federal defenses moot" and "[t]o deny remand of this case would affirm [defendant's] right to assert a defense against a claim that does not exist."); *Maguire v. A.C. & S., Inc.,* 2015 WL 4934445, at *4 (S.D.N.Y. Aug. 18, 2015) (the defendant "based its removal of this case on claims of exposure occurring at such sites; with all removed from the scope of the Amended Complaint, [defendant's] basis for asserting federal jurisdiction has been eliminated" and remand granted)*; Fisher v. Asbestos Corp. Ltd.,* 2014 WL 3752020, at *5 (C.D. Cal. July 30, 2014) ("When federal question jurisdiction is the only basis for a district court's authority to adjudicate, post-removal developments may cause remand not only to be proper, but even to be required."); *Schuh v. Crane Co.,* 2014 WL 280361, at *1–2 (E.D. Cal. Jan. 23, 2014) (holding plaintiff's waiver of claims "arising out of or related to asbestos exposure to or on military or federal government aircraft" precluded federal officer removal); *Lara v. CBS Corp.,* 2013 WL 4807168, at *1 (C.D. Cal. Sept. 6, 2013) (granting remand over defendant's objection that the plaintiffs' claim disclaimer was non-binding because "[t]he form of plaintiffs' post-removal waiver [did] not undercut its effectiveness"); *Joyner v. A.C & R. Insulation Co.,* 2013 WL 877125, at *1 (D. Md. Mar. 7, 2013), *reconsideration denied*, 2013 WL 2460537 (D. Md. June 6, 2013) (granting plaintiff's motion to remand based on plaintiff's post-removal waiver of claims); *Pratt v. Asbestos Corp. Ltd.*, 2011 WL 4433724, at *l–2 (N.D. Cal. Sept. 22, 2011) ("Plaintiff's waiver has rendered any federal defenses moot. There must be claims against which a federal defense is cognizable, and Plaintiff's waiver has removed any such claims."); *Hopkins v. Buffalo Pumps, Inc.*, 2009 WL 4496053, at *6 (D.R.I. Dec. 1, 2009) (granting plaintiffs' motion to remand because removing defendant could not assert a federal defense to claims of asbestos exposure that plaintiffs deliberately chose not pursue).

Case law clearly supports the proposition that a waiver filed after removal may operate to eliminate the bases of federal officer jurisdiction and justifies remand.

<u>Timeliness</u>

Even ignoring Plaintiffs' stipulation, Defendants notice of removal was untimely. It is undisputed that Defendants did not file its notice of removal within thirty days from when this action was initially brought nearly three years ago in state court on September 11, 2020. Defendants argue that they first ascertained this case was removable on the basis of federal officer jurisdiction only when they received Plaintiffs' Second Amended Complaint on January 25, 2023. Defendants contend since they filed their notice of removal within thirty days from receipt of Plaintiffs' Second Amended Complaint, it is timely. The Court disagrees.

The federal removal statute provides that a civil defendant must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure ... within thirty days after the receipt by the defendant" of a copy of the initial state court pleading. 28 U.S.C. § 1446(a)–(b). A defendant is generally barred from asserting any ground for removal not attempted within that thirty-day period. 28 U.S.C. § 1446(b); *See also, Lindsey v. Dillard's, Inc.,* 306 F.3d 596, 600 (8th Cir. 2002).

Section 1446(b) creates one exception for situations where the case was not removable as originally filed:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

Defendants contend adding the term "dioxin" in Plaintiffs' Second Amended Petition was the first time Defendants were able to ascertain the removability because this could include

7

exposure to dioxin sourced from Defendant Pharmacia LLC's ("Old Monsanto") manufacturing of Agent Orange at the behest of the federal government. Defendants explain that between 1965 and 1968 or 1969, under the direction of the federal government, Old Monsanto manufactured Agent Orange pursuant to government specifications at its W.G. Krummrich Plant in Sauget, Illinois. On this basis, Defendants assert that Plaintiff Michael Grady's alleged exposure to dioxin at the W.G. Krummrich Plant would have occurred during the period of time that Old Monsanto manufactured and handled Agent Orange for the federal government. However, Plaintiffs' Second Amended Petition did not change the timeframe or place where the exposure to PCBs occurred. Defendants knew at the time when Plaintiffs' original Petition was filed that the alleged exposure to dioxin at the W.G. Krummrich Plant would have occurred during the period of time that Old Monsanto manufactured and handled Agent Orange for the federal government. Plaintiffs argue that they have expressly stated repeatedly throughout this case that they are not arguing that the alleged injuries are from exposure to Agent Orange. For instance, in answering Defendants' interrogatories about dioxin exposure, Plaintiff Michael Grady does not state he was ever exposed to dioxin or tested for such exposure. Then, as discussed in detail above, Plaintiffs filed their waivers expressly disclaiming damages from Defendants for exposure to Agent Orange.

Defendants next claim they did not remove the case when the original Petition was filed because removal based solely on manufacturing PCBs is not permitted in this District, citing three separate occasions that courts found Defendant Monsanto cannot establish federal officer removal jurisdiction for PCB cases under Section 1442(a). However, Defendants then cite to the Eight Circuit's recent decision in *Minnesota by Ellison v. Am. Petroleum Inst.* in their sur-reply, arguing that this decision lowered the standard in this District. 63 F.4th 703, 715–16 (8th Cir.

8

2023). In *Minnesota by Ellison,* the Eighth Circuit concluded that the 2011 Clarification Act lowered the "causal nexus" requirement for federal officer removal jurisdiction to a "relates to" standard. *Id.*

As noted by the Eighth Circuit, "Congress was aware that there could be disputed issues of jurisdictional grounds for removal, but it required in §1446(a) only that notices of removal comply with the Rule 11 standard and thus be 'warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.' Fed. R. Civ. Pro. 11." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 970 (8th Cir. 2007). Defendants are not excused from following the thirty-day period because previous instances of removals failed in similar cases or because there was a change in the law. *See Id.* at 970-71 (holding a decision issued in a different case was not a document sufficient to recommence the 30-day time limit for filing a notice of removal).

More concerning, as Plaintiffs point out, Defendants did not follow this same rationale argued here when they filed a notice of removal in *Illinois ex rel. Raoul v Monsanto Company* in September 2022. 2023 WL 130525, at *3 (N.D. Ill. Jan. 9, 2023). *Illinois ex rel. Raoul* is a similar case where Plaintiffs allege injuries from both PCB and Agent Orange exposure at the Krummrich Plant. *Id.* at *1. Defendants Monsanto, Old Monsanto, and Solutia Inc. still removed *Illinois ex rel. Raoul* to federal court on September 29, 2022, even though previous removals in similar cases were unsuccessful. *Id.* Defendants successfully argued the 2011 Clarification Act's lower "causal nexus" standard supported removal. *Id.* at *3.

The 2011 Clarification Act existed at the time Plaintiffs' original Petition was filed nearly three years ago, on September 11, 2020, in state court. Yet, Defendants did not remove this case within the required thirty-day period. The Court finds Defendants had an ascertainable basis to

9

remove Plaintiffs' original Petition under the 2011 Clarification Act, further evidenced by their successful argument that it served as a valid basis for federal jurisdiction in *Illinois ex rel. Raoul*.

## Conclusion

Based on the foregoing reasons, the Court must remand this case to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand to State Court [ECF No. 64] is **GRANTED**.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 1st day of August, 2023.

*[signature]*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**